# EXHIBIT A

1  HARRIS M. MUFSON, *admitted pro hac vice*
   hmufson@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue
3  New York, New York  10166-0193
   Telephone:  212.351.4000
4
   MATTHEW D. MCGILL, *admitted pro hac vice*
5  mmcgill@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
6  1700 M Street, N.W.
   Washington, D.C.  20036-4504
7  Telephone:  202.955.8500

8  ILISSA SAMPLIN, SBN 314018
   isamplin@gibsondunn.com
9  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
10 Los Angeles, California  90071-3197
   Telephone:  213.229.7000
11
   CHRISTINE DEMANA, *admitted pro hac vice*
12 cdemana@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
13 2001 Ross Avenue, Suite 2100
   Dallas, Texas  75201-2923
14 Telephone:  214.698.3100

15 *Attorneys for Plaintiff*
   *ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN*
16

17        **IN THE UNITED STATES DISTRICT COURT**

18       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

19             **WESTERN DIVISION**

20 ELECTRIC SOLIDUS, INC. d/b/a          Case No. 2:24-cv-8280-WLH-E
   SWAN BITCOIN, a Delaware
21 corporation,                          **PLAINTIFF'S FIRST EXPEDITED**
                     Plaintiff,          **SET OF INTERROGATORIES TO**
22       v.                              **INDIVIDUAL DEFENDANTS**
   PROTON MANAGEMENT LTD., a
23 British Virgin Islands corporation;   Action Filed:  September 25, 2024
   THOMAS PATRICK FURLONG; ILIOS
24 CORP., a California corporation;
   MICHAEL ALEXANDER HOLMES;
25 RAFAEL DIAS MONTELEONE;
   SANTHIRAN NAIDOO; ENRIQUE
26 ROMUALDEZ; and LUCAS
   VASCONCELOS,
27                   Defendants.
28
                     **Exhibit A**
                     **Page 5**

| | |
|---|---|
| PROPOUNDING PARTY: | **PLAINTIFF ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN** |
| RESPONDING PARTY: | **INDIVIDUAL DEFENDANTS** |
| SET NO.: | ONE |

Pursuant to Rule 26(d) of the Federal Rules of Civil Procedure and Civil Local Rule 7-19.2, Plaintiff Electric Solidus, Inc. d/b/a Swan Bitcoin ("Plaintiff" or "Swan"), by and through its counsel, hereby submit its first expedited set of interrogatories to each Individual Defendant Thomas Patrick Furlong, Ilios Corporation, Michael Alexander Holmes, Rafael Dias Monteleone, Santhiran Naidoo, Enrique Romualdez, and Lucas Vasconcelos (each, "Defendant").  Each Individual Defendant is directed to give answers to the following interrogatories separately, fully, in writing, under oath, within ten (10) days.  The following definitions and instructions shall apply:

## DEFINITIONS

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.  As used in these requests, the words set forth below shall be defined as follows:

1.    The term "ACTION" shall mean the lawsuit PLAINTIFF filed as referenced in the caption above, Case No. 2:24-cv-8280-WLH-E.

2.    The term "COMMUNICATION" or "COMMUNICATE" shall mean and refer to all forms of contact, whether oral, electronic, or written, formal or informal, direct or indirect, at any time or place, and under any circumstances whatsoever, whereby information of any nature was transmitted, transferred, or recorded.

3.    The term "COMMUNICATIONS ACCOUNTS" shall mean any data stored in any account used to exchange electronic COMMUNICATIONS, including but not limited to e-mail accounts, iMessage accounts, Telegram accounts, WhatsApp accounts, social media accounts (on Instagram, Facebook, X, Snapchat, or otherwise).

4.    The term "CLOUD-BASED ACCOUNTS" shall mean any data stored in

**Exhibit A**
**Page 6**
2

Gibson, Dunn & Crutcher LLP

1   any Cloud-based platform or other electronic back-up, storage, or email account,

2   including without limitation GitHub, Gmail (or any other email account), Google Drive,

3   Dropbox, Box, Sharepoint, Sharefile, and iCloud.

4           5.      The term "COMPLAINT" shall mean the Complaint filed by PLAINTIFF

5   in the ACTION.

6           6.      The term "CONTACT INFORMATION" shall mean the present or last known home or

7   business address (including company name), telephone number, email address, or if such information

8   is not available, other means of contact of which YOU are aware.

