# EXHIBIT E

| | |
|---|---|
| **From:** | Fondo, Grant P <GFondo@goodwinlaw.com> |
| **Sent:** | Wednesday, October 9, 2024 1:55 AM |
| **To:** | Samplin, Ilissa |
| **Cc:** | Demana, Christine; Adam Trigg; Daniel Bergeson; Jaideep Venkatesan; Rebecca Kaufman; Emma Tofelogo; McGill, Matthew D.; Mufson, Harris M.; Kanny, Matthew P; Thompson, Aaron; Bhardwaj, Nirav |
| **Subject:** | RE: Case No. 2:24-cv-08280 (Swan v. Proton) - Replacement Notice Filings |

**This Message Is From an External Sender**
This message came from outside your organization.

Ilissa:  Sorry for the delay, I was out of the office all day.  As I said, I don't think it is worth continuing to fight about the ownership issues. Nevertheless, for example, one of our clients paid more than $1700 for the computer and was not reimbursed in full, so arguably he is part owner of the computer.  Again, we do not think it productive to continue to go back and forth on this issue, nor do we understand your resistance to a neutral vendor for some of the laptops.  Let's plan on raising the issue with the Court Friday morning. Thank you.

From: Samplin, Ilissa <ISamplin@gibsondunn.com>
Sent: Tuesday, October 8, 2024 8:36 AM
To: Fondo, Grant P <GFondo@goodwinlaw.com>
Cc: Demana, Christine <CDemana@gibsondunn.com>; Adam Trigg <atrigg@be-law.com>; Daniel Bergeson <dbergeson@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Emma Tofelogo <emtofelogo@be-law.com>; McGill, Matthew D. <MMcGill@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>
Subject: RE: Case No. 2:24-cv-08280 (Swan v. Proton) - Replacement Notice Filings

***EXTERNAL***
Grant,

It is improper and highly concerning that your clients are refusing to return devices that do not belong to them.  The assertion that your clients are not required to return company devices because they elected to use them to access or store "personal and/or Proton-related materials" runs contrary to your clients' obligations under Swan policies to which they assented.  It is also contrary to well-established caselaw, which is clear that "[c]ourts generally refuse to find a reasonable expectation of privacy in an employee's use of an employer's computers.  *See, e.g., United States v. Greiner*, 235 F. App'x 541 (9th Cir. 2007) (holding that an employee lacked a reasonable expectation of privacy on his employer-issued device when his employer warned that the device was subject to monitoring); *Gauntlett v. Illinois Union Ins. Co.*, No. 5:CV 11-00455-EJD, 2011 WL 5191808 (N.D. Cal. Nov. 1, 2011) (finding that an employee cannot reasonably expect privacy in her work-issued computer); *Holmes v. Petrovich Development Co.*, LLC, 191 Cal. App. 4th 1047, 1069 (2011) (concluding that an employee had no reasonable expectation of privacy in her personal e-mail messages sent to her attorney using her employer's computer and consequently could not prevail on an invasion of privacy claim); *TBG Ins. Servs. Corp. v. Superior Court*, 117 Cal. Rptr. 2d 155 (2002) (employee had "no reasonable expectation of privacy when he used the [employer-provided] home computer for personal matters").

1

We hear your privacy and confidentiality concerns and are open to negotiating a protective order to prevent unauthorized access to sensitive personal or Proton-related information.  But we cannot and will not agree to allow you or a vendor (even a "neutral" one) to hand-select which pieces of Swan's property get returned to Swan.

To evaluate the remainder of your email, we need more information in response to the following claims:

1. **Ownership of Devices**.  You claim that it is not clear that Swan owns the devices used by at least some of your clients.  To evaluate this claim, we need to understand: 1) which clients contend they used devices that Swan does not own, and 2) which devices they contend are not Swan-owned.  Please provide this information.

2. **Alleged Reimbursement**.  Please specify which of your clients contend they are owed reimbursement so that we can send you proof that these devices were paid for by Swan.

3. **GDPR Issues**.  You note "there may be GDPR or similar issues associated with our vendor's shipping of one or more of these laptops."  Please confirm which laptops this applies to, and what the specific GDPR or similar issues are.

