UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | Case No. 2:24-cv-08280-WLH-E | Date | October 25, 2024 |
| Title | Electric Solidus, Inc. v. Proton Management LTD. et al ("Swan") | | |

Present: The Honorable   WESLEY L. HSU, United States District Judge

| Holidae Crawford | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**  (IN CHAMBERS) ORDER ON PLAINTIFF'S MOTION FOR ORDER COMPELLING RETURN OF LAPTOP COMPUTERS (53) AND INDIVIDUAL DEFENDANTS' APPLICATION TO FILE UNDER SEAL (56)

The Court is in receipt of Plaintiff's Motion for Order Compelling the Individual Defendants to Return Laptop Computers. ("Mot.," Docket No. 53). In its motion, Plaintiff Electric Solidus, Inc. d/b/a Swan Bitcoin ("Swan") seeks an order compelling Defendants Michael Alexander Holmes/Ilios Corp, Thomas Patrick Furlong, Rafael Dias Monteleone, Santhiran Naidoo, Enrique Romualdez, and Lucas Vasconcelo ("Individual Defendants") to send laptops, which Swan claims are company property, to Swan. (Mot. at 1). For the reasons stated below, the Court DENIES Plaintiffs' Motion.[1] The Court ORDERS Individual Defendants to continue to store the laptops in discovery vendors'

---

[1] The Court is also in receipt of specially appearing Individual Defendants' Application to file their Opposition to Plaintiff's Motion under Seal. (Docket No. 56). During the status conference held on October 11, 2024, the parties agreed to provide the Court with an updated on the sealing of documents. (Docket No. 52). The Court will await the parties' update before ruling on the pending application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

facilities until an agreement regarding their treatment is reached or further order of the Court.

**I. BACKGROUND**

    a. **Procedural Background**

This is a trade secret case. Swan alleges that Individual Defendants, all former Swan consultants, stole trade secrets and other proprietary materials from Swan and joined a "copycat company they created for the sole purpose of using stolen Swan property to unlawfully usurp Swan's Bitcoin mining business." (Mot. at 1).

The present Motion concerns laptop computers purchased by the Individual Defendants and reimbursed, at least in part, by Swan. (*See infra* Section I(b)). Swan first raised the issue of the laptop ownership in its omnibus *ex parte* application. (Docket No. 8; Notice of Errata Docket No. 21). In its memorandum in support of the application, Swan asserted that it owned the laptops, that it had repeatedly demanded the return of the laptops and that Individual Defendants had failed to return the laptops. ("Corrected Memorandum," Docket No. 23-1 at 8, 13-14). The Court did not address the issue of laptop ownership its orders on the *ex parte* application. (*See* Docket Nos. 33, 40). In Swan's renewed *ex parte* application for expedited discovery, Swan sought "return of its Company-issued laptops" through the discovery process. (Docket No. 43-1 at 6, 9, 15). The Court denied the application for expedited discovery its entirety as Plaintiffs failed to meet the standard for *ex parte* relief. (Docket No. 54).

On October 11, 2024, the Court held a status conference, in which Swan raised the issue of the laptops once again. (Transcript for Proceedings Held on 10/11/24 9:14am ("Status Conference Transcript"), Docket No. 50 at 22:22-31:12). In the status conference, the Court ordered briefing on whether laptops should be returned to Swan.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

(Docket No. 52).  The present motion was filed according to the Court-ordered briefing schedule.  (*See Id,* Mot.)

### b. Factual Background

In 2023 and 2024, each Individual Defendant entered into consulting agreements with Swan, which retained the Defendants as independent contractors.  (Exhibits 2-7 to Mot. ("Consulting Agreements"), Dockets No. 53-2, 53-3, 53-4, 53-5, 53-6, 53-7).  During each Defendants' tenure as an independent contractor, Defendants purchased laptop computers.   (Exhibits 8-14 to Mot. ("Receipts and Reimbursements"), Docket Nos. 53-9, 53-10, 53-11, 53-12, 53-13, 53-14, 53-15).  Swan reimbursed these purchases in whole or in part.  (Receipts and Reimbursements).  Swan reimbursed Defendant Furlong for only a portion of the cost Furlong paid for a laptop computer.  (Mot. Exhibits 12-13 ("Furlong Reimbursement Documentation"), Dockets No. 53-13, 53-14).

The parties do not dispute that Individual Defendants retained the laptop computers after terminating their consulting agreements with Swan.  (*See* Status Conference Transcript 22:22-23:25).  Paragraph 5 of Individual Defendants' consulting agreement specifies that:
> Upon the termination of this Agreement, or upon Company's earlier request, Consultant will immediately deliver to the Company . . . any and all Company property, including, but not limited to . . . all devices and equipment belonging to the Company . . . that Consultant may have in Consultant's possession or control."  (Consulting Agreements at ¶ 5).

