HARRIS M. MUFSON, *pro hac vice*
   hmufson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000

MATTHEW D. MCGILL, *pro hac vice*
   mmcgill@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone: 202.955.8500

ILISSA SAMPLIN, SBN 314018
   isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: 213.229.7000

CHRISTINE DEMANA, *pro hac vice*
   cdemana@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2923
Telephone: 214.698.3100

*Attorneys for Plaintiff*
ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware corporation,<br><br>        Plaintiff,<br><br>v.<br><br>PROTON MANAGEMENT LTD., a British Virgin Islands corporation; THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; SANTHIRAN NAIDOO; ENRIQUE ROMUALDEZ; and LUCAS VASCONCELOS,<br><br>        Defendants. | Case No. 2:24-cv-8280-MWC-E<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GIBSON, DUNN & CRUTCHER LLP'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN**<br><br>Date: January 10, 2025<br>Time: 1:30 p.m.<br>Place: Courtroom 6A<br>Judge: Hon. Michelle Williams Court<br><br>Action Filed: September 25, 2024 |

Gibson, Dunn & Crutcher LLP

## I. INTRODUCTION

Good cause exists for Gibson Dunn to withdraw as Swan's counsel because there has been a complete breakdown of the attorney-client relationship. This is most evident from the fact that on November 22, 2024, Swan initiated a public lawsuit against Gibson Dunn in the Los Angeles County Superior Court asserting claims of breach of fiduciary duty and legal practice in connection with Gibson Dunn's representation in this matter—an act that alone plainly constitutes good cause sufficient to justify the withdrawal of counsel. *See, e.g.*, *Medina v. Boeing Co.*, 2022 WL 16949670, at *3 (C.D. Cal. May 9, 2022) (granting motion to withdraw as counsel where the plaintiff accused her counsel of "malpractice related to their performance in this matter"). Swan has also informed Gibson Dunn that it will "never" pay the legal fees it owes, which is an additional reason to permit withdrawal. *See, e.g.*, *Holandez v. Entm't, LLC*, 2023 WL 8114882, at *3 (C.D. Cal. Sept. 7, 2023) (internal citation omitted) (explaining that "the failure of a client to pay attorney's fees will serve as grounds for an attorney to withdraw").[1] When a client sues its counsel and declares that it will not pay any fees owed for completed legal work, there obviously has been a complete and irreparable breakdown of the attorney-client relationship.

Permitting Gibson Dunn to withdraw at this early stage of this action will result in no prejudice to Swan or the Defendants, and will neither harm the administration of justice nor delay the resolution of this case. Swan initiated this action less than three months ago, and there has been no scheduling order issued nor trial date set, and Gibson Dunn's agreement with Swan permits it to withdraw at this stage of the case. Defendants have not yet responded to Swan's complaint (and their responses are not due until December 23, 2024). Nor can Swan even credibly claim any prejudice by Gibson

---

[1] Gibson Dunn recognizes that Local Rule 83-2.3.2 do not necessarily support withdrawal as counsel solely due to the lack of payment of fees, but when coupled with a lawsuit alleging "betrayal" by counsel and a statement that fees will "never" be paid, Gibson Dunn has more than sufficient grounds to withdraw.

Gibson, Dunn & Crutcher LLP

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GIBSON, DUNN & CRUTCHER LLP'S MOTION TO WITHDRAW AS COUNSEL PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN

Dunn's withdrawal when it is, at the same time, suing Gibson Dunn in another court alleging a "betrayal" by Gibson Dunn and "malpractice" related to this very case. No prejudice can exist under the circumstances. And there is no viable alternative to withdrawal.

Gibson Dunn remains ready to promptly execute and file a substitution of counsel so that Swan can continue this action with the replacement counsel of its choice. But because Swan has refused to consent to such a substitution (despite suing Gibson Dunn), Gibson Dunn has been left with no recourse but to file this motion.

In short, good cause exists for the Court to grant this motion and permit Gibson Dunn to withdraw as Swan's counsel.

## II.   LEGAL STANDARD

Under Local Civil Rule 83-2.3.2, "[a]n attorney may not withdraw as counsel except by leave of court" and "[t]he motion for leave to withdraw must be supported by good cause." In addition, "[u]nless good cause is shown and the ends of justice require, no substitution . . . of attorney will be approved that will cause delay in prosecution of the case to completion." Local Civil Rule 83-2.3.5.

"The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Anhing Corp. v. Thuan Phong Co. Ltd.*, 2014 WL 12591456, at *1 (C.D. Cal. Dec. 2, 2014) (internal citations omitted). Courts ruling upon a motion to withdraw as counsel may consider, among other factors, (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to the other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Id.* (internal citation omitted).

## III.   ARGUMENT

The Court should grant Gibson Dunn's motion because good cause exists for Gibson Dunn to withdraw as Swan's counsel—namely, the complete breakdown in the attorney-client relationship. Courts regularly grant a motion to withdraw as counsel

3

Gibson, Dunn & Crutcher LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GIBSON, DUNN & CRUTCHER LLP'S MOTION TO WITHDRAW AS COUNSEL PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN

where, as here, the attorney-client relationship "has broken down to such an extent that counsel can no longer represent" the client. *Bd. of Trustees of Sheet Metal Workers v. AAA Mech. Constr.,* 2002 WL 32731427 at *1 (N.D. Cal. Oct. 9, 2002); *see also Lehman Bros. Holdings, Inc. v. PMC Bancorp*, 2017 WL 4071384, at *2 (C.D. Cal. July 26, 2017) (internal citation omitted) ("Where there is a complete breakdown in the attorney-client relationship, a request to withdraw is commonly granted.").

Over the past several weeks, Gibson Dunn and Swan have engaged in discussions regarding ending Gibson Dunn's representation of Swan and Swan obtaining substitute counsel to represent it in this action. Declaration of Harris M. Mufson ISO Motion To Withdraw ("Mufson Decl.") ¶ 3; Declaration of Matthew D. McGill ISO Motion To Withdraw ("McGill Decl.") ¶ 6. On November 6, 2024, Gibson Dunn received a letter from Wollmuth, Maher & Deutsch LLP ("Wollmuth") stating that Wollmuth represents Swan and threatening to assert claims against Gibson Dunn. Mufson Decl. ¶ 3; McGill Decl. ¶ 7.

On November 19, Wollmuth informed Gibson Dunn that Swan demanded millions of dollars from Gibson Dunn just to consent to the withdrawal from this case. Declaration of Martin A. Hewett ISO Motion To Withdraw ("Hewett Decl.") ¶ 6. And on November 22, Wollmuth informed Gibson Dunn that Swan will "never" pay Gibson Dunn's legal fees. Mufson Decl. ¶ 4 & Ex. A. Later that day, Swan initiated a lawsuit against Gibson Dunn in the Los Angeles County Superior Court asserting claims of breach of fiduciary duty and legal malpractice in connection with Gibson Dunn's representation in this matter. *Id*. Ex. B.

Gibson Dunn cannot continue to represent Swan under these conditions. It is now in active, public litigation against Swan due to Swan's filing of a lawsuit regarding Gibson Dunn's representation of Swan in this action. Swan's filing of that action—which, among other things, accuses Gibson Dunn of having "betrayed" Swan (Mufson Decl. Ex. B, at 1 ¶ 1), of having "failing to zealously prosecute" this action (*id.* Ex. B,

4

Gibson, Dunn & Crutcher LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GIBSON, DUNN & CRUTCHER LLP'S MOTION TO WITHDRAW AS COUNSEL PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN

at 14 ¶ 55), and of "acting to the detriment of the goals of the representation" (*id.* Ex. B, at 13 ¶ 50)—shows that Gibson Dunn cannot continue to represent Swan. While Gibson Dunn denies the allegations in Swan's complaint, those allegations make clear that Swan has lost confidence in Gibson Dunn and that Gibson Dunn can no longer continue to represent Swan in this action.

A recent decision involving similar facts, *Medina v. Boeing Company*, 2022 WL 16949670, at *3 (C.D. Cal. May 9, 2022), is instructive. In *Medina*, the court granted a motion to withdraw as counsel finding good cause for withdrawal existed where, as here, the plaintiff had accused her counsel of "malpractice related to their performance in this matter." *Id*. The court held that, given the plaintiff's allegations against her counsel, "denying the request for withdrawal would not result in the orderly administration of justice." *Id*. Good cause clearly exists to support Gibson Dunn's withdrawal here, in light of Swan's initiation of litigation against it. *See also, e.g.*, *L.S. ex rel. R.S. v. Panama Buena Vista Union School Dist.,* 2012 WL 3236743, at *2 (E.D. Cal. 2012) (finding good cause to grant a motion to withdraw based on plaintiff's "threat of malpractice lawsuits").

Good cause for withdrawal also exists because Swan has made clear that it will not pay Gibson Dunn's legal fees in connection with this matter. Mufson Decl. ¶ 4 & Ex. A. Courts routinely permit counsel to withdraw when a client refuses to pay attorneys' fees. *See, e.g.*, *Holandez*, 2023 WL 8114882, at *3 (internal citation omitted) ("[I]t is true that the failure of a client to pay attorney's fees will serve as grounds for an attorney to withdraw."); *Medina*, 2022 WL 16949670, at *3 (noting that "the Court cannot require [counsel] to continue representation when . . . a client is not paying her bills"). Swan's refusal to pay Gibson Dunn's legal fees constitutes a separate basis for finding good cause and granting Gibson Dunn's motion to withdraw.

Permitting Gibson Dunn to withdraw will not prejudice Swan or any other litigants, nor will it cause harm to the administration of justice or any delay in the

5

Gibson, Dunn & Crutcher LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GIBSON, DUNN & CRUTCHER LLP'S MOTION TO WITHDRAW AS COUNSEL PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN

prosecution of this case. This matter was initiated less than three months ago on September 25, 2024, and remains in the earliest stages of litigation. Mufson Decl. ¶ 10. Neither a scheduling order nor trial date has been set. *Id*. In fact, Defendants have not yet answered or otherwise responded to Swan's Complaint, and are not scheduled to do so until December 23, 2024. *Id*. The parties have also not yet engaged in discovery. *See Huckabee v. Med. Staff at CSATF,* 2013 WL 3892950, at *5 (E.D. Cal. July 26, 2013) (finding "little, if any, prejudice" to other litigants, no harm to the administration of justice, and no resulting substantial delay where, *inter alia*, "no discovery has taken place and there are no current dates pending in this action"). Gibson Dunn has also transferred its case file to Swan (at Swan's request), and Swan is currently represented by another firm (Wollmuth) in connection with these matters who could readily appear as substitute counsel in this action. Mufson Decl. ¶¶ 5, 7, 10.

Having filed a claim for "malpractice" against Gibson Dunn alleging "betrayal," all related to this very case, Swan cannot even offer a credible claim of prejudice if Gibson Dunn were to withdraw. Swan is essentially arguing that they do not trust Gibson Dunn to zealously represent them, so Swan should be stipulating to Gibson Dunn's withdrawal, not opposing it. And there is no viable alternative to withdrawal. Gibson Dunn cannot be compelled to represent Swan in a case that is the basis of an already pending lawsuit against Gibson Dunn by Swan. Every single thing that Gibson Dunn could do, or not do, in the case from this day forward would be questioned by Swan and made the basis of future claims. And, in any event, Swan has known all along that the arrangement between Gibson Dunn and Swan could lead to Gibson Dunn's withdrawal long before the case concluded. McGill Decl. ¶ 3.

Finally, in accordance with Local Civil Rules 83-2.3.2 and 83-2.3.4, on November 24, 2024, Gibson Dunn provided written notice to Swan of Gibson Dunn's intent to withdraw due to the breakdown of the attorney-client relationship, as well as the consequences of Swan's inability to appear *pro se* in this action as an organization.

6

Gibson, Dunn & Crutcher LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GIBSON, DUNN & CRUTCHER LLP'S MOTION TO WITHDRAW AS COUNSEL PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN

Mufson Decl. ¶ 9 & Exs. A, C. Gibson Dunn is also serving a copy of this motion on Swan. Mufson Decl. ¶ 11.

### IV.  CONCLUSION

For all these reasons, good cause exists for Gibson Dunn to withdraw as counsel of record for Swan in this matter. Gibson Dunn thus respectfully requests that this Court grant its motion to withdraw.

Dated: November 24, 2024　　　　　　　GIBSON, DUNN & CRUTCHER LLP

By:　*/s/ Ilissa Samplin*
　　　　Ilissa Samplin

*Attorneys for Plaintiff*

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GIBSON, DUNN & CRUTCHER LLP'S MOTION TO WITHDRAW AS COUNSEL PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN

Gibson, Dunn & Crutcher LLP

## **L.R. 11-6.2 CERTIFICATION OF COMPLIANCE**

The undersigned, counsel of record for ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, certifies that this brief contains 1,848 words, which complies with the word limit of L.R. 11-6.1.

DATED: November 24, 2024

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Ilissa Samplin
Ilissa Samplin

*Attorneys for Plaintiff*

8

Gibson, Dunn & Crutcher LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GIBSON, DUNN & CRUTCHER LLP'S MOTION TO WITHDRAW AS COUNSEL PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN