1  HARRIS M. MUFSON, *pro hac vice*
    hmufson@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue
3    New York, New York 10166-0193
   Telephone:  212.351.4000
4
5  MATTHEW D. MCGILL, *pro hac vice*
    mmcgill@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
6  1700 M Street, N.W.
     Washington, D.C.  20036-4504
7  Telephone:  202.955.8500

8  ILISSA SAMPLIN, SBN 314018
    isamplin@gibsondunn.com
9  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
10   Los Angeles, California 90071-3197
   Telephone:  213.229.7000
11
12 CHRISTINE DEMANA, *pro hac vice*
    cdemana@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
13 2001 Ross Avenue, Suite 2100
     Dallas, Texas 75201-2923
14 Telephone:  214.698.3100

15 *Attorneys for Plaintiff*
   ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN
16

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware corporation,<br><br>    Plaintiff,<br>  v.<br><br>PROTON MANAGEMENT LTD., a British Virgin Islands corporation; THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; SANTHIRAN NAIDOO; ENRIQUE ROMUALDEZ; and LUCAS VASCONCELOS,<br><br>    Defendants. | Case No. 2:24-cv-8280-MWC-E<br><br>**DECLARATION OF MATTHEW D. MCGILL IN SUPPORT OF GIBSON, DUNN & CRUTCHER LLP'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN**<br><br>Judge:  Hon. Michelle Williams Court |

I, MATTHEW D. MCGILL, declare and state as follows:

1. I am an attorney authorized to practice before this Court *pro hac vice*. I am a partner at the law firm of Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), and counsel of record for Plaintiff Electric Solidus, Inc. d/b/a Swan Bitcoin ("Swan") in the above-captioned case. I have personal knowledge of all the facts set forth in this declaration and, if called to testify, I could and would competently testify to them.

2. I submit this declaration in support of Gibson Dunn's Motion to Withdraw as Counsel for Swan.

3. In September 2024, Gibson Dunn was retained by Swan to initiate this action and to seek a temporary restraining order against the Defendants. As a first phase, Gibson Dunn and Swan agreed to non-standard economic terms for work through and including the filing of an application for a temporary restraining order. Any further work would be contingent upon an agreement acceptable to Gibson Dunn on economic and other terms, which would be based on the then-anticipated scope of work and the status and progress of the litigation.

4. Gibson Dunn prepared and filed the Complaint and the papers seeking a temporary restraining order. The Court denied Swan's application for a temporary restraining order on October 5, 2024.

5. After the Court denied the application for a temporary restraining order, Gibson Dunn and Swan tentatively agreed on terms for Gibson Dunn's work on the litigation through and including an evidentiary hearing on Swan's motion for a preliminary injunction set for November 8, 2024. But on October 18, Swan withdrew its motion for a preliminary injunction, and Gibson Dunn and Swan never finalized any written agreement providing for further work on the litigation after October 5, 2024.

6. On October 25, 2024, Gibson Dunn made the decision that it did not want to continue with the representation of Swan in this litigation. On the same day, I informed Swan that Gibson Dunn would be concluding its representation of Swan and

2

Gibson, Dunn & Crutcher LLP

DECLARATION OF MATTHEW D. MCGILL IN SUPPORT OF GIBSON, DUNN & CRUTCHER LLP'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN

that, if Swan wished, Gibson Dunn would work on the litigation for as long as reasonably necessary for Swan to obtain substitute counsel. Based on subsequent conversations with Swan, I had understood Swan to be actively interviewing potential substitute counsel, and that they soon would identify such substitute counsel.

7. On November 6, 2024, Gibson Dunn received a letter from Wollmuth, Maher & Deutsch LLP ("Wollmuth") stating that Wollmuth represents Swan and threatening to assert claims against Gibson Dunn.

8. On November 19, 2024, Swan asked me to provide it with an electronic copy of its entire case file.

9. On November 22, 2024, Swan initiated a lawsuit against Gibson Dunn in the Superior Court of the State of California for the County of Los Angeles. The case is captioned *Electronic Solidus, Inc. d/b/a Swan Bitcoin v. Gibson, Dunn & Crutcher LLP*, Case No. 24STCV30895. In that matter, Swan alleges that Gibson Dunn has "betrayed" Swan and asserts claims of breach of fiduciary duty and legal malpractice against Gibson Dunn in connection with Gibson Dunn's representation of Swan in this matter.

10. Given the allegations in the Los Angeles Superior Court complaint discussed in paragraph 9, in which Swan essentially contends that it has lost trust and confidence in Gibson Dunn's representation of Swan, there is little doubt that there has been a complete breakdown in the attorney-client relationship between Gibson Dunn and Swan that justifies immediate withdrawal as counsel for Swan in this case.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 24th day of November in 2024 in Washington, D.C.

_____
Matthew D. McGill

3

DECLARATION OF MATTHEW D. MCGILL IN SUPPORT OF GIBSON, DUNN & CRUTCHER LLP'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN