JAMES P. FOGELMAN, SBN 161584
  jfogelman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East, Ste. 4000
Los Angeles, California 90067
Telephone: 310.552.8500

JAY P. SRINIVASAN, SBN 145405
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000

*Attorneys for*
GIBSON, DUNN & CRUTCHER LLP

(Additional counsel on next page.)

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROTON MANAGEMENT LTD., a British Virgin Islands corporation; THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; SANTHIRAN NAIDOO; ENRIQUE ROMUALDEZ; and LUCAS VASCONCELOS,<br><br>Defendants. | Case No. 2:24-cv-8280-MWC-E<br><br>**GIBSON, DUNN & CRUTCHER LLP'S REPLY IN SUPPORT OF ITS MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN**<br><br>Date: January 10, 2025<br>Time: 1:30 p.m.<br>Place: Courtroom 6A<br>Judge: Hon. Michelle Williams Court<br><br>Action Filed: September 25, 2024 |

Gibson, Dunn & Crutcher LLP

GIBSON, DUNN & CRUTCHER LLP'S REPLY IN SUPPORT OF ITS MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN

HARRIS M. MUFSON, *pro hac vice*
    hmufson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York  10166-0193
Telephone:  212.351.4000

MATTHEW D. MCGILL, *pro hac vice*
    mmcgill@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C.  20036-4504
Telephone:  202.955.8500

ILISSA SAMPLIN, SBN 314018
    isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:  213.229.7000

CHRISTINE DEMANA, *pro hac vice*
    cdemana@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas  75201-2923
Telephone:  214.698.3100

*Attorneys for Plaintiff*
*ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN*

Gibson, Dunn & Crutcher LLP

GIBSON, DUNN & CRUTCHER LLP'S REPLY IN SUPPORT OF ITS MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................... 1

II. ARGUMENT ................................................................................................. 3

    A.    Swan Does Not Meaningfully Oppose Gibson Dunn's Withdrawal. ........ 3

    B.    There Is No Basis to Condition Gibson Dunn's Withdrawal on a Sweeping Injunction Prohibiting It from Representing Tether in Any Matters. ................................................................................... 4

        1.    Swan Should Raise Any Challenges to Gibson Dunn's Representation of Tether in the Action Where That Happens, Not Now in This Court. ................................................................... 4

        2.    The Condition Swan Seeks to Impose on Gibson Dunn's Withdrawal Is Unprecedented. ...................................................... 6

        3.    Swan's Proposed Condition Has No Basis in Any Ethical Rules. ............................................................................................. 7

III. CONCLUSION ............................................................................................ 11

Gibson, Dunn & Crutcher LLP

i

GIBSON, DUNN & CRUTCHER LLP'S REPLY IN SUPPORT OF ITS MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AIT Worldwide Logistics, Inc. v. HSIN Silk Rd. Shipping Ltd.*,
    2022 WL 16859744 (C.D. Cal. Aug. 9, 2022) ................................................. 7

*Anhing Corp. v. Thuan Phong Co. Ltd.*,
    2014 WL 12591456 (C.D. Cal. Dec. 2, 2014) ................................................. 3

*Barton v. Dist. of Columbia*,
    209 F.R.D. 274 (D.D.C. 2002) ....................................................................... 6

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013) ........................................................................................ 5

*Countrywide Home Loans, Inc. v. Am.'s Wholesale Lender, Inc.*,
    2013 WL 12138759 (C.D. Cal. Nov. 7, 2013) ............................................... 7

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) .......................................................................... 5

*de Jesus Rosario v. Mis Hijos Deli Corp.*,
    491 F. Supp. 3d 8 (S.D.N.Y. 2020) ................................................................ 6

*Estate of Falco*,
    188 Cal. App. 3d 1004 (Cal. App. Ct. 1987) ................................................. 6

*In re Fisker Auto. Holdings, Inc. S'holder Litig.*,
    2018 WL 3991470 (D. Del. Aug. 20, 2018) ............................................. 9, 10

*Fluidmaster, Inc. v. Fireman's Fund Ins. Co.*,
    25 Cal. App. 5th 545 (2018) ........................................................................... 9

*Gross Belsky Alonso LLP v. Henry Edelson*,
    2009 WL 1505284 (N.D. Cal. May 27, 2009) ............................................... 8

*Havasu Lakeshore Invs., LLC v. Fleming*,
    217 Cal. App. 4th 770 (2013) ......................................................................... 8

*Irene Schneider Fam. Tr. v. PNC Bank, Nat'l Ass'n*,
    2024 WL 712562 (D.N.J. Feb. 20, 2024) ....................................................... 5

*Kirk v. First Am. Title Ins. Co.*,
    183 Cal.App.4th 776 (2010) ........................................................................... 9

*Seoul Broad. Sys. Int'l, Inc. v. Korea Int'l Satellite Broad.*,
    2009 WL 10676092 (C.D. Cal. Jan. 20, 2009) .............................................. 7

*Take2 Techs. Ltd. v. Pac. Biosciences of Cal. Inc.*,
    2023 WL 7346246 (N.D. Cal. Nov. 6, 2023) ................................................. 5

*Tanedo v. E. Baton Rouge Par. Sch. Bd.*,
    2014 WL 12642004 (C.D. Cal. Apr. 28, 2014) ........................................... 6, 7

Gibson, Dunn & Crutcher LLP

ii

GIBSON, DUNN & CRUTCHER LLP'S REPLY IN SUPPORT OF ITS MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN

*Truck Ins. Exch. v. Fireman's Fund Ins. Co.*,
  6 Cal. App. 4th 1050 (1992) .................................................................................. 10

**Rules**

Cal. Rule Prof. Conduct 1.9(a) .................................................................................. 10

Cal. Rule Prof. Conduct 5.6 ...................................................................................... 10

D.C. Rule Prof. Conduct 5.6 ..................................................................................... 10

Gibson, Dunn & Crutcher LLP

iii

GIBSON, DUNN & CRUTCHER LLP'S REPLY IN SUPPORT OF ITS MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN

# I. INTRODUCTION

Swan's opposition to Gibson Dunn's motion to withdraw is not really even an opposition at all—in fact, Swan specifically says it "does not oppose Gibson's withdrawal." Opp. at 16. Swan does not provide even a single basis to deny Gibson Dunn's motion, nor does it argue that Gibson Dunn should be forced to remain as its counsel after it filed multiple actions against Gibson Dunn asserting meritless claims of malpractice and breach of fiduciary duty arising from this very case, and after its counsel at Wollmuth said Swan will never pay for the services Gibson Dunn already provided. Nor does Swan offer any explanation as to why it still refuses to voluntarily allow Gibson Dunn to withdraw and is forcing the Court to resolve Gibson Dunn's motion, even though the replacement counsel Swan hired, Quinn Emannuel, has already filed its appearance. That Swan has still refused to concede Gibson Dunn's motion—despite admitting that it does not oppose withdrawal, and weeks after it told the Los Angeles Superior Court ("the LASC") that it was "actively onboarding . . . new counsel" and would "moot" Gibson Dunn's motion, Dkt. 73-6 at 14:19-20—is beyond the pale.

Rather than offering the Court reasons to deny Gibson Dunn's motion to withdraw, Swan instead is improperly seeking affirmative injunctive relief under the guise of an opposition brief. Swan asks the Court to enjoin Gibson Dunn from representing Tether, a company Swan sees as its rival, in any matter whatsoever—even if such a future hypothetical matter is not substantially related to this action (or indeed even if it is totally unrelated to this action). Having twice lost "emergency" motions in the LASC seeking that same injunction, Swan now improperly asks this Court to issue it. Swan's entire "opposition" is thus nothing more than a third motion for injunctive relief, without even attempting to meet the procedural or substantive requirements for such a motion. Calling it a request for a "condition" to granting Gibson Dunn's motion does not change the improper nature of the request. As the LASC twice ruled in the past month, the request is totally improper; if Swan takes issue with any future representation by Gibson Dunn of another client in another forum, it can raise it in a future court that

Gibson, Dunn & Crutcher LLP

1

GIBSON, DUNN & CRUTCHER LLP'S REPLY IN SUPPORT OF ITS MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN

has jurisdiction to decide the issue.

It is important to note that Swan is not seeking an order prohibiting Gibson Dunn from switching sides in *this* case or any substantially related matter (something Gibson Dunn could not and would not do). Nor is Swan seeking to only prevent Gibson Dunn from representing Tether in matters adverse to Swan. Instead, Swan is asking this Court to enter an injunction that would prohibit Gibson Dunn from representing Tether in any capacity whatsoever, even if it has nothing to do with Swan. There is no basis for this Court to impose such a sweeping prohibition on Gibson Dunn's ability to practice law.

Both Judge Goorvitch and Judge Kin in the LASC made clear there is no basis for any such injunction. Judge Goorvitch doubted the notion that a court could order Gibson Dunn not to "represent Tether against some . . . random third party where the case hasn't even been filed yet." Dkt. 73-6 at 38:26-39:14. Judge Kin saw things the same way, rejecting the notion that Gibson Dunn "could never represent Tether after terminating its relationship with Swan." Dkt. 73-7 at 22:5-10. As he rightly explained, that theory "doesn't make any sense with regard to the doctrine" of the duty of loyalty. *Id.* What's more, "any harm sought to be abated" by Swan's bid for injunctive relief "is entirely hypothetical"; it might be appropriate to seek that relief through "a motion to disqualify," if and when Gibson Dunn "were to later represent Tether on a matter" adverse to Swan, so that a court could "actually evaluate what the actual conflict is and what potential harm could result from that." *Id.* at 5:15-26.

The Court should reject Swan's effort to preemptively impose a blanket disqualification on Gibson Dunn prohibiting it from representing Tether for at least three reasons. First, Swan is asking the wrong court at the wrong time. If there were ever a time for Swan to police Gibson Dunn's future relationship with Tether, it would be in a case where Gibson Dunn appeared on behalf of Tether against Swan. Second, Swan's request is, as far as Gibson Dunn can tell, unprecedented. Although courts sometimes impose conditions on a law firm's withdrawal, they do so only to make sure that the case won't be derailed by the departure of a party's lawyer. But here, Swan has already hired

Gibson, Dunn & Crutcher LLP

2

GIBSON, DUNN & CRUTCHER LLP'S REPLY IN SUPPORT OF ITS MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN

Quinn Emanuel. Third, although Swan invokes various ethical rules, they have nothing to do with this case. The "hot potato" rule, for example, forbids dumping a client to take on a case *adverse* to that client, which Gibson Dunn hasn't done because it is not seeking to withdraw so that it can take on a representation adverse to Swan.

The Court should grant Gibson Dunn's motion to withdraw without imposing Swan's unprecedented and unjustified condition.

## II.  ARGUMENT

### A.  Swan Does Not Meaningfully Oppose Gibson Dunn's Withdrawal.

The motion before the Court presents a simple and straightforward question: should Gibson Dunn be permitted to withdraw as counsel for Swan in this action? The answer to that question is clearly yes, which is why Swan does not actually oppose Gibson Dunn's withdrawal from this action. In fact, Swan does not dispute that all the relevant factors—the reasons why withdrawal is sought; the prejudice withdrawal may cause to the other litigants; whether withdrawal might hamper the administration of justice; and the degree to which withdrawal will delay the resolution of the case, *see Anhing Corp. v. Thuan Phong Co. Ltd.*, 2014 WL 12591456, at *1 (C.D. Cal. Dec. 2, 2014)—support Gibson Dunn's request to withdraw.

Swan also does not contest that Gibson Dunn's withdrawal is necessary because of the "complete breakdown of the attorney-client relationship." Opp. at 2. Swan is, after all, suing Gibson Dunn for malpractice and breach of fiduciary duty both in California state court and in arbitration in Washington, D.C. Swan also does not dispute (or even address) Gibson Dunn's additional reason for seeking withdrawal—that Swan's counsel at Wollmuth has said Swan will "never" pay Gibson Dunn's legal fees. Dkt. 69-1 at 4. In short, Swan doesn't dispute the indisputable: when a client sues its law firm and makes clear it will never pay for the firm's work, there is no way that the attorney-client relationship can continue.

Swan also identifies no prejudice, harm to the administration of justice, or delay that may be caused by Gibson Dunn's withdrawal. Swan does not deny that this matter

Gibson, Dunn & Crutcher LLP

3

GIBSON, DUNN & CRUTCHER LLP'S REPLY IN SUPPORT OF ITS MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN

was initiated only three months ago and remains in the earliest stages of litigation. Dkt. 69-1 at 6. And now lawyers from Quinn Emanuel have appeared on behalf of Swan to take over the case, consistent with Swan's representation to the LASC weeks ago that it was "actively onboarding" new counsel. Dkt. 73-6 at 14:19. Because Swan does not meaningfully oppose Gibson Dunn's motion and Defendants take no position on it, Dkt. 71, the Court should grant the motion and proceed no further.

**B.    There Is No Basis to Condition Gibson Dunn's Withdrawal on a Sweeping Injunction Prohibiting It from Representing Tether in Any Matters.**

Although Swan now says it "does not oppose Gibson's withdrawal," it contends the Court "cannot grant [the] motion to withdraw" unless Gibson Dunn is "disqualified from representing Tether or any of its affiliates, in any capacity or matter (litigation, investigatory, corporate or otherwise) for the pendency of this litigation." Opp. at 16, 19–20. The Court should reject this sweeping request for injunctive relief, which is procedurally baseless (if Swan wants to disqualify Gibson Dunn from representing Tether in a future case, it can seek this relief in *that case*), completely unprecedented on the merits, and without any basis in the various ethical rules Swan invokes.

**1.    Swan Should Raise Any Challenges to Gibson Dunn's Representation of Tether in the Action Where That Happens, Not Now in This Court.**

Gibson Dunn does not currently represent Tether—a fact that Swan does not appear to contest. *See* Opp. at 17. And although Swan alleges that Gibson Dunn "want[s]" or "intend[s]" to represent Tether at some point in the future, it does not allege that any such representation has already occurred, or that Gibson Dunn wants or intends to represent Tether in any matter adverse to Swan. *Id.* at 5, 17. In other words, Swan does not seek to end any current relationship between Gibson Dunn and Tether, but instead asks for an injunction to "prevent" any *potential* future representation of Tether in any capacity. *Id.* at 1.

This Court is not the right forum to litigate Swan's objection to Gibson Dunn's potential representation of Tether in the future. Should Gibson Dunn ultimately

Gibson, Dunn & Crutcher LLP

4

GIBSON, DUNN & CRUTCHER LLP'S REPLY IN SUPPORT OF ITS MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN

represent Tether in a future case after withdrawing as Swan's counsel in this one, Swan would be free to file a motion to disqualify in *that case* if it had a good faith reason to believe that the representation would be adverse to Swan. The parties could then litigate the "intensely fact-specific" questions required to resolve a disqualification motion in light of the actual facts, rather than based on Swan's conjecture. *Irene Schneider Fam. Tr. v. PNC Bank, Nat'l Ass'n*, 2024 WL 712562, at *2 (D.N.J. Feb. 20, 2024); *see also Take2 Techs. Ltd. v. Pac. Biosciences of Cal. Inc.*, 2023 WL 7346246, at *5 (N.D. Cal. Nov. 6, 2023) (explaining that "a tailored and fact-specific approach is warranted" in evaluating a motion for disqualification). Judge Kin recognized as much when denying Swan's ex parte application a few days ago. As he explained, if "Gibson, Dunn were to later represent Tether on a matter, any potential conflict with Swan or harm thereby to Swan could and should be addressed at that time and more appropriately so in the context of that case or particular representation and in the form of a motion to disqualify that one can actually evaluate what the actual conflict is and what potential harm could result from that." Dkt. 73-7 at 5:19-26. That reasoning was correct then and remains correct now.

      In fact, Swan's bid for injunctive relief makes even less sense here than it did in state court. That's because this Court's power is limited by Article III's standing requirements. To have standing to seek injunctive relief, a party must point to a "threat of injury" that is "actual and imminent, not conjectural or hypothetical." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (internal citation omitted). "In other words, the 'threatened injury must be *certainly impending* to constitute injury in fact' and 'allegations of *possible* future injury are not sufficient.'" *Id.* (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). But allegations of "possible future injury" are all Swan provides here. That means Swan doesn't even have standing to seek its requested injunction from this Court even had it filed a properly noticed motion for this extraordinary relief.

Gibson, Dunn & Crutcher LLP

5

GIBSON, DUNN & CRUTCHER LLP'S REPLY IN SUPPORT OF ITS MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN

### 2. The Condition Swan Seeks to Impose on Gibson Dunn's Withdrawal Is Unprecedented.

The Court should reject Swan's attempt to condition Gibson Dunn's withdrawal on disqualifying Gibson Dunn "from representing Tether or any of its affiliates, in any capacity or matter (litigation, investigatory, corporate or otherwise) for the pendency of this litigation." Opp. at 20. Gibson Dunn is not aware of any legal authority to support that requested condition on Gibson Dunn's withdrawal, and Swan cites none. In fact, the four decisions cited by Swan, Opp. at 16, are readily distinguishable:

- In *Estate of Falco*, 188 Cal. App. 3d 1004, 1007 (1987), the court considered the question of an attorney's right to a quantum meruit recovery of fees *after* the attorney had successfully withdrawn and the case had settled.

- In *de Jesus Rosario v. Mis Hijos Deli Corp.*, 491 F. Supp. 3d 8, 11–12 (S.D.N.Y. 2020), the court indicated it would grant a motion to withdraw so long as the defendants' counsel first provided the contact information at which the defendants agreed to accept service of papers. There, the plaintiff argued that it would be prejudiced in collecting judgments against the defendants without this information. *Id.* at 11.

- In *Barton v. District of Columbia*, 209 F.R.D. 274, 275 (D.D.C. 2002), the court decided it would grant a motion to withdraw provided that the plaintiffs' counsel first filed an opposition to the defendants' motion to dismiss. There, the court found that the defendants would be unduly prejudiced and the case would be delayed while the plaintiffs searched for new counsel if no opposition was filed. *Id.* at 277–78.

- And in *Tanedo v. East Baton Rouge Parish School Board*, 2014 WL 12642004, at *3 (C.D. Cal. Apr. 28, 2014), the court permitted withdrawal so long as the defendants' counsel first sent an individual defendant recommendations for alternative counsel, contacted alternative counsel to inform them that the individual defendant may reach out about representation, and filed a substitution-

Gibson, Dunn & Crutcher LLP

6

GIBSON, DUNN & CRUTCHER LLP'S REPLY IN SUPPORT OF ITS MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN

of-attorney form for the individual defendant.

Courts in this District have imposed limited conditions on withdrawal as counsel for the specific purpose of avoiding the derailment of ***the case in which withdrawal is sought***. For example, in *Seoul Broadcasting Systems International, Inc. v. Korea International Satellite Broadcasting*, 2009 WL 10676092, at *2 (C.D. Cal. Jan. 20, 2009), the court permitted defense counsel's withdrawal on the condition that it not delay the action and ordered the defendant to retain new counsel and appear with that new counsel at the next status conference. Other conditions on withdrawal include requiring counsel to serve clients with a notice of withdrawal, *Countrywide Home Loans, Inc. v. Am.'s Wholesale Lender, Inc.*, 2013 WL 12138759, at *1 (C.D. Cal. Nov. 7, 2013); assist a client with finding new counsel, *Tanedo*, 2014 WL 12642004, at *3; and provide a declaration confirming that (1) the withdrawal order was served on clients, (2) all parties were provided the clients' new address for service, (3) clients were provided all pretrial and trial dates; and (4) clients were warned that they must be represented by counsel by a specific date or risk default, *AIT Worldwide Logistics, Inc. v. HSIN Silk Rd. Shipping Ltd.*, 2022 WL 16859744, at *2 (C.D. Cal. Aug. 9, 2022).

This case, by contrast, presents no similar concerns that might require imposing *any* condition on Gibson Dunn's withdrawal. Gibson Dunn provided Swan with written notice of its intent to withdraw on November 26. Dkt. 69-1 at 6. Swan made clear in its brief that it has new counsel ready to take over Gibson Dunn's representation in this action, Opp. at 20, and now those lawyers have entered their appearances, *e.g.*, Dkt. 76. With new lawyers ready and able to represent its interests, Swan never explains why the injunction it requests—an order prohibiting Gibson Dunn from representing Tether in any matter—is necessary to prevent the derailment of this litigation.

**3.     Swan's Proposed Condition Has No Basis in Any Ethical Rules.**

There is still another reason to deny Swan's request that the Court impose a sweeping prohibition on Gibson Dunn's ability to represent Tether in any matters whatsoever: it is without any legal basis. Swan cannot use the duty of loyalty to seek an

Gibson, Dunn & Crutcher LLP

7

GIBSON, DUNN & CRUTCHER LLP'S REPLY IN SUPPORT OF ITS MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN

injunction that would persist after Gibson Dunn withdraws from this case because the duty of loyalty ends when the attorney-client relationship ends.  Nor can Swan justify its requested injunction under the duty of confidentiality, which is satisfied by Gibson Dunn's use of an ethical screen here.  What's more, the engagement agreement Swan signed with Gibson Dunn permits Gibson Dunn to represent Tether in matters not substantially related to this action even without withdrawal from this case.  Swan cannot use the "hot potato" rule to avoid this outcome because that rule does not apply here, and the ban on representing Tether that Swan is asking for would itself be unethical.

***The duty of loyalty ends once the attorney-client relationship ends.***  Attorneys owe their clients two distinct duties:  the duty of loyalty and the duty of confidentiality.  *Havasu Lakeshore Invs., LLC v. Fleming*, 217 Cal. App. 4th 770, 777 (2013).  Swan claims that Gibson Dunn's "motion to withdraw implicates the duty of loyalty, not the duty of confidentiality," and seeks to use that same duty as the basis for its request for an order prohibiting Gibson Dunn from representing Tether in any action in the future.  Opp. at 9.  But using the duty of loyalty to dictate what Gibson Dunn does *after* withdrawing from this case and ending its representation of Swan makes no sense because "[o]nce the representation ceases . . . the duty of loyalty becomes inapposite." *Gross Belsky Alonso LLP v. Henry Edelson*, 2009 WL 1505284, at *3 (N.D. Cal. May 27, 2009).  As Judge Kin explained, "when or if Swan is no longer a client, then the duty of loyalty ends."  Dkt. 73-7 at 21:6-8.

Swan has made clear that it "does not oppose Gibson [Dunn]'s withdrawal," meaning that it will soon be a former client of Gibson Dunn.  Opp. at 16.  But a "*former* client . . . cannot predicate [a] motion for disqualification on an alleged breach of the duty of loyalty" because no such duty exists after the attorney-client relationship ends. *Gross*, 2009 WL 1505284, at *3.  Swan cannot artificially perpetuate the duty of loyalty beyond the end of representation by seeking to forbid Gibson Dunn from representing other entities long after Gibson Dunn's duty of loyalty to Swan will have ended.

Gibson, Dunn & Crutcher LLP

8

GIBSON, DUNN & CRUTCHER LLP'S REPLY IN SUPPORT OF ITS MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN

***Gibson Dunn's ethical screen satisfies the duty of confidentiality.*** Although Swan's primary concerns here appear to revolve around the duty of loyalty, *see* Opp. at 9, the duty of confidentiality does not provide a basis for its requested injunction either. Before hiring Tether's former counsel, Barry Berke, Gibson Dunn preemptively put in place an ethical screen between, on the one hand, Berke and any other attorneys who have represented Tether and, on the other, the attorneys who have worked on behalf of Swan in this case. California law recognizes that such screens "give effect to the duty of confidentiality" because they "prevent the sharing of client confidences." *Kirk v. First Am. Title Ins. Co.*, 183 Cal.App.4th 776, 808, 812 (2010).

The ethical screen here addresses any concerns Swan may have under the duty of confidentiality. California courts recognize that ethical screens can be particularly effective at "large law firm[s]" like Gibson Dunn, especially where there are specific "rules and procedures to prevent access to confidential information." *Fluidmaster, Inc. v. Fireman's Fund Ins. Co.*, 25 Cal. App. 5th 545, 553–54 (2018). And courts around the country have consistently confirmed that Gibson Dunn's ethical-screen procedures are sound in situations nearly identical to this one. *See, e.g.*, *In re Fisker Auto. Holdings, Inc. S'holder Litig.*, 2018 WL 3991470, at *1–2, *4 (D. Del. Aug. 20, 2018) (allowing Gibson Dunn to represent a new client after hiring a lateral partner, in part because the firm implemented "a strict ethical screen" and took "precautionary measures to wall off [the lateral partner] from any exposure to unrelated [prior client] matters").

Swan has little to say about those procedures, offering only speculation from its non-lawyer CEO that Gibson Dunn's "promises about an ethical wall are hollow." Opp. at 19; Dkt. 75 ¶ 35. But neither the CEO nor Swan's lawyers offer any *facts* to back up these suspicions—much less facts that would overcome the recognition of multiple courts that Gibson Dunn's ethical-screening procedures are sound and effective.

***The engagement letter signed by Swan allows future representation of Tether.*** In its engagement letter with Gibson Dunn, Swan agreed "[a]s a condition of [Gibson Dunn] undertaking" this case that Gibson Dunn "can continue to represent, or can in the

GIBSON, DUNN & CRUTCHER LLP'S REPLY IN SUPPORT OF ITS MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN

future represent, existing or new clients in any matter, including litigation or other adversarial proceedings" so long as those matters "are not substantially related to [Gibson Dunn's] work for Swan," even if those other clients' interests are adverse to Swan's interests. Dkt. 73-1 at 007. And this exact waiver has been held to be "valid and enforceable." *In re Fisker*, 2018 WL 3991470, at *3.

In short, Swan expressly agreed to what it is now asking this Court to prevent: Gibson Dunn's representation of a client in future matters—in fact, in "*any* capacity or matter (litigation, investigatory, corporate or otherwise)," Opp. at 20 (emphasis added)—that are not substantially related to this case.

**The "Hot Potato Rule" does not apply.** Swan claims that any potential future relationship between Gibson Dunn and Tether would violate the "hot potato" rule. Opp. at 9–10. But as the case law on which Swan relies makes clear, that rule applies only to an "adverse concurrent representation." *Truck Ins. Exch. v. Fireman's Fund Ins. Co.*, 6 Cal. App. 4th 1050, 1057 (1992) (cited by Opp. at 10). In other words, the "hot potato" rule would prevent Gibson Dunn from representing Tether *in this case*, where Swan believes it is directly adverse to Tether. *See* Cal. Rule Prof. Conduct 1.9(a) ("A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter *in which that person's interests are materially adverse* to the interests of the former client unless the former client gives informed written consent." (emphasis added)). Gibson Dunn has no intention of representing Tether in this action, so the "hot potato" rule is inapplicable.

**Swan's request itself violates ethical rules.** Swan seeks to use an injunction from this Court to achieve a result that Gibson Dunn could not agree to voluntarily. Under Rule 5.6 of the D.C. Rules of Professional Conduct—which govern the parties' relationship under the engagement letter—"[a] lawyer shall not participate in offering or making . . . [a]n agreement in which a restriction on the lawyer's right to practice is part of the settlement of a controversy between parties." D.C. Rule Prof. Conduct 5.6. The California Rules of Professional Conduct include essentially the same rule. *See* Cal.

Gibson, Dunn & Crutcher LLP

10

GIBSON, DUNN & CRUTCHER LLP'S REPLY IN SUPPORT OF ITS MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN

Rule Prof. Conduct 5.6. These rules prohibit Gibson Dunn from acceding to Swan's demand that the firm not represent Tether in any matter during the pendency of this case.

Under both the California and D.C. ethical rules, Gibson Dunn acted properly when rejecting Swan's demand, and there is no reason for this Court to impose on Gibson Dunn—under the guise of a "condition" on withdrawal—a prohibition on representing another client in the future.

### III.  CONCLUSION

The Court should grant Gibson Dunn's motion to withdraw, and reject Swan's request that it enjoin Gibson Dunn from representing Tether.

DATED: December 27, 2024

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ James P. Fogelman
    James P. Fogelman

*Attorneys for*
*Gibson, Dunn & Crutcher LLP*

Gibson, Dunn & Crutcher LLP

11

GIBSON, DUNN & CRUTCHER LLP'S REPLY IN SUPPORT OF ITS MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN

## L.R. 11-6.2 CERTIFICATION OF COMPLIANCE

The undersigned, counsel of record for ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, certifies that this brief contains 3,793 words, which complies with the word limit of L.R. 11-6.1.

DATED: December 27, 2024

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *James P. Fogelman*
James P. Fogelman

*Attorneys for*
Gibson, Dunn & Crutcher LLP

12

GIBSON, DUNN & CRUTCHER LLP'S REPLY IN SUPPORT OF ITS MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ELECTRIC SOLIDUS, INC. D/B/A SWAN BITCOIN