1  DANIEL J. BERGESON, SBN 105439
   dbergeson@be-law.com
2  REBECCA KAUFMAN, SBN 199534
3  rkaufman@be-law.com
   JAIDEEP VENKATESAN, SBN 211386
4  jvenkatesan@be-law.com
5  ADAM C. TRIGG, SBN 261498
   atrigg@be-law.com
6  BERGESON, LLP
7  111 N. Market Street, Suite 600
   San Jose, CA 95113
8  Telephone:  (408) 291-6200
9  Facsimile:   (408) 297-6000

10
   Attorneys for Specially Appearing Defendant
11 PROTON MANAGEMENT LTD.

12

13                    **UNITED STATES DISTRICT COURT**

14             **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PROTON MANAGEMENT LTD., a British Virgin Islands corporation; THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; SANTHIRAN NAIDOO; ENRIQUE ROMUALDEZ; and LUCAS VASONCELOS,<br><br>　　　　Defendants. | Case No. 2:24-cv-8280-MWC-E<br><br>**SPECIALLY APPEARING DEFENDANT PROTON MANAGEMENT LTD.'S JOINDER OF INDIVIDUAL DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING DETERMINATION OF THRESHOLD ISSUES IN RELATED 2040 ENERGY, ET AL. V. SWAN LITIGATION (DKT. 124)**<br><br>Date:　　March 28, 2025<br>Time:　　1:30 p.m.<br>Place:　　Courtroom 6A, 6th Fl.<br>Judge:　　Hon. M. Williams Court |

1    Specially appearing Defendant Proton Management Ltd. ("Proton"), in the
2 alternative to its pending Motion to Dismiss for Lack of Personal Jurisdiction and, in
3 the Alternative, Failure to State a Claim (Dkt. 121), hereby joins Thomas Patrick
4 Furlong, Ilios Corporation, Michael Alexander Holmes, Rafael Dias Monteleone,
5 Santhiran Naidoo, Enrique Romualdez, and Lucas Vasconcelos's (collectively, the
6 "Individual Defendants") Motion to Stay Proceedings Pending Determination of
7 Threshold Issues in Related 2040 Energy et al. v. Swan Litigation (Dkt. 124).

8    As demonstrated in Proton's Motion to Dismiss, this Court does not have
9 personal jurisdiction over Proton, a British Virgin Islands Business Company,
10 because Plaintiff's Amended Complaint fails to adequately plead that Proton has
11 sufficient minimum contacts, let alone constant and pervasive contacts, with
12 California to justify personal jurisdiction. As such, the Court should dismiss this
13 action against Proton with prejudice. Alternatively, for the reasons stated in the
14 Individual Defendant's Memorandum of Points and Authorities in Support of their
15 Motion to Stay Proceedings (Dkt. 124-1), the Court should temporarily stay
16 litigation of all claims filed by Swan against the individual Defendants and Specially
17 Appearing Defendant Proton pending resolution in a related proceeding currently
18 pending against Swan in the United Kingdom, entitled Tether Investments Ltd.
19 ("Tether") and 2040 Energy Ltd. ("2040 Energy") v. Swan (filed on January 14,
20 2025; documents publicly available on February 14, 2025) EWHC (Comm), Claim
21 No. CL-2025-000016 (the "2040 Energy v. Swan Litigation") of the issue of
22 ownership of the alleged trade secrets and confidential information, which is a
23 threshold issue for determination of the claims against both the Individual
24 Defendants and Proton.

25    Specially Appearing Defendant Proton therefore respectfully joins in the
26 Individual Defendants' Motion to Stay Proceedings Pending Determination of
27 Threshold Issues in Related 2040 Energy et al. v. Swan Litigation (Dkt. 124), in the
28 alternative to Proton's pending Motion to Dismiss for Lack of Personal Jurisdiction

1 | and, in the Alternative, Failure to State a Claim (Dkt. 121).

3 | Dated:  February 28, 2025          BERGESON, LLP

By: _____/s/ Adam C. Trigg_____
Adam C. Trigg

Attorneys for Specially Appearing Defendant
PROTON MANAGEMENT LTD.