1  RYAN S. LANDES (State Bar No. 252642)
   ryanlandes@quinnemanuel.com
2   Quinn Emanuel Urquhart & Sullivan, LLP
   865 S Figueroa Street, Floor 10
3  Los Angeles, CA 90017-5003
   Telephone:  (213) 443-3145
4  Facsimile:   (213) 443-3100

5  STACYLYN M. DOORE (admitted *pro hac vice*)
   stacylyndoore@quinnemanuel.com
6   Quinn Emanuel Urquhart & Sullivan, LLP
   111 Huntington Avenue, Suite 520
7  Boston, MA 02199
   Telephone:  (617) 712-7100
8  Facsimile:   (617) 712-7200

9  RACHEL E. EPSTEIN (admitted *pro hac vice*)
   rachelepstein@quinnemanuel.com
10  Quinn Emanuel Urquhart & Sullivan, LLP
   295 Fifth Avenue
11 New York, NY 10016
   Telephone:  (212) 849-7000
12 Facsimile:   (212) 849-7100

13 *Attorneys for Plaintiff*
   *ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN*
14

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> PROTON MANAGEMENT LTD., a British Virgin Islands corporation; THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; SANTHIRAN NAIDOO; ENRIQUE ROMUALDEZ; and LUCAS VASCONCELOS, <br><br> Defendants. | Case No. 2:24-cv-8280-MWC-E <br><br> **JOINT STIPULATION REGARDING PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO SERVE RULE 26(A)(1) INITIAL DISCLOSURES** <br><br> **DISCOVERY MATTER** <br><br> Hearing Date: March 28, 2025 <br> Time:          9:30 a.m. <br> Place:         Courtroom 750, 7th Fl. <br> Judge:        Hon. Charles F. Eick <br><br> Discovery Cutoff:  November 7, 2025 <br> Pre-Trial Conf. Date:   April 26, 2026 <br> Trial Date:        May 4, 2026 |

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION .................................................................................4

    A.    Swan's Introductory Statement ................................................4

    B.    Individual Defendants' Introductory Statement.......................6

    C.    Specially Appearing Defendant Proton's Introductory
        Statement ................................................................................8

II.   JOINT SPECIFICATION OF ISSUES IN DISPUTE .....................10

III.  SWAN'S CONTENTIONS AND REQUEST FOR RELIEF ...........10

    A.    Factual and Procedural Background.......................................10

    B.    Legal Standard .......................................................................12

    C.    Argument................................................................................12

        1.    Defendants Should Be Compelled to Serve Initial
            Disclosures Under Rule 26(a)(1)..................................12

        2.    Alternatively, the Court Should Preclude Defendants
            From Relying on Any Undisclosed Witnesses. ...........14

        3.    Swan Is Entitled To Fees. ............................................15

IV.   THE INDIVIDUAL DEFENDANTS' CONTENTIONS ...........................16

    A.    Factual Background ................................................................16

    B.    Procedural History .................................................................17

        1.    Swan's Requests for Emergency Relief Were Rejected
            and It Does Nothing For Months.................................17

        2.    The Individual Defendants Seek to Stay Proceedings,
            Including Merits Discovery, Based on the Parties'
            Binding Arbitration Agreements and Related Litigation. ......18

        3.    The Individual Defendants Complied with the
            Requirements of Federal Rule of Civil Procedure 26. ...........18

    C.    Argument................................................................................19

        1.    The Individual Defendants Have Moved to Compel
            Arbitration and Will Suffer Prejudice if Forced to
            Engage in Discovery....................................................19

        2.    Swan, On the Other Hand, Stands to Suffer No Harm
            Should Its Motion to Compel Be Denied....................24

3.  Attorneys' Fees or Other Sanctions Against the
Individual Defendants Are Unwarranted; To the
Contrary, The Individual Defendants Are Entitled to
Their Fees. ........................................................25

V.  SPECIALLY APPEARING DEFENDANT PROTON'S
CONTENTIONS ........................................................27

A.  Factual and Procedural Background ...............................27

B.  Argument ........................................................30

1.  The Court Should Deny Swan's Motion ...............................30

2.  The Court Should Stay Discovery as to Proton Pending
Its Motion to Dismiss for Lack of Personal Jurisdiction........31

3.  There Is No Basis for Swan's Request for Sanctions.............32

VI. CONCLUSION ........................................................33

A.  Swan's Conclusion ........................................................33

B.  The Individual Defendants' Conclusion.........................................33

C.  Specially Appearing Defendant Proton's Conclusion......................33

# TABLE OF AUTHORITIES

**Page**

## Cases

*AMC Fabrication, Inc. v. KRD Trucking West, Inc.*,
   No. 2:12-cv-00146-LDG-CWH, 2012 U.S. Dist. LEXIS 146270.....................29

*Baker v. Arkansas Blue Cross,.,*
   No. C-08-03974 SBA (EDL), 2009 WL 904150,
   (N.D. Cal. Mar. 31, 2009) ......................................................................... 11, 20

*Carter & Assocs., LLC v. Teachscape, Inc.*,
   No. C 07-3225 RS, 2008 WL 191978 (N.D. Cal. Jan. 22, 2008)
   ............................................................................... 10, 17, 19, 22, 27

*Cooper v. Shoei Safety Helmet Corp.*,
   No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343
   (D. Nev. Dec. 9, 2019) ......................................................................... 6, 27, 28

*Galaxia Elecs. Co. v. Luxmax, U.S.A.*,
   No. LACV1605144JAKGJSX, 2017 WL 11566394 (C.D. Cal.
   Dec. 28, 2017) ..................................................................................... 17, 21

*Garibay v. Caravan Realty, LLC*,
   No. 2:19-CV-10910-JDE, 2021 U.S. Dist. LEXIS 197328 (C.D.
   Cal. Mar. 9, 2021)..........................................................................................28

*Garibay v. Caravan Realty, LLC*,
   No. 2:19-CV-10910-JDE, 2021 WL 4620951 (C.D. Cal. Mar. 9,
   2021) ......................................................................................................... 11, 20

*Haroon's Halal Kabob LLC v. Food Truck Builders of Phoenix.com
   LLC*,
   600 F. Supp. 3d 987 (D. Ariz. 2022) ......................................................... 12, 23

*Hill v. Xerox Bus. Servs., LLC*,
   59 F.4th 457 (9th Cir. 2023)...........................................................................18

*Integrated Sports Media & Ent. PPV, LLC v. Livecast 365*,
   LLC, No. 2:22-CV-00980-DSF-JC, 2023 WL 8884352 (C.D. Cal.
   July 10, 2023) ........................................................................................... 12, 23

*Mahamedi IP Law, LLP v. Paradice & Li, LLP*,
   No. 5:16-cv-02805-EJD, 2017 WL 2727874
   (N.D. Cal. Feb. 14, 2017)..................................................................17, 21, 22

*Martin v. Yasuda*,
   829 F.3d 1118 (9th Cir. 2016)...................................................................16, 18

*Miles v. Tug*,
   No. 2:18-CV-02860-DAD-AC, 2022 WL 16739566
   (E.D. Cal. Nov. 7, 2022) ................................................................................18

*Nahavandi v. Board of Trustees of the California State University*,
   No. CV 24-3791-RGK(EX), 2024 U.S. Dist. LEXIS 229164
   (C.D. Cal. Dec. 18, 2024) ..............................................................................28

*Nahavandi v. Board of Trustees of the California State University*,
   No. CV 24-3791-RGK(EX), 2024 WL 5413235
   (C.D. Cal. Dec. 18, 2024) .........................................................................11, 20

*PlayUp, Inc. v. Mintas*,
   635 F. Supp 3d 1087 (D. Nev. 2022).......................................... 6, 11, 20, 28

*R & R Sails, Inc. v. Ins. Co. of Pennsylvania*,
   673 F.3d 1240 (9th Cir. 2012)...................................................................12, 23

*Romero v. Weros Pet Shop*,
   No. EDCV 20-1807-JGB, 2021 U.S. Dist. LEXIS 201586
   (C.D. Cal. June 4, 2021)................................................................................28

*Romero v. Weros Pet Shop*,
   No. EDCV 20-1807-JGB, 2021 WL 4735734
   (C.D. Cal. June 4, 2021).........................................................................11, 13, 20

*Simula, Inc. v. Autoliv, Inc.*,
   175 F.3d 716 (9th Cir. 1999).......................................................................17

*Spearman v. I Play, Inc.*,
   No. 2:17-cv-01563-TLN-KJN, 2018 U.S. Dist. LEXIS 44815
   (E.D. Cal. Mar. 16, 2018) ............................................................................29

*Stiener v. Apple Computer, Inc.*,
   No. C 07-4486 ......................................................................................17, 21

2

*Strickland v. Nevada County*,
    No. 2:21-cv-00175 MCE AC, 2021 U.S. Dist. LEXIS 95471
    (E.D. Cal. May 19, 2021)......................................................................28

*Strickland v. Nevada County*,
    No. 2:21-cv-00175 MCE AC, 2021 WL 2003119
    (E.D. Cal. May 19, 2021)............................................................11, 20

*Stussy, Inc. v. Shein*,
    No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209
    (C.D. Cal., Sept. 23, 2022)...........................................6, 27, 28, 29

*United States v. Dynamic Medical Systems, LLC*,
    No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338 ...................27

*United States v. Dynamic Medical Systems, LLC*,
    No. 1:17-cv-01757-NONE-SAB, 2020 WL 3035219 (E.D. Cal.
    Jun. 5, 2020) ..........................................................................10, 20

*Winig v. Cingular Wireless LLC*,
    No. C-06-4297-MMC, 2006 WL 3201047
    (N.D. Cal. Nov. 6, 2006).....................................................................19

*Zamudio v. Aerotek, Inc*,
    No. 121CV01673JLTCDB, 2024 WL 863715
    (E.D. Cal. Feb. 28, 2024) ...................................................................18

*In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*,
    No. CV 19-ML-2905-JAK, 2022 U.S. Dist. LEXIS 240389
    (C.D. Cal. Sept. 6, 2022)....................................................................29

## <u>Other Authorities</u>

Fed. R. Civ. P. 12............................................................ 6, 25, 27, 28, 29

Fed. R. Civ. P. 16............................................................................10

Fed. R. Civ. P. 26........................................................................*passim*

Fed. R. Civ. P. 37(5)(B) ............................................ 12, 13, 24, 28

8 Wright & Miller, Federal Practice and Procedure § 2053 ...................10

3

Plaintiff Electric Solidus, Inc. d/b/a Swan Bitcoin ("Swan") and Defendants Proton Management Ltd. ("Proton"), Thomas Patrick Furlong, Ilios Corp., Michael "Alex" Holmes, Rafael Dias Monteleone, Santhiran Naidoo, Enrique Romualdez, and Lucas Vasconcelos (the "Individual Defendants") submit this joint stipulation regarding Swan's motion to compel Defendants to serve Initial Disclosures pursuant to Fed. R. Civ. P. Rule 26(a)(1).

# I.    INTRODUCTION

## A.    Swan's Introductory Statement

Swan moves for an order compelling Defendants to serve initial disclosures pursuant to Rule 26(a).  The Parties met and conferred pursuant to Rule 26(f) on February 7.  The Parties then submitted their Rule 26(f) report on February 14.  Pursuant to Rule 26(a), the Parties were required to exchange initial disclosures on February 21.  There is no Court order staying discovery or otherwise allowing Defendants to avoid their Rule 26 discovery obligations.  Indeed, after reviewing Defendants' Rule 26(f) submissions in which they argued for a discovery stay and a delayed schedule, the Court ordered a case schedule with fact discovery closing on November 7, 2025 and set a jury trial date of May 4, 2026.[1]  *See* Dkt. 119 (Ex. B) at 3.  Notwithstanding that order, Defendants have failed to comply with Rule 26.

Defendant Proton has not even sought a stay of the case, and yet refuses to serve initial disclosures.  And while the Individual Defendants did file motions seeking a stay—after the deadline for service of initial disclosures passed—the Court has yet to rule on those motions.  Moreover, the Individual Defendants' motions reraise the arguments that were before the Court when it entered a schedule

---

[1]    On January 7, 2025, in its Order Setting Scheduling Conference, the Court expressly directed the Parties to engage in early discovery and to make initial disclosures prior to the Court's Scheduling Conference, then set for March 21, ordering the Parties to "comply fully with the letter and spirit of Federal Rule of Civil Procedure 26(a)." Dkt. 95 (Ex. A) at 2.

that does not include a stay.  Those arguments include seeking a stay based on a lawsuit initiated by third parties against Swan in the United Kingdom.  But the court in the United Kingdom has already declined to grant those third parties' initial request for an anti-suit injunction against these proceedings—and made clear that discovery in this case could proceed without being in any way restricted by the UK court's process.  And in any event the Court here has not granted any stay and Defendants cannot self-impose a stay of discovery.

In lieu of serving the required initial disclosures, Defendants served statements arguing that they should not have to comply with Rule 26(a) based on arguments they intended to raise in motion practice.  In the Parties' meet and confer prior to this motion, Defendants confirmed that they would not provide initial disclosures unless ordered to do so by the Court or until after the Court denied their motions.  Defendants' only argument with respect to burden is the work required to put the disclosures together and get client signoff.

Swan is entitled to this material now under the Court's orders and Rule 26, and Swan is prejudiced by Defendants' refusal to participate in discovery.  Fact discovery closes November 7, 2025 and trial begins May 4, 2026.  The Parties cannot meet the Court's "strict deadlines to complete discovery," Ex. A at 2, without Defendants' compliance.  More pressingly, Swan seeks to bring a motion for a preliminary injunction after conducting early discovery, and there has already been evidence of spoliation by Defendants, Dkt. 101 at ¶¶ 126, 190 (Ex. C)—any discovery delays will prejudice Swan's ability to bring that motion and compound the risk of further destruction of evidence.

Defendants' decision to engage in self-help by withholding initial disclosures is a violation of Rule 26, of this Court's January 7, 2025 Order, and of the Court's directive in setting the case schedule—all of which make clear that discovery should proceed.  Accordingly, Swan seeks an order requiring Defendants to immediately serve compliant initial disclosures, or in the alternative precluding Defendants'

reliance on any witnesses or documents that they did not timely disclose. Swan also seeks its fees on this motion because Defendants' failure to provide initial disclosures was in violation of the Court's Order Setting Scheduling Conference.

### B.    <u>Individual Defendants' Introductory Statement</u>

Swan's motion mischaracterizes the facts and is a waste of the Parties' and this Court's resources. The Individual Defendants moved to compel arbitration of this dispute and to stay this action on *December 23, 2024* (the "First MTCA"),[2] and then again on *February 24, 2025* (the "pending MTCA"), after Swan amended its complaint (the "AC") in lieu of opposing the First MTCA. In light of the pending MTCA,[3] as well as another pending motion to stay based on substantially similar proceedings in the United Kingdom ("MTS"), the Individual Defendants objected to making initial disclosures as they are entitled to do under Rule 26(a)(1)(C).

Regardless, the Individual Defendants have already agreed to exchange their initial disclosures, *if* the Court denies the pending MTCA and MTS, within seven (7) days of the Court's ruling on those pending motions. That hearing will take place in just three weeks on March 28, 2025—likely the *same* day that the instant motion will be heard. And regardless of the Court's ruling on the pending MTCA and MTS, the instant motion will be rendered moot—either the Court grants the Individual Defendants' pending MTCA and/or MTS, and the case is stayed; or, if the Court denies the motions, the Individual Defendants have already agreed to exchange their initial disclosures soon thereafter. Simply put, Swan's motion is an

---

[2] *See* ECF No. 80. Swan's argument that the Individual Defendants filed their motion to stay after the initial disclosure deadline is wrong, as discussed herein. It ignores the fact that the Individual Defendants filed their First MTCA on December 23, 2024. Moreover, the Court issued the scheduling order on February 14, 2025, after Swan amended its complaint and before the Individual Defendants could refile their motions, so there was no motion pending at that time.

[3] *See* ECF No. 122.

obvious attempt to gain a tactical advantage by trying to obtain federal court discovery Swan would not otherwise be entitled to in arbitration.

Swan's original Complaint sought both preliminary and permanent injunctive relief against the Individual Defendants primarily relating to certain alleged trade secrets that the Individual Defendants have consistently maintained are inadequately described, are not protectable trade secrets, and, even if protectable, are not Swan property. To the contrary, any such purported trade secrets are the property of 2040 Energy, a joint venture set up by non-party Tether Investments Ltd. ("Tether") and Swan, to mine bitcoin. The Individual Defendants were engaged to help carry this out through independent contractor agreements ("Consulting Agreements") that contain binding arbitration provisions. Upon receiving the First MTCA, Swan amended its complaint, striking its request for permanent injunctive relief against the Individual Defendants. Thus, Swan now seeks *preliminary injunctive* relief only—all merits determinations and related proceedings, including discovery, should be compelled to arbitration and stayed.

Swan's counter-narrative of delay by Defendants is, at best, misleading. Swan filed this action in *September 2024* and sought a temporary restraining order ("TRO"), and lost. ECF No. 40. It also sought expedited discovery twice, and lost both times. ECF Nos. 40, 43, 54; *see also* ECF No. 63 (motion to compel return of laptops denied). In October 2024, Swan then took its motion for preliminary injunction off-calendar, and for months, *did nothing*. Worse, after Swan asked for more time to respond to the First MTCA, the Individual Defendants asked Swan to agree to setting the Rule 26 conference to a date *after* the Court decided the First MTCA. Swan refused this good faith proposal, but the Individual Defendants still agreed to Swan's request for additional time. As a compromise, the Parties agreed to set the deadline to conduct the Rule 26 conference to a date after the Individual Defendants filed their reply, so that the Parties would have the benefit of a full record on the First MTCA to discuss the status of discovery, if any. As such, under

7

this agreement, initial disclosures, if any, would not have been be due until after the hearing on the First MTCA.  Swan is now trying to flip the script.  It did so first, by amending its Complaint—requiring the Individual Defendants to have to renew their MTCA and effectively pushing out a ruling on that motion.  And second, it is now seeking discovery before the pending MTCA can be heard, notwithstanding the fact that the Consulting Agreements clearly require binding arbitration, and discovery is not otherwise permitted in federal court under the Parties' agreements.

The Individual Defendants timely served their Objections to Initial Disclosures, preserving all rights relating to arbitration and the prejudice that would result to the Individual Defendants should they be require to participate in discovery pending resolution of their motions.  Swan's suggestion that the Court somehow rejected the Individual Defendants' arbitration arguments is wrong.  Swan ignores the fact that the pending MTCA was not on file at the time the Court issued the Scheduling Order, and the Scheduling Order made no rulings on arbitration and simply set a case schedule (which did not include a deadline for initial disclosures).

**C.    Specially Appearing Defendant Proton's Introductory Statement**

This Court does not have personal jurisdiction over Specially Appearing Defendant Proton Management Ltd. ("Proton"), a British Virgin Islands Business Company, with its headquarters in the British Virgin Islands.  As Swan admits in both its initial complaint and Amended Complaint, the individuals operating Proton are located throughout the world, and only one of them is in California.  Swan's CEO is in Brazil, and its Chief Investment Officer, sole director, and sole shareholder is outside the United States.  And there are no allegations that Proton directed or caused anyone to take any of Swan's alleged information, let alone that the information was taken from a location in California.  Nevertheless, Swan named Proton as a defendant in this action and immediately sought injunctive relief and expedited discovery against Proton.  Proton opposed this relief primarily on the

1    grounds that this Court lacks jurisdiction over Proton.  The Court denied each of

2    Swan's motions.

3         Proton moved to dismiss the initial complaint on December 23, 2024, and

4    after Swan filed the Amended Complaint rather than opposing the motion, Proton

5    again moved to dismiss for lack of personal jurisdiction on February 24, 2025.

6    Proton's motion to dismiss is scheduled to be heard on March 28, 2025.

7         In this motion Swan seeks an order compelling Proton to serve Initial

8    Disclosures despite Proton's objections to any discovery in both the Rule 26(f)

9    conference and Joint Rule 26(f) report, Proton's objection to such disclosures under

10   Federal Rule of Civil Procedure 26(a)(1)(C), Proton's offer to provide the

11   disclosures within seven days if the Court denies Proton's motion to dismiss, which

12   will be heard the same day as this motion.  Thus, Swan seeks an order compelling

13   Proton to do what it has already committed to doing if the Court denies its motion

14   to dismiss for lack of personal jurisdiction.  However, courts in the Ninth Circuit

15   regularly deny motions to compel discovery against a party who has challenged

16   personal jurisdiction, and even *stay* discovery pending such motions.  *E.g., Stussy,*

17   *Inc. v. Shein,* No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at

18   *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery, including

19   initial disclosures, and ordering stay pending court's ruling on Rule 12 motion for

20   lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-

21   03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019)

22   (same).  Indeed, even one of Swan's cited cases recognizes that "a personal

23   jurisdiction challenge generally favors a stay of discovery." *PlayUp, Inc. v. Mintas*,

24   635 F. Supp 3d 1087, 1099 (D. Nev. 2022).  As such, the Court should deny Swan's

25   motion and instead stay discovery as to Proton pending the Court's ruling on

26   Proton's motion to dismiss for lack of personal jurisdiction.

27

28

## II.    JOINT SPECIFICATION OF ISSUES IN DISPUTE

Swan's motion relates to what Swan asserts are the following insufficient initial disclosures and untimely objections served by Defendants:

1.    Specially Appearing Defendant Proton Management Ltd.'s Objection to Fed. R. Civ. P. 26(a)(1)(A) Initial Disclosures.  *See* Ex. D.

2.    Individual Defendants' Objection to Fed. R. Civ. P. 26(a)(1)(A) Initial Disclosures.  *See* Ex. E.

According to Swan, the motion applies to each of the above because each Defendant has failed to produce any initial disclosures or to timely object to the disclosures as is required under Federal Rule of Procedure 26(a)(1).  Defendants dispute Swan's characterizations and believe their objections were sufficient and timely, in accordance with Federal Rule of Procedure 26(a)(1)(C).

Swan sent Defendants a letter indicating that Swan intended to move to compel initial disclosures on February, 22, 2025.  Ex. F.  The parties met and conferred on February 25, 2025.

## III.    SWAN'S CONTENTIONS AND REQUEST FOR RELIEF

### A.    Factual and Procedural Background

Swan is an industry leader in providing Bitcoin financial services, helping individuals and businesses purchase, save, and invest billions of dollars in Bitcoin through its platform.  Ex. C ¶ 17. Before Defendants' misconduct, Swan was also a leader in the field of Bitcoin mining.  *Id.* ¶¶ 17, 53-55.  Each of the Individual Defendants was a paid consultant working on Swan's mining team and subject to agreements with Swan.  *Id.* ¶¶ 89-98.

In August 2024, the Individual Defendants and other co-conspirators executed a coordinated plan—which they dubbed "rain and hellfire"—to steal Swan's Bitcoin mining business.  They did so by (a) downloading over 1,300 documents containing Swan's confidential and proprietary business information and trade secrets; (b) forming a copycat company, Proton, on August 2, 2024, to

which they transferred that information and trade secrets; and (c) mass resigning from Swan on August 8 and 9—taking 13 Swan employees and consultants to their newly formed company. *Id.* ¶¶ 118, 141.[4]

Swan instituted this action on September 25, 2024. On January 7, 2025 the Court issued its Order Setting the Scheduling Conference. *See* Ex. A. In that order, the Court "encourage[d] counsel to agree to begin to conduct discovery actively before the Scheduling Conference," which it set for March 21, 2025. *Id.* at 2. The Court also ordered that "the parties ***shall comply fully with the letter and spirit of Federal Rule of Civil Procedure 26(a) and thereby obtain and produce most of what would be produced in the early stages of discovery***, because at the Scheduling Conference the Court will impose strict deadlines to complete discovery." *Id.* (emphasis added).

On January 14, 2025, Defendants informed Swan that they intended to move to stay these proceedings pending resolution of litigation initiated by third parties against Swan in the United Kingdom on January 10, 2025 (the "UK Litigation"), over three months after Swan filed its complaint. Dkt. 108 (Ex. G) at 2 n.1. No Defendant in this action is a party to the UK litigation.

On January 27, 2025, Swan filed its Amended Complaint. *See* Ex. C. On February 7, 2025, the parties met and conferred pursuant to Rule 26(f). During that conference, Swan reiterated its longstanding position that the Parties should begin discovery immediately. Defendants responded that discovery should be stayed pending the UK Litigation.

On February 14, 2025, the Parties filed their Joint Rule 26(f) Report. Dkt. 115 (Ex. H). In that report, Defendants asserted that discovery should be stayed until the resolution of their yet-to-be filed motions, but did not expressly

---

[4] Swan's Amended Complaint lays out in detail the substantial evidence Swan has already uncovered regarding Defendants' theft of its mining business, including contemporaneous notes that the conspirators' took while planning their heist. *See* Ex. C ¶ 8.

11

object to providing initial disclosures, or argue that Defendants should be relieved of their obligation to serve them. *Id.* at 26-27, 30-31. Defendant Proton also sought to postpone the Scheduling Conference. *Id.* at 31.

The court issued its Civil Trial Order on February 18, 2025. Ex. B. The Court largely adopted Swan's proposed trial and pre-trial schedule, and set a fact discovery cut-off date of November 7, 2025. *Id.* Nowhere in that order did the Court relieve Defendants of their obligations to serve initial disclosures on the timetable established by Rule 26(a)(1)(C).

On February 21, 2025, fourteen days after the Rule 26(f) scheduling conference, Swan served Defendants with its initial disclosures pursuant to Rule 26(a)(1). Defendants, on the other hand, provided one-page objections, invoking their forthcoming motions to dismiss and the UK Litigation as reasons that they should not be required to serve initial disclosures. Exs. D, E.

## B. <u>Legal Standard</u>

Federal Rule of Civil Procedure 26(a)(1)(C) provides that "[a] party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure." Fed. R. Civ. P. 26(a)(1)(C). "The right to object to initial disclosure is not intended to afford parties an opportunity to 'opt out' of disclosure unilaterally." Fed. R. Civ. P. 26(a)(1)(E) advisory committee's note to 2000 amendment.

## C. <u>Argument</u>

### 1. <u>Defendants Should Be Compelled to Serve Initial Disclosures Under Rule 26(a)(1).</u>

There is no Court order permitting Defendants to withhold initial disclosures.

12

8 Wright & Miller, Federal Practice and Procedure ("Wright & Miller") § 2053 Initial Disclosure (3d ed.) (courts typically rule on objections to serving initial disclosures under Rule 26(a)(1)(C) "as part of the Rule 16(b) process").  In the Joint Rule 26(f) Report, Defendants asserted that discovery should be stayed, and "request[ed] that the Court schedule a further scheduling conference and require the parties to submit a revised Joint 26(f) report after the aforementioned motions are resolved."  Ex. H at 25-27, 30-32.[5]

The Court's Civil Trial Order rejected Defendant Proton's request to postpone the Scheduling Conference, and largely adopted Swan's proposed trial and pre-trial schedule.  Dkt. B.  Critically, the Civil Trial Order does not modify the timeline outlined in Rule 26(a)(1)(C), nor does it alter the directive in the Court's January 7, 2025 Order Setting the Scheduling Conference that "the parties *shall comply fully with the letter and spirit of Federal Rule of Civil Procedure 26(a) and thereby obtain and produce most of what would be produced in the early stages of discovery[.]*"  Ex. A at 2 (emphasis added).

Nevertheless, Defendants have granted themselves a stay of discovery.  There is no legitimate basis for them to do so.  Defendants' pending motions do not excuse them from serving initial disclosures. *Carter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) ("The pendency of a motion to dismiss almost never serves to excuse compliance with initial disclosure obligations."); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 WL 3035219, at *4 (E.D. Cal. Jun. 5, 2020);

---

[5]    Defendants claim that their blanket objections to all discovery satisfied their obligation to object to serving initial disclosures pursuant to Rule 26(a)(1)(C).  But Defendants did not expressly object to providing initial disclosures or provide any reason that they should be exempt from that obligation.  In any event, even if that blanket objection satisfied Defendants' obligation to object under Rule 26(a)(1)(C), the Court made clear in entering the scheduling order that discovery should commence notwithstanding such blanket objections.

13

*Baker v. Arkansas Blue Cross*, No. C-08-03974 SBA (EDL), 2009 WL 904150, at *2 (N.D. Cal. Mar. 31, 2009); *Strickland v. Nevada County*, No. 2:21-cv-00175 MCE AC, 2021 WL 2003119, at *2 (E.D. Cal. May 19, 2021). Indeed, courts regularly grant motions to compel initial disclosures. *See, e.g.*, *Nahavandi v. Board of Trustees of the California State University*, No. CV 24-3791-RGK(EX), 2024 WL 5413235, at *1-2 (C.D. Cal. Dec. 18, 2024) (collecting cases and granting motion to compel initial disclosures); *Romero v. Weros Pet Shop*, No. EDCV 20-1807-JGB (KKx), 2021 WL 4735734, at *4 (C.D. Cal. June 4, 2021) (awarding fees); *Garibay v. Caravan Realty, LLC*, No. 2:19-CV-10910-JDE, 2021 WL 4620951, at *2 (C.D. Cal. Mar. 9, 2021) (ordering the defendant to supplement deficient initial disclosures).

Nor does Defendants' motion seeking a stay (which was filed after the initial disclosure deadline had passed) based on unrelated, later-filed litigation in the United Kingdom excuse them from their discovery obligations. Rather, "[i]t is [] axiomatic that the filing of a motion to stay does not impact the obligation to proceed; only an order granting such relief imposes a stay." *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087, 1094 (D. Nev. 2022). Indeed, the UK court already declined to grant the UK claimants' initial request for an anti-suit injunction, and made clear that discovery in this case should proceed.[6]

Defendants cannot engage in self help. They should be ordered to comply with the Court's Order and immediately provide compliant Rule 26(a) disclosures.

## 2. Alternatively, the Court Should Preclude Defendants From Relying on Any Undisclosed Witnesses.

Initial disclosures were required to be served "within 14 days after the parties' Rule 26(f) conference." Fed. R. Civ. P. 26(a)(1)(C); Ex. A at 2 ("the parties shall

---

[6] The hearing in the UK Litigation on this issue concluded on February 26, 2025. A written order from that court is forthcoming.

comply fully with the letter and spirit of Federal Rule of Civil Procedure 26(a)"). Defendants did not serve them.  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless."  *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012).

Defendants' non-compliance and stall tactics are not harmless.  Fact discovery is set to close on November 7, 2025 and thus needs to begin now.  There are also serious concerns with respect to potential spoliation, *see, e.g.*, Ex. C ¶¶ 126, 190, and there is likely to be international discovery.  Given Defendants' unwillingness to engage in even the most fundamental ***and Court-ordered*** parts of discovery, the Court should prohibit Defendant from using any witness or document that was not initially disclosed to supply evidence.  *Integrated Sports Media & Ent. PPV, LLC v. Livecast 365*, LLC, No. 2:22-CV-00980-DSF-JC, 2023 WL 8884352, at *10 (C.D. Cal. July 10, 2023) (ordering the plaintiff to supplement its initial disclosures and warning, "**failure to do so may result in an order prohibiting it from using that information as evidence**") (emphasis in original); *Haroon's Halal Kabob LLC v. Food Truck Builders of Phoenix.com LLC*, 600 F. Supp. 3d 987, 992-93 (D. Ariz. 2022) (excluding at trial evidence and witnesses not disclosed in initial disclosures).  At a minimum, the Court should preclude Defendants from relying on any undisclosed witnesses or evidence in opposition to Swan's forthcoming motion for a preliminary injunction.

### 3.    Swan Is Entitled To Fees.

If a motion to compel is "granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, . . . to pay

15

the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); *see also* Fed. R. Civ. P. 37(c)(1)(A).

Defendants are in plain violation of Rule 26 and the Court's order that "the parties shall comply fully with the letter and spirit of Federal Rule of Civil Procedure 26(a) and thereby obtain and produce most of what would be produced in the early stages of discovery[.]" Ex. A at 2. Fees are warranted in this instance. *Romero*, 2021 WL 4735734, at *4. Swan requests $10,000 of fees, which is considerably less than Swan incurred in meeting and conferring and preparing this motion. To the extent Defendants multiply these proceedings further, Swan reserves the right to update this number to account for additional fees it incurs.

## IV.    THE INDIVIDUAL DEFENDANTS' CONTENTIONS

### A.    Factual Background[7]

In or around July 2023, Swan entered into a Shareholder Agreement (the "SHA") with Tether (through a Tether subsidiary) to create a new Bitcoin mining joint venture called 2040 Energy, in which Swan was a minority shareholder. ECF No. 101 (AC) ¶ 55. Bitcoin mining is the process of adding blocks to the blockchain and, in the process, verifying and securing Bitcoins. *Id.* ¶ 40. Because Swan had no prior experience in mining Bitcoin, Swan engaged independent consultants (*e.g.*, the Individual Defendants) to run 2040 Energy's operations and entered into Consulting Agreements with each of them. *Id.* ¶ 111. The Consulting Agreements (which Swan drafted) require Swan to arbitrate nearly all claims and disputes, and delegate the issue of arbitrability to JAMS. Consulting Agreements § 12.A.[8]

By August 2024, Swan was teetering on the brink of financial collapse. On

---

[7] Reference to allegations from Swan's Complaint are purely for the purpose of this Motion, and the Individual Defendants do not admit or concede their veracity.

[8] The Consulting Agreements also adopt JAMS rules, which contain rules concerning temporary injunctive relief and discovery. Consulting Agreements, § 12.C; JAMS Employment Arbitration Rules at §§ 17, 24(e).

16

August 8, 2024, fearing bankruptcy and concerned about Swan's mismanagement of its business and ongoing cash crisis, as well as its lack of transparency to 2040 Energy, the Individual Defendants resigned. *See* AC ¶ 11. There is no allegation Swan has or ever owned or engaged in a mining business outside of 2040 Energy.

### B.  Procedural History

#### 1.  Swan's Requests for Emergency Relief Were Rejected and It Does Nothing For Months.

On September 25, 2024, Swan filed its Complaint trying to allege that the Individual Defendants and Defendant Proton ran off with its alleged trade secrets (which is denied). This matter was initially assigned to Judge Wesley L. Hsu, before being transferred to Judge Michelle Williams Court on November 12, 2024.

Immediately after filing that Complaint, Swan filed several emergency requests for relief with the Court—all of which were denied. *See* ECF Nos. 40 (denied TRO and related request for expedited discovery), 43 (denied second request for expedited discovery), 63 (motion to compel return of laptops denied). Then, on October 18, 2024, Swan voluntarily withdrew its motion for preliminary injunction. ECF No. 55. In the months that followed, Swan did nothing to move the case towards seeking the only relief to which it may be entitled (*i.e.*, preliminary relief in aid of arbitration)—and, notably, it sought no discovery until recently. To be sure, it has not re-filed any motion for preliminary injunction in this case, nor has it sought to file an arbitration demand—despite its threats of doing so in Swan's September 25, 2024 complaint.[9]

---

[9] *See* ECF No. 22 at 4 n.1 ("Swan anticipates pursuing additional claims against Defendants Furlong, Holmes/Ilios, Monteleone, Naidoo, Romualdez, and Vasconcelos in arbitration and reserves all rights associated with doing so, without waiver.").

17

2.    **The Individual Defendants Seek to Stay Proceedings, Including Merits Discovery, Based on the Parties' Binding Arbitration Agreements and Related Litigation.**

On December 23, 2024, the Individual Defendants filed their First MTCA based on Swan's and the Individual Defendants' binding arbitration agreements in their Consulting Agreements.  ECF No. 80.  In short, the Individual Defendants argued, among other things, that Swan and the Individual Defendants agreed to arbitrate all disputes, and that the narrow carve-out to arbitration covered temporary relief in aid of arbitration only.  *Id.*  Further, the Individual Defendants argued that all merits-related proceedings—*e.g.*, filing a response to the complaint, discovery, dispositive motions, and trial—should be compelled to arbitration and the matter stayed pending arbitration.  *Id.*  In lieu of responding to the Individual Defendants' First MTCA, on January 27, 2025, Swan amended its complaint and, in an implicit admission to the merits of the First MTCA, limited its relief against the Individual Defendants to preliminary injunctive relief only.  *See* AC, Prayer at 89-90.

On February 24, 2025, the Individual Defendants renewed their arguments in response to the AC in their second MTCA (*i.e.*, the pending MTCA).  ECF No. 122.  At the same time, the Individual Defendants filed the MTS—seeking to stay all proceedings until merits determinations were made on the issue of whether 2040 Energy or Swan owns Swan's alleged trade secrets and confidential information at issue in a related, independent action in the United Kingdom ("UK") pending between Swan, 2040 Energy and Tether.[10]  ECF No. 124.  Both motions are set to be heard in just a few weeks on March 28, 2025.

3.    **The Individual Defendants Complied with the Requirements of Federal Rule of Civil Procedure 26.**

---

[10] That action was filed on January 10, 2025.

18

Pursuant to the Parties' stipulation entered by the Court regarding the deadline for the parties' Rule 26(f) conference (ECF No. 96) and in accordance with the requirements thereof, the Parties held a Rule 26(f) meet and confer on February 7, 2025.   During that conference, the Individual Defendants made clear their position on discovery—that *all* discovery should be stayed pending the Court's determination on its pending MTCA and MTS.  They reiterated this position in the parties' Joint Rule 26(f) Report, filed with the Court (ECF No. 115 at 10).

On February 20, 2025, after Swan filed the AC but before the Individual Defendants filed the pending MTCA and MTS, the Court entered a case schedule. The Individual Defendants timely served their Objections to Initial Disclosures.

**C.**    **Argument**

**1.**    **The Individual Defendants Have Moved to Compel Arbitration and Will Suffer Prejudice if Forced to Engage in Discovery.**

The Individual Defendants promptly invoked their contractual right to arbitration and have consistently maintained, for months now, that this dispute does not belong in federal court.  A party asserting its right to arbitration must do so early in the litigation and not "act inconsistently" with that right—as the Individual Defendants did here—otherwise, they risk potential waiver.  *See generally Martin v. Yasuda*, 829 F.3d 1118, 1124-25 (9th Cir. 2016) (holding that waiver occurs when a party "acts inconsistently with [its] right to arbitrate").

Here, the Individual Defendants have consistently reserved their right to arbitrate and first moved to compel arbitration on December 23, 2024—long before the Parties' Rule 26(f) conference on February 7, 2025—and later renewed their motion again on February 24, 2025, after Swan amended its original Complaint. They also properly objected to initial disclosures under Rule 26(a)(1)(C), consistent with their position that the case should be proceeding in arbitration, not in federal court.  The Individual Defendants were well within their rights—indeed, justified—

19

to do so. *See, e.g., Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1 (N.D. Cal. Jan. 22, 2008) (holding that Rule 26 expressly permits a party to make an objection in the proposed discovery plan).

By objecting to federal court discovery in favor of binding arbitration, the Individual Defendants have not intentionally delayed discovery. Indeed, the only party involved in "stall tactics" here is *Swan*. Tellingly, after losing multiple emergency requests, including two for expedited discovery, Swan did nothing for months. And Swan has filed no arbitration demands against any of the Individual Defendants for more than five months now—plainly trying to obtain discovery that it apparently is concerned it may not otherwise be available to get in arbitration.

Indeed, in circumstances like those at issue here, the "responsibility for the conduct of discovery lies with the arbitrators." *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, No. 5:16-cv-02805-EJD, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (citations omitted). Given the Parties' binding arbitration agreement, the arbitrator is the one who should be governing the scope of discovery in accordance with JAMS rules. Trying to force the Individual Defendants to engage in merits discovery, including initial disclosures, as if this case were not subject to binding arbitration, is plainly inappropriate. *See generally Simula, Inc. v. Autoliv, Inc*., 175 F.3d 716, 726 (9th Cir. 1999) (affirming denial of plaintiff's discovery motion and rejecting argument that plaintiff was entitled to pre-arbitration discovery). *Accord Galaxia Elecs. Co. v. Luxmax, U.S.A.*, No. LACV1605144JAKGJSX, 2017 WL 11566394, at *2 (C.D. Cal. Dec. 28, 2017) ("Accordingly, staying discovery in this action until it is determined whether this dispute is arbitrable 'furthers the goals of efficiency for the courts and litigants.'"); *Mahamedi IP Law, LLP*, 2017 WL 2727874 (granting motion to stay discovery pending ruling on motion to compel arbitration); *Stiener v. Apple Computer, Inc.*, No. C 07-4486 SBA, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) ("In the interests of conserving the resources of the parties, a short stay of the initial scheduling obligations and

discovery pending the determination of the motion to compel arbitration is therefore prudent."). If the Individual Defendants are compelled to provide initial disclosures or other discovery now, they will suffer precisely the kind of prejudice that the Federal Arbitration Act ("FAA") is designed to prevent. Arbitration agreements are intended to shield parties from the burdens of discovery in litigation, and any forced participation in Rule 26 disclosures or other discovery could later be construed as a waiver of arbitration rights. As the Ninth Circuit has warned, "[a] statement by a party that it has a right to arbitration in pleadings or motions is not enough to defeat a claim of waiver." *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 468 (9th Cir. 2023) (quoting *Martin*, 829 F.3d at 1124-25). That is precisely why the Individual Defendants have consistently maintained their position that all merits determinations and related proceedings, including discovery, should be stayed in this case, while simultaneously operating within the Federal Rules in good faith to the extent possible and without waiving their rights to arbitrate this dispute. Swan seeks to paint itself as a victim, but it is Swan who is breaching its clear obligation to pursue these claims in arbitration, and it is Swan who is delaying matters by making the tactical decision to still, after five months, not file arbitration demands. It should not be rewarded for these tactical and improper decisions.

Moreover, decisions on the proper scope of discovery are reserved for the arbitrator, who may ultimately determine different limitations or restrictions. What Swan seeks in discovery, including through initial disclosures, may be much broader than what would be permitted in arbitration—the proper forum for this dispute. *See generally, Miles v. Tug*, No. 2:18-CV-02860-DAD-AC, 2022 WL 16739566, at *3 (E.D. Cal. Nov. 7, 2022) ("[P]arties should not be required to endure the expense of discovery that ultimately would not be allowed in arbitration" (citation omitted)). Thus, permitting discovery to proceed at this time, before the Court can rule on the pending MTCA, increases the chances that "'the advantages of arbitration—speed and economy—[being] lost forever.'" *Zamudio v. Aerotek*,

JOINT STIPULATION REGARDING PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO SERVE RULE 26(A)(1) INITIAL DISCLOSURES

*Inc*, No. 121CV01673JLTCDB, 2024 WL 863715, at *3 (E.D. Cal. Feb. 28, 2024) (quoting *Winig v. Cingular Wireless LLC*, No. C-06-4297-MMC, 2006 WL 3201047, at *2 (N.D. Cal. Nov. 6, 2006) (granting motion to stay discovery pending ruling on motion to compel arbitration).

Swan does not address this prejudice to the Individual Defendants. Instead, it simply argues that the Individual Defendants cannot unilaterally stay their discovery obligations. But this argument should be rejected.

<u>First</u>, any argument that the Individual Defendants have imposed a unilateral stay of discovery mischaracterizes both their position and their conduct here. The Individual Defendants engaged in good faith during the Parties' Rule 26(f) conference and in the preparation of the Joint Rule 26(f) Report. They then timely objected to the making of initial disclosures under Rule 26(a)(1)(C). They have not unilaterally stayed discovery, but properly objected under the Federal Rules. They also agreed to exchange initial disclosures, should the Court deny their motions, within seven (7) days after the Court rules on their pending MTCA and MTS, which are currently set to be heard on March 28, 2025, just a few weeks away.

Moreover, the Individual Defendants initially sought to have their First MTCA heard before they were required to exchange initial disclosures, but Swan amended its original Complaint. The Individual Defendants again re-asserted their position on arbitration and discovery, which Swan ignored this time around in an attempt to try to obtain federal court discovery. And Swan's assertion that this Court denied the Individual Defendants' arguments relating to arbitration is wrong; the Court made no such ruling, and, in fact, it issued the scheduling order *after* Swan filed its AC but *before* the Individual Defendants filed their pending MTCA.

<u>Second</u>, none of Swan's cited cases on this point require the Court to compel initial disclosures here in light of the Individual Defendants' Objection and the pending MTCA—particularly in light of the prejudice the Individual Defendants stand to suffer. *See, e.g.*, *Canter & Assocs., LLC*, 2008 WL 191978, at *1, n. 2

22

(explaining that defendants were actually *not without* justification in objecting to the making of initial disclosures or in withholding them until a ruling on their objection); *Strickland v. Nevada County*, No. 2:21-cv-00175 MCE AC, 2021 WL 2003119, at *2-3 (E.D. Cal. May 19, 2021) (deciding not to delay discovery despite pending motion to dismiss since ruling on motion to dismiss could allow plaintiff to amend, which favored proceeding with discovery, and finding "initial disclosures and early discovery [we]re relevant to potential amendment" – not so here); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 WL 3035219, at *4 (E.D. Cal. Jun. 5, 2020) (discussing another case "find[ing] that based on the current pending motions to dismiss and no indication that discovery is needed to adjudicate the motions to dismiss … a stay of discovery and continuance of the scheduling conference is appropriate."); *Baker v. Arkansas Blue Cross*, No. C-08-03974 SBA (EDL), 2009 WL 904150, at *2 (N.D. Cal. Mar. 31, 2009) (denying motion to stay discovery where no dispositive motions were pending with the court).[11]   While Swan also cites *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087, 1094 (D. Nev. 2022), for the general proposition that stays are not effective until there is a court order, *PlayUp* is distinguishable as it involved a party seeking to stay the operation of a Magistrate Judge's order compelling discovery, while that order was under review by the district court judge.  Not only was it a much different

---

[11] *See also Nahavandi v. Board of Trustees of the California State University*, No. CV 24-3791-RGK(EX), 2024 WL 5413235, at *1-2 (C.D. Cal. Dec. 18, 2024) (ruling on motion to compel in absence of pending dispositive motions); *Weros Pet Shop*, No. EDCV 20-1807-JGB (KKx), 2021 WL 4735734, at *4 (C.D. Cal. June 4, 2021) (ruling on plaintiff's motion to compel where defendants failed to meet and confer and failed to oppose the motion in a timely manner, and where no pending dispositive motions present.); *Garibay v. Caravan Realty, LLC*, No. 2:19-CV-10910-JDE, 2021 WL 4620951, at *2 (C.D. Cal. Mar. 9, 2021) (ruling on plaintiff's motion to compel amended initial disclosures where no pending dispositive motions present).

JOINT STIPULATION REGARDING PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO SERVE RULE 26(A)(1) INITIAL DISCLOSURES

posture, but it did not involve a party who has expressly objected to initial disclosures pursuant to the Federal Rules, as the Individual Defendants did here.

And, <u>third</u>, notwithstanding the above, courts routinely stay discovery pending determination on motions to compel arbitration in any event. *See Galaxia Elecs. Co.*, 2017 WL 11566394, at *2; *Mahamedi IP Law, LLP*, 2017 WL 2727874; *Stiener*, 2007 WL 4219388, at *1. This Court should reject Swan's demand for initial disclosures at this time based on the same underlying rationale in these cases.

## 2. <u>Swan, On the Other Hand, Stands to Suffer No Harm Should Its Motion to Compel Be Denied.</u>

Swan's claim that it will be prejudiced by a short delay in initial disclosures as a result of the Individual Defendants' proper objection is meritless. Fact discovery (if any proceeds given the pending MTCA and MTS) is set to close on November 7, 2025, more than eight months from now. Swan has ample time to conduct discovery, including into any disclosures provided under Rule 26(a), if the case remains in federal court. Here, Swan faces no such harm from, at most, a few weeks delay. Any suggestion that this short delay would impair its ability to prosecute its claims is simply unfounded, particularly when viewed in proper context—Swan delayed this matter for months.[12]

---

[12] While Swan argues it is prejudiced because there is "evidence of spoliation," those allegations are disputed, and regardless, they are just that—allegations. Regardless, the first allegation Swan points to relates to alleged communications *months before the suit was even filed*, and the other allegation it cites in support of its argument relates to a party that is not even named in this litigation. Also, Swan's claim that it needs initial disclosures urgently is directly contradicted by its failure to initiate arbitration, where the Parties agree this case will ultimately be decided on the merits, or move for relief in this Court months ago. Instead, Swan did nothing, which confirms that Swan's only articulated prejudice is plainly illusory. And Swan cannot show how a delay of a few weeks prejudices it, given its long delay in seeking any relief in arbitration or this action.

24

1    Moreover, there is no prejudice to Swan because the Individual Defendants
2   have already agreed to exchange initial disclosures within seven days of the Court's
3   ruling, if the Court denies their pending MTCA and MTS—which are set to be heard
4   just a few weeks from now on March 28, 2025.  This issue will be resolved shortly
5   either way the Court rules on the pending motions.  If the Court grants the motions,
6   the case will be stayed and no discovery will proceed.  If the Court denies these
7   motions, the Individual Defendants have agreed to exchange initial disclosures
8   within seven days of such ruling.  And it appears that the very earliest Swan's
9   motion to compel can be heard under the timeline set forth in Local Rule 37 is March
10   28, the same day the pending motions are set for hearing by the Court.  Accordingly,
11   the Individual Defendants' good faith proposal effectively puts Swan in the same
12   place without the need for motion practice on this issue.  *See Mahamedi IP Law,*
13   *LLP*, 2017 WL 2727874, at *3 (finding no prejudice to plaintiff of temporary stay
14   of discovery until the arbitration issue was decided).  Ultimately, Swan's motion
15   serves no legitimate purpose other than to manufacture a discovery dispute.  The
16   Court should reject it.

17       **3.    <u>Attorneys' Fees or Other Sanctions Against the Individual</u>**
18                  **<u>Defendants Are Unwarranted; To the Contrary, The</u>**
19                  **<u>Individual Defendants Are Entitled to Their Fees</u>.**

20       The Individual Defendants should not be sanctioned for justifiably objecting
21   to the making of initial disclosures as is their right under Rule 26(a)(1)(C).  For one,
22   the Individual Defendants were substantially justified in asserting an objection
23   pursuant to the Federal Rules in light of their pending MTCA and the prejudice that
24   would have followed.  *See* Sections IV.B.3, IV.C.1, *supra*.  Sanctions are simply
25   not warranted here.  *See, e.g.¸ Canter & Assocs., LLC*, 2008 WL 191978, at *2
26   (holding that the position taken by defendants in objecting to initial disclosures
27   based on pending motions "[did] not serve as a basis for imposing sanctions").
28       Moreover, at minimum, the Individual Defendants' objection was harmless.

Despite Swan assertions that it needs this discovery now, there has been absolutely no prejudice to Swan. As discussed above, whatever purported "delay" in obtaining this information from the Individual Defendants is minimal—and, in fact, is attributable to Swan's own doing based on its conduct in this litigation. *See* Sections IV.B.2, IV.C.1, *supra*. It is also telling that Swan chooses to engage in motion practice when much of the substantive information required to be disclosed pursuant to Rule 26(a)(1)(A), including identities of witnesses and categories of potentially relevant documents, was already provided in substantial part in the Individual Defendants' respective portions of the Joint Rule 26(f) Report. *See* ECF No. 115 at 10. To claim, now, that it is prejudiced and to try to seek sanctions and exclusion of such witnesses and documents—despite them being identified in that Report—is insincere (at best).[13] Such an exclusion of evidence, assuming this case proceeds, would be an improper and unduly "harsh[ ] sanction." *See generally R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir. 2012) (alterations in original) (cited by Swan). And all of this will be resolved in just a few weeks, when the Court decides the pending motions. Accordingly, the Court should deny Swan's alternative requests for monetary and exclusionary sanctions here.

To the contrary—if fees are to be awarded to any party, it should be to the Individual Defendants. Swan's needless filing of this motion, despite the pending

---

[13] Swan's cited cases do not dictate otherwise. In *Integrated Sports Media & Ent. PPV, LLC v. Livecast 365*, LLC, No. 2:22-CV-00980-DSF-JC, 2023 WL 8884352, (C.D. Cal. July 10, 2023), the court was not confronted with a formal objection to the making of Initial Disclosures under Rule 26(a)(1)(C). Instead, it involved a party who failed to make complete disclosures. Even still, the Court did not exclude any yet disclosed witnesses or information; it only explained that it could do so if that party failed to supplement. The other case Swan cited, *Haroon's Halal Kabob LLC v. Food Truck Builders of Phoenix.com LLC*, 600 F. Supp. 3d 987 (D. Ariz. 2022), is an out-of-district case where the party made "no effort" to show that the failure to provide initial disclosures for over a year was substantially justified or harmless; it also did not involve an objection.

procedural posture and the Individual Defendants' reasonable compromise has forced them to incur the time and expense of engaging in unnecessary motion practice that could have been avoided. Again, Swan already has very specific information with respect to relevant witnesses and relevant documents that the Individual Defendants provided in the Joint Rule 26(f) Report. Swan appears to have moved to compel for no other purpose than the mere sake of doing so. The Individual Defendants' are thus the ones who should be awarded their reasonable fees, and hereby request $10,000 to cover a portion of their fees and costs for opposing this meritless motion. *See* Fed. R. Civ. P. 37(5)(B) (mandating that, when a motion to compel discovery is denied and was not substantially justified, the court "must…require the movant . . . to pay the party. . . who opposed the motion its reasonable expenses").[14]

## V. SPECIALLY APPEARING DEFENDANT PROTON'S CONTENTIONS

### A. Factual and Procedural Background

On September 25, 2024, Swan filed its initial Complaint in this Court against the Individual Defendants and Proton, even though Proton is a British Virgin Islands Business Company with scant connections to California. The same day, Swan also filed an *Ex Parte* Application for Temporary Restraining Order and OSC Re: Preliminary Injunction (Dkt. No. 8), and the next day, an *Ex Parte* Application for Expedited Discovery Order (Dkt. No. 9). Proton specially appeared to oppose both motions, principally on the basis that this Court does not have personal jurisdiction over Proton. (Dkt. No. 36.) On October 4, 2024, the Court denied both motions.

---

[14] In addition to requesting that this Court deny Swan's motion and awarding the Individual Defendants' their attorneys fees and costs, the Individual Defendants further request a protective order staying all discovery pending a determination on their pending motions pursuant to Rules 37(a)(5)(B) and 26(C), and incorporate by reference Specially Appearing Defendant Proton's cited authorities in connection with its similar request.

27

(Dkt. No. 39.)  On October 9, 2024, Plaintiff filed another motion for expedited discovery (Dkt. No. 43) and Proton again specially appeared to oppose the motion based on the lack of personal jurisdiction (Dkt. No. 46.)  On October 15, 2024, the Court denied the motion.  (Dkt. No. 54.)  On October 18, 2024, Swan withdrew its motion for preliminary injunction, which had been set for a hearing by the Court. (Dkt. No. 55.)

On December 23, 2024, Proton specially appeared to file its motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction.  (Dkt. 79.)  Instead of opposing this motion, Plaintiff filed an Amended Complaint on January 27, 2025.  (Dkt. 101.) On February 24, 2025, Proton again specially appeared to file a motion dismiss the Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction.  (Dkt. 121.)

Proton is a British Virgin Islands Business Company with its headquarters in Tortola British Virgin Islands.  Except for Individual Defendant Holmes, who lives in California (¶ 20),[15] none of the Individual Defendants live in the United States. (¶¶ 19-25.)  Swan's meager jurisdictional allegations, which Proton does not admit, are limited to the following broad and conclusory claims:  a) the Individual Defendants allegedly took Swan's purported information "in California" at the direction of Proton, even though this occurred while they were working for Swan and ***before*** they joined Proton, there are no allegations of Proton "directing" anyone to take any alleged information, and Swan does not include any allegations detailing how any of the alleged information that was allegedly downloaded by individuals around the world was "in California"  (¶¶ 33, 119, 129, 132, 135-139, 145-148); and b) Holmes incorporated and operates Proton from California (¶¶ 33, 34)—

---

[15] All paragraph references are to Swan's Amended Complaint unless otherwise stated.  Specially Appearing Defendant Proton references the allegations in the Amended Complaint for the purposes of this motion only, without admitting any of the allegations.

which is not true, as explained in Proton's motion to dismiss. The Amended Complaint fails to allege any specific facts tying Proton to the alleged thefts, such as that Proton had legal control over the Individual Defendants when they purportedly took the disputed information. Nor does Swan have any evidence suggesting that Holmes incorporated Proton—a fact that Proton has specifically rebutted in a declaration from Proton's sole director and shareholder who lives outside of the United States[16]—or that Proton is managed from California (when Proton's CEO Raphael Zagury does not live or work in California). (¶¶ 162, 229.) Apart from Swan's conjecture, it does not, and cannot, articulate any facts sufficient to support this Court's jurisdiction over Proton.

Despite this Court's lack of jurisdiction, and Swan's delay in taking action relating to discovery since its repeat motions for expedited discovery were denied in October 2024, in February Swan began pushing for discovery. The Parties held a Rule 26(f) conference on February 7, 2025. On the meet and confer call, Swan stated its position regarding early "targeted discovery" while Proton explicitly objected to *any* discovery proceeding before the Court ruled on Proton's motion to dismiss for lack of personal jurisdiction. Proton repeatedly reiterated its position in the parties' Joint Rule 26(f) Report. (Dkt. 115.) On February 20, 2025, the Court entered a case schedule, rejecting Swan's request for early "targeted discovery." (Dkt. 119.)

On February 21, 2025, Proton served objections to Initial Disclosures. Thereafter, Proton met and conferred with Swan regarding its objections. Proton reiterated its position that discovery is improper before the Court rules on its motion to dismiss for lack of personal jurisdiction and offered to agree that if the Court denied Proton's motion, Proton would serve initial disclosures within seven days. Rather than agree to this offer to compromise, Swan chose to bring this motion to

---

[16] Declaration of Santhiran Naidoo. (Dkt. 121-2.)

compel, which it is requesting to be heard on the same day as Proton's motion to dismiss.

**B.**    **Argument**

**1.**    **The Court Should Deny Swan's Motion**

In addition to the reasons stated in the Individual Defendants' Argument above, Proton was within its rights to object to the Initial Disclosures considering the Court's lack of personal jurisdiction over Proton, and the Court should deny Swan's motion to compel. *See, e.g., Stussy, Inc. v. Shein,* No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery, including initial disclosures, and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object).

Swan's cited cases do not say otherwise.  In fact, none of the cases Swan cites for the proposition that the Court can compel Proton to serve initial disclosures address the situation where a party has a pending motion to dismiss for lack of personal jurisdiction, let alone where, as here, the defendant challenging jurisdiction agreed to serve disclosures if its motion were denied.  *Canter*, 2008 WL 191978, at *1, n. 2 (denying motion to compel and stating plaintiff challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (*granting* defendant's motion to stay discovery pending motion to dismiss); *Baker v. Arkansas Blue Cross*, No. C-08-03974 SBA (EDL), 2009 U.S. Dist. LEXIS 33211, at *3 (N.D. Cal. Mar. 31, 2009) (no pending motion to dismiss on personal jurisdiction); *Strickland v. Nevada County*, No. 2:21-cv-00175 MCE

30

AC, 2021 U.S. Dist. LEXIS 95471, at *5-6 (E.D. Cal. May 19, 2021) (same); *Nahavandi v. Board of Trustees of the California State University*, No. CV 24-3791-RGK(EX), 2024 U.S. Dist. LEXIS 229164, at *1-2 (C.D. Cal. Dec. 18, 2024) (no pending motion to dismiss at all); *Romero v. Weros Pet Shop*, No. EDCV 20-1807-JGB (KKx), 2021 U.S. Dist. LEXIS 201586, at *9 (C.D. Cal. June 4, 2021) (same); *Garibay v. Caravan Realty, LLC*, No. 2:19-CV-10910-JDE, 2021 U.S. Dist. LEXIS 197328, at *1-2 (C.D. Cal. Mar. 9, 2021) (same).[17]

## 2. The Court Should Stay Discovery as to Proton Pending Its Motion to Dismiss for Lack of Personal Jurisdiction

Rather than grant Swan's motion to compel, the Court should use its inherent power to control discovery to order a stay of discovery related to Proton pending the outcome of Proton's motion to dismiss for lack of personal jurisdiction. Under Federal Rule of Civil Procedure 37(a)(5)(B), "[i]f the motion [to compel] is denied, the court may issue any protective order authorized under Rule 26(c)…." Fed. R. Civ. P. 37(a)(5)(B). When denying a motion to compel discovery against a defendant who has or intends to file a motion to dismiss for lack of personal jurisdiction, Courts in this district and in the Ninth Circuit have ordered a limited stay of discovery against that defendant. *See Stussy*, 2022 U.S. Dist. LEXIS 219209 at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery, including initial disclosures, and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper*, 2019 U.S. Dist. LEXIS 215343, at *6-7. As the *Stussy* court stated, "The Court is vested with broad discretion to manage the

---

[17] Swan cites *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) for the proposition that the filing of a motion to stay is not effective until there is a court order. While that case involved a motion to dismiss for lack of personal jurisdiction, the court noted that "a personal jurisdiction challenge generally favors a stay of discovery," but affirmed the magistrate's denial of the stay where the magistrate found jurisdiction "appear[ed] obvious." 635 F. Supp 3d at 1093, 1099. This is not the case here.

31

process of discovery and to control the course of litigation." *Stussy* at *15. "Balancing fairness and efficiency, the District Judge should have an opportunity to resolve disputes over personal jurisdiction . . . before the Foreign Defendants are compelled to respond to merits-based discovery. This provides good cause for the Court to exercise its discretion to order a limited stay on discovery." *Stussy* at *17-18. This is precisely the situation here. The Court should deny Swan's motion to compel and issue an order staying discovery as to Proton until the Court has an opportunity to resolve the dispute over personal jurisdiction. *See also AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, No. 2:12-cv-00146-LDG-CWH, 2012 U.S. Dist. LEXIS 146270, at *5 (staying discovery pending decision on Rule 12(b)(2) motion because "a pending motion challenging jurisdiction strongly favors a stay, or at minimum, limitations on discovery until the question of jurisdiction is resolved"); *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, No. CV 19-ML-2905-JAK (PLAx), 2022 U.S. Dist. LEXIS 240389, at *42-44 (C.D. Cal. Sept. 6, 2022) (staying discovery pending decision on Rule 12(b)(2) motion and quoting *AMC Fabrication*); *Spearman v. I Play, Inc.*, No. 2:17-cv-01563-TLN-KJN, 2018 U.S. Dist. LEXIS 44815, at *6 (E.D. Cal. Mar. 16, 2018) (granting motion to stay discovery pending ruling on motion to dismiss for lack of personal jurisdiction).

### 3.    There Is No Basis for Swan's Request for Sanctions

Swan's request for sanctions against Proton due to its timely and justified objection to serving initial disclosures is meritless. Proton's objection is substantially justified, as it has consistently objected to Swan's attempts to seek discovery against it in view of its jurisdictional objections, and successfully opposed Swan's motions for expedited discovery on those grounds. Proton's objections are consistent with its position that it is not subject to jurisdiction and therefore not subject to the obligation to serve initial disclosures, which was the basis for its objection. Moreover, Proton offered to serve initial disclosures if the Court denies its motion to dismiss, which is set to be heard on March 28, 2025, the same day that

32

1  Swan seeks a motion to compel. Swan therefore filed a motion seeking exactly the
2  relief that Proton offered, clearly for tactical reasons. Any delay has been caused
3  by Swan, which filed an amended complaint four months after instituting this
4  action, thereby preventing Proton's jurisdictional challenge from being decided. To
5  the extent sanctions are warranted, they should be awarded in favor of Proton for
6  having to oppose an unnecessary motion that is a waste of the parties' and the
7  Court's time and resources.

8  **VI.    CONCLUSION**

9     **A.    Swan's Conclusion**

10    The Court should order Defendants to immediately comply with their
11 obligation under Federal Rule of Procedure 26(a)(1) to serve Initial Disclosures, or
12 alternatively exclude all undisclosed evidence, at a minimum used in Defendants'
13 opposition to any preliminary injunction motion filed by Swan. The Court should
14 also award fees to Swan.

15    **B.    The Individual Defendants' Conclusion**

16    For the reasons the Individual Defendants explain above, Swan's request that
17 the Individual Defendants "immediately comply" with Federal Rule of Procedure
18 26(a)(1) is not justified. Therefore, this request should be denied, along with
19 Swan's requests for sanctions and/or to bar the use of purportedly undisclosed
20 witnesses and documents. Swan appears to bring this motion just for the sake of
21 doing so, and these attempts should be rejected, and the Individual Defendants
22 should be awarded their fees associated with opposing this needless request.

23    **C.    Specially Appearing Defendant Proton's Conclusion**

24    For the reasons explained above, the Court should deny Plaintiff's motion in
25 its entirety, and, pursuant to Federal Rule of Civil Procedure Federal Rule of Civil
26 Procedure 37(a)(5)(B), issue an order staying discovery as to Proton pending the
27 Court's ruling on Proton's motion to dismiss for lack of personal jurisdiction, which
28 the Court is set to hear on March 28, 2025.

1

2    DATED:  March 7, 2025                QUINN EMANUEL URQUHART &
3                                          SULLIVAN, LLP

4

5                                    By  /s/ Ryan S. Landes
6                                        RYAN S. LANDES (State Bar No.
                                         252642)
7                                        ryanlandes@quinnemanuel.com
8                                        865 S Figueroa Street, Floor 10
                                         Los Angeles, CA 90017-5003
9                                        Telephone: (213) 443-3145
                                         Facsimile: (213) 443-3100
10

11                                       STACYLYN M. DOORE (*pro hac vice*)
                                         stacylyndoore@quinnemanuel.com
12                                       111 Huntington Avenue, Suite 520
                                         Boston, MA 02199
13                                       Telephone: (617) 712-7100
                                         Facsimile: (617) 712-7200
14

15                                       RACHEL E. EPSTEIN (*pro hac vice*)
                                         rachelepstein@quinnemanuel.com
16                                       295 Fifth Avenue
                                         New York, NY 10016
17                                       Telephone: (212) 849-7000
                                         Facsimile: (212) 849-7100
18

19                                       *Attorneys for Plaintiff*
                                         *ELECTRIC SOLIDUS, INC. d/b/a SWAN*
20                                       *BITCOIN*

21

22

23

24

25

26

27

28

34

1 | DATED:  March 7, 2025                    GOODWIN PROCTER LLP

2

3

4 | By  */s/ Amanda H. Russo*

5 | MATTHEW P. KANNY (SBN 167118)
    *MKanny@goodwinlaw.com*

6 | GRANT P. FONDO (SBN 181530)
    *GFondo@goodwinlaw.com*

7 | AMANDA H. RUSSO (SBN 319617)
    *ARusso@goodwinlaw.com*

8 | AARON S. THOMPSON (SBN 272391)
    *AThompson@goodwinlaw.com*

9 | **GOODWIN PROCTER LLP**

10 | *Attorneys for Defendants Thomas Patrick*

11 | *Furlong, Ilios Corp., Michael Alexander*
    *Holmes, Rafael Dias Monteleone,*

12 | *Santhiran Naidoo, Enrique Romualdez,*

13 | *and Lucas Vasconcelos*

14

15

16 | DATED:  March 7, 2025                    BERGESON, LLP

17

18

19 | By  */s/ Adam C. Trigg*

20 | DANIEL J. BERGESON (SBN 105439)
    *dbergeson@be-law.com*

21 | ADAM C. TRIGG (SBN 261498)
    *atrigg@be-law.com*

22 | JAIDEEP VENKATESAN (SBN 211386)
    *jvenkatesan@be-law.com*

23 | REBECCA KAUFMAN (SBN 199534)
    *rkaufman@be-law.com*

24

25 | *Attorneys for Specially Appearing*
    *Defendants Proton Management Ltd.*

26

27

28

35

JOINT STIPULATION REGARDING PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO SERVE
RULE 26(A)(1) INITIAL DISCLOSURES

# **ATTORNEY ATTESTATION**

Pursuant to Local Rule 5-4.3.4, I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Ryan S. Landes*
RYAN S. LANDES

36