1   GRANT P. FONDO (SBN 181530)
    *GFondo@goodwinlaw.com*
2   **GOODWIN PROCTER LLP**
    601 Marshall Street
3   Redwood City, CA 94063
    Tel: +1 650 752 3100
4   Fax: +1 650 853 1038

5   MATTHEW P. KANNY (SBN 167118)
    *MKanny@goodwinlaw.com*
6   AARON S. THOMPSON (SBN 272391)
    *AThompson@goodwinlaw.com*
7   **GOODWIN PROCTER LLP**
    520 Broadway, Suite 500
8   Santa Monica, CA  90401-2449
    Tel.: +1 424 436 3001
9   Fax: +1 424 316 3280

10  AMANDA H. RUSSO (SBN 319617)
    *ARusso@goodwinlaw.com*
11  **GOODWIN PROCTER LLP**
    601 South Figueroa Street, Suite 4100
12  Los Angeles, California 90017
    Tel.: +1 213 426 2500
13  Fax: +1 213 623 1673

14  *Attorneys for Defendants Thomas*
    *Patrick Furlong, Ilios Corp., Michael*
15  *Alexander Holmes, Rafael Dias*
    *Monteleone, Santhiran Naidoo, Enrique*
16  *Romualdez, and Lucas Vasconcelos*

17                      UNITED STATES DISTRICT COURT

18                     CENTRAL DISTRICT OF CALIFORNIA

19                            WESTERN DIVISION

20

21  ELECTRIC SOLIDUS, INC. d/b/a          Case No. 2:24-cv-08280-MWC-E
    SWAN BITCOIN, a Delaware
22  corporation,                          **INDIVIDUAL DEFENDANTS' EX
                                          PARTE APPLICATION FOR
23              Plaintiff,                PROTECTIVE ORDER
                                          CONTINUING RETURN DATES
24          v.                            OF PLAINTIFF'S THIRD-PARTY
                                          SUBPOENAS; MEMORANDUM OF
25  PROTON MANAGEMENT LTD., et al.,       POINTS AND AUTHORITIES IN
                                          SUPPORT THEREOF**
26              Defendants.
                                          **DISCOVERY MATTER**
27
                                          Judge:  Hon. Charles F. Eick
28
                                          Discovery Cutoff:  November 7, 2025

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

1

2

Pre-Trial Conf. Date:    April 26, 2026
Trial Date:        May 4, 2026

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INDIVIDUAL DEFENDANTS' EX PARTE APPLICATION FOR PROTECTIVE ORDER
CONTINUING RETURN DATES OF THIRD-PARTY SUBPOENAS

**TO THE HONORABLE COURT:**

Defendants Thomas Patrick Furlong, Ilios Corp., Michael Alexander Holmes, Rafael Dias Monteleone, Santhiran Naidoo, Enrique Romualdez, and Lucas Vasconcelos (the "Individual Defendants"), by and through their undersigned counsel and pursuant to Local Rule 7-19, hereby respectfully apply ex parte for a protective order continuing the return dates on subpoenas served by Electric Solidus, Inc. d/b/a Swan Bitcoin ("Plaintiff") on CS Global Energy US II Inc., Digihost International Inc., GeoBitmine Idaho LLC, Standard Power Hosting Infra Company LLC, and Bitdeer Inc. to 21 days after March 28, 2025.

Good cause exists for this application. These subpoenas are an improper effort to obtain discovery that Plaintiff is not entitled to in this action before this Court is able to rule on the merits of pending motions to compel arbitration, to stay action, and to dismiss for lack of personal jurisdiction, which are scheduled to be heard on March 28, 2025—if granted, Swan will have no basis for seeking the discovery sought. Expedited relief is warranted because the return dates of March 14, 2025, and March 19, 2025, on the subpoenas will occur before the 28-day process set out in Local Rule 37-2 would conclude, causing the Individual Defendants irreparable injury by subjecting them to the discovery process outside the scope of what is allowed in the agreed upon arbitration forum.

Notice of this ex parte application was given to Plaintiff's counsel by email on March 7, 2025, by email on March 10, 2025, and by telephone on March 11, 2025. *See* Declaration of Matthew P. Kanny filed concurrently herewith, ¶¶ 7-8. Plaintiff's counsel advised they would oppose the ex parte application. *Id.* ¶ 8. Counsel for the Individual Defendants further notified Plaintiff that the Individual Defendants would be filing the ex parte application around 9:00 a.m Pacific time on March 11, 2025, and that the deadline to file any opposition to the ex parte application is 24 hours from the filing of the ex parte. *Id.* Plaintiff's anticipated

deadline to oppose this ex parte application is about 9:00 a.m. Pacific time on March 12, 2025.

Pursuant to Local Rule 7-19.1, the Individual Defendants provide the name, address, telephone number, and email address of counsel for the opposing party:

> RYAN S. LANDES (State Bar No. 252642)
> ryanlandes@quinnemanuel.com
> Quinn Emanuel Urquhart & Sullivan, LLP
> 865 S Figueroa Street, Floor 10
> Los Angeles, CA 90017-5003
> Telephone:   (213) 443-3145
> Facsimile:   (213) 443-3100
>
> STACYLYN M. DOORE (admitted *pro hac vice*)
> stacylyndoore@quinnemanuel.com
> Quinn Emanuel Urquhart & Sullivan, LLP
> 111 Huntington Avenue, Suite 520
> Boston, MA 02199
> Telephone:   (617) 712-7100
> Facsimile:   (617) 712-7200
>
> RACHEL E. EPSTEIN (admitted *pro hac vice*)
> rachelepstein@quinnemanuel.com
> Quinn Emanuel Urquhart & Sullivan, LLP
> 295 Fifth Avenue
> New York, NY 10016
> Telephone:   (212) 849-7000
> Facsimile:   (212) 849-7100

This application is based on the accompanying Memorandum of Points and Authorities and the Declaration of Matthew P. Kanny filed concurrently herewith.

Respectfully submitted,

Dated:   March 11, 2025          By:   */s/ Matthew P. Kanny*
                                       MATTHEW P. KANNY (SBN 167118)
                                       *MKanny@goodwinlaw.com*
                                       GRANT P. FONDO (SBN 181530)
                                       *GFondo@goodwinlaw.com*
                                       AMANDA H. RUSSO (SBN 319617)
                                       *ARusso@goodwinlaw.com*
                                       AARON S. THOMPSON (SBN 272391)
                                       *AThompson@goodwinlaw.com*
                                       **GOODWIN PROCTER** LLP

                                       *Attorneys for Defendants Thomas*
                                       *Patrick Furlong, Ilios Corp., Michael*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Alexander Holmes, Rafael Dias
Monteleone, Santhiran Naidoo, Enrique
Romualdez, and Lucas Vasconcelos*

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .............................................................................................. 1

II.   BACKGROUND ................................................................................................ 2

    A.    Swan, Tether, Proton, And 2040 Energy. ............................................... 2

    B.    Swan Files Claims Against Individual Defendants In Violation Of SHA And Arbitration Agreements ........................................................... 3

    C.    Defendants Refile Their Respective MTCA And MTD. ......................... 4

    D.    Swan Propounds Five Broad Third-Party Subpoenas. ............................ 5

    E.    The Individual Defendants' Meet and Confer Efforts and Opposing Counsel's Position ................................................................................... 7

III.  ARGUMENT ..................................................................................................... 7

    A.    Ex Parte Relief Is Appropriate Because The Individual Defendants Will Otherwise Suffer Irreparable Prejudice. ......................................... 7

    B.    Individual Defendants Have Standing To Seek A Protective Order. ...... 9

    C.    The Subpoena Return Dates Should Be Continued Pending Resolution Of The MTCA. .................................................................. 10

    D.    The Subpoenas Return Dates Should Be Continued Pending Resolution Of Specially Appearing Defendant Proton's MTD. .......... 12

    E.    The Subpoenas Should Not Be Enforced Because They Are Overbroad, Seek Irrelevant Information, And Are Not Proportional To The Needs Of The Case. ................................................................... 13

IV.   CONCLUSION ............................................................................................... 14

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

4

**Cases**

5

*Ferrell v. AppFolio, Inc.*,
    No. 23-cv-01353-JWH-DFM, 2024 WL 132223 (C.D. Cal. Jan. 8,
    2024) ................................................................................................................. 10

6

7

*Fritch v. Coca-Cola Co.*,
    No. 23-cv-576-JWH-E, 2023 WL 5505821 (C.D. Cal. July 17,
    2023) ................................................................................................................... 8

8

9

*Galaxia Elecs. Co. v. Luxmax, U.S.A.*,
    No. 16-cv-05144-JAK-GJS, 2017 WL 11566394 (C.D. Cal. Dec.
    28, 2017) .......................................................................................................... 10

10

11

*Littlefield v. NutriBullet, L.L.C.*,
    No. 16-cv-6894-MWF-SS, 2018 WL 5264148 (C.D. Cal. Jan. 22,
    2018) ................................................................................................................... 8

12

13

14

*Mahamedi IP L., LLP v. Paradice & Li, LLP*,
    No. 16-cv-02805-EJD, 2017 WL 2727874 (N.D. Cal. Feb. 14,
    2017) ................................................................................................................. 12

15

16

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*,
    883 F. Supp. 488 (C.D. Cal. 1995) .................................................................... 8

17

18

*Murphy v. DirecTV, Inc.*,
    No. 07-cv-06465-FMC, 2008 WL 8608808 (C.D. Cal. July 1, 2008) .............. 12

19

20

*Spearman v. I Play, Inc.*,
    No. 2:17-cv-01563-TLN-KJN, 2018 U.S. Dist. LEXIS 44815 (E.D.
    Cal. Mar. 16, 2018) .......................................................................................... 13

21

22

23

*Stussy, Inc. v. Shein*,
    No. 8:22-cv-00379-CJC-KES, 2022 U.S. Dist. LEXIS 219209
    (C.D. Cal., Sept. 23, 2022) .............................................................................. 12

24

25

26

*Transamerica Life Ins. Co. v. Axsys Grp., Inc.*,
    No. 13-cv-1658-AGR-NB, 2015 WL 12658480 (C.D. Cal. May 14,
    2015) ................................................................................................................... 9

27

28

*Velasquez-Reyes v. Samsung Elecs. Am., Inc.*,
No. 16-cv-1953-DMG-KK, 2018 WL 6074573 (C.D. Cal. Mar. 8, 2018) ............................................................................................................. 12

*Wheel Grp. Holdings, LLC v. Cub Elecparts, Inc.*,
No. 17-cv-5956-JVS-PLA, 2018 WL 6264980 (C.D. Cal. Sept. 4, 2018) ............................................................................................................... 9

*Williams v. Bankers Life & Cas. Co.*,
No. 21-cv-293-SDD-SDJ, 2022 WL 187809 (M.D. La. Jan. 20, 2022) ............................................................................................................... 10

*Woodall v. Walt Disney Co.*,
No. 20-cv-3772-CBM-E, 2023 WL 8042734 (C.D. Cal. Oct. 10, 2023) ............................................................................................................... 9

*In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*,
No. 19-ml-2905-JAK-PLA, 2022 U.S. Dist. LEXIS 240389 (C.D. Cal. Sept. 6, 2022) ............................................................................................ 12

**Statutes**

Federal Arbitration Act .............................................................................................. 10

**Other Authorities**

Local Rule 7-19 ............................................................................................................ 1

Local Rule 7-19.1 ......................................................................................................... 7

Local Rule 37 ........................................................................................................ 2, 14

Local Rule 37-1 ............................................................................................................ 8

Local Rule 37-2 ..................................................................................................*passim*

Local Rule 37-3 ............................................................................................................ 7

Fed. R. Civ. P. 12 ....................................................................................................... 12

Fed. R. Civ. P. 12(b)(2) ............................................................................................. 13

Fed. R. Civ. P. 17(e) .................................................................................................. 10

Fed. R. Civ. P. 26(b)(1) ............................................................................................... 9

Fed. R. Civ. P. 26(c) ............................................................................................. 9

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiff Electric Solidus, Inc. d/b/a Swan Bitcoin ("Plaintiff" or "Swan") agreed to arbitrate "all disputes" with Defendants Thomas Patrick Furlong, Ilios Corp., Michael Alexander Holmes, Rafael Dias Monteleone, Santhiran Naidoo, Enrique Romualdez, and Lucas Vasconcelos (the "Individual Defendants"), pursuant to their consulting agreements with Swan (the "Consulting Agreements").  Yet, Swan still has not filed a demand for arbitration as to the Individual Defendants even though they left Swan in early August 2024, or more than six months ago.

In an attempt to improperly obtain federal court discovery from third parties before the Individual Defendants' pending motions to compel arbitration (the "MTCA") and to stay action pending determination of a threshold issue in a parallel proceeding in the United Kingdom ("UK Litigation") (the "MTS"), and Specially Appearing Defendant Proton Management Ltd.'s ("Proton") motion to dismiss for lack of personal jurisdiction ("MTD") (MTCA, MTS and MTD referred to as the "pending Motions"), can be ruled upon (ECF Nos. 121, 122, and 124), Plaintiff served broad document subpoenas on five third parties with return dates (March 14 and 19, 2025) before the hearing on the pending Motions on March 28, 2025.  Swan's actions were not a coincidence, but were calculated to obtain discovery from third parties in this action before the pending Motions could be heard and Swan precluded from obtaining this discovery.  Should the Court grant the pending Motions, no discovery will be allowed in this case.

And there is no other rush for Swan to obtain this information—indeed, after the Court rejected Swan's request for a temporary restraining order ("TRO") and two requests for expedited discovery, Swan waited months to serve any discovery in this case.  ECF Nos. 40, 54, and 63.  In fact, when Swan withdrew its preliminary injunction motion on October 18, 2024 (ECF No. 55), it noted that it intended to file a "regular noticed motion for expedited discovery," but in fact it never filed one, and

it waited months thereafter to serve the subject subpoenas.[1]  Thus, it is clear that Swan's subpoenas are nothing more than a fishing expedition designed to improperly obtain discovery in this action that otherwise may not be available in arbitration before the Court decides the pending Motions.

Further, the Individual Defendants will suffer irreparable injury if Plaintiff is allowed to ignore its contractual obligations and obtain discovery that should be pursued in arbitration (if at all).  Swan intentionally included return dates on the subpoenas that are in advance of the hearing dates on the pending Motions, and when the Individual Defendants asked to move those dates to give the Court time to rule on the pending Motions, and the parties time to meet and confer in accordance with Local Rule 37, Swan rejected the Individual Defendants' proposal.  Declaration of Matthew P. Kanny filed concurrently herewith ("Kanny Decl."), ¶¶ 7-8.

The Individual Defendants thus seek a protective order continuing the return dates on these subpoenas to 21 days after March 28, 2025, so the Court may rule on the pending Motions and the parties have time to comply with the requirements of Local Rule 37, should the Court deny Defendants' pending motions.[2]  If the motions are granted, these subpoenas need not be responded to by the targeted third parties. The Individual Defendants pursue this relief through an ex parte application because the return date will pass before the 28-day process set out in Local Rule 37-2 can be completed, and thus they will be irreparable harmed if the third parties produce responsive documents in advance of the March 28, 2025, hearing and related ruling.

## II.    BACKGROUND[3]

### A.    Swan, Tether, Proton, And 2040 Energy.

In or around July 2023, Swan entered into a Shareholder Agreement with non-

---

[1]  Further, discovery in this matter, should the motions be denied and the case proceeds, does not close until November 7, 2025.  ECF No. 119.

[2]  The Individual Defendants also note that the subpoenas are subject to objections on relevance, breadth, and proportionality.

[3]  References to Swan's Amended Complaint are purely for the purpose of this Motion, and the Individual Defendants do not admit or concede their veracity.

party Tether Investments Ltd. ("Tether"), through its subsidiary Zettahash Inc. (the "SHA"), to create a new Bitcoin mining joint venture called 2040 Energy.  ECF No. 101 (Am. Compl. ("AC")) ¶ 55.  To meet its obligations under the SHA, and because Swan had no experience mining Bitcoin, Swan engaged the Individual Defendants as independent consultants to run 2040 Energy's mining operations.  *Id.*  The Individual Defendants were engaged pursuant to the Consulting Agreements that Swan drafted. The Consulting Agreements require the arbitration of "any and all disputes" between parties, with the limited exception of temporary injunctive relief in aid of arbitration. *See* ECF No. 101, Exs. A-F, §§ 12.A, 12.B, 12.C.  Plaintiff concedes the application of the binding arbitration provision.  ECF No. 136-1 at 3.

Swan initially ran 2040 Energy's daily operations, but 2040 Energy subsequently appointed Specially Appearing Defendant Proton to take over managing the assets of 2040 Energy.  AC ¶¶ 111, 171.  By April 2024, Swan was experiencing a liquidity crisis and on the verge of bankruptcy.  In July 2024, Swan publicly announced layoffs and that it would be shutting down its managed mining operations.  *See* Declaration of Grant Fondo ("Fondo Decl.") (ECF No. 30-1), Ex. A. Fearing imminent bankruptcy, among other things, the Individual Defendants resigned in early August 2024.

**B.**    **Swan Files Claims Against Individual Defendants In Violation Of SHA And Arbitration Agreements.**

On September 25, 2024, approximately seven weeks after the Individual Defendants resigned, Swan filed this action seeking preliminary and permanent injunctive relief and alleging that the Individual Defendants misappropriated and/or improperly used Swan's alleged trade secrets or confidential information.  ECF No. 1.  Plaintiff contemporaneously filed an Ex Parte Application for Temporary Restraining Order and OSC Re: Preliminary Injunction.  ECF No. 8.  The next day, Swan filed an Ex Parte Application for Expedited Discovery Order.  ECF No. 9.

On October 4, 2024, the Court (i) denied the TRO motion "as plaintiff ha[d]

failed to establish at least three of the four *Winter* factors," (ii) denied the request for expedited discovery, and (iii) set an expedited hearing on Swan's preliminary injunction motion. ECF No. 40. On October 9, Swan moved again for expedited discovery, which also was denied. ECF Nos. 43, 54. On October 15, Swan filed a "motion to compel" the return of the Individual Defendants' laptops (ECF No. 53), which was denied, too (ECF No. 63).

On October 18, 2024, Swan withdrew its preliminary injunction motion; to date, it has not rescheduled the hearing nor filed any similar motions. On December 23, the Individual Defendants filed a Motion to Compel Arbitration and, in the Alternative, Motion to Dismiss the Complaint (the "First MTCA"). ECF No. 80. The same day, Proton specially appeared to file its motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction. ECF No. 79. These motions were to be heard on February 21, 2025. *Id.* Swan requested an extension to oppose these motions, to which the Defendants agreed. ECF No. 92. In lieu of opposing these motions, on January 27, 2025, four months after initiating this action, Swan amended its Complaint. Swan now seeks only preliminary injunctive relief—not permanent injunctive relief—against the Individual Defendants. AC, Prayer for Relief ¶¶ B-E (striking requests for permanent relief); ECF No. 136-1 (conceding that "the sole relief Swan presently seeks against the Individual Defendants is temporary injunctive relief"). Because of the amendment, the February 21, 2025 hearing date was taken off calendar. As discussed below, the Defendants then refiled their motions. Despite agreeing to arbitrate all disputes, Swan has not filed a demand for arbitration and appears to have no intention of doing so.

### C.   Defendants Refile Their Respective MTCA And MTD.

On February 24, 2025, the Individual Defendants refiled their MTCA. ECF No. 122. As argued in greater detail in the MTCA, the Individual Defendants contend that this dispute is governed by arbitration provisions in the Consulting Agreements that require the arbitration of "any and all disputes" between Swan and Individual

Defendants, with only the limited exception of temporary injunctive relief in aid of arbitration.  *See* ECF No. 101, Exs. A-F, §§ 12.A, 12.B, 12.C.

Also on February 24, 2025, Specially Appearing Defendant Proton refiled its MTD.  ECF No. 121.  As discussed in greater detail in that MTD, Proton argues that this Court does not have personal jurisdiction over it.  *Id.*

These dispositive motions, along with the MTS (also filed on February 24, 2025), are set to be heard by the Court on March 28, 2025.

**D.    Swan Propounds Five Broad Third-Party Subpoenas.**

On February 21 and February 26, 2025, Swan served notices of subpoenas as to  five third-party service providers, specifying return dates on March 14, 2025 and March 19, 2025.[4]  *See* Kanny Decl., Exs. A-E.  Each of the subpoenas includes six broad requests seeking information that is well beyond the merits of the dispute between Swan and the Individual Defendants in this action (which is limited to temporary relief in aid of arbitration).

All five subpoenas are essentially identical.   The Relevant Period on the subpoenas is June 1, 2024 to the present, with some requests going back even further.  By way of example, the requests to third-party GeoBitmine provide as follows:

1)    Communications concerning (i) Proton, Tether, 2040 Energy, Elektron, or any other Person assuming responsibilities or roles related to Bitcoin mining at the GeoBitmine Site from Swan; and (ii) former employees, consultants, or agents of Swan leaving Swan to work for or otherwise provide services to Proton, Elektron, 2040 Energy, and/or Tether, including but not limited to the individuals identified in the Definitions of "Proton" and "Elektron" above.

2)    Communications concerning Swan, Proton, Elektron, 2040 Energy,

---

[4] The third parties are CS Global Energy US II Inc., Digihost International Inc., GeoBitmine Idaho LLC, Standard Power Hosting Infra Company LLC, and Bitdeer Inc.  The Notice of Subpoena re Standard Power Hosting Infra Company LLC does not include the subpoena, but presumably it was served at approximately the same time as the other subpoenas and includes a similar return date.   The Individual Defendants do not know if Swan has properly served all five subpoenas.

and/or Tether ceasing or no longer engaging in Bitcoin mining operations at the GeoBitmine Site, including but not limited to Communications regarding the removal of Bitcoin mining hardware—such as application-specific integrated circuits ("ASICs"), power supply systems, and cooling systems—from the GeoBitmine Site.

3)    From January 1, 2024, through the present, Documents and Communications concerning the performance of Bitcoin mining operations that Swan, Proton, Elektron, Tether, and/or 2040 Energy ever managed, directed, or otherwise engaged in at the GeoBitmine Site, or any other site at which You provide services related to Bitcoin mining (e.g., hosting, storage, or testing services), including but not limited to Documents and Communications concerning (i) hash rate; (ii) equipment used to mine Bitcoin; and (iii) megawatt allocation and consumption.

4)    To the extent not covered by any other Request, agreements between You, on the one hand, and Proton, Elektron, 2040 Energy, and/or Tether, on the other hand, concerning Bitcoin mining operations, including but not limited to drafts and amendments to such agreements.

5)    To the extent not covered by any other Request, Documents sufficient to show the number and type of ASICs engaged in Bitcoin mining at the GeoBitmine Site, or any other site at which You provide services related to Bitcoin mining, on behalf of Proton, Elektron, 2040 Energy, and/or Tether, as well as Documents sufficient to show the site-wide hash rate of ASICs engaged in Bitcoin mining at such sites from June 1, 2024 through the present.

6)    To the extent not covered by any other Request, Documents sufficient to show all payments from Swan, Proton, Elektron, 2040 Energy, and/or Tether to You and all invoices from You to Swan, Proton, Elektron, 2040 Energy, including Documents sufficient to show wallet addresses associated with such payments or invoices.

E.    **The Individual Defendants' Meet And Confer Efforts And Opposing Counsel's Position.**

By email on March 7, 2025, counsel for Individual Defendants asked Swan to agree to extend the return date for the third-party subpoenas by 21 days from March 28, 2025, to give the Court time to rule on the pending Motions and to allow the parties adequate time to comply with Local Rule 37-2, and requested Plaintiff's availability to meet and confer. Kanny Decl., ¶ 7. In the event the Plaintiff refused to agree to Individual Defendants' requested extension, the Individual Defendants also advised Plaintiff that they would be seeking ex parte relief and also set out the bases for this ex parte application. Kanny Decl., ¶ 7.

On March 10, 2025, counsel for Plaintiff rejected the Individual Defendants' proposal to extend the return date for the third-party subpoenas and asserted its intention to oppose this ex parte application. Kanny Decl., ¶ 8. On March 10, 2025, counsel for Individual Defendants advised again by email of the Individual Defendants' intent to move for ex parte relief, the nature of the relief sought, and when Swan's opposition would be due, in compliance with Local Rule 7-19.1 and the Honorable Judge Court's Procedures, in addition to confirming Swan's opposition to the ex parte and its intention to file an opposition. *Id*. In addition, on March 11, 2025, prior to filing this ex parte application, counsel left messages with Plaintiff's counsel via telephone, outlining the same information. *Id*.[5]

III.    **ARGUMENT**

A.    **Ex Parte Relief Is Appropriate Because The Individual Defendants Will Otherwise Suffer Irreparable Prejudice.**

Local Rule 37-3 provides that "no discovery motions may be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party." Ex parte relief is appropriate if the

---

[5] Counsel for Specially Appearing Defendant Proton has informed counsel for the Individual Defendants that Proton does not oppose this ex parte application. Kanny Decl., ¶ 9.

moving party's cause "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and the moving party has established that it is "without fault in creating the crisis that requires ex parte relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

One circumstance in which ex parte relief has been held appropriate in the discovery context is when the regular motion schedule would moot the requested relief. *E.g., Littlefield v. NutriBullet, L.L.C.*, No. 16-cv-6894-MWF-SS, 2018 WL 5264148 (C.D. Cal. Jan. 22, 2018) (hearing an application to quash subpoenas ex parte because a regularly noticed motion would have been heard after the close of fact discovery); *Fritch v. Coca-Cola Co.*, No. 23-cv-576-JWH-E, 2023 WL 5505821 (C.D. Cal. July 17, 2023) (hearing an application to compel ex parte because a regularly noticed motion would not allow plaintiff to receive discovery early enough to comply with a deadline to disclose damages computations).

Such is the case here. In an effort to receive discovery it knows it is not entitled to in this proceeding and may not get in arbitration, Plaintiff served the subpoenas on February 21 and February 26, 2025, providing for return dates a mere 21 days later on March 14, 2025 and March 19, 2025. The process for discovery disputes outlined in Local Rule 37-2, however, requires *at least* 28 days to complete. Thus, regardless of when the Individual Defendants first engaged in the Local Rule 37-1 process, the return date would have come and gone before the matter could have been ruled on by the Court. As a result, without filing this ex parte application, Plaintiff would have received discovery that it is not entitled to, given the requirement that Plaintiff arbitrate all disputes with Individual Defendants, and the lack of personal jurisdiction over Proton. The Individual Defendants would thus be irreparably prejudiced if required to comply with the regularly noticed motion procedures.

In addition, the Individual Defendants are without fault in creating the circumstances that require ex parte relief. After receiving the subpoenas, the

Individual Defendants investigated the nature and scope of the subpoenas, and then on March 7, 2025, requested to meet and confer with Plaintiff in order to resolve this dispute.  While Swan may argue that the Individual Defendants should have reached out sooner, even if Individual Defendants had reached out to request a meet and confer with Plaintiff on the very day the notices of intent to serve subpoenas had been served, there still would have been inadequate time to comply with Local Rule 37-2. This time crunch was created by Plaintiff's maneuvering, not Individual Defendants.

### B.    Individual Defendants Have Standing To Seek A Protective Order.

Though Individual Defendants are not the recipients of the subpoenas, they have standing to seek a protective order as to these third-party subpoenas on grounds that the discovery is irrelevant and outside the scope of discovery under Rule 26(b)(1).  *E.g., Woodall v. Walt Disney Co.*, No. 20-cv-3772-CBM-E, 2023 WL 8042734, at *1 (C.D. Cal. Oct. 10, 2023); *Wheel Grp. Holdings, LLC v. Cub Elecparts, Inc.*, No. 17-cv-5956-JVS-PLA, 2018 WL 6264980, at *3 n.3 (C.D. Cal. Sept. 4, 2018).  "'[A] party can move for a protective order in regard to a subpoena issued to a non-party if it believes its own interests are jeopardized by discovery sought from a third party and that a party also has standing under Rule 26(c) to seek a protective order with regard to subpoenas issued to non-parties that seek irrelevant information.'" *Transamerica Life Ins. Co. v. Axsys Grp., Inc.*, No. 13-cv-1658-AGR-NB, 2015 WL 12658480, at *1 (C.D. Cal. May 14, 2015) (quoting *In re Remec, Inc. Securities Litigation*, 2008 WL 2282647, at *1 (S.D. Cal. May 30, 2008)).

These subpoenas jeopardize the Individual Defendants' rights.  To begin, this information is irrelevant, for the reasons discussed at greater length below.  The Individual Defendants thus have a cognizable interest in preventing the discovery of this information under the caselaw of this Court.  Second, allowing discovery to move forward in federal court would violate the Individual Defendants' right to arbitrate this dispute and have discovery disputes be resolved by the arbitrator pursuant to the

discovery rules of JAMS, prejudicing the Individual Defendants' rights under the Consulting Agreements and exposing them to extra expense and undue burden. The Individual Defendants accordingly have standing to seek this protective order.

### C. The Subpoena Return Dates Should Be Continued Pending Resolution Of The MTCA.

The Individual Defendants and Swan agreed to arbitrate "any and all disputes" regarding or arising out of the Consulting Agreements, with the limited exception of seeking temporary injunctive relief in aid of arbitration. *See* ECF No. 101 Exs. A-F, §§ 12.A, 12.B, 12.C. The parties to the Consulting Agreements also agreed to JAMS rules, under which the parties may serve third-party discovery only if approved by the arbitrator. *Id.* at § 12B; JAMS Employment Arbitration Rule 17(e).

Through these subpoenas, Swan is seeking to obtain discovery in this action without the approval by a JAMS's arbitrator in the forum (arbitration) the parties expressly agreed to hear all disputes. The hearing date on the pending Motions is set on March 28, 2025, just a few weeks from now. If the Court grants the pending Motions, this discovery becomes moot. Swan's attempted end-run around the arbitration provision and JAMS rules is precisely what the Federal Arbitration Act ("FAA") is designed to prevent. A protective order to prevent enforcement of these subpoenas is thus warranted. *Williams v. Bankers Life & Cas. Co.*, No. 21-cv-293-SDD-SDJ, 2022 WL 187809, at *2 (M.D. La. Jan. 20, 2022) (granting movant's motion for protective order where non-moving party sought discovery while parties were awaiting a determination on the movant's motion to compel arbitration); *cf. Ferrell v. AppFolio, Inc.*, No. 23-cv-01353-JWH-DFM, 2024 WL 132223, at *2 (C.D. Cal. Jan. 8, 2024) ("[D]iscovery would be a potential waste of resources, particularly because [defendant] seeks to compel arbitration in lieu of litigation. A short stay of discovery pending a decision of the motion to compel arbitration would help to prevent duplicative and inefficient litigation."); *Galaxia Elecs. Co. v. Luxmax, U.S.A.,* No. 16-cv-05144-JAK-GJS, 2017 WL 11566394, at *2 (C.D. Cal. Dec. 28,

2017) ("[S]taying discovery in this action until it is determined whether this dispute is arbitrable furthers the goals of efficiency for the courts and litigants. Moreover, courts in this Circuit routinely grant motions to stay discovery under similar circumstances." (internal quotations and citations omitted)).

In addition, the subpoenas are overbroad, irrelevant, and not proportionate to the needs of the case given the limited scope of this action. As noted above, as to the Individual Defendants, this case is limited to temporary relief in aid of arbitration. Swan acknowledged as much by withdrawing its request for permanent injunctive relief in its AC and by emphasizing the purportedly "targeted" nature of its discovery requests in its recent motion briefing. AC, Prayer for Relief ¶¶ B-E; ECF No. 136-1 at 7-8. Yet each of the discovery requests in the third-party subpoenas seeks broad discovery that goes to the merits of the dispute.

For example, Swan's request for "Documents and Communications [from September 1, 2023, through the present], concerning the performance of Bitcoin mining operations that Swan, Proton, Elektron, Tether, and/or 2040 Energy ever managed, directed, or otherwise engaged in at [various mining sites], or any other site at which [the non-party] provide[d] services related to Bitcoin mining (e.g., hosting, storage, or testing services), including but not limited to Documents and Communications concerning (i) hash rate; (ii) equipment used to mine Bitcoin; and (iii) megawatt allocation and consumption" seeks broad swathes of documents starting more than a year before Plaintiff filed this action. The requested information is overly broad and irrelevant to temporary relief in aid of arbitration.

This is especially true considering the procedural posture here. The Court denied Plaintiff's request for a temporary restraining order and two requests for expedited discovery in October 2024. *Supra* at II.B. Plaintiff withdrew its motion for a preliminary injunction shortly thereafter and has not filed a new motion in the four months that have followed. *Id.* Nor has Plaintiff made any effort to pursue arbitration against the Individual Defendants even though almost six months have

now passed since it first filed this action.  Plaintiff's actions demonstrate that there is no need for discovery relating to temporary relief in aid of arbitration or otherwise.

Swan's subpoenas seek improper merits discovery in violation of the Individual Defendants' right—and Swan's obligation—to have Swan's claims and the Individual Defendants' defenses decided exclusively in arbitration under JAMS rules.  Indeed, Swan's pursuit of discovery outside the bounds of the arbitration agreement irreparably harms the Individual Defendants by permitting Swan to engage in discovery that is not allowed in arbitration, and forces defendants to incur substantial fees in responding to these actions in breach of the parties' Consulting Agreements.  *Cf. Velasquez-Reyes v. Samsung Elecs. Am., Inc.*, No. 16-cv-1953-DMG-KK, 2018 WL 6074573, at *2 (C.D. Cal. Mar. 8, 2018) ("As numerous District Courts in California have explained, the costs of ongoing litigation (in the face of a denied motion to compel arbitration and an appeal from that denial) constitute irreparable harm."); *Mahamedi IP L., LLP v. Paradice & Li, LLP*, No. 16-cv-02805-EJD, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) ("Paradice argues that unless discovery is stayed, he will forever lose the advantages of arbitration—speed and economy. The Court agrees." (internal quotations omitted)); *Murphy v. DirecTV, Inc.*, No. 07-cv-06465-FMC, 2008 WL 8608808, at *2 (C.D. Cal. July 1, 2008) ("[D]istrict courts . . . conclude that 'costs of litigation in the face of a denied motion to compel arbitration will generally constitute irreparable harm.'" (quoting *Steiner v. Apple Computer, Inc.*, No. 07-cv-04486-SBA, 2008 WL 1925197, at *5 (N.D. Cal. Apr. 29, 2008)).

### D. The Subpoenas Return Dates Should Be Continued Pending Resolution Of Specially Appearing Defendant Proton's MTD.

There is also good cause to stay discovery pending the resolution of Specially Appearing Defendant Proton's MTD.  District courts in the Ninth Circuit routinely stay discovery while a motion to dismiss for personal jurisdiction like Proton's is pending.  *See, e.g., Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KES, 2022 U.S.

Dist. LEXIS 219209, at \*18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, No. 19-ml-2905-JAK-PLA, 2022 U.S. Dist. LEXIS 240389, at \*42-44 (C.D. Cal. Sept. 6, 2022) (staying discovery pending decision on Rule 12(b)(2) motion); *Spearman v. I Play, Inc.*, No. 2:17-cv-01563-TLN-KJN, 2018 U.S. Dist. LEXIS 44815, at \*6 (E.D. Cal. Mar. 16, 2018) (same). Indeed, Proton has asked the Court to do just that in response to a motion that will be heard on March 28, 2025. ECF No. 129-1 at 31-32. If Specially Appearing Defendant Proton's motion to dismiss is granted, this action will be dismissed against Proton entirely and Swan will have no basis for seeking information about Proton as currently requested in the subpoenas because the information will be irrelevant and outside the scope of proper discovery.

**E.    The Subpoenas Should Not Be Enforced Because They Are Overbroad, Seek Irrelevant Information, And Are Not Proportional to the Needs of the Case.**

In addition, even if Swan is entitled to seek some discovery in this federal court action (it is not), a protective order is appropriate because the third-party subpoenas are overbroad, irrelevant, and not proportional to the needs of the case. For instance, Request 3 asks for "[d]ocuments and communications concerning the performance of Bitcoin mining operations" at specific sites "[f]rom September 1, 2023, through the present." There are no allegations in the AC, however, to suggest that information prior to, at the earliest, July 2024, would be relevant here. The Individual Defendants did not resign until August 2024. Wide-ranging materials from nearly a year earlier are irrelevant.

The subject matter of the requests is also overbroad and disproportional. Plaintiff's request, for example, for any agreements concerning Bitcoin mining operations between the third parties and Proton, Tether, Elektron, and 2040 Energy would potentially encompass information relating to business activities that have no

bearing whatsoever on Plaintiff's claims that the Individual Defendants misappropriated or misused Plaintiff's proprietary information. And Swan's requests for "all payments" and "all invoices" from Swan, Proton, Elektron, 2040 Energy, and/or Tether is similarly overbroad and simply has no relevance in this litigation; instead it at most relates to damages, an issue for the arbitrator to decide.[6]

At a minimum, the Court should continue the return dates on the subpoenas to 21 days after March 28, 2025, to provide the parties with time to resolve these issues, should the Court deny the pending Motions.

## IV. CONCLUSION

For the foregoing reasons, the Court should issue a protective order continuing the return dates on the subpoenas to 21 days after March 28, 2025, to give the Court time to rule on the pending Motions, and the parties time to meet and confer pursuant to Local Rule 37, if necessary should the Court deny the pending Motions.

Respectfully submitted,

Dated: March 11, 2025          By:    */s/ Matthew P. Kanny*
                                      MATTHEW P. KANNY (SBN 167118)
                                      *MKanny@goodwinlaw.com*
                                      GRANT P. FONDO (SBN 181530)
                                      *GFondo@goodwinlaw.com*
                                      AMANDA H. RUSSO (SBN 319617)
                                      *ARusso@goodwinlaw.com*
                                      AARON S. THOMPSON (SBN 272391)
                                      *AThompson@goodwinlaw.com*
                                      **GOODWIN PROCTER LLP**

                                      *Attorneys for Defendants Thomas
                                      Patrick Furlong, Ilios Corp., Michael
                                      Alexander Holmes, Rafael Dias*

---

[6] The subpoenas also present confidentiality concerns. Some of the information responsive to the improperly served subpoenas may contain confidential information, such as sensitive financial and technical information. But no protective order has been entered in this case. Most recently the Individual Defendants provided their comments to the parties' proposed protective order on March 4, 2025. Swan has yet to respond to this most recent set of edits.

1

2

*Monteleone, Santhiran Naidoo, Enrique
Romualdez, and Lucas Vasconcelos*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>LOCAL RULE 11-6.2 CERTIFICATION OF COMPLIANCE</u>

The undersigned, counsel of record for Defendants Thomas Patrick Furlong,

Ilios Corp., Michael Alexander Holmes, Rafael Dias Monteleone, Santhiran

Naidoo, Enrique Romualdez, and Lucas Vasconcelos, certifies that this

memorandum of points and authorities contained 4,458 words, which complies with

the word limit of Local Rule 11-6.1.

Respectfully submitted,

Dated:   March 11, 2025        By:   */s/ Matthew P. Kanny*
                                      MATTHEW P. KANNY (SBN 167118)
                                      *MKanny@goodwinlaw.com*

**GOODWIN PROCTER LLP**

*Attorneys for Defendants Thomas Patrick Furlong, Ilios Corp., Michael Alexander Holmes, Rafael Dias Monteleone, Santhiran Naidoo, Enrique Romualdez, and Lucas Vasconcelos*