**EXHIBIT E**

1  RYAN S. LANDES (State Bar No. 252642)
   ryanlandes@quinnemanuel.com
2  Quinn Emanuel Urquhart & Sullivan, LLP
   865 S Figueroa Street, Floor 10
3  Los Angeles, CA 90017-5003
   Telephone: (213) 443-3145
4  Facsimile: (213) 443-3100

5  STACYLYN M. DOORE (*pro hac vice*)
   stacylyndoore@quinnemanuel.com
6  Quinn Emanuel Urquhart & Sullivan, LLP
   111 Huntington Avenue, Suite 520
7  Boston, MA 02199
   Telephone: (617) 712-7100
8  Facsimile: (617) 712-7200

9  RACHEL E. EPSTEIN (*pro hac vice*)
   rachelepstein@quinnemanuel.com
10 Quinn Emanuel Urquhart & Sullivan, LLP
   295 Fifth Avenue
11 New York, NY 10016
   Telephone: (212) 849-7000
12 Facsimile: (212) 849-7100

13 *Attorneys for Plaintiff*
   *ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROTON MANAGEMENT LTD., a British Virgin Islands corporation; THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; SANTHIRAN NAIDOO; ENRIQUE ROMUALDEZ; and LUCAS VASCONCELOS,<br><br>Defendants. | Case No.: 2:24-cv-8280<br><br>**PLAINTIFF'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS TO BE SERVED ON BITDEER INC.** |

1  PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil
2  Procedure, counsel for Plaintiff will serve a subpoena upon Bitdeer Inc. that will
3  demand the production of documents. A true and correct copy of the subpoena that
4  will be served is attached.

6  DATED: February 26, 2025        QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP

                                    By */s/ Stacylyn M. Doore*
                                        RYAN S. LANDES (State Bar No. 252642)
                                        ryanlandes@quinnemanuel.com
                                        865 S Figueroa Street, Floor 10
                                        Los Angeles, CA 90017-5003
                                        Telephone: (213) 443-3145
                                        Facsimile: (213) 443-3100

                                        STACYLYN M. DOORE (*pro hac vice*)
                                        stacylyndoore@quinnemanuel.com
                                        111 Huntington Avenue, Suite 520
                                        Boston, MA 02199
                                        Telephone: (617) 712-7100
                                        Facsimile: (617) 712-7200

                                        RACHEL E. EPSTEIN (*pro hac vice*)
                                        rachelepstein@quinnemanuel.com
                                        295 Fifth Avenue
                                        New York, NY 10016
                                        Telephone: (212) 849-7000
                                        Facsimile: (212) 849-7100

                                        *Attorneys for Plaintiff*
                                        *ELECTRIC SOLIDUS, INC. d/b/a SWAN*
                                        *BITCOIN*

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2025, a copy of this notice was served via electronic mail to counsel for Defendants.

DATED: February 26, 2025   QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  */s/ Stacylyn M. Doore*
   Attorney for Plaintiff

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| Electric Solidus, Inc., d/b/a Swan Bitcoin | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:24-cv-8280-MWC-E |
| Proton Management Ltd., et al., | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Bitdeer Inc. c/o COGENCY GLOBAL INC., 850 New Burton Road Suite 201, Dover, DE 19904

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Quinn Emanuel Urquhart & Sullivan, LLP, 500 Delaware Avenue, Suite 220, Wilmington, DE 19801 | Date and Time: 03/19/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/26/2025

CLERK OF COURT
OR
_____                    /s/ Ryan S. Landes
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Electric Solidus, Inc., d/b/a Swan Bitcoin, who issues or requests this subpoena, are:

Ryan Landes, 865 S Figueroa Street, Floor 10, Los Angeles, CA 90017, 213-443-3145, ryanlandes@quinnemanuel.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 2:24-cv-08280-MWC-E   Document 140-6   Filed 03/11/25   Page 6 of 16   Page ID #:5573

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:24-cv-8280-MWC-E

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

1  RYAN S. LANDES (State Bar No. 252642)
   ryanlandes@quinnemanuel.com
2  Quinn Emanuel Urquhart & Sullivan, LLP
   865 S Figueroa Street, Floor 10
3  Los Angeles, CA 90017-5003
   Telephone:  (213) 443-3145
4  Facsimile:   (213) 443-3100

5  STACYLYN M. DOORE (*pro hac vice*)
   stacylyndoore@quinnemanuel.com
6  Quinn Emanuel Urquhart & Sullivan, LLP
   111 Huntington Avenue, Suite 520
7  Boston, MA 02199
   Telephone:  (617) 712-7100
8  Facsimile:   (617) 712-7200

9  RACHEL E. EPSTEIN (*pro hac vice*)
   rachelepstein@quinnemanuel.com
10 Quinn Emanuel Urquhart & Sullivan, LLP
   295 Fifth Avenue
11 New York, NY 10016
   Telephone:  (212) 849-7000
12 Facsimile:   (212) 849-7100

13 *Attorneys for Plaintiff*
   *ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROTON MANAGEMENT LTD., a British Virgin Islands corporation; THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; SANTHIRAN NAIDOO; ENRIQUE ROMUALDEZ; and LUCAS VASCONCELOS,<br><br>Defendants. | Case No.: 2:24-cv-8280<br><br>**EXHIBIT A to**<br><br>**SUBPOENA TO PRODUCE DOCUMENTS TO BITDEER INC.** |

For purposes of complying with the subpoena to which this exhibit is attached, you may either produce documents at the address for compliance listed on the subpoena or contact Stacylyn Doore, at stacylyndoore@quinnemanuel.com, to arrange for alternative, electronic methods of production.

The Parties to this action anticipate stipulating to a protective order regarding the treatment of confidential information produced in connection with this action. Swan will provide You with a copy of that protective order once entered by the Court. If no such protective order has been entered by the time You produce Documents in response to this Subpoena, and You believe that all or some such documents should be afforded confidential treatment, please contact Stacylyn Doore, at stacylyndoore@quinnemanuel.com, to discuss procedures for such treatment, prior to the date such Documents are due.

## DEFINITIONS

1. "**Communication**" means any act or instance of transferring, transmitting, passing, delivering, or giving information (in the form of facts, ideas, inquiries, or otherwise) by written or electronic means, including but not limited to statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, contracts, notes (handwritten, typed, or otherwise), summaries, memoranda, reports, presentations, submissions or filings to any government agency or entity, understandings, meetings, or any other direct or indirect disclosure in any form, including but not limited to audio, video, digital, electronic, or paper form, and any draft Communication in such form, whether or not the Communication was ever disclosed, sent, or transmitted.

2. "**Document**" means hard-copy documents or electronically stored information and shall include, without limitation, any communication, writing, drawing, graph, chart, recording, photograph, videotape, email, electronic file, data compilation, computer database, source code, or other item containing information of any kind or nature, however produced or reproduced, whether an original or a

duplicate, whatever its origin or location, and regardless of the form in which such information exists or is maintained, including any documents shared via a Google Drive or Dropbox platform.

3. The term "**Proton**" shall mean Defendant Proton Management Ltd. and any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf, including but not limited to Elektron (defined below), Thomas Patrick Furlong, Michael Alexander ("Alex") Holmes, Ilios Corp., Rafael Dias Monteleone, Santhiran ("San") Naidoo, Enrique Romualdez, Lucas Vasconcelos, Aleksander Dozic, Bill Belitsky, Kartheek ("Kar") Sola, Raphael Zagury, Brett Hiley, Maxwell ("Max") Berg, and Tyler Effertz.

4. The term "**Elektron**" shall mean any corporation, organization, partnership, or other entity doing business under the name "Elektron," "Elektron Energy," or similar name, including but not limited to Elektron Management LLC, and any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf, including but not limited to Thomas Patrick Furlong, Alex Holmes, Ilios Corp., Rafael Dias Monteleone, San Naidoo, Enrique Romualdez, Lucas Vasconcelos, Aleksander Dozic, Bill Belitsky, Kar Sola, Raphael Zagury, Brett Hiley, Max Berg, and Tyler Effertz, or anyone else utilizing an email address ending in "@elektron-energy.com," or similar.

5. "**Concern**" or "**Concerning**" means mentioning, concerning, showing, discussing, reflecting, relating to, referring to, describing, memorializing, embodying, constituting, analyzing, evidencing, supporting, or contradicting the matter referenced in the individual Request using this term.

6. The terms "**Person**" or "**Persons**" are defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

7. The term "**Swan**" shall mean and refer to Electric Solidus, Inc. d/b/a Swan Bitcoin and any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf.

8. The term "**Tether**" shall mean and refer to Tether Investment Ltd. and any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf, including but not limited to Tether's subsidiary Zettahash Inc.

9. The term "**2040 Energy**" means 2040 Energy Ltd., and any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf, including but not limited to Corner Energy Ltd.

10. The term "**You**" or "**Bitdeer**" shall mean and refer to Bitdeer Inc. and any of the members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf, including but not limited to Dory Creek, LLC, and any of that entities members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf.

11. The term "**the Knoxville Site**" shall refer to actual or planned physical or virtual infrastructure where computational resources are used to perform Bitcoin mining operations or stored for such later purposes, located in or around Knoxville, Tennessee, at which You provide services related to Bitcoin mining.[1]

---

[1] *See* https://www.bitdeer.com/datacenter (referring to mining data center operated by Bitdeer in Tennessee).

-4-

Case No. 2:24-cv-8280
EXHIBIT A to SUBPOENA TO PRODUCE DOCUMENTS TO BITDEER

12. The term "**the Tydal Site**" shall refer to actual or planned physical or virtual infrastructure where computational resources are used to perform Bitcoin mining operations or stored for such later purposes, located in or around Tydal, Norway, at which You provide services related to Bitcoin mining.[2]

13. The term "**the Rockdale Site**" shall refer to actual or planned physical or virtual infrastructure where computational resources are used to perform Bitcoin mining operations or stored for such later purposes, located at or around 3719 Charles Martin Hall Rd., Rockdale, Texas 76567, at which You provide services related to Bitcoin mining.[3]

14. The singular includes the plural and vice versa.

## INSTRUCTIONS

1. Unless otherwise indicated, the responsive timeframe for the Requests is **June 1, 2024 to the present** (the "**Relevant Period**"). If a response to a Request necessitates a broader timeframe, You must provide responsive responses, notwithstanding that such responses apply to a timeframe before June 1, 2024.

2. These Requests shall include all Documents in the possession, custody, or control of Bitdeer, or any and all Persons acting on Bitdeer's behalf or at its direction.

3. When producing the required Documents, please produce all other Documents that are clipped, stapled, or otherwise attached to any requested Document.

4. If You claim that the attorney-client privilege, attorney work product doctrine, or any other privilege applies to any Document, the production of which is called for by these Requests, then for each such Document, state, among other

---

[2] *See* https://www.bitdeer.com/datacenter (referring to mining data center operated by Bitdeer in Tydal, Norway).

[3] *See* https://www.bitdeer.com/datacenter (referring to mining data center operated by Bitdeer in Texas).

required information, its date, subject matter, author(s), recipient(s), custodian, and such additional information concerning the claim of privilege or work product doctrine as will permit the adjudication of the propriety of the claim of privilege.

5. If a Document or other information is stored electronically, the Document or other information shall be produced in native electronic format. In conjunction with the production of any electronically stored information, all metadata and other bibliographic or historical data that relates to such electronically stored information shall also be produced.

6. If You object to the scope or breadth of a Request, state the objection and the basis for the objection in writing and with particularity, and produce documents that You believe are within the proper scope or breadth, notwithstanding Your objection.

7. Review and reasonably search all relevant files of all appropriate entities and Persons within Your possession, custody, or control to produce documents responsive to each Request.

8. Each Request is independent. No Request limits the scope of any other Request.

9. Subject to any subsequent stipulations entered into between the parties, all produced electronically stored information shall be accompanied by searchable text as applicable, with metadata kept in the ordinary course of business.

10. Hard-copy Documents shall be scanned, processed with optical character recognition (OCR), and produced in the same manner. Documents from any single file shall be produced in the same order as they were found in such file. All tabs, labels, folders, envelopes, jackets, or any identification of the source of the Documents shall also be scanned and produced as part of the Documents.

11. If, after responding, You obtain or become aware of additional or different responsive information, then You must amend or supplement Your responses promptly.

# REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Communications concerning (i) Proton, Tether, 2040 Energy, Elektron, or any other Person assuming responsibilities or roles related to Bitcoin mining at the Knoxville, Tydal, or Rockdale Sites from Swan; and (ii) former employees, consultants, or agents of Swan leaving Swan to work for or otherwise provide services to Proton, Elektron, 2040 Energy, and/or Tether, including but not limited to the individuals identified in the Definitions of "Proton" and "Elektron" above.

**REQUEST FOR PRODUCTION NO. 2:**

Communications concerning Swan, Proton, Elektron, 2040 Energy, and/or Tether ceasing or no longer engaging in Bitcoin mining operations at the Knoxville, Tydal, or Rockdale Sites, including but not limited to Communications regarding the removal of Bitcoin mining hardware—such as application-specific integrated circuits ("ASICs"), power supply systems, and cooling systems—from the Knoxville, Tydal, or Rockdale Sites.

**REQUEST FOR PRODUCTION NO. 3:**

From January 1, 2024, through the present, Documents and Communications concerning the performance of Bitcoin mining operations that Swan, Proton, Elektron, Tether, and/or 2040 Energy ever managed, directed, or otherwise engaged in at the Knoxville, Tydal, or Rockdale Sites, or any other site at which You provide services related to Bitcoin mining (*e.g.*, hosting, storage, or testing services), including but not limited to Documents and Communications concerning (i) hash rate; (ii) equipment used to mine Bitcoin; and (iii) megawatt allocation and consumption.

**REQUEST FOR PRODUCTION NO. 4:**

To the extent not covered by any other Request, agreements between You, on the one hand, and Proton, Elektron, 2040 Energy, and/or Tether, on the other hand, concerning Bitcoin mining operations, including but not limited to drafts and amendments to such agreements.

**REQUEST FOR PRODUCTION NO. 5:**

To the extent not covered by any other Request, Documents sufficient to show the number and type of ASICs engaged in Bitcoin mining at the Knoxville, Tydal, or Rockdale Sites, or any other site at which You provide services related to Bitcoin mining, on behalf of Proton, Elektron, 2040 Energy, and/or Tether, as well as Documents sufficient to show the site-wide hash rate of ASICs engaged in Bitcoin mining at such sites from June 1, 2024 through the present.

**REQUEST FOR PRODUCTION NO. 6:**

To the extent not covered by any other Request, Documents sufficient to show all payments from Swan, Proton, Elektron, 2040 Energy, and/or Tether to You and all invoices from You to Swan, Proton, Elektron, 2040 Energy, including Documents sufficient to show wallet addresses associated with such payments or invoices.

| | | |
|---|---|---|
| 1 | DATED: February 26, 2025 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By */s/ Ryan S. Landes*
RYAN S. LANDES (State Bar No. 252642)
ryanlandes@quinnemanuel.com
865 S Figueroa Street, Floor 10
Los Angeles, CA 90017-5003
Telephone: (213) 443-3145
Facsimile: (213) 443-3100

STACYLYN M. DOORE (*pro hac vice*)
stacylyndoore@quinnemanuel.com
111 Huntington Avenue, Suite 520
Boston, MA 02199
Telephone: (617) 712-7100
Facsimile: (617) 712-7200

RACHEL E. EPSTEIN (*pro hac vice*)
rachelepstein@quinnemanuel.com
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Plaintiff*
*ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN*