RYAN S. LANDES (State Bar No. 252642)
ryanlandes@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 S Figueroa Street, Floor 10
Los Angeles, CA 90017-5003
Telephone: (213) 443-3145
Facsimile: (213) 443-3100

STACYLYN M. DOORE (admitted *pro hac vice*)
stacylyndoore@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Telephone: (617) 712-7100
Facsimile: (617) 712-7200

RACHEL E. EPSTEIN (admitted *pro hac vice*)
rachelepstein@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Plaintiff*
*ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROTON MANAGEMENT LTD., a British Virgin Islands corporation; THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; SANTHIRAN NAIDOO; ENRIQUE ROMUALDEZ; and LUCAS VASCONCELOS,<br><br>Defendants. | Case No. 2:24-cv-8280-MWC-E<br><br>**SWAN'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL DEFENDANTS TO SERVE RULE 26(a)(1) INITIAL DISCLOSURES**<br><br>**DISCOVERY MATTER**<br><br>Hearing Date: March 28, 2025<br>Time: 9:30 a.m.<br>Place: Courtroom 750, 7th Fl.<br>Judge: Hon. Charles F. Eick<br><br>Discovery Cutoff: November 7, 2025<br>Pre-Trial Conf. Date: April 26, 2026<br>Trial Date: May 4, 2026 |

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL INITIAL DISCLOSURES

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | DEFENDANTS ARE IN VIOLATION OF THE COURT'S ORDERS AND THE FEDERAL RULES | 1 |
| II. | THE INDIVIDUAL DEFENDANTS ARE NOT PREJUDICED BY COMPLYING WITH THE COURT'S ORDERS. | 2 |
| III. | PROTON'S IMPROPER REQUEST TO STAY DISCOVERY DOES NOT EXCUSE ITS VIOLATION OF COURT ORDERS. | 4 |
| IV. | THE COURT SHOULD SANCTION DEFENDANTS' MISCONDUCT. | 5 |

# **TABLE OF AUTHORITIES**

**Cases**

**Page**

*AMC Fabrication, Inc. v. KRD Trucking West, Inc.*,
  2012 WL 4846152 (D. Nev. Oct. 10, 2012) ................................................... 5

*Cooper v. Shoei Safety Helmet Corp.*,
  2019 WL 6718085 (D. Nev. Dec. 9, 2019) ..................................................... 4

*Galaxia Elecs. Co. v. Luxmax, U.S.A.*,
  2017 WL 11566394 (C.D. Cal. Dec. 28, 2017) .............................................. 3

*Hill v. Xerox Bus. Servs, LLC*,
  59 F. 4th 457 (9th Cir. 2023) ........................................................................... 4

*In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*,
  2022 WL 19236923 (C.D. Cal. Sept. 6, 2022) ............................................... 4

*Mahamedi IP Law, LLP v. Paradice & Li, LLP*,
  2017 WL 2727874 (N.D. Cal. Feb. 14, 2017) ................................................ 3

*Martin v. Yasuda*,
  829 F. 3d 1118 (9th Cir. 2016) ........................................................................ 4

*Miles v. Tug*,
  2022 WL 16739566 (E.D. Cal. Nov. 7, 2022) ................................................ 3

*Powell v UHG I LLC*,
  2023 WL 5964931 (S.D. Cal. Sept. 12, 2023) ................................................ 3

*Quevedo v. Macy's, Inc.*,
  709 F. Supp.2d 1122 (C.D. Cal. 2011) ........................................................... 4

*R & R Sails Inc. v. Ins. Co. of Penn.*,
  673 F.3d 1240 (9th Cir. 2012) ........................................................................ 5

*Russo v. Network Solutions, Inc.*,
  2008 WL 114908 (N.D. Cal. Jan. 10, 2008) .................................................. 5

*Spearman v. I Play, Inc.*,
  2018 WL 1382349 (E.D. Cal. Mar. 19, 2018) ............................................... 4

*Stussy, Inc. v. Shein*,
  2022 WL 17363898 (C. D. Cal. Sept. 23, 2022) ............................................ 4

*Williams v. Experian Information Solutions Inc.*,
  2024 WL 739676 (D. Az. Feb. 23, 2024) ....................................................... 4

*Winig v. Cingular Wireless*,
  2006 WL 3201047 (N.D. Cal. Nov. 6, 2006) ................................................. 3

*Zamudio v. Aerotek, Inc*,
  2024 WL 863715 (E.D. Cal. Feb. 28, 2024) .................................................. 3

-ii-
SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL INITIAL DISCLOSURES

**Other Authorities**

Wright & Miller, Federal Practice and Procedure
    § 2053 Initial Disclosure (3d ed.) ........................................................................ 2

**Rules**

Fed. R. Civ. P. 37(a) ............................................................................................. 3

Fed. R. Civ. P. 37(b)(2) ......................................................................................... 5

Rule 26(a)(1) ................................................................................................. passim

Rule 26(f) .................................................................................................. 1, 2, 4, 5

Swan submits this supplemental memorandum in support of its motion to compel Defendants to serve Initial Disclosures. *See* Dkt. 129.

## I. DEFENDANTS ARE IN VIOLATION OF THE COURT'S ORDERS AND THE FEDERAL RULES.

Defendants are in violation of multiple court orders and the Federal Rules, and do not provide meaningful justification for that violation. Defendants do not (and cannot) dispute that the Court has twice ordered that discovery should proceed. *See* Stip. at 19-25, 30-32; Ex. A (Jan. 7 Order); Ex. B (Civil Trial Order).[1] Indeed, months ago, the Court ordered the Parties "to comply fully with the letter and spirit of Federal Rule of Civil Procedure 26(a)." Ex. A at 2. The Court then set a full discovery schedule on February 18, *see* Ex. B, over objections from Defendants that mirror those they raise in the Stipulation, *see* Ex. H (Rule 26(f) Report) at 25-27, 30-31. Under these Court orders and Federal Rule 26(a)(1)(C), Defendants were required to serve initial disclosures on February 21. *See* Stip. at 4. They did not.

Instead, Defendants suggested they could withhold initial disclosures until seven days after the Court rules on pending motions. Defendants misleadingly suggest that because the motions will be heard on March 28 there is no delay. But they have not offered to serve initial disclosures within seven days of the hearing—they want to wait until seven days after any order, the timing of which the Parties do not control, and there is a November 2025 discovery close. Plaintiff brought this motion to stop the ongoing delays by Defendants in engaging discovery. *See* Ex. B; Dkt. 142 (denying Individual Defendants' *ex parte* application for a protective order brought by Defendants on similar grounds as those raised here); Ex. 1 (transcript from UK suit) at 52:8-16 (stating the UK Court was not prepared to issue an order restraining discovery in California). There is simply no basis to allow a

---

[1] As used herein, "Stip." refers to the Parties' Joint Stipulation Regarding Plaintiff's Motion to Compel. *See* Dkt. 129-1, "Exhibits" refer to exhibits attached to that stipulation, with the exception of Exhibit 1, which is appended to the concurrently-filed declaration of Ryan S. Landes. Internal citations and quotations are omitted unless otherwise noted,

party to refuse to serve initial disclosures because it asked the Court for a stay in the Joint Rule 26(f) Report (which was denied) and intended to move for a stay again.

Defendants merely re-hash the same failed arguments already raised in the Joint Rule 26(f) Report as to why discovery should not proceed, reciting procedural history that is irrelevant here and claiming they will suffer "prejudice" if they are forced to comply with the Court's orders. *See* Stip. at 19-33. Defendants do not cite any authority that their (misplaced) assertions of "prejudice" and the fact that they requested a stay of discovery in the Joint Rule 26(f) Report (which was denied) permit them to disobey Court orders and Federal Rules and unilaterally decide not to serve initial disclosures. And Swan is aware of no such authority.

While Defendants appear to suggest that the one-page objections they provided on February 21 (Exs. D, E) qualify as permissible "objections" under Rule 26(a)(1)(C), they cite no support for that suggestion. *See* Stip. at 19. That provision allows parties to object to initial disclosures "in the proposed discovery plan." Fed. R. Civ. P. 26(a)(1)(C). Even assuming Defendants' statements in the Rule 26(f) Report qualify as such objection, the Court already ruled on those objections when it set a case schedule that in no way relieved Defendants of their obligations under Rule 26(a). *See* Stip. at 13; 8 Wright & Miller, Federal Practice and Procedure § 2053 Initial Disclosure (3d ed.) (courts typically rule on objections to initial disclosures through the issuance of a scheduling order). That Defendants' motions to dismiss and compel arbitration were not pending when the Court issued its scheduling order is irrelevant, and Defendants offer no authority otherwise. Stip. at 22. Defendants made clear in the Rule 26(f) Report that they intended to move to dismiss and compel arbitration. The Court nonetheless set a discovery schedule.

**II.     THE INDIVIDUAL DEFENDANTS ARE NOT PREJUDICED BY COMPLYING WITH THE COURT'S ORDERS.**

The Individual Defendants try to recast arguments already raised and rejected by the Court in terms of prejudice. *See* Stip. at 19-24. But prejudice is entirely

irrelevant to the Court's analysis of a motion to compel discovery—of course any production of documents could arguably cause prejudice, that is not the relevant question—and does not render their violation of the Court's orders "substantially justified." Fed. R. Civ. P. 37(a). Regardless, the Individual Defendants fail to show that serving initial disclosures will cause them prejudice. Stip. at 19-24.

*First*, the Individual Defendants seem to suggest prejudice because the scope of discovery in arbitration may be more limited. But this Stipulation is about initial disclosures. It cannot be the case—and the Individual Defendants do not argue—that they will not have to provide this information to Swan in arbitration. Moreover, the Individual Defendants have admitted that Swan is entitled to seek temporary relief in this Court, which is all Swan has sought. Dkt. 122-1 at 13. This claim is properly before the Court and the Court has not stayed or otherwise limited discovery—indeed, the Court has ordered that discovery begin—thus the Individual Defendants must comply with their obligations under Rule 26(a)(1). *Powell v UHG I LLC*, 2023 WL 5964931, at *2 (S.D. Cal. Sept. 12, 2023) ("Unlike a situation where a motion to compel arbitration has been granted, the Court is unaware of any statute which requires that discovery be stayed once a motion to compel arbitration is filed, nor has the defendant cited to any such authority."). The Individual Defendants' citation to cases where courts have granted motions to stay are thus inapposite. Stip. at 20-22, 24.[2]

*Second*, the Individual Defendants falsely claim that they will be prejudiced by "forced participation in Rule 26 disclosures" as it could constitute waiver of their right to arbitration. *Id.* at 21. They cite no case law to support this contention, nor

---

[2] *See Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (granting a stay where defendant filed a motion to stay pending the resolution of their motion to compel arbitration); *Zamudio v. Aerotek, Inc*, 2024 WL 863715, at *1 (E.D. Cal. Feb. 28, 2024) (same); *Galaxia Elecs. Co. v. Luxmax, U.S.A.*, 2017 WL 11566394, at *1 (C.D. Cal. Dec. 28, 2017) (same); *Miles v. Tug*, 2022 WL 16739566, at *1 (E.D. Cal. Nov. 7, 2022) (defendant had filed motion to stay pending appeal of denial of motion to compel arbitration); *Winig v. Cingular Wireless*, 2006 WL 3201047, at *1 (N.D. Cal. Nov. 6, 2006) (same).

could they.  *See Quevedo v. Macy's, Inc.*, 709 F. Supp.2d 1122, 1131 (C.D. Cal. 2011) (doing the "minimum required to defend against [a] suit" will not amount to waiver of the right to arbitrate).[3]

### III. PROTON'S IMPROPER REQUEST TO STAY DISCOVERY DOES NOT EXCUSE ITS VIOLATION OF COURT ORDERS.

Defendant Proton similarly is not excused from complying with its Rule 26(a)(1) obligations simply because it has moved to dismiss for lack of personal jurisdiction.  To be clear, Proton **has not moved for a stay on those grounds**.  To the extent Proton now requests such relief in opposition to Swan's motion to compel initial disclosures, such request is not properly before this Court and Proton is not entitled to a stay based on arguments raised in opposition to a motion to compel. *See Williams v. Experian Information Solutions Inc.*, 2024 WL 739676, at *2 (D. Az. Feb. 23, 2024) ("the appropriate way to resist discovery on [the basis of a pending motion to compel] is to seek a judicial stay order").  Defendant Proton's cited cases do not say otherwise.  *Cooper v. Shoei Safety Helmet Corp.*, 2019 WL 6718085 at *1, 3 (D. Nev. Dec. 9, 2019) (defendant filed *unopposed* motion to stay); *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 2022 WL 19236923, at *2 (C.D. Cal. Sept. 6, 2022) (defendants filed motion to stay); *Spearman v. I Play, Inc.*, 2018 WL 1382349, at *1 (E.D. Cal. Mar. 19, 2018) (same).[4]

In any event, Proton's request for a stay is meritless, and Proton's cited case, *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, demonstrates exactly why Swan's motion should be granted.  2012 WL 4846152, at *1 (D. Nev. Oct. 10,

---

[3] The only cases the Individual Defendants cite to support this argument involve parties that engaged in substantial discovery *before* moving to compel arbitration. *Martin v. Yasuda*, 829 F. 3d 1118, 1121-22 (9th Cir. 2016); *Hill v. Xerox Bus. Servs, LLC*, 59 F. 4th 457, 473-76 (9th Cir. 2023).  Further, Swan offered that it would not argue that the Individual Defendants had waived their right to arbitrate by serving initial disclosures.  *See* Ex. F at 2.  Defendants still refused to serve them.
[4] The only case that Defendant Proton cites where a stay was granted without a pending motion to stay is *Stussy, Inc. v. Shein*, 2022 WL 17363898, at *7 (C. D. Cal. Sept. 23, 2022).  However, notably in *Stussy*, no Rule 26(f) conference had been held, and the Court had not ordered that discovery against the defendants should proceed.  That is not the case here. *Id.* at *6.

-4-
SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL INITIAL DISCLOSURES

2012). There, the defendant objected to serving initial disclosures based on personal jurisdiction arguments in both the Rule 26(f) report and during the Rule 26(f) conference. *Id.* The court then expressed its intent to "enter a standard discovery order" but "requested that the parties brief the question of whether discovery should be stayed . . . pending resolution of [the] motion to dismiss." *Id.* That is not what happened here. The Court here issued a standard discovery order without asking for briefing on staying discovery. Ex. B. Proton is thus not excused from its obligations under Rule 26(a)(1).

## IV. THE COURT SHOULD SANCTION DEFENDANTS' MISCONDUCT.

Defendants' failure to serve initial disclosures was not harmless nor substantially justified, thus sanctions are warranted. *See* Fed. R. Civ. P. 37(b)(2); *Russo v. Network Solutions, Inc.*, 2008 WL 114908, at *2 (N.D. Cal. Jan. 10, 2008) ("[Plaintiff's] failure to provide initial disclosures cannot be deemed harmless. The importance of initial disclosures is manifest in Rule 26(a)."). Defendants have failed to comply with not only Rule 26(a)(1) but also two Court orders. Swan is prejudiced by their non-compliance. *See* Stip. at 15. The lone case upon which Defendants rely to argue otherwise is distinguishable, and involved a dispute around *insufficient* initial disclosures. *R & R Sails Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1243 (9th Cir. 2012). That court felt that under those circumstances exclusion of evidence was too "harsh" a sanction. *Id.* Here, the Individual Defendants have entirely failed to produce ***any initial disclosures*** without justification and failed to serve any initial disclosures in violation of Court orders. Both monetary sanctions and evidence exclusion are warranted. *See* Fed. R. Civ. P. 37(b)(2); *Russo*, 2008 WL 114908, at *2.

Finally, Defendants cite no authority to support their argument that they are entitled to sanctions. *See* Stip. at 27, 33. Swan's motion to compel initial disclosures was not "unnecessary," for reasons explained throughout the Stipulation and this brief.

| | | |
|---|---|---|
| 1 | DATED:  March 14, 2025 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By */s/ Ryan S. Landes*

RYAN S. LANDES (State Bar No. 252642)
ryanlandes@quinnemanuel.com
865 S Figueroa Street, Floor 10
Los Angeles, CA 90017-5003
Telephone: (213) 443-3145
Facsimile: (213) 443-3100

STACYLYN M. DOORE (*pro hac vice*)
stacylyndoore@quinnemanuel.com
111 Huntington Avenue, Suite 520
Boston, MA 02199
Telephone: (617) 712-7100
Facsimile: (617) 712-7200

RACHEL E. EPSTEIN (*pro hac vice*)
rachelepstein@quinnemanuel.com
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Plaintiff*
ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN