# EXHIBIT 1

RYAN S. LANDES (State Bar No. 252642)
ryanlandes@quinnemanuel.com
 Quinn Emanuel Urquhart & Sullivan, LLP
865 S Figueroa Street, Floor 10
Los Angeles, CA 90017-5003
Telephone:   (213) 443-3145
Facsimile:   (213) 443-3100

STACYLYN M. DOORE (admitted *pro hac vice*)
stacylyndoore@quinnemanuel.com
 Quinn Emanuel Urquhart & Sullivan, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Telephone:   (617) 712-7100
Facsimile:   (617) 712-7200

RACHEL E. EPSTEIN (admitted *pro hac vice*)
rachelepstein@quinnemanuel.com
 Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, NY 10016
Telephone:   (212) 849-7000
Facsimile:   (212) 849-7100

*Attorneys for Plaintiff*
*ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ELECTRIC SOLIDUS, INC.<br>d/b/a SWAN BITCOIN,<br>a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROTON MANAGEMENT LTD.,<br>a British Virgin Islands corporation;<br>THOMAS PATRICK FURLONG;<br>ILIOS CORP., a California corporation;<br>MICHAEL ALEXANDER HOLMES;<br>RAFAEL DIAS MONTELEONE;<br>SANTHIRAN NAIDOO;<br>ENRIQUE ROMUALDEZ; and<br>LUCAS VASCONCELOS,<br><br>Defendants. | Case No. 2:24-cv-8280-MWC-E<br><br>**JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br>Action Filed: September 25, 2024<br><br>DISCOVERY MATTER |

## 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery in this action are likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.    GOOD CAUSE STATEMENT

This action involves alleged trade secrets, vendor and pricing lists and other valuable research, development, commercial, financial, technical, business, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution or defense of this action is warranted.  Such alleged confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over the confidentiality of  discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the

parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good-faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. Nothing in this protective order nor any designations made pursuant to this protective order shall in any way relate to who owns or has rights to the designated materials, or whether something is in fact a trade secret or should be sealed due to good cause.

**3.**   **DEFINITIONS**

   **3.1    Tether-2040-Swan UK Action**: The pending lawsuit captioned as *Tether Investments Ltd. and 2040 Energy Ltd. v. Swan* (filed on January 14, 2025; documents publicly available on February 14, 2025) EWHC (Comm), Claim No. CL-2025-000016.

   **3.2    2040 Outside Counsel**:  Outside counsel for 2040 Energy at Skadden, Arps, Slate, Meagher & Flom LLP who represent 2040 Energy Ltd. in the Tether-2040-Swan UK action.

   **3.3    Action**:  The pending federal lawsuit captioned as *Electric Solidus, Inc., d/b/a Swan Bitcoin v. Proton Management Ltd., et al.*, Case No. 2:24-cv-8280-MWC-E (C.D. Cal.).

   **3.4    Appropriate Legend**:  The legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," as applicable depending on the level of confidentiality asserted.

   **3.5    Challenging Party**:   A Party or Non-Party that challenges the designation of information or items under this Order.

**3.6** <u>**"CONFIDENTIAL" Information or Items**</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.).

**3.7** <u>**Counsel (without qualifier)**</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

**3.8** <u>**Designating Party**</u>:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

**3.9** <u>**Disclosure or Discovery Material**</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

**3.10** <u>**Expert**</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention is not anticipated to become an employee of a Party or of a Party's competitor.

**3.11** <u>**"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**</u>:  Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**3.12** <u>**House Counsel**</u>:  Attorneys who are employees of a party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

**3.13** <u>**Non-Party**</u>:  Any natural person, partnership, corporation, association

4

or other legal entity not named as a Party to this action.

**3.14  Outside Counsel of Record**:  Attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared in this Action on behalf of that party.

**3.15  Party**:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**3.16  Producing Party**:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**3.17  Professional Vendors**:  Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and professional jury or trial consultants) and their employees and subcontractors, who have been retained by a party or its counsel to provide litigation support services with respect to this Action.

**3.18  Protected Material**:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

**3.19  Receiving Party**:  Any Party that receives Disclosure or Discovery Material from a Producing Party.

**4.  SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover

the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order and other applicable authorities.  This Order does not govern the use of Protected Material at trial.  For the avoidance of doubt, nothing in this agreement shall itself operate as a waiver of any trade secret or other protection.

**5.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6.      DESIGNATING PROTECTED MATERIAL**

**6.1      Exercise of Restraint and Care in Designating Material for Protection**.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which

protection is not warranted are not swept unjustifiably within the ambit of this Order.  The Designating Party will agree to entertain good-faith requests to de-designate information or items, or portions thereof.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.  The Parties acknowledge that designations, or failures to designate, can sometimes be inadvertent. The Parties agree to cooperate to resolve any issues arising from confidentiality designations.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**6.2    <u>Manner and Timing of Designations</u>**.  Except as otherwise provided in this Order (*see*, *e.g.*, Section 7.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix as a minimum the legend "CONFIDENTIAL" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)    A Party or Non-Party that makes original documents or

7

materials available for inspection need not label them as protected until after the
inspecting Party has indicated which material it would like copied and produced.
During the inspection and before the designation, all of the material made available
for inspection shall be deemed "CONFIDENTIAL," or a higher level of protection
as appropriate. After the inspecting Party has identified the documents it wants
copied and produced, the Producing Party must determine which documents, or
portions thereof, qualify for protection under this Order.  Then, before producing
the specified documents, the Producing Party must affix the Appropriate Legend to
each page that contains Protected Material.  —If only a portion or portions of the
material on a page qualifies for protection, the Producing Party also must clearly
identify the protected portion(s) (e.g., by making appropriate markings in the
margins) and must specify, for each portion, the level of protection being asserted.

(c)    For testimony given in deposition or in other pretrial or trial
proceedings, that the Designating Party identifies the Disclosure or Discovery
Material on the record, before the close of the deposition, hearing, or other
proceeding, all protected testimony and specify the level of protection being
asserted.  When it is impractical to identify separately each portion of testimony that
is entitled to protection and it appears that substantial portions of the testimony may
qualify for protection, the Designating Party may invoke on the record (before the
deposition, hearing, or other proceeding is concluded) a right to have up to 21 days
from receipt of the final transcript to identify the specific portions of the testimony
as to which protection is sought and to specify the level of protection being asserted.
Only those portions of the testimony that are appropriately designated for protection
within the 21 days shall be covered by the provisions of this Stipulated Protective
Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21
days afterwards if that period is properly invoked, that the entire transcript shall be
treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

(d)     Parties shall give the other Parties reasonable notice (a minimum of four business days) if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

(e)     Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(f)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the Appropriate Legend.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

**6.3    <u>Inadvertent Failures to Designate</u>**. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable

efforts to assure that the material is treated in accordance with the provisions of this Order.

**7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**7.1    Timing of Challenges**.    Any Party or Non-Party may challenge a designation of confidentiality at any time that is not inconsistent with any orders of the Court.    Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.    A Party or Non-Party's failure to object or decision not to object to a designation of any materials or portions thereof as Protected Material shall not be deemed a concession or admission that such materials or portions thereof meets the requirements defined herein and cannot be used in the litigation for any purpose, including to argue that the materials are confidential and/or trade secrets.

**7.2    Meet and Confer**.    The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.    To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.    The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue) within 5 business days of the date of service of notice.    In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.    A Challenging Party may proceed to the next stage of the challenge process only if it

has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**7.3** **Joint Stipulation**.    Any challenge regarding a confidentiality designation submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2, or pursuant to the Court's rules and preferences for informal discovery conferences.

**7.4**    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.    Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.    All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

# 8.    ACCESS TO AND USE OF PROTECTED MATERIAL

**8.1**    **Basic Principles**.    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.    Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.[1]    When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 15 below ("FINAL DISPOSITION").

Protected Material must be stored and maintained by a Receiving Party at a

_____

[1]    In the event a Non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A. In the event such attorney declines to sign the "Acknowledgement and Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Protected Material shall not be copied or otherwise reproduced by a Receiving party, except for transmission to qualified recipients, without the written permission of the Producing Party or by further order of the Court.

**8.2    Disclosure of "CONFIDENTIAL" Information or Items**.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    The Receiving Party's Outside Counsel of Record in this Action, as well as employees and other attorneys of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    The officers, directors, consultants, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(d)    The Court and its personnel;

(e)    Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary;

(g)    The author or recipient of A person who authored, contributed to, revised, received, possessed, or accessed a document containing the information or a custodian or other person who otherwise possessed, or knew the information;

(h)     Legal counsel to an author or recipient of a person who authored, contributed to, revised, received, possessed, or accessed a document containing the information or a custodian or other person who otherwise possessed, or knew the information and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(i)     2040 Outside Counsel;

(j)     Notwithstanding anything in this Protective Order to the contrary, solely for purposes of litigating this action, counsel may show to an Individual Defendant or other individual, information that Swan claims that person misappropriated (as set forth in Swan's pleadings and California Code of Civil Procedure section 2019.210 disclosures, or in any discovery requests or responses Swan may serve identifying such information), provided that the individual does not in any way copy such information (in whole or in part) or retain a copy of such information (in whole or in part); and

(k)     Any mediators, arbitrators, or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**8.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     The Receiving Party's Outside Counsel of Record in this Action, as well as employees and other attorneys of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b)     Designated decision makers overseeing the litigation, including an officer, director, consultant, and/or employee of the Receiving Party whom the

13

Receiving Party has identified as such a decision maker to the Designating Party, with respect to information that Swan claims that the Receiving Party misappropriated (as set forth in Swan's pleadings, discovery responses, California Code of Civil Procedure section 2019.210 disclosures, or in any discovery requests or responses Swan may serve identifying such information), provided that the designated decision maker does not in any way copy such information (in whole or in part) or retain a copy of such information (in whole or in part).  Proton Management Ltd. ("Proton") designates Raphael Zagury and Ilios Corp. ("Ilios") designates Michael Alexander Holmes as designated decision makers for Proton and Ilios, respectively;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and who have been disclosed pursuant to the process described in Section ## below;

(d)    The Court and its personnel;

(e)    Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    Any mediators, arbitrators, or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(h)    2040 Outside Counsel;

(i)    The author or recipient ofA person who authored, contributed to, revised, received, possessed, or accessed a document containing the information,

14

provided that the individual does not in any way copy such information (in whole or in part) or retain a copy of such information (in whole or in part);

(j)    Legal counsel to a person who authored, contributed to, revised, received, possessed, or accessed a document containing the information or a custodian or other person who otherwise possessed, or knew the information and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(k)    Notwithstanding anything in this Protective Order to the contrary, solely for purposes of litigating this action, counsel may show to an Individual Defendant or other individual, information that Swan claims that person misappropriated (as set forth in Swan's pleadings and California Code of Civil Procedure section 2019.210 disclosures, or in any discovery requests or responses Swan may serve identifying such information), provided that the individual does not in any way copy such information (in whole or in part) or retain a copy of such information (in whole or in part).

**8.4    Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items**.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a)    The Receiving Party's Outside Counsel of Record in this Action, as well as employees and other attorneys of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b)    Up to five Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and who have been disclosed pursuant to the process described in Section ## below;);

(c)    The Court and its personnel;

(d)    Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);[2]

(e)    During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    2040 Outside Counsel;

(g)    A person who authored, contributed to, revised, received, possessed, or accessed a document containing the information, provided that the individual does not in any way copy such information (in whole or in part) or retain a copy of such information (in whole or in part);

(h)    Legal counsel to a person who authored, contributed to, revised, received, possessed, or accessed a document containing the information or a custodian or other person who otherwise possessed, or knew the information and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(i)    Notwithstanding anything in this Protective Order to the contrary, solely for purposes of litigating this action, counsel may show to an Individual Defendant or other individual information that Swan claims that person misappropriated (as set forth in Swan's pleadings and California Code of Civil Procedure section 2019.210 disclosures, or in any discovery requests or responses Swan may serve identifying such information), provided that the individual does not in any way copy such information (in whole or in part) or retain a copy of such

---

[2]  Court reporters and their staff shall not retain or be given copies of any portions of the source code.  If used during a deposition, such source code will not be attached as an exhibit to the transcript but instead shall be identified only by its production numbers.

information (in whole or in part); and

(j)    Any mediators, arbitrators, or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**8.5    <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts</u>.**

(a)    Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated by the Designating Party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraphs 8.3(b) or 8.4(b) first must make a written disclosure to the Designating Party that (1) identifies whether or not the Receiving Party proposes to disclose to an Expert "HIGHLY CONFIDENTIAL – SOURCE CODE"; (2) sets forth the full name of the Expert and the city and state of his or her primary residence; (3) attaches a copy of the Expert's current resume; (4) identifies the Expert's current employer(s); (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years;  and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. The Parties acknowledge that an Expert may have pre-existing confidentiality obligations that prevent the Expert from disclosing certain of the information identified in subsections (5) and (6) above. The Parties agree to work together in good faith to resolve issues arising from such disclosure limitations.

(b)    A Party that makes a request and provides the information specified in the preceding respective paragraph may disclose the subject Protected Material to the identified Expert unless, within seven (7) days of delivering the disclosure, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)    A Party that receives a timely written objection pursuant to the preceding respective paragraph must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

(d)    In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

(e)    A party who has not previously objected to disclosure of Protected Material to an Expert or whose objection has been resolved with respect to previously produced Protected Material shall not be precluded from raising an objection to an Expert at a later time with respect to Protected Material that is produced after the time for objecting to such Expert has expired or if new information about that Expert is disclosed or discovered.  Challenges can only be

based on new information acquired after the deadline for objections has passed or information that could not have been reasonably obtained before that deadline.

**9.    SOURCE CODE**

(a)    To the extent production of source code becomes necessary in this case, a Producing Party may designate material as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises, includes, or substantially discloses confidential, proprietary or trade secret source code or algorithms.  This material may include, among things, technical design documentation that comprises, includes, or substantially discloses source code or algorithms.

(b)    Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours (*i.e.*, 9:00 AM to 5:00 PM local time) or at other mutually agreeable times, at an office of the Producing Party's Counsel in Los Angeles or another mutually agreed upon location.  The Producing Party shall make a reasonable effort to accommodate good faith requests to make the source code available for review at an office of the Producing Party's Counsel that is geographically near to the individuals who will be conducting the review; however, the Parties acknowledge that such accommodations may not be possible or reasonable in all circumstances.  The computer containing source code will be made available upon reasonable written notice to the Producing Party, which shall not be less than seven (7) days in advance of the requested inspection.  A list of names of persons who will view the source code will be provided to the Producing Party in conjunction with such written notice requesting inspection.  The source code shall be made available for inspection on a secured computer (the "Source Code Computer") in a secured, locked room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  All persons entering the locked room containing the source code must agree

19

to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the locked room. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code and shall not be close enough to review any work product or hear any conversations. The Producing Party shall not otherwise monitor, track, or record the Receiving Party's review of source code. All persons viewing source code shall sign on each day they view source code a log that will include the names of persons who enter the room to inspect the source code and when they enter and depart.

(c)     The Receiving Party's outside counsel and/or experts cleared to view "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

(d)     No recordable media or recordable devices, including, without limitation, sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted in the room containing the Source Code Computer during inspection.

(e)     No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL – SOURCE CODE" material, except that the Receiving Party may request paper copies of limited portions of source code that are reasonably necessary to attach to filings, pleadings, expert reports, or other papers, or for use as an exhibit at deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c)

20

in the first instance.  Prior to requesting such paper copies, the Receiving Party must, using software available on the Source Code Computer, create PDFs of the printed copies the Receiving Party is requesting and save them in a folder on the desktop named "Print Requests" with a subfolder identifying the date of the request.  The PDF printouts must include identifying information including the full file path and file name, page number, line numbers, and date.  Any request for printed source code pursuant to this paragraph shall be served via an email request that identifies the subfolders of the "Print Requests" folder that the Receiving Party is requesting.  Within seven (7) days of such request, the Producing Party shall provide one copy of all such source code on non-copyable paper that includes bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."  A request served after 5:00 PM Pacific Time shall be deemed served the following business day.  Source code contained in printed copies shall be no smaller than 12 pt font.  Absent a showing of good cause, the Receiving Party may not request more than 10 consecutive pages, or an aggregate of more than 100 pages, of source code during the duration of the case without prior written approval of the Producing Party.

(f)    The Receiving Party shall maintain a log of all paper copies of the printed source code.  Such log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon two (2) business days' advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.  The Receiving Party shall maintain all paper copies of any printed portions of source code in a secure, locked area.  Except in the preparation of under-seal filings, the Receiving Party shall not create any electronic or other images or facsimiles of the paper copies and shall not convert any of the information contained in the paper copies into any other format, electronic or otherwise.  Any electronic or other images or facsimiles of the paper copies created pursuant to the foregoing sentence shall be limited to copies which are actually submitted in under-seal filings, and a

21

Receiving Party shall not create or retain any other copies. The Receiving Party shall only request additional paper copies of printed source code if such additional copies are (1) necessary to attach to court filings, pleadings, or other papers (including a testifying Expert's expert report); (2) necessary for use in a deposition; or (3) necessary for trial. The Receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. To the extent a deposition is likely to involve source code, the Party taking the deposition shall provide at least seven (7) days written notice of that fact. Upon such notice, the Producing Party will make a Source Code Computer, containing all source code produced by the Producing Party, available at the deposition, minimizing the need for additional paper copies of source code. The Producing Party is not required to create a new Source Code Computer for the purpose of depositions, and the Party taking the deposition acknowledges that, to ensure information on the Source Code Computer remains subject to appropriate protective measures, such deposition may need to occur at the location of the Source Code Computer.

## 10. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena, discovery request, or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include

a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE"  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the party requesting the discovery and the Non-Party that some or all of the information requested is subject

to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

(c)    If the Non-Party fails to object or seek a protective order from this Court within seven (7) days of receiving the notice and accompanying information, the party receiving the discovery requests may produce the Non-Party's confidential information responsive to the discovery request and may not use the existence of an agreement with the Non-Party as a basis to refuse production. If the Non-Party or the party receiving the discovery requests timely seeks a protective order, the party receiving the discovery requests shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. If neither the Non-Party nor the party receiving the discovery requests seeks a protective order from this Court within fourteen (14) days of the non-Party's receiving the aforementioned notice and accompanying information, the party receiving the discovery requests may produce the Non-Party's confidential information responsive to the discovery request and may not use the existence of an agreement with the Non-Party as a basis to refuse production. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 12.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

to retrieve all unauthorized copies of the Protected Material, (c) use its best efforts to inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) use its best efforts to request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 13. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

Nothing in this Protective Order shall require disclosure of material that is protected from disclosure by the attorney-client privilege, the attorney work-product immunity, or any other applicable privilege under state, federal, or other law.  When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  A Producing Party may assert privilege or protection over produced documents at any time by notifying the Receiving Party in writing of the assertion of privilege or protection.  In addition, information that contains privileged matter or attorney work product shall be returned or destroyed immediately by the Receiving Party if such information appears on its face to have been inadvertently produced or if requested by a Producing Party.  After being notified, a Receiving Party must promptly return or destroy the specified information until the claim is resolved.

Pursuant to Federal Rule of Evidence 502(d) and (e), the production of privileged or work-product-protected material is not a waiver of privilege or protection from discovery in this case or any other federal or state proceeding.  For example, the mere production of privilege or work-product-protected information in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding.

## 14.   MISCELLANEOUS

**14.1   Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**14.2   Right to Assert Other Objections.**  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**14.3   Filing Protected Material.**  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

**14.4   No Agreement Concerning Discoverability.** The identification or agreed upon treatment of certain types of Protected Material does not reflect agreement by the Parties that the disclosure of such Protected Material is required or appropriate in this action.  The Parties reserve the right to argue that any particular category of Protected Material should not be produced.

**14.5   Privilege Logs.**  When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other

protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding.  The parties shall exchange their respective privilege logs at a time to be agreed upon by the parties following each production of documents, or as otherwise ordered by the Court.  The parties need not log privileged communications post-dating the filing of the Complaint that are solely between the parties and their Outside Counsel of Record involve Outside Counsel to the parties in this Action or in the Tether-2040-Swan UK Action.

## 15.    **FINAL DISPOSITION**

Within 60 days after the final disposition of this Action, as defined in paragraph 5, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 ("DURATION").

**16.    <u>VIOLATION</u>**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Respectfully submitted,

DATE, 2025

/s/ *DRAFT*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
RYAN S. LANDES (State Bar No. 252642)
ryanlandes@quinnemanuel.com
865 S Figueroa Street, Floor 10
Los Angeles, CA 90017-5003
Telephone:  (213) 443-3145
Facsimile:  (213) 443-3100

STACYLYN M. DOORE (*pro hac vice*)
stacylyndoore@quinnemanuel.com
111 Huntington Avenue, Suite 520
Boston, MA 02199
Telephone:  (617) 712-7100
Facsimile:  (617) 712-7200

RACHEL E. EPSTEIN (*pro hac vice* )
rachelepstein@quinnemanuel.com
295 Fifth Avenue
New York, NY 10016
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100

*Attorneys for Plaintiff*
*ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN*

1             /s/ DRAFT

**GOODWIN PROCTER LLP**
GRANT P. FONDO (SBN 181530)
*GFondo@goodwinlaw.com*
MATTHEW P. KANNY (SBN 167118)
*MKanny@goodwinlaw.com*
AARON S. THOMPSON (SBN 272391)
*AThompson@goodwinlaw.com*

*Attorneys for Specially Appearing Defendants*
*THOMAS PATRICK FURLONG, ILIOS*
*CORP., MICHAEL ALEXANDER HOLMES,*
*RAFAEL DIAS MONTELEONE,*
*SANTHIRAN NAIDOO, ENRIQUE*
*ROMUALDEZ, and LUCAS VASCONCELOS*

/s/ DRAFT

**BERGESON, LLP**
DANIEL J. BERGESON (SBN 105439)
*dbergeson@be-law.com*
ADAM C. TRIGG (SBN 261498)
*atrigg@be-law.com*
JAIDEEP VENKATESAN (SBN 211386)
*jvenkatesan@be-law.com*
REBECCA KAUFMAN (SBN 199534)
*rkaufman@be-law.com*

*Attorneys for Specially Appearing Defendant*
*PROTON MANAGEMENT LTD.*

## <u>ATTORNEY ATTESTATION</u>

Pursuant to Local Rule 5-4.3.4, I hereby attest that all other signatories listed and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


*/s/* *DRAFT*
Ryan S. Landes

## <u>EXHIBIT A</u>

## <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Electric Solidus, Inc., d/b/a Swan Bitcoin v. Proton Management Ltd., et al.*, Case No. 2:24-cv-8280-MWC-E (C.D. Cal.).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

32