|   |   |
|---|---|
| 1 | RYAN S. LANDES (State Bar No. 252642) |
|   | ryanlandes@quinnemanuel.com |
| 2 | Quinn Emanuel Urquhart & Sullivan, LLP |
|   | 865 S Figueroa Street, Floor 10 |
| 3 | Los Angeles, CA 90017-5003 |
|   | Telephone: (213) 443-3145 |
| 4 | Facsimile:  (213) 443-3100 |
| 5 | STACYLYN M. DOORE (admitted *pro hac vice*) |
|   | stacylyndoore@quinnemanuel.com |
| 6 | Quinn Emanuel Urquhart & Sullivan, LLP |
|   | 111 Huntington Avenue, Suite 520 |
| 7 | Boston, MA 02199 |
|   | Telephone: (617) 712-7100 |
| 8 | Facsimile:  (617) 712-7200 |
| 9 | RACHEL E. EPSTEIN (admitted *pro hac vice*) |
|   | rachelepstein@quinnemanuel.com |
| 10 | Quinn Emanuel Urquhart & Sullivan, LLP |
|   | 295 Fifth Avenue |
| 11 | New York, NY 10016 |
|   | Telephone: (212) 849-7000 |
| 12 | Facsimile:  (212) 849-7100 |
| 13 | *[Additional counsel on signature page]* |
| 14 | *Attorneys for Plaintiff* |
|   | *ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN* |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> PROTON MANAGEMENT LTD., a British Virgin Islands corporation; THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; SANTHIRAN NAIDOO; ENRIQUE ROMUALDEZ; and LUCAS VASCONCELOS, <br><br> Defendants. | Case No. 2:24-cv-8280-MWC-E <br><br> **APPLICATION FOR LEAVE TO FILE UNDER SEAL JOINT DISCOVERY STIPULATION AND EXHIBITS** <br><br> Judge:           Hon. Charles F. Eick <br><br> Discovery Cutoff: November 7, 2025 <br> Pre-Trial Conf. Date: April 26, 2026 <br> Trial Date:           May 4, 2026 |

Pursuant to Local Rule 79-5, Plaintiff Electric Solidus, Inc. d/b/a Swan Bitcoin ("Swan"), through counsel, respectfully seeks leave to file under seal the parties' Joint Discovery Stipulation and certain Exhibits thereto. This application for leave to file under seal ("Application") is accompanied by the Declaration of Ryan S. Landes, any oral argument that this Court may entertain, and any further filings on this matter.

Swan seeks to redact narrow portions of the Joint Stipulation Regarding Swan's Motion to Compel and to leave 4 exhibits under seal, which identify trade secrets, confidential business discussions, and information subject to confidentiality agreements. Defendants informed Swan that they do not oppose sealing for any information that was previously filed under seal, but reserve the right to review any information Swan seeks to seal. Landes Declaration ¶ 3.

## I.   LEGAL STANDARD

There is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F. 3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F. 3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *See Pintos v. Pac. Creditors Ass'n*, 605 F. 3d 665, 678 (9th Cir. 2010).

A party seeking to seal a judicial record for non-dispositive materials must meet the "good cause" standard. *Tetrault v. Cap. Grp. Cos. Glob.*, 2023 WL 11876965, at *1 (C.D. Cal. July 14, 2023) ("While a 'compelling reason' standard applies to sealing records in dispositive motions, the lower 'good cause' standard applies to non-dispositive motions."); *see also Pintos*, 605 F.3d at 678 ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal."). The "good cause" standard involves "balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F. 3d at 678.

## II.   ARGUMENT

| | |
|---|---|
| 1 | Good cause—and even a compelling reason, though it is not required here—exists to seal Plaintiff's Identification Of Asserted Trade Secrets.  Courts regularly keep similar confidential business discussions under seal.  *See Edtronic, Inc. v. Axonics Modulation Techs., Inc.*, No. 8:19-CV-02115-DOC-JDE, 2023 WL 6813743, at *1 (C.D. Cal. Aug. 31, 2023) ("[C]ourts have held that 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' constitute 'compelling reasons' to prevent competitors from leveraging this information to harm the designating parties in future negotiations.") (quoting *DeMartini v. Microsoft Corp.*, No. 22-CV-08991-JSC, 2023 WL 4205770, at *2 (N.D. Cal. June 26, 2023)); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (stating that "'confidential business information' in the form of . . . 'business strategies'" is sealable under the compelling reasons standard); *Tevra Brands LLC v. Bayer HealthCare LLC*, No. 19-CV-04312-BLF, 2024 WL 2927989, at *2 (N.D. Cal. May 6, 2024) (granting motion to seal "confidential and competitively sensitive information relating to the details of Bayer's retailer agreements and identity of retailers with whom Bayer contracts"); *Monster Energy Co. v. Vital Pharms., Inc.*, No. ED-CV-18:1882-JGB-SHK-X, 2019 WL 3099711, at *2 (C.D. Cal. June 17, 2019) (collecting similar cases). |
| 20 | Courts also regularly seal trade secrets and related confidential information.  *Kamakana*, 447 F.3d at 1179.  Even where records do not include trade secrets, they may still be sealed where they could be a "source[ ] of business information that might harm a litigant's competitive standing."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal quotations omitted).  In such circumstances, district courts have "broad latitude to grant protective orders to prevent disclosure of . . . trade secrets or other confidential research, development, or commercial information."  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002); *Pena v. Experian Info. Sols., Inc.*, No. 8:22- |

CV-01115-SSS-ADSX, 2024 WL 4800496, at *2 (C.D. Cal. Oct. 1, 2024) (granting motion to seal "trade secrets"); *In re Qualcomm Litig.*, 2019 WL 1557656, at *3 (S.D. Cal. Apr. 10, 2019) (same).

Here, Swan seeks limited redaction of highly confidential information and commercially sensitive information regarding Swan's mining business and operational strategies (including preferred business relationships, business partners, and information about past and potential mining operations). Landes Declaration ¶ 5. Swan also seeks to redact confidential or proprietary business, financial, and other commercially sensitive information. *Id.* Swan is also under a contractual duty to maintain the confidentiality of certain at-issue information under the 2040 Energy Shareholders Agreement. *Id.* ¶ 6. Swan would suffer competitive disadvantages if rival cryptocurrency companies or other parties with whom Swan contracts, like suppliers or financial partners, were to obtain this information. *Id.* ¶ 7.

Specifically, Swan seeks to redact portions of the Joint Stipulation highlighted on pages 10, 12, 24-26, 28-30, 33-40, 47, 58, 60-62, 64-85 (attached as Exhibit 1 to this application) as well as the entirety of Exhibits I, J, K, L, M, N, Q, U, and V of the Joint Stipulation (attached as Exhibits 2-5 to this application). The highlighted portions on pages 10 and 12 of the Joint Stipulation as well as Exhibits K, L, M, and N contain highly confidential and commercially sensitive information regarding Swan's mining business and operational strategies and contain information and communications Swan is required to keep confidential under the 2040 Shareholders Agreement. Landes Declaration ¶¶ 5, 6. The highlighted portions at pages 24-26, 28-30, 33-40, 47, 58, 60-62, and 64-85 of the Joint Stipulation and Exhibit I, Exhibit J, Exhibit Q, Exhibit U, and Exhibit V contain highly confidential proprietary business, financial, and commercially sensitive information regarding Swan's mining business and operational strategies. *Id.* ¶ 5. Swan has narrowly tailored its sealing so as to only seal or redact what is necessary.

*Id.* ¶ 8. Furthermore, the public does not have a countervailing interest in this information. *Id.*

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Application to file under seal.

| | | |
|---|---|---|
| 1 | DATED:  April 23, 2025 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | By *Ryan S. Landes* |
| 4 | | RYAN S. LANDES (State Bar No. 252642) |
| 5 | | ryanlandes@quinnemanuel.com |
| 6 | | 865 S Figueroa Street, Floor 10<br>Los Angeles, CA 90017-5003 |
| 7 | | Telephone: (213) 443-3145<br>Facsimile: (213) 443-3100 |

STACYLYN M. DOORE (*pro hac vice*)
stacylyndoore@quinnemanuel.com
111 Huntington Avenue, Suite 520
Boston, MA 02199
Telephone: (617) 712-7100
Facsimile: (617) 712-7200

RACHEL E. EPSTEIN (*pro hac vice*)
rachelepstein@quinnemanuel.com
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

AUSTIN BUSCHER
austinbuscher@quinnemanuel.com
555 Twin Dolphin St., Fifth Floor
Redwood Shores, CA 94065
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

JEFFREY WILLIAM NARDINELLI
jeffnardinelli@quinnemanuel.com
50 California Street 22nd Floor
San Francisco, CA 94111
Telephone:  415-875-6600
Facsimile: 415-875-6700

*Attorneys for Plaintiff*
*ELECTRIC SOLIDUS, INC.*
*d/b/a SWAN BITCOIN*

APPLICATION FOR LEAVE TO FILE UNDER SEAL JOINT DISCOVERY STIPULATION AND EXHIBITS