# EXHIBIT A

| | |
|---|---|
| **From:** | Kanny, Matthew P <MKanny@goodwinlaw.com> |
| **Sent:** | Thursday, April 10, 2025 8:39 PM |
| **To:** | Ryan Gorman; Ewald, Sylvia |
| **Cc:** | Thompson, Aaron; Russo, Amanda; Daniel Bergeson; Rebecca Kaufman; Jaideep Venkatesan; Adam Trigg; Fondo, Grant P; QE-Swan; Bhardwaj, Nirav |
| **Subject:** | RE: Swan/Proton - Discovery Correspondence |

**[EXTERNAL EMAIL from mkanny@goodwinlaw.com]**

Ryan,

Swan is well-aware that the Court made no ruling on the adequacy of Swan's 2019.210 disclosure. None of the parties briefed that issue, and Swan's attempt to read into the Court's order on Defendants' motion to dismiss for failure to state a claim is not correct. Defendants do not withdraw their objections to the 2019.210 disclosure. We assume that your email means that Swan will not be seeking to amend its 2019.210 disclosure and stands by those disclosures. Accordingly, the parties are at an impasse regarding the inadequacy of that disclosure, and Defendants intend to raise the issue with the Court. If Defendants are wrong about Swan's position, please let us know by 3pm PT tomorrow.

As to Swan's discovery requests, and reserving all rights and objections, including as it relates to Defendants' objections to Swan's trade secret disclosures and all rights and remedies relating to same, Defendants will provide supplemental responses to this discovery by April 18. All rights reserved.

**From:** Ryan Gorman <ryangorman@quinnemanuel.com>
**Sent:** Wednesday, April 9, 2025 8:03 PM
**To:** Ewald, Sylvia <SEwald@goodwinlaw.com>
**Cc:** Kanny, Matthew P <MKanny@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Daniel Bergeson <dbergeson@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Adam Trigg <atrigg@be-law.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; QE-Swan <qe-swan@quinnemanuel.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>
**Subject:** RE: Swan/Proton - Discovery Correspondence

***EXTERNAL***
Counsel,

We write regarding Swan's first sets of targeted requests for production and interrogatories. The parties previously met and conferred about Defendants' objections to this discovery, and reached impasse. However, the Court's Order of today (Dkt. 164) nullified Defendants' objections. The Court denied Defendants' motions to compel arbitration, stay, and dismiss, thus mooting Defendants' objections based on those motions. Regarding the sufficiency of Swan's trade secret identification, the Court found that "Swan describes the four general categories of its trade secrets with particularity and cites to exemplary documents within the FAC," and found further that "Swan also filed an identification of asserted trade secrets that further identifies the trade secrets and shows that they exist." These findings dispose of Defendants' objections that Swan's trade secret identification is insufficient under section 2019.210. Finally, regarding the specific discovery requests at issue, the Court found that "Swan's targeted requests are narrowly aimed at discovery relevant to Swan's requests for a preliminary injunction, that is, whether the Individual Defendants are using Swan's trade secrets outside of 2040 Energy."

In light of these rulings from the Court, and to prevent further unnecessary motion practice, please confirm that Defendants withdraw all objections to Swan's targeted discovery requests and will serve substantive interrogatory responses and produce responsive documents by April 16.  Absent Defendants' confirmation by tomorrow, Swan will proceed with its motion to compel.

Thanks,

**Ryan Gorman**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7132 Direct (Office)
617.712.7100 Main Office Number
617.712.7200 FAX
ryangorman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Ewald, Sylvia <SEwald@goodwinlaw.com>
**Sent:** Friday, April 4, 2025 6:46 PM
**To:** Ryan Gorman <ryangorman@quinnemanuel.com>
**Cc:** Kanny, Matthew P <MKanny@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Daniel Bergeson <dbergeson@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Adam Trigg <atrigg@be-law.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; QE-Swan <qe-swan@quinnemanuel.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>
**Subject:** RE: Swan/Proton - Discovery Correspondence

**[EXTERNAL EMAIL from sewald@goodwinlaw.com]**

We write in response to your emails purporting to memorialize the parties' meet and confers on March 26th and April 1st regarding Swan's first set of discovery requests. Below Individual Defendants confirm agreement with certain of Swan's memorializations and clarify or supplement many of Swan's incorrect or incomplete characterizations.

Pending Motions

Defendants confirm that the parties remain at an impasse regarding Swan's insistence on moving forward with discovery that may be mooted within days when the Court rules on the pending motions to compel arbitration, stay, and dismiss.

Indeed, Swan acknowledges in its March 18th letter that the proper way to resist discovery while dispositive motions are pending is to seek a stay. Individual Defendants have now moved for a stay of discovery twice, with Proton joining the motion to stay pending the UK action, and are awaiting the Court's ruling on its most recent motion to stay, filed on February 24th and heard by the Court on March 28th. If Defendants were required to produce documents while the motions are pending, this would result in the effective denial of the motion to stay that the court has not yet had a chance to rule on. *Nat'l Corp. Tax Credit Funds III v. Potashnik*, 2008 WL 11339608, at *1 (C.D. Cal. June 16, 2008), which Swan relies on in its March 18th letter, does not provide otherwise. It is distinguishable because, unlike the party there who assumed it did not have to object to discovery or show up to a deposition because of a pending motion to stay, Individual Defendants here served timely responses

and objections to Swan's discovery requests. *Id.* ("There is no dispute that defendants never objected to the discovery or deposition notices . . .").

Swan asserts in its memorialization emails that the Court has rejected objections like those Defendants raise here three times. Swan mischaracterizes the Court's orders. First, the scheduling order provides for a fact discovery cut-off of November 7, 2025. (ECF No. 119 at 3.) There is nothing inconsistent between a short delay to allow for the Court to rule on the pending motions and a discovery cut-off that is more than seven months in the future. Second, the Magistrate Judge's denial of the request for a protective order regarding third-party subpoenas is readily distinguishable. (ECF No. 142 at 1.) Unlike here, that order was based on the procedural posture of that particular request and notably involved third-party discovery rather than discovery from the Defendants. And third, the Magistrate Judge's order regarding initial disclosures directs Defendants only to "provide their Rule 26(a)(1) initial disclosures to Plaintiff on or before April 16, 2025, unless the parties otherwise agree or unless the District Judge otherwise orders." (ECF No. 156 at 1.) This is entirely consistent with Defendants' position that the Court should rule on the pending motions—rulings which are imminent—before they agree to produce documents.

The Defendants confirm that their objections on the basis of the pending motions are overarching objections that apply to each individual discovery request.

Trade Secret Disclosures

Defendants confirm that the parties remain at an impasse regarding Swan's position that it is entitled to discovery that relates to Swan's trade secret claims even where Defendants object to Swan's clearly inadequate 2019.210 trade secret disclosures.

Swan takes the unreasonable position that the Court's statement that "[d]iscovery *into trade secrets* shall not commence until the identification has been served and filed, but the plaintiff may commence discovery on any other subject prior to the identification" (ECF No. 95 at 7 (emphasis added)) allows for discovery of matters that relate to trade secrets if they also relate to other claims. But Swan ignores the broader context of the Court's order. The Court's scheduling conference order explains that "this Court requires an identification of trade secrets with particularity, akin to the disclosure required by California law. *See* Cal. Civ. Proc. Code § 2019.210." (ECF N. 95 at 6.) The Court continues that "[t]he identification must comply with the requirements of California law for trade secret identifications pursuant to Section 2019.210," citing *Advanced Modular Sputtering, Inc. v. Sup. Ct.*, 132 Cal. App. 4th 826, 836 (2005). As we noted in our March 26, 2025 letter to you, Swan's 2019.210 disclosure fails to meet this standard and is woefully inadequate.

The Court's order staying "[d]iscovery into trade secrets" must be interpreted consistently with the California law that the Court expressly incorporates into its order. And that law provides that "discovery relating to the trade secret" may not commence until adequate trade secret disclosures are made. Cal. Civ. Proc. Code § 2019.210. Indeed, *Advanced Modular Sputtering, Inc.* held that the district court erred by staying discovery on a misappropriation claim but allowing discovery on nine other claims, explaining that all ten causes of action were factually dependent in some way on the allegation of misappropriation. *Id.* at 834. Federal courts applying the principles of Section 2019.210 have similarly concluded that discovery should be stayed for trade secret and non-trade secret claims alike where a request "relates to" a trade secret even if it does not "exclusively" relate to a trade secret. *E.g., M/A-COM Technology Solutions, Inc. v. Litrinium, Inc.*, Case No. 19-cv-220, 2019 WL 4284523, at *5 (C.D. Cal. June 11, 2019).

Swan's identified trade secrets are incredibly broad and every one of Swan's claims relates to those broad trade secrets. Indeed, in its March 18th letter, Swan justified the relevance of every one of its discovery requests in relation to Swan's alleged trade secrets. (*E.g.*, Letter at 5 (saying RFP 3 "self-evidently seeks relevant information regarding for whom Defendants may be using Swan's trade secrets to mine Bitcoin").) Swan may not obtain impermissible discovery by simply recharacterizing its requests as now unrelated to trade secret claims. Doing so frustrates the very purpose of section 2019.210 and the Court's Order.

Defendants confirm that their objections on the basis of the inadequate trade secret disclosures are overarching objections that apply to each individual discovery request.

Redacted Requests

Defendants confirm that they will treat the unredacted discovery requests and Paragraphs 183-85 of the Amended Complaint as "Confidential" pursuant to the current draft of the protective order. Defendants are reviewing the unredacted discovery

3

requests and will supplement their response as to these requests subject to their overarching objections relating to the pending motions and trade secret disclosures.

Individual Discovery Requests

*RFP 1*

Swan's summary of the Individual Defendants' position on RFP 1 is incomplete. As Swan acknowledges in its emails, Swan explained that it believes RFP 1 is relevant to whether Proton and the Individual Defendants are working only for 2040 energy or also for others, which it asserts goes to irreparable harm. Individual Defendants responded that RFP 1 is overbroad for this purpose because it is not limited to wallets outside of 2040, and said it would consider a request that is narrowed to non-2040 wallets. Swan did not offer to narrow its request during the meet and confers or in its memorialization emails. Individual Defendants also note that it is not clear how the amount of the wallet transactions is relevant to irreparable harm. With these clarifications, Individual Defendants confirm that the parties appear to be at an impasse regarding RFP 1 as it is currently propounded.

*RFP 2*

Swan's summary of the Defendants' position on RFP 2 is incomplete. As the Defendants explained during the meet and confers, it is unclear what "plans to use to mine Bitcoin" means and is vague. The parties discussed multiple examples of what might or might not qualify as responsive, but Swan ultimately did not provide the clarity that would allow Defendants to know what documents are responsive and what documents are not responsive. Defendants previously stated and reiterate that they would be willing to agree to construe "plans to use" to encompass term sheets, draft contracts, and contracts. If Swan still refuses to agree to this proposal, the parties are at an impasse regarding the portion of this request that concerns documents to identify sites that Proton "plans to use to mine Bitcoin."

*RFP 3*

Swan's discussion of the conferral about RFP 3 misunderstands Defendants' objections. Defendants' primary objection to RFP 3 is that it is not clear what Swan means by "offered any management or services relating to Bitcoin mining." Defendants currently do not know what is and is not considered an "offer" and do not know what documents are responsive and what documents are not responsive. Like the prior RFP, Defendants previously stated and reiterate that they would be willing to agree to construe "plans to use" to encompass term sheets, draft contracts, and contracts. Until Swan provides more clarity or is willing to agree to this proposal, the parties are at an impasse regarding this request.

*RFP 4*

Defendants confirm that, subject to their overarching objections relating to the pending motions and trade secret disclosures, they are willing to produce documents in their custody, possession, or control that are responsive to RFP 4, with production by Proton limited as you noted.

*Interrogatories 1, 2, 4, and 5*

Swan states in its email that Defendants' positions with regard to these interrogatories mirror the positions they have taken as to each respective RFP, and that Defendants' refusal to answer these interrogatories is based principally on the overarching objections based on the pending motions and trade secret disclosures. Defendants confirm that their objections to these interrogatories mirror their positions regarding the corresponding RFPs. But Defendants disagree with your characterization that Defendants' refusal to answer these interrogatories is based "principally" on the overarching objections discussed above.  Defendants maintain their overarching objections, but also refer you to the above discussion of RFP 1 to understand their specific objections to Interrogatory 1, the above discussion of RFP 2 to understand their specific objections to Interrogatory 2, and the above discussion of RFP 3 to understand their specific objections to Interrogatory 4.

*Interrogatory 3*

As addressed above, Defendants confirm that they will treat the unredacted discovery requests (including Interrogatory 3) and Paragraphs 183-85 of the Amended Complaint as "Confidential" under the current draft of the protective order. Defendants

4

are reviewing the unredacted discovery requests and will supplement their responses subject to their overarching objections relating to the pending motions and trade secret disclosures.

\* \* \*

Individual Defendants reserve all rights.

Best,

**Sylvia R. Ewald**



Goodwin Procter LLP
520 Broadway, Suite 500
Santa Monica, CA 90401
o  +1 424 436 3051
f  +1 213 947 1746
SEwald@goodwinlaw.com



---

**From:** Ryan Gorman <ryangorman@quinnemanuel.com>
**Sent:** Tuesday, April 1, 2025 7:27 PM
**To:** Kanny, Matthew P <MKanny@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Daniel Bergeson <dbergeson@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Adam Trigg <atrigg@be-law.com>; Fondo, Grant P <GFondo@goodwinlaw.com>
**Cc:** QE-Swan <qe-swan@quinnemanuel.com>
**Subject:** RE: Swan/Proton - Discovery Correspondence

\*\*\*EXTERNAL\*\*\*
Counsel,

Thank you for the call earlier today regarding Swan's targeted discovery requests.  We write to memorialize that discussion, which was a continuation of the March 26 conferral summarized in our March 26 email below.

For each of the discovery requests discussed below, we understand that Defendants are maintaining their overarching objections tied to Defendants' pending motions to dismiss, compel arbitration, and stay proceedings.  We also understand that Defendants are refusing to produce documents responsive to the below requests or provide answers in response to the below interrogatories on the basis of purported objections to Swan's Identification of Asserted Trade Secrets.  *See* Dkt. 111-1.  We explained during our last conferral and in subsequent correspondence why those complaints are misplaced.  *See* Gorman Mar. 26, 2025 Email.  We understand that the parties remain at an impasse on this issue.

Turning to the specific requests discussed during our call, we understand as follows:

- **RFP 4.**  This request seeks documents "sufficient to show [Defendants'] relationship with Elektron Energy, including but not limited to Documents sufficient to show Your involvement in the formation of Elektron Energy, Your involvement in the creation of Elektron-Energy.com, any email addresses associated with Elektron Energy that You maintain or control, and any GitHub accounts or repositories maintained by Elektron Energy that relate to Bitcoin mining (including but not limited to the 'elektron-tech' GitHub organization and repository named 'nxt')."  We understand that the Individual Defendants do not intend to withhold documents responsive to this request on any grounds other than the overarching objections referenced above.  And while Proton will not agree to produce documents concerning any other entity's or individual's relationship with Elektron Energy other than Proton's, we understand that Proton

5

otherwise does not intend to withhold responsive documents on any grounds other than the aforementioned overarching objections.

- **Interrogatories 1, 2, 4, and 5.** Interrogatories 1, 2, 4, and 5 address topics similar to those at issue in RFPs 1, 2, 3, and 4, respectively. We understand that Defendants' positions with regard to these interrogatories mirror the positions they have taken as to each respective RFP, and that Defendants' refusal to answer these interrogatories is based principally on the overarching objections identified above. In other words, Defendants will generally provide substantive answers to these interrogatories if the Court resolves issues related to their general objections in Swan's favor. During our call, we also discussed the relevance of the specific categories of information identified in Interrogatory 2, which mirror those outlined in RFP 2. As we explained during today's call and our March 26 call, the sought-after information is probative of whether Defendants have continued to engage in Bitcoin mining operations using the trade secret techniques they previously deployed while at Swan. Based on our call, we understand that, while Proton objects to creating new documents or compilations of those categories of information, Proton will not withhold responsive information that is otherwise available to it on relevance grounds.

- **Interrogatory 3.** During our call, we asked again whether you would agree to treat unredacted versions of Swan's targeted RFPs and interrogatories as "Confidential." *See* Gorman Feb. 14, 2025 Email; Landes Mar. 18, 2025 Ltr. As we said in our March 26 email, we will provide you with unredacted copies of the discovery requests if you agree to keep those versions "Confidential" pursuant to the agreed-to provisions in the draft Protective Order (Exhibit 1 to Swan's portion of the Joint Stipulation served on March 20) governing "Confidential" information. You may also share Paragraphs 183-185 of the Amended Complaint with your clients, if you will also agree to keep those portions "Confidential," pursuant to the agreed-to provisions in the draft Protective Order. We understand from our call that you are agreeing to treat this information accordingly. With that understanding and reserving all rights, we have attached the as-filed, unredacted discovery requests.

Thanks,

**Ryan Gorman**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7132 Direct (Office)
617.712.7100 Main Office Number
617.712.7200 FAX
ryangorman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Ryan Gorman
**Sent:** Wednesday, March 26, 2025 9:26 PM
**To:** Kanny, Matthew P <MKanny@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Daniel Bergeson <dbergeson@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Adam Trigg <atrigg@be-law.com>; Fondo, Grant P <GFondo@goodwinlaw.com>
**Cc:** QE-Swan <qe-swan@quinnemanuel.com>
**Subject:** RE: Swan/Proton - Discovery Correspondence

Counsel,

Thank you for speaking with us earlier today regarding Swan's targeted discovery requests. We write to memorialize that discussion and to follow up on particular issues.

During our call, Defendants confirmed that they did not intend to produce any documents in response to Swan's targeted RFPs, or provide any substantive answers to Swan's targeted interrogatories, on the basis of generalized objections to discovery that this Court has rejected three times. *See* Dkt. 119; Dkt. 142; Dkt. 156. We have explained at length why those generalized objections are baseless, *see* Landes Mar. 18, 2025 Ltr. at 2-3, and will not belabor those points here, other than to confirm that the parties remain at an impasse following our call.

You also stated that Defendants did not intend to produce any documents or provide any substantive answers to interrogatories on the basis of purported objections to Swan's Identification of Asserted Trade Secrets. *See* Dkt. 111-1. Swan served and filed that identification on February 14. Defendants' objections to Swan's targeted discovery requests did not explain why Defendants believed that identification to be insufficient, or identify a single specific deficiency in that identification. Instead, Defendants waited about six weeks, until 16 minutes before our scheduled conferral today, to send a letter outlining their purported concerns. *See* Kanny Mar. 26, 2025 Ltr. We believe Swan's trade secret identification is adequate, and moreover, Defendants' refusal to substantively engage with *any* of Swan's targeted RFPs or interrogatories on this basis is improper. As we explained during our call, the Court's January 7 Order Setting Scheduling Conference is clear that, while discovery "*into trade secrets*" cannot commence until after an identification of asserted trade secrets has been served and filed, Swan "may commence discovery on any other subject prior to the identification." Dkt. 95 at 6-7. We understand based on our call that Defendants interpret this language to bar any discovery into issues that may be relevant to Swan's claims for misappropriation of trade secrets—even discovery that would not involve disclosure of either side's trade secrets or confidential business information. We disagree. Nothing in the Court's January 7 Order permits Defendants to refuse to engage in discovery into subjects that do not seek trade secrets or depend on a definition of Swan's alleged trade secrets—*e.g.*, discovery into Proton's relationship with Elektron Energy. *See* RFP 4; Interrog. 5. We understand that the parties are at an impasse on this issue.

During our call, we also asked whether Defendants had any specific objections to particular RFPs or interrogatories upon which they were refusing to produce documents or information, beyond the blanket objections referenced above. While we did not have time to discuss each discovery request, we understand as follows regarding RFPs 1-3:

- **RFP 1.** This request seeks "[d]ocuments sufficient to show, for all Bitcoin mined by Proton (to include Bitcoin mined by mining pools Proton is a member of): a) the wallet address(es) to which that Bitcoin has been deposited, the Persons with access to or control over each wallet, and the corporate ownership of each Person; and b) the amount of Bitcoin deposited in each wallet, and when deposited."

    During our call, counsel for Proton stated that, other than the blanket objections referenced above, Proton's sole other objection to this request concerned the phrase "Bitcoin mined by Proton (to include Bitcoin mined by mining pools Proton is a member of)." We clarified that that phrase was intended to encompass any Bitcoin mined in connection with services that Proton, or its employees, agents, subsidiaries, or other affiliates, provide related to Bitcoin mining—for example, Bitcoin mined at Proton's direction or Bitcoin mined using infrastructure that Proton manages or oversees. We understand that this clarification alleviates Proton's concerns regarding the scope of this request.

    The Individual Defendants also object to this request as seeking information unrelated to Swan's forthcoming request for a preliminary injunction. As we explained during our call, documents sufficient to trace the proceeds from Bitcoin mined at the direction of Proton or in connection with services Proton provides are directly relevant the Individual Defendants' prior assertion that "Proton and the Individual Defendants are working only for 2040 Energy." Dkt. 29-1 at 12. The Individual Defendants previously argued that, because Swan's trade secrets were "being used solely for the benefit of 2040 Energy (in which Swan is a minority shareholder)," Swan could not establish irreparable harm. *Id.* at 4, 12. Defendants have repeatedly refused to confirm whether that prior representation remains true. The documents sought by RFP 1 are directly relevant to testing Defendants' prior assertions regarding irreparable harm, and thus relevant to Swan's forthcoming request for a preliminary injunction. We understand the Individual Defendants are nonetheless refusing to produce documents in response to RFP 1, and the parties are at an impasse.

- **RFP 2.** This request seeks "[d]ocuments sufficient to identify every Site that Proton is using or ever has used or plans to use to mine Bitcoin," including specific categories of documents that would tend to show whether Proton has continued to use Swan's trade secrets to manage mining operations at such sites.

    We understand that, blanket objections aside, Defendants do not object to producing documents concerning the sites that Proton is currently managing or has managed, or documents concerning sites which Proton has reached agreement to manage. However, Defendants are otherwise refusing to produce documents concerning mining sites that Proton "plans" to manage or oversee—for example, communications reflecting negotiations with potential mining sites, or documents analyzing whether to develop operations at a potential mining site. During our call, Defendants could not explain why searching for such documents would be unduly burdensome. We understand that the parties are at an impasse regarding documents responsive to RFP 2 that concern mining sites that Proton plans to manage or oversee.

- **RFP 3.** This request seeks "[d]ocuments sufficient to identify any Person for whom [Defendants] have offered any management or services relating to Bitcoin mining, including all agreements between [Defendants] and each such entity."

    The sole specific objection that Defendants raised to this request concerned the purported breadth of the word "offered." As we explained during our call, we do not understand—based on what we currently know of Proton's operations—why it would be overly burdensome to search for and produce documents concerning any offers that Proton has made to provide Bitcoin mining services to any other person or entity. So that we can better assess Defendants' objection, please provide us with any information that would substantiate Defendants' concerns over burden.

Finally, we also discussed Defendants' previous refusal to agree to treat unredacted versions of Swan's targeted RFPs and interrogatories as "Confidential." We have asked several times whether Defendants would agree to keep those versions "Confidential" (rather than "Attorneys' Eyes Only," as you suggested during our call). *See* Gorman Feb. 14, 2025 Email; Landes Mar. 18, 2025 Ltr. Regardless, as we reiterated during our conferral, we will provide you with unredacted copies of the discovery requests if you agree to keep those versions "Confidential" pursuant to the agreed-to provisions in the draft Protective Order (Exhibit 1 to Swan's portion of the Joint Stipulation served last Thursday) governing "Confidential" information. *See* Gorman Mar. 20, 2025 Email. During our call, you asked if you could share the portions of the Amended Complaint referenced in the discovery requests with your clients. Reserving all rights, Swan agrees that you may share Paragraphs 183-185 of the Amended Complaint with your clients, if Defendants will similarly agree to keep those portions "Confidential" pursuant to the agreed-to provisions in the draft Protective Order.

At the outset of our call, Defendants proposed that the parties meet and confer on Monday (March 31), following Friday's hearing on Defendants' pending motions, to identify any disputes regarding Swan's targeted discovery requests that remain after that hearing. Should disputes persist, and should Swan need to serve a joint stipulation on those issues later that day, you offered to provide Defendants' inserts to that joint stipulation by Thursday (April 3), and to cooperate to get the final joint stipulation on file by Friday (April 4). We are amenable to that proposal. Please provide your availability to resume our conferral on Monday.

Thanks,

**Ryan Gorman**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7132 Direct (Office)
617.712.7100 Main Office Number
617.712.7200 FAX
ryangorman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Jaideep Venkatesan <jvenkatesan@be-law.com>
**Sent:** Thursday, March 20, 2025 6:44 PM
**To:** Kanny, Matthew P <MKanny@goodwinlaw.com>; Ryan Gorman <ryangorman@quinnemanuel.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Daniel Bergeson <dbergeson@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Adam Trigg <atrigg@be-law.com>
**Cc:** QE-Swan <qe-swan@quinnemanuel.com>
**Subject:** RE: Swan/Proton - Discovery Correspondence

**[EXTERNAL EMAIL from jvenkatesan@be-law.com]**

We are available on Wednesday.

Regards,

Jay

**From:** Kanny, Matthew P <MKanny@goodwinlaw.com>
**Sent:** Thursday, March 20, 2025 2:53 PM
**To:** Ryan Gorman <ryangorman@quinnemanuel.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Daniel Bergeson <dbergeson@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Adam Trigg <atrigg@be-law.com>
**Cc:** QE-Swan <qe-swan@quinnemanuel.com>
**Subject:** RE: Swan/Proton - Discovery Correspondence

Ryan, we disagree with your characterizations and the substance of your letter, but on behalf of the Individual Defendants only, we are available to meet and confer on Tuesday from 1-1:45 PT and Wednesday from 9-12noon PT.  Thank you.

**From:** Ryan Gorman <ryangorman@quinnemanuel.com>
**Sent:** Tuesday, March 18, 2025 5:56 PM
**To:** Kanny, Matthew P <MKanny@goodwinlaw.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Daniel Bergeson <dbergeson@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Adam Trigg <atrigg@be-law.com>
**Cc:** QE-Swan <qe-swan@quinnemanuel.com>
**Subject:** Swan/Proton - Discovery Correspondence

***EXTERNAL***
Counsel,

Please see the attached correspondence.

Thanks,

**Ryan Gorman**
*Associate*

**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7132 Direct (Office)
617.712.7100 Main Office Number
617.712.7200 FAX
ryangorman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*