# EXHIBIT D

1  GRANT P. FONDO (SBN 181530)
   *GFondo@goodwinlaw.com*
2  **GOODWIN PROCTER LLP**
   601 Marshall Street
3  Redwood City, CA 94063
   Tel: +1 650 752 3100
4  Fax: +1 650 853 1038

5  MATTHEW P. KANNY (SBN 167118)
   *MKanny@goodwinlaw.com*
6  AARON S. THOMPSON (SBN 272391)
   *AThompson@goodwinlaw.com*
7  **GOODWIN PROCTER LLP**
   520 Broadway, Suite 500
8  Santa Monica, CA 90401-2449
   Tel.: +1 424 436 3001
9  Fax: +1 424 316 3280

10 AMANDA H. RUSSO (SBN 319617)
   *ARusso@goodwinlaw.com*
11 **GOODWIN PROCTER LLP**
   601 South Figueroa Street, Suite 4100
12 Los Angeles, California 90017
   Tel.: +1 213 426 2500
13 Fax: +1 213 623 1673

14 *Attorneys for Defendants Thomas*
   *Patrick Furlong, Ilios Corp., Michael*
15 *Alexander Holmes, Rafael Dias*
   *Monteleone, Santhiran Naidoo, Enrique*
16 *Romualdez, and Lucas Vasconcelos*

17                UNITED STATES DISTRICT COURT

18                CENTRAL DISTRICT OF CALIFORNIA

                     WESTERN DIVISION

19 ELECTRIC SOLIDUS, INC. d/b/a     | Case No. 2:24-cv-8280-MWC-E
   SWAN BITCOIN, a Delaware         |
20 corporation,                      |
                                     | **INDIVIDUAL DEFENDANTS**
21          Plaintiff,               | **THOMAS PATRICK FURLONG,**
                                     | **ILIOS CORP., MICHAEL**
22     v.                            | **ALEXANDER HOLMES, RAFAEL**
                                     | **DIAS MONTELEONE,**
23 PROTON MANAGEMENT LTD., a         | **SANTHIRAN NAIDOO, ENRIQUE**
   British Virgin Islands corporation; | **ROMUALDEZ, AND LUCAS**
24 THOMAS PATRICK FURLONG; ILIOS     | **VASCONCELOS'S OBJECTIONS**
   CORP., a California corporation;  | **AND RESPONSES TO**
25 MICHAEL ALEXANDER HOLMES;         | **PLAINTIFF'S FIRST SET OF**
   RAFAEL DIAS MONTELEONE;           | **REQUESTS FOR PRODUCTION**
26 SANTHIRAN NAIDOO; ENRIQUE         |
   ROMUALDEZ; and LUCAS              |
27 VASCONCELOS,                       |

28          Defendants.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the United States District Court for the Central District of California's Local Rules, Defendants Thomas Patrick Furlong, Michael Alexander Holmes, Ilios Corp. ("Ilios"), Rafael Dias Monteleone, Santhiran Naidoo, Enrique Romualdez and Lucas Vasconcelos (the "Individual Defendants") hereby object and respond ("Responses") to Plaintiff Electric Solidus, Inc., d/b/a Swan Bitcoin's ("Swan" or "Plaintiff") First Set of Requests for Production ("Requests"), dated February 14, 2025.

## **PRELIMINARY STATEMENT**

Individual Defendants have prepared these Responses based on their good faith understanding of each Request, and based upon their reasonable investigation to date.  Individual Defendants reserve their right to correct any errors or omissions and to revise their Response as a result of discussions or agreements with Plaintiff about the scope of the Requests.  By responding to the Requests, Individual Defendants do not admit that any of the allegations in the Action are accurate or sufficient to state any claims.  No other incidental or implied admissions are intended by these Responses.

Individual Defendants do not waive or intend to waive any objections that they may have regarding the use of any information provided and/or documents produced, and Individual Defendants expressly reserve the right to: (a) object to Plaintiff's use of any documents and/or information provided on the ground of inadmissibility; and (b) object on any and all proper grounds, at any time, to any other discovery involving or relating to any documents and/or information produced.  No incidental or implied admissions are intended by the Responses set forth herein.

These Responses are made solely for the purpose of this action.  Nothing herein shall be construed as an admission respecting the admissibility or the relevance of any facts, documents, or information, as an admission that documents or information exist, or as an admission as to the truth or accuracy of any

characterization or assertion contained in any Request. Each Response is subject to all objections as to competence, relevance, materiality, privilege, propriety, and admissibility, and any and all other objections on grounds that would require the exclusion of any statement herein if any of the Requests were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

## GENERAL OBJECTIONS

The following General Objections are hereby incorporated by reference into each and every specific Response set forth below. From time to time, a specific Response may repeat a General Objection for emphasis or on some other basis. The omission of any General Objection in any specific Response is not intended to be and should not be construed as a waiver or limitation of any General Objection to that Response. The inclusion of any specific objections in the Responses below is not intended as, nor shall it in any way be deemed, a waiver of any General Objection or of any specific objection made herein or that may be asserted at another date. Each General Objection to the Requests applies to each and every Request.

These Responses and any documents produced by Individual Defendants are based upon information and writings available to and located by Individual Defendants and its attorneys as of the time of service of these Responses. Individual Defendants reserves the right to rely on any facts, documents, or other evidence that may develop or subsequently come to its attention.

1. Individual Defendants object to the Requests, as well as each of Plaintiff's Instructions and Definitions, as vague, overly broad, unduly burdensome, oppressive, duplicative of other discovery, and beyond the proper scope of discovery.

2. Individual Defendants object to the Requests, as well as each of Plaintiff's Instructions and Definitions, to the extent they seek to impose obligations on Individual Defendants that are inconsistent with and/or beyond the scope of those imposed or authorized by the Federal Rules of Civil Procedure, the Central District

of California's Local Rules, and/or any other applicable statutes, rules, regulations or orders.

3.      Individual Defendants object to the Requests, as well as each of Plaintiff's Instructions and Definitions, to the extent they seek documents and/or information protected by the attorney-client privilege, work product doctrine, the common interest privilege, right to privacy, or other applicable privilege, protection, or doctrine. Individual Defendants will not construe the Requests as seeking any such documents and/or information, and none will be provided. Any disclosure of such documents and/or information is inadvertent, is not intended to, and does not constitute a waiver of the privilege or protection.

4.      Individual Defendants object to the Requests, as well as each of Plaintiff's Instructions and Definitions, to the extent they seek documents and/or information that are readily available to Plaintiff through public sources and records, do not exist, or are not reasonably available to or within Individual Defendants' knowledge, possession, custody, or control.

5.      Individual Defendants object to the Requests, as well as each of Plaintiff's Instructions and Definitions, to the extent that they seek information and/or documents about subjects that are irrelevant to the subject matter of this action and/or not reasonably calculated to lead to the discovery of admissible evidence.

6.      Individual Defendants object to the Requests, as well as each of Plaintiff's Instructions and Definitions, to the extent that the burden, expense, or intrusiveness of each Request clearly outweighs the likelihood that the documents and/or information sought will lead to the discovery of admissible evidence.

7.      Individual Defendants object to the Requests, as well as each of Plaintiff's Instructions and Definitions, to the extent that they call for an improper legal conclusion.  The Responses by Individual Defendants shall not be construed as providing a legal conclusion concerning the meaning or application of any terms or phrases used in Plaintiff's Requests.

8.     Individual Defendants object to the Requests, as well as each of Plaintiff's Instructions and Definitions,  to the extent that they purport to characterize the pleadings, claims, defenses, or factual matters in or involving this case.

9.     Individual Defendants object to the Requests, as well as each of Plaintiff's Instructions and Definitions, to the extent that they seek disclosure of confidential, personal, and/or private information, or information that is protected from disclosure by law, including, but not limited to, privacy laws, court orders, or any agreements with respect to confidentiality or nondisclosures.

10.     Individual Defendants object to the Requests, as well as each of Plaintiff's Instructions and Definitions, to the extent they seek the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business.

11.     Individual Defendants object to the Requests, as well as each of Plaintiff's Instructions and Definitions, to the extent they seek "any" or "all" documents and/or information on the grounds that such Requests are unduly burdensome and not consistent with Individual Defendants' duties and responsibilities under the Federal Rules of Civil Procedure and the United States District Court for the Central District of California's Local Rules.  Subject to all of the objections herein, if discovery in this Action proceeds, Individual Defendants will conduct a reasonable and diligent search in good faith to discover and identify the relevant documents and/or information properly sought by the Requests.

12.     Individual Defendants' Responses are made without in any way waiving or intending to waive, but rather are made preserving and intending to preserve:

a.  The right to object on any ground whatsoever to the production into evidence or other use of the Responses contained herein at any trial, arbitration, mediation, or any other proceeding in this matter or in any other action;

b.  The right to object on any ground whatsoever at any time to any

demand for further responses to the Requests; and

c. The right to provide supplemental responses to the Requests or otherwise to supplement, revise, or explain the information contained in the Responses and the testimony given in response to the Requests in light of information gathered through further investigation and discovery.

13.    Individual Defendants object to these Requests to the extent that they seek information that is protected from disclosure by international law, including but not limited to the European Union's General Data Protection Regulation ("GDPR").

14.    Individual Defendants object to these Requests on the grounds that they have not been properly served. Federal Rule of Civil Procedure 34 states that a party "must respond [to a request] in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). Federal Rule of Civil Procedure 5(b)(2) provides that service can be completed, among other ways, by a method agreed on by the parties, or by "sending it to a registered user by filing it with the court's electronic-filing system." Fed. R. Civ. P. 5(b)(2)(E), (F). However, United States District Court Central District of California's Local Rules 79-5.3 provides that "[f]iling a document under seal does not exempt the filer from the service requirement" and that when filing under seal, the filer cannot rely on the Court's CM/ECF System to effect service as provided in Local Rule 5-3.2.1. Accordingly, as these Requests were filed under seal, and the documents have not been sent via email to the Individual Defendants—contrary to Swan's representation to the Court from Stacylyn M. Doore that "a copy of [the Requests] was served via electronic mail to counsel for Defendants" (ECF. No. 115-3 at 14)—these Requests have not been served (via email, CM/ECF, or any other means) and the Individual Defendants are providing this Response as a courtesy.

15.    Individual Defendants object to these Requests on the grounds that they are made in breach of the agreement to arbitrate "any and all disputes" between the

Individual Defendants on one hand, and Swan on the other ((ECF No. 101, Exs. A-F) "Consulting Agreements"), which provide:

> CONSULTANT AGREES THAT ANY AND ALL CONTROVERSIES, CLAIMS, OR DISPUTES . . . ARISING OUT OF, RELATING TO, OR RESULTING FROM CONSULTANT'S CONSULTING OR OTHER RELATIONSHIP WITH THE COMPANY OR THE TERMINATION OF CONSULTANT'S CONSULTING OR OTHER RELATIONSHIP WITH THE COMPANY, INCLUDING ANY BREACH OF THIS AGREEMENT, SHALL BE SUBJECT TO BINDING ARBITRATION.

Consulting Agreements § 12.A (formatting in original). They further state:

> **CONSULTANT AGREES TO ARBITRATE ANY AND ALL . . . CLAIMS . . . , INCLUDING, BUT NOT LIMITED TO, . . . CLAIMS RELATING TO . . . [THE] RELATIONSHIP WITH THE COMPANY, AND CLAIMS OF BREACH OF CONTRACT, . . . CONSULTANT ALSO AGREES TO ARBITRATE ANY AND ALL DISPUTES ARISING OUT OF OR RELATING TO THE INTERPRETATION OR APPLICATION OF THIS AGREEMENT TO ARBITRATE. . . .** THIS AGREEMENT TO ARBITRATE ALSO APPLIES TO ANY DISPUTES THAT THE COMPANY MAY HAVE WITH CONSULTANT.

*Id.* at § 12.A (underline emphasis added). The Consulting Agreements also state that:

> EXCEPT AS PROVIDED BY THIS AGREEMENT, ARBITRATION SHALL BE THE SOLE, EXCLUSIVE, AND FINAL REMEDY FOR ANY DISPUTE BETWEEN CONSULTANT AND THE COMPANY. ACCORDINGLY, EXCEPT AS PROVIDED FOR BY THIS AGREEMENT, NEITHER CONSULTANT NOR THE COMPANY WILL BE PERMITTED TO PURSUE COURT ACTION

REGARDING CLAIMS THAT ARE SUBJECT TO ARBITRATION. *Id.* at § 12.C.  No provision in the agreement exempts Swan from the arbitration for any purpose other than to seek temporary injunctive relief in aid of arbitration, and there is no provision permitting Swan to obtain any discovery, plenary or in aid of arbitration, as set forth in the Individual Defendants' Motion to Compel Arbitration, and in the alternative, Motion to Dismiss (ECF Nos. 122 and 150).  Swan propounds these Requests in derogation of Individual Defendants' rights under the Consulting Agreements.  Individual Defendants reserve all rights relating to Swan's breach of the Consulting Agreements.  *Id.* at § Section 12.D.

16.    Individual Defendants object to these Requests on the grounds that the Requests bear no relation to temporary injunctive relief in aid of arbitration, the only potential form of discovery that may be allowed under the Consulting Agreements in this Court, and that further no arbitration is pending as to them.  These Requests are accordingly overly broad, unduly burdensome, oppressive, and beyond the proper scope of discovery.

17.    Individual Defendants object to these Requests on the grounds that the threshold issue as to Swan's ownership of any alleged trade secrets or Confidential Information is to be determined in accordance with the law of England and Wales and exclusively in the courts of England and Wales.  *See* ECF. No. 124("Motion to Stay").  As a result, discovery surrounding Swan's alleged trade secrets or Confidential Information is premature and should not be litigated in the above-captioned matter.

18.    Individual Defendants object to these Requests on the grounds that the threshold issue as to personal jurisdiction of this Court of Proton Management Ltd. is challenged and yet to be established.  *See* ECF. No. 121 at 5 ("Motion to Dismiss").  As a result, these Requests are premature to the extent they concern Proton Management Ltd.

19.     Individual Defendants object to these Requests on the grounds that Swan has failed to serve proper Section 2019.210 disclosures regarding the trade secrets that are purportedly the subject of its claims.  Under the Court's standing order and applicable law, discovery is thus premature and should not proceed.

## OBJECTIONS TO INSTRUCTIONS

20.     Individual Defendants object to Instruction Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 17, 18 19, 20 and 21, to the extent to which they seek to impose burdens greater than those required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the United States District Court for the Central District of California's Local Rules.

21.     Individual Defendants object to Instruction No. 1, which provides for a responsive timeframe of August 2, 2024 to the present (the "Relevant Period"), as such a time frame is overbroad and unduly burdensome, as well as Swan's request to provide responses and documents outside that time frame.

22.     Individual Defendants object to Instruction No. 13 to the extent that it introduces ambiguity into the Requests.  Uncapitalized terms will be given their ordinary meaning.

23.     Individual Defendants object to Instruction No. 16 to the extent that it states "entities or corporations other than natural persons shall be deemed to include, in addition to the entity named, its divisions, departments, subsidiaries, affiliates, parents, predecessors, present or former officers, present or former directors, employees, agents, representatives, accountants and attorneys, successors, and all other Persons acting or purporting to act on behalf of each such entity or corporation," as such an instruction is overbroad, unduly burdensome, vague and ambiguous.  For the purposes of responding to the Requests, Individual Defendants will construe the entity named to refer to the entity named and its known employees and directors.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

24.     Individual Defendants object to Instruction No. 18 to the extent that it seeks to characterize documents.  Any documents referred to by Plaintiff speak for themselves.

25.     Individual Defendants object to Instruction Nos. 19, 20, and 21, because the details of the format of any production of documents shall be the subject of a negotiated ESI protocol rather than Plaintiff's unilateral instructions.

<u>**OBJECTIONS TO DEFINITIONS**</u>

26.     Individual Defendants object to the definition of "Communication" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent it includes "whether or not the Communication was ever disclosed, sent, or transmitted." For purposes of responding to the Requests, Individual Defendants will exclude the portion noted above from the definition of "Communications" in the Requests, and interpret the otherwise overbroad definition not to impose a burden beyond what is required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Civil Rules of the U.S. District Court for the Central District of California.

27.     Individual Defendants object to the definition of "Defendant" and "Defendants" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes the Individual Defendants' "members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on their behalf."  For purposes of responding to the Requests, Individual Defendants will interpret "Defendant" and "Defendants" as referring to the named Defendants.

28.     Individual Defendants object to the definition of "Proton" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries,

and any other entities or Persons acting or purporting to act on its behalf." For purposes of responding to the Requests, Individual Defendants will interpret "Proton" as referring to Defendant Proton Management Ltd.

29.    Individual Defendants object to the definition of "Individual Defendants" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of their members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on their behalf." For purposes of responding to the Requests, Individual Defendants will interpret "Individual Defendants" as referring to the Individual Defendants described in the introduction to this Response.

30.    Individual Defendants object to the definition of "Elektron Energy" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf." For purposes of responding to the Requests, Individual Defendants will interpret "Elektron Energy" as referring to Elektron Management LLC.

31.    Individual Defendants object to the definition of "Expenditure" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "anything of value," or "a written contract, promise, or agreement to make an expenditure." For purposes of responding to the Requests, Individual Defendants will interpret "Expenditure" as "any purchase, payment, distribution, loan, advance, deposit, [or] gift of money."

32.    Individual Defendants object to the definition of "Complaint" or "Operative Complaint" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it is defined as "the most recent complaint filed in this

Action."  For purposes of responding to the Requests, Individual Defendants will interpret "Complaint" or "Operative Complaint" as ECF. No. 101.

33.    Individual Defendants object to the definition of "Ilios" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf."  For purposes of responding to the Requests, Individual Defendants will interpret "Ilios" as referring to Defendant Ilios Corp.

34.    Individual Defendants object to the definition of "You" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its [or their] members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its [or their] behalf."  For purposes of responding to the Requests, Individual Defendants will interpret "You" as referring to each of the Individual Defendants, and each Individual Defendant will be responding on behalf of himself or itself only.

35.    Individual Defendants object to the definition of "Site" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it is defined as "physical or virtual infrastructure where computational resources are used to perform Bitcoin mining operations."  For purposes of responding to the Requests, Individual Defendants will interpret "Site" as referring to a physical place where the mining of bitcoin occurs via the use of specialized mining hardware such as application-specific integrated circuits ("ASICs").

36.    Individual Defendants object to the definition of terms "relating to," "related to," and "in connection with" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it is defined as to "bring within the scope of the requests any information and Document that . . . implicitly comprises,

evidences, embodies, constitutes, describes, responds to, reflects, was reviewed in conjunction with, or was generated as a result of, the subject matter of the request." For purposes of responding to the Requests, Individual Defendants will interpret "relating to," "related to," and "in connection with" as referring to "any extent, relating to, referring to, reflecting, and their variants and shall be construed to bring within the scope of the requests any information and Document that explicitly comprises, evidences, embodies, constitutes, describes, responds to, reflects, was reviewed in conjunction with, or was generated as a result of, the subject matter of the request."

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1**:

Documents sufficient to show, for all Bitcoin mined by Proton (to include Bitcoin mined by mining pools Proton is a member of):

a) the wallet address(es) to which that Bitcoin has been deposited, the Persons with access to or control over each wallet, and the corporate ownership of each Person; and

b) the amount of Bitcoin deposited in each wallet, and when deposited.

For the avoidance of doubt, this includes the Bitcoin wallets referenced in paragraphs 183-185 of the Amended Complaint, as well as any Bitcoin wallets to which Proton has redirected the proceeds from the wallets described in those paragraphs of the Amended Complaint. *See* Dkt. 101, ¶¶ 183-185 [**REDACTED LINES 12-15**]

**RESPONSE TO REQUEST NO. 1**:

In addition to the Preliminary Statement, General Objections, Objections to Instructions, and Objections to Definitions, which the Individual Defendants incorporate by reference herein, Individual Defendants object to this Request because the full substance of the Request is not known to the Individual Defendants.

Individual Defendants reserve all rights to supplement this Response when or if the Request is shared with them.

Individual Defendants further object to this Request on the grounds that it is overly broad, unduly burdensome, and vague and ambiguous, including, but not limited to, the use of the undefined terms "mining pools," "member," "deposited," "access to or control over," "corporate ownership," "redirected," and "proceeds."

Individual Defendants further object to this Request on the grounds that it is overly broad, unduly burdensome, and vague and ambiguous, where the allegations in the Complaint and Swan's deficient Section 2019.210 disclosure do not sufficiently allege what constitutes Swan's alleged trade secrets or Swan's alleged Confidential Information, forcing Individual Defendants to speculate as to the relevancy of any information sought.

Individual Defendants further object to this Request to the extent that it seeks documents that are not relevant to the claims and defenses in the action, or are not proportional to the needs of the case.

Individual Defendants further object to this Request on the grounds that this Request bears no relation to temporary injunctive relief in aid of arbitration, the only potential form of discovery that may be allowed under the Consulting Agreements in this Court, and that further no arbitration is pending as to them.  This Request is accordingly overly broad, unduly burdensome, oppressive, and beyond the proper scope of discovery.

Individual Defendants further object to this Request on the grounds that it demands the production of confidential business, commercial, and other sensitive information that is disproportionate to the needs of the case.

Individual Defendants also object to this Request to the extent it requires disclosure of confidential third-party communications.

Individual Defendants further object to this Request to the extent it requires a search of documents and electronic records in the Individual Defendants' possession

that is not limited by custodian or relevant search terms because it is not reasonably particularized, is overbroad, and is disproportionate to the needs of the case.

Individual Defendants further object to this Request to the extent it requires production of documents that are already in the possession, custody, or control of Swan, equally available to Swan, available from sources to which Swan also has access, and/or obtainable from some other source that is more convenient, less burdensome, or less expensive.

Individual Defendants object to this Request on the grounds that it is overbroad and unduly burdensome in that it asks Individual Defendants to attempt to locate documents and information for the time period from August 2, 2024 to the present.

Individual Defendants also object to the request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, or any other applicable privilege, doctrine or protection.

Subject to and without waiving the foregoing objections, the Individual Defendants respond that, given the breadth and irrelevance of this Request and the fact that no arbitration demand has been filed and no motion for a preliminary injunction is pending, there is no basis for this Request for production of documents and they will produce no documents in response to this Request, to the extent any exist in their possession and control.

**REQUEST FOR PRODUCTION NO. 2**:

Documents sufficient to identify every Site that Proton is using or ever has used or plans to use to mine Bitcoin, including for each site (on a weekly basis, where applicable):

      a)  its location

      b)  number and type of ASICs deployed;

      c)  average hash rate;

      d)  downtime reports;

e)  curtailment periods;

f)  operational costs;

g)  the amount of Bitcoin mined;

h)  proceeds resulting from Bitcoin mining; and

i)  all agreements with or relating to the Site.

**RESPONSE TO REQUEST NO. 2**:

In addition to the Preliminary Statement, General Objections, Objections to Instructions, and Objections to Definitions, which the Individual Defendants incorporate herein by reference, Individual Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and vague and ambiguous, including, but not limited to, the use of the undefined terms "is using or ever has used or plans to use," or to the extent that it seeks the information "for each site" listed in a-i of the Request, which are undefined.

Individual Defendants further object to this Request on the grounds that it is overly broad, unduly burdensome, and vague and ambiguous, where the allegations in the Complaint and Swan's deficient Section 2019.210 disclosure do not sufficiently allege what constitutes Swan's alleged trade secrets or Swan's alleged Confidential Information, forcing Individual Defendants to speculate as to the relevancy of any information sought.

Individual Defendants further object to this Request to the extent that it seeks documents that are not relevant to the claims and defenses in the action, or are not proportional to the needs of the case.

Individual Defendants further object to this Request on the grounds that this Request bears no relation to temporary injunctive relief in aid of arbitration, the only potential form of discovery that may be allowed under the Consulting Agreements, and that further no arbitration is pending as to them. This Request is accordingly overly broad, unduly burdensome, oppressive, and beyond the proper scope of discovery.

Individual Defendants further object to this Request on the grounds that it demands the production of confidential business, commercial, and other sensitive information that is disproportionate to the needs of the case.

Individual Defendants also object to this Request to the extent it requires disclosure of confidential third-party communications.

Individual Defendants further object to this Request to the extent it requires a search of documents and electronic records in the Individual Defendants' possession that is not limited by custodian or relevant search terms because it is not reasonably particularized, is overbroad, and is disproportionate to the needs of the case.

Individual Defendants object to this Request on the grounds that it is overbroad and unduly burdensome in that it asks Individual Defendants to attempt to locate documents and information for the time period from August 2, 2024 to the present.

Individual Defendants also object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, or any other applicable privilege, doctrine or protection.

Subject to and without waiving the foregoing objections, the Individual Defendants respond that, given that no arbitration demand has been filed and no motion for a preliminary injunction is pending, Individual Defendants are unable to assess the proper scope of production and accordingly will produce no documents in response to this Request at this time, to the extent any exist in their possession and control.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify any Person for whom You have offered any management or services relating to Bitcoin mining, including all agreements between You and each such entity. For the avoidance of doubt, this request includes Documents sufficient to identify any Person for whom Elektron Energy has offered any management or services relating to Bitcoin mining, as well as any agreements

between Elektron Energy and each such Person.

**RESPONSE TO REQUEST NO. 3**:

In addition to the Preliminary Statement, General Objections, Objections to Instructions, and Objections to Definitions, which the Individual Defendants incorporate herein by reference, Individual Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and vague and ambiguous, including, but not limited to, the use of the undefined terms "management or services relating to Bitcoin mining," or "all agreements."

Individual Defendants further object to this Request on the grounds that it is overly broad, unduly burdensome, and vague and ambiguous, where the allegations in the Complaint and Swan's deficient Section 2019.210 disclosure do not sufficiently allege what constitutes Swan's alleged trade secrets or Swan's alleged Confidential Information, forcing Individual Defendants to speculate as to the relevancy of any information sought.

Individual Defendants further object to this Request to the extent that it seeks documents that are not relevant to the claims and defenses in the action, or are not proportional to the needs of the case.

Individual Defendants further object to this Request on the grounds that no arbitration is pending and, therefore, it is premature, nor can Individual Defendants assess whether this Request bears any relation to temporary injunctive relief in aid of arbitration, the only potential form of discovery that may be allowed under the Consulting Agreements in this Court.  This Request is accordingly overly broad, unduly burdensome, oppressive, and beyond the proper scope of discovery.

Individual Defendants further object to this Request on the grounds that it demands the production of confidential business, commercial, and other sensitive information that is disproportionate to the needs of the case.

Individual Defendants also object to this Request to the extent it requires disclosure of confidential third-party communications.

Individual Defendants further object to this Request to the extent it requires a search of documents and electronic records in the Individual Defendants' possession that is not limited by custodian or relevant search terms because it is not reasonably particularized, is overbroad, and is disproportionate to the needs of the case.

Individual Defendants object to this Request on the grounds that it is overbroad and unduly burdensome in that it asks Individual Defendants to attempt to locate documents and information for the time period from August 2, 2024 to the present.

Individual Defendants also object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, or any other applicable privilege, doctrine or protection.

Subject to and without waiving the foregoing objections, the Individual Defendants respond that, given that no arbitration demand has been filed and no motion for a preliminary injunction is pending, Individual Defendants are unable to assess the proper scope of production and accordingly will produce no documents in response to this Request at this time, to the extent any exist in their possession and controls.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show Your relationship with Elektron Energy, including but not limited to Documents sufficient to show Your involvement in the formation of Elektron Energy, Your involvement in the creation of Elektron-Energy.com, any email addresses associated with Elektron Energy that You maintain or control, and any GitHub accounts or repositories maintained by Elektron Energy that relate to Bitcoin mining (including but not limited to the "elektron-tech" GitHub organization and repository named "nxt").

**RESPONSE TO REQUEST NO. 4:**

In addition to the Preliminary Statement, General Objections, Objections to Instructions, and Objections to Definitions, which the Individual Defendants

incorporate herein by reference, Individual Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and vague and ambiguous, including, but not limited to, the use of the undefined terms "relationship," "maintain or control," "maintained by," "elektron-tech," or "nxt."

Individual Defendants further object to this Request on the grounds that it is overly broad, unduly burdensome, and vague and ambiguous, where the allegations in the Complaint and Swan's deficient Section 2019.210 disclosure do not sufficiently allege what constitutes Swan's alleged trade secrets or Swan's alleged Confidential Information, forcing Individual Defendants to speculate as to the relevancy of any information sought.

Individual Defendants further object to this Request to the extent that it seeks documents that are not relevant to the claims and defenses in the action, or are not proportional to the needs of the case.

Individual Defendants further object to this Request on the grounds that no arbitration is pending and, therefore, it is premature, nor can Individual Defendants assess whether this Request bears any relation to temporary injunctive relief in aid of arbitration, the only potential form of discovery that may be allowed under the Consulting Agreements in this Court.  This Request is accordingly overly broad, unduly burdensome, oppressive, and beyond the proper scope of discovery.

Individual Defendants further object to this Request on the grounds that it demands the production of confidential business, commercial, and other sensitive information that is disproportionate to the needs of the case.

Individual Defendants also object to this Request to the extent it requires disclosure of confidential third-party communications.

Individual Defendants further object to this Request to the extent it requires a search of documents and electronic records in the Individual Defendants' possession that is not limited by custodian or relevant search terms because it is not reasonably particularized, is overbroad, and is disproportionate to the needs of the case.

1    Individual Defendants further object to this Request to the extent it requires
2    production of documents that are already in the possession, custody, or control of
3    Swan, equally available to Swan, available from sources to which Swan also has
4    access, and/or obtainable from some other source that is more convenient, less
5    burdensome, or less expensive.

6    Individual Defendants object to this Request on the grounds that it is overbroad
7    and unduly burdensome in that it asks Individual Defendants to attempt to locate
8    documents and information for the time period from August 2, 2024 to the present.

9    Individual Defendants also object to this Request to the extent that it seeks
10   information protected from disclosure by the attorney-client privilege, the attorney
11   work-product doctrine, the common interest privilege, or any other applicable
12   privilege, doctrine or protection.

13   Subject to and without waiving the foregoing objections, the Individual
14   Defendants respond that, given that no arbitration demand has been filed and no
15   motion for a preliminary injunction is pending, Individual Defendants are unable to
16   assess the proper scope of production and accordingly will produce no documents in
17   response to this Request at this time, to the extent any exist in their possession and
18   control.

19

20                                  Respectfully submitted,

21   Dated:  March 17, 2025        By:  */s/ Grant P. Fondo*
22                                      MATTHEW P. KANNY (SBN 167118)
                                        *MKanny@goodwinlaw.com*
23                                      GRANT P. FONDO (SBN 181530)
                                        *GFondo@goodwinlaw.com*
24                                      AMANDA H. RUSSO (SBN 319617)
                                        *ARusso@goodwinlaw.com*
25                                      AARON S. THOMPSON (SBN 272391)
                                        *AThompson@goodwinlaw.com*
26                                      **GOODWIN PROCTER LLP**

27                                      *Attorneys for Specially Appearing*
28                                      *Defendants Thomas Patrick Furlong,*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Ilios Corp., Michael Alexander Holmes, Rafael Dias Monteleone, Santhiran Naidoo, Enrique Romualdez, and Lucas Vasconcelos*

## CERTIFICATE OF SERVICE

I, <u>Nirav Bhardwaj</u>, declare:

 I am employed in the County of San Mateo, California.  I am over the age of eighteen and not a party to this action.  My business address is Goodwin Procter LLP, 601 Marshall Street, Redwood City, California, 94063.

 On <u>March 17, 2025</u>, I served true copies of the following document exactly entitled:

- **INDIVIDUAL DEFENDANTS THOMAS PATRICK FURLONG, ILIOS CORP., MICHAEL ALEXANDER HOLMES, RAFAEL DIAS MONTELEONE, SANTHIRAN NAIDOO, ENRIQUE ROMUALDEZ, AND LUCAS VASCONCELOS'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

on the interested parties in this action, as follows:

**VIA EMAIL TRANSMISSION:**

Attorneys for Plaintiff ELECTRIC SOLIDUS, INC.
d/b/a SWAN BITCOIN

RYAN S. LANDES (State Bar No. 252642)
ryanlandes@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 S Figueroa Street, Floor 10
Los Angeles, CA 90017-5003
Telephone: (213) 443-3145
Facsimile: (213) 443-3100

STACYLYN M. DOORE (admitted pro hac vice)
stacylyndoore@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Telephone: (617) 712-7100
Facsimile: (617) 712-7200

RACHEL E. EPSTEIN (admitted pro hac vice)
rachelepstein@quinnemanuel.com

Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

JEFF W. NARDINELLI
jeffnardinelli@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California St., 22nd Fl.
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 876-6700

Attorneys for Specially Appearing Defendant
PROTON MANAGEMENT LTD.

DANIEL J. BERGESON, SBN 105439
dbergeson@be-law.com
REBECCA KAUFMAN, SBN 199534
rkaufman@be-law.com
JAIDEEP VENKATESAN, SBN 211386
jvenkatesan@be-law.com
ADAM C. TRIGG, SBN 261498
atrigg@be-law.com
BERGESON, LLP
111 N. Market Street, Suite 600
San Jose, CA 95113
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

I caused such document to be sent by email transmission to the parties indicated.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct, and that this declaration was executed on March 17, 2025, at Redwood City, California.

/s/ *Nirav Bhardwaj*
Nirav Bhardwaj