# EXHIBIT E

GRANT P. FONDO (SBN 181530)
*GFondo@goodwinlaw.com*
**GOODWIN PROCTER** LLP
601 Marshall Street
Redwood City, CA 94063
Tel: +1 650 752 3100
Fax: +1 650 853 1038

MATTHEW P. KANNY (SBN 167118)
*MKanny@goodwinlaw.com*
AARON S. THOMPSON (SBN 272391)
*AThompson@goodwinlaw.com*
**GOODWIN PROCTER** LLP
520 Broadway, Suite 500
Santa Monica, CA  90401-2449
Tel.: +1 424 436 3001
Fax: +1 424 316 3280

AMANDA H. RUSSO (SBN 319617)
*ARusso@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 South Figueroa Street, Suite 4100
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax: +1 213 623 1673

*Attorneys for Defendants Thomas Patrick Furlong, Ilios Corp., Michael Alexander Holmes, Rafael Dias Monteleone, Santhiran Naidoo, Enrique Romualdez, and Lucas Vasconcelos*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>PROTON MANAGEMENT LTD., a British Virgin Islands corporation; THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; SANTHIRAN NAIDOO; ENRIQUE ROMUALDEZ; and LUCAS | Case No. 2:24-cv-8280-MWC-E<br><br>**INDIVIDUAL DEFENDANTS THOMAS PATRICK FURLONG, ILIOS CORP., MICHAEL ALEXANDER HOLMES, RAFAEL DIAS MONTELEONE, SANTHIRAN NAIDOO, ENRIQUE ROMUALDEZ, AND LUCAS VASCONCELOS'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS** |

INDIVIDUAL DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

1 | VASCONCELOS,

2 |        Defendants.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the United States District Court for the Central District of California's Local Rules, Defendants Thomas Patrick Furlong, Michael Alexander Holmes, Ilios Corp. ("Ilios"), Rafael Dias Monteleone, Santhiran Naidoo, Enrique Romualdez and Lucas Vasconcelos (the "Individual Defendants") hereby object and respond ("Responses") to Plaintiff Electric Solidus, Inc., d/b/a Swan Bitcoin's ("**Swan**" or "**Plaintiff**") First Set of Interrogatories ("Interrogatories"), dated February 14, 2025.

## **PRELIMINARY STATEMENT**

Individual Defendants have prepared these Responses based on their good faith understanding of each of the Interrogatories, and based upon their reasonable investigation to date. Individual Defendants reserve their right to correct any errors or omissions and to revise the Response as a result of discussions or agreements with Plaintiff about the scope of the Interrogatories. By answering these Interrogatories, Individual Defendants do not admit that any of the allegations in the Action are accurate or sufficient to state any claims. No other incidental or implied admissions are intended by the Response.

Individual Defendants do not waive or intend to waive any objections that they may have regarding the use of any information provided and/or documents produced, and Individual Defendants expressly reserve the right to: (a) object to Plaintiff's use of any documents and/or information provided on the ground of inadmissibility; and (b) object on any and all proper grounds, at any time, to any other discovery involving or relating to any documents and/or information produced. No incidental or implied admissions are intended by the Responses set forth herein.

These Responses are made solely for the purpose of this action. Nothing herein shall be construed as an admission respecting the admissibility or the relevance of any facts, documents, or information, as an admission that documents or information exist, or as an admission as to the truth or accuracy of any

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

INDIVIDUAL DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

characterization or assertion contained in any Interrogatory. Each Response is subject to all objections as to competence, relevance, materiality, privilege, propriety, and admissibility, and any and all other objections on grounds that would require the exclusion of any statement herein if any of the Interrogatories were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

## **GENERAL OBJECTIONS**

The following General Objections are hereby incorporated by reference into each and every specific Response set forth below. From time to time, a specific Response may repeat a General Objection for emphasis or on some other basis. The omission of any General Objection in any specific Response is not intended to be and should not be construed as a waiver or limitation of any General Objection to that Response. The inclusion of any specific objections in the Responses below is not intended as, nor shall it in any way be deemed, a waiver of any General Objection or of any specific objection made herein or that may be asserted at another date. Each General Objection to the Interrogatories applies to each and every Interrogatory.

These Responses and any documents produced by Individual Defendants are based upon information and writings available to and located by Individual Defendants and its attorneys as of the time of service of these Responses. Individual Defendants reserves the right to rely on any facts, documents, or other evidence that may develop or subsequently come to its attention.

1. Individual Defendants object to the Interrogatories, as well as each of Plaintiff's Instructions and Definitions, as vague, overly broad, unduly burdensome, oppressive, duplicative of other discovery, and beyond the proper scope of discovery.

2. Individual Defendants object to the Interrogatories, as well as each of Plaintiff's Instructions and Definitions, to the extent they seek to impose obligations on Individual Defendants that are inconsistent with and/or beyond the scope of those

imposed or authorized by the Federal Rules of Civil Procedure, the Central District of California's Local Rules, and/or any other applicable statutes, rules, regulations or orders.

3. Individual Defendants object to the Interrogatories, as well as each of Plaintiff's Instructions and Definitions, to the extent they seek documents and/or information protected by the attorney-client privilege, work product doctrine, the common interest privilege, right to privacy, or other applicable privilege, protection, or doctrine. Individual Defendants will not construe the Interrogatories as seeking any such documents and/or information, and none will be provided. Any disclosure of such documents and/or information is inadvertent, is not intended to, and does not constitute a waiver of the privilege or protection.

4. Individual Defendants object to the Interrogatories, as well as each of Plaintiff's Instructions and Definitions, to the extent they seek documents and/or information that are readily available to Plaintiff through public sources and records, do not exist, or are not reasonably available to or within Individual Defendants' knowledge, possession, custody, or control.

5. Individual Defendants object to the Interrogatories, as well as each of Plaintiff's Instructions and Definitions, to the extent that they seek information and/or documents about subjects that are irrelevant to the subject matter of this action and/or not reasonably calculated to lead to the discovery of admissible evidence.

6. Individual Defendants object to the Interrogatories, as well as each of Plaintiff's Instructions and Definitions, to the extent that the burden, expense, or intrusiveness of each Interrogatory clearly outweighs the likelihood that the documents and/or information sought will lead to the discovery of admissible evidence.

7. Individual Defendants object to the Interrogatories, as well as each of Plaintiff's Instructions and Definitions, to the extent that they call for an improper legal conclusion. The Responses by Individual Defendants shall not be construed as

providing a legal conclusion concerning the meaning or application of any terms or phrases used in Plaintiff's Interrogatories.

8.      Individual Defendants object to the Interrogatories, as well as each of Plaintiff's Instructions and Definitions, to the extent that they purport to characterize the pleadings, claims, defenses, or factual matters in or involving this case.

9.      Individual Defendants object to the Interrogatories, as well as each of Plaintiff's Instructions and Definitions, to the extent that they seek disclosure of confidential, personal, and/or private information, or information that is protected from disclosure by law, including, but not limited to, privacy laws, court orders, or any agreements with respect to confidentiality or nondisclosures.

10.     Individual Defendants object to the Interrogatories, as well as each of Plaintiff's Instructions and Definitions, to the extent they seek the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business.

11.     Individual Defendants object to the Interrogatories, as well as each of Plaintiff's Instructions and Definitions, to the extent they seek "any" or "all" documents and/or information on the grounds that such Interrogatories are unduly burdensome and not consistent with Individual Defendants' duties and responsibilities under the Federal Rules of Civil Procedure, the United States District Court for the Central District of California's Local Rules, and/or any other applicable statutes, rules, regulations or orders.  Subject to all of the objections herein, if discovery in this Action proceeds, Individual Defendants will conduct a reasonable and diligent search in good faith to discover and identify the relevant and material facts and/or information properly sought by the Interrogatories.

12.     Individual Defendants' Responses are made without in any way waiving or intending to waive, but rather are made preserving and intending to preserve:

a. The right to object on any ground whatsoever to the production into evidence or other use of the Responses contained herein at any trial,

arbitration, mediation, or any other proceeding in this matter or in any other action;

b. The right to object on any ground whatsoever at any time to any demand for further responses to the Interrogatories; and

c. The right to provide supplemental responses to the Interrogatories or otherwise to supplement, revise, or explain the information contained in the Responses and the testimony given in response to the Interrogatories in light of information gathered through further investigation and discovery.

13. Individual Defendants object to these Interrogatories to the extent that they seek information that is protected from disclosure by international law, including but not limited to the European Union's General Data Protection Regulation ("GDPR").

14. Individual Defendants object to these Interrogatories insofar as they have not been properly served. Federal Rule of Civil Procedure 33 states that a party "must serve its answers and any objections within 30 days after being served." Fed. R. Civ. P. 33(b)(2). Federal Rule of Civil Procedure 5(b)(2) provides that service can be completed, among other ways, by a method agreed on by the parties, or by "sending it to a registered user by filing it with the court's electronic-filing system." Fed. R. Civ. P. 5(b)(2)(E), (F). However, United States District Court Central District of California's Local Rule 79-5.3 provides that "[f]iling a document under seal does not exempt the filer from the service requirement" and that when filing under seal, the filer cannot rely on the Court's CM/ECF System to effect service as provided in Local Rule 5-3.2.1. Accordingly, as these Interrogatories were filed under seal, and the documents have not been sent via email to the Individual Defendants—contrary to Swan's representation to the Court from Stacylyn M. Doore that "a copy of [the Interrogatories] was served via electronic mail to counsel for Defendants" (ECF. No. 115-2 at 11)—these Interrogatories have not been served (via email, CM/ECF, or any

other means) and the Individual Defendants are providing this Response as a courtesy.

15.    Individual Defendants object to these Interrogatories on the grounds that they are made in breach of the agreement to arbitrate "any and all disputes" between the Individual Defendants on one hand, and Swan on the other ((ECF No. 101, Exs. A-F) "Consulting Agreements"), which provide:

> CONSULTANT AGREES THAT ANY AND ALL
> CONTROVERSIES, CLAIMS, OR DISPUTES . . . ARISING OUT
> OF, RELATING TO, OR RESULTING FROM CONSULTANT'S
> CONSULTING OR OTHER RELATIONSHIP WITH THE
> COMPANY OR THE TERMINATION OF CONSULTANT'S
> CONSULTING OR OTHER RELATIONSHIP WITH THE
> COMPANY, INCLUDING ANY BREACH OF THIS AGREEMENT,
> SHALL BE SUBJECT TO BINDING ARBITRATION.

Consulting Agreements § 12.A (formatting in original). They further state:

> **CONSULTANT AGREES TO ARBITRATE ANY AND ALL . . .**
> **CLAIMS . . . , INCLUDING, BUT NOT LIMITED TO, . . .**
> **CLAIMS RELATING TO . . . [THE] RELATIONSHIP WITH**
> **THE COMPANY, AND CLAIMS OF BREACH OF CONTRACT,**
> **. . . CONSULTANT ALSO AGREES TO ARBITRATE ANY**
> **AND ALL DISPUTES ARISING OUT OF OR RELATING TO**
> **THE INTERPRETATION OR APPLICATION OF THIS**
> **AGREEMENT TO ARBITRATE. . . .** THIS AGREEMENT TO
> ARBITRATE ALSO APPLIES TO ANY DISPUTES THAT THE
> COMPANY MAY HAVE WITH CONSULTANT.

*Id.* at § 12.A (underline emphasis added). The Consulting Agreements also state that:

> EXCEPT AS PROVIDED BY THIS AGREEMENT, ARBITRATION
> SHALL BE THE SOLE, EXCLUSIVE, AND FINAL REMEDY FOR

1    ANY DISPUTE BETWEEN CONSULTANT AND THE COMPANY.

2    ACCORDINGLY, EXCEPT AS PROVIDED FOR BY THIS

3    AGREEMENT, NEITHER CONSULTANT NOR THE COMPANY

4    WILL BE PERMITTED TO PURSUE COURT ACTION

5    REGARDING CLAIMS THAT ARE SUBJECT TO ARBITRATION.

6    *Id.* at § 12.C.  No provision in the agreement exempts Swan from the arbitration for

7    any purpose other than to seek temporary injunctive relief in aid of arbitration, and

8    there is no provision permitting Swan to obtain any discovery, plenary or in aid of

9    arbitration, as set forth in the Individual Defendants' Motion to Compel Arbitration,

10   and in the alternative, Motion to Dismiss (ECF Nos. 122 and 150).  Swan propounds

11   these Interrogatories in derogation of Individual Defendants' rights under the

12   Consulting Agreements.  Individual Defendants reserve all rights relating to Swan's

13   breach of the Consulting Agreements.  *Id.* at § Section 12.D.

14       16.    Individual Defendants object to these Interrogatories on the grounds that

15   the Interrogatories bear no relation to temporary injunctive relief in aid of arbitration,

16   the only potential form of discovery that may be allowed under the Consulting

17   Agreements in this Court, and that further no arbitration is pending as to them.  These

18   Interrogatories are accordingly overly broad, unduly burdensome, oppressive, and

19   beyond the proper scope of discovery.

20       17.    Individual Defendants object to these Interrogatories on the grounds that

21   the threshold issue as to Swan's ownership of any alleged trade secrets or

22   Confidential Information is to be determined in accordance with the law of England

23   and Wales and exclusively in the courts of England and Wales.  *See* ECF. No. 124-1

24   at 5 ("Motion to Stay").  As a result, discovery surrounding Swan's alleged trade

25   secrets or Confidential Information is premature and should not be litigated in the

26   above-captioned matter.

27       18.    Individual Defendants object to these Requests on the grounds that the

28   threshold issue as to personal jurisdiction of this Court of Proton Management Ltd.

is challenged and yet to be established.  *See* ECF. No. 121 at 5 ("Motion to Dismiss"). As a result, these Requests are premature to the extent they concern Proton Management Ltd.

19.    Individual Defendants object to these Interrogatories on the grounds that Swan has failed to serve proper Section 2019.210 disclosures regarding the trade secrets that are purportedly the subject of its claims.  Under the Court's standing order and applicable law, discovery is thus premature and should not proceed.

## OBJECTIONS TO INSTRUCTIONS

1.    Individual Defendants object to the Instructions to the extent they seek to impose burdens greater than those required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the United States District Court for the Central District of California's Local Rules, and/or any other applicable statutes, rules, regulations or orders.

2.    Individual Defendants object to Instruction No. 1, which provides for a responsive timeframe of August 2, 2024, to the present (the "Relevant Period"), as overbroad and unduly burdensome, and will respond as to the date of service of these Responses.

3.     Individual Defendants object to Instruction No. 5, which provides for a continuing obligation to amend these Responses, as overbroad and unduly burdensome, and will respond only as of the date of service of these Responses.

## OBJECTIONS TO DEFINITIONS

1.    Individual Defendants object to the definition of "Communication" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent it includes "whether or not the Communication was ever disclosed, sent, or transmitted."   For purposes of responding to the Interrogatories, Individual Defendants will exclude the portion noted above from the definition of "Communications" in the Interrogatories, and interpret the otherwise overbroad definition not to impose a burden beyond what is required by the Federal Rules of

Civil Procedure, the Federal Rules of Evidence, and the Local Civil Rules of the U.S. District Court for the Central District of California.

2.      Individual Defendants object to the definition of "Defendant" and "Defendants" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes the Individual Defendants' "members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on their behalf." For purposes of responding to the Interrogatories, Individual Defendants will interpret "Defendant" and "Defendants" as referring to the named Defendants.

3.      Individual Defendants object to the definition of "Proton" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf." For purposes of responding to the Interrogatories, Individual Defendants will interpret "Proton" as referring to Defendant Proton Management Ltd.

4.      Individual Defendants object to the definition of "Individual Defendants" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of their members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on their behalf." For purposes of responding to the Interrogatories, Individual Defendants will interpret "Individual Defendants" as referring to the Individual Defendants.

5.      Individual Defendants object to the definition of "Proton Agent" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any present or former officers, directors, employees, consultants,

agents, or other individuals or entities who have performed or are performing services on behalf of Proton." For purposes of responding to the Interrogatories, Individual Defendants will interpret "Proton Agent" as referring to Defendant Proton Management Ltd.

6.    Individual Defendants object to the definition of "Elektron Energy" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf." For purposes of responding to the Interrogatories, Individual Defendants will interpret "Elektron Energy" as referring to Elektron Management LLC.

7.    Individual Defendants object to the definition of "Expenditure" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "anything of value," or a " promise, or agreement to make an expenditure." For purposes of responding to the Interrogatories, Individual Defendants will interpret "Expenditure" as "any purchase, payment, distribution, loan, advance, deposit, [or] gift of money."

8.    Individual Defendants object to the definition of "Complaint" or "Operative Complaint" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it is defined as "the most recent complaint filed in this Action." For purposes of responding to the Interrogatories, Individual Defendants will interpret "Complaint" or "Operative Complaint" as ECF. No. 101.

9.    Individual Defendants object to the definition of "Ilios" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf." For purposes of

responding to the Interrogatories, Individual Defendants will interpret "Ilios" as referring to Defendant Ilios Corp.

10.     Individual Defendants object to the definition of "You" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its [or their] members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its [or their] behalf." For purposes of responding to the Interrogatories, Individual Defendants will interpret "You" as referring to each of the Individual Defendants, and each Individual Defendant will be responding on behalf of himself or itself only.

11.     Individual Defendants object to the definition of "Site" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it is defined as "physical or virtual infrastructure where computational resources are used to perform Bitcoin mining operations."   For purposes of responding to the Interrogatories, Individual Defendants will interpret "Site" as referring to a physical place where the mining of bitcoin occurs via the use of specialized mining hardware such as application-specific integrated circuits ("ASICs").

12.     Individual Defendants object to the definition of terms "relating to," "related to," and "in connection with" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it is defined as to "bring within the scope of the [Interrogatories] any information and Document that . . . implicitly comprises, evidences, embodies, constitutes, describes, responds to, reflects, was reviewed in conjunction with, or was generated as a result of, the subject matter of the request."   For purposes of responding to the Interrogatories, Individual Defendants will interpret "relating to," "related to," and "in connection with" as referring to "any extent, relating to, referring to, reflecting, and their variants and shall be construed to bring within the scope of the [Interrogatories] any information and Document that explicitly comprises, evidences, embodies, constitutes, describes,

1    responds to, reflects, was reviewed in conjunction with, or was generated as a result

2    of, the subject matter of the request."

3    **SPECIFIC OBJECTIONS AND RESPONSES**

4    **INTERROGATORY  NO. 1:**

5    From the time period beginning August 2, 2024 through present, identify all

6    Bitcoin wallets to which Proton has deposited mined Bitcoin and the amounts

7    deposited, including:

8    a) each wallet address to which mined Bitcoin has been deposited and the

9    individuals with access to or control over each wallet; and

10    b) the amount of Bitcoin deposited in each wallet, and when deposited.

11    For the avoidance of doubt, this includes the Bitcoin wallets referenced in paragraphs

12    183-185 of the Amended Complaint, as well as any Bitcoin wallets to which Proton

13    has redirected the proceeds from the wallets described in those paragraphs of the

14    Amended Complaint.

15    **RESPONSE TO INTERROGATORY NO. 1:**

16    In addition to the Preliminary Statement, General Objections, Objections to

17    Instructions, and Objections to Definitions, which the Individual Defendants

18    incorporate herein by reference, Individual Defendants object to this Interrogatory on

19    the grounds that it is overly broad, unduly burdensome, and vague and ambiguous,

20    including, but not limited to, the use of the undefined terms "deposited," "mined

21    Bitcoin," "access to or control over," "redirected," and "proceeds."

22    Individual Defendants further object to this Interrogatory on the grounds that

23    it is overly broad, unduly burdensome, and vague and ambiguous, where the

24    allegations in the Complaint and Swan's deficient Section 2019.210 disclosure do

25    not sufficiently allege what constitutes Swan's alleged trade secrets or Swan's

26    alleged Confidential Information, forcing Individual Defendants to speculate as to

27    the relevancy of any information sought.

28

Goodwin Procter LLP
Attorneys at Law

1    Individual Defendants further object to this Interrogatory to the extent that it

2    seeks information that is not relevant to the claims and defenses in the action, or are

3    not proportional to the needs of the case.

4    Individual Defendants further object to this Interrogatory on the grounds that

5    this Interrogatory bears no relation to temporary injunctive relief in aid of arbitration,

6    the only potential form of discovery that may be allowed under the Consulting

7    Agreements in this Court, and that no arbitration is pending as to them.  This

8    Interrogatory is accordingly overly broad, unduly burdensome, oppressive, and

9    beyond the proper scope of discovery.

10    Individual Defendants further object to this Interrogatory on the grounds that

11    it seeks information about Bitcoin wallets that Proton allegedly made deposits into,

12    and therefore calls for speculation on the part of the Individual Defendants.

13    Individual Defendants further object to this Interrogatory on the grounds that

14    it demands the production of confidential business, commercial, and/or other

15    sensitive information that is disproportionate to the needs of the case.

16    Individual Defendants also object to this Interrogatory to the extent it requires

17    disclosure of confidential third-party communications.

18    Individual Defendants further object to this Interrogatory to the extent it

19    requires a search of documents and electronic records in the Individual Defendants'

20    possession that is not limited by custodian or relevant search terms because it is not

21    reasonably particularized, is overbroad, and is disproportionate to the needs of the

22    case.

23    Individual Defendants also object to this Interrogatory to the extent that it

24    seeks information protected from disclosure by the attorney-client privilege, the

25    attorney work-product doctrine, the common interest privilege, or any other

26    applicable privilege, doctrine or protection.

27    **INTERROGATORY  NO. 2:**

28    Identify all Sites at which Proton has mined Bitcoin, and for each Site, describe

on a weekly basis:

      a) its location

      b) number and type of ASICs deployed;

      c) average hash rate;

      d) downtime reports;

      e) curtailment periods;

      f) operational costs;

      g) the amount of Bitcoin mined;

      h) proceeds resulting from Bitcoin mining; and

      i) all agreements with or relating to the Site including any agreements or updates to agreements entered into since August 2, 2024.

## RESPONSE TO INTERROGATORY NO. 2:

In addition to the Preliminary Statement, General Objections, Objections to Instructions, and Objections to Definitions, which the Individual Defendants incorporate herein by reference, Individual Defendants object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vague and ambiguous, including, but not limited to, as to the term "Proton has mined," and to the extent that it seeks the information "for each site" listed in a-i of the Interrogatory, which are undefined.

Individual Defendants further object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vague and ambiguous, where the allegations in the Complaint and Swan's deficient Section 2019.210 disclosure do not sufficiently allege what constitutes Swan's alleged trade secrets or Swan's alleged Confidential Information, forcing Individual Defendants to speculate as to the relevancy of any information sought.

1    Individual Defendants further object to this Interrogatory to the extent that it

2    seeks information that is not relevant to the claims and defenses in the action, or are

3    not proportional to the needs of the case.

4    Individual Defendants further object to this Interrogatory on the grounds that

5    this Interrogatory bears no relation to temporary injunctive relief in aid of arbitration,

6    the only possible form of discovery that may be allowed under the Consulting

7    Agreements in this Court, and that no arbitration is pending as to them.  This

8    Interrogatory is accordingly overly broad, unduly burdensome, oppressive, and

9    beyond the proper scope of discovery.

10    Individual Defendants further object to this Interrogatory on the grounds that

11    it seeks information about Sites that Proton has mined, and therefore calls for

12    speculation on the part of the Individual Defendants.

13    Individual Defendants further object to this Interrogatory on the grounds that

14    it demands the production of confidential business, commercial, and other sensitive

15    information that is disproportionate to the needs of the case.

16    Individual Defendants also object to this Interrogatory to the extent it requires

17    disclosure of confidential third-party communications.

18    Individual Defendants further object to this Interrogatory to the extent it

19    requires a search of documents and electronic records in the Individual Defendants'

20    possession that is not limited by custodian or relevant search terms because it is not

21    reasonably particularized, is overbroad, and is disproportionate to the needs of the

22    case.

23    Individual Defendants also object to the Interrogatory to the extent that it seeks

24    information protected from disclosure by the attorney-client privilege, the attorney

25    work-product doctrine, the common interest privilege, or any other applicable

26    privilege, doctrine or protection.

27    **INTERROGATORY  NO. 3**:

28    Explain why [**REDACTED, p. 7, ln. 27 - p. 8, lns. 1-4**]

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the Preliminary Statement, General Objections, Objections to Instructions, and Objections to Definitions, which the Individual Defendants incorporate herein by reference, Individual Defendants object to this Interrogatory because the substance of the Interrogatory remains redacted it, is not known to the Individual Defendants and therefore cannot be responded to. Individual Defendants reserve all rights to supplement this Response when or if the Interrogatory is shared with them.

**INTERROGATORY NO. 4**:

Identify and describe any management or services relating to Bitcoin mining that You have offered to any Person, including all agreements between You and each such Person. For the avoidance of doubt, this interrogatory encompasses any management or services relating to Bitcoin mining that Elektron Energy has offered to any Person, as well as agreements between Elektron Energy and each such Person.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the Preliminary Statement, General Objections, Objections to Instructions, and Objections to Definitions, which the Individual Defendants incorporate herein by reference, Individual Defendants object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vague and ambiguous, including, but not limited to, the use of the undefined terms "management or services relating to Bitcoin mining," and "all agreements."

Individual Defendants further object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vague and ambiguous, where the allegations in the Complaint and Swan's deficient Section 2019.210 disclosure do not sufficiently allege what constitutes Swan's alleged trade secrets or Swan's alleged Confidential Information, forcing Individual Defendants to speculate as to the relevancy of any information sought.

Individual Defendants further object to this Interrogatory to the extent that it seeks information that is not relevant to the claims and defenses in the action, or are not proportional to the needs of the case.

Individual Defendants further object to this Interrogatory on the grounds that no arbitration is pending and, therefore, this Interrogatory is premature, nor can Individual Defendants assess whether this Interrogatory bears any relation to temporary injunctive relief in aid of arbitration, the only form of discovery that may be allowed under the Consulting Agreements in this Court.  This Interrogatory is accordingly overly broad, unduly burdensome, oppressive, and beyond the proper scope of discovery.

Individual Defendants further object to this Interrogatory on the grounds that it demands the production of confidential business, commercial, and other sensitive information that is disproportionate to the needs of the case.

Individual Defendants also object to this Interrogatory to the extent it requires disclosure of confidential third-party communications.

Individual Defendants further object to this Interrogatory to the extent it requires the preparation of information that is already in the possession, custody, or control of Swan, equally available to Swan, available from sources to which Swan also has access, and/or obtainable from some other source that is more convenient, less burdensome, or less expensive.

Individual Defendants also object to the Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, or any other applicable privilege, doctrine or protection.

**INTERROGATORY NO. 5:**

Describe Your relationship with Elektron Energy, including but not limited to describing Your involvement in the formation of Elektron Energy, describing Your involvement in the creation of Elektron-Energy.com, identifying any email addresses

1  associated with Elektron Energy that You maintain or control, and identifying any

2  GitHub accounts or repositories maintained by Elektron Energy that relate to Bitcoin

3  mining.

4  **RESPONSE TO INTERROGATORY NO. 5:**

5      In addition to the Preliminary Statement, General Objections, Objections to

6  Instructions, and Objections to Definitions, which the Individual Defendants

7  incorporate herein by reference, Individual Defendants object to this Interrogatory on

8  the grounds that it is overly broad, unduly burdensome, and vague and ambiguous,

9  including, but not limited to, the use of the undefined terms "relationship,"

10 "formation," "creation," and "maintain or control."

11     Individual Defendants further object to this Interrogatory on the grounds that

12 it is overly broad, unduly burdensome, and vague and ambiguous, where the

13 allegations in the Complaint and Swan's deficient Section 2019.210 disclosure do

14 not sufficiently allege what constitutes Swan's alleged trade secrets or Swan's

15 alleged Confidential Information, forcing Individual Defendants to speculate as to

16 the relevancy of any information sought.

17     Individual Defendants further object to this Interrogatory to the extent that it

18 seeks information that is not relevant to the claims and defenses in the action, or are

19 not proportional to the needs of the case.

20     Individual Defendants further object to this Interrogatory on the grounds that

21 no arbitration is pending and, therefore, the Interrogatory is premature, nor can

22 Individual Defendants assess whether the Request bears any relation to temporary

23 injunctive relief in aid of arbitration, the only potential form of discovery that may

24 be allowed under the Consulting Agreements.  This Interrogatory is accordingly

25 overly broad, unduly burdensome, oppressive, and beyond the proper scope of

26 discovery.

27

28

1    Individual Defendants further object to this Interrogatory on the grounds that
2    it demands the production of confidential business, commercial, and/or other
3    sensitive information that is disproportionate to the needs of the case.

4    Individual Defendants also object to this Interrogatory to the extent it requires
5    disclosure of confidential third-party communications.

6    Individual Defendants further object to this Interrogatory to the extent it
7    requires a search of documents and electronic records in the Individual Defendants'
8    possession that is not limited by custodian or relevant search terms because it is not
9    reasonably particularized, is overbroad, and is disproportionate to the needs of the
10   case.

11   Individual Defendants further object to this Interrogatory to the extent it
12   requires the preparation of information that is already in the possession, custody, or
13   control of Swan, equally available to Swan, available from sources to which Swan
14   also has access, and/or obtainable from some other source that is more convenient,
15   less burdensome, or less expensive.

16   Individual Defendants object to this Interrogatory on the grounds that it is
17   overbroad and unduly burdensome in that it asks Individual Defendants to attempt to
18   locate information for the time period from August 2, 2024 to the present.

19   Individual Defendants also object to the Interrogatory to the extent that it seeks
20   information protected from disclosure by the attorney-client privilege, the attorney
21   work-product doctrine, the common interest privilege, or any other applicable
22   privilege, doctrine or protection.

23                                    Respectfully submitted,

24   Dated:  March 17, 2025        By:  */s/ Grant P. Fondo*
25                                      MATTHEW P. KANNY (SBN 167118)
                                        *MKanny@goodwinlaw.com*
26                                      GRANT P. FONDO (SBN 181530)
                                        *GFondo@goodwinlaw.com*
27                                      AMANDA H. RUSSO (SBN 319617)
                                        *ARusso@goodwinlaw.com*
28                                      AARON S. THOMPSON (SBN 272391)

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

INDIVIDUAL DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

1

*AThompson@goodwinlaw.com*
**GOODWIN PROCTER** LLP

2

3

*Attorneys for Specially Appearing*
*Defendants Thomas Patrick Furlong,*
*Ilios Corp., Michael Alexander Holmes,*
*Rafael Dias Monteleone, Santhiran*
*Naidoo, Enrique Romualdez, and Lucas*
*Vasconcelos*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, <u>Nirav Bhardwaj</u>, declare:

      I am employed in the County of San Mateo, California.  I am over the age of eighteen and not a party to this action.  My business address is Goodwin Procter LLP, 601 Marshall Street, Redwood City, California, 94063.

      On <u>March 17, 2025</u>, I served true copies of the following document exactly entitled:

- **INDIVIDUAL DEFENDANTS THOMAS PATRICK FURLONG, ILIOS CORP., MICHAEL ALEXANDER HOLMES, RAFAEL DIAS MONTELEONE, SANTHIRAN NAIDOO, ENRIQUE ROMUALDEZ, AND LUCAS VASCONCELOS'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS**

on the interested parties in this action, as follows:

**VIA EMAIL TRANSMISSION:**

Attorneys for Plaintiff ELECTRIC SOLIDUS, INC.
d/b/a SWAN BITCOIN

RYAN S. LANDES (State Bar No. 252642)
ryanlandes@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 S Figueroa Street, Floor 10
Los Angeles, CA 90017-5003
Telephone: (213) 443-3145
Facsimile: (213) 443-3100

STACYLYN M. DOORE (admitted pro hac vice)
stacylyndoore@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Telephone: (617) 712-7100
Facsimile: (617) 712-7200

RACHEL E. EPSTEIN (admitted pro hac vice)
rachelepstein@quinnemanuel.com

1  Quinn Emanuel Urquhart & Sullivan, LLP
2  295 Fifth Avenue
   New York, NY 10016
3  Telephone: (212) 849-7000
4  Facsimile: (212) 849-7100

5  JEFF W. NARDINELLI
6  jeffnardinelli@quinnemanuel.com
   Quinn Emanuel Urquhart & Sullivan, LLP
7  50 California St., 22nd Fl.
   San Francisco, CA 94111
8  Telephone: (415) 875-6600
9  Facsimile: (415) 876-6700

10

11 Attorneys for Specially Appearing Defendant
12 PROTON MANAGEMENT LTD.

13 DANIEL J. BERGESON, SBN 105439
14 dbergeson@be-law.com
   REBECCA KAUFMAN, SBN 199534
15 rkaufman@be-law.com
   JAIDEEP VENKATESAN, SBN 211386
16 jvenkatesan@be-law.com
   ADAM C. TRIGG, SBN 261498
17 atrigg@be-law.com
18 BERGESON, LLP
   111 N. Market Street, Suite 600
19 San Jose, CA 95113
20 Telephone: (408) 291-6200
   Facsimile: (408) 297-6000
21

22

23 I caused such document to be sent by email transmission to the parties indicated.

24
   I declare under penalty of perjury under the laws of the state of California
25 that the foregoing is true and correct, and that this declaration was executed on
   March 17, 2025, at Redwood City, California.
26

27
                                    /s/ Nirav Bhardwaj
28                                  Nirav Bhardwaj

Goodwin Procter LLP
Attorneys at Law

INDIVIDUAL DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

-22-