# EXHIBIT F

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**213-443-3145**

WRITER'S EMAIL ADDRESS
**ryanlandes@quinnemanuel.com**

March 18, 2025

**Via E-Mail**

dbergeson@be-law.com
rkaufman@be-law.com
jvenkatesan@be-law.com
atrigg@be-law.com

MKanny@goodwinlaw.com
GFondo@goodwinlaw.com
AThompson@goodwinlaw.com
ARusso@goodwinlaw.com

Daniel J. Bergeson
Rebecca Kaufman
Jaideep Venkatesan
Adam C. Trigg
BERGESON, LLP
111 N. Market Street, Suite 600
San Jose, CA 95113

Matthew P. Kanny
Aaron S. Thompson
GOODWIN PROCTER LLP
520 Broadway, Suite 500
Santa Monica, CA 90401-2449

Re:   *Electric Solidus, Inc. v. Proton Management Ltd. et al.*, No. 2:24-cv-08280

Counsel,

We write on behalf of Electric Solidus, Inc. d/b/a Swan Bitcoin ("Swan") regarding Proton's and the Individual Defendants' blanket objections to Swan's First Targeted Set of Requests for Production and Interrogatories to Defendants, served February 14, 2025 (the "RFPs" and "Interrogatories").

Since learning of Swan's intention to seek targeted discovery on the subjects outlined in the RFPs and Interrogatories, *see* Doore Jan. 22, 2025 Email, Defendants repeatedly indicated that they would evaluate the substance of each request to determine whether they were willing to provide the specific information sought by each request. During multiple conferrals—on January 23, February 7, and February 21—Defendants refused to say whether their responses to the RFPs and Interrogatories would substantively engage with each request, or simply include blanket objections. Despite this, Defendants' responses to the RFPs and Interrogatories contain nothing more than boilerplate objections to all discovery that do not engage with each RFP or Interrogatory.

quinn emanuel urquhart & sullivan, llp
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

None of the objections is valid.  We first address the general objections upon which Defendants rely,[1] before turning to the substance of each RFP and Interrogatory.

**GENERAL OBJECTIONS**

Both Proton's and the Individual Defendants' blanket objections to the RFPs and Interrogatories confirm that Defendants are refusing to participate in any discovery in this action on the basis of generalized objections that this Court has rejected three times.  *See* Dkt. 119 (Civil Trial Order, entering discovery schedule over objections raised by Defendants in the Rule 26(f) Report); Dkt. 142 (denying Individual Defendants' *ex parte* motion for protective order); Dkt. 156 (directing Defendants to serve initial disclosures by no later than April 16, 2025).  Despite this, Defendants seem set on delaying and denying discovery into their theft of Swan's Bitcoin mining business and trade secrets at every juncture.  For reasons explained below, Defendants' continued objections are baseless.

**Proton's Objections Based on Personal Jurisdiction.**  Proton objects generally and specifically to each RFP and Interrogatory "as premature because the Court lacks personal jurisdiction over Proton."  *See, e.g.*, Proton Resps. to RFPs (General Objection 1); *see also* Indiv. Defs.' Resps. to RFPs (General Objection 18) (arguing that the RFPs are "premature to the extent they concern Proton," citing Proton's jurisdictional challenge).  Defendants have raised this argument multiple times as a reason to delay discovery—first in the Parties' Rule 26(f) Report, *see* Dkt. 114-1, then again in the Individual Defendants' *ex parte* motion for a protective order, *see* Dkt. 140, and again when refusing to provide initial disclosures, *see* Dkt. 129-1.  Each time, the Court has ordered that discovery proceed.  *See* Dkts. 119, 142, 156.

This objection remains as baseless as it was when Defendants previously raised it.  No stay of discovery has been entered, nor has Proton moved for a stay on the basis of its pending motion to dismiss.  *See NMS 1539, LLC v. City of Santa Monica*, 2022 WL 3575311, at *1 (C.D. Cal. July 26, 2022) ("[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending"); *Williams v. Experian Information Solutions Inc.*, 2024 WL 739676, at *2 (D. Az. Feb. 23, 2024) ("the appropriate way to resist discovery on [the basis of a pending motion to compel] is to seek a judicial stay order").  Even if Proton had moved for a stay, that would not excuse it from complying with its discovery obligations while that motion was pending.  *See, e.g.*, *Nat'l Corp. Tax Credit Funds III v. Potashnik*, 2008 WL 11339608, at *1 (C.D. Cal. June 16, 2008) ("That defendants have sought a stay is insufficient to avoid their discovery obligations.").  Proton cannot use its pending motion

---

[1] Proton's and the Individual Defendants' responses also include generalized objections which purport to apply to each request.  But Defendants fail to explain how those objections specifically apply to particular requests or whether Defendants are withholding documents on the basis of any such objections.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all."  *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *see also MD Helicopters, Inc. v. Aerometals, Inc.*, 2019 WL 2103408, at *4 (E.D. Cal. May 14, 2019) (striking objections that were "boilerplate, non-specific, and unsupported").

to dismiss to bar discovery into Swan's claims, as this Court has confirmed no less than three times.

**Individual Defendants' Objections Based on the Consulting Agreements.** The Individual Defendants object to the RFPs and Interrogatories by pointing to the arbitration agreements in their consulting agreements with Swan. *See, e.g.*, Indiv. Defs.' Resps. to RFPs (General Objections 15-16). Those objections are misplaced for several reasons. First, as explained in Swan's briefing in response to the Individual Defendants' pending motion to compel arbitration, the Individual Defendants' agreements with Swan permit Swan to seek injunctive relief in this Court. *See* Dkt. 137. Moreover, the Court has yet to rule on the Individual Defendants' motion to compel arbitration; the fact that the Individual Defendants have moved to compel arbitration does not relieve them from their discovery obligations in the interim. *See, e.g.*, *Powell v. UHG I LLC*, 2023 WL 5964931, at *2 (S.D. Cal. Sept. 12, 2023) ("Unlike a situation where a motion to compel arbitration has been granted, the Court is unaware of any statute which requires that discovery be stayed once a motion to compel arbitration is filed, nor has the defendant cited to any such authority."). Indeed, this Court has already rejected three attempts by Defendants to halt discovery on the basis of these agreements. *See* Dkts. 119, 142, 156.

**Individual Defendants' Objections Based on Motion to Stay.** The Individual Defendants also object to the RFPs and Interrogatories on the basis that "the threshold issue as to Swan's ownership of any alleged trade secrets or Confidential Information is to be determined in accordance with the law of England and Wales and exclusively in the courts of England and Wales." *See, e.g.*, Indiv. Defs.' Resps. to RFPs (General Objection 17). This is incorrect, for reasons explained in Swan's opposition to the Individual Defendants' pending motion to stay. *See* Dkt. 134. Moreover, this Court has already rejected one attempt by Defendants to stay discovery on this basis, *see* Dkt. 119, and even the Court in the United Kingdom has indicated that discovery should proceed in this action notwithstanding the UK proceedings, *see* Dkt. 134 at 4-5. Moreover, the Court has yet to rule on Defendants' motion to stay; as such, the Individual Defendants' attempts to avoid discovery on this basis are improper. *See, e.g.*, *Potashnik*, 2008 WL 11339608, at *1.

**Defendants' Objections to Swan's Identification of Asserted Trade Secrets.** Proton and the Individual Defendants object to discovery by claiming that Swan's Identification of Asserted Trade Secrets (Dkt. 111-1) is insufficient. *See, e.g.*, Proton Resps. to RFPs (General Objection 3). Neither Proton nor the Individual Defendants explain why they believe Swan's Identification is inadequate—nor have they in the five weeks since Swan served that identification.

Swan's Identification of Asserted Trade Secrets complies with the Court's Order Setting Scheduling Conference. *See* Dkt. 95 at 6-7. Swan's Identification outlines twenty trade secrets, providing (i) the elements of each trade secret, (ii) background concerning each trade secret, (iii) an explanation as to why each trade secret derives value from not being generally known, and (iv) a description of the measures Swan took to protect each trade secret. *See generally* Dkt. 111-1. Throughout, Swan also identifies Swan documentation that captures these trade secrets. *See id.* The requirement that a plaintiff identify its trade secrets with particularity prior to discovery "does not require the designation itself to detail how the trade secret differs from matters of general knowledge in the trade," but rather to allow the defendant "to investigate how [the trade secret]

might differ from matters already known and to allow the court to craft relevant discovery." *Proofpoint, Inc. v. Vade Secure, Inc.*, 2020 WL 1911195, at *7 (N.D. Cal. Apr. 20, 2020); *see also Brescia v. Angelin*, 90 Cal. Rptr. 3d 842, 855 (Cal. Ct. App. 2009) ("The [trade secret] identification is to be liberally construed, and reasonable doubts concerning its sufficiency are to be resolved in favor of allowing discovery to commence."). Swan's Identification more than meets this standard. Defendants fail to identify any reason otherwise.

**Defendants' Objections to Method of Service.** Proton and the Individual Defendants both appear to contend that they have not been properly served with the RFPs and Interrogatories. *See* Proton Resps. to RFPs (General Objection 2); Indiv. Defs.' Resps. to RFPs (General Objection 14). Swan caused a copy of those requests to be served upon Defendants through the Court's CM/ECF system on February 14, 2025. *See* Dkts. 115-2 & 115-3. Defendants do not and cannot dispute that they received copies of the RFPs and Interrogatories on that day—indeed, counsel for the Individual Defendants has acknowledged during subsequent conferrals that the filing of those RFPs and Interrogatories constituted service on Defendants. To the extent Defendants complain that they have not received *unredacted* versions of these requests, Swan attempted to serve unredacted copies on Defendants multiple times. *See* Gorman Feb. 13, 2025 Email (11:40pm ET); Gorman Feb. 14, 2025 Email (11:51am ET); Gorman Feb. 14, 2025 Email (10:12pm ET). Defendants would not agree to keep those requests confidential, even though the limited redactions at issue were made to protect materials that the Court has sealed, as Swan informed Defendants on February 13. Accordingly, we do not understand Defendants to be refusing to respond to the RFPs and Interrogatories solely on the basis that Defendants were served unredacted copies via the Court's CM/ECF system on February 14.[2]

**Defendants' Objections Related to Confidentiality.** Proton objects to virtually all of the RFPs and Interrogatories on the grounds that the parties have yet to agree on an order governing confidentiality in this action. *See, e.g.*, Proton Resps. to RFPs (RFP 1). The Individual Defendants similarly object to these discovery requests on the basis of purported confidentiality concerns. *See, e.g.*, Indiv. Defs.' Resps. to RFPs (RFP 1). But Swan proposed, weeks ago, that the parties agree to treat any document productions or discovery responses that the producing party designates as "Attorneys' Eyes Only" pursuant to the previously agreed-to procedures regarding treatment of Swan's Identification of Asserted Trade Secrets, pending entry of a protective order. *See* Gorman Mar. 3, 2025 Email. Defendants ignored that request. Indeed, as is clear from the Parties' negotiations regarding a stipulated protective order, Swan has offered to provide *more* protection to confidential information than what Defendants are proposing. Defendants' objections on this issue ring hollow.

For these reasons, Defendants' general objections to the RFPs and Interrogatories are no basis to refuse discovery.

---

[2] We discuss Defendants' refusal to answer Interrogatory 3 on the basis that it has been redacted in more detail below.

**INDIVIDUAL REQUESTS**

Turning to the specific RFPs and Interrogatories at issue, each seeks targeted information relevant to Swan's forthcoming motion for a preliminary injunction—specifically, the extent to which Defendants are engaged in Bitcoin mining activities outside of 2040 Energy. Each is narrowly aimed at documents and information that Proton and the Individual Defendants should be able to locate easily and without undue burden. The relevant timeframe for the RFPs and Interrogatories extends back only to August of last year. And while Proton and the Individual Defendants assert without explanation that the requests are overbroad or seek irrelevant information, those assertions are both wrong and fail to adequately explain Defendants' purported issues with each requests. Taking the RFPs and Interrogatories in turn:

- **RFP 1**. This request seeks "[d]ocuments sufficient to show, for all Bitcoin mined by Proton… a) the wallet address(es) to which that Bitcoin has been deposited, the Persons with access to or control over each wallet, and the corporate ownership of each Person; and b) the amount of Bitcoin deposited in each wallet, and when deposited." Swan's Amended Complaint alleges that Proton and the Individual Defendants are using Swan's trade secrets to mine Bitcoin for the benefit of themselves and third parties, rather than for 2040 Energy's sole benefit, as the Individual Defendants alleged was the case last October. *See* Dkt. 100-1 ¶¶ 182-186 (factual allegations concerning Proton's diversion of mining proceeds); Dkt. 29-1 at 4 (Individual Defendants' claim that they are using Swan's trade secrets "solely for the benefit of 2040 Energy … and no others"). This request is appropriate and narrowly tailored, limiting the documents sought to those "sufficient to show" particular facts. *See, e.g.*, *Lights Out Holdings, LLC v. Nike, Inc.*, 2015 WL 11254687, at *4 (S.D. Cal. May 28, 2015) (finding document request "[was] not unduly burdensome because it [was] limited to 'documents sufficient to show'"). Proton presumably keeps these documents in the ordinary course, and should be able to readily locate them without the use of search terms.

- **RFP 2**. This request seeks "[d]ocuments sufficient to identify every [Bitcoin mining] Site that Proton is using or ever has used or plans to use to mine Bitcoin, including for each site (on a weekly basis, where applicable)" documents concerning enumerated categories of information. Such documents are relevant to, at least, whether Defendants are mining Bitcoin outside of 2040 Energy at sites other than those Swan previously managed for 2040 Energy, and whether Defendants are using Swan's trade secrets to do so. The request uses standard industry terms that Defendants are familiar with (at least based on their time at Swan) and responsive documents should be easy to locate without the need to search custodial communications.

- **RFP 3**. This request seeks "[d]ocuments sufficient to identify any Person for whom [Defendants] have offered any management or services relating to Bitcoin mining, including all agreements between [Defendants] and each such entity." This request is extremely targeted, and self-evidently seeks relevant information regarding for whom Defendants may be using Swan's trade secrets to mine Bitcoin.

5

- **RFP 4**. This request seeks "[d]ocuments sufficient to identify [Defendants'] relationship with Elektron Energy, including … Documents sufficient to show [Defendants'] involvement in the formation of Elektron Energy, [Defendants'] involvement in the creation of Elektron-Energy.com, any email addresses associated with Elektron Energy that [Defendants] maintain or control, and any GitHub accounts or repositories maintained by Elektron Energy that relate to Bitcoin mining." This request seeks documents concerning Defendants' relationship with an entity that Defendants appear to be using to mine Bitcoin and engage with mining site operators—potentially, Proton's subsidiary, Elektron Management LLC. *See, e.g.*, Dkt. 100-1 ¶¶ 187-88, 190 (factual allegations concerning Defendants' use of "Elektron" moniker to mine Bitcoin after stealing Swan's trade secrets); *id.* ¶ 132 (outlining Defendant Romualdez's theft of Swan's trade secrets to a GitHub repository labeled "Elektron"). The scope of this request is limited to documents sufficient to show particular issues, and is not unduly burdensome or overly broad. *See, e.g.*, *Lights Out Holdings, LLC*, 2015 WL 11254687, at *4.

- **Interrogatory 1**. This interrogatory asks Defendants to identify "all Bitcoin wallets to which Proton has deposited mined Bitcoin and the amounts deposited," as well as associated wallet addresses, the individuals who control those wallets, and the amount of Bitcoin deposited. Like RFP 1, which seeks documents reflecting similar kinds of information, this interrogatory is narrowly targeted to relevant information. This information should be easy for Defendants to locate without the need to search custodial communications.

- **Interrogatory 2**. This interrogatory asks Defendants to "[i]dentify all [Bitcoin mining] Sites at which Proton has mined Bitcoin, and for each Site, describe on a weekly basis" various targeted information related to operations at that site. The information sought complements that sought by RFP 2, and this interrogatory is narrowly targeted and not unduly burdensome for similar reasons.

- **Interrogatory 3**. This interrogatory references allegations in the Amended Complaint that remain under seal. Defendants did not oppose Swan's motion to seal that information, *see* Dkt. 99, and the Court has now confirmed multiple times that the information may be kept under seal, *see* Dkts. 106, 118. When Swan served Defendants with redacted versions of the Interrogatories, we told Defendants that we would provide unredacted copies after Defendants agreed to treat references to that under seal material as confidential. *See* Gorman Feb. 14, 2024 Email. Defendants never did so. We do not understand why Defendants will not agree to keep information confidential that the Court has twice confirmed should remain under seal. Defendants appear to be doing so solely for the purposes of delaying discovery and manufacturing a pretextual objection. We ask again: Will Defendants agree to keep unredacted versions of Swan's RFPs and Interrogatories, which solely redact information which the Court has sealed, confidential?

- **Interrogatory 4**. This interrogatory asks Defendants to "[i]dentify and describe any management or services relating to Bitcoin mining that [Defendants] have offered to any Person, including all agreements between [Defendants] and each such Person." This

6

information complements that requested by RFP 3, and, for similar reasons, is narrowly targeted to relevant, easy-to-produce information.

- **Interrogatory 5.** This interrogatory asks Defendants to "[d]escribe [Defendants'] relationship with Elektron Energy, including but not limited to describing [Defendants'] involvement in the formation of Elektron Energy, describing [Defendants'] involvement in the creation of Elektron-Energy.com, identifying any email addresses associated with Elektron Energy that [Defendants] maintain or control, and identifying any GitHub accounts or repositories maintained by Elektron Energy that relate to Bitcoin mining." Like RFP 4, this interrogatory seeks information concerning Defendants' relationship with an entity that Defendants appear to be using to mine Bitcoin, using Swan's trade secrets. *See, e.g.*, Dkt. 100-1 ¶¶ 132, 187-88, 190.

* * *

Please confirm that Defendants will drop their objections to the RFPs and Interrogatories, or else let us know when Defendants are available to meet and confer regarding these matters as soon as possible this week, pursuant to pursuant to Local Rule 37-1.

Should the parties be unable to reach agreement on these issues, Swan intends to move to compel pursuant to Local Rule 37-2.

We look forward to your prompt response. Swan reserves all rights.

Sincerely,

_____
Ryan Landes
Quinn Emanuel Urquhart & Sullivan, LLP

7