# EXHIBIT P

|  |  |
|---|---|
| **From:** | Russo, Amanda |
| **To:** | Ewald, Sylvia |
| **Subject:** | Fwd: Swan/Proton - Joint Stipulation re Motion to Compel |
| **Date:** | Wednesday, April 16, 2025 8:19:30 AM |

Begin forwarded message:

**From:** Stacylyn Doore <stacylyndoore@quinnemanuel.com>
**Date:** April 16, 2025 at 8:16:21 AM PDT
**To:** "Kanny, Matthew P" <MKanny@goodwinlaw.com>, Ryan Gorman <ryangorman@quinnemanuel.com>, "Russo, Amanda" <ARusso@goodwinlaw.com>, "Thompson, Aaron" <AThompson@goodwinlaw.com>, Daniel Bergeson <dbergeson@be-law.com>, Rebecca Kaufman <rkaufman@be-law.com>, Jaideep Venkatesan <jvenkatesan@be-law.com>, Adam Trigg <atrigg@be-law.com>, "Fondo, Grant P" <GFondo@goodwinlaw.com>
**Cc:** QE-Swan <qe-swan@quinnemanuel.com>
**Subject: RE: Swan/Proton - Joint Stipulation re Motion to Compel**

 ***EXTERNAL***
Matt,

We understand Defendants' positions and respectfully disagree. Defendants have not agreed to respond fully to these discovery requests and have maintained objections thereto, and Defendants have also raised issues with the trade secret identification. Those issues are ripe to be resolved by the Court on this motion.

Thanks,
Stacylyn

**Stacylyn Doore**
*Partner*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7121 Direct
617.712.7100 Main Office Number
617.712.7200 FAX
stacylyndoore@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that

any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Kanny, Matthew P <MKanny@goodwinlaw.com>
**Sent:** Tuesday, April 15, 2025 7:53 PM
**To:** Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Gorman <ryangorman@quinnemanuel.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Daniel Bergeson <dbergeson@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Adam Trigg <atrigg@be-law.com>; Fondo, Grant P <GFondo@goodwinlaw.com>
**Cc:** QE-Swan <qe-swan@quinnemanuel.com>
**Subject:** RE: Swan/Proton - Joint Stipulation re Motion to Compel

[EXTERNAL EMAIL from mkanny@goodwinlaw.com]

Stacylyn: Your email misses the point. To be clear, in response to the so-called "targeted" discovery that is the subject of your motion to compel, Defendants are no longer refusing to produce documents based on our objection to Swan's inadequate trade secret disclosures. There is simply no basis to address that issue in this motion given that we are not withholding any documents in connection with these requests. Regardless, you have not addressed our other concerns that many of the arguments and case authority asserted in your joint statement are new and were never raised in any of the meet and confers. We have also advised that we intend to supplement our responses to these requests and produce documents, which will moot or at least substantially narrow many of the issues before the Court. To the extent any issues remain following our supplemental responses, the parties can substantively meet and confer on those issues, if any. Hopefully, our supplemental responses will resolve all issues but forcing us to concurrently respond to your joint statement on a number of issues that may not be disputed or at issue after Defendants' supplement their responses is unnecessary.

Separately, while Defendants reserve their right to challenge Swan's 2019.210 disclosure, that issue will be resolved on a separate motion at the appropriate time. Again, this does not impact the so-called "targeted" discovery, as we have agreed not to withhold documents based on that objection. We also are entitled to raise objections to preserve Defendants' rights and to respond to the requests subject to those objections. Your demand that "Defendants drop all of their objections" is thus not appropriate.

Defendants continue to reserve all rights and remedies.

**From:** Stacylyn Doore <stacylyndoore@quinnemanuel.com>
**Sent:** Monday, April 14, 2025 3:26 PM
**To:** Kanny, Matthew P <MKanny@goodwinlaw.com>; Ryan Gorman

<ryangorman@quinnemanuel.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Daniel Bergeson <dbergeson@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Adam Trigg <atrigg@be-law.com>; Fondo, Grant P <GFondo@goodwinlaw.com>
**Cc:** QE-Swan <qe-swan@quinnemanuel.com>
**Subject:** RE: Swan/Proton - Joint Stipulation re Motion to Compel

\*\*\*EXTERNAL\*\*\*

Matt,

Defendants have raised objections to providing discovery in response to these requests. We've asked multiple times if Defendants are withdrawing all such objections and you've confirmed that they are not. So, there are live issues with respect to these requests that need to be decided by the magistrate. Also, your email says that you do not want to oppose our motion regarding the trade secret identification and instead want to raise the same issues in your own motion. That will cause further delay and is unnecessary. There is already a motion regarding the trade secret identification. You can oppose, as you've said you will. There is no need for a separate motion on that front. It honestly does not make sense that you claim that there is not a live issue with respect to the trade secret identification but you intend to file a motion on the same. We intend to proceed with our motion unless the Defendants drop all of their objections to the targeted discovery requests and the trade secret identification.

Thanks,
Stacylyn

**Stacylyn Doore**
*Partner*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7121 Direct
617.712.7100 Main Office Number
617.712.7200 FAX
stacylyndoore@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Kanny, Matthew P <MKanny@goodwinlaw.com>
**Sent:** Monday, April 14, 2025 4:08 PM
**To:** Ryan Gorman <ryangorman@quinnemanuel.com>; Russo, Amanda

<ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Daniel Bergeson <dbergeson@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Adam Trigg <atrigg@be-law.com>; Fondo, Grant P <GFondo@goodwinlaw.com>
**Cc:** QE-Swan <qe-swan@quinnemanuel.com>
**Subject:** RE: Swan/Proton - Joint Stipulation re Motion to Compel

**[EXTERNAL EMAIL from mkanny@goodwinlaw.com]**

Ryan: Defendants have agreed not to withhold any documents responsive to this set of discovery based on Swan's failure to serve an adequate 2019.210 disclosure, reserving all rights. Thus, there is no trade secret disclosure issue for the Magistrate to decide in relation to this discovery. Continuing to move forward with this issue in this context is wholly improper; this is particularly true given that your positions here on the trade secrets deficiencies, and any associated legal authority, were not included as a part of your initial letter regarding Defendants' discovery responses and the prerequisite for your motion to compel. Setting that aside, as noted, Defendants have agreed to supplement their responses and provide substantive responses; thus, it is unclear what issues (if any) will remain. Thus, at this point, we cannot even frame the issues for the Magistrate, if they are not mooted entirely. We would expect that, at that time, you would identify any outstanding issues with respect to the discovery. And your argument about Defendants having had the discovery for 2 months ignores Defendants' pending motions, which raised legitimate questions about, among other things, jurisdiction, arbitration and whether the case should be stayed. Thus, we believe pressing irrelevant issues and forcing us to respond (and a Magistrate rule on), despite our agreement to supplement (which we agreed to do within days of the Court deciding the motions), is frivolous and sanctionable. All rights reserved.

Further, at the parties meet and confer relating to Swan's 2019.210 disclosure, Swan said it would get back to us as to whether it would amend any portion of its disclosure. You failed to get back to us on this, so we take your response as confirmation that you will not be seeking to amend your trade secret disclosure. To that end, we will be serving our portion of a joint stipulation in connection with our motion to compel a sufficient 2019.210 disclosure this week.

**From:** Ryan Gorman <ryangorman@quinnemanuel.com>
**Sent:** Monday, April 14, 2025 10:25 AM
**To:** Kanny, Matthew P <MKanny@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Daniel Bergeson <dbergeson@be-law.com>; Rebecca Kaufman <rkaufman@be-

law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Adam Trigg <atrigg@be-law.com>; Fondo, Grant P <GFondo@goodwinlaw.com>
**Cc:** QE-Swan <qe-swan@quinnemanuel.com>
**Subject:** RE: Swan/Proton - Joint Stipulation re Motion to Compel

***EXTERNAL***
Matt,

There are two issues here.  First, Defendants currently object that Swan's trade secret disclosure is insufficient under section 2019.210.  The parties met and conferred on that issue, extensively, on April 3.  No more meet and confer is required on that issue.  Unless Defendants withdraw that objection in writing, Swan intends to have the Court resolve it.

Second, Defendants assert other objections to Swan's first sets of targeted discovery.  Swan served Defendants with a meet and confer letter on March 18.  *See* Landes Mar. 18, 2025 Ltr.  The parties met and conferred twice regarding Defendants' objections, first on March 26, then again on April 1.  Defendants subsequently confirmed that the parties were at impasse as to each request, including regarding multiple specific objections Defendants had raised.  *See* Ewald Apr. 4, 2025 Email.  We made clear in correspondence following those conferrals that Swan intended to move to compel, and asked prior to serving the joint stipulation whether Defendants would withdraw all objections to Swan's targeted discovery requests, serve substantive interrogatory responses, and produce responsive documents.  *See* Gorman Apr. 9, 2025 Email.  Defendants refused to confirm any of these points or that they were withdrawing a single objection—and instead said that they were reserving all previous rights and objections.  *See* Kanny Apr. 10, 2025 Email.  Swan will not withdraw its motion to compel responses to that discovery based on a pledge from Defendants to provide supplemental responses to Swan's requests (which were served two months ago) by April 18.  If Defendants' April 18 responses are satisfactory, then of course Swan will not press its dispute as to that discovery.

Thanks,

**Ryan Gorman**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7132 Direct (Office)
617.712.7100 Main Office Number
617.712.7200 FAX
ryangorman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for

delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Kanny, Matthew P <MKanny@goodwinlaw.com>
**Sent:** Sunday, April 13, 2025 7:49 PM
**To:** Ryan Gorman <ryangorman@quinnemanuel.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Daniel Bergeson <dbergeson@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Adam Trigg <atrigg@be-law.com>; Fondo, Grant P <GFondo@goodwinlaw.com>
**Cc:** QE-Swan <qe-swan@quinnemanuel.com>
**Subject:** RE: Swan/Proton - Joint Stipulation re Motion to Compel

**[EXTERNAL EMAIL from mkanny@goodwinlaw.com]**

Ryan,

I am writing on behalf of all Defendants with permission of counsel for Proton. We were surprised by your sending Swan's part of a joint statement on discovery issues related to the so-called "targeted discovery." Previously, we sent you a letter detailing all our objections to Swan's 2019.210 disclosure. We then met and conferred, and you stated you would consider our objections and get back to us. You did not get back to us on our specific objections. On April 10, 2025, we sent an email asking you to confirm that Swan was not going to seek to amend its trade secret disclosure, and advising Swan that, subject to and reserving all rights relating to same, Defendants intend to supplement their discovery responses. See attached. We did not hear back from you. Instead, Swan served its part of a joint statement on this discovery, which includes pages of argument relating to the trade secret disclosure and, for the first time, includes arguments and documents that had not been previously made or disclosed. As an initial matter, we believe Swan has failed to meet and confer on this discovery and its discovery tactics of refusing to respond to emails and then dumping pages of new argument and documents fail to comply with L.R. 37. If you had followed this procedure, you could have avoided drafting the joint statement, as it is not current or accurate.

Regardless, your trade secret arguments are irrelevant for the purpose of this motion. To be clear, and subject to reserving all rights including relating to moving

for a more definitive trade secret disclosure, Defendants intend to supplement their responses and will not be withholding documents in connection with this discovery based on Swan's failure to serve an adequate trade secret disclosure. Further, given that Defendants intend to supplement their responses, Swan's motion is (or shortly will be) moot, as Defendants intend to provide substantive responses to the discovery, meaning that Defendants intend to provide documents and answers to most if not all of your discovery requests.  Should any issues remain after Defendants serve their supplemental responses, Defendants remain willing to meet and confer on any outstanding issues.  Your motion is thus premature, inaccurate, and will be moot when we serve our supplemental responses.  In my email, we advised you that we intend to serve our supplemental responses (which as stated above will include our intention to produce documents and answers) on or by April 18.  Thus, we hereby request Swan to withdraw its motion and our requirement to respond to the joint statement sent to us on Friday, April 11.  **Please advise by no later than 3pm Pacific on Monday, April 14, whether Swan will agree to same.**  Thank you.

---

**From:** Ryan Gorman <ryangorman@quinnemanuel.com>
**Sent:** Friday, April 11, 2025 3:06 PM
**To:** Russo, Amanda <ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Daniel Bergeson <dbergeson@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Adam Trigg <atrigg@be-law.com>; Fondo, Grant P <GFondo@goodwinlaw.com>
**Cc:** QE-Swan <qe-swan@quinnemanuel.com>
**Subject:** Swan/Proton - Joint Stipulation re Motion to Compel

***EXTERNAL***
Counsel,

Pursuant to Local Rule 37-2, please see attached for Swan's portion of a joint stipulation regarding Swan's forthcoming Motion to Compel regarding its targeted discovery requests.  Please provide Defendants' portions of the stipulation by **April 18**. *See* L.R. 37-2.2.

Pursuant to Local Rule 37-2.1's requirement that the parties attach relevant prior filings to this stipulation, Swan intends to attach copies of material that has been sealed, including Swan's Trade Secret Identification.  We have highlighted the sections of the brief that reference that under seal material.  We expect Defendants will treat those materials and the highlighted portions of the brief as "Attorneys' Eyes Only," pursuant to the parties' previous agreement regarding Swan's Identification.  Please immediately

inform us if Defendants do not intend to treat that material as "Attorneys' Eyes Only." Please also confirm that Defendants will not oppose a motion to seal the highlighted portions and the attachments that remain under seal.

Thanks,

**Ryan Gorman**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7132 Direct (Office)
617.712.7100 Main Office Number
617.712.7200 FAX
ryangorman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*