1  GRANT P. FONDO (SBN 181530)
   *GFondo@goodwinlaw.com*
2  **GOODWIN PROCTER LLP**
   601 Marshall Street
3  Redwood City, CA 94063
   Tel: +1 650 752 3100
4  Fax: +1 650 853 1038

5  MATTHEW P. KANNY (SBN 167118)
   *MKanny@goodwinlaw.com*
6  AARON S. THOMPSON (SBN 272391)
   *AThompson@goodwinlaw.com*
7  **GOODWIN PROCTER LLP**
   520 Broadway, Suite 500
8  Santa Monica, CA 90401-2449
   Tel.: +1 424 436 3001
9  Fax: +1 424 316 3280

10 AMANDA H. RUSSO (SBN 319617)
   *ARusso@goodwinlaw.com*
11 **GOODWIN PROCTER LLP**
   601 South Figueroa Street, Suite 4100
12 Los Angeles, California 90017
   Tel.: +1 213 426 2500
13 Fax: +1 213 623 1673

14 *Attorneys for Defendants Thomas*
   *Patrick Furlong, Ilios Corp., Michael*
15 *Alexander Holmes, Rafael Dias*
   *Monteleone, Santhiran Naidoo, Enrique*
16 *Romualdez, and Lucas Vasconcelos*

17                 UNITED STATES DISTRICT COURT

18                 CENTRAL DISTRICT OF CALIFORNIA

19                      WESTERN DIVISION

20 ELECTRIC SOLIDUS, INC. d/b/a          Case No. 2:24-cv-8280-MWC-E
   SWAN BITCOIN, a Delaware
21 corporation,                          **INDIVIDUAL DEFENDANTS'**
                                         **THOMAS PATRICK FURLONG,**
22              Plaintiff                **ILIOS CORP., MICHAEL**
                                         **ALEXANDER HOLMES, RAFAEL**
23         v.                            **DIAS MONTELEONE,**
                                         **SANTHIRAN NAIDOO, ENRIQUE**
24 PROTON MANAGEMENT LTD., a             **ROMUALDEZ, AND LUCAS**
   British Virgin Islands corporation;   **VASCONCELOS'S ANSWER AND**
25 THOMAS PATRICK FURLONG; ILIOS         **AFFIRMATIVE DEFENSES TO**
   CORP., a California corporation;
26 MICHAEL ALEXANDER HOLMES;
   RAFAEL DIAS MONTELEONE;
27 SANTHIRAN NAIDOO; ENRIQUE
   ROMUALDEZ; and LUCAS
28 VASCONCELOS,

Goodwin Procter LLP
Attorneys at Law

INDIVIDUAL DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AM. COMPL.

| | | |
|---|---|---|
| 1 | Defendants. | **THE AMENDED COMPLAINT**[1] |
| 2 | | Compl. Filed: Sept. 25, 2024 |
| 3 | | Am. Compl. Filed: Jan. 27, 2025 |

<div style="border-top">

[1] In light of the Individual Defendants' pending appeal of the Court's Order denying in substantial part the Individual Defendants' Motion to Compel Arbitration (ECF No. 180; *see also* ECF No. 185), there is "an automatic stay of district court proceedings" as to the Individual Defendants and the claims against them pending the Ninth Circuit's decision in the interlocutory appeal pursuant to the United States Supreme Court's decision in *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741, 743 (2023). That stay extends to "pre-trial and trial proceedings." *Id.* at 738. Swan appears to disagree that there is an automatic stay against the Individual Defendants in light of the appeal (ECF No. 182) and has informed counsel for the Individual Defendants that it will move for a default judgment if the Answer is not filed by April 30, 2025 (ECF No. 184-1). While the Individual Defendants believe that Swan's position lacks merit, to avoid burdening the Court with law and motion practice related to Swan's threatened motion for default judgment, the Individual Defendants file this Answer out of an abundance of caution and without prejudice to their position that proceedings in this Court are automatically stayed.

</div>

Defendants Thomas Patrick Furlong, Ilios Corporation, Michael Alexander Holmes, Rafael Dias Monteleone, Santhiran Naidoo, Enrique Romualdez, and Lucas Vasconcelos (the "Individual Defendants") hereby answer and otherwise respond to Plaintiff Electric Solidus, Inc. d/b/a Swan Bitcoin ("Swan") First Amended Complaint, ECF No. 101 ("AC"). Individual Defendants' responses are made without waiving, and expressly reserving, all rights Individual Defendants have to seek to have Swan's causes of action compelled to arbitration or any rights to file further dispositive motions addressed to some or all of the claims asserted in the AC. Except as expressly admitted herein, each and every factual allegation in the Complaint is denied, and any factual averment admitted is admitted only as to properly pleaded facts and not as to any conclusion, characterization, implication, speculation, or general background information contained therein.

Individual Defendants deny all headings, subheadings, and statements not contained in numbered paragraphs. Unless otherwise stated, if a paragraph of the AC contains one or more footnotes, or a reference to a separate document, a denial of the allegations contained in the paragraph is also a denial of any allegations contained in any such footnote or separate document.

Individual Defendants aver as follows, with the numbered paragraphs and headings corresponding to the like numbered paragraphs and headings in the AC.[2]

## NATURE OF THE ACTION

1. Individual Defendants admit that Plaintiff purports to bring this action for injunctive relief against the Individual Defendants and seeks damages against Proton. Individual Defendants further admit that they resigned from Swan and provided services for Defendant Proton. Individual Defendants deny that they stole any Bitcoin mining business from Swan or its alleged trade secrets or confidential information.

---

[2] Individual Defendants use the headings and subheadings used by Plaintiff in connection with its Amended Complaint for ease of reference. To the extent any factual allegations directed to Individual Defendants can be gleaned from the headings and subheadings, Individual Defendants deny them.

To the extent that Plaintiff purports to characterize written documents, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Except as expressly admitted or denied, Individual Defendants state that this paragraph contains Plaintiff's statement of the case and legal arguments to which no response is required. To the extent a further response is required, Individual Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 1, and on that basis deny them.

2. Individual Defendants admit that "Bitcoin mining" includes "the process of generating Bitcoin" and that it "can be extremely profitable." Individual Defendants deny that "Swan is widely recognized as a leader in Bitcoin services and operations." Except as expressly admitted or denied, Individual Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 2, and on that basis deny them.

3. Individual Defendants deny that they "executed what they dubbed a 'rain and hellfire' plan to steal" any Bitcoin mining business from Swan and further deny that Swan had any such business. Paragraph 3 of the Amended Complaint also consists of Plaintiff's characterization of "proprietary techniques and operational trade secrets," which is a legal argument to which no response is required. To the extent a response is required, Individual Defendants deny that Swan had any such "proprietary" mining techniques or trade secrets. Insofar as paragraph 3 contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them. Except as expressly denied, Individual Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of this paragraph 3, and on that basis deny them.

4. Individual Defendants admit that they resigned from Swan. Individual

Defendants deny that they engaged in any "theft," that there is any "evidence" of such alleged theft, or that they "exfiltrated" any "highly confidential Swan files" or "highly proprietary" source code. Insofar as paragraph 4 contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them. Except as expressly admitted or denied, Individual Defendants state that this paragraph 4 consists of Plaintiff's characterization of this lawsuit and legal arguments to which no response is required. To the extent a further response is required, Individual Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 4, and on that basis deny them.

5. Individual Defendants deny that they have "stolen" or "misappropriated" any of "Swan's proprietary and confidential information and trade secrets including: mining processes developed through testing to optimize mining operations, mining performance data, data related to Swan's mining inventory, mining operations and machine performance and configuration, financial modeling and information, weekly and monthly reports of all operations, ongoing deals with Swan business partners, and pricing information." Individual Defendants deny Plaintiff's statement that purportedly "stolen information provides a complete roadmap for the success behind Swan's mining business" and further deny that Swan had any such mining business. Insofar as paragraph 5 or footnote 1 contain factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them. To the extent that Plaintiff purports to characterize a written agreement or other documents in footnote 1, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Except as expressly denied, Individual Defendants state that this paragraph 5 and footnote 1 consist of Plaintiff's characterization of this lawsuit and legal arguments to which no response

is required. To the extent a further response is required, Individual Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 5 and footnote 1, and on that basis deny them.

6. Individual Defendants admit that they were they were engaged by Swan via Consulting Agreements, *see* AC, Exs. A-F, and that they resigned from Swan. Individual Defendants admit that they may have provided services to Defendant Proton. Individual Defendants deny that there was any "conspiracy" against Swan. Defendant Naidoo admits he is the Chief Financial Officer at Proton. Except as expressly admitted or denied, Individual Defendants state that this paragraph 6 consists of Plaintiff's characterization of this lawsuit and legal arguments to which no response is required. To the extent a further response is required, Individual Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 6, and on that basis deny them.

7. Individual Defendants admit that they resigned from Swan. Individual Defendants deny that there was any "rain and hellfire" plan or that they had "elaborate steps . . . to plan and hide their theft of Swan's trade secrets and employees." To the extent that Plaintiff purports to characterize written documents, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Except as expressly admitted or denied, Individual Defendants state that this paragraph 7 consists of Plaintiff's characterization of this lawsuit and legal arguments to which no response is required. To the extent a further response is required, Individual Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 7, and on that basis deny them.

8. To the extent that Plaintiff purports to characterize a written document, such document speaks for itself, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents or to the extent it does

not represent a true and complete excerpt of the alleged communications the documents purportedly summarize. Insofar as paragraph 8 contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them. Individual Defendants lack knowledge or information sufficient to admit or deny any remaining allegations of paragraph 8, and on that basis deny them.

9. Individual Defendants admit that they resigned from Swan. Defendant Holmes denies that he incorporated Defendant Proton or that he was a "ringleader." Individual Defendants deny that there was any "conspiracy or that Proton was a "copycat company built on Swan's" alleged confidential information or intellectual property. Individual Defendants further deny that Proton was "formed solely to usurp" any mining business from Swan and deny that Swan had any mining business. To the extent that Plaintiff purports to characterize written documents, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Except as expressly admitted or denied, Individual Defendants state that paragraph 9 consists of Plaintiff's characterization of this lawsuit to which no response is required. To the extent a further response is required, Individual Defendants deny any remaining allegations of paragraph 9.

10. Individual Defendants deny that there was any "theft" of any mining business or "trade secrets" from Swan and deny that Swan had any mining business. To the extent that Plaintiff purports to characterize written documents in paragraph 10 or footnote 2, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Except as expressly admitted or denied, Individual Defendants state that paragraph 9 consists of Plaintiff's legal conclusions to which no response is required. To the extent a further response is required, Individual Defendants deny any remaining

allegations of paragraph 10 and footnote 2.

11. Defendant Holmes and Naidoo admit that they resigned from Swan on August 8, 2024. Defendant Holmes further admits that he contacted Defendant Furlong, Defendant Monteleone, Defendant Romualdez, and Defendant Vasconcelos that day. Defendants Furlong, Monteleone, and Romualdez admit to receiving a communication from Defendant Holmes around this time. Defendant Vasconcelos lacks information or knowledge sufficient to admit or deny that he received any such communication from Defendant Holmes, and on that basis denies it. Defendant Holmes and Naidoo deny that they were "ringleaders" of any "scheme". Individual Defendants deny that there was any "scheme" by Defendants. To the extent that Plaintiff purports to characterize written documents in paragraph 11, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Except as expressly admitted or denied, the allegations of paragraph 11 consists of Plaintiff's characterization of this lawsuit and legal arguments to which no response is required. To the extent a further response is required, Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 11, and on that basis deny them.

12. Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 12, and on that basis deny them. To the extent that Plaintiff purports to characterize written documents, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Insofar as paragraph 12 contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them.

13. Individual Defendants admit that they work with business vendors and partners that 2040 Energy may have previously engaged when managed by Swan.

Individual Defendants deny the remaining allegations of paragraph 13.

14. Individual Defendants admit that they have received communications from Swan demanding that Individual Defendants give Swan their laptops and that they did not return those laptops to Swan.[3]  Individual Defendants deny that any of their devices or any information on those devices belong to Swan or that any such information "is confidential, proprietary and trade secret information."  To the extent that Plaintiff purports to characterize written documents, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Except as expressly admitted or denied, Individual Defendants state that paragraph 14 consists of Plaintiff's characterization of claims in this lawsuit and legal arguments to which no response is required.[4]  To the extent a further response is required, Individual Defendants deny the remaining allegations of this paragraph 14.

15. To the extent that Plaintiff purports to characterize written pleadings or other documents, such pleadings and documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Individual Defendants admit that they opposed Plaintiff's *ex parte* application for a temporary restraining order on multiple independent and separate grounds and that the Court denied Plaintiff's application "as plaintiff has failed to establish at least three of the four Winter factors." ECF No. 40. Individual Defendants admit that they would not provide discovery to Plaintiff outside normal procedures. Individual Defendants deny any remaining allegations of this paragraph 15.

16. Individual Defendants admit that Plaintiff purports to bring various claims including alleged trade secret misappropriation, breach of contractual obligations,

---

[3] Further, Individual Defendants are under Order of the Court for those laptops to remain with a third-party vendor (ECF No. 63).
[4] The Court has already compelled Swan's related conversion claim in connection with the laptops to arbitration (ECF No. 164).

conversion, and unfair competition against Defendants. Individual Defendants deny that Swan has any actionable claim against them or that Swan has suffered any irreparable harm or damage or is entitled to recover attorneys' fees. Individual Defendants further deny that they have "possess[ed] or us[ed]" any "stolen proprietary, confidential, and trade secret information" of Swan. Individual Defendants further deny that they engaged in any "willful and unlawful theft" of any mining business of Swan or that Swan had any such mining business. Except as expressly admitted or denied, Individual Defendants state that paragraph 16 consists of Plaintiff's summary characterization of this lawsuit and legal arguments and conclusions to which no response is required. To the extent a further response is required, Individual Defendants deny any remaining allegations of this paragraph 16.

## **PARTIES**

17. Individual Defendants deny that Swan is "an industry-leading Bitcoin financial services company" or that it was "a leader in the field of Bitcoin mining." Individual Defendants deny that there was any "scheme" against Swan. Except as expressly denied, Individual Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 17, and on that basis deny them.

18. Individual Defendants admit they have provided services to Defendant Proton, and Elektron Management LLC and Elektron Enterprises LLC, which they understand are separate entities from Defendant Proton. Defendant Holmes denies he "founded Proton on August 2, 2024, while residing in California." Defendant Holmes and Naidoo admit that they are aware that Defendant Proton is a company formed in the British Virgin Islands. Defendant Naidoo admits that Defendant Proton is located at Trinity Chambers, PO Box 4301, Road Town, Tortola, British Virgin Islands. Individual Defendants lack knowledge or information sufficient to admit or deny any remaining allegations in paragraph 18 and footnote 3, and on that basis deny them.

19. Defendant Furlong admits that he is a former Investment Director of Swan for

only approximately two months. Defendant Furlong denies that he resides in Western Australia. Defendant Furlong admits that he is a party to a Consulting Agreement with Swan. To the extent that Plaintiff purports to characterize that document, Defendant Furlong states that the document speaks for itself, and denies Plaintiff's characterizations or description by Swans of that document to the extent they are inconsistent with the document. The other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 19, and on that basis deny them.

20. Defendant Holmes denies that he was the former Head of Business Development for Swan Mining. Defendant Holmes admits that he resides in Los Angeles, California, which is located in Los Angeles County in the Central District of California. The other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 20, and on that basis deny them.

21. Defendant Ilios admits that it is a California corporation with its headquarters located at 664 South Mansfield Avenue, Los Angeles, California 90036, which is located in Los Angeles County in the Central District of California. Defendant Holmes admits that he contracted with Swan on behalf of Ilios to provide services to Swan, *see* AC Ex. B. Defendant Ilios admits that, pursuant to that Consulting Agreement, it agreed that, to the extent any lawsuit was permitted, Ilios would consent to the personal jurisdiction and venue in this District. To the extent that Plaintiff purports to characterize that document, Ilios states that the document speaks for itself, and denies Plaintiff's characterizations or description by Swans of that document to the extent they are inconsistent with the document. The other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 21, and on that basis deny them.

22. Defendant Monteleone admits that he is a former Investment Analyst of

Swan. Defendant Monteleone admits that he resides in São Paolo, Brazil. Defendant Monteleone admits that he is a party to a consulting agreement with Swan. To the extent that Plaintiff purports to characterize that document, Defendant Monteleone states that that document speaks for itself, and denies Plaintiff's characterizations or description by Swans of that document to the extent they are inconsistent with the document. The other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 22, and on that basis deny them.

23.  Defendant Naidoo admits that he is a former Director of Swan. Defendant Naidoo denies that he resides in London, United Kingdom. Defendant Naidoo admits that he is a party to a consulting agreement with Swan. To the extent that Plaintiff purports to characterize that document, Defendant Naidoo states that the document speaks for itself, and denies Plaintiff's characterizations or description by Swans of that document to the extent they are inconsistent with the document. The other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 23, and on that basis deny them.

24.  Defendant Romualdez admits that he is a former Junior Investment Analyst of Swan. Defendant Romualdez denies that he resides in Toronto, Ontario, Canada. Defendant Romualdez admits that he is a party to a consulting agreement with Swan. To the extent that Plaintiff purports to characterize that document, Defendant Romualdez states that the document speaks for itself, and denies Plaintiff's characterizations or description by Swans of that document to the extent they are inconsistent with the document. The other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 24, and on that basis deny them.

25.  Defendant Vasconcelos is a former Software Engineer of Swan. Defendant Vasconcelos admits that he resides in Ceilândia, Brazil. Defendant Vasconcelos admits that he is a party to a consulting agreement with Swan. To the extent that

Plaintiff purports to characterize that document, Defendant Vasconcelos states that the document speaks for itself, and denies Plaintiff's characterizations or description by Swans of that document to the extent they are inconsistent with the document. The other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 25, and on that basis deny them.

## JURISDICTION AND VENUE

26. Individual Defendants state that this paragraph 26 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Individual Defendants do not dispute the limited jurisdiction of this Court to decide a request by Swan for preliminary injunctive relief in aid of arbitration in accordance with the respective Consulting Agreements between Swan and Individual Defendants. Individual Defendants deny any remaining allegations of this paragraph 26.

27. Individual Defendants state that this paragraph 27 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Defendant Furlong admits that he is a party to a Consulting Agreement with Swan. To the extent that Plaintiff purports to characterize that document, Defendant Furlong states that that document speaks for itself, and denies Plaintiff's characterizations or description by Swans of that document to the extent they are inconsistent with the document. Defendant Furlong does not dispute that this Court has personal jurisdiction over him in this matter pursuant to the terms therein. Except as expressly admitted, Defendant Furlong denies any remaining allegations of paragraph 27. The other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph 27, and on that basis deny them.

28. Individual Defendants state that this paragraph 28 contains legal arguments and conclusions to which no response is required. To the extent a response is

required, Defendants Holmes and Ilios admit that Ilios is a party to a Consulting Agreement with Swan and that Defendant Holmes was a signatory on behalf of Ilios. To the extent that Plaintiff purports to characterize that document, Defendants Holmes and Ilios state that that document speaks for itself, and denies Plaintiff's characterizations or description by Swans of that document to the extent they are inconsistent with the document. Defendants Holmes and Ilios do not dispute that this Court has personal jurisdiction over them in this matter pursuant to the terms therein. Except as expressly admitted, Defendants Holmes and Ilios deny the allegations of paragraph 28. The other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph 28, and on that basis deny them.

29.  Individual Defendants state that this paragraph 29 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Defendant Monteleone admits that he is a party to a Consulting Agreement with Swan. To the extent that Plaintiff purports to characterize that document, Defendant Monteleone states that that document speaks for itself, and denies Plaintiff's characterizations or description by Swans of that document to the extent they are inconsistent with the document. Defendant Monteleone does not dispute that this Court has personal jurisdiction over him in this matter pursuant to the terms therein. Except as expressly admitted, Defendant Monteleone denies the allegations of paragraph 29. The other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph 29, and on that basis deny them.

30.  Individual Defendants state that this paragraph 30 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Defendant Naidoo admits that he is a party to a Consulting Agreement with Swan. To the extent that Plaintiff purports to characterize that document, Defendant

Naidoo states that that document speaks for itself, and denies Plaintiff's characterizations or description by Swans of that document to the extent they are inconsistent with the document. Defendant Naidoo does not dispute that this Court has personal jurisdiction over him in this matter pursuant to the terms therein. Except as expressly admitted, Defendant Naidoo denies the allegations of paragraph 30. The other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph 30, and on that basis deny them.

31. Individual Defendants state that this paragraph 31 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Defendant Romualdez admits that he is a party to a Consulting Agreement with Swan. To the extent that Plaintiff purports to characterize that document, Defendant Romualdez states that that document speaks for itself, and denies Plaintiff's characterizations or description by Swans of that document to the extent they are inconsistent with the document. Defendant Romualdez does not dispute that this Court has personal jurisdiction over him in this matter pursuant to the terms therein. Except as expressly admitted, Defendant Romualdez denies the allegations of paragraph 29. The other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph 31, and on that basis deny them.

32. Individual Defendants state that this paragraph 32 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Defendant Vasconcelos admits that he is a party to a Consulting Agreement with Swan. To the extent that Plaintiff purports to characterize that document, Defendant Vasconcelos states that that document speaks for itself, and denies Plaintiff's characterizations or description by Swans of that document to the extent they are inconsistent with the document. Defendant Vasconcelos does not dispute that this Court has personal jurisdiction over him in this matter pursuant to the terms

therein. Except as expressly admitted, Defendant Vasconcelos denies the allegations of paragraph 32. The other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph 32, and on that basis deny them.

33. Individual Defendants state that this paragraph 33 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Individual Defendants deny that they "conspired to and did steal" any "confidential information and trade secrets," of "Swan". Defendant Holmes admits that he was one of Proton's founders and is in management, but denies that he is a "ringleader" of any scheme. Except as expressly admitted, Individual Defendants lack knowledge and information sufficient to admit or deny the remaining allegations of paragraph 33, and on that basis deny them.

34. Individual Defendants state that this paragraph 34 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Defendant Holmes admits that he resides in California. Defendant Holmes admits that he was one of Proton's founders, but denies that he formed Proton or "operates Proton from California." Individual Defendants deny that Defendant Holmes encouraged others to "terminat[e]" their engagements with Swan or "to steal Swan's confidential material." Except as expressly admitted, Defendant Holmes denies any remaining allegations of paragraph 34. The other Individual Defendants lack knowledge and information sufficient to admit or deny any remaining allegations of paragraph 33, and on that basis denies them. Except as expressly admitted, Individual Defendants deny any remaining allegations of this paragraph 34.

35. Individual Defendants state that this paragraph 35 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Individual Defendants admit that they do not dispute that venue is proper for the limited purpose of seeking preliminary injunctive relief in aid of arbitration

in accordance with the terms of the Individual Defendants' respective Consulting Agreements with Swan. Except as expressly admitted, Individual Defendants deny any remaining allegations of paragraph 35.

## **FACTS**

### I.    BITCOIN, THE BLOCKCHAIN, AND BITCOIN MINING.

36. Paragraph 36 purports to provide general background about Bitcoin without asserting specific allegations directed at Individual Defendants, and therefore requires no response. To the extent a response is required, Individual Defendants admit that Bitcoin is a decentralized cryptocurrency, but deny any conclusion, characterization, implication, speculation, or assumption of general background information contained in paragraph 36. Individual Defendants lack knowledge or information sufficient to admit or deny any remaining allegations of paragraph 36, and on that basis deny them.

37. Paragraph 37 purports to provide general background about Bitcoin  and Bitcoin mining without asserting specific allegations directed at Individual Defendants, and therefore requires no response. To the extent a response is required, Individual Defendants deny any conclusion, characterization, speculation, implication, or assumption of general background information contained in paragraph 37. Individual Defendants lack knowledge or information sufficient to admit or deny any remaining allegations of paragraph 37, and on that basis deny them.

38. Paragraph 38 purports to provide general background about tracking Bitcoin transactions without asserting specific allegations directed at Individual Defendants, and therefore requires no response. To the extent a response is required, Individual Defendants admit that blockchain ledgers track Bitcoin transactions, but deny any conclusion, characterization, assumption, implication, or speculation of general background information contained in paragraph 38. Individual Defendants lack

knowledge or information sufficient to admit or deny any remaining allegations of paragraph 38, and on that basis deny them.

39. Paragraph 39 purports to provide general background about tracking Bitcoin transactions without asserting specific allegations directed at Individual Defendants, and therefore requires no response. To the extent a response is required, Individual Defendants admit that Bitcoin mining involves adding blocks to the blockchain, but deny any conclusion, characterization, speculation, implication, or assumption of general background information contained in paragraph 39. Individual Defendants lack knowledge or information sufficient to admit or deny any remaining allegations of paragraph 39, and on that basis deny them.

40. Paragraph 40 purports to provide general background about tracking Bitcoin transactions without asserting specific allegations directed at Individual Defendants, and therefore requires no response. To the extent a response is required, Individual Defendants admit that Bitcoin mining involves adding blocks to the blockchain, but deny any conclusion, characterization, speculation, implication, or assumption of general background information contained in paragraph 40. Individual Defendants lack knowledge or information sufficient to admit or deny any remaining allegations of paragraph 40, and on that basis deny them.

41. Paragraph 41 and footnote 4 purport to provide general background about tracking Bitcoin contests without asserting specific allegations directed at Individual Defendants, and therefore requires no response. To the extent a response is required, Individual Defendants deny any conclusion, characterization, speculation, implication, or assumption of general background information contained in paragraph 41 and footnote 4. Individual Defendants lack knowledge or information sufficient to admit or deny any remaining allegations of paragraph 41 and footnote 4, and on that basis deny them.

42. Paragraph 42 purports to provide general background about Bitcoin mining

without asserting specific allegations directed at Individual Defendants, and therefore requires no response. To the extent a response is required, Individual Defendants deny any conclusion, characterization, speculation, implication, or assumption of general background information contained in paragraph 42. Individual Defendants lack knowledge or information sufficient to admit or deny any remaining allegations of paragraph 42, and on that basis deny them.

43. Paragraph 43 purports to provide general background about Bitcoin mining without asserting specific allegations directed at Individual Defendants, and therefore requires no response. To the extent a response is required, Individual Defendants admit that "mining pools" are "groups of miners who share their computing power over a network," but deny any conclusion, characterization, speculation, implication, or assumption of general background information contained in paragraph 43. Individual Defendants lack knowledge or information sufficient to admit or deny any remaining allegations of paragraph 43, and on that basis deny them.

44. Paragraph 44 purports to provide general background about Bitcoin mining without asserting specific allegations directed at Individual Defendants, and therefore requires no response.

45. Paragraph 45 purports to provide general background about Bitcoin mining without asserting specific allegations directed at Individual Defendants, and therefore requires no response.

## II.    ENTREPRENEURS CORY KLIPPSTEN AND YAN PRITZKER FOUND SWAN.

46. Individual Defendants lack knowledge and information sufficient to admit or deny the allegations of paragraph 46, and on that basis deny them.

47. Individual Defendants lack knowledge and information sufficient to admit or deny the allegations of paragraph 47, and on that basis deny them.

48. Individual Defendants lack knowledge and information sufficient to admit or deny the allegations of paragraph 48, and on that basis deny them.

49. Individual Defendants lack knowledge and information sufficient to admit or deny the allegations of paragraph 49, and on that basis deny them.

50. Individual Defendants deny that Swan is or was "an industry leading Bitcoin financial services company." Individual Defendants lack knowledge and information sufficient to admit or deny the remaining allegations of paragraph 50, and on that basis deny them.

51. Individual Defendants lack sufficient knowledge and information to admit or deny the allegations of paragraph 51, and on that basis denies them. Insofar as paragraph 51 contains factual allegations that are redacted, Individual Defendants further state that they are unable to either admit or deny any such allegations because they are redacted, and therefore deny them.

III. **SWAN ESTABLISHES A SUCCESSFUL BITCOIN MINING BUSINESS BUILT ON EXTENSIVE CONFIDENTIAL, PROPRIETARY MATERIAL THAT SWAN DEVELOPED.**

52. Individual Defendants lack knowledge and information sufficient to admit or deny the allegations of paragraph 52, and on that basis denies them.

53. Individual Defendants lack knowledge and information sufficient to admit or deny the allegations of paragraph 53, and on that basis denies them.

54. Defendant Holmes admits that he had communications with Mr. Klippsten regarding DAME and funding thereof, but denies that it was Klippsten who learned of DAME before Defendant Holmes. Defendant Holmes lacks sufficient knowledge or information to admit or deny the remaining allegations of this paragraph 54. The other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 54, and on that basis deny them.

55. Individual Defendants admit that they are aware of an agreement between Tether and Swan. Individual Defendants lack knowledge and information sufficient to admit or deny the remaining allegations of paragraph 55, and on that basis denies

them.

56. Defendants Holmes and Ilios admit that Defendant Holmes was the authorized signatory for Defendant Ilios on its Consulting Agreement with Swan, dated December 6, 2023, and that Ilios consulted for Swan in connection with the sourcing of machines and host sites. Defendant Holmes and Ilios deny that Swan contracted directly with any host sites. To the extent that Plaintiff purports to characterize written documents in paragraph 56 or footnote 5, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents in paragraph 56 or footnote 5. Defendants Holmes and Ilios lack knowledge or information sufficient to admit or deny the remaining allegations of this paragraph 56. The other Individual Defendants otherwise lack knowledge and information sufficient to admit or deny any allegations of paragraph 56, and on that basis denies them.

57. Individual Defendants deny that "the Swan brand was highly respected" and that "Swan had established itself as a trusted authority on Bitcoin and among the most desirable places to work in the industry." Individual Defendants lack knowledge and information sufficient to admit or deny the remaining allegations of paragraph 57, and on that basis deny them.

58. Individual Defendants lack knowledge and information sufficient to admit or deny the allegations of paragraph 58, and on that basis denies them.

59. The Individual Defendant Furlong admits that he was Investment Director for Swan under his Consulting Agreement. Defendant Naidoo admits that he was a Special Situations Analyst at Swan under his Consulting Agreement. Defendant Monteleone admits that he was an Investment Analyst under his Consulting Agreement. Defendant Romualdez admits that he was a Junior Investment Analyst under his Consulting Agreement. Defendant Vasconcelos admits that he was an Software Engineer under his Consulting Agreement. Defendant Ilios admits that it

was retained by Swan to provide services under its Consulting Agreement, signed on its behalf by Defendant Holmes. Defendant Holmes admits that Swan retained Maxwell Berg, of MB Law LLC, as Swan's Associate General Counsel. Individual Defendants admit that Swan's executive team included, at some point, Cory Klippsten as CEO, Guilherme Gomes as President, and Bill Belitsky as General Counsel. Individual Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 59, and on that basis deny them.

60. Individual Defendants state that they lack knowledge and information sufficient to admit or deny those allegations of paragraph 60, and on that basis deny them. Footnote 6 purports to be a statement relating to Plaintiff's anticipated actions in this matter, and therefore requires no response. To the extent a response is required, Individual Defendants states that they admit that Plaintiff filed a trade secret identification, but that they have not been able to review it because it has been designated as Attorneys' Eyes Only information. Individual Defendants deny any remaining allegations in this paragraph 60 and footnote 6.

61. Individual Defendants deny that Swan "developed, utilized, and refined methods to rapidly investigate and identify potential mining sites." Individual Defendants further state that they lack knowledge and information sufficient to admit or deny the remaining allegations of paragraph 61, and on that basis deny them. Insofar as the remainder of paragraph 61 contains factual allegations that are redacted in substantial part, Individual Defendants further state that they are unable to either admit or deny any such allegations because they are redacted, and therefore deny them.

62. Individual Defendants deny that Swan "develop[ed] advantageous relationships with vendors that it contracted with" and denies that Swan has a "strong reputation in the Bitcoin community." Individual Defendants state that they lack knowledge and information sufficient to admit or deny the remaining allegations of

paragraph 62, and on that basis deny them. Insofar as the remainder of paragraph 62 contains factual allegations that are redacted, Individual Defendants state that they are unable to either admit or deny any such allegations because they are redacted, and therefore deny them.

63. Individual Defendants deny that Swan "derived value from keeping the methods and processes it uses to identify and qualify potential mining sites secret." Individual Defendants further deny that Swan had any ability to "intelligently select sites at which to run mining operations" and that this "carried immense value and represented a competitive advantage to Swan." Individual Defendants state that they lack knowledge and information sufficient to admit or deny the remaining allegations of paragraph 63, and on that basis deny them.

64. Individual Defendants deny that Swan developed any "proprietary hash-rate optimization techniques for Bitcoin mining." Insofar as paragraph 64 contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them.

65. Insofar as paragraph 65 contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them.

66. To the extent that the allegations of paragraph 66 purport to provide general background about Bitcoin mining, they require no response. To the extent a response is required, Individual Defendants admit that "overclocking and underclocking" techniques are utilized in Bitcoin mining. Individual Defendants deny that Swan developed any "overclocking methods" that were "unique and held significant value." Individual Defendants state that they lack knowledge and information sufficient to admit or deny any remaining allegations of paragraph 66, and on that basis deny them

67. To the extent that the allegations of paragraph 67 purport to provide general

background about Bitcoin mining, they require no response. To the extent a response is required, Individual Defendants admit that heat is a byproduct of Bitcoin mining. Insofar as paragraph 67 contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them. Individual Defendants state that they lack knowledge and information sufficient to admit or deny any remaining allegations of paragraph 67, and on that basis deny them.

68. Insofar as paragraph 68 contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them. Individual Defendants state that they lack knowledge and information sufficient to admit or deny any remaining allegations of paragraph 68, and on that basis deny them.

69. Individual Defendants deny that "Swan also developed proprietary financial modeling, data analytics, and financial monitoring tools." Insofar as paragraph 69 contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them.

70. Individual Defendants state that this paragraph contains legal arguments and conclusions to which no response is required. To the extent a response is required, insofar as paragraph 70 implicitly incorporates factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them. Individual Defendants deny the remaining allegations of paragraph 70.

71. Individual Defendants deny that they "stole" any documents proprietary to Swan. To the extent that Plaintiff purports to characterize written documents, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents.

Insofar as paragraph 71 refers to and contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them.

72. Individual Defendants deny the allegations of paragraph 72.

73. Individual Defendants deny that BNOC is a proprietary platform of Swan's. Insofar as paragraph 73 contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them. With respect to the allegation relating to a "future product roadmap" and "significant input from current and former Swan employees" in the last sentence of paragraph 73, such phrasing is so vague and ambiguous as to not permit Individual Defendants the ability to admit or deny the last sentence of paragraph 73. To the extent a further response is required, Defendants Holmes, Ilios, Furlong, and Romualdez lack sufficient knowledge and information to admit or deny any of the remaining allegations of paragraph 73, and on that basis deny them. Defendants Naidoo, Monteleone, and Vasconcelos lack sufficient knowledge and information as to the existence of any "future product roadmap," but denies that there was "significant input from current and former Swan employees."

74.  To the extent that Plaintiff purports to characterize documents or databases, such items speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Insofar as paragraph 74 contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them. Individual Defendants deny any remaining allegations of paragraph 74.

75. Individual Defendants deny the allegations of paragraph 75.

76. Individual Defendants state that the first sentence of paragraph 76 contains legal arguments and conclusions, and therefore requires no response. To the extent a

response is required, Individual Defendants deny that "Swan developed and owns BNOC." Individual Defendants further deny that Swan is or was an "industry leader in Bitcoin mining." Insofar as paragraph 76 contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them. To the extent any allegations remain, Individual Defendants deny any such allegations of paragraph 76.

77. Individual Defendants admit that Tether had access to BNOC.  Individual Defendants deny that BNOC was "Swan's". Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 77 and footnote 7, and on that basis deny them. To the extent that Plaintiff purports to characterize documents in paragraph 77 and footnote 7, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents in paragraph 77 and footnote 7.

78. With respect to the first three sentences of paragraph 78, Individual Defendants admit that Raphael Zagury is now the CEO of Proton, deny that Swan had its own "mining business," and further state that they lack knowledge or information sufficient to admit or deny the remaining allegations in the first three sentences of paragraph 78, and on that basis deny them. To the extent that Plaintiff purports to characterize documents in paragraph 78, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents in paragraph 78. With respect to the last sentence of paragraph 78, Individual Defendants deny that Swan would "only reveal . . . actual mining data subject to confidentiality agreements" and deny that any mining data belonged to Swan. Individual Defendants lack knowledge or information sufficient to admit or deny any remaining allegations of paragraph 78, and on that basis deny them.

79.  Individual Defendants deny that Swan "derived value from keeping BNOC's

data and source code secret" and that BNOC was proprietary to Swan. Insofar as paragraph 79 contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them. Individual Defendants state that they lack knowledge and information sufficient to admit or deny the remaining allegations of paragraph 79, and on that basis deny them.

80. With respect to the allegations of paragraph 80 relating to alleged "techniques," such term is so vague and ambiguous as to not permit Individual Defendants the ability to admit or deny the allegations, and on that basis they deny them. Individual Defendants further state that the remaining allegations of paragraph 80 contain legal arguments and conclusions, and therefore require no response. To the extent that a further response is required, Individual Defendants state that they lack knowledge or information sufficient to admit or deny any remaining allegations, and on that basis deny them.

81. Individual Defendants deny the allegation in paragraph 81 that they stole "Swan's mining business." With respect to the allegations of paragraph 81 relating to alleged "techniques, methods, software, and other intellectual property that Swan developed," such phrasing is so vague and ambiguous as to not permit Individual Defendants the ability to admit or deny the allegations, and on that basis they deny them. To the extent relating to BNOC, Individual Defendants deny that Swan owned BNOC. Individual Defendants further state that paragraph 81 contains legal arguments and conclusions, and therefore require no response. To the extent that a further response is required, Individual Defendants deny the remaining allegations of paragraph 81.

82. Individual Defendants state that they lack knowledge or information sufficient to admit or deny such allegations, and on that basis deny them. Further, to the extent that Plaintiff purports to characterize documents in this paragraph 82, such

documents speak for themselves, and Individual Defendants further deny any characterization or description by Swan that is inconsistent with the documents.

83. Individual Defendants deny that they "stole" any "mining business" from Swan. Defendant Romualdez admits that Mr. Zagury communicated with him about BNOC on or around January 4, 2024 and his log-in credentials, but lacks sufficient information to admit or deny the remaining allegations of paragraph 83, and on that basis denies them. The other Individual Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 83, and on that basis deny them. Further, to the extent that Plaintiff purports to characterize documents, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Insofar as paragraph 83 contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them.

84. Individual Defendants deny that Swan had "fleet efficiency," or that any such "fleet efficiency" "was . . . impressively low." Individual Defendants lack knowledge and information sufficient to admit or deny the remaining allegations of paragraph 84, and on that basis deny them. Insofar as paragraph 84 contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them.

85. Individual Defendants deny the allegations in the first sentence of paragraph 85. Defendants Furlong and Monteleone state that they lack knowledge or information sufficient to admit or deny the allegations in the first sentence of paragraph 85, and on that basis deny them. Individual Defendants deny that Swan had any "mining operations" And deny the allegations in the third sentence of paragraph 85. Insofar as paragraph 85 refers to or contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such

allegations because they are redacted, and therefore deny them. Individual Defendants deny any remaining allegations of paragraph 85.

86. Individual Defendants deny the allegations in the first sentence of paragraph 86 that "Swan had developed and was managing [REDACTED] mining sites worldwide." Insofar as paragraph 86 contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them. Individual Defendants deny the remaining allegations of paragraph 86.

87. Individual Defendants state that they lack knowledge and information sufficient to admit or deny the allegations of paragraph 87, and on that basis deny them. Insofar as paragraph 87 contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them.

88. Individual Defendants state that they lack sufficient knowledge and information to admit or deny the allegations of paragraph 88, and on that basis deny them. Further, to the extent that Plaintiff purports to characterize documents in paragraph 88, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents.

## IV. THE INDIVIDUAL DEFENDANTS CONTRACT TO PROVIDE SERVICES TO SWAN.

89. Defendant Holmes admits that Defendant Ilios contracted with Swan to provide services, but denies that he had a Consulting Agreement with Swan in his individual capacity. The other Individual Defendants admit that each contracted with Swan to provide services pursuant to their respective Consulting Agreements.

90. Defendant Naidoo admits that he entered into a Consulting Agreement with Swan on July 26, 2023. *See* Ex. A. To the extent that Plaintiff purports to characterize documents in paragraph 90, such documents speak for themselves, and Individual

Defendants deny any characterization or description by Swan that is inconsistent with the documents. The other Individual Defendants further state that they lack sufficient knowledge and information to admit or deny the remaining allegations of paragraph 90, and on that basis deny them.

91.  Defendant Vasconcelos admits that he entered into a Consulting Agreement with Swan on October 1, 2023. *See* Ex. B. To the extent that Plaintiff purports to characterize documents in paragraph 91, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. The other Individual Defendants further state that they lack sufficient knowledge and information to admit or deny the remaining allegations of paragraph 91, and on that basis deny them.

92. Defendant Holmes admits that Defendant Ilios entered into a Consulting Agreement with Swan on December 6, 2023 to provide services, and that he signed on behalf of Defendant Ilios as its representative. Defendant Holmes admits that Swan agreed to pay, and did pay, backpay retroactive to July 1, 2023. To the extent that Plaintiff purports to characterize documents in paragraph 92, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Defendant Holmes denies any other allegations in this paragraph 92. The other Individual Defendants further state that they lack sufficient knowledge and information to admit or deny the remaining allegations of paragraph 92, and on that basis deny them.

93. Defendant Romualdez admits that he entered into a Consulting Agreement with Swan on December 14, 2023. See AC, Ex. D. To the extent that Plaintiff purports to characterize documents in paragraph 93, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. The other Individual Defendants further state that they lack sufficient knowledge and information to admit or deny the

remaining allegations of paragraph 93, and on that basis deny them.

94. Defendant Monteleone admits that he entered into a Consulting Agreement with Swan on May 13, 2024. *See* AC, Ex. E. To the extent that Plaintiff purports to characterize documents in paragraph 94, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. The other Individual Defendants further state that they lack sufficient knowledge and information to admit or deny the remaining allegations of paragraph 94, and on that basis deny them.

95. Defendant Furlong admits that he entered into a Consulting Agreement with Swan on May 21, 2024. *See* Ex. F. To the extent that Plaintiff purports to characterize documents in paragraph 95, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. The other Individual Defendants further state that they lack sufficient knowledge and information to admit or deny the remaining allegations of paragraph 95, and on that basis deny them.

96. Individual Defendants admit that the respective Consulting Agreements contained assignment provisions. To the extent that Plaintiff purports to characterize documents in paragraph 96, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Footnote 8 purports to be a citation to exhibits, and therefore a response is not required. To the extent a further response is required, Individual Defendants deny any remaining allegations in paragraph 96 and footnote 8.

97. To the extent that Plaintiff purports to characterize documents in paragraph 97, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. To the extent a further response is required, Individual Defendants admit that they did not provide Swan written notice under their respective Consulting Agreements

relating to "incorporat[ion of] any inventions, trade secrets, or other proprietary information or intellectual property owned by" them.  Individual Defendants deny any remaining allegations in paragraph 97.

98. Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 98, and on that basis deny them. Further, to the extent that Plaintiff purports to characterize documents, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents.

## V.    SWAN PROTECTS THE SECRECY OF ITS PROPRIETARY INFORMATION.

99. Individual Defendants admit that the respective Consulting Agreements contained provision relating to Confidential Information. Individual Defendants deny that Swan had a "competitive advantage" due to any "proprietary and trade secret mining information" of Swan. Further, to the extent that Plaintiff purports to characterize documents, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Individual Defendants deny any remaining allegations in paragraph 99.

100. Defendant Holmes denies that he had a Consulting Agreement with Swan in his personal capacity. The other Individual Defendants state that, to the extent that Plaintiff purports to characterize documents, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Except as expressly denied, the other Individual Defendants otherwise admit the allegations in paragraph 100.

101. Defendant Romualdez admits that he may have received a "Contractor Playbook," but denies receiving an "Employee Playbook" from Swan. The other Individual Defendants, to the best of their knowledge, deny receiving a "Contractor Playbook" or an "Employee Playbook" from Swan. Individual Defendants otherwise

lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 101. Further, to the extent that Plaintiff purports to characterize documents in paragraph 101, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents.

102. With respect to the allegations in paragraph 102 relating to Swan's purported "robust infrastructure of agreements, policies, and technological safeguards," such phrasing is so vague and ambiguous as to not permit Individual Defendants the ability to admit or deny any such allegations, and on that basis denies them. Individual Defendants further state that they lack knowledge or information sufficient to admit or deny any remaining allegations of paragraph 102, and on that basis deny them.

103. Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of 103. Further, to the extent that Plaintiff purports to characterize documents in paragraph 103, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents.

104. With respect to the allegations in paragraph 104 relating to Swan's purported (unidentified) "security applications," such phrasing is so vague and ambiguous as to not permit Individual Defendants the ability to specifically admit or deny any such allegations, and on that basis deny them. To the best it understands this allegation, Individual Defendants admit that there were certain security applications present on their laptops, but deny that these security applications were required on their phones. Further, to the extent that Plaintiff purports to characterize documents in paragraph 104, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Except as expressly admitted or denied, Individual Defendants state that they lack knowledge or information sufficient to admit or deny any remaining allegations of

paragraph 104, and on that basis deny them.

105.  With respect to the allegations in paragraph 105 relating to the ability to "access the system that houses Swan's confidential and proprietary information and trade secrets," such phrasing is so vague and ambiguous as to not permit Individual Defendants the ability to specifically admit or deny any such allegations, and on that basis deny them. To the best it understands this allegation, Individual Defendants admit that certain systems they might access included usernames and passwords, and, depending on the program, may require multifactor authentication. Except as expressly admitted or denied, Individual Defendants state that they lack knowledge or information sufficient to admit or deny any remaining allegations of paragraph 105, and on that basis deny them.

106. Individual Defendants lack knowledge or information sufficient to admit or deny them, and on that basis deny them.

107. Defendants Holmes, Ilios, and Furlong lack knowledge or information sufficient to admit or deny the allegations of paragraph 107, and on that basis deny them. Defendants Naidoo, Monteleone, Romualdez, and Vasconcelos deny that access to BNOC was always restricted, but admit that to access GitHub, a user must log in with a username or password. To the best of Individual Defendants' knowledge, Individual Defendants lack knowledge or information sufficient to admit or deny that an SSH Key was required before accessing code. Insofar as paragraph 107 contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any allegations because of the redactions, and therefore deny them. Individual Defendants deny any remaining allegations.

108. Individual Defendants state that to the extent that this paragraph 108 purports to characterize purports to characterize terms of the Shareholders Agreement between Swan and Tether, that Agreement speaks for itself. Insofar as paragraph 108 contains factual allegations that are redacted, Individual Defendants are unable to

either admit or deny any such allegations because they are redacted, and therefore deny them. Individual Defendants further state that they lack knowledge or information sufficient to admit or deny any remaining allegations of paragraph 108, and on that basis deny them.

## VI.    SWAN EXPANDS 2040 ENERGY, A FINANCING ARRANGEMENT TO RAISE CAPITAL FOR BITCOIN MINING.

109. Defendant Vasconcelos lacks sufficient knowledge or information to admit or deny the allegations of paragraph 109. The other Individual Defendants admit that they were aware of 2040 Energy and its operations at DAME, but lack knowledge or information sufficient to either admit or deny the remaining allegations of paragraph 109, and on that basis deny them.

110.  Defendants Holmes and Ilios deny that Swan utilized any Swan proprietary site selection strategies in connection with DAME. Defendants Holmes and Ilios lack knowledge and information sufficient to admit or deny the remaining allegations of paragraph 110, and therefore deny them. Individual Defendants deny the allegations in the first sentence of paragraph 110.  Individual Defendants state that they lack knowledge and information sufficient to admit or deny the remaining allegations of paragraph 110, and on that basis deny them.

111. Individual Defendants admit that Klippsten served as 2040 Energy's and Swan's CEO. Defendant Vasconcelos denies engaging in any management of mining operations at 2040 Energy sites, negotiating agreements with any mining sites, or engaging with business vendors or partners mining sites or business vendors and partners, whether using the Swan brand or otherwise. Defendant Vasconcelos lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 111, and on that basis denies them.  The other Individual Defendants admit that they assisted in managing mining operations for 2040 Energy projects, which sometimes involved negotiating agreements with potential mining sites and third-

party vendors, and monitoring operations at those sites. Individual Defendants admit that they may have, on occasion, interacted with business vendors using their former Swan email address but deny they did so "under Swan's brand." Individual Defendants deny any remaining allegations of this paragraph 111.

112.  Individual Defendants admit that Tether funded 2040 Energy investment opportunities. Insofar as paragraph 112 contains factual allegations directed to Individual Defendants that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them. Individual Defendants deny any remaining allegations of paragraph 112.

113.  Insofar as paragraph 113 contains factual allegations directed to Individual Defendants that are redacted, Individual Defendants are unable to either admit or deny any such allegations because paragraph 113 is redacted in its entirety, and therefore deny them.

114. Defendant Vasconcelos denies engaging directly with any mining sites, whether using the Swan brand or otherwise. Defendant Vasconcelos lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 114, and on that basis denies them. The other Individual Defendants admit that they may have, on occasion, engaged with mining sites using their former Swan email address, but deny they did so "under Swan's brand." The other Individual Defendants lack knowledge or information sufficient to admit or deny any remaining allegations in 114, and on that basis deny them.

## VII.   THE DEFENDANTS PLOT TO STEAL SWAN'S BUSINESS, CONFIDENTIAL AND PROPRIETARY INFORMATION, AND TRADE SECRETS.

115. Individual Defendants deny that Swan is a mining company or that it "was the best mining company." Individual Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 115, and on that basis deny them.

116. Defendant Naidoo admits he was aware of a potential transaction between Tether and Swan relating to 2140 Energy, but denies that this was because "Swan's mining operations" were "growing". Defendant Naidoo lacks sufficient knowledge or information to admit or deny any remaining allegations of paragraph 116, and on that basis denies them. The other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 116, and on that basis deny them.

117. Individual Defendants deny the allegations of paragraph 117 that they "enrich[ed] themselves at Swan's expense," that they "hatched a plan to steal" the mining business of Swan to "usurp Swan's role," that there was any "rain and hellfire" plan or conspiracy to steal Swan's alleged mining business, and that Swan had any such mining business. Except as expressly denied, Individual Defendants state that this paragraph and footnote 11 contain legal arguments and conclusions to which no response is required. To the extent a further response is required, Individual Defendants state that they lack knowledge or information sufficient to admit or deny the remaining allegations of paraph 117 and footnote 11, and on that basis deny them.

118. Individual Defendants deny that there was any "rain and hellfire" plan against Swan or that they took any "confidential and proprietary business information" belonging to Swan in order to "operate a competing mining business." Defendant Naidoo admits that he was the CIO of Defendant Proton. Individual Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of this paragraph 118, and on that basis deny them.

119. Individual Defendants deny that there was any "rain and hellfire" plan against Swan or that they improperly took "large volumes of confidential and proprietary business information" or "trade secrets" of Swan. To the extent that Plaintiff purports to characterize written documents or download logs, such documents and download logs speak for themselves, and Individual Defendants deny

any characterization or description by Swan that is inconsistent with the documents. Individual Defendants deny the remaining allegations of paragraph 119 to the extent directed at Individual Defendants.

120. Individual Defendants deny that there was any "conspiracy" against Swan. To the extent that Plaintiff purports to characterize written documents in paragraph 120, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Individual Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 120, and on that basis deny them.

121. Defendant Naidoo admits that there was a meeting with outside counsel for Tether and 2040 Energy at the EAST Miami hotel in or around June 2024. Defendant Naidoo denies that any such meeting was concealed from Swan or that Swan did not know about the meeting until Mr. Zagury resigned. Defendant Naidoo lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 121, and on that basis denies them. The other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 121, and on that basis deny them.

122. Individual Defendants deny the allegations of paragraph 122 that they "usurped Swan's mining operations" or plotted to "steal Swan's confidential information and trade secrets." To the extent a further response is required, Individual Defendants state that, to the extent that allegations in paragraph 122 relate to others, Individual Defendants lack knowledge or information sufficient to admit or deny them, and on that basis deny them. Individual Defendants deny the remaining allegations of this paragraph 122 to the extent they relate to the Individual Defendants.

123. Defendant Naidoo admits that he met with Mr. Lyons in or around July 2024, but denies the remaining allegations of paragraph 123. The other Individual

Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 123, and on that basis deny them.

124. Individual Defendants deny that Swan has any "mining business." Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 124, and on that basis deny them.

125. Defendants Holmes and Naidoo deny any allegation that they were planning to "steal Swan's confidential information and trade secrets so they could use them for Proton," and deny that any such information and trade secrets belong to Swan. Defendants Holmes states that he does not recall any meeting, and therefore can neither admit or deny the allegations of paragraph 125. Defendant Naidoo admits that he recalls meeting with Mr. Zagury and Mr. Lyons in or around July 2024, but lacks sufficient knowledge or information to admit or deny the allegations regarding the subject matter of the meetings in paragraph 125, and on that basis deny them. The other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 125, and on that basis deny them.

126. Defendants Holmes and Naidoo deny the allegations in the first sentence of paragraph 126. Defendants Naidoo and Romualdez admit that they had communications over Slack and Signal in or around July 2024, but lack sufficient information to admit or deny the allegations relating to the timing or contents of any such communications. To the extent that Plaintiff purports to characterize written documents in paragraph 126, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Individual Defendants deny any remaining allegations of paragraph 126.

127. Defendants Holmes and Naidoo admit that they met with Mr. Zagury and Mr. Belitsky during this time, but deny that there was any "rain and hellfire" scheme against Swan on behalf of Proton. To the extent that Plaintiff purports to characterize

written documents, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Insofar as paragraph 127 contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them. Defendants Holmes and Naidoo deny any remaining allegations of paragraph 127. The other Individual Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 127, and on that basis deny them.

## VIII. THE DEFENDANTS EXECUTE THEIR SCHEME.

128. Individual Defendants deny the allegations of paragraph 128.

129. Defendant Monteleone admits that he recalls downloading a component of BNOC within GitHub, but denies the characterization of BNOC as "Swan's." Defendant Monteleone lacks sufficient knowledge or information to admit or deny the timing any of such download. Defendant Monteleone further states that the download activity from GitHub speaks for itself. Defendant Monteleone denies any remaining allegations of paragraph 129. The other Individual Defendants state that they lack knowledge or information sufficient to admit or deny the allegations of paragraph 129, and on that basis deny them.

130. Defendant Holmes denies that he caused a document to be filed in the British Virgin Islands from California seeking to reserve the name "Proton Management," and lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 130, and on that basis denies them. The other Individual Defendants state that they lack knowledge or information sufficient to admit or deny the allegations of paragraph 130, and on that basis deny them.

131. Individual Defendants state that they lack knowledge or information sufficient to admit or deny the allegations of paragraph 131 relating to the registration of "Elektron-Energy.com," and on that basis deny them. Individual Defendants deny

1    any remaining allegations of paragraph 131.

2        132. Defendant Monteleone admits that he added a "personal access token"

3    labeled "Elektron" to his GitHub, but further states that he had access to Swan's

4    GitHub account from his personal account at Swan's instruction since he began

5    providing services to Swan. Defendant Monteleone admits that he downloaded

6    certain BNOC source code and put it on a separate repository. Defendant Monteleone

7    denies the characterization of BNOC source code as "Swan's." Defendant

8    Monteleone further states that the download activity from GitHub speaks for itself.

9    Defendant Monteleone lacks sufficient knowledge or information to admit or deny

10   the remaining allegations of this paragraph 132, and on that basis deny them. The

11   other Individual Defendants state that they lack knowledge or information sufficient

12   to admit or deny the allegations of this paragraph 132, and on that basis deny them.

13       133. Insofar as paragraph 133 contains factual allegations directed to Individual

14   Defendants that are redacted, Individual Defendants are unable to either admit or

15   deny any such allegations because they are redacted, and therefore deny them.

16   Individual Defendants lack knowledge and information sufficient to admit or deny

17   the remaining allegations of this paragraph 133, and on that basis deny them.

18       134. Defendants Holmes and Naidoo admit that they and Mr. Zagury were part of

19   Proton's management. Defendant Holmes denies the allegations in the first sentence

20   of paragraph 134 that he caused the Certification of Incorporation for Defendant

21   Proton to be filed from California. Defendants Holmes and Naidoo deny that there

22   was any conspiracy or "coordinated theft of Swan's information." Defendants

23   Holmes and Naidoo lack knowledge or information sufficient to admit or deny any

24   remaining allegations of this paragraph 134, and on that basis deny them. The other

25   Individual Defendants lack knowledge and information sufficient to admit or deny

26   the allegations of this paragraph 134, and on that basis deny them.

27       135. Individual Defendants lack knowledge and information sufficient to admit

28

1    or deny the allegations of this paragraph 135, and on that basis deny them.

2    136. Defendants Furlong and Naidoo admit that they downloaded documents

3    from Swan's systems in the course of their consulting work for Swan, but deny that

4    any downloads were "on behalf of Proton."  Defendants Furlong and Naidoo lack

5    knowledge or information sufficient to admit or deny any allegations regarding

6    specific downloads of documents or the volume, timing or contents of any such

7    downloads, and on that basis deny them. Defendants Furlong and Naidoo further state

8    that any download activity from Google Drive or other sources speaks for itself.

9    Individual Defendants deny that Swan has any "proprietary information related to . .

10   . hash-rate optimization techniques."  Insofar as paragraph 136 contains factual

11   allegations that are redacted, Individual Defendants are unable to either admit or deny

12   any such allegations because they are redacted, and therefore deny them. The other

13   Individual Defendants lack knowledge or information sufficient to admit or deny the

14   remaining allegations of this paragraph 136, and on that basis deny them.

15   137. Defendant Furlong admits that he downloaded documents, but denies that

16   any downloads were "on behalf of Proton." Defendant Furlong lacks knowledge or

17   information sufficient to admit or deny allegations relating to the timing or content

18   of any downloads of documents, and on that basis denies them. Defendant Furlong

19   further denies the allegation that he would have "had no legitimate reason to

20   download in connection with his day-to-day role at Swan." Defendant Furlong

21   further states that any download activity from the sources allegedly at issue speaks

22   for itself. Individual Defendants deny the allegation that BNOC is "Swan's". The

23   other Individual Defendants lack knowledge or information sufficient to admit or

24   deny the remaining allegations of this paragraph 136, and on that basis deny them.

25   138. Individual Defendants lack knowledge and information sufficient to admit

26   or deny the allegations of this paragraph 138, and on that basis deny them.

27   139. Insofar as paragraph 139 contains factual allegations that are redacted,

28

INDIVIDUAL DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AM. COMPL.

Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them. Individual Defendants deny that Swan had any "proprietary hash-rate optimization techniques." Individual Defendants lack knowledge and information sufficient to admit or deny the remaining allegations of this paragraph 139, and on that basis deny them.

140. To the extent there are any factual allegations of this paragraph 140, Individual Defendants deny them.

141. Defendants Holmes, Furlong, and Naidoo admit that they met by videoconference on or about August 8, 2024 with others, but deny all remaining allegations of paragraph 141. The other Individual Defendants lack knowledge and information sufficient to admit or deny the allegations of paragraph 141, and on that basis deny them. Except as expressly admitted or denied, the allegations of paragraph 141 consist of Plaintiff's legal arguments to which no response is required.

142. Defendants Holmes, Furlong, and Naidoo admit that they met by videoconference on or about August 8, 2024 with others, but lack sufficient information to admit or deny the remaining allegations of this paragraph 142. The other Individual Defendants lack knowledge and information sufficient to admit or deny the allegations of paragraph 142, and on that basis deny them. Footnote 13 contains no factual allegations directed to Individual Defendants, but to the extent a response is required, Individual Defendants lack knowledge or information sufficient to admit or deny, and on that basis deny.

143. Defendants Holmes, Furlong, Monteleone, and Naidoo admit that they met by videoconference on or about August 8, 2024 with others, but lack sufficient information to admit or deny the remaining allegations of this paragraph 143. The other Individual Defendants lack knowledge and information sufficient to admit or deny the allegations of paragraph 143, and on that basis deny them. Footnote 14 contains no factual allegations directed to Individual Defendants, but to the extent a

1  response is required, Individual Defendants lack knowledge or information sufficient
2  to admit or deny, and on that basis deny.

3      144. The allegations of paragraph 144 consist of Plaintiff's legal arguments and
4  conclusions to which no response is required. To the extent a response is required,
5  Defendants Vasconcelos and Romualdez deny being involved in any "schemes" or
6  "misappropriation." Defendants Vasconcelos and Romualdez lack sufficient
7  knowledge and information sufficient to admit or deny the remaining allegations of
8  paragraph 144, and on that basis deny them. The other Individual Defendants lack
9  sufficient knowledge and information sufficient to admit or deny the allegations of
10  paragraph 144, and on that basis deny them.

11      145. Individual Defendants lack knowledge and information sufficient to admit
12  or deny the allegations of this paragraph 145, and on that basis deny them.

13      146. Individual Defendants lack knowledge and information sufficient to admit
14  or deny the allegations of this paragraph 146, and on that basis deny them.

15      147. Defendant Monteleone admits that he removed his Swan work email address
16  from his personal GitHub account when he resigned and that he downloaded BNOC
17  source code, but denies that any such download was "on behalf of Proton." Defendant
18  Monteleone lacks sufficient knowledge or information to admit or deny the timing of
19  any such actions.  Defendant Monteleone further admits that he recalls receiving an
20  error message from GitHub, but denies that the email had anything to do with
21  exfiltrating source code. Defendant Monteleone denies that he engaged in any theft
22  of BNOC, denies any characterization of BNOC as "Swan's," and denies any
23  remaining allegations of this paragraph 147. The other Individual Defendants lack
24  knowledge and information sufficient to admit or deny the allegations of this
25  paragraph 147, and on that basis deny them.

26      148. Defendants Holmes and Ilios deny that they have downloaded any files from
27  Swan systems "on behalf of Proton" as alleged in paragraph 148.   Defendants

28

Furlong, Monteleone, Romualdez, and Vasconcelos admit that they downloaded documents in the normal course of their work activities at Swan and deny that they downloaded "thousands of files" in their last weeks with Swan "on behalf of Proton." Defendants Furlong, Monteleone, Romualdez, and Vasconcelos further deny that any such downloads would be "without any legitimate business reason." Defendants Furlong, Monteleone, Romualdez, and Vasconcelos deny that any respective downloads by any of them "represent[] massive spikes compared to . . . previous download activity." Individual Defendants further lack knowledge or information sufficient to admit or deny any such allegations as they pertain to other Individual Defendants or other third parties referenced in paragraph 148. To the extent any allegations remain, Individual Defendants deny them.

149. Individual Defendants lack knowledge and information sufficient to admit or deny the allegations of this paragraph 149, and on that basis deny them.

150. Individual Defendants lack knowledge and information sufficient to admit or deny the allegations of this paragraph 150, and on that basis deny them.

151. The allegations of paragraph 151 consist of Plaintiff's legal arguments and conclusions to which no response is required. To the extent a response is required, Individual Defendants deny that they "stole" any documents. Individual Defendants further state that paragraph 151 is redacted in significant part, a portion of footnote 15 is redacted, Exhibit G was filed under seal, so to the extent any of redacted material therein contains any factual allegations directed to Individual Defendants, Individual Defendants are not able to admit or deny them because they are redacted, and therefore deny them. Individual Defendants further state that any download or export activity referenced in footnote 15 speaks for itself. Individual Defendants lack sufficient knowledge and information to admit or deny any remaining allegations in paragraph 151 or footnote 15, and on that basis deny them.

152. The allegations of paragraph 152 consist of Plaintiff's legal arguments and

to which no response is required. To the extent a response is required, Individual Defendants deny any allegations in paragraph 152.

153. Individual Defendants, with the exception of Defendant Holmes, admit that they resigned from Swan on or about August 8, 2024. Defendant Holmes admits that he sent a notice of resignation to Swan on behalf of Ilios on or about August 8, 2024, but lacks sufficient knowledge or information to admit or deny the allegation relating to the exact time of that communication, and on that basis denies it. Individual Defendants deny that they took any "confidential and proprietary information and trade secrets" of Swan. Individual Defendants lack knowledge or information sufficient to admit or deny the allegations in the last sentence of paragraph 153, and on that basis deny them. Individual Defendants deny any remaining allegations of this paragraph 153.

154. Defendants Holmes and Naidoo admit that Defendant Holmes emailed Defendant Naidoo on or about August 8, 2024. Defendants Holmes and Naidoo admit that they both resigned from Swan on or about August 8, 2024, but lack knowledge or information sufficient to admit or deny the allegation relating to the exact time of any such communications, and on that basis deny it. Defendants Holmes and Naidoo state that, to the extent that Plaintiff purports to characterize written documents, such documents speak for themselves, and Defendants Holmes and Naidoo deny any characterization or description by Swan that is inconsistent with the documents. Defendant Holmes denies that he "tried to manufacture a cover-up of Defendants' long planned scheme, that there was any such "scheme" or conspiracy, or that he "was trying to create a falsified paper trail." Defendant Holmes further denies any remaining allegations of paragraph 154 that relate to him. Defendant Naidoo denies the remaining allegations of paragraph 154 that relate to him. The other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 154, and on that basis deny them.

155. Defendants Holmes, Furlong, Monteleone, and Vasconcelos admit that Defendant Holmes sent a message to them and others relating to the formation of a new entity. To the extent that Plaintiff purports to characterize written documents, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Individual Defendants deny any remaining allegations of this paragraph 155.

156. Individual Defendants, with the exception of Defendant Holmes, admit that they resigned from Swan on or about August 8, 2024. Defendant Holmes admits that he sent a notice of resignation to Swan on behalf of Ilios on or about that day. Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 156 as it relates to other Individual Defendants or third parties, and on that basis deny them. Individual Defendants further state that, to the extent that Plaintiff purports to characterize written documents, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Individual Defendants deny any remaining allegations of this paragraph 156.

157. Defendants Furlong, Romualdez, Monteleone, and Vasconcelos  admit that they began working with Defendants Holmes and Naidoo, but deny that they "immediately accepted" any "formal positions" with Defendant Proton. Defendants Furlong, Romualdez, Monteleone, and Vasconcelos further deny the allegation that they "had been working on Proton's behalf throughout their scheme" or that there was such a "scheme." Individual Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 157, and on that basis deny them.

158. Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 158, and on that basis deny them. Individual Defendants further state that, to the extent that Plaintiff purports to characterize

written documents, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents.

159. Individual Defendants deny that they were involved in any conspiracy to the extent alleged in paragraph 159. Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 159 relating to any documents provided by Tether's counsel to Swan's counsel on August 9, 2024, and on that basis deny them. Insofar as paragraph 159 contains factual allegations that are redacted or related to redacted material, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them. Individual Defendants further state that, to the extent that Plaintiff purports to characterize written documents, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Individual Defendants deny any remaining allegations of this paragraph 159.

160. Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 160, and on that basis deny them. Insofar as paragraph 160 contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them.

161. Insofar as paragraph 161 refers to or contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them. Individual Defendants lack knowledge or information sufficient to admit or deny any remaining allegations of paragraph 161, and on that basis deny them.

162. Defendants Holmes and Naidoo admit that they and Mr. Zagury are in management of Proton. Defendant Holmes denies Plaintiff's characterization that he

"created" Proton.  Insofar as paragraph 162 refers to or contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them. Individual Defendants further state that, to the extent that Plaintiff purports to characterize written documents, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Individual Defendants deny any remaining allegations of this paragraph 162.

163. Individual Defendants expressly deny that there was any "rain and hellfire" plan against Swan or that Swan had any "mining operations" of its own. Individual Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 163, and on that basis deny them.

## IX.    SWAN INVESTIGATES, TRIES TO MITIGATE DISRUPTION, AND RESERVES RIGHTS.

164. The allegations of paragraph 164 consist of Plaintiff's legal arguments and conclusions to which no response is required. To the extent a response is required, Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 164, and on that basis deny them.

165.  Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 165, and on that basis deny them. Insofar as paragraph 165 contains any factual allegations that are redacted, Individual Defendants are unable to admit or deny such allegations because they are redacted, and therefore deny them.

166. Defendants Holmes and Romualdez admit that Swan demanded that they provide Swan with their personal computers in or about August 2024. Individual Defendants, with the exception of Defendant Holmes, admit that they have Consulting Agreements with Swan. Defendant Holmes denies that he has a

Consulting Agreement with Swan, but admits that he was a signatory to a Consulting Agreement with Swan on behalf of Defendant Ilios.  Individual Defendants admit that they have not provided their laptops to Swan, as they are in the possession of a neutral third party per Order of the Court.  Individual Defendants deny that any laptops were "company" laptops or "purchased and issued" by Swan.  Individual Defendants further state that, to the extent that Plaintiff purports to characterize written documents, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents in paragraph 166 and footnote 16. Individual Defendants deny any remaining allegations of this paragraph 166 and footnote 16.

167. The allegations of paragraph 167 relating to the laptop issues go to Swan's conversion claim which this Court has compelled to arbitration, and therefore no response is required. To the extent a response is required, Defendants Holmes and Romualdez admit that Swan demanded that they provide Swan with their personal computers in or about August 2024. Defendant Holmes denies that he has a Consulting Agreement with Swan, but admits that he was a signatory to a Consulting Agreement with Swan on behalf of Defendant Ilios. Defendant Romualdez admits that he has a Consulting Agreements with Swan. Individual Defendants admit that they have not provided their laptops to Swan, as they are in the possession of a neutral third party per Order of the Court.  Individual Defendants deny that any laptops were "Swan-issued."  Individual Defendants further state that, to the extent that Plaintiff purports to characterize written documents, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents in paragraph 167. Individual Defendants deny any remaining allegations of this paragraph 167.

168. Defendant Monteleone admits that his Github username is RDMEC. Defendant Vasconcelos admits that his Github username is lucasvm8. Defendants

Monteleone and Vasconcelos state that, to the extent that Plaintiff purports to characterize GitHub activity, the GitHub activity logs speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents in paragraph 168. Defendants Monteleone and Vasconcelos deny any remaining allegations of paragraph 168. The other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 168, and on that basis deny them.

169. Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 169, and on that basis deny them.

170. Defendants Monteleone and Vasconcelos state that, to the extent that Plaintiff purports to characterize GitHub activity, the GitHub activity logs speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents in paragraph 170 and footnote 17. Defendant Vasconcelos admits that his GitHub activity is not publicly viewable. Defendants Monteleone and Vasconcelos deny the remaining allegations of paragraph 170 and footnote 17, except that they lack knowledge or information sufficient to admit or deny allegations with respect to other Individual Defendants or third parties. The other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 170 and footnote 17, and on that basis deny them.

171. Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 171 and all subparts, and on that basis deny them. To the extent that Plaintiff purports to characterize written documents, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents in paragraph 171. Insofar as paragraph 171 contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such

allegations because they are redacted, and therefore deny them.

172. Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 172, and on that basis deny them. To the extent that Plaintiff purports to characterize written documents, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents in paragraph 172. Insofar as paragraph 172 contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them.

173. Individual Defendants deny the allegations in the first sentence of paragraph 173. Individual Defendants further deny that there was any "scheme to steal Swan's Bitcoin business, personnel, and confidential and proprietary information and trade secrets." Individual Defendants deny any remaining allegations of paragraph 173 to the extent related to them. Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 173 relating to Tether's counsel, and on that basis deny them. To the extent that Plaintiff purports to characterize written documents, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents in paragraph 173.

**X.    SWAN BRINGS THIS SUIT, AND THE DEFENDANTS PROVIDE FALSE EXCUSES FOR THEIR MISCONDUCT.**

174.    Individual Defendants admit that Swan filed its original Complaint on September 25, 2024, and filed an application for a temporary restraining order against Defendants, and further state that those pleadings speak for themselves.

175. Individual Defendants admit that they opposed Plaintiff's *ex parte* application for a temporary restraining order on multiple independent and separate grounds and that the Court denied Plaintiff's application "as plaintiff has failed to

establish at least three of the four Winter factors." ECF No. 40. Individual Defendants deny that they are using any "propriety information and trade secrets" of Swan. To the extent that Plaintiff purports to characterize Defendants' representations in their pleadings, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Individual Defendants deny any remaining allegations of paragraph 175.

176.  Individual Defendants admit the allegations in paragraph 176, but further state that the Court's ruling speaks for itself.

177.   The allegations of paragraph 177 relating to the laptop issues go to Swan's conversion claim which this Court has compelled to arbitration, and therefore no response is required.  To the extent a response is required, paragraph 177 purports to characterize the parties meet and confer regarding Individual Defendants' personal laptops and Swan's request that they be given to Swan, and to characterize Defendants' representations to the Court. Individual Defendants state that such documents and representations speak for themselves and deny any characterization or description by Swan that is inconsistent with the documents or representations. Individual Defendants deny any remaining allegations of this paragraph 177, including any characterization of the parties' meet and confer, and further state that Swan's counsel rejected the Individual Defendants' and the Court's proposal.

178.   Individual Defendants admit the allegations in paragraph 178, but further state that the Court's Order speaks for itself.

179. Individual Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 179, and on that basis deny them.

180.  Individual Defendants admit the allegations of paragraph 180, but further state that Plaintiff's pleadings and the Court's ruling speak for themselves.

## XI.    DEFENDANTS CONTINUE TO USE SWAN'S CONFIDENTIAL INFORMATION AND TRADE SECRETS AND THEIR REPRESENTATIONS TO THE COURT PROVE HOLLOW.

181.  Individual Defendants deny that they have represented that they are using any "proprietary information and trade secrets" of Swan.  Further, to the extent that Plaintiff purports to characterize Defendants' representations in their pleadings, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Individual Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 181, and on that basis deny them.

182. Individual Defendants deny the allegations of paragraph 182.

183. Insofar as paragraph 183 contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them. Individual Defendants deny any remaining allegations of paragraph 183.

184. Insofar as paragraph 184 contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them.

185. Insofar as paragraph 185 contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them.

186. Individual Defendants deny that Swan has "propriety information and trade secrets" as alleged in the AC. Individual Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 186, and on that basis deny them. Insofar as factual allegations in paragraph 186 are redacted, Individual Defendants further state that they are unable to either admit or deny any such allegations because they are redacted, and therefore deny them.

187. Individual Defendants, with the exception of Defendant Vasconcelos, admit that they provide services in connection with Bitcoin mining operations and that they have communicated with on-site operators of 2040 Energy mining sites and business vendors that worked in connection with those sites. Individual Defendants deny that any such sites or vendors are "Swan's." Defendant Vasconcelos lacks sufficient knowledge or information to admit or deny the allegations of paragraph 187. Individual Defendants lack knowledge or information sufficient to admit or deny any remaining allegations of paragraph 187, and on that basis deny them.

188. Individual Defendants state that the download activity for BNOC speaks for itself. Individual Defendants incorporate by reference their responses to paragraphs 129 and 132. To the extent related to others, Individual Defendants further state that they lack knowledge or information sufficient to admit or deny the remaining allegations of paragraph 188, and on that basis deny them. Insofar as paragraph 188 contains factual allegations that are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them.

189. Defendant Romualdez admits that he exchanged communications with Mr. Sola, but lacks sufficient knowledge and information to admit or deny when those messages were sent or their contents. To the extent that Plaintiff purports to characterize written documents, Individual Defendants further state that such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents in paragraph 189. Insofar as factual allegations in paragraph 189 are redacted or relate to redacted material, Individual Defendants further state that they are unable to either admit or deny any such allegations because they are redacted, and therefore deny them. Defendants Romualdez and Holmes admit that they provided services to Proton, but deny Plaintiff's characterization that they "picked up message right where

they had left off." Defendant Romualdez further lacks sufficient knowledge or information to admit or deny the allegations of the first and second sentences of paragraph 189. The other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of the paragraph 189, and on that basis deny them. To the extent any allegations remain, Individual Defendants deny any such remaining allegations of paragraph 189.

190. Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis deny them. To the extent Plaintiff purports to characterize written documents, Individual Defendants further state that such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents in paragraph 190. Insofar as factual allegations in paragraph 190 are redacted, Individual Defendants further state that they are unable to either admit or deny any such allegations because they are redacted, and therefore deny them. Individual Defendants deny any remaining allegations of paragraph 190.

191. Defendant Holmes admits that he has messaged with Mr. Sola after his resignation from Swan, including through Telegram. Individual Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 191, and on that basis deny them. Insofar as factual allegations in paragraph 191 are redacted, Individual Defendants further state that they are unable to either admit or deny any such allegations because they are redacted, and therefore deny them.

192. Individual Defendants admit that they provide services in connection with the mining operations of 2040 Energy mining sites, and deny Plaintiff's characterization of mining sites as "Swan's." Individual Defendants further deny that they have "entirely coopted the proceeds" from any such mining sites. Individual Defendants lack knowledge or information sufficient to admit or deny the allegations

in the second sentence of paragraph 192, and on that basis deny them. Individual Defendants deny any remaining allegations of paragraph 192.

193. With respect to the first sentence of paragraph 193, Plaintiff's non-identification of particular mining sites and use of the phrase "extremely valuable mining infrastructure," is so vague and ambiguous to not allow Individual Defendants to be able to admit or deny the allegations in the first sentence of paragraph 193, and on that basis they deny them. Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of the second sentence of paragraph 193, and on that basis deny them. Individual Defendants deny any remaining allegations of paragraph 193.

194. Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 194, and on that basis deny them.

195. Defendant Naidoo lacks knowledge or information sufficient to admit or deny the allegations of paragraph 195, and on that basis denies them. To the extent that Plaintiff purports to characterize written documents, Defendant Naidoo further states that the documents speak for themselves, and Defendant Naidoo denies any characterization or description by Swan that is inconsistent with the documents in paragraph 195. Defendant Naidoo denies any remaining allegations. The other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 195, and on that basis deny them.

196. Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 196, and on that basis deny them. Insofar as factual allegations in paragraph 196 are redacted, Individual Defendants are unable to either admit or deny any such allegations because they are redacted, and therefore deny them. To the extent that Plaintiff purports to characterize written documents, Individual Defendants further state that such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is

1    inconsistent with the documents in paragraph 196.

2    197.    Individual Defendants deny that they "stole" anything from Swan or that
3    there was any conspiracy.  Individual Defendants lack knowledge or information
4    sufficient to admit or deny the remaining allegations of the first sentence of paragraph
5    197, and on that basis deny them. Insofar as factual allegations in paragraph 197 are
6    redacted, Individual Defendants are unable to either admit or deny any such
7    allegations because they are redacted, and therefore deny them. To the extent that
8    Plaintiff purports to characterize written documents, Individual Defendants further
9    state that such documents speak for themselves, and Individual Defendants deny any
10   characterization or description by Swan that is inconsistent with the documents in
11   paragraph 197. Individual Defendants deny all remaining allegations of this
12   paragraph 197.

13   198. Individual Defendants lack knowledge or information sufficient to admit or
14   deny the allegations of paragraph 198, and on that basis deny them. Insofar as factual
15   allegations in paragraph 198 are redacted, Individual Defendants are unable to either
16   admit or deny any such allegations because they are redacted , and therefore deny
17   them. To the extent that Plaintiff purports to characterize written documents,
18   Individual Defendants further state that such documents speak for themselves, and
19   Individual Defendants deny any characterization or description by Swan that is
20   inconsistent with the documents in paragraph 198.

21   199. Insofar as paragraph 199 contains factual allegations that are redacted,
22   Individual Defendants are unable to either admit or deny any such allegations because
23   they are redacted in their entirety, and therefore deny them.

24   200. Individual Defendants admit that they moved to compel arbitration and, in
25   the alternative, to dismiss Swan's original complaint and that Defendant Proton filed
26   a motion to dismiss.  To the extent that Plaintiff purports to characterize Individual
27   Defendants' representations in their pleadings, such documents speak for themselves,

28

and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Individual Defendants deny the remaining allegations of 200.

201. The allegations of paragraph 201 relating to the laptop issues go to Swan's conversion claim against the Individual Defendants which this Court has compelled to arbitration, and therefore no response is required.  To the extent a response is required, Individual Defendants state that any conferral speaks for itself, and Individual Defendants deny any characterization or description by Swan that is inconsistent with that conferral referenced in paragraph 201.  Individual Defendants admit that they would not provide discovery to Plaintiff outside normal procedures. Individual Defendants further state that Swan rejected Individual Defendants' and the Court's proposal regarding the laptops and admits that Swan tried to come back months later seeking to meet and confer. Individual Defendants deny that they are "refusing" to engage in the proposal Individual Defendants set forth months before and prior to Plaintiff's rejected motion to compel the laptops. Individual Defendants deny the remaining allegations of paragraph 201.

## XII.   SWAN HAS BEEN, AND CONTINUES TO BE, IRREPARABLY HARMED BY DEFENDANTS AND THEIR COCONSPIRATORS' MISCONDUCT.

202. Individual Defendants state that paragraph 202 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Individual Defendants deny the allegations of paragraph 202.

203. Individual Defendants deny the allegations of paragraph 203.

204. Individual Defendants deny the allegations of paragraph 204.

205. Individual Defendants deny the allegations of paragraph 205.

206. Individual Defendants admit that third parties have been informed that 2040 Energy is no longer managed by Swan. Individual Defendants deny all remaining allegations of paragraph 206.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

207. Individual Defendants deny the allegations of paragraph 207.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Trade Secret Misappropriation under the Defend Trade Secrets Act**

**(18 U.S.C. § 1836, *et seq.*)**

*(Against All Defendants)*

208. Individual Defendants incorporate their responses to paragraphs 1-207 in response to paragraph 208.

209. Individual Defendants state that paragraph 209 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Individual Defendants deny the allegations of paragraph 209.

210. Individual Defendants state that paragraph 210 contains legal arguments and conclusions to which no response is required. Insofar as paragraph 211 contains any factual allegations that are redacted, Individual Defendants further state that they are unable to admit or deny such allegations because they are redacted, and therefore deny them. To the extent a response is required, Individual Defendants deny the allegations of paragraph 210.

211. Individual Defendants state that paragraph 211 contains legal arguments and conclusions to which no response is required. Insofar as paragraph 211 contains any factual allegations that are redacted, Individual Defendants further state that they are unable to admit or deny such allegations because they are redacted, and therefore deny them. To the extent a further response is required, Individual Defendants deny the allegations of paragraph 211.

212. Individual Defendants state that paragraph 212 contains legal arguments and conclusions to which no response is required. Insofar as paragraph 212 contains any factual allegations that are redacted, Individual Defendants further state that they are unable to admit or deny such allegations because they are redacted, and therefore

deny them. To the extent a further response is required, Individual Defendants deny the allegations of paragraph 212.

213. Individual Defendants state that paragraph 213 contains legal arguments and conclusions to which no response is required. Insofar as paragraph 213 contains any factual allegations that are redacted, Individual Defendants further state that they are unable to admit or deny such allegations because they are redacted, and therefore deny them. To the extent a further response is required, Individual Defendants deny the allegations of paragraph 213.

214.  Except as expressly admitted or denied elsewhere in this Answer, Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 214, and on that basis deny them.

215.  Individual Defendants state that paragraph 215 contains legal arguments and conclusions to which no response is required. Insofar as paragraph 215 contains any factual allegations that are redacted, Individual Defendants further state that they are unable to admit or deny such allegations because they are redacted, and therefore deny them. To the extent a further response is required, Individual Defendants deny the allegations of paragraph 215.

216. Individual Defendants state that paragraph 216 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Individual Defendants deny the allegations of paragraph 216.

217. Individual Defendants deny the allegations of paragraph 217.

218. Individual Defendants state that paragraph 218 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Individual Defendants deny the allegations of paragraph 218.

219. Individual Defendants state that paragraph 219 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Individual Defendants admit that Plaintiff purports to seek preliminary injunctive

1   relief against Defendants, but deny the remaining allegations of paragraph 219.

2       220. Individual Defendants admit that Plaintiff purports to seek a permanent

3   injunction and damages against Defendant Proton. Individual Defendants lack

4   knowledge or information sufficient to admit or deny any remaining allegations of

5   paragraph 220, and on that basis deny them.

6       221. Individual Defendants state that paragraph 221 contains legal arguments and

7   conclusions to which no response is required. Individual Defendants admit that

8   Plaintiff purports to seek exemplary damages and attorneys' fees from Defendant

9   Proton. Individual Defendants deny that they engaged in any "misappropriation and

10  use of Swan's trade secrets" and further deny any remaining allegations of paragraph

11  221.

12                          **SECOND CAUSE OF ACTION**

13                    **Breach of Contract (Consulting Agreement)**

14      *(Against Defendants Holmes, Ilios, Naidoo, Monteleone, Romualdez, Furlong, and*

15                                      *Vasconcelos)*

16      222. Individual Defendants incorporate their responses to paragraphs 1-221 in

17  response to paragraph 222.

18      223.  Individual Defendants admit the allegations of paragraph 223.

19      224.  Individual Defendants admit that the respective Consulting Agreements

20  were made for valid consideration, and further state that the Consulting Agreements

21  speak for themselves and deny the remaining allegations to the extent inconsistent

22  with those agreements.

23      225. Individual Defendants state that paragraph 225 contains legal arguments and

24  conclusions to which no response is required. To the extent a response is required,

25  Individual Defendants lack knowledge or information sufficient to admit or deny the

26  allegations of paragraph 225, and on that basis deny them.

27      226.  Individual Defendants admit that their respective Consulting Agreements

28

contain provisions relating to Confidential Information, as defined therein. To the extent that Plaintiff purports to characterize written documents, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents in paragraph 226. Individual Defendants further incorporate by reference their responses to paragraph 100 and footnote 9 in response to paragraph 226.

227. Individual Defendants admit that their respective Consulting Agreements contain provisions relating to Confidential Information, as defined therein. To the extent that Plaintiff purports to characterize written documents, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents in paragraph 227.

228.  Individual Defendants admit that their respective Consulting Agreements contain provisions relating to Confidential Information, as defined therein. To the extent that Plaintiff purports to characterize written documents, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents in paragraph 228.

229.  Individual Defendants admit that their respective Consulting Agreements contain provisions relating to Confidential Information, as defined therein. To the extent that Plaintiff purports to characterize written documents, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents in paragraph 229.

230. Individual Defendants state that paragraph 230 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Individual Defendants deny the allegations of paragraph 230.

231.  Individual Defendants deny the allegations of paragraph 231.

232.  Individual Defendants state that paragraph 232 contain legal arguments and conclusions to which no response is required. To the extent a response is required,

Individual Defendants deny the allegations of paragraph 232.

**THIRD CAUSE OF ACTION**

**Tortious Interference with Contractual Relations**

*(Against Defendants Proton, Holmes, and Naidoo)*

233. Individual Defendants incorporate their responses to paragraphs 1-232 in response to paragraph 233.

234. Defendants Holmes and Naidoo lack knowledge or information sufficient to admit or deny the allegations of paragraph 234. The other Individual Defendants state that this cause of action is not directed to them, and therefore paragraph 234 requires no response. To the extent a response is required, the other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 234, and on that basis deny them.

235. Defendants Holmes and Naidoo state that paragraph 235 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Defendants Holmes and Naidoo lack knowledge or information sufficient to admit or deny the allegations of paragraph 235, and on that basis deny them. The other Individual Defendants state that this cause of action is not directed to them, and therefore paragraph 235 requires no response. To the extent a response is required, the other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 235

236. Defendants Holmes and Naidoo lack knowledge or information sufficient to admit or deny the allegations of paragraph 236 and footnote 18, and on that basis deny them. The other Individual Defendants state that this cause of action is not directed to them, and therefore paragraph 236 and footnote 18 require no response. To the extent a response is required, the other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 236 and footnote 18, and on that basis deny them. Further, to the extent that Plaintiff purports

to characterize written documents, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the referenced documents in paragraph 236 and footnote 18.

237. Defendants Holmes and Naidoo lack knowledge or information sufficient to admit or deny the allegations of paragraph 237. The other Individual Defendants state that this cause of action is not directed to them, and therefore paragraph 237 requires no response. To the extent a response is required, the other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 237. Further, to the extent that Plaintiff purports to characterize written documents in paragraph 237, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the referenced documents.

238. Defendants Holmes and Naidoo lack knowledge or information sufficient to admit or deny the allegations of paragraph 238 and footnote 19, and on that basis deny them. The other Individual Defendants state that this cause of action is not directed to them, and therefore paragraph 238 and footnote 19 require no response. To the extent a response is required, the other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 238 and footnote 19, and on that basis deny them. Further, to the extent that Plaintiff purports to characterize written documents in paragraph 239 and footnote 19, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the referenced documents.

239. Defendants Holmes and Naidoo state that paragraph 239 and footnote 20 contain legal arguments and conclusions to which no response is required. To the extent a response is required, Defendants Holmes and Naidoo lack knowledge or information sufficient to admit or deny the allegations of paragraph 239 and footnote 20, and on that basis deny them. The other Individual Defendants state that this cause

of action is not directed to them, and therefore paragraph 239 and footnote 20 require no response. To the extent a response is required, the other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 239 and footnote 20, and on that basis deny them.

240. Defendants Holmes and Naidoo state that paragraph 240 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Defendants Holmes and Naidoo lack knowledge or information sufficient to admit or deny the allegations of paragraph 240, and on that basis deny them. The other Individual Defendants state that this cause of action is not directed to them and contains legal arguments and conclusions, and therefore paragraph 240 requires no response. To the extent a response is required, the other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 240, and on that basis deny them.

241. Defendants Holmes and Naidoo admit that they had communications with Mr. Belitsky in or around August 2024. Defendants Holmes and Naidoo deny that they "unlawfully solicited" anyone or had knowledge of any specific contractual terms as between Swan and Mr. Zagury, Mr. Dozic, Mr. Effertz, Mr. Hiley, Mr. Sola, and Mr. Belitsky. To the extent that Plaintiff purports to characterize written documents in paragraph 241, such documents speak for themselves, and Individual Defendants deny any characterization or description by Swan that is inconsistent with the documents. Defendants Holmes and Naidoo lack knowledge or information sufficient to admit or deny any remaining allegations, and on that basis deny them. The other Individual Defendants state that this cause of action is not directed to them and therefore paragraph 241 requires no response. To the extent a response is required, the other Individual Defendants deny that they "unlawfully solicited" anyone and lack knowledge or information sufficient to admit or deny any remaining allegations of paragraph 241, and on that basis deny them.

242. Defendants Holmes and Naidoo state that paragraph 242 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Defendants Holmes and Naidoo deny the allegations of paragraph 242. The other Individual Defendants state that this cause of action is not directed to them and contains legal arguments and conclusions, and therefore paragraph 242 requires no response. To the extent a response is required, the other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 242, and on that basis deny them.

243. Defendants Holmes and Naidoo state that paragraph 243 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Defendants Holmes and Naidoo deny the allegations of paragraph 243. The other Individual Defendants state that this cause of action is not directed to them and contains legal arguments and conclusions, and therefore paragraph 243 requires no response. To the extent a response is required, the other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 243, and on that basis deny them .

244. Defendants Holmes and Naidoo state that paragraph 244 contains legal arguments and conclusions, and to which no response is required. To the extent a response is required, Defendants Holmes and Naidoo deny the allegations of paragraph 244. The other Individual Defendants state that this cause of action is not directed to them and contains legal arguments and conclusions, and therefore paragraph 244 requires no response. To the extent a response is required, the other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 244, and on that basis deny them.

245. Defendants Holmes and Naidoo state that paragraph 245 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Defendants Holmes and Naidoo deny the allegations of paragraph 245.

The other Individual Defendants state that this cause of action is not directed to them and contains legal arguments and conclusions, and therefore paragraph 245 requires no response. To the extent a response is required, the other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 245, and on that basis deny them.

## FOURTH CAUSE OF ACTION

### Aiding and Abetting Breach of Duty of Loyalty

*(Against Defendant Proton)*

246. Individual Defendants incorporate their responses to paragraphs 1-245 in response to paragraph 246.

247. Individual Defendants state that this cause of action is not directed to Individual Defendants and contains legal arguments and conclusions, and therefore paragraph 247 requires no response. To the extent a response is required, Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 247, and on that basis deny them.

248. Individual Defendants state that this cause of action is not directed to Individual Defendants, and therefore paragraph 248 requires no response. To the extent a response is required, Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 248, and on that basis deny them.

249. Individual Defendants state that this cause of action is not directed to Individual Defendants and contains legal arguments and conclusions, and therefore paragraph 249 requires no response. To the extent a response is required, Defendants Holmes and Naidoo deny the allegations of paragraph 249 to the extent directed to them. The other Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 249, and on that basis deny them.

250. Individual Defendants state that this cause of action is not directed to

Individual Defendants and contains legal arguments and conclusions, and therefore paragraph 250 requires no response. To the extent a response is required, Individual Defendants lack knowledge or information sufficient to admit or deny the allegations of paragraph 250, and on that basis deny them.

## FIFTH CAUSE OF ACTION

### Unfair Competition Under Business & Professions Code § 17200

*(Against All Defendants)*

251. Individual Defendants incorporate their responses to paragraphs 1-250 in response to paragraph 251.

252.  Individual Defendants state that paragraph 252 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Individual Defendants states that California Business & Professions Code 17200 speaks for itself and denies the allegations of paragraph 252 to the extent that Plaintiff mischaracterizes the statutory language.

253.  Individual Defendants state that paragraph 253 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Individual Defendants deny the allegations of paragraph 253.

254. Individual Defendants state that paragraph 254, including its subparts, contains legal arguments and conclusions to which no response is required. To the extent a response is required, Individual Defendants deny the allegations of paragraph 254.

255.  Individual Defendants state that paragraph 255 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Individual Defendants deny the allegations of paragraph 255.

256.  Individual Defendants state that paragraph 256 contains legal arguments and conclusions to which no response is required. To the extent a response is required, Individual Defendants deny the allegations of the first and third sentences

of paragraph 256 and lacks sufficient knowledge or information to admit or deny the remaining allegations in the second sentence of paragraph 256, and on that basis deny them.

# SIXTH CAUSE OF ACTION

## Conversion

*(Against Defendants Furlong, Holmes, Ilios, Naidoo, Monteleone, Romualdez, and Vasconcelos)*

257. Individual Defendants incorporate their responses to paragraphs 1-256 in response to paragraph 257.

258. Individual Defendants state that the Court has ordered that this cause of action be resolved in arbitration (ECF No. 164), and therefore no response is required to paragraph 258. To the extent a response is required, Individual Defendants deny the allegations of paragraph 258.

259. Individual Defendants state that the Court has ordered that this cause of action be resolved in arbitration (ECF No. 164), and therefore no response is required to paragraph 259. To the extent a response is required, Individual Defendants deny the allegations of paragraph 259.

260. Individual Defendants state that the Court has ordered that this cause of action be resolved in arbitration (ECF No. 164), and therefore no response is required to paragraph 260. To the extent a response is required, Individual Defendants state that paragraph 260 contain legal arguments and conclusions to which no response is required. To the extent a further response is required, Individual Defendants deny the allegations of paragraph 260.

261. Individual Defendants state that the Court has ordered that this cause of action be resolved in arbitration (ECF No. 164), and therefore no response is required to paragraph 261. To the extent a response is required, Individual Defendants state that paragraph 261 contain legal arguments and conclusions to which no response is

required. To the extent a further response is required, Individual Defendants deny the allegations of paragraph 261.

## SEVENTH CAUSE OF ACTION

### Civil Conspiracy

*(Against All Defendants)*

262. Individual Defendants incorporate their responses to paragraphs 1-261 in response to paragraph 262.

263. Individual Defendants state that paragraph 263 contain legal arguments and conclusions to which no response is required. To the extent a response is required, Individual Defendants deny the allegations of paragraph 263.

264. Individual Defendants deny the allegations of paragraph 264.

265. Individual Defendants state that paragraph 265 contain legal arguments and conclusions to which no response is required. To the extent a response is required, Individual Defendants deny the allegations of paragraph 265.

266. Individual Defendants state that paragraph 266 contain legal arguments and conclusions to which no response is required. To the extent a response is required, Individual Defendants deny the allegations of paragraph 266.

267. Individual Defendants state that paragraph 267 contain legal arguments and conclusions to which no response is required. To the extent a response is required, Individual Defendants deny the allegations of paragraph 267.

## PRAYER FOR RELIEF

WHEREFORE, Individual Defendants deny the allegations contained in the Prayer for Relief and deny that Plaintiff is entitled to any of the relief therein or to any relief whatsoever from Individual Defendants.

## JURY DEMAND

Individual Defendants assert that a jury trial for any final determinations on the merits of this case, with respect to the Individual Defendants, is in contravention

of the FAA and would be in breach of Swan's contractual obligation to arbitrate "any and all" disputes under the Consulting Agreements.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Subject to Binding Arbitration)

Individual Defendants assert that Plaintiff's Amended Complaint and each and every cause of action and the relief sought therein are subject to binding arbitration under the terms of the Individual Defendants' respective Consulting Agreements.

### SECOND AFFIRMATIVE DEFENSE

### (No Irreparable Harm)

Notwithstanding and without waiving the defense asserted in the First Affirmative Defense, Individual Defendants assert that Plaintiff is not entitled to any injunctive relief on any of its causes of action because it has not suffered any irreparable harm for which there is no adequate remedy at law.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Notwithstanding and without waiving the defense asserted in the First Affirmative Defense, Individual Defendants assert that, in the alternative, Plaintiff's claims are barred for failure to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Notwithstanding and without waiving the defense asserted in the First Affirmative Defense, Individual Defendants assert that, in the alternative, Plaintiff lacks standing to assert the claims, in whole or in part.

### FIFTH AFFIRMATIVE DEFENSE

### (Barred or Limited Under DTSA)

Notwithstanding and without waiving the defense asserted in the First

Affirmative Defense, Individual Defendants assert that, in the alternative, Plaintiff's claims are barred or limited by all defenses, exceptions, and exclusions, statutory or otherwise, available under the DTSA, and Individual Defendants reserve and assert all defenses as if fully set forth herein.

## SIXTH AFFIRMATIVE DEFENSE
### (Barred or Limited Under UCL)

Notwithstanding and without waiving the defense asserted in the First Affirmative Defense, Individual Defendants assert that, in the alternative, Plaintiff's claims are barred or limited by all defenses, exceptions, and exclusions, statutory or otherwise, available under the UCL, and Individual Defendants reserve and assert all defenses as if fully set forth herein.

## SEVENTH AFFIRMATIVE DEFENSE
### (Barred or Limited Under Other Statutory Claim)

Notwithstanding and without waiving the defense asserted in the First Affirmative Defense, Individual Defendants assert that, in the alternative, to the extent a statutory claim is derivative of or relies on proof of another statutory claim, the former claim is barred or limited to the extent applicable to that latter statutory claim.

## EIGHTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

Notwithstanding and without waiving the defense asserted in the First Affirmative Defense, Individual Defendants assert that, in the alternative, Plaintiff's claim is barred or limited by principles of *in pari delicto*, unclean hands, wrongful inducement, fraud, waiver, laches, estoppel, and unjust enrichment.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Join Necessary and/or Indispensable Party)

Notwithstanding and without waiving the defense asserted in the First

Affirmative Defense, Individual Defendants assert that, in the alternative, Plaintiff
has failed to join a necessary and/or indispensable party, and so the Amended
Complaint should be dismissed.

## TENTH AFFIRMATIVE DEFENSE

### (Claim Preemption)

Notwithstanding and without waiving the defense asserted in the First
Affirmative Defense, Individual Defendants assert that, in the alternative, Plaintiff's
claims are preempted, in whole or in part, by California's Uniform Trade Secret Act
(Cal. Civ. Code §§ 3426 *et seq.*).

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Disclose Trade Secrets)

Notwithstanding and without waiving the defense asserted in the First
Affirmative Defense, Individual Defendants assert that, in the alternative, Plaintiff's
claims are barred, in whole or in part, because Plaintiff has failed to define its alleged
trade secrets and/or confidential information with reasonable particularity and
therefore cannot be afforded relief.

## TWELFTH AFFIRMATIVE DEFENSE

### (Information Ascertainable by Proper Means)

Notwithstanding and without waiving the defense asserted in the First
Affirmative Defense, Individual Defendants assert that, in the alternative, Plaintiff's
claims are barred, in whole or in part, because the information alleged to be Swan's
trade secrets and/or confidential information was readily ascertainable by proper
means at the time of the alleged acquisition, use, or disclosure.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Information Capable of Independent Discovery and/or Development)

Notwithstanding and without waiving the defense asserted in the First
Affirmative Defense, Individual Defendants assert that, in the alternative, Plaintiff's

claims are barred, in whole or in part, because Plaintiff's alleged trade secrets and/or confidential information are capable of independent discovery and independent development.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Information Publicly Known)

Notwithstanding and without waiving the defense asserted in the First Affirmative Defense, Individual Defendants assert that, in the alternative, Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has disclosed, or failed to protect against the disclosure of, the information alleged to be its trade secrets and/or confidential information to third parties such that Plaintiff caused the purported trade secrets and/or confidential information to become public and thus incapable of protection as trade secrets and/or confidential information.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (No Wrongful Conduct)

Notwithstanding and without waiving the defense asserted in the First Affirmative Defense, Individual Defendants assert that, in the alternative, Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot show any wrongful conduct undertaken by Individual Defendants or that Individual Defendants acquired, disclosed, or used Plaintiff's alleged trade secrets and/or confidential information by improper means.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Lack of Ownership)

Notwithstanding and without waiving the defense asserted in the First Affirmative Defense, Individual Defendants, in the alternative, deny that Plaintiff owns any rights in any intellectual property and/or confidential information developed for or in connection with 2040 Energy.

INDIVIDUAL DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AM. COMPL.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Joint Ownership)

Notwithstanding and without waiving the defense asserted in the First Affirmative Defense, Individual Defendants, in the alternative, assert that to the extent Plaintiff owns any rights in any intellectual property and/or confidential information, such ownership is joint with 2040 Energy.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Implied License)

Notwithstanding and without waiving the defense asserted in the First Affirmative Defense, Individual Defendants, in the alternative, assert that to the extent Plaintiff owns any rights in any intellectual property and/or confidential information, an implied license has been granted to Individual Defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Implement Reasonable Secrecy Measures)

Notwithstanding and without waiving the defense asserted in the First Affirmative Defense, Individual Defendants assert that, in the alternative, Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to take reasonable measures to keep the alleged trade secret and/or confidential information secret.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Conduct in Accordance with Contractual Obligations)

Notwithstanding and without waiving the defense asserted in the First Affirmative Defense, Individual Defendants assert that, in the alternative, Plaintiff's claims are barred or limited because Individual Defendants conducted themselves in accordance with the contractual obligations owed to Plaintiff, or were excused therefrom by Plaintiff's own conduct.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Plaintiff's Failure to Perform)

Notwithstanding and without waiving the defense asserted in the First Affirmative Defense, Individual Defendants assert that, in the alternative, Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to perform its material contractual obligations.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

## (No Actual Injury)

Notwithstanding and without waiving the defense asserted in the First Affirmative Defense, Individual Defendants assert that, in the alternative, Plaintiff's cause of action claiming unfair business practices in violation of the California Business and Professions Code §§ 17200 *et seq.* is barred because Plaintiff did not suffer any actual injury.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

## (No Interference With Contractual Obligations)

Notwithstanding and without waiving the defense asserted in the First Affirmative Defense, Individual Defendants assert that, in the alternative, Plaintiff's claims are barred, in whole or in part, because Individual Defendants did not interfere with Plaintiff's performance of contractual obligations with third parties.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

## (No Interference With Property)

Notwithstanding and without waiving the defense asserted in the First Affirmative Defense, Individual Defendants assert that, in the alternative, Plaintiff's claims are barred, in whole or in part, because Individual Defendants did not interfere with Plaintiff's property.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

## (Interference was Lawful or Justified)

Notwithstanding and without waiving the defense asserted in the First Affirmative Defense, Individual Defendants assert that, in the alternative, Plaintiff's

claims are barred, in whole or in part, because any alleged interference by Individual Defendants was lawful and/or justified.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Acted in Good Faith)

Notwithstanding and without waiving the defense asserted in the First Affirmative Defense, Individual Defendants assert that, in the alternative, Plaintiff's claims are barred, in whole or in part, because Individual Defendants acted in good faith and lacked any malice or unlawful purpose.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Notwithstanding and without waiving the defense asserted in the First Affirmative Defense, Individual Defendants assert that, in the alternative, Plaintiff failed to mitigate its damages, if any, and/or otherwise has incurred damages as a consequence of its own actions or inaction, for which Individual Defendants are not legally responsible, and, therefore, Plaintiff cannot recover some or all of its alleged damages.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

Notwithstanding and without waiving the defense asserted in the First Affirmative Defense, Individual Defendants assert that, in the alternative, they are not liable to Plaintiff because Plaintiff did not suffer any injury proximately caused by Individual Defendants.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Damages Are Uncertain)

Notwithstanding and without waiving the defense asserted in the First Affirmative Defense, Individual Defendants assert that, in the alternative, Plaintiff's claims for damages, if any, are barred, in whole or in part, because such damages, to

the extent they exist, are uncertain, vague, speculative, and/or remote and therefore not recoverable.

### THIRTIETH AFFIRMATIVE DEFENSE

### (Incorporation of Other Defenses)

Notwithstanding and without waiving the defense asserted in the First Affirmative Defense, Individual Defendants adopt and incorporate by reference any and all other defenses asserted by Proton to the extent that such affirmative defense is applicable to them.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Reservation of Additional Defenses)

Notwithstanding and without waiving the defense asserted in the First Affirmative Defense, Individual Defendants do not waive any applicable defenses or affirmative defenses and reserve the right to rely upon such other defenses or affirmative defenses as may become available or arise during discovery or at trial and hereby reserves the right to amend its Answer to assert any such defense or affirmative defense.

### INDIVIDUAL DEFENDANTS' PRAYER FOR RELIEF

Notwithstanding and without waiving the defense asserted in the First Affirmative Defense, Individual Defendants pray that judgment be entered against Plaintiff and in their favor in connection with any preliminary injunctive relief sought by Plaintiff, or any other relief that this Court permits Plaintiff to pursue, and further requests:

(a) An award to Individual Defendants of their costs and reasonable expenses, consistent with the Individual Defendants' Consulting Agreements with Swan in connection with any request for preliminary relief by Swan, to the fullest extent permitted by law; and

(b) An award of such other and further relief as the Court may deem just and

proper consistent with the Individual Defendants' respective Consulting Agreements

with Swan in connection with any request for preliminary relief by Plaintiff.

Respectfully submitted,

Dated:   April 30, 2025

By:   */s/ Matthew P. Kanny*
MATTHEW P. KANNY (SBN 167118)
*MKanny@goodwinlaw.com*
GRANT P. FONDO (SBN 181530)
*GFondo@goodwinlaw.com*
AMANDA H. RUSSO (SBN 319617)
*ARusso@goodwinlaw.com*
AARON S. THOMPSON (SBN 272391)
*AThompson@goodwinlaw.com*
**GOODWIN PROCTER LLP**

*Attorneys for Defendants Thomas
Patrick Furlong, Ilios Corp., Michael
Alexander Holmes, Rafael Dias
Monteleone, Santhiran Naidoo, Enrique
Romualdez, and Lucas Vasconcelos*

Individual Defendants' Answer and Affirmative Defenses to Plaintiff's Am. Compl.