RYAN S. LANDES (State Bar No. 252642)
ryanlandes@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 S Figueroa Street, Floor 10
Los Angeles, CA 90017-5003
Telephone: (213) 443-3145/Fax: (213) 443-3100

STACYLYN M. DOORE (admitted pro hac vice)
stacylyndoore@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Telephone: (617) 712-7100/Fax: (617) 712-7200

RACHEL E. EPSTEIN (admitted pro hac vice)
rachelepstein@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000/Fax: (212) 849-7100

[*Additional counsel on signature page*]

*Attorneys for Plaintiff*
*ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware corporation,<br><br>Plaintiff<br><br>v.<br><br>PROTON MANAGEMENT LTD., a British Virgin Islands corporation; THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; SANTHIRAN NAIDOO; ENRIQUE ROMUALDEZ; and LUCAS VASCONCELOS,<br><br>Defendants. | Case No. 2:24-cv-8280-MWC-E<br><br>**SWAN'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL DEFENDANTS TO COMPLY WITH TARGETED DISCOVERY (DKT. 176)**<br><br>**DISCOVERY MATTER**<br><br>Hearing Date: May 16, 2025<br>Time: 9:30 a.m.<br>Place: Courtroom 750, 7th Fl.<br>Judge: Hon. Charles F. Eick<br><br>Discovery Cutoff: November 7, 2025<br>Pre-Trial Conf. Date: April 26, 2026<br>Trial Date: May 4, 2026 |

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    DEFENDANTS' DISCOVERY RESPONSES ARE INADEQUATE .........2

II.   DEFENDANTS STILL CHALLENGE SWAN'S IDENTIFICATION ....................................................................................2

III.  SWAN'S IDENTIFICATION OF TRADE SECRETS IS SUFFICIENT................................................................................................3

# TABLE OF AUTHORITIES

**Page**

## Cases

*Advanced Modular Sputtering, Inc. v. Superior Court*,
    132 Cal.App.4th 826 (2005)..................................................................5

*Alphonso Inc. v. Tremor Video, Inc.*,
    2022 WL 17968081 (N.D. Cal. Oct. 31, 2022).................................5

*Arthur J. Gallagher & Co. v. Tarantino*,
    498 F. Supp. 3d 1155 (N.D. Cal. 2020)............................................5

*Brescia v. Angelin*,
    172 Cal. App. 4th 133 (2009)............................................................3

*Carl Zeiss X-Ray Microscopy, Inc. v. Sigray, Inc.*,
    2021 WL 5197215 (N.D. Cal. Nov. 9, 2021) ....................................5

*Davis v. Pinterest*,
    2021 WL 3044957 (N.D. Cal. July 20, 2021)....................................2

*Integral Dev. Corp. v. Tolat*,
    675 Fed. App'x. 700 (9th Cir. 2017) .................................................4

*Pinkerton Tobacco v. Kretek Int'l*,
    2021 WL 4928024 (C.D. Cal. Jul. 14, 2021) ....................................4

*Safeco Ins. Co. of Am. v. Rawstrom*,
    183 F.R.D. 668 (C.D. Cal. 1998) ......................................................2

*SkinMedica, Inc. v. Histogen Inc.*,
    869 F. Supp. 2d 1176 (S.D. Cal. 2012) .............................................5

*STEMCELL Techs. Canada Inc. v. StemExpress, LLC*,
    2022 WL 585668 (N.D. Cal. Feb. 24, 2022) .................................4, 5

## Other Authorities

Rule 33(d)....................................................................................................1, 2

i

Swan's Trade Secret Identification, Dkt. 111-1—identifying 20 trade secrets over nearly 30 pages of description—is more than sufficient. Defendants argue that the Court should deny Swan's motion as moot because they served supplemental responses to Swan's requests and withdrew their objections on the basis of Swan's Trade Secret Identification. Thus, Defendants argue that the Court should wait and instead address the sufficiency of Swan's Trade Secret Identification through the parallel motion *Defendants* would be filing. These are simply more delay tactics.[1]

First, Defendants' supplemental responses are deficient—they did not provide "substantive answers" as they told the Court. Their interrogatory responses rely on Rule 33(d), but they have not produced or identified a single document. And Defendants' RFP responses are still improperly narrowed, with *new* objections and limitations. Second, Defendants *withdrew* their own duplicative motion regarding Swan's Identification just hours before Swan's response was due. They made clear they were *not* withdrawing their objections, but instead would prefer to raise these arguments at some unknown later date, continuing to rely on the very same objections that are at issue here as a basis to object to future discovery. Defendants' attempt to drag these disputes out indefinitely with small iterative changes to their responses and demands for renewed meet and confers and motions at every step is not appropriate. Not only that, Defendants are conditioning their willingness to meet and confer on Swan agreeing not to use that ongoing discovery conduct to show Proton's waiver of any right to arbitrate; this is gamesmanship and delay. Ex. 1 (May 1 Email). The parties are at an impasse and Defendants are not fulfilling their discovery obligations. These issues are ripe and the Court should rule now.

---

[1] Defendants first asked the Court not to issue a case schedule; this request was denied. Dkt. 114-1 at 31; Dkt. 119. Since then, the Court ordered Defendants to serve initial disclosures (Dkt. 156), denied their *ex parte* motion to stay third-party discovery (Dkt. 142), and denied three separate motions that were aimed at excusing Defendants from discovery (Dkt. 164). Now, Defendants have unilaterally declared a stay, but there is none. *See* Dkt. 182.

1

## I.    DEFENDANTS' DISCOVERY RESPONSES ARE INADEQUATE

Defendants claim Swan's motion is moot because Defendants have supplemented with "substantive answers" and agreed to produce documents.  Dkt. 176-1 at 4-5, 86.  But Defendants have not provided "substantive" responses to Swan's interrogatories, only barebones non-answers.[2]   In response to every interrogatory, Defendants point to "forthcoming production of documents" under Rule 33(d); indeed, that is Defendants' exclusive response to Interrogatories 1 and 2, and Proton's sole response to Interrogatory 4.  *See* Ex. L at 6, 7, 9; Ex. N at 12, 14.  This is improper because Defendants have yet to produce any documents.  *See, e.g.*, *Davis v. Pinterest*, 2021 WL 3044957, at *3 (N.D. Cal. July 20, 2021) ("Rule 33(d) reference" that "just gestures at forthcoming document productions" is inadequate; ordering amended response that identified documents by Bates).  As to Interrogatory 5, Defendants fail to provide the requested information about Elektron Energy, an entity Defendants are using to mine Bitcoin.  *See* Ex. N at 20-22.

Further, despite their blanket reliance on Rule 33(d), Defendants have refused to produce the documents that Swan requested.  Regarding RFP 3, Defendants still refuse to produce documents about their offers to provide mining services—an issue Swan addressed in the joint stipulation but which Defendants ignored.  *See* Dkt. 176-1 at 45-46; Ex. K at 8-9; Ex. M at 16-17.  For RFP 4, seeking documents related to Elektron Energy, the Individual Defendants have improperly limited their agreement to produce only "responsive consulting agreement(s)."  Ex M at 18.

## II.    DEFENDANTS STILL CHALLENGE SWAN'S IDENTIFICATION

Defendants also contend there is "no live discovery dispute" regarding the

---

[2]  The Individual Defendants also added new objections not asserted in their initial objections.  *See, e.g.*, Ex. M at 5 (Obj. 14); Ex. N at 10-16 (adding specific objections in response to RFPs 1-3).  These late-raised objections are waived.  *See Safeco Ins. Co. of Am. v. Rawstrom*, 183 F.R.D. 668, 671 (C.D. Cal. 1998) (noting that if serial objections were allowed, the party seeking discovery "could be strung along indefinitely").

2

sufficiency of Swan's Identification because Defendants withdrew that objection with respect to Swan's *first* sets of discovery. Dkt. 176-1 at 6. But Swan asked Defendants to confirm that meant they were dropping their objections to Swan's Identification; they refused. *See* Dkt. 176-1 at 18; Dkt. 177-2. Indeed, Defendants object to Swan's *second* sets of discovery on identical grounds. Exs. 2-4. Defendants are trying to have it both ways: they claim the issue is moot when asking the Court to deny Swan's request for relief, but continue to delay and block discovery based on objections to Swan's Identification. Defendants want this issue to remain unresolved so they can continue to use it to delay and withhold discovery.

Indeed, Defendants asked the Court to deny Swan's motion as moot, and to rule instead on the motion Defendants would be filing—which Defendants served on Swan and which turned out to be a nearly word-for-word replica of Defendants' arguments in this joint stipulation. *See* Ex. 5 (Redline). Defendants inexplicably *withdrew* that motion hours before Swan's response was due, but only because they want it resolved in some future motion, not now. Ex. 6 (April 29 Email). There is no reason for the Court to delay ruling on the sufficiency of Swan's Identification.

## III.    SWAN'S IDENTIFICATION OF TRADE SECRETS IS SUFFICIENT

This Court has *already ruled* that Swan's Identification "further identifies the trade secrets and shows that they exist." Dkt. 164 at 23. Swan's Identification spans nearly 30 pages and specifies, in detail, the claimed elements of all 20 asserted trade secrets, along with useful citations to select documents. Dkt. 111-1. Defendants cannot point to any law finding a disclosure as detailed as Swan's to be insufficient.

Defendants have also shown that they understand Swan's Identification sufficiently to mount defenses. *Brescia v. Angelin*, 172 Cal. App. 4th 133, 143 (2009) (purpose of identification is to "permit the defendant to discern the boundaries of the trade secret so as to prepare available defenses" and "to permit the court to understand the identification so as to craft discovery"). For example, on April 15, Defendants sent a letter purporting to re-write Swan's Identification

3

based on Defendants' admitted "understanding" of it.  Ex. Q.  And Defendants dropped their Identification-based objections to Swan's first discovery requests, showing they can respond to discovery based on the Identification as is.  Exs. K-N.

Further, Defendants' opposition also raises objections that go to the merits, such as that Swan's claimed trade secrets are not valuable.  These objections are irrelevant at this stage.  *See, e.g., STEMCELL Techs. Canada Inc. v. StemExpress, LLC*, 2022 WL 585668, at *1 (N.D. Cal. Feb. 24, 2022) (distinguishing between "sufficiency" of trade secret disclosure and "merits challenge[s]").  That Defendants ***can*** mount merits defenses indicates that section 2019.210 is satisfied.  *Pinkerton Tobacco v. Kretek Int'l*, 2021 WL 4928024, at *2 (C.D. Cal. Jul. 14, 2021) ("Defendants seem to have quite a good handle on Plaintiffs' contentions.").

Defendants' feigned confusion about the trade secrets at issue is also not credible because Defendants are the ones who developed and stole these trade secrets; they know what they are.  Swan's TS 1-14 involve ███████████ ███████████████████████████████████████; Defendants are familiar with these, because they were the ones responsible for them at Swan, and they continue to use them now.  Swan's TS 15 covers the BNOC tool used in mining—which Defendants developed, then stole all of the underlying source code.  Swan's TS 16 is a ██████████████████████████████████████—again, Defendants not only worked on that ████████, they also stole a copy when leaving Swan.  TS 17-20 cover mining-related research that Defendants performed.

Defendants raise quibbles based on misstated law.  For example, regarding TS 15 (BNOC), Swan explained that it claims all of BNOC and its code as trade secret, so there is no ambiguity as to the "boundaries" of TS 15.  Dkt. 176-1 at 35; *see Integral Dev. Corp. v. Tolat*, 675 Fed. App'x. 700, 703 (9th Cir. 2017) (approving trade secret covering "source code" for plaintiff's products).  Defendants argue that because BNOC uses some open source code, Swan must parse the entire codebase line by line and specify which portions are proprietary and which are

4

public.  Dkt. 176-1 at 77.  This is wrong.  It is proper to claim trade secrets that include public information.  *SkinMedica, Inc. v. Histogen Inc.*, 869 F. Supp. 2d 1176, 1196 (S.D. Cal. 2012) (trade secrets may include elements that are "generally known").  Likewise, Defendants' demand that Swan review its contracts, line-by-line, to explain which terms are proprietary asks for more pedantry than is required.

Defendants object repeatedly that Swan's Identification references documents.  However, it is proper to cite documents so long as documents are not cited "***in lieu of***" a sufficient trade secret disclosure.  *Carl Zeiss X-Ray Microscopy, Inc. v. Sigray, Inc.*, 2021 WL 5197215, at *4 (N.D. Cal. Nov. 9, 2021); *compare Arthur J. Gallagher & Co. v. Tarantino*, 498 F. Supp. 3d 1155 at 1172 (N.D. Cal. 2020) (identification sufficient despite citing "nine specific documents").  Moreover, Swan could not previously produce the cited documents because Defendants refused to treat them as Attorneys' Eyes Only.  The Court last week entered a Protective Order (Dkt. 173), and so Swan has now produced them.

Defendants contend (Dkt. 176-1 at 54) a higher standard of particularity "may be" required because Swan's trade secrets "constitute incremental variations on preexisting technology in a highly specialized technical field." *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal.App.4th 826, 836 (2005).  But that case involved equipment for semiconductor manufacturing, a decades-old field.  *Id.* at 830.[3]  Conversely, Swan's trade secrets are in the nascent field of Bitcoin mining.  To the extent there are "preexisting" practices in Bitcoin mining, Swan's Identification explains in detail how Swan has optimized over those practices, and thus Swan's Identification meets even a heightened standard.  *STEMCELL*, 2022 WL 585668, at *6-7.  The Court should hold that Swan's Identification is sufficient.

---

[3]  Defendants also cite *Alphonso Inc. v. Tremor Video, Inc.*, 2022 WL 17968081, at *4 (N.D. Cal. Oct. 31, 2022), but the trade secret claims in that case were notably vague, such as claiming "'proprietary framework for running digital advertising campaigns' without any descriptions … of such practices." *Id.*

1    DATED:  May 2, 2025              QUINN EMANUEL URQUHART &
2                                     SULLIVAN, LLP

3

4

                                 By:    /s/ Ryan S. Landes
5                                       RYAN S. LANDES (State Bar No. 252642)
                                        ryanlandes@quinnemanuel.com
6                                       865 S Figueroa Street, Floor 10
                                        Los Angeles, CA 90017-5003
7                                       Telephone: (213) 443-3145
                                        Facsimile: (213) 443-3100
8

9                                       STACYLYN M. DOORE (*pro hac vice*)
                                        stacylyndoore@quinnemanuel.com
10                                      111 Huntington Avenue, Suite 520
                                        Boston, MA 02199
11                                      Telephone: (617) 712-7100
                                        Facsimile: (617) 712-7200
12

13                                      RACHEL E. EPSTEIN (*pro hac vice*)
                                        rachelepstein@quinnemanuel.com
14                                      295 Fifth Avenue
                                        New York, NY 10016
15                                      Telephone: (212) 849-7000
                                        Facsimile: (212) 849-7100
16

17                                      AUSTIN BUSCHER
                                        austinbuscher@quinnemanuel.com
18                                      555 Twin Dolphin St., Fifth Floor
                                        Redwood Shores, CA 94065
19                                      Telephone:  (650) 801-5000
                                        Facsimile:  (650) 801-5100
20

21                                      JEFFREY WILLIAM NARDINELLI
22                                      jeffnardinelli@quinnemanuel.com
                                        50 California Street 22nd Floor
23                                      San Francisco, CA 94111
                                        Telephone:  415-875-6600
24                                      Facsimile: 415-875-6700
25

26                                      *Attorneys for Plaintiff*
                                        *ELECTRIC SOLIDUS, INC.*
27                                      *d/b/a SWAN BITCOIN*
28

                                          6