# EXHIBIT 1

| | |
|---|---|
| From: | Stacylyn Doore |
| Sent: | Thursday, May 1, 2025 5:42 PM |
| To: | Adam Trigg; Kanny, Matthew P; Ryan Gorman; Jaideep Venkatesan; Fondo, Grant P; Russo, Amanda; Thompson, Aaron; Emma Fernandez |
| Cc: | QE-Swan |
| Subject: | RE: Swan/Proton - Deficiencies in Defs.' April 18 Supp. Discovery Responses |

Matt, Adam,

We understand that Defendants are refusing to meet and confer with Swan unless Swan agrees not to argue that such meet and confer would constitute waiver in any future opposition to the Individual Defendants' "Notice" of a stay and/or Proton's motion to compel arbitration. If our understanding is incorrect, please let us know as soon as possible.

Defendants told the Court that any complaints by Swan regarding Defendants' responses to the targeted discovery requests were "moot" because Defendants supplemented their responses to address any deficiencies. As Ryan outlined in his April 24 email, Defendants did not do that. And Defendants have still not confirmed that they will remedy all of the identified deficiencies. Defendants cannot attempt to moot motions to compel by piecemeal correcting some, but not all, deficiencies in their discovery responses and forcing Swan to meet and confer repeatedly until Defendants hopefully (at some undetermined future time) agree to provide the responses they were required to provide in the first place. Defendants can either inform the Court that their representations were false or supplement their responses to comply with the Rules and their representations. Proton also previously committed to producing documents this week, and now appears to be pushing that into next week. As we've outlined, it is improper to rely on Rule 33(d) when documents have not been produced.

Please provide a date certain for the document productions and supplemental responses that will identify responsive documents as required. The remaining issues are already before the Court on Swan's motion. Swan reserves all rights.

Thanks,
Stacylyn

Stacylyn Doore
*Partner*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7121 Direct
617.712.7100 Main Office Number
617.712.7200 FAX
stacylyndoore@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

From: Adam Trigg <atrigg@be-law.com>
Sent: Tuesday, April 29, 2025 4:51 PM
To: Kanny, Matthew P <MKanny@goodwinlaw.com>; Ryan Gorman <ryangorman@quinnemanuel.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Emma Fernandez <emtofelogo@be-law.com>
Cc: QE-Swan <qe-swan@quinnemanuel.com>
Subject: RE: Swan/Proton - Deficiencies in Defs.' April 18 Supp. Discovery Responses

[EXTERNAL EMAIL from atrigg@be-law.com]

Ryan,

As Jay's earlier email noted, Proton is responding to Swan's discovery related emails so that the parties can meet and confer in good faith and not delay the resolution of issues, and with the understanding that Swan will also act in good faith and not used Proton's efforts to argue waiver of Proton's rights, including but not limited to Proton's right to compel arbitration. Proton intends to begin producing documents next week and to supplement the interrogatory responses to identify specific Bates numbers. On the other issues you raised in your email below, we are also available to meet and confer on Thursday between 9:30-12 Pacific.

Adam

Adam C. Trigg | Bergeson LLP
Partner

O 408.291.6200 | D 408.291.2754 | M 408.315.9339

Silicon Valley Office | San Francisco Office | Beverly Hills Office
Website | vCard | Email | Bio | LinkedIn | Disclaimer

From: Kanny, Matthew P <MKanny@goodwinlaw.com>
Sent: Tuesday, April 29, 2025 7:15 AM
To: Ryan Gorman <ryangorman@quinnemanuel.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Adam Trigg <atrigg@be-law.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Emma Fernandez <emtofelogo@be-law.com>
Cc: QE-Swan <qe-swan@quinnemanuel.com>
Subject: RE: Swan/Proton - Deficiencies in Defs.' April 18 Supp. Discovery Responses

Counsel,

In light of the Individual Defendants' pending appeal, there is "an automatic stay of district court proceedings" as to the Individual Defendants and the claims against them under *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743 (2023). We understand that Swan's position is that there is no stay absent an affirmative Court order. We disagree and believe that Swan's position has no merit—*Coinbase* is clear that the case, including discovery, is stayed as part of the automatic stay of district court proceedings. That said, reserving all rights, we are willing to meet and confer with Swan regarding the Individual Defendants' supplemental responses to Swan's discovery requests so that the parties may move forward with discovery promptly if appropriate once the appeal is resolved. We are not

available today or on Wednesday but can participate in a meet and confer on Thursday between 9:30 a.m. and noon Pacific.  Individual Defendants do not waive and expressly reserve all rights, including all rights related to the automatic stay.  Thank you.

---

From: Ryan Gorman <ryangorman@quinnemanuel.com>
Sent: Thursday, April 24, 2025 7:26 PM
To: Kanny, Matthew P <MKanny@goodwinlaw.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Adam Trigg <atrigg@be-law.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Emma Fernandez <emtofelogo@be-law.com>
Cc: QE-Swan <qe-swan@quinnemanuel.com>
Subject: Swan/Proton - Deficiencies in Defs.' April 18 Supp. Discovery Responses

***EXTERNAL***
Counsel,

We write regarding deficiencies in Defendants' April 18 supplemental responses to Swan's targeted discovery requests.  Please confirm by Monday, April 28 that Defendants will remedy these deficiencies, or provide times you are available to meet and confer Tuesday or Wednesday afternoon (ET).

Responses to Interrogatories 1-5.

- *Defendants' Reliance on Rule 33(d).*  With limited exceptions, Proton generally failed to provide narrative responses in response to each interrogatory, and instead invoked Rule 33(d).  The Individual Defendants' responses also largely failed to provide substantive information, and generally referred to Proton's responses.  Defendants have failed to comply with Rule 33(d).  First, while Proton stated that it "refers Plaintiff to the documents in its forthcoming production of documents that show the information" at issue, Proton has not yet produced any documents.  Proton's reliance on "forthcoming" document productions is improper, and renders Defendants' supplemental responses deficient.  *See, e.g.*, *Davis v. Pinterest*, 2021 WL 3044957, at *3 (N.D. Cal. July 20, 2021) ("Davis's Rule 33(d) reference doesn't specify any records; it just gestures at forthcoming document productions. The Court therefore orders Davis to serve an amended response to interrogatory 2 that identifies the June 4 spreadsheet by Bates number.").  Second, even if Defendants had produced the documents to which they intend to "refer" Swan, Defendants' general reference to those productions fails to comply with Rule 33(d)'s requirement that Defendants "specify[] the records that must be reviewed, in sufficient detail to enable [Swan] to locate and identify them as readily as [Defendants] could."  Fed. R. Civ. P. 33(d)(1); *see also Bal Seal Eng'g, Inc. v. Nelson Prods., Inc.*, No. 813CV01880JLSKES, 2018 WL 11424172, at *3 (C.D. Cal. Jan. 9, 2018) (responses that "generally reference Rule 33(d) but state no specific categories of documents, are inadequate") (ordering specification of Bates numbers).

    Please (i) immediately produce the documents that Defendants "refer" to in their responses to Interrogatories 1-5, and (ii) supplement Defendants' interrogatory responses to specifically identify, by Bates, for each category of information sought by the interrogatories, the produced documents from which Defendants contend Swan can readily locate the sought-after information.  Swan reserves all rights as to whether the burden of deriving or ascertaining the sought-after information from such documents will be substantially the same for Swan as it is for Defendants, as required under Rule 33(d).

- *Missing Information.*  While Defendants provided some limited information in response to Interrogatories 4 and 5, that information is facially incomplete.  Please provide the following information.  (This list is not intended to identify all responsive information that Defendants have failed to provide, and Swan reserves the right to raise additional deficiencies in Defendants' responses, including after reviewing any supplemental responses or documents Defendants produce.)

- *Interrogatory 4.* This interrogatory asks Defendants to "[i]dentify and describe any management or services relating to Bitcoin mining that [they] have offered to any Person." While Proton generally (and improperly) invoked Rule 33(d), the Individual Defendants stated that "for the identified time period they provided consulting services to 2040 Energy, Elektron Management LLC, Elektron Enterprises LLC, and entities related to Tether Investments S.A. DE C.V. (FKA Tether Investments LTD) ("Tether")." This fails to identify or describe (i) what "consulting services" the specific Individual Defendants have provided to any of those specific entities; or (ii) the specific "entities related to Tether" to whom Defendants provided services. Please provide this information.

  Defendants' supplemental responses to Interrogatory 4 also confirm that they are improperly refusing to produce information concerning services that they "offered" to any person if those offers did not culminate in an executed contract. *See* Proton's Supp. Resp. to Interrog. 4 ("refer[ing] Plaintiff to the agreements for mining services that Proton will produce"); Individual Defs.' Supp. Resp. to Interrog. 4 (only identifying entities to whom they have "provided" services). The parties previously reached impasse on this issue, and Swan's pending motion to compel asks the Court to resolve it. *See* Dkt. 176.

- *Interrogatory 5.* This interrogatory asks Defendants to "[d]escribe [their] relationship with Elektron Energy, including but not limited to describing [their] involvement in the formation of Elektron Energy, describing [their] involvement in the creation of Elektron-Energy.com," and identifying GitHub accounts or repositories maintained by Elektron. At least the following information is absent from Defendants' responses:

  1. While the Individual Defendants noted whether they were or were not involved in the creation of Elektron-Energy.com, they were silent on whether they were or were not involved in the formation of Elektron Management LLC or Elektron Enterprises LLC. What was the nature of each of their involvement?

  2. While Proton states that Elektron Management LLC is a wholly-owned subsidiary of Proton, it provides no other information regarding its involvement in the formation of Elektron Management (*e.g.*, why Proton acquired or created that entity, or who at Proton was involved in the formation of that entity). Please provide this information.

  3. While Proton states that it does not have any "formal relationship" with Elektron Enterprises LLC, it does not identify or describe the relationship it *does* have with Elektron Enterprises— even though Proton later, vaguely discloses that Proton and Elektron Enterprises share operational resources (on GitHub). What is Proton's relationship with Elektron Enterprises?

  4. While Proton states that "several individuals provide services to both Proton and Elektron Enterprises LLC," it fails to identify those individuals, or the roles that they hold at either Proton or Elektron Enterprises (information that is relevant to show the relationship between the two entities). Who are those individuals and what are their roles at each entity?

  5. While Proton identifies one GitHub repository used by Proton, Elektron Management, and Elektron Enterprises ("elektron-en Organization => general-sw Repository => nxt-mining"), Defendants provide no additional detail. As alleged in Swan's Amended Complaint, Defendant Monteleone exfiltrated a copy of Swan's BNOC source code to an "elektron-tech" repository before he resigned from Swan. *See* Dkt. 100 ¶ 147. Who controls and has access to that repository and what is it used for?

<u>Responses to RFPs 1-4.</u>

4

- *Proton's Responses.* In its supplemental responses, Proton generally stated that it would produce non-privileged documents and communications responsive to the RFPs. Please provide a date certain by when Proton will complete its productions in response to the RFPs.

- *Individual Defendants' Responses.* Despite the Individual Defendants' prior representations that they intended to produce documents in response to most if not all of Swan's discovery requests, the Individual Defendants' supplemental responses to the RFPs seem to suggest the opposite, and it remains unclear what if any documents the Individual Defendants intend to withhold in response to the RFPs, for at least the following reasons.

    - Improper New Objections. The Individual Defendants' supplemental responses contain various new general and specific objections to the RFPs that had not been raised previously. This is improper, and those new objections are untimely, procedurally invalid, and void. *See, e.g., Safeco Ins. Co. of Am. v. Rawstrom*, 183 F.R.D. 668, 671 (C.D. Cal. 1998). Moreover, some of those objections are clearly baseless. For example, the Individual Defendants' assert that the RFPs (and the Interrogatories) "bear[] no relation to temporary injunctive relief in aid of arbitration." The Court has already held otherwise. *See* Dkt. 164 at 13 ("Swan's targeted requests are narrowly aimed at discovery relevant to Swan's requests for a preliminary injunction, that is, whether the Individual Defendants are using Swan's trade secrets outside of 2040 Energy."). Regardless, we do not understand the Individual Defendants to be withholding any documents on the basis of these new objections. Please confirm that understanding is correct.

    - RFPs 1-3. In response to RFPs 1-3, the Individual Defendants stated that documents "sufficient to show" the requested information were not in the Individual Defendants' possession, custody, or control. We are confused how that could be the case, given that these RFPs concern mining operations and transactions that the Individual Defendants were and remain engaged in on behalf of Proton, where the Individual Defendants work and where many of them hold senior management positions. Is it the Individual Defendants' position that *no* responsive documents are in their possession, custody, or control, *or* that any documents in their possession, custody, and control will be produced by Proton?

    - RFP 4. This RFP seeks documents and communications related to Proton and the Individual Defendants' relationships with Elektron Energy—*i.e.*, Elektron Management LLC and/or Elektron Enterprises LLC—as well as documents and communications related to their involvement in the creation of those entities and the creation of related websites. The Individual Defendants stated that they "will produce their responsive consulting agreement(s)" (presumably with these Elektron entities) "in their possession, custody, or control," but otherwise have not agreed to produce documents that would show the Individual Defendants' involvement in the formation of these entities or Defendant Vasconcelos's involvement in creating elektron-energy.com. Please confirm that this was an oversight, and that the Individual Defendants will produce documents responsive to RFP 4, consistent with their prior representations to Swan—including those *before* Swan served Defendants with its motion to compel—and Defendants' representations to the Court. *See* Ewald Apr. 4, 2025 Email ("Defendants confirm that, subject to their overarching objections relating to the pending motions and trade secret disclosures, they are willing to produce documents in their custody, possession, or control that are responsive to RFP 4"); Dkt. 176 at 55 (asserting that "Defendants have already supplemented their discovery responses and agreed in good faith to produce documents").

- *Defendants' Limitation on RFP 3.* In response to RFP 3's request for documents "sufficient to identify any Person for whom [Defendants] have offered any management or services relating to Bitcoin mining," Defendants' supplemental responses confirm that they are withholding documents related to offers that did not culminate in formal negotiations or agreements. *See* Proton's Supp. Resp. to RFP 3 (agreeing to produce "documents sufficient to identify any Person with whom Proton, Elektron Management LLC, or Elektron Enterprises LLC has entered into agreements or exchanged term sheets"); Individual Defs.' Supp. Resp. to RFP 3 (limiting production to "responsive consulting agreement(s) in their possession, custody, or control"). The parties have already

reached impasse on this issue, and Swan's pending motion to compel asks the Court to resolve the dispute.  *See* Dkt. 176.

The parties have met and conferred repeatedly regarding these requests.  Defendants previously represented that they would provide the sought-after documents and information.  *See* Ewald Apr. 4, 2025 Email; Kanny Apr. 13, 2025 Email; Dkt. 176 at 55.  Unless Defendants confirm that they will remedy the above issues, Swan will seek relief from the Court as appropriate.

Thanks,

Ryan Gorman
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7132 Direct (Office)
617.712.7100 Main Office Number
617.712.7200 FAX
ryangorman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*