# EXHIBIT 2

1  DANIEL J. BERGESON, SBN 105439
   dbergeson@be-law.com
2  REBECCA KAUFMAN, SBN 199534
3  rkaufman@be-law.com
   JAIDEEP VENKATESAN, SBN 211386
4  jvenkatesan@be-law.com
5  ADAM C. TRIGG, SBN 261498
   atrigg@be-law.com
6  BERGESON, LLP
7  111 N. Market Street, Suite 600
   San Jose, CA 95113
8  Telephone:  (408) 291-6200
9  Facsimile:   (408) 297-6000

10
   Attorneys for Defendant PROTON
11 MANAGEMENT LTD.

12

13            UNITED STATES DISTRICT COURT

14     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15

| | |
|---|---|
| 16  ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware corporation, | Case No. 2:24-cv-8280-MWC-E |
| 17 | |
| 18          Plaintiff, | **DEFENDANT PROTON MANAGEMENT LTD'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| 19          v. | |
| 20  PROTON MANAGEMENT LTD., a British Virgin Islands corporation; THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; SANTHIRAN NAIDOO; ENRIQUE ROMUALDEZ; and LUCAS VASONCELOS, | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25          Defendants. | Am. Complaint filed: January 27, 2025 |
| 26 | |

27

28

PROPOUNDING PARTY:   Plaintiff ELECTRIC SOLIDUS, INC. d/b/a SWAN
BITCOIN

RESPONDING PARTY:   Defendant PROTON MANAGEMENT LTD

SET NO.:   Two (2)

Pursuant to Federal Rule of Civil Procedure 34, Defendant PROTON
MANAGEMENT LTD ("Responding Party") submits these supplemental responses
and objections to the Second Set of Requests for Production propounded by Plaintiff
ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN ("Propounding Party").

## **PRELIMINARY STATEMENT**

The following responses are made solely for the purpose of, and in relation to,
this action.  Each response is provided subject to all appropriate objections
(including, without limitation, objections concerning competency, relevancy,
materiality, propriety, and admissibility) that would require the exclusion of any
statement contained herein if the statement were made by a witness present and
testifying in court.  All such objections and grounds therefore are reserved and may
be interposed at the time of trial.

The following responses are based on the facts and information presently
known and available to Responding Party.  Discovery, investigation, research, and
analysis are still ongoing in this case and may disclose the existence of additional
facts, add meaning to known facts, establish entirely new factual conclusions or
legal contentions, or possibly lead to additions, variations, or changes to these
responses.  Without being obligated to do so, Responding Party reserves the right to
change or supplement these responses as additional facts are discovered, revealed,
recalled, or otherwise ascertained, and as further analysis and research disclose
additional facts, contentions or legal theories which may apply.

## **GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION**

1.     Responding Party objects to each and every request for production contained in the Requests to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.  Responding Party does not waive any protections or privileges by responding to the Requests.  Any inadvertent disclosure of privileged information or work product in response to the Requests shall not constitute a waiver of any privilege or protection.

2.     Responding Party objects to each and every request for production contained in the Requests to the extent that it purports to impose any requirement or discovery obligation on them that is inconsistent with, or not authorized by, those set forth in the Federal Rules of Civil Procedure.  Responding Party will construe the Requests in a manner consistent with the Federal Rules of Civil Procedure.

3.     Responding Party objects to each and every request for production contained in the Requests to the extent that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, embarrassment, burden, and expense, and seeks information which is beyond the scope of permissible discovery and is neither relevant to any party's claims or defenses nor proportional to the needs of the case.

4.     Responding Party objects to each and every request for production contained in the Requests to the extent that it is ambiguous, confusing, or vague.

5.     Responding Party objects to each and every request for production contained in the Requests to the extent that it is unreasonably cumulative or duplicative.

6.     Responding Party objects to each and every request for production contained in the Requests to the extent that it would require Responding Party to draw a legal conclusion in order to make a proper response.

7.      Responding Party objects to each and every request for production contained in the Requests to the extent that it seeks information (i) which is a matter of public record, (ii) which is not in the possession, custody or control of Responding Party and/or (iii) which is equally or more readily available from another source, including Propounding Party's own files and records, that is more convenient, less burdensome, or less expensive to Responding Party.

8.      Responding Party objects to each and every request for production contained in the Requests to the extent that it calls for the production of confidential, proprietary, trade-secret, or other information in which individuals, including non-parties, have an expectation of privacy.  Responding Party further objects to each and every request for production contained in the Requests to the extent it seeks information protected by the privacy protection of the California Constitution, or any other law, statute, or doctrine.

9.      Responding Party objects to each and every request for production contained in the Requests on the grounds that it is not restricted to a reasonable and relevant time period and is therefore unduly burdensome to Responding Party.

10.      Responding Party objects to the Requests to the extent that it seeks to use the discovery process in this action to obtain documents for any purpose other than for use in connection with claims and defenses currently raised in this action.

11.      The fact that Responding Party has responded or objected to any document requests, or part thereof, should not be taken as an admission that Responding Party accepts that the document request or the response or the objection thereto constitutes admissible evidence.

12.      Responding Party reserves the right to supplement, modify or otherwise change their response to the Requests as they develop new, better, additional or different information.

## **OBJECTIONS TO DEFINITIONS**

1.      Responding Party objects to the definition of "**Communication**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent it includes "whether or not the Communication was ever disclosed, sent, or transmitted." For purposes of responding to the Requests, Responding Party will exclude the portion noted above from the definition of "**Communications**" in the Requests, and interpret the otherwise overbroad definition not to impose a burden beyond what is required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Civil Rules of the U.S. District Court for the Central District of California.

2.      Responding Party objects to the definition of "**Documents**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent it includes "whether or not the Communication was ever disclosed, sent, or transmitted." For purposes of responding to the Requests, Responding Party will exclude the portion noted above from the definition of "**Documents**" in the Requests, and interpret the otherwise overbroad definition not to impose a burden beyond what is required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Civil Rules of the U.S. District Court for the Central District of California.

3.      Responding Party object to the definition of "**Proton**" or "**You**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf." For purposes of responding to the Requests, Responding Party will interpret "**Proton**" or "**You**" as referring to Defendant Proton Management Ltd.

4.      Responding Party object to the definition of "**Elektron**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its members, employees, representatives, officers, directors,

4

managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf." For purposes of responding to the Requests, Responding Party will interpret "Elektron Energy" as referring to Elektron Management LLC or Elektron Enterprises LLC as stated in the response.

5.      Responding Party objects to the definition of "**Concern**" or "**Concerning**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent it includes "whether or not the Communication was ever disclosed, sent, or transmitted." For purposes of responding to the Requests, Responding Party will exclude the portion noted above from the definition of "**Concern**" or "**Concerning**" in the Requests, and interpret the otherwise overbroad definition not to impose a burden beyond what is required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Civil Rules of the U.S. District Court for the Central District of California.

6.      Responding Party objects to the definition of "**Complaint**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible. For purposes of responding to the Requests, Responding Party will interpret "**Complaint**" as referring to the most recent complaint filed in this Action.

7.      Responding Party objects to the definition of "**Person**" or "**Persons**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible. For purposes of responding to the Requests, Responding Party will exclude the portion noted above from the definition of "**Person**" or "**Persons**" in the Requests, and interpret the otherwise overbroad definition not to impose a burden beyond what is required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Civil Rules of the U.S. District Court for the Central District of California.

8.      Responding Party object to the definition of "**Swan**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it

includes "any of its members, employees, representatives, officers, directors,
managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries,
and any other entities or Persons acting or purporting to act on its behalf." For
purposes of responding to the Requests, Responding Party will interpret "**Swan**" as
referring to Plaintiff Electric Solidus, Inc. d/b/a Swan Bitcoin.

9.    Responding Party object to the definition of "**Tether**" as overly broad,
unduly burdensome, vague, ambiguous and unintelligible to the extent that it
includes "any of its members, employees, representatives, officers, directors,
managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries,
and any other entities or Persons acting or purporting to act on its behalf." For
purposes of responding to the Requests, Responding Party will interpret "**Tether**" as
referring to Tether Investment Ltd.

10.    Responding Party object to the definition of "**Marlin Capital**" as
overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent
that it includes "any of its members, employees, representatives, officers, directors,
managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries,
and any other entities or Persons acting or purporting to act on its behalf." For
purposes of responding to the Requests, Responding Party will interpret "**Marlin
Capital**" as referring to Marlin Capital Partners.

11.    Responding Party object to the definition of "**2040 Energy**" as overly
broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it
includes "any of its members, employees, representatives, officers, directors,
managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries,
and any other entities or Persons acting or purporting to act on its behalf." For
purposes of responding to the Requests, Responding Party will interpret "**2040
Energy**" as referring to 2040 Energy Ltd.

12.    Responding Party objects to the definition of "**Mining Site**" as overly
broad, unduly burdensome, vague, ambiguous and unintelligible, including with

6

regards to its statement that a "virtual site" and that a "Mining Site typically includes specialized mining hardware such as application-specific integrated circuits ("ASICs"), power supply systems, and cooling systems".   Responding Party will interpret "**Mining Site**" as referring to a physical location where application-specific integrated circuits (ASICs) are used to conduct bitcoin mining.

13.    Responding Party objects to the definition of "**Swan's Trade Secrets**" as overly broad, unduly burdensome, vague, and ambiguous, including as it purports to incorporate by reference "Swan's Complaint" and "Swan's Identification of Asserted Trade Secrets (dated February 14, 2025).

14.    Responding Party objects to the definition of "**Swan's BNOC**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible including as it purports to incorporate "Paragraphs 73-79 of the Complaint".  Responding Party will interpret "**Swan's BNOC**" as referring to the Bitcoin Network Operating Center dashboard developed for 2040 Energy, without any admission with respect to any claim that BNOC is proprietary to Propounding Party.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show Proton's corporate structure, including but not limited to Documents sufficient to identify Proton's parents, subsidiaries, and affiliates, as well as the identities of Proton's board of directors, officers, and managers.

**SUPPLEMENTAL SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein.  Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party objects to this request to the

7

extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents responsive to this request after the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 6:**

Organizational charts for Proton's employees and consultants, including names, titles, and reporting lines.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents responsive to this request after the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications concerning Proton's formation and registration, including but not limited to Documents and Communications concerning who caused Proton's incorporation and on which date that person did so, as well as all communications San Naidoo and Alex Holmes exchanged with anyone regarding Proton's formation and registration.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request therein, to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance,

9

oppression, burden, and expense. Responding Party objects that this request is vague and ambiguous, including in its use of the phrase "concerning Proton's formation and registration".

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents responsive to this request located after a reasonable search, if any, after the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show Elektron's corporate structure, including but not limited to Documents sufficient to identify Elektron's owners, parents, subsidiaries, and affiliates, as well as the identities of Elektron's board of directors, officers, and managers.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the term "Elektron" as overly broad, unduly burdensome, vague, ambiguous and unintelligible. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents responsive to this request related to Elektron Management LLC and Elektron Enterprises LLC, after the entry of a protective order.

10

**REQUEST FOR PRODUCTION NO. 9:**

Organizational charts for Elektron's employees and consultants, including names, titles, and reporting lines.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the term "Elektron" as overly broad, unduly burdensome, vague, ambiguous and unintelligible.  Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents responsive to this request related to Elektron Management LLC and Elektron Enterprises LLC, after the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications concerning Elektron's formation and registration, including but not limited to Documents and Communications concerning who caused Elektron's incorporation and on which date that person did so.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects

11

to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party objects that this request is vague and ambiguous, including in its use of the phrase "Elektron's formation and registration". Responding Party objects to the term "Elektron" as overly broad, unduly burdensome, vague, ambiguous and unintelligible. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents responsive to this request related to Elektron Management LLC and Elektron Enterprises LLC located after a reasonable search, after the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to identify all persons who have been or are engaged to do work on Your behalf related to Bitcoin mining, including but not limited to those identifying Your employees, consultants, and other agents, including Documents sufficient to identify those persons' roles and responsibilities and the dates of their engagements.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request  to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party objects that this request is vague and ambiguous and overbroad, including in its use of the phrase "Your."  Responding Party will interpret "Your" to mean Proton Management Ltd.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents responsive to this request after the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 12:**

All agreements and Communications related to agreements between You and any other person concerning Bitcoin mining, as well as any drafts, term sheets, or amendments related to same, as well as Communications related to the negotiation or execution of same, and including but not limited to (i) agreements between You

13

1  and third parties and (ii) agreements between Your employees, consultants, and

2  other agents and third parties.

3  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

4     Responding Party incorporates by references the General Objections and

5  Objections to Definitions above as if fully set forth herein. Responding Party objects

6  to this request to the extent that it seeks information that is protected from disclosure

7  by the attorney-client privilege, work product doctrine, or any other applicable

8  privilege or protection. Responding Party objects to this request to the extent that it

9  is unreasonably cumulative or duplicative of other requests for production.

10  Responding Party objects to the request  to the extent that it purports to require

11  Responding Party to produce documents that contain trade secrets of Responding

12  Party, or other confidential business, financial, proprietary, or sensitive information

13  of Responding Party or third parties without entry of a satisfactory confidentiality

14  order. Responding Party also objects to this request for "All Agreements and

15  Communications" on the grounds that it is overbroad and subjects Responding Party

16  to unreasonable and undue annoyance, oppression, burden, and expense.

17  Responding Party objects that this request is vague and ambiguous and overbroad,

18  including in its use of the phrase "You."  Responding Party will interpret "You" to

19  mean Proton Management Ltd.

20     Subject to and without waiving the foregoing objections, Responding Party

21  will produce non-privileged documents responsive to this request after the entry of a

22  protective order.

23  **REQUEST FOR PRODUCTION NO. 13:**

24     Your agreements with the following persons, including but not limited to

25  these persons' employment or consulting agreements with You: Thomas Patrick

26  Furlong, Alex Holmes, Ilios Corp., Rafael Dias Monteleone, San Naidoo, Enrique

27  Romualdez, Lucas Vasconcelos, Aleksander Dozic, Bill Belitsky, Kar Sola, Raphael

28  Zagury, Brett Hiley, Max Berg, Tyler Effertz.

14

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party objects that this request is vague and ambiguous and overbroad, including in its use of the phrase "Your." Responding Party will interpret "Your" to mean Proton Management Ltd.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents responsive to this request after the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications related to the hiring (whether as an employee, consultant, or in another role) of Thomas Patrick Furlong, Alex Holmes, Ilios Corp., Rafael Dias Monteleone, San Naidoo, Enrique Romualdez, Lucas Vasconcelos, Aleksander Dozic, Bill Belitsky, Kar Sola, Raphael Zagury, Brett Hiley, Max Berg, and Tyler Effertz, including but not limited to their respective personnel files and human resource records.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure

15

by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party objects that this request is vague and ambiguous and overbroad, regarding the phrase "the hiring (whether as an employee, consultant, or in another role) of." Responding Party will interpret this request to apply to the hiring by Proton Management Ltd.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents responsive to this request located after a reasonable search, after the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications concerning Your hiring (whether as an employee, consultant, or in any other role) any additional personnel or consultants to work in roles related to Bitcoin mining.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production.

16

1  Responding Party objects to the request to the extent that it purports to require
2  Responding Party to produce documents that contain trade secrets of Responding
3  Party, or other confidential business, financial, proprietary, or sensitive information
4  of Responding Party or third parties without entry of a satisfactory confidentiality
5  order. Responding Party also objects to this request for "All Documents and
6  Communications" on the grounds that it is overbroad and subjects Responding Party
7  to unreasonable and undue annoyance, oppression, burden, and expense.
8  Responding Party objects that this request is vague and ambiguous and overbroad,
9  including in its use of the phrase "Your." Responding Party will interpret "Your" to
10 mean Proton Management Ltd.

11      Subject to and without waiving the foregoing objections, Responding Party
12 will produce non-privileged documents responsive to this request located after a
13 reasonable search, after the entry of a protective order.

14 **REQUEST FOR PRODUCTION NO. 16:**

15      All Documents and Communications concerning Your assuming, taking over,
16 being engaged to work on or otherwise working on responsibilities and/or roles
17 related to Bitcoin mining that were previously maintained or held by Swan.

18 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

19      Responding Party incorporates by references the General Objections and
20 Objections to Definitions above as if fully set forth herein. Responding Party
21 objects to this request to the extent that it seeks information that is protected from
22 disclosure by the attorney-client privilege, work product doctrine, or any other
23 applicable privilege or protection. Responding Party also objects to this request's
24 demand as being compound, overbroad, overly burdensome, and harassing, and as
25 seeking documents that are not relevant to the claims or defenses in this action.
26 Responding Party further objects to this request on the grounds that it is vague,
27 overbroad and subjects Responding Party to unreasonable and undue burden and
28 expense. Responding Party also objects to this request on the grounds and to the

17

extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense.  Responding Party objects that this request is vague and ambiguous, including in its use of the phrase "assuming, taking over, being engaged to work on or otherwise working on".  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications concerning the specific methods, tools models, or techniques that you use to select sites for, manage, operate, monitor, or otherwise oversee Bitcoin mining operations.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein.  Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other

18

applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense.   Responding Party objects that this request is vague and ambiguous, including in its use of the phrase "specific methods, tools models, or techniques that you use to select sites for, manage, operate, monitor, or otherwise oversee Bitcoin mining operations".  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to identify all Mining Sites at which You manage,

1  operate, or otherwise oversee Bitcoin mining operations.

2  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

3      Responding Party incorporates by references the General Objections and

4  Objections to Definitions above as if fully set forth herein.  Responding Party

5  objects to this request to the extent that it seeks information that is protected from

6  disclosure by the attorney-client privilege, work product doctrine, or any other

7  applicable privilege or protection. Responding Party objects to this request to the

8  extent that it is unreasonably cumulative or duplicative of other requests for

9  production. Responding Party objects to the request to the extent that it purports to

10  require Responding Party to produce documents that contain trade secrets of

11  Responding Party, or other confidential business, financial, proprietary, or sensitive

12  information of Responding Party or third parties without entry of a satisfactory

13  confidentiality order. Responding Party further objects to this Request on the

14  grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code §

15  2019.210, which requires Propounding Party to identify with reasonable particularly

16  the trade secrets it alleges that any defendant misappropriated before commencing

17  discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

18  **REQUEST FOR PRODUCTION NO. 19:**

19      Documents sufficient to show Bitcoin mining operations that You considered

20  or planned to manage, operate, or otherwise oversee, or that any other Person asked,

21  suggested, or discussed Your managing, operating, or otherwise overseeing,

22  including Documents and Communications concerning the specific methods, tools,

23  models, or techniques that you considered or planned to use in connection with such

24  mining operations.

25  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

26      Responding Party incorporates by references the General Objections and

27  Objections to Definitions above as if fully set forth herein.  Responding Party

28  objects to this request to the extent that it seeks information that is protected from

20

disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party objects that this request is vague and ambiguous, including in its use of the phrases "considered or planned" and "Bitcoin mining operations, managing, operating, or otherwise overseeing". Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications concerning the decrease or cessation of Bitcoin mining operations at any Mining Sites that Swan previously managed, operated, or otherwise engaged with, including but not limited to Communications and Documents regarding the removal of Bitcoin mining hardware, such as ASICs, power supply systems, and cooling systems, from those sites.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as

seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense.  Responding Party objects that this request is vague and ambiguous, including in its use of the phrases "Bitcoin mined by mining pools Proton is a member of" and corporate ownership of each Person". Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications reflecting any correspondence between You and any current or former Swan employee or consultant discussing the topic of employment or potential employment at Proton or Elektron (or joining a company that was later formed as Proton or Elektron), as well as all of Your internal

Documents and Communications regarding the employment or potential employment of any current or former Swan employee or consultant.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party objects to the term "Elektron" and "You" as overly broad, unduly burdensome, vague, ambiguous and unintelligible.  Responding Party will interpret "You" to mean Proton Management Ltd., and "Elektron" to mean Elektron Management LLC or Elektron Enterprises LLC.  Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents responsive to this request located after a reasonable search, after the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications concerning Your actual, planned, or attempted recruitment of any persons who provided or currently provide services to Swan.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party objects to the term "Your" as overly broad, unduly burdensome, vague, ambiguous and unintelligible.  Responding Party will interpret "Your" to mean Proton Management Ltd. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents responsive to this request located after a reasonable search, after the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents or Communications concerning or referencing Swan's Trade Secrets, including Documents and Communications concerning Your actual, considered, or planned use of Swan's Trade Secrets.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure

24

by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 24:**

Documents that Your employees, consultants, and other agents downloaded, accessed, copied, were sent, or otherwise retained that relate to any of those persons' engagements with Swan, including but not limited to the files identified in Exhibit G to the Complaint.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein.  Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 25:**

Communications concerning Your employees, consultants, and other agents' downloading, accessing, copying, or otherwise retaining Documents that they had access to as a result of any of those persons' engagements with Swan, including but not limited to the files identified in Exhibit G to the Complaint.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein.  Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as

1   seeking documents that are not relevant to the claims or defenses in this action.

2   Responding Party further objects to this request on the grounds that it is vague,

3   overbroad and subjects Responding Party to unreasonable and undue burden and

4   expense. Responding Party also objects to this request on the grounds and to the

5   extent that it seeks information that is not in the possession, custody or control of

6   Responding Party and/or is equally or more readily available from another source

7   which is more convenient, less burdensome, or less expensive. Responding Party

8   objects to this request to the extent that it is unreasonably cumulative or duplicative

9   of other requests for production. Responding Party objects to the request to the

10  extent that it purports to require Responding Party to produce documents that

11  contain trade secrets of Responding Party, or other confidential business, financial,

12  proprietary, or sensitive information of Responding Party or third parties without

13  entry of a satisfactory confidentiality order.  Responding Party further objects to this

14  Request on the grounds that Propounding Party has failed to comply with Cal. Civ.

15  Proc. Code § 2019.210, which requires Propounding Party to identify with

16  reasonable particularly the trade secrets it alleges that any defendant

17  misappropriated before commencing discovery, as required by Section H of the

18  Court's Scheduling Order (Dkt. 95).

19  **REQUEST FOR PRODUCTION NO. 26:**

20      All Documents and Communications concerning any Proton employee,

21  consultant, or other agent's obligations or potential obligations to Swan, including

22  but not limited to those arising from such persons' employment or consulting

23  agreements with Swan.

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

25      Responding Party incorporates by references the General Objections and

26  Objections to Definitions above as if fully set forth herein.  Responding Party

27  objects to this request to the extent that it seeks information that is protected from

28  disclosure by the attorney-client privilege, work product doctrine, or any other

27

applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 27:**

Documents and Communications sufficient to show any former or current Swan employee or consultant's job offer from Proton or Elektron (or an offer from a company that became Proton or Elektron), including all forms of compensation and benefits or promises thereof.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects

28

to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party objects to the term "Elektron" and "Proton" as overly broad, unduly burdensome, vague, ambiguous and unintelligible.  Responding Party will interpret "Proton" to mean Proton Management Ltd., and "Elektron" to mean Elektron Management LLC or Elektron Enterprises LLC.  Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents responsive to this request located after a reasonable search, after the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications concerning any former or current Swan employee, consultant, or agent's development of Swan's Trade Secrets.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein.  Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and

29

expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications concerning Your business plans, strategic plans, operating plans, marketing plans, financial plans, sales plans, investment plans, market studies, and target market, including projections for revenue generation and profitability, related to Bitcoin mining management and operation.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from

30

disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 30:**

Documents and Communications sufficient to show Your total financial investment, including but not limited to employee time, purchase of capital equipment, and outside consultants, by quarter, into Your efforts to develop

31

proprietary methodologies for Bitcoin mining operations including, but not limited to, the development of any dashboard or monitoring system related to Bitcoin mining operations.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications concerning Your actual, planned, or attempted development or use of any dashboard or monitoring system related to Bitcoin mining operations, including but not limited to any dashboard or monitoring system similar to Swan's BNOC or intended to serve as a replacement to Swan's BNOC.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party

32

objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense Responding Party objects that this request is vague and ambiguous, including in its use of the phrase "any dashboard or monitoring system similar to Swan's BNOC or intended to serve as a replacement to Swan's BNOC".  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

PROTON'S SUPP. RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR
PRODUCTION, Case No. 2:24-cv-8280-MWC-E

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications concerning any comparison between any dashboard or monitoring system related to Bitcoin mining operations that You use to Swan's BNOC.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc.

34

1  Code § 2019.210, which requires Propounding Party to identify with reasonable

2  particularly the trade secrets it alleges that any defendant misappropriated before

3  commencing discovery, as required by Section H of the Court's Scheduling Order

4  (Dkt. 95).

5  **REQUEST FOR PRODUCTION NO. 33:**

6      All Documents and Communications concerning any comparison between

7  Swan's Trade Secrets and any techniques, methods, or tools You use to manage,

8  operate, or otherwise engage in Bitcoin mining activities.

9  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

10      Responding Party incorporates by references the General Objections and

11 Objections to Definitions above as if fully set forth herein.  Responding Party

12 objects to this request to the extent that it seeks information that is protected from

13 disclosure by the attorney-client privilege, work product doctrine, or any other

14 applicable privilege or protection. Responding Party also objects to this request's

15 demand as being compound, overbroad, overly burdensome, and harassing, and as

16 seeking documents that are not relevant to the claims or defenses in this action.

17 Responding Party further objects to this request on the grounds that it is vague,

18 overbroad and subjects Responding Party to unreasonable and undue burden and

19 expense. Responding Party also objects to this request on the grounds and to the

20 extent that it seeks information that is not in the possession, custody or control of

21 Responding Party and/or is equally or more readily available from another source

22 which is more convenient, less burdensome, or less expensive. Responding Party

23 objects to this request to the extent that it is unreasonably cumulative or duplicative

24 of other requests for production. Responding Party objects to the request to the

25 extent that it purports to require Responding Party to produce documents that

26 contain trade secrets of Responding Party, or other confidential business, financial,

27 proprietary, or sensitive information of Responding Party or third parties without

28 entry of a satisfactory confidentiality order.  Responding Party also objects to this

35

1  request for "All Documents and Communications" on the grounds that it is

2  overbroad and subjects Responding Party to unreasonable and undue annoyance,

3  oppression, burden, and expense.  Responding Party objects that this request is

4  vague and ambiguous, including in its use of the phrases "any techniques, methods,

5  or tools You use to manage, operate, or otherwise engage in Bitcoin mining

6  activities".  Responding Party further objects to this Request on the grounds that

7  Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210,

8  which requires Propounding Party to identify with reasonable particularly the trade

9  secrets it alleges that any defendant misappropriated before commencing discovery,

10  as required by Section H of the Court's Scheduling Order (Dkt. 95).

11  **REQUEST FOR PRODUCTION NO. 34:**

12      Documents and Communications concerning Your efforts to keep the

13  techniques, methods, or tools You use to manage, operate, or otherwise engage in

14  Bitcoin mining activities secret or confidential.

15  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

16      Responding Party incorporates by references the General Objections and

17  Objections to Definitions above as if fully set forth herein.  Responding Party

18  objects to this request to the extent that it seeks information that is protected from

19  disclosure by the attorney-client privilege, work product doctrine, or any other

20  applicable privilege or protection. Responding Party also objects to this request's

21  demand as being compound, overbroad, overly burdensome, and harassing, and as

22  seeking documents that are not relevant to the claims or defenses in this action.

23  Responding Party further objects to this request on the grounds that it is vague,

24  overbroad and subjects Responding Party to unreasonable and undue burden and

25  expense. Responding Party also objects to this request on the grounds and to the

26  extent that it seeks information that is not in the possession, custody or control of

27  Responding Party and/or is equally or more readily available from another source

28  which is more convenient, less burdensome, or less expensive. Responding Party

36

objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party objects that this request is vague and ambiguous, including in its use of the phrases "techniques, methods, or tools You use to manage, operate, or otherwise engage in Bitcoin mining activities".  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 35:**

Documents and Communications concerning any actual or considered indemnification of You and/or Your employees, consultants, or other agents concerning activities related to Bitcoin mining, including but not limited to (i) any agreements under which any third party has agreed to indemnify You and/or Your employees, consultants, and other agents; and (ii) any agreements under which You have agreed to indemnify Your employees, consultants, and other agents.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding

37

Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents responsive to this request concerning indemnification of Proton Management Ltd. or its employees and consultants concerning the allegations in the Amended Complaint located after a reasonable search, after the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to identify all persons who own any interest in You, including Documents sufficient to identify when those persons acquired that interest and the size and nature of that interest.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production.

38

Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party objects that this request is vague and ambiguous and overbroad, including in its use of the phrase "You." Responding Party will interpret "You" to mean Proton Management Ltd.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents responsive to this request after the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 37:**

Documents sufficient to identify all persons in whom you own any interest, including Documents sufficient to identify when You acquired that interest and the size and nature of that interest.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party objects that this request is vague and ambiguous and overbroad, including in its use of the phrase "You." Responding Party will interpret "You" to mean Proton Management Ltd.

1    Subject to and without waiving the foregoing objections, Responding Party

2  will produce non-privileged documents responsive to this request after the entry of a

3  protective order.

4  **REQUEST FOR PRODUCTION NO. 38:**

5    Documents and Communications concerning any actual, planned, or

6  attempted investment in You by any person, including but not limited to

7  Communications You sent to any actual or potential investors.

8  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

9    Responding Party incorporates by references the General Objections and

10  Objections to Definitions above as if fully set forth herein. Responding Party objects

11  to this request to the extent that it seeks information that is protected from disclosure

12  by the attorney-client privilege, work product doctrine, or any other applicable

13  privilege or protection. Responding Party objects to this request to the extent that it

14  is unreasonably cumulative or duplicative of other requests for production.

15  Responding Party objects to the request  to the extent that it purports to require

16  Responding Party to produce documents that contain trade secrets of Responding

17  Party, or other confidential business, financial, proprietary, or sensitive information

18  of Responding Party or third parties without entry of a satisfactory confidentiality

19  order. Responding Party also objects to this request for "Documents and

20  Communications" without limitation on the grounds that it is overbroad and subjects

21  Responding Party to unreasonable and undue annoyance, oppression, burden, and

22  expense.  Responding Party objects that this request is vague and ambiguous and

23  overbroad, including in its use of the phrase "You."  Responding Party will interpret

24  "You" to mean Proton Management Ltd.

25    Subject to and without waiving the foregoing objections, Responding Party

26  will produce non-privileged documents responsive to this request located after a

27  reasonable search, if any, after the entry of a protective order.

28

**REQUEST FOR PRODUCTION NO. 39:**

Documents and Communications concerning any valuation of Your business, including but not limited to any valuations of any subparts of that business, such as services You provide related to Bitcoin mining.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party objects that this request is vague and ambiguous and overbroad, including in its use of the phrase "You." Responding Party will interpret "You" to mean Proton Management Ltd. Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires

41

1  Propounding Party to identify with reasonable particularly the trade secrets it alleges
2  that any defendant misappropriated before commencing discovery, as required by
3  Section H of the Court's Scheduling Order (Dkt. 95).

4  **REQUEST FOR PRODUCTION NO. 40:**

5      Financial statements, including but not limited to income statements, balance
6  sheets, cash flow statements, statement of shareholders' equity, and other financial
7  and/or accounting statements showing income and/or expenses, assets and liabilities,
8  equity, cash flows, and capital accounts of any type related to services you provide
9  related to Bitcoin mining.

10  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

11      Responding Party incorporates by references the General Objections and
12  Objections to Definitions above as if fully set forth herein. Responding Party objects
13  to this request to the extent that it seeks information that is protected from disclosure
14  by the attorney-client privilege, work product doctrine, or any other applicable
15  privilege or protection. Responding Party objects to this request to the extent that it
16  is unreasonably cumulative or duplicative of other requests for production.
17  Responding Party objects to the request to the extent that it purports to require
18  Responding Party to produce documents that contain trade secrets of Responding
19  Party, or other confidential business, financial, proprietary, or sensitive information
20  of Responding Party or third parties without entry of a satisfactory confidentiality
21  order.  Responding Party objects that this request is vague and ambiguous and
22  overbroad, including in its use of the phrase "You."  Responding Party will interpret
23  "You" to mean Proton Management Ltd.  Responding Party further objects to this
24  Request on the grounds that Propounding Party has failed to comply with Cal. Civ.
25  Proc. Code § 2019.210, which requires Propounding Party to identify with
26  reasonable particularly the trade secrets it alleges that any defendant
27  misappropriated before commencing discovery, as required by Section H of the
28  Court's Scheduling Order (Dkt. 95).

42

**REQUEST FOR PRODUCTION NO. 41:**

All Communications between You and persons associated with the Mining Sites You manage, operate, or otherwise engage with related to Bitcoin mining activities, including but not limited to all Communications exchanged via Signal, Telegram, and WhatsApp.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party further objects to this Request on the grounds that Propounding

43

1  Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires

2  Propounding Party to identify with reasonable particularly the trade secrets it alleges

3  that any defendant misappropriated before commencing discovery, as required by

4  Section H of the Court's Scheduling Order (Dkt. 95).

5  **REQUEST FOR PRODUCTION NO. 42:**

6      Communications concerning Your actual, planned, inadvertent, or attempted

7  efforts to delete, conceal, or spoliate evidence related to the subject matter of this

8  Action

9  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

10      Responding Party incorporates by references the General Objections and

11  Objections to Definitions above as if fully set forth herein. Responding Party objects

12  to this request to the extent that it seeks information that is protected from disclosure

13  by the attorney-client privilege, work product doctrine, or any other applicable

14  privilege or protection. Responding Party also objects to this request's demand as

15  being compound, overbroad, overly burdensome, and harassing, and as seeking

16  documents that are not relevant to the claims or defenses in this action. Responding

17  Party further objects to this request on the grounds that it is vague, overbroad and

18  subjects Responding Party to unreasonable and undue burden and expense.

19  Responding Party also objects to this request on the grounds and to the extent that it

20  seeks information that is not in the possession, custody or control of Responding

21  Party and/or is equally or more readily available from another source which is more

22  convenient, less burdensome, or less expensive. Responding Party objects to this

23  request to the extent that it is unreasonably cumulative or duplicative of other

24  requests for production. Responding Party objects to the request to the extent that it

25  purports to require Responding Party to produce documents that contain trade

26  secrets of Responding Party, or other confidential business, financial, proprietary, or

27  sensitive information of Responding Party or third parties without entry of a

28  satisfactory confidentiality order. Responding Party further objects to this Request

44

1    on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc.

2    Code § 2019.210, which requires Propounding Party to identify with reasonable

3    particularly the trade secrets it alleges that any defendant misappropriated before

4    commencing discovery, as required by Section H of the Court's Scheduling Order

5    (Dkt. 95).

6    **REQUEST FOR PRODUCTION NO. 43:**

7        Communications concerning the use of ephemeral messaging applications

8    (such as Signal, Telegram, or WhatsApp) for You and/or Your employees,

9    consultants, and other agents' communications, including but not limited to

10   Communications concerning switching from non-ephemeral messaging applications

11   to ephemeral ones.

12   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

13       Responding Party incorporates by references the General Objections and

14   Objections to Definitions above as if fully set forth herein. Responding Party objects

15   to this request to the extent that it seeks information that is protected from disclosure

16   by the attorney-client privilege, work product doctrine, or any other applicable

17   privilege or protection. Responding Party also objects to this request's demand as

18   being compound, overbroad, overly burdensome, and harassing, and as seeking

19   documents that are not relevant to the claims or defenses in this action. Responding

20   Party further objects to this request on the grounds that it is vague, overbroad and

21   subjects Responding Party to unreasonable and undue burden and expense.

22   Responding Party also objects to this request on the grounds and to the extent that it

23   seeks information that is not in the possession, custody or control of Responding

24   Party and/or is equally or more readily available from another source which is more

25   convenient, less burdensome, or less expensive. Responding Party objects to this

26   request to the extent that it is unreasonably cumulative or duplicative of other

27   requests for production. Responding Party objects to the request to the extent that it

28   purports to require Responding Party to produce documents that contain trade

1    secrets of Responding Party, or other confidential business, financial, proprietary, or

2    sensitive information of Responding Party or third parties without entry of a

3    satisfactory confidentiality order. Responding Party objects that this request is vague

4    and ambiguous, including in its use of the phrase "ephemeral messaging

5    applications".  Responding Party further objects to this Request on the grounds that

6    Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210,

7    which requires Propounding Party to identify with reasonable particularly the trade

8    secrets it alleges that any defendant misappropriated before commencing discovery,

9    as required by Section H of the Court's Scheduling Order (Dkt. 95).

10   **REQUEST FOR PRODUCTION NO. 44:**

11          Documents and Communications concerning Your involvement in the actual,

12   planned, or attempted sale of ASICs or other hardware or infrastructure related to

13   Bitcoin mining, including your valuation of any ASICs for the purpose of a sale or

14   attempted or planned sale.

15   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

16          Responding Party incorporates by references the General Objections and

17   Objections to Definitions above as if fully set forth herein. Responding Party objects

18   to this request to the extent that it seeks information that is protected from disclosure

19   by the attorney-client privilege, work product doctrine, or any other applicable

20   privilege or protection. Responding Party also objects to this request's demand as

21   being compound, overbroad, overly burdensome, and harassing, and as seeking

22   documents that are not relevant to the claims or defenses in this action. Responding

23   Party further objects to this request on the grounds that it is vague, overbroad and

24   subjects Responding Party to unreasonable and undue burden and expense.

25   Responding Party also objects to this request on the grounds and to the extent that it

26   seeks information that is not in the possession, custody or control of Responding

27   Party and/or is equally or more readily available from another source which is more

28   convenient, less burdensome, or less expensive. Responding Party objects to this

46

1  request to the extent that it is unreasonably cumulative or duplicative of other

2  requests for production. Responding Party objects to the request to the extent that it

3  purports to require Responding Party to produce documents that contain trade

4  secrets of Responding Party, or other confidential business, financial, proprietary, or

5  sensitive information of Responding Party or third parties without entry of a

6  satisfactory confidentiality order.  Responding Party further objects to this Request

7  on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc.

8  Code § 2019.210, which requires Propounding Party to identify with reasonable

9  particularly the trade secrets it alleges that any defendant misappropriated before

10  commencing discovery, as required by Section H of the Court's Scheduling Order

11  (Dkt. 95).

12  **REQUEST FOR PRODUCTION NO. 45:**

13      Documents and Communications concerning Your or Your employees,

14  consultants, and other agents' concealment of assets, transfer of assets to third

15  parties, or attempts to limit Swan's ability to recover assets in connection with this

16  Action.

17  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

18      Responding Party incorporates by references the General Objections and

19  Objections to Definitions above as if fully set forth herein. Responding Party objects

20  to this request to the extent that it seeks information that is protected from disclosure

21  by the attorney-client privilege, work product doctrine, or any other applicable

22  privilege or protection. Responding Party also objects to this request's demand as

23  being compound, overbroad, overly burdensome, and harassing, and as seeking

24  documents that are not relevant to the claims or defenses in this action. Responding

25  Party further objects to this request on the grounds that it is vague, overbroad and

26  subjects Responding Party to unreasonable and undue burden and expense.

27  Responding Party also objects to this request on the grounds and to the extent that it

28  seeks information that is not in the possession, custody or control of Responding

47

1  Party and/or is equally or more readily available from another source which is more

2  convenient, less burdensome, or less expensive. Responding Party objects to this

3  request to the extent that it is unreasonably cumulative or duplicative of other

4  requests for production. Responding Party objects to the request to the extent that it

5  purports to require Responding Party to produce documents that contain trade

6  secrets of Responding Party, or other confidential business, financial, proprietary, or

7  sensitive information of Responding Party or third parties without entry of a

8  satisfactory confidentiality order.  Responding Party further objects to this Request

9  on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc.

10  Code § 2019.210, which requires Propounding Party to identify with reasonable

11  particularly the trade secrets it alleges that any defendant misappropriated before

12  commencing discovery, as required by Section H of the Court's Scheduling Order

13  (Dkt. 95).

14  **REQUEST FOR PRODUCTION NO. 46:**

15      Documents sufficient to identify the amount and location of Your assets,

16  including but not limited to identifying all Bitcoin owned or controlled by You

17  and/or Your employees, consultants, and other agents.

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

19      Responding Party incorporates by references the General Objections and

20  Objections to Definitions above as if fully set forth herein. Responding Party objects

21  to this request to the extent that it seeks information that is protected from disclosure

22  by the attorney-client privilege, work product doctrine, or any other applicable

23  privilege or protection.  Responding Party objects to this request to the extent that it

24  is unreasonably cumulative or duplicative of other requests for production.

25  Responding Party objects to the  to the extent that it purports to require Responding

26  Party to produce documents that contain trade secrets of Responding Party, or other

27  confidential business, financial, proprietary, or sensitive information of Responding

28  Party or third parties without entry of a satisfactory confidentiality order.

48

1  Responding Party further objects to this Request on the grounds that Propounding
2  Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires
3  Propounding Party to identify with reasonable particularly the trade secrets it alleges
4  that any defendant misappropriated before commencing discovery, as required by
5  Section H of the Court's Scheduling Order (Dkt. 95).

6  **REQUEST FOR PRODUCTION NO. 47:**

7        All Documents and Communications concerning Your holding Yourself or
8  Your employees, consultants, and other agents out as former Swan employees,
9  consultants, or agents.

10  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

11        Responding Party incorporates by references the General Objections and
12  Objections to Definitions above as if fully set forth herein. Responding Party objects
13  to this request to the extent that it seeks information that is protected from disclosure
14  by the attorney-client privilege, work product doctrine, or any other applicable
15  privilege or protection. Responding Party also objects to this request's demand as
16  being compound, overbroad, overly burdensome, and harassing, and as seeking
17  documents that are not relevant to the claims or defenses in this action. Responding
18  Party further objects to this request on the grounds that it is vague, overbroad and
19  subjects Responding Party to unreasonable and undue burden and expense.
20  Responding Party also objects to this request on the grounds and to the extent that it
21  seeks information that is not in the possession, custody or control of Responding
22  Party and/or is equally or more readily available from another source which is more
23  convenient, less burdensome, or less expensive. Responding Party objects to this
24  request to the extent that it is unreasonably cumulative or duplicative of other
25  requests for production. Responding Party objects to the request to the extent that it
26  purports to require Responding Party to produce documents that contain trade
27  secrets of Responding Party, or other confidential business, financial, proprietary, or
28  sensitive information of Responding Party or third parties without entry of a

49

satisfactory confidentiality order. Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 48:**

All Documents and Communications that You sent to actual or prospective customers, investors, vendors, business partners, funding sources, or other parties referencing or containing Swan's name, logo, or the names of Swan personnel.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or

50

1  sensitive information of Responding Party or third parties without entry of a

2  satisfactory confidentiality order. Responding Party also objects to this request for

3  "All Documents and Communications" on the grounds that it is overbroad and

4  subjects Responding Party to unreasonable and undue annoyance, oppression,

5  burden, and expense. Responding Party further objects to this Request on the

6  grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code §

7  2019.210, which requires Propounding Party to identify with reasonable particularly

8  the trade secrets it alleges that any defendant misappropriated before commencing

9  discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

10 **REQUEST FOR PRODUCTION NO. 49:**

11      All Documents and Communications concerning any statements made by You

12 and/or Your employees, consultants, independent contractors, and other agents

13 disparaging or otherwise saying anything negative about Swan.

14 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

15      Responding Party incorporates by references the General Objections and

16 Objections to Definitions above as if fully set forth herein. Responding Party objects

17 to this request to the extent that it seeks information that is protected from disclosure

18 by the attorney-client privilege, work product doctrine, or any other applicable

19 privilege or protection. Responding Party also objects to this request's demand as

20 being compound, overbroad, overly burdensome, and harassing, and as seeking

21 documents that are not relevant to the claims or defenses in this action. Responding

22 Party also objects to this request on the grounds and to the extent that it seeks

23 information that is not in the possession, custody or control of Responding Party

24 and/or is equally or more readily available from another source which is more

25 convenient, less burdensome, or less expensive. Responding Party objects to this

26 request to the extent that it is unreasonably cumulative or duplicative of other

27 requests for production. Responding Party objects to the request to the extent that it

28 purports to require Responding Party to produce documents that contain trade

secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party objects that this request is vague and ambiguous and overbroad, including in its use of the phrase "Your."  Responding Party will interpret "Your" to mean Proton Management Ltd.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents responsive to this request located after a reasonable search, after the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents and Communications concerning any statements made by You and/or Your employees, consultants, independent contractors, and other agents praising or otherwise saying anything positive about Swan.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other

52

requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party objects that this request is vague and ambiguous and overbroad, including in its use of the phrase "Your." Responding Party will interpret "Your" to mean Proton Management Ltd.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents responsive to this request located after a reasonable search, after the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents or Communications concerning Your employees, consultants, and other agents' who formerly provided services to Swan ceasing their engagements with Swan, including but not limited to Documents or Communications concerning such persons' resignations from Swan.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party

53

and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party objects that this request is vague and ambiguous and overbroad, including in its use of the phrase "Your." Responding Party will interpret "Your" to mean Proton Management Ltd.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents responsive to this request after the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 52:**

Documents and Communications concerning the reasons why any of Your employees, consultants, and other agents who formerly provided services to Swan no longer provide those services to Swan, including but not limited to Documents and Communications concerning why any such persons resigned from Swan.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking

54

documents that are not relevant to the claims or defenses in this action. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party objects that this request is vague and ambiguous and overbroad, including in its use of the phrase "Your."  Responding Party will interpret "Your" to mean Proton Management Ltd.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents responsive to this request after the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 53:**

All Communications between You and Marlin Capital, including but not limited to Communications between You and Zachary Lyons.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as

55

being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party objects that this request is vague and ambiguous and overbroad, including in its use of the phrase "You." Responding Party will interpret "You" to mean Proton Management Ltd.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged communications between Proton Management Ltd. and Marlin Capital concerning the allegionts in the Amended Complaint, after the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 54:**

Documents sufficient to identify all travel by You, including but not limited to Your employees, consultants, and other agents, to California and/or the United States during the Relevant Period.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects

to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action.  Plaintiff has agreed to withdraw this request.

**REQUEST FOR PRODUCTION NO. 55:**

        Documents and Communications regarding business, customer, corporate, or other relationships between You and Ilios Corp.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

        Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more

convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 56:**

Documents and Communications between You and any United States governmental agency, California governmental agency, or Wyoming governmental agency.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding

58

Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party objects that this request is vague and ambiguous and overbroad, including in its use of the phrase "Your." Responding Party will interpret "Your" to mean Proton Management Ltd.

Subject to and without waiving the foregoing objections, Responding Party will produce non-privileged documents responsive to this request located after a reasonable search, after the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 57:**

Documents sufficient to identify the GitHub repository or repositories used to store any source code used by You related to Bitcoin mining.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.  Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party further objects to this Request on the grounds that

59

1  Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210,

2  which requires Propounding Party to identify with reasonable particularly the trade

3  secrets it alleges that any defendant misappropriated before commencing discovery,

4  as required by Section H of the Court's Scheduling Order (Dkt. 95).

5  **REQUEST FOR PRODUCTION NO. 58:**

6       All Documents, including source code, maintained on GitHub by the GitHub

7  organization "elektron-tech," including but not limited to all Documents housed in

8  the repository named "nxt."

9  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

10      Responding Party incorporates by references the General Objections and

11  Objections to Definitions above as if fully set forth herein. Responding Party objects

12  to this request to the extent that it seeks information that is protected from disclosure

13  by the attorney-client privilege, work product doctrine, or any other applicable

14  privilege or protection. Responding Party also objects to this request's demand as

15  being compound, overbroad, overly burdensome, and harassing, and as seeking

16  documents that are not relevant to the claims or defenses in this action. Responding

17  Party further objects to this request on the grounds that it is vague, overbroad and

18  subjects Responding Party to unreasonable and undue burden and expense.

19  Responding Party also objects to this request on the grounds and to the extent that it

20  seeks information that is not in the possession, custody or control of Responding

21  Party and/or is equally or more readily available from another source which is more

22  convenient, less burdensome, or less expensive. Responding Party objects to this

23  request to the extent that it is unreasonably cumulative or duplicative of other

24  requests for production. Responding Party objects to the request  to the extent that it

25  purports to require Responding Party to produce documents that contain trade

26  secrets of Responding Party, or other confidential business, financial, proprietary, or

27  sensitive information of Responding Party or third parties without entry of a

28  satisfactory confidentiality order. Responding Party also objects to this request for

60

1   "All Documents" on the grounds that it is overbroad and subjects Responding Party

2   to unreasonable and undue annoyance, oppression, burden, and expense.

3   Responding Party further objects to this Request on the grounds that Propounding

4   Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires

5   Propounding Party to identify with reasonable particularly the trade secrets it alleges

6   that any defendant misappropriated before commencing discovery, as required by

7   Section H of the Court's Scheduling Order (Dkt. 95).

8

9   Dated:  April 25, 2025                    BERGESON, LLP

10

11

12                                       By:    /s/ Adam C. Trigg

13                                              Adam C. Trigg

                                         Attorneys for Defendant PROTON
14                                       MANAGEMENT LTD.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

61

PROTON'S SUPP. RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR
PRODUCTION, Case No. 2:24-cv-8280-MWC-E

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SANTA CLARA**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Santa Clara, State of California.  My business address is 111 N. Market Street, Suite 600, San Jose, CA 95113.

On April 25, 2025, I served true copies of the following document(s) described as**: DEFENDANT PROTON MANAGEMENT LTD'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** on the interested parties in this action as follows:

| | |
|---|---|
| **Attorneys for Plaintiff**<br>**ELECTRIC SOLIDUS, INC. d/b/a**<br>**SWAN BITCOIN**<br><br>Harris M. Mufson (*PHV forthcoming*)<br>hmufson@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York 10166-0193<br>Tel:   212-351-4000<br><br>Matthew D. McGill (*PHV* )<br>mmcgill@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street, N.W.<br>Washington, D.C. 20036-4504<br>Tel:   202-955-8500<br><br>Ilissa Samplin SBN 314018<br>isamplin@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, California 90071-3197<br>Tel:   213-229-7000<br><br>Christine Demana (*PHV* )<br>cdemana@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>2001 Ross Avenue, Suite 2100<br>Dallas, Texas 75201-2923<br>Tel:   214-698-3100 | **Attorneys for Defendants**<br>**THOMAS PATRICK FURLONG,**<br>**ILIOS CORP., MICHAEL**<br>**ALEXANDER HOLMES, RAFAEL**<br>**DIAS MONTELEONE, SANTHIRAN**<br>**NAIDOO, ENRIQUE ROMUALDEZ,**<br>**and LUCAS VASCONCELOS**<br><br>Grant P. Fondo<br>gfondo@goodwinlaw.com<br>Nirav Bhardwaj<br>nbhardwaj@goodwinlaw.com<br>GOODWIN PROCTER<br>601 Marshall Street<br>Redwood City, CA 94063<br>Tel:   650-752-3100<br><br>Wendell Lin<br>wlin@goodwinlaw.com<br>Goodwin Procter LLP<br>Three Embarcadero Center, 28th Floor<br>San Francisco, CA  94111<br>Tel:   415-733-6271<br><br>Matthew P. Kanny<br>mkanny@goodwinlaw.com<br>Aaron Thompson<br>athompson@goodwinlaw.com<br>GOODWIN PROCTER<br>520 Broadway, Suite 500<br>Santa Monica, CA 90401<br>Tel:   424-252-6400<br><br>Matthew P. Kanny<br>mkanny@goodwinlaw.com<br>GOODWIN PROCTER<br>601 South Figueroa Street, Suite 4100<br>Los Angeles, CA 90017<br>Tel:   231-426-2500 |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address ahogue@be-law.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 25, 2025, at San Jose, California.

/s/ Adam C. Trigg
Adam C. Trigg

PROTON'S SUPP. RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION, Case No. 2:24-cv-8280-MWC-E