# EXHIBIT 3

## REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

GRANT P. FONDO (SBN 181530)
GFondo@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, CA 94063
Tel: +1 650 752 3100
Fax: +1 650 853 1038

MATTHEW P. KANNY (SBN 167118)
MKanny@goodwinlaw.com
AARON S. THOMPSON (SBN 272391)
AThompson@goodwinlaw.com
**GOODWIN PROCTER LLP**
520 Broadway, Suite 500
Santa Monica, CA 90401-2449
Tel.: +1 424 436 3001
Fax: +1 424 316 3280

AMANDA H. RUSSO (SBN 319617)
ARusso@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 South Figueroa Street, Suite 4100
Los Angeles, California 90017
Tel.: +1 213 426 2500
Fax: +1 213 623 1673

*Attorneys for Defendants Thomas Patrick Furlong, Ilios Corp., Michael Alexander Holmes, Rafael Dias Monteleone, Santhiran Naidoo, Enrique Romualdez, and Lucas Vasconcelos*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROTON MANAGEMENT LTD., a British Virgin Islands corporation; THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; SANTHIRAN NAIDOO; ENRIQUE ROMUALDEZ; and LUCAS VASCONCELOS,<br><br>Defendants. | Case No. 2:24-cv-8280-MWC-E<br><br>**INDIVIDUAL DEFENDANTS THOMAS PATRICK FURLONG, ILIOS CORP., MICHAEL ALEXANDER HOLMES, RAFAEL DIAS MONTELEONE, SANTHIRAN NAIDOO, ENRIQUE ROMUALDEZ, AND LUCAS VASCONCELOS'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the United States District Court for the Central District of California's Local Rules, Defendants Thomas Patrick Furlong, Michael Alexander Holmes, Ilios Corp. ("Ilios"), Rafael Dias Monteleone, Santhiran Naidoo, Enrique Romualdez and Lucas Vasconcelos (the "Individual Defendants") hereby provide objections and responses ("Responses") to Plaintiff Electric Solidus, Inc., d/b/a Swan Bitcoin's ("Swan" or "Plaintiff") Second Set of Requests for Production ("Requests"), dated March 17, 2025.

## PRELIMINARY STATEMENT

Individual Defendants have prepared these Responses based on their good faith understanding of each Request, and based upon their reasonable investigation to date. Individual Defendants reserve their right to correct any errors or omissions and to revise their Response as a result of discussions or agreements with Plaintiff about the scope of the Requests. By responding to the Requests, Individual Defendants do not admit that any of the allegations in the Action are accurate or sufficient to state any claims. No other incidental or implied admissions are intended by these Responses.

Individual Defendants do not waive or intend to waive any objections that they may have regarding the use of any information provided and/or documents produced, and Individual Defendants expressly reserve the right to: (a) object to Plaintiff's use of any documents and/or information provided on the ground of inadmissibility; and (b) object on any and all proper grounds, at any time, to any other discovery involving or relating to any documents and/or information produced. No incidental or implied admissions are intended by the Responses set forth herein.

These Responses are made solely for the purpose of this action. Nothing herein shall be construed as an admission respecting the admissibility or the relevance of any facts, documents, or information, as an admission that documents or

information exist, or as an admission as to the truth or accuracy of any characterization or assertion contained in any Request. Each Response is subject to all objections as to competence, relevance, materiality, privilege, propriety, and admissibility, and any and all other objections on grounds that would require the exclusion of any statement herein if any of the Requests were asked of, or statements contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

## GENERAL OBJECTIONS

The following General Objections are hereby incorporated by reference into each and every specific Response set forth below. From time to time, a specific Response may repeat a General Objection for emphasis or on some other basis. The omission of any General Objection in any specific Response is not intended to be and should not be construed as a waiver or limitation of any General Objection to that Response. The inclusion of any specific objections in the Responses below is not intended as, nor shall it in any way be deemed, a waiver of any General Objection or of any specific objection made herein or that may be asserted at another date. Each General Objection to the Requests applies to each and every Request.

These Responses and any documents produced by Individual Defendants are based upon information and writings available to and located by Individual Defendants and its attorneys as of the time of service of these Responses. Individual Defendants reserves the right to rely on any facts, documents, or other evidence that may develop or subsequently come to its attention.

1. Individual Defendants object to the Requests, as well as each of Plaintiff's Instructions and Definitions, as vague, overly broad, unduly burdensome, oppressive, duplicative of other discovery, and beyond the proper scope of discovery.

2. Individual Defendants object to the Requests, as well as each of Plaintiff's Instructions and Definitions, to the extent they seek to impose obligations on Individual Defendants that are inconsistent with and/or beyond the scope of those

imposed or authorized by the Federal Rules of Civil Procedure, the Central District of California's Local Rules, and/or any other applicable statutes, rules, regulations or orders.

3. Individual Defendants object to the Requests, as well as each of Plaintiff's Instructions and Definitions, to the extent they seek documents and/or information protected by the attorney-client privilege, work product doctrine, the common interest privilege, right to privacy, or other applicable privilege, protection, or doctrine. Individual Defendants will not construe the Requests as seeking any such documents and/or information, and none will be provided. Any disclosure of such documents and/or information is inadvertent, is not intended to, and does not constitute a waiver of the privilege or protection.

4. Individual Defendants object to the Requests, as well as each of Plaintiff's Instructions and Definitions, to the extent they seek documents and/or information that are readily available to Plaintiff through public sources and records, do not exist, or are not reasonably available to or within Individual Defendants' knowledge, possession, custody, or control.

5. Individual Defendants object to the Requests, as well as each of Plaintiff's Instructions and Definitions, to the extent that they seek information and/or documents about subjects that are irrelevant to the subject matter of this action and/or not reasonably calculated to lead to the discovery of admissible evidence.

6. Individual Defendants object to the Requests, as well as each of Plaintiff's Instructions and Definitions, to the extent that the burden, expense, or intrusiveness of each Request clearly outweighs the likelihood that the documents and/or information sought will lead to the discovery of admissible evidence.

7. Individual Defendants object to the Requests, as well as each of Plaintiff's Instructions and Definitions, to the extent that they call for an improper legal conclusion. The Responses by Individual Defendants shall not be construed as providing a legal conclusion concerning the meaning or application of any terms or

phrases used in Plaintiff's Requests.

8. Individual Defendants object to the Requests, as well as each of Plaintiff's Instructions and Definitions, to the extent that they purport to characterize the pleadings, claims, defenses, or factual matters in or involving this case.

9. Individual Defendants object to the Requests, as well as each of Plaintiff's Instructions and Definitions, to the extent that they seek disclosure of confidential, personal, and/or private information, or information that is protected from disclosure by law, including, but not limited to, privacy laws, court orders, or any agreements with respect to confidentiality or nondisclosures.

10. Individual Defendants object to the Requests, as well as each of Plaintiff's Instructions and Definitions, to the extent they seek the creation of documents or data compilations that do not exist or are not ordinarily kept in the normal course of business.

11. Individual Defendants object to the Requests, as well as each of Plaintiff's Instructions and Definitions, to the extent they seek "any" or "all" documents and/or information on the grounds that such Requests are unduly burdensome and not consistent with Individual Defendants' duties and responsibilities under the Federal Rules of Civil Procedure and the United States District Court for the Central District of California's Local Rules. Subject to all of the objections herein, if discovery in this Action proceeds, Individual Defendants will conduct a reasonable and diligent search in good faith to discover and identify the relevant documents and/or information properly sought by the Requests.

12. Individual Defendants' Responses are made without in any way waiving or intending to waive, but rather are made preserving and intending to preserve:

    a. The right to object on any ground whatsoever to the production into evidence or other use of the Responses contained herein at any trial, arbitration, mediation, or any other proceeding in this matter or in any other action;

b. The right to object on any ground whatsoever at any time to any demand for further responses to the Requests; and

c. The right to provide supplemental responses to the Requests or otherwise to supplement, revise, or explain the information contained in the Responses and the testimony given in response to the Requests in light of information gathered through further investigation and discovery.

13. Individual Defendants object to these Requests to the extent that they seek information that is protected from disclosure by international law, including but not limited to the European Union's General Data Protection Regulation ("GDPR").

14. Individual Defendants object to these Requests on the grounds that the Requests bear no relation to temporary injunctive relief in aid of arbitration, the only potential form of discovery that may be allowed under the Consulting Agreements in this Court, and that further no arbitration is pending as to them. *See* ECF No. 164 at 13. Individual Defendants reserve all rights relating to, and by responding to these Requests are not waiving, their contention that this litigation does not seek temporary injunctive relief in aid of arbitration, and all disputes between the parties should be resolved in arbitration. These Requests are accordingly overly broad, unduly burdensome, oppressive, and beyond the proper scope of discovery.

15. Individual Defendants object to these Requests on the grounds that Swan has failed to serve proper Section 2019.210 disclosures regarding the trade secrets that are purportedly the subject of its claims. Under the Court's standing order and applicable law, discovery is thus premature and should not proceed. Nevertheless, without waving said objections and reserving all rights relating to same, the Individual Defendants are providing substantive responses to these Requests and not withholding any documents on the basis that Swan's Section 2019.20 disclosures are inadequate.

**OBJECTIONS TO INSTRUCTIONS**

16. Individual Defendants object to Instruction Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 17, 18 19, 20 and 21, to the extent to which they seek to impose burdens greater than those required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the United States District Court for the Central District of California's Local Rules.

17. Individual Defendants object to Instruction No. 1, which provides for a responsive timeframe of August 2, 2024 to the present (the "Relevant Period"), as such a time frame is overbroad and unduly burdensome, as well as Swan's request to provide responses and documents outside that time frame.

18. Individual Defendants object to Instruction No. 13 to the extent that it introduces ambiguity into the Requests. Uncapitalized terms will be given their ordinary meaning.

19. Individual Defendants object to Instruction No. 16 to the extent that it states "entities or corporations other than natural persons shall be deemed to include, in addition to the entity named, its divisions, departments, subsidiaries, affiliates, parents, predecessors, present or former officers, present or former directors, employees, agents, representatives, accountants and attorneys, successors, and all other Persons acting or purporting to act on behalf of each such entity or corporation," as such an instruction is overbroad, unduly burdensome, vague and ambiguous. For the purposes of responding to the Requests, Individual Defendants will construe the entity named to refer to the entity named and its known employees and directors.

20. Individual Defendants object to Instruction No. 18 to the extent that it seeks to characterize documents. Any documents referred to by Plaintiffs speak for themselves.

21. Individual Defendants object to Instruction Nos. 19, 20, and 21, because the details of the format of any production of documents shall be the subject of a negotiated ESI protocol rather than Plaintiff's unilateral instructions.

## OBJECTIONS TO DEFINITIONS

22. Individual Defendants object to the definition of "Communication" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent it includes "whether or not the Communication was ever disclosed, sent, or transmitted." For purposes of responding to the Requests, Individual Defendants will exclude the portion noted above from the definition of "Communications" in the Requests, and interpret the otherwise overbroad definition not to impose a burden beyond what is required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Civil Rules of the U.S. District Court for the Central District of California.

23. Individual Defendants object to the definition of "Defendant" and "Defendants" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes the Individual Defendants' "members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on their behalf." For purposes of responding to the Requests, Individual Defendants will interpret "Defendant" and "Defendants" as referring to the named Defendants.

24. Individual Defendants object to the definition of "Proton" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf." For purposes of responding to the Requests, Individual Defendants will interpret "Proton" as referring to Defendant Proton Management Ltd.

25. Individual Defendants object to the definition of "Individual Defendants" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of their members, employees,

representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on their behalf." For purposes of responding to the Requests, Individual Defendants will interpret "Individual Defendants" as referring to the Individual Defendants described in the introduction to this Response.

26. Individual Defendants object to the definition of "Elektron Energy" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf." For purposes of responding to the Requests, Individual Defendants will interpret "Elektron Energy" as referring to Elektron Management LLC.

27. Individual Defendants object to the definition of "Expenditure" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "anything of value," or "a written contract, promise, or agreement to make an expenditure." For purposes of responding to the Requests, Individual Defendants will interpret "Expenditure" as "any purchase, payment, distribution, loan, advance, deposit, [or] gift of money."

28. Individual Defendants object to the definition of "Complaint" or "Operative Complaint" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it is defined as "the most recent complaint filed in this Action." For purposes of responding to the Requests, Individual Defendants will interpret "Complaint" or "Operative Complaint" as ECF. No. 101.

29. Individual Defendants object to the definition of "Ilios" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf." For purposes of

responding to the Requests, Individual Defendants will interpret "Ilios" as referring to Defendant Ilios Corp.

30. Individual Defendants object to the definition of "You" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its [or their] members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its [or their] behalf." For purposes of responding to the Requests, Individual Defendants will interpret "You" as referring to each of the Individual Defendants, and each Individual Defendant will be responding on behalf of himself or itself only.

31. Individual Defendants object to the definition of "Site" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it is defined as "physical or virtual infrastructure where computational resources are used to perform Bitcoin mining operations." For purposes of responding to the Requests, Individual Defendants will interpret "Site" as referring to a physical place where the mining of bitcoin occurs via the use of specialized mining hardware such as application-specific integrated circuits ("ASICs").

32. Individual Defendants object to the definition of terms "relating to," "related to," and "in connection with" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it is defined as to "bring within the scope of the requests any information and Document that . . . implicitly comprises, evidences, embodies, constitutes, describes, responds to, reflects, was reviewed in conjunction with, or was generated as a result of, the subject matter of the request." For purposes of responding to the Requests, Individual Defendants will interpret "relating to," "related to," and "in connection with" as referring to "any extent, relating to, referring to, reflecting, and their variants and shall be construed to bring within the scope of the requests any information and Document that explicitly comprises, evidences, embodies, constitutes, describes, responds to, reflects, was

reviewed in conjunction with, or was generated as a result of, the subject matter of the request."

33. Individual Defendants object to the definition of "▮▮▮▮▮▮y" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of the members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf, including but not limited to ▮▮▮▮▮▮▮▮▮▮▮▮" For purposes of responding to the Requests, Individual Defendants will interpret "▮▮▮▮▮▮▮▮" as referring to ▮▮▮▮▮▮▮▮▮▮.

34. Individual Defendants object to the definition of "▮▮▮▮▮" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf" and does not include the name of a legal entity. For purposes of responding to the Requests, Individual Defendants will interpret "▮▮▮▮▮" as referring to ▮▮▮▮▮▮▮▮▮.

35. Individual Defendants object to the definition of "▮▮▮▮▮▮▮" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf, including but not limited to ▮▮▮▮▮▮▮▮▮" For purposes of responding to the Requests, Individual Defendants will interpret "▮▮▮▮▮▮▮" as referring to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

36. Individual Defendants object to the definition of "▮▮▮▮▮▮" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent

that it includes "any of the members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf" and does not include the name of a legal entity. For purposes of responding to the Requests, Individual Defendants will interpret "█████" as referring to ████████████████████.

37. Individual Defendants object to the definition of "████r" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of the members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf" and does not include the name of a legal entity. For purposes of responding to the Requests, Individual Defendants will interpret "█████" as referring to █████.

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR PRODUCTION NO. 5**:

Documents concerning or reflecting Your and/or Your counsel's Communications with any of the targets or recipients of a subpoena in this Action (including ████████████████████████████████████████) related to such subpoena. For the avoidance of doubt, this request seeks the Communications themselves, as well as evidence of such Communications (such as calendar invites, or agreements regarding the subpoena responses).

**RESPONSE TO REQUEST NO. 5**:

In addition to the Preliminary Statement, General Objections, Objections to Instructions, and Objections to Definitions, which the Individual Defendants incorporate by reference herein, Individual Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and vague and ambiguous, including, but not limited to, the use of the undefined terms "any," "including," "agreements," and "subpoena responses."

1  Individual Defendants further object to this Request on the grounds that it
2  seeks documents that are not relevant to the claims and defenses in the action, or are
3  not proportional to the needs of the case.

4  Individual Defendants further object to this Request on the grounds that this
5  Request bears no relation to temporary injunctive relief in aid of arbitration, the only
6  potential form of discovery that may be allowed under the Consulting Agreements in
7  this Court and pursuant to the Court's Order dated April 9, 2025, and that further no
8  arbitration is pending as to them. This Request is accordingly overly broad, unduly
9  burdensome, oppressive, and beyond the proper scope of discovery.

10  Individual Defendants object to this Request on the grounds that it is overbroad
11  and unduly burdensome in that it asks Individual Defendants to attempt to locate
12  documents and information for the time period from August 2, 2024 to the present.

13  Individual Defendants also object to the request to the extent that it seeks
14  information protected from disclosure by the attorney-client privilege, the attorney
15  work-product doctrine, the common interest privilege, or any other applicable
16  privilege, doctrine or protection.

17  Based on the foregoing objections, Individual Defendants will not be
18  producing any documents in response to this Request, to the extent any exist in their
19  possession, custody, or control.

20  Respectfully submitted,

21  Dated: April 16, 2025   By: */s/ Grant P. Fondo*
22  MATTHEW P. KANNY (SBN 167118)
    *MKanny@goodwinlaw.com*
23  GRANT P. FONDO (SBN 181530)
    *GFondo@goodwinlaw.com*
24  AMANDA H. RUSSO (SBN 319617)
    *ARusso@goodwinlaw.com*
25  AARON S. THOMPSON (SBN 272391)
    *AThompson@goodwinlaw.com*
26  **GOODWIN PROCTER LLP**

27  *Attorneys for Specially Appearing*
28  *Defendants Thomas Patrick Furlong,*

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

INDIVIDUAL DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION
-12-

*Ilios Corp., Michael Alexander Holmes, Rafael Dias Monteleone, Santhiran Naidoo, Enrique Romualdez, and Lucas Vasconcelos*

# CERTIFICATE OF SERVICE

I, <u>Nirav Bhardwaj</u>, declare:

I am employed in the County of San Mateo, California. I am over the age of eighteen and not a party to this action. My business address is Goodwin Procter LLP, 601 Marshall Street, Redwood City, California, 94063.

On <u>April 16, 2025</u>, I served true copies of the following document exactly entitled:

- **INDIVIDUAL DEFENDANTS THOMAS PATRICK FURLONG, ILIOS CORP., MICHAEL ALEXANDER HOLMES, RAFAEL DIAS MONTELEONE, SANTHIRAN NAIDOO, ENRIQUE ROMUALDEZ, AND LUCAS VASCONCELOS'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

on the interested parties in this action, as follows:

**VIA EMAIL TRANSMISSION:**

Attorneys for Plaintiff ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN

RYAN S. LANDES (State Bar No. 252642)
ryanlandes@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 S Figueroa Street, Floor 10
Los Angeles, CA 90017-5003
Telephone: (213) 443-3145
Facsimile: (213) 443-3100

STACYLYN M. DOORE (admitted pro hac vice)
stacylyndoore@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Telephone: (617) 712-7100
Facsimile: (617) 712-7200

RACHEL E. EPSTEIN (admitted pro hac vice)
rachelepstein@quinnemanuel.com

```
 1   Quinn Emanuel Urquhart & Sullivan, LLP
 2   295 Fifth Avenue
     New York, NY 10016
 3   Telephone: (212) 849-7000
 4   Facsimile: (212) 849-7100

 5   JEFF W. NARDINELLI
 6   jeffnardinelli@quinnemanuel.com
     Quinn Emanuel Urquhart & Sullivan, LLP
 7   50 California St., 22nd Fl.
     San Francisco, CA 94111
 8   Telephone: (415) 875-6600
 9   Facsimile: (415) 876-6700

10

11   Attorneys for Specially Appearing Defendant
12   PROTON MANAGEMENT LTD.

13   DANIEL J. BERGESON, SBN 105439
14   dbergeson@be-law.com
     REBECCA KAUFMAN, SBN 199534
15   rkaufman@be-law.com
16   JAIDEEP VENKATESAN, SBN 211386
     jvenkatesan@be-law.com
17   ADAM C. TRIGG, SBN 261498
18   atrigg@be-law.com
     BERGESON, LLP
19   111 N. Market Street, Suite 600
20   San Jose, CA 95113
     Telephone: (408) 291-6200
21   Facsimile: (408) 297-6000

22

23       I caused such document to be sent by email transmission to the parties
         indicated.
24
         I declare under penalty of perjury under the laws of the state of California
25   that the foregoing is true and correct, and that this declaration was executed on
     April 16, 2025, at Redwood City, California.
26

27                                        /s/ Nirav Bhardwaj
28                                        Nirav Bhardwaj
```

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

INDIVIDUAL DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION
-15-