9           7.      The term "DOCUMENT" is an all-inclusive term with the broadest

10  possible meaning accorded to it under case law and the Federal Rules of Civil Procedure,

11  and shall mean the original (or a true and accurate copy if the original is not available)

12  and each non-identical copy (which is non-identical because of alterations, attachments,

13  blanks, comments, notes, underlining, or otherwise) of any writing or record (whether

14  in tangible, electronic, or any other form) in YOUR actual or constructive possession,

15  custody, or control, including all DOCUMENTS YOU have provided to YOUR counsel.

16  The term "DOCUMENT" shall include, but is not limited to, any electronic or

17  computerized data compilation (including email and other computer-readable files),

18  whether or not printed, stored, or displayed, and any preliminary versions, drafts, or

19  revisions thereof.    The term "DOCUMENT" shall also include all ESI,

20  COMMUNICATIONS, memoranda, letters, emails, calendar invitations, blog posts,

21  Internet posts, reports, message slips, telephone logs or records, diary entries, journal

22  entries, calendar entries, electronic organizer entries, writings, drawings, spreadsheets,

23  presentations, ledgers, minutes, financial reports or records, drafts, facsimiles, contracts,

24  invoices, records of purchase or sale, graphs, charts, photographs, video or audio

25  recordings, transcripts, indices, directories, and any other written, printed, typed,

26  punched, taped, filmed, or graphic matter however produced, stored, or reproduced.  The

27  term "DOCUMENT" shall also include any post-it notes, files, folder tabs, and labels

28

**Exhibit A**
**Page 7**
3

Gibson, Dunn &
Crutcher LLP

1    appended to or containing such DOCUMENTS, as well as any metadata applicable to
2    any DOCUMENT.

3      8.  The term "DEFENDANTS" shall mean Defendants Proton Management
4    Ltd., Thomas Patrick Furlong, Michael Alexander Holmes, Ilios Corp., Rafael Dias
5    Monteleone, Santhiran Naidoo, Enrique Romualdez, and Lucas Vasconcelos.

6      9.  The term "EMPLOYMENT" includes full-time employment, part-time
7    employment, self-employment, work as an independent contractor, or any other activity
8    intended to generate income in exchange for the performance of personal services.

9      10.  The term "ESI" refers to electronically stored information stored in any
10    medium from which information can be obtained either directly or, if necessary, after
11    translation by the responding party into a reasonably usable form.

12      11.  The term "IDENTIFY" shall mean:

13        a.  As applied to a DOCUMENT, (i) the type of DOCUMENT, (ii)
14        general subject matter, (iii) date the DOCUMENT was created and
15        the date(s) of any subsequent modifications thereof, (iv) the
16        author(s), addressee(s), recipient(s) of the DOCUMENT, and (v) the
17        Bates number, production number, or other means of identifying the
18        DOCUMENT.

19        b.  As applied to a COMMUNICATION, (i) the date of the
20        COMMUNICATION, (ii) the type of COMMUNICATION, (iii) the
21        substance of the COMMUNICATION, (iv) the identities of all
22        PERSONS present during or participants to the
23        COMMUNICATION (including their full names and their positions
24        within SWAN, PROTON, or a third party, if known), and (v) all
25        relevant DOCUMENTS.

26        c.  As applied to a tangible thing that is not a DOCUMENT or
27        COMMUNICATION, (i) the product names, product numbers,

28

**Exhibit A**
**Page 8**
4

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO PROTON MANAGEMENT LTD.
CASE NO. 2:24-cv-8280-WLH-E

1    version numbers, and revision numbers; (ii) the date that the thing

2    was first introduced for sale; (iii) the date of the thing's first sale; and

3    (iv) all team names or project titles used in connection with the

4    design, development, testing, or engineering of that tangible thing.

5   d.  As applied to an individual, (i) the full name of the individual

6    (including any maiden name, prior name, "nickname," or variation

7    in spelling), (ii) present or last known CONTACT INFORMATION,

8    (iii) dates of EMPLOYMENT, and (iv) all positions held at or with

9    SWAN, PROTON, or a third party, if known.

10   e.  As applied to an entity, (i) the full name of the entity, (ii) the state of

11    incorporation or under whose laws the entity is formed, and (iii)

12    present or last known CONTACT INFORMATION.

13   f.  As applied to an event, (i) the date of the event, (ii) all facts

14    surrounding the event, (iii) all witnesses to the event (including their

15    full names and their positions within SWAN, PROTON or a third

16    party, if known), and (iv) all relevant DOCUMENTS.

17  12.  The term "INDIVIDUAL DEFENDANTS" shall mean Thomas Patrick

18 Furlong, Michael Alexander Holmes, Ilios Corp., Rafael Dias Monteleone, Santhiran

19 Naidoo, Enrique Romualdez, and Lucas Vasconcelos.

20  13.  The terms "PERSON" or "PERSONS" are defined as any natural person or

21 any legal entity, including, without limitation, any business or governmental entity or

22 association.

23  14.  The term "SOCIAL MEDIA" shall mean any Internet- or cloud-based

24 platform used to COMMUNICATE with one or more PERSONS via written message,

25 audio, video, or any other medium, including, but not limited to, Telegram, WhatsApp,

26 GroupMe, Facebook, Instagram, Snapchat, Tumblr, Twitter, Google+, YouTube,

27 WeChat, Reddit, Pinterest, LinkedIn, and TikTok.

28

**Exhibit A**
**Page 9**

5

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO PROTON MANAGEMENT LTD.
CASE NO. 2:24-cv-8280-WLH-E

15.     The term "SWAN" shall mean and refer to Plaintiff Electric Solidus, Inc. d/b/a Swan Bitcoin.

16.     The term "SWAN INFORMATION" shall mean any DOCUMENT, COMMUNICATION, information, compilation of information, or other material in any form (tangible, intangible, or otherwise) created by or for SWAN and/or accessed, downloaded, or originated from any electronically stored data and/or computer, electronic communication, or data storage systems owned by SWAN, including without limitation information that the INDIVIDUAL DEFENDANTS or any PERSON working with or for SWAN created, accessed, or downloaded, or that originated from any electronically stored data and/or computer, electronic communication, or data storage system owned by SWAN related to 2040 Energy Ltd. or Bitcoin mining.  SWAN INFORMATION includes SWAN's confidential and proprietary information and trade secrets, including without limitation SWAN's Bitcoin Network Operating Center ("BNOC"), hash-rate optimization techniques, and proprietary financial modeling, data analytics and monitoring tools.

17.     The term "TETHER" shall refer to Tether, and any individual or entity that is acting or has acted under its direction and/or control, including but not limited to Zettahash Inc., Tether Investments Limited, Marlin Capital Partners, and/or Zach Lyons.

18.     The terms "YOU," "YOUR," and "YOURSELF" shall refer to each INDIVIDUAL DEFENDANT, as applicable, and any individual or entity that is acting or has acted under each INDIVIDUAL DEFENDANT's direction and/or control.

19.     For purposes of interpreting or construing the scope of the Interrogatories contained herein, the terms contained in such Interrogatories shall be given their most expansive and inclusive interpretation.  In order to bring within the scope of these Interrogatories all information that might otherwise be construed to be outside of their scope, the following rules of construction apply:

a.     The singular shall include the plural and vice versa;

**Exhibit A**
**Page 10**

6

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO PROTON MANAGEMENT LTD.
CASE NO. 2:24-cv-8280-WLH-E

b.	The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatories all responses that might otherwise be construed to be outside their scope;

c.	The terms "any," "all," and "each" shall each be construed as encompassing any and all;

d.	The present term shall be construed to include the past term and vice versa; and

e.	References to employees, officers, directors, or agents shall include both current and former employees, officers, directors, and agents.

20.	The definitions used herein are chosen for clarification and the convenience of the parties, and should not be construed as admissions.

## INSTRUCTIONS

1.	Each Interrogatory is to be answered separately and fully by YOU in accordance with Rule 33 of the Federal Rules of Civil Procedure.

2.	If YOU object to a portion of any Interrogatory, YOU should answer any portion of the Interrogatory to which YOU have no objection.  If YOU cannot answer certain of the following Interrogatories in full after exercising due diligence to secure the information to do so, answer to the extent possible and explain YOUR inability to provide a complete answer.  State whatever information or knowledge YOU have about the unanswered portion of any Interrogatory.

3.	YOU shall quote each Interrogatory in full immediately preceding the corresponding response. Each answer, objection, or response to the Interrogatories shall be identified by the same number and subpart of the corresponding Interrogatory and shall appear in the same order as the corresponding Interrogatory.

4.	If any part of any Interrogatory is objected to, the reasons for the objection should be stated with specificity as to all grounds and, for the convenience of the Court

**Exhibit A**
**Page 11**
7

Gibson, Dunn & Crutcher LLP

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO PROTON MANAGEMENT LTD.
CASE NO. 2:24-cv-8280-WLH-E

1    and the parties, each Interrogatory should be quoted in full immediately preceding the
2    objection.

3         5.    Whenever YOU are asked to "STATE THE BASIS" of or for a particular
4    claim, counterclaim, assertion, allegation, or contention, YOU shall: (a) describe all
5    facts, information, conclusions, theories, and arguments that pertain to or form the basis
6    of YOUR response; (b) IDENTIFY all DOCUMENTS (and, where pertinent, the
7    section, article, or subparagraph thereof) that pertain to or form any part of the basis of
8    YOUR response; (c) IDENTIFY all COMMUNICATIONS that pertain to or form any
9    part of the basis of YOUR response; and (d) IDENTIFY separately the acts or omissions
10   to act on the part of any PERSON (by stating their nature, time, and place and by
11   identifying the PERSONS involved) that pertain to or form any part of the basis of
12   YOUR response.

13        6.    Each Interrogatory shall be answered in good faith and as completely as
14   YOUR knowledge will permit.  YOUR answers shall be based upon YOUR entire
15   knowledge from all sources, including all information in YOUR possession, custody, or
16   control.  YOU may not give lack of information or knowledge as an answer or as a
17   reason for failure to answer unless YOU state that YOU have made a reasonable inquiry
18   and that information known or readily obtainable by YOU is insufficient to enable YOU
19   to answer the substance of the Interrogatory.

20        7.    These Interrogatories seek all information (including information contained
21   in or on DOCUMENTS or any tangible thing or material) that is known or available to
22   YOU, including all information in the possession of YOUR employees, agents,
23   representatives, accountants, attorneys, investigators, or consultants.

24        8.    If any response to any Interrogatory (or portion thereof) is withheld on the
25   basis of any claim of privilege, YOU must set forth the information necessary for
26   PLAINTIFF to ascertain whether the privilege properly applies.

27

28

**Exhibit A**
**Page 12**

8

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO PROTON MANAGEMENT LTD.
CASE NO. 2:24-cv-8280-WLH-E

9.     The fact that YOUR investigation is continuing or that discovery is not complete does not excuse YOU from answering each Interrogatory based on the knowledge YOU currently have.

10.     These Interrogatories are continuing in nature.

11.     PLAINTIFF serves these Interrogatories without prejudice to their right to serve additional Interrogatories.

12.     Unless otherwise stated, these Interrogatories are limited to the time period of August 2, 2024 to the present.

## INTERROGATORIES

**INTERROGATORY NO. 1**

IDENTIFY all SWAN INFORMATION in YOUR possession, custody, or control.

**INTERROGATORY NO. 2**

IDENTIFY each PERSON outside of or unaffiliated with SWAN to whom YOU have transmitted or provided SWAN INFORMATION, including but not limited to PROTON, TETHER, and/or any other third party.

**INTERROGATORY NO. 3**

IDENTIFY each electronic device, COMMUNICATIONS ACCOUNT, and CLOUD-BASED ACCOUNT on which YOU downloaded, accessed, or used SWAN INFORMATION in the six (6) months preceding YOUR resignation from SWAN or since YOU resigned from SWAN.

**INTERROGATORY NO. 4**

IDENTIFY each PERSON (whether employees or affiliates of PROTON or not) involved in YOUR recruitment to or hiring for PROTON.

**INTERROGATORY NO. 5**

**Exhibit A**
**Page 13**
9

Gibson, Dunn & Crutcher LLP

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO PROTON MANAGEMENT LTD.
CASE NO. 2:24-cv-8280-WLH-E

1    STATE THE BASIS for YOUR September 30, 2024 representation to the Court

2    that SWAN does not "own or control" the trade secrets alleged in SWAN's

3    COMPLAINT, as stated in YOUR Special Appearance to Oppose Plaintiff's *Ex Parte*

4    Application (ECF No. 30).

5

6

7    DATED:  October 9, 2024            GIBSON, DUNN & CRUTCHER LLP

8                                      By:  */s/ Ilissa Samplin*

9                                           Ilissa Samplin

10

11                                         *Attorneys for Plaintiff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit A**
**Page 14**
10