4. **Alex Holmes' laptop**.  We appreciate you confirming that Mr. Holmes' laptop has been secured by Consilio.  There can be no dispute that Swan owns the 16-inch MacBook Pro in Space Gray that Mr. Holmes used – please see attached for proof that Mr. Holmes was reimbursed in full by Swan for the purchase of this device.   GDPR or similar issues are also not applicable to Mr. Holmes, who lives and works in the United States.  Please direct Consilio to immediately ship it to the address we provided:

>    Darielle Delgado
>
>    Berkeley Research Group, LLC
>
>    3990 Old Town Avenue Building A – Suite 204
>
>    San Diego, CA 92110 USA

Regards,
Ilissa

**Ilissa Samplin**
Partner

T: +1 213.229.7354 | M: +1 516.732.0245
ISamplin@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

---

**From:** Fondo, Grant P <GFondo@goodwinlaw.com>
**Sent:** Sunday, October 6, 2024 5:23 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Demana, Christine <CDemana@gibsondunn.com>; Adam Trigg <atrigg@be-law.com>; Daniel Bergeson <dbergeson@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Emma Tofelogo <emtofelogo@be-law.com>; McGill, Matthew D. <MMcGill@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Thompson, Aaron

2

<AThompson@goodwinlaw.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>
**Subject:** RE: Case No. 2:24-cv-08280 (Swan v. Proton) - Replacement Notice Filings

Ilissa: As noted below, the parties have a dispute regarding the manner in which the laptops should be collected and preserved for litigation. As an initial matter, while you state that Swan "owns" these laptops, this is not as clear you seem to suggest, at least for some of our clients. At this stage of the litigation, however, and without waiving any of our clients' rights or remedies related to this issue, we think it is more productive to work to preserve the evidence for all parties rather than fight over this issue.

We currently are in the process of collecting all such laptops through our third-party discovery vendor, Consilio. Once those laptops are collected, we will have those vendors securely store and preserve those laptops, and they have been instructed not to access those pending an agreement between the parties and/or order of the Court. Given that our clients are located in different locations throughout the world, this may take some time, but we are actively working with our vendor to make sure this collection occurs as soon as practicable. Consilio has already collected and securely stored a laptop from one of our clients, Mr. Holmes.

We propose the following plan to resolve the parties' dispute regarding the collection and preservation of laptops held by the Individual Defendants that Swan claims it owns.

First, some of our clients advise that they have personal, confidential information on the laptops, as well as potentially Proton-related information. They will not agree to share this information with your vendor/Swan. However, upon collection by our vendor, we are willing to work with you to send these laptops to a neutral, mutually agreed upon vendor who can: (1) extract any Swan materials and return them to Swan; (2) extract and remove all personal and/or Proton-related materials and return it to Consilio; and (3) preserve the laptops for the pendency of this litigation. Given these computers have personal information, we also think it makes sense to have our vendor make an image of these computers before sending to the neutral vendor, pending confirmation by the neutral vendor that the laptops are not lost or destroyed during transit. Upon confirmation by the neutral vendor that no information was lost or destroyed, we will instruct our vendor to destroy the image. This way, the risk of losing any information during delivery (via fed-X or other means) is eliminated.

Second, for those Individual Defendants who likely do not have any personal, confidential information or Proton-related information on the laptops at issue, we will have our vendor return these laptops directly to your vendor, with the caveat that your vendor will not share any personal or Proton related information with Swan, should it come across any. Further, once discovered, your vendor will agree to immediately advise us of the personal and Proton related information and will work with us to immediately return that information to Goodwin. If the vendor cannot determine whether material is Swan-related or personal or Proton-related, the review to determine this will be done by Swan's attorneys, in consultation with the Individual Defendants' attorneys, on an AEO basis. And similar to the above, prior to our vendor sending these laptops to your vendor, our vendor will image a copy of the laptop and preserve it until your vendor confirms receipt and that no information was lost or destroyed during delivery. Upon such confirmation, we will instruct our vendor to delete the imaged copy. If you agree, we will instruct our vendor to work with yours to unlock each laptop, image it, and then send the laptop to your vendor. If you are not amenable to our vendor engaging in the above-described imaging process, then our vendor will not image the laptops and instead will send it to your vendor in a mutually agreed upon manner. Swan's vendor will then preserve the laptops through the pendency of this litigation.

Finally, some of our clients are due reimbursement for funds paid for these laptops, and we do not believe that they should be forced to incur the costs of shipment. Please provide a Fed-Ex billing number and specific instructions as to how you want the laptops to be shipped, and we will instruct our vendor to use this billing number and to follow your shipping instructions. Please note that there may be GDPR or similar issues

associated with our vendor's shipping of one or more of these laptops.  Our proposal further includes an agreement for the impacted parties to work together to resolve any such issues should they arise.

We think this is a fair and reasonable proposal given the parties' respective concerns, though we are open to additional suggestions.  However, the Individual Defendants have tried to meet and confer on this issue on a couple of occasions, each of which has been met with Swan's refusal to engage in any discussion beyond demanding that we agree to all of the relief set forth in Swan's ex parte papers.  We hope that Swan is amenable to working with us to resolve these issues.

Thank you.

---

**From:** Fondo, Grant P
**Sent:** Friday, October 4, 2024 1:57 PM
**To:** 'Samplin, Ilissa' <ISamplin@gibsondunn.com>
**Cc:** Demana, Christine <CDemana@gibsondunn.com>; Adam Trigg <atrigg@be-law.com>; Daniel Bergeson <dbergeson@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Emma Tofelogo <emtofelogo@be-law.com>; McGill, Matthew D. <MMcGill@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>
**Subject:** RE: Case No. 2:24-cv-08280 (Swan v. Proton) - Replacement Notice Filings

Ilissa:  We understand your position, and I think you understand ours.  In a further effort to resolve this disputed issue, we will put together another proposal for you to consider and will get it to you over the weekend.  Thank you.

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Thursday, October 3, 2024 7:32 PM
**To:** Fondo, Grant P <GFondo@goodwinlaw.com>
**Cc:** Demana, Christine <CDemana@gibsondunn.com>; Adam Trigg <atrigg@be-law.com>; Daniel Bergeson <dbergeson@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Emma Tofelogo <emtofelogo@be-law.com>; McGill, Matthew D. <MMcGill@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>
**Subject:** Re: Case No. 2:24-cv-08280 (Swan v. Proton) - Replacement Notice Filings

***EXTERNAL***

Grant,

These laptops belong to Swan, not to your clients.  Pursuant to Swan's Information Security Policy, which is binding on your clients, "no guarantee of privacy is afforded for any data or information created, processed, stored, or transmitted using company-owned equipment or networks."  The policy requires contractors to "exercise[e] good judgment regarding the reasonableness of personal use of company-provided devices" and is clear that Swan may monitor, audit, and otherwise access company computers at its discretion.  (*See* ECF No. 23-2, Exhibit A).  While we are willing to negotiate a protective order regarding the disclosure of materials collected

from the devices in the context of litigation, these laptops are Swan-owned devices and must immediately be returned to Swan.

Please securely package the laptops and return directly to the following address by Monday, October 7, and confirm as soon as each Defendant has done so:

Darielle Delgado

Berkeley Research Group, LLC

3990 Old Town Avenue Building A – Suite 204

San Diego, CA 92110 USA

We are glad to provide a pre-paid shipping label if helpful and will reimburse shipping and packaging costs.  Please provide receipts for processing.

Best,

Ilissa

**Ilissa Samplin**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7354 • Fax +1 213.229.6354
ISamplin@gibsondunn.com • www.gibsondunn.com

> On Oct 3, 2024, at 7:58 AM, Fondo, Grant P <GFondo@goodwinlaw.com> wrote:
>
> Ilissa, as you know, I had requested a meet and confer to discuss, among other things, the return of the laptops, but you refused to do so unless we stipulated to an order granting all of the relief sought in Swan's *ex parte* applications, which of course we could not agree to.  Our clients have serious concerns about simply turning over the laptops given that at least some of the laptops may contain private information about our clients.  While we have no objection in returning the laptops, we need to agree on a procedure whereby the relevant evidence is preserved while the private information about our clients is protected from disclosure.  Currently, we are in the process of working with our long-time discovery vendor to have the laptops picked up from our client's possession and preserved pending reaching an agreement with you on a procedure.  The laptops

5

will be held in a confidential manner and will not be accessed by our discovery vendor pending our agreement or a court order.  Because our clients are in different parts of the world, the collection of the laptops may take some time, but we are working diligently to make sure the collection happens as soon as possible.  Please send us a few times this week and early next when we can discuss.  We look forward to working with you in a constructive manner to address this issue.

Thank you.


**Grant P. Fondo**
Partner

<image001.png>

Goodwin Procter LLP
601 Marshall Street
Redwood City, CA 94063
o   +1 650 752 3236
f    +1 650 471 6040
GFondo@goodwinlaw.com | goodwinlaw.com

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Tuesday, October 1, 2024 4:40 PM
**To:** Fondo, Grant P <GFondo@goodwinlaw.com>; Demana, Christine <CDemana@gibsondunn.com>; Adam Trigg <atrigg@be-law.com>
**Cc:** Daniel Bergeson <dbergeson@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Emma Tofelogo <emtofelogo@be-law.com>; McGill, Matthew D. <MMcGill@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Lin, Wendell <WLin@goodwinlaw.com>
**Subject:** RE: Case No. 2:24-cv-08280 (Swan v. Proton) - Replacement Notice Filings

***EXTERNAL***
Grant:

In your papers yesterday, you represented that your clients have no objection to returning their Swan-issued laptops.  We are happy to provide Fed Ex labels and instructions for return.  We represent that upon receipt of the laptops, each will be imaged and preserved for purposes of litigation.

Please confirm and we will proceed.

Thanks,
Ilissa


**Ilissa Samplin**
Partner

T: +1 213.229.7354 | M: +1 516.732.0245
ISamplin@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

**From:** Samplin, Ilissa
**Sent:** Monday, September 30, 2024 2:43 PM
**To:** 'Fondo, Grant P' <GFondo@goodwinlaw.com>; Demana, Christine <CDemana@gibsondunn.com>; Adam Trigg <atrigg@be-law.com>
**Cc:** Daniel Bergeson <dbergeson@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Emma Tofelogo <emtofelogo@be-law.com>; McGill, Matthew D. <MMcGill@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Lin, Wendell <WLin@goodwinlaw.com>
**Subject:** RE: Case No. 2:24-cv-08280 (Swan v. Proton) - Replacement Notice Filings

Grant:

Plaintiff will not be withdrawing the pending TRO unless Defendants stipulate to an order granting all of the relief sought therein. There is no justification for your clients' continued withholding of Swan's property (including company-issued laptops your clients have refused to return). Nor should any meet and confer be required to put in motion return of Swan's property. To that end, please confirm the company-issued devices have been preserved and will be returned immediately.

We always remain willing to talk, and are available to set up a call to do so if you'd like.

Regards,

Ilissa


**Ilissa Samplin**
Partner

T: +1 213.229.7354 | M: +1 516.732.0245
ISamplin@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

**From:** Fondo, Grant P <GFondo@goodwinlaw.com>
**Sent:** Monday, September 30, 2024 12:30 PM
**To:** Samplin, Ilissa <ISamplin@gibsondunn.com>; Demana, Christine <CDemana@gibsondunn.com>; Adam Trigg <atrigg@be-law.com>
**Cc:** Daniel Bergeson <dbergeson@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Emma Tofelogo <emtofelogo@be-law.com>; McGill, Matthew D. <MMcGill@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Lin, Wendell <WLin@goodwinlaw.com>
**Subject:** RE: Case No. 2:24-cv-08280 (Swan v. Proton) - Replacement Notice Filings

Illisa: Hello. We are happy to discuss that with our clients, but we are not willing to retroactively discuss it in relation to the pending TRO. If you would like to take the TRO off calendar and meet and confer on the service issue as well as the relief you seek, we will be happy to further discuss this matter with our clients and schedule a call with you tomorrow morning. We agree the disputes between our clients

need to be addressed, but we think several preliminary matters, such as service, briefing schedules, the return of the laptops and potential reciprocal expedited discovery can be done through the meet and confer process. Thank you.

**Grant P. Fondo**
Partner

<image001.png>

Goodwin Procter LLP
601 Marshall Street
Redwood City, CA 94063
o  +1 650 752 3236
f   +1 650 471 6040
GFondo@goodwinlaw.com | goodwinlaw.com

---

**From:** Samplin, Ilissa <ISamplin@gibsondunn.com>
**Sent:** Monday, September 30, 2024 11:00 AM
**To:** Fondo, Grant P <GFondo@goodwinlaw.com>; Demana, Christine <CDemana@gibsondunn.com>; Adam Trigg <atrigg@be-law.com>
**Cc:** Daniel Bergeson <dbergeson@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Emma Tofelogo <emtofelogo@be-law.com>; McGill, Matthew D. <MMcGill@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Lin, Wendell <WLin@goodwinlaw.com>
**Subject:** RE: Case No. 2:24-cv-08280 (Swan v. Proton) - Replacement Notice Filings

***EXTERNAL***
Grant,

Now that Goodwin Procter's representation of the Individual Defendants and Ilois Corporation is confirmed, please advise as to whether your firm will accept service of Plaintiff's complaint and TRO filings on behalf of your clients.

Regards,
Ilissa

**Ilissa Samplin**
Partner

T: +1 213.229.7354 | M: +1 516.732.0245
ISamplin@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

---

**From:** Fondo, Grant P <GFondo@goodwinlaw.com>
**Sent:** Sunday, September 29, 2024 10:25 PM
**To:** Demana, Christine <CDemana@gibsondunn.com>; Adam Trigg <atrigg@be-law.com>
**Cc:** Daniel Bergeson <dbergeson@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Emma Tofelogo <emtofelogo@be-law.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; McGill, Matthew D. <MMcGill@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Thompson, Aaron

<AThompson@goodwinlaw.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Lin, Wendell <WLin@goodwinlaw.com>
**Subject:** RE: Case No. 2:24-cv-08280 (Swan v. Proton) - Replacement Notice Filings

Thank you Christine.  We expect to get back to you tomorrow morning.

---

**From:** Demana, Christine <CDemana@gibsondunn.com>
**Sent:** Sunday, September 29, 2024 8:27 PM
**To:** Adam Trigg <atrigg@be-law.com>
**Cc:** Daniel Bergeson <dbergeson@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Emma Tofelogo <emtofelogo@be-law.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; McGill, Matthew D. <MMcGill@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Lin, Wendell <WLin@goodwinlaw.com>
**Subject:** RE: Case No. 2:24-cv-08280 (Swan v. Proton) - Replacement Notice Filings

***EXTERNAL***
Adam, thank you for your written confirmation regarding treating sealed filings as AEO.  We will send them under separate cover to Bergeson shortly.

Grant, Matthew, Aaron, Nirav, and Wendell, I am attaching the public, redacted Complaint and *Ex Parte* filings.  Please confirm whether you represent Defendants other than Proton Management Ltd. in any way related to this lawsuit and/or the *Ex Parte* filings.

**Christine Demana**
Partner

T: +1 214.698.3246
CDemana@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
2001 Ross Avenue Suite 2100, Dallas, TX 75201-2923

---

**From:** Adam Trigg <atrigg@be-law.com>
**Sent:** Sunday, September 29, 2024 6:10 PM
**To:** Demana, Christine <CDemana@gibsondunn.com>
**Cc:** Daniel Bergeson <dbergeson@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Emma Tofelogo <emtofelogo@be-law.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; McGill, Matthew D. <MMcGill@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>; Grant P. Fondo <gfondo@goodwinlaw.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Lin, Wendell <WLin@goodwinlaw.com>
**Subject:** RE: Case No. 2:24-cv-08280 (Swan v. Proton) - Replacement Notice Filings

Christine,

9

For this litigation Bergeson, LLP will be representing Proton Management Ltd. Our current understanding is that the Individual Defendants will likelybe represented by Goodwin Procter, copied here. Bergeson, LLP agrees to treat the unredacted filings as AEO and not to share them with any of the parties or third parties pending the entry of a protective order.

We continue to reserve all rights.

**Adam C. Trigg | Bergeson**
**<image002.jpg>**
Partner

**O** 408.291.6200 **| D** 408.291.2754 **| F** 408-297.6000

**Silicon Valley Office | San Francisco Office | Beverly Hills Office**
Website **|** vCard **|** Email **|** Bio **|** LinkedIn **|** Disclaimer

**From:** Demana, Christine <CDemana@gibsondunn.com>
**Sent:** Sunday, September 29, 2024 9:52 AM
**To:** Adam Trigg <atrigg@be-law.com>
**Cc:** Daniel Bergeson <dbergeson@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Emma Tofelogo <emtofelogo@be-law.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; McGill, Matthew D. <MMcGill@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>
**Subject:** Re: Case No. 2:24-cv-08280 (Swan v. Proton) - Replacement Notice Filings

Adam: We're happy to provide certain unredacted filings, but we will need to agree in writing with you re confidentiality protections. Please confirm you agree that you will treat the sealed portions we send as AEO for the attorneys on this email only, whom you represent in connection with this lawsuit, and that you will not disclose any such information—including to Defendants (whom Swan alleges misappropriated its information). Please confirm your written agreement.

**Christine Demana / GIBSON DUNN**

> On Sep 29, 2024, at 10:37 AM, Adam Trigg <atrigg@be-law.com> wrote:
>
> Counsel,
>
> Please provide unredacted copies of each filing that contained redactions.
>
> We continue to reserve all rights.
>
> Regards,
>
> **Adam C. Trigg | Bergeson**
> **<image001.jpg>**
> Partner
>
> **O** 408.291.6200 **| D** 408.291.2754 **| F** 408-297.6000
>
> **Silicon Valley Office | San Francisco Office | Beverly Hills Office**
> Website **|** vCard **|** Email **|** Bio **|** LinkedIn **|** Disclaimer

**From:** Demana, Christine <CDemana@gibsondunn.com>
**Sent:** Saturday, September 28, 2024 8:31 PM
**To:** Daniel Bergeson <dbergeson@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Adam Trigg <atrigg@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Emma Tofelogo <emtofelogo@be-law.com>
**Cc:** Samplin, Ilissa <ISamplin@gibsondunn.com>; McGill, Matthew D. <MMcGill@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>
**Subject:** RE: Case No. 2:24-cv-08280 (Swan v. Proton) - Replacement Notice Filings

Counsel:  As you saw, below, Swan filed corrected copies of certain documents, including the Complaint and brief in support of its *Ex Parte* Application for Temporary Restraining Order against Defendants—whom we understand you to be representing (in part) to oppose Swan's *Ex Parte* Application in this Action.  Swan's corrected filings changed certain redactions and formatting errors (some at your request); there are not substantive or typographical changes.

Per prior correspondence from my partner Ilissa, we had notified Defendants of the lawsuit and *Ex Parte* Application last Thursday.  That notice included electronically sending copies of Swan's filings to each Defendant.

Given the corrected filings, we write to provide a replacement .zip to each Defendant with correctly redacted documents for these filings, attached, and to confirm that all Defendants and counsel will delete and destroy the original filings previously sent.

If we should contact Defendants directly regarding this administrative matter, please let us know, and we will do so promptly.

Thank you for your anticipated cooperation,
Christine


**Christine Demana**
Partner

T: +1 214.698.3246
CDemana@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
2001 Ross Avenue Suite 2100, Dallas, TX 75201-2923

**From:** Demana, Christine
**Sent:** Saturday, September 28, 2024 12:23 AM
**To:** 'WLHChambers' <WLH_Chambers@cacd.uscourts.gov>
**Cc:** Samplin, Ilissa <ISamplin@gibsondunn.com>; McGill, Matthew D. <MMcGill@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>; Kang, Austin <AKang@gibsondunn.com>; Daniel Bergeson <dbergeson@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; 'Adam Trigg' <atrigg@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Emma Tofelogo <emtofelogo@be-law.com>
**Subject:** RE: Case No. 2:24-cv-08280 (Swan v. Proton) - Request to Temporarily Seal

11

Dear Courtroom Deputy,

Plaintiff has filed corrected documents to replace the documents the Court temporarily sealed below.

Those filings are at Dkt. No. 22 (Corrected Complaint), and as exhibits to the Notice of Errata Regarding Corrected Filings (Dkt. No. 23) at Dkt. No. 23-1 (Corrected *Ex Parte* Application for TRO), Dkt. No. 23-2 (Corrected Declaration of Y. Pritzker ISO *Ex Parte* Application for TRO), and Dkt. No. 23-3 (Declaration of C. Klippsten ISO *Ex Parte* Application for TRO).

Plaintiff will file as soon as possible an Application to permanently seal the original documents at Dkt. Nos. 1, 8-1, 11-1, and 11-2. Plaintiff also will file as soon as possible a new Application for Leave to File Documents Under Seal to replace Dkt. Nos. 12-13 to align with the corrected filings.

The document at Dkt. No. 11 (Samplin Decl. ISO *Ex Parte* Application for TRO) <u>was and is correct</u>, and Plaintiff thus respectfully requests the Court remove the temporary sealing on that document.

Please note that I have copied counsel from Bergeson LLP, who notified us that they represent Defendants to a limited extent in opposing the *Ex Parte* Application.

Thank you, again, for the Court's prompt assistance yesterday.

**Christine Demana**
Partner

T: +1 214.698.3246
CDemana@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
2001 Ross Avenue Suite 2100, Dallas, TX 75201-2923

---

**From:** Demana, Christine
**Sent:** Thursday, September 26, 2024 6:42 PM
**To:** 'WLHChambers' <WLH_Chambers@cacd.uscourts.gov>
**Cc:** Samplin, Ilissa <ISamplin@gibsondunn.com>; McGill, Matthew D. <MMcGill@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>; Kang, Austin <AKang@gibsondunn.com>
**Subject:** RE: Case No. 2:24-cv-08280 (Swan v. Proton) - Request to Temporarily Seal

We very much appreciate it, and we will do so.

**Christine Demana**
Partner

T: +1 214.698.3246
CDemana@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue Suite 2100, Dallas, TX 75201-2923

---

**From:** WLHChambers <WLH_Chambers@cacd.uscourts.gov>
**Sent:** Thursday, September 26, 2024 6:26 PM
**To:** Demana, Christine <CDemana@gibsondunn.com>
**Cc:** Samplin, Ilissa <ISamplin@gibsondunn.com>; McGill, Matthew D. <MMcGill@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>; Kang, Austin <AKang@gibsondunn.com>
**Subject:** RE: Case No. 2:24-cv-08280 (Swan v. Proton) - Request to Temporarily Seal

Good afternoon,

Docket nos. 1, 8-1, 11, 11-1, and 11-2 have been temporarily sealed with the Court's permission. Please file the correctly redacted versions as soon as possible.

Thank you.

---

**From:** Demana, Christine <CDemana@gibsondunn.com>
**Sent:** Thursday, September 26, 2024 3:56 PM
**To:** WLHChambers <WLH_Chambers@cacd.uscourts.gov>
**Cc:** Samplin, Ilissa <ISamplin@gibsondunn.com>; McGill, Matthew D. <MMcGill@gibsondunn.com>; Mufson, Harris M. <HMufson@gibsondunn.com>; Kang, Austin <AKang@gibsondunn.com>
**Subject:** Case No. 2:24-cv-08280 (Swan v. Proton) - Request to Temporarily Seal

**CAUTION - EXTERNAL:**

Dear Courtroom Deputy,

I am counsel for Plaintiff Electric Solutions, Inc. d/b/a Swan Bitcoin in the above-captioned case. I am emailing to request temporary sealing on five filings from yesterday and today that do not have proper redactions applied. They are at docket numbers 1 (Complaint), 8-1 (Memorandum ISO Plaintiff's Ex Parte Application for TRO re Preliminary Injunction), 11 (Declaration of I. Samplin ISO Ex Parte Application for TRO), 11-1 (Declaration of Y. Pritzker ISO Ex Parte Application for TRO), 11-2 (Declaration of C. Klippsten ISO Ex Parte Application for TRO).

Plaintiff will file replacement copies or new docket entries with correct redactions at your direction, and please let us know we can provide any additional information.

Thank you,
Christine


**Christine Demana**
Partner

T: +1 214.698.3246
CDemana@gibsondunn.com

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue Suite 2100, Dallas, TX 75201-2923

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
*********************************************************************

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.