Swan's Information Security Policy, which Swan's CIO declares all contractors have access to via Swan's intranet[2] (Kisser Decl. ¶ 2), requires "users" to "return all

---

[2] Defendants note that Swan "does not submit any evidence that any of the Individual Defendants actually received, reviewed, or agreed to the Information Security Policy or when it was in effect."  (Opp'n at 7).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

company-owned devices and delete all company information and accounts from any personal devices" upon termination.  (Exhibit 1 to Motion ("Swan Security Policy"), Docket No. 53-2).   Neither the consulting agreements nor the security policy address whether devices bought by contractors and reimbursed by Swan are considered personal devices or Company property.  (*See generally* Consulting Agreements, Swan Security Policy).  Swan provides no other evidence that Individual Defendants were informed that laptops reimbursed by Swan are company property.  (*See generally* Mot.)

The laptops in question are no longer in the Defendants' physical possession.  After the present litigation commenced, Individual Defendants' counsel engaged two discovery vendors to collect and store the laptops.  (Decl. of Matthew P. Kanny ISO Opp'n ("Kanny Decl."), Docket No. 59 ¶ 2).  Individual Defendants' counsel declare that the vendors will store the laptops "until the Parties reach an agreement or the Court otherwise provides guidance."  (*Id.*)

## II.  ANALYSIS

In Individual Defendants' Opposition to the present motion, Defendants argue (1) the motion is procedurally defective; (2) the issue in the motion is reserved for arbitration; (3) data privacy issues, including potential GDPR issues, preclude delivery of the laptops to Swan; and (4) Swan cannot prevail on the merits because the laptops belong to the Individual Defendants.  (Opp'n at 2-3 (reorganized)).  Based on the evidence before the Court, the Court finds that Swan has failed to establish that the laptops are Swan property.  The Court, therefore, DENIES Swan's motion without reaching Defendants' additional arguments.

None of the evidence in front of the Court establishes that the laptop computers belong to Swan.  The Security Policy and the Consulting Agreements mandate the return of Swan equipment upon a contractor's departure, but neither establish that devices for

**CIVIL MINUTES - GENERAL**

which Swan provides reimbursement are Swan property. (*See generally Consulting Agreements, Swan Security Policy*). Swan proffers no other evidence that Individual Defendants were informed that the laptops are Swan property. Instead, some of the evidence before the Court suggests that the laptops belong to the Defendants. Swan's Security Policy, for example, contemplates that employees and contractors may use personal devices to access Swan systems. (Swan Security Policy at 9 ("All end-user, *personal* (BYOD), or company-owned devices used to access Swan Bitcoin information systems (i.e. email) must adhere to the following rules and requirements") (emphasis added); *Id.* ("Upon termination, users agree to return all company-owned devices and delete all company information and accounts from any *personal devices*.") (emphasis added)).

That Swan reimbursed the Individual Defendants for at least part of their laptop purchases does not establish that Swan owned the laptops. (*See* Receipts and Reimbursements). The reimbursements could reflect a company policy of providing laptop reimbursement as a perk. Indeed, Swan reimbursed at least one defendant for company "swag" contemporaneously with reimbursing the defendant for a laptop; it defies belief that Swan would now claim ownership of the swag. (Romualdez Receipt and Reimbursement, Docket No. 53-10). Alternatively, the reimbursement could reflect a practice of covering certain expenses for independent contractors. (*See, e.g.,* Naidoo Receipt and Reimbursement, Docket No. 53-9 (providing payment for consulting services and laptop on same invoice)).

The Court is not persuaded by the unpublished Nevada district court case which Swan cites to for the proposition that "reimbursement of an employee's laptop purchases is sufficient to establish laptop was company property." (Mot. at 2 (*citing ARB Labs Inc. v. Woodard*, 2019 WL 332404, at *2 (D. Nev. Jan. 25, 2019)). In that case, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

ownership of the laptop did not appear to be in dispute, and the court never addressed whether reimbursement converted a device to company property because the former employee did not raise that argument. *See Id.* The Court is, likewise, unpersuaded by Plaintiff's citation in its reply brief to *Zucchella v. Olympusat, Inc.* (Reply, Docket No. 60 at 2 (citing *Zucchella v. Olympusat, Inc.*, No. CV197335DSFPLAX, 2021 WL 8317028 (C.D. Cal. Dec. 20, 2021)). As in *ARB Labs*, the *Zucchella* court does discuss a dispute of ownership nor does it establish that a company owns a device for which it provided reimbursement. *See Id.* at *1. The opinion merely explains that the plaintiff purchased a laptop, was reimbursed by her employer and that "[s]he returned the HP Laptop to Defendants when her employment ended in October 2019." *Id.* Notably, the court's solution to the actual dispute in that case is similar to what the defendants have done here: placing the back-up copy at issue in the hands of a third-party vendor. *Id.*

Because Swan has failed to establish that the laptops are Swan property, the Court DENIES Swan's motion to compel Individuals Defendants to deliver the laptops to Swan.

### III.     CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' Motion for an Order Compelling Individual Defendants to Return Laptop Computer. The Court ORDERS Individual Defendants to continue to store the laptops in discovery vendors' facilities in the meantime until either the parties reach a stipulation regarding their treatment or further order of Court.

**IT IS SO ORDERED.**