# EXHIBIT 6

| | |
|---|---|
| From: | Stacylyn Doore |
| Sent: | Thursday, May 1, 2025 4:58 PM |
| To: | Jaideep Venkatesan; Ryan Gorman; Ryan Landes; QE-Swan |
| Cc: | Adam Trigg; Rebecca Kaufman; Kanny, Matthew P; Fondo, Grant P; Russo, Amanda; Thompson, Aaron; Emma Fernandez |
| Subject: | RE: Electric Solidus, Inc v. Proton Management Ltd, et al. - Case No. 2:24-cv-8280 |

Jay,

Swan has always contended that Defendants' motion regarding Swan's trade secret identification was unnecessary. The opposite of playing games, Swan sent an email to Defendants specifically proposing how to streamline motion practice on this issue. *See* Nardinelli Apr. 4, 2025 Email. And yet, Defendants insisted on bringing their own duplicative motion anyway, told the Court they were doing so, and told Swan to respond to it, only to withdraw the motion mere hours before Swan's response was due. The withdrawal prejudices Swan because Swan incurred unnecessary costs. Defendants also told the Court not to rule on Swan's motion because of their impending motion. We note you still have not informed the Court that such argument is no longer accurate and we reiterate our request that you do so immediately. Indeed, Rule 11 (among other things) requires it. We are always happy to meet and confer where productive, but the issues regarding Swan's trade secret identification and Swan's targeted discovery requests are already before the Court. We are available to meet and confer regarding Swan's costs request on Monday from 11 am – 1 pm ET. For authority in support of Swan's costs being paid by Defendants, we direct your attention to *Finch v. Mountain Park Health Center,* in which the court awarded fees and costs after plaintiff withdrew her motion on the same date that defendants were required to respond to the motion despite defendants' repeated warning that the motion was baseless and should be withdrawn. 2017 WL 11707494, at *1-2 (D. Az. Apr. 11, 2017); *see also Combined Ins. Co., of Am. v. Estate of Montano*, 2022 WL 1485724, at *4 (C.D. Cal. Jan. 12, 2022) (awarding fees as sanctions against party who filed a motion that was duplicative of arguments raised in opposition to prior motion, which the court deemed "essentially taking a second bite at his arguments without adding anything new of substance").

To be clear, it is Defendants who seek to have it both ways by filing a motion to compel (that Swan repeatedly said was duplicative and unnecessary) but wanting Swan to agree that such filing would not constitute waiver of a later motion to compel arbitration. Swan reserves all rights and waives none.

Thanks,
Stacylyn

Stacylyn Doore
*Partner*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7121 Direct
617.712.7100 Main Office Number
617.712.7200 FAX
stacylyndoore@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended

recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

From: Jaideep Venkatesan <jvenkatesan@be-law.com>
Sent: Tuesday, April 29, 2025 4:43 PM
To: Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Gorman <ryangorman@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
Cc: Adam Trigg <atrigg@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Emma Fernandez <emtofelogo@be-law.com>
Subject: RE: Electric Solidus, Inc v. Proton Management Ltd, et al. - Case No. 2:24-cv-8280

[EXTERNAL EMAIL from jvenkatesan@be-law.com]

Stacylyn,

Your email unfortunately ignores the statements in my email, instead responding with a one-sided and misleading narrative. We would appreciate if you would refrain from distorting Defendants' positions and forcing Defendants to waste time addressing such misleading responses. We understand from the below that Swan is incorrectly claiming that the Individual Defendants are acting inconsistently with their position that the case is automatically stayed as to them and that Proton is acting inconsistently with its right to arbitrate by engaging in any activity that seeks to protect their rights in this case. This was made clear on Friday with your email to Proton regarding waiver and Swan's filing yesterday in response to the Individual Defendants' notice of stay. We disagree strongly, and believe this is an obvious attempt to distort the facts. As we have made clear, if Swan agrees not to contend that the filing of the motion to compel a further trade secret identification would constitute a waiver, Defendants will proceed with the filing and give you additional time to finish your response. That Swan refuses speaks to its obvious gamesmanship. Swan cannot have it both ways—it cannot insist on a position that puts Defendants in a catch-22 whereby any act to defend their rights constitute a waiver of their positions on a stay and arbitration, while at the same time asserting that any declination to not do so in observance of Swan's objection constitutes a waiver of those rights.

In that regard, we note that Swan has sent several emails to Defendants' counsel seeking to meet and confer on several discovery issues. We will be responding so that the parties can meet and confer in good faith and not delay the resolution of issues, notwithstanding Defendants' positions on the procedural posture of the matter, and with the understanding that Swan will also act in good faith and not used Defendants' efforts against them to argue waiver of Defendants rights, including but not limited to Proton's right to move to compel arbitration and the Individual Defendants' position on an automatic stay. To the extent that Swan intends on using Defendants' good faith efforts to meet and confer as a waiver, please inform us immediately.

It is also inconsistent for Swan to now contend that Defendants' separate motion was unnecessary, but that the withdrawal of it now somehow prejudices Swan. Defendants will file a supplemental brief that will address Swan's gamesmanship on insisting on our clients' already disclosed and clear position that Defendants' motions should be continued until the procedural posture of the matter is settled. Of course, Defendants remain ready and willing to meet and confer about it but it appears that Swan instead prefers engaging in aggressive litigation tactics that benefit no one and take up unnecessary court time. Defendants have made it clear that while they maintain their objections to Swan's deficient trade secret disclosure, they were not withholding any information or documents on the basis of that objection with regards to the first sets of "targeted discovery," thus reducing Swan's motion to

effectively asking for an advisory opinion. We further note that Swan's decision to file that motion notwithstanding the fact that Defendants served supplemental responses, which Swan recently sent correspondence to meet and confer upon, renders Swan's motion to compel moot.

Defendants' postponement of the motion in view of Swan's tactics in no way indicates that Defendants are withdrawing their objections to Swan's deficient trade secret disclosure, and we made that clear in our email to you. Again, given that Swan believed that motion to be unnecessary to begin with, we are not clear as to how Swan could infer any kind of withdrawal.

It is unclear how Swan can demand any "costs" for preparing a response to a motion. First, as my email said, Defendants will re-file the motion as soon as Swan agrees that the motion does not constitute a waiver and in fact we need not take this one off calendar if Swan would prefer – Swan simply needs to agree that it will not assert that by proceeding with this motion to compel, Proton's other motion is moot or otherwise impacted. Second, we can be available to meet and confer on a mechanism to address Defendants' objections to the trade secret disclosure, and we will proceed on the assumption that Swan will meet and confer in good faith. We can also be available to meet and confer on Swan's baseless request for costs. Please provide authority for Swan's baseless position that it is entitled to costs.

We look forward to a productive discussion. Thank you.

Regards,

Jay

From: Stacylyn Doore <stacylyndoore@quinnemanuel.com>
Sent: Monday, April 28, 2025 6:33 PM
To: Jaideep Venkatesan <jvenkatesan@be-law.com>; Ryan Gorman <ryangorman@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
Cc: Adam Trigg <atrigg@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Emma Fernandez <emtofelogo@be-law.com>
Subject: RE: Electric Solidus, Inc v. Proton Management Ltd, et al. - Case No. 2:24-cv-8280

Jaideep,

Thank you for your email. We understand all Defendants are withdrawing their motion to compel a further trade secret identification, and are thereby withdrawing their objections to Swan's Trade Secret Identification. This last minute about-face will require corrective action from Defendants.

First, please produce supplemental discovery responses withdrawing all objections based on the sufficiency of Swan's Trade Secret Identification by 5 pm ET on Wednesday. There is no stay of the case, and Proton cannot avoid a waiver argument by withdrawing a motion to compel mere hours before Swan's response was due. Thus, the only basis Defendants have to withdraw the motion is that they no longer seek to raise such objections, and Swan understands that Defendants are withdrawing their objections to Swan's Trade Secret Identification and will not seek to re-raise them. Swan will therefore not be serving its insert in response to Defendants' motion. Swan does not agree to waive any arguments that Swan can and will make if Defendants move forward with their motion to compel at some later time.

Second, Defendants argued to the Court just last week that it should deny Swan's motion to overrule Defendants' objection to the sufficiency of Swan's trade secret identification because Defendants were going to file their own motion to compel. Although that duplication of efforts was never sensible, Defendants have now withdrawn their premise. Please confirm that Defendants will promptly notify the Court that the central premise of their opposition is no longer valid (to the extent it was ever genuine).

Third, given you waited until hours before Swan's insert was due to alert Swan of Defendants' withdrawal of their motion, we expect Defendants to pay Swan's costs for preparing a response, particularly given the multiple times that Swan informed Defendants that their motion was duplicative of Swan's previously served motion covering the same subject matter and was therefore a waste of time and resources. Please let us know to whom we should direct our invoice. If Defendants are not willing to pay these costs, please provide your availability for a meet and confer so we can ask the Court for relief.

Thanks,
Stacylyn


*Stacylyn Doore*
*Partner*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7121 Direct
617.712.7100 Main Office Number
617.712.7200 FAX
stacylyndoore@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

From: Jaideep Venkatesan <jvenkatesan@be-law.com>
Sent: Monday, April 28, 2025 7:28 PM
To: Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Gorman <ryangorman@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
Cc: Adam Trigg <atrigg@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Emma Fernandez <emtofelogo@be-law.com>
Subject: RE: Electric Solidus, Inc v. Proton Management Ltd, et al. - Case No. 2:24-cv-8280-WLH-E

[EXTERNAL EMAIL from jvenkatesan@be-law.com]

Counsel,

Thank you for the email. We appreciate the opportunity to continue meeting and conferring on Proton's motion to compel arbitration, and have reviewed the authorities you provided. We respectfully disagree that Proton has waived its right to compel arbitration, based on our review of those authorities and additional research.

First, the authorities cited by Swan with regards to Swan's assertion of waiver are not applicable. In *Martin v. Yasuda*, 829 F.3d 1118, 1128 (9th Cir. 2016), the moving party waited 17 months before filing a motion to compel arbitration and devoted "considerable time and effort" to litigating the case, including responding to discovery and conducting a deposition. In *FBC Mortgage, LLC v. Skarg*, 699 F.Supp.3d 837, 842-43 (N.D. Cal. 2023), the court found that the moving party had filed a motion to dismiss on the merits (not challenging jurisdiction) and failed to raise arbitration as a defense in their answer. Proton's motion to dismiss was qualitatively different, for it was challenging the Court's jurisdiction, a threshold question that the Court must resolve before addressing arbitrability. The Central District of California has found that the filing of a motion to dismiss for lack of jurisdiction does not waive the right to later file a motion to compel arbitration, given that the Court must first determine it has jurisdiction. *Galaxia Elecs. Co. v. Luxmax, U.S.A.,* 2018 U.S. Dist. LEXIS 246119, *32 (C.D. Cal. June 6, 2018). Had Proton filed a motion to compel arbitration and asserted that the Court had jurisdiction to decide that motion, surely Swan would have objected to such a selective waiver. Your research likely found the decision *United Specialty Ins. Co. v. Clean*, 2021 U.S. Dist. LEXIS 166356, *10 (C.D. Cal.), where the Central District wrote, "In fact, the Ninth Circuit has never held that a single motion to dismiss on the merits conclusively demonstrates acts inconsistent with the right to compel arbitration. Instead, the Ninth Circuit has found waiver where a motion to dismiss was coupled with prolonged delays ranging from nine to eighteen months and significant additional litigation activity."

Indeed, as demonstrated by your email, Swan has complained that Proton has refused to cooperate in discovery and the litigation. While we disagree with that contention, we note that it is inconsistent for Swan to simultaneously complain that Proton has also actively litigated the case so as to waive the right to compel arbitration. With regards to the recently-served discovery, Proton served targeted discovery for the limited purpose of addressing Swan's intended motion for a preliminary injunction. In view of the Court's April 9, 2025 Order, Proton cannot be forced to relinquish the ability to defend itself against motion for a preliminary injunction. Proton will certainly withdraw the discovery if Swan agrees to not file a motion for preliminary injunction until Proton's motion to compel arbitration is addressed. In addition, Defendants have met and conferred on Swan's deficient Trade Secret Identification, including with respect to a Joint Statement to address Defendants' request. In view of what we understand to be an automatic stay of the case pending the Individual Defendants' appeal (which we understand Swan disputes) and Swan's concern that Proton is engaging in conduct contrary to its intention to arbitrate, Proton will withdraw the motion to compel without prejudice to raising it should the case's procedural posture require. If you would prefer that the motion be filed and will agree that the filing is not a waiver of the Individual Defendants' position on a stay pending appeal and Proton's motion to compel arbitration, please let us know.

On the merits of Proton's motion, you cited to cases where a motion to compel arbitration was denied because the claims against the moving party did not rely on the agreement that contained an arbitration provision. In *Waymo LLC v. Uber Techs., Inc.*, 252 F.Supp.3d 934, 937 (N.D. Cal. 2017), Waymo expressly foreswore reliance on its employment agreements with a former employee to prove its trade secret claims against Uber. We understand that, in contrast, Swan is relying on its consulting agreements with the individual defendants and consulting and employment agreements with other individuals named in the Amended Complaint to prove its allegations of trade secret misappropriation as well as interference with contract and other tort claims – including to prove that Swan owns the alleged trade secrets and not 2040 Energy. If that is mistaken, and Swan will foreswear reliance on the employment agreements and consulting agreements in asserting its claims against Proton, please let us know immediately. It may then be possible to discuss stipulations that can resolve this issue – and indeed, the matter as a whole.

We also do not find Swan's threat to seek fees and costs under 18 U.S.C. § 1927 to be well taken. To be clear, Swan itself is responsible for the delays in this litigation. As you know, Swan has already applied twice *ex parte* for expedited discovery, and lost both times. Then, when Swan withdrew its motion for a preliminary injunction on October 18, 2024 Swan represented to the Court that it anticipated filing a regular noticed motion for expedited discovery, but it never did. Instead, Swan waited almost 4 months to serve any discovery. It finally served discovery in February 2025 well after Defendants filed their various motions (which were mooted by Swan's

belated amendment to the complaint and then promptly refiled). Indeed, Proton has made it clear for many months that it did not believe it could participate in discovery until Proton's motion to dismiss based on lack of personal jurisdiction was decided. Simply, Proton has done nothing more than exercise its right to file motions that, while the parties may disagree on their merits, are not "baseless". If you have authority for the imposition of such sanctions in similar situations, please provide it.

Regards,

Jay

---

From: Stacylyn Doore <stacylyndoore@quinnemanuel.com>
Sent: Friday, April 25, 2025 9:36 AM
To: Jaideep Venkatesan <jvenkatesan@be-law.com>; Ryan Gorman <ryangorman@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
Cc: Adam Trigg <atrigg@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Emma Fernandez <emtofelogo@be-law.com>
Subject: RE: Electric Solidus, Inc v. Proton Management Ltd, et al. - Case No. 2:24-cv-8280-WLH-E

Counsel,

Following up on the meet and confer held on Friday, April 18th regarding Proton's potential Motion to Compel Arbitration, you requested that we send you case law that indicates that Proton's motion would be unlikely to succeed, as—in your words—Proton does not wish to pursue a motion that will not be successful. We take you at your word that your request is grounded in an effort to determine whether to bring the motion in the first place and is not simply a request for a preview of our opposition. To that end, and although it is not Swan's responsibility to do the work regarding the non-viability of a motion Proton is contemplating bringing, as we explained on the meet and confer call there is extensive authority that a party waives its right to arbitration if it first asks the court to dismiss the claims on the merits, and loses. *See, e.g.*, *FBC Mortgage, LLC v. Skarg*, 699 F.Supp.3d 837, 842-43 (N.D. Cal. 2023) (defendants waived their right to compel arbitration where they did not move to compel arbitration until after the court denied their motion to dismiss); *Martin v. Yasuda*, 829 F.3d 1118, 1128 (9th Cir. 2016) ("A party may not delay seeking arbitration until after the district court rules against it in whole or in part; nor may it belatedly change its mind after first electing to proceed in what it believed to be a more favorable forum. Allowing it to do so would result in a waste of resources for the parties and the courts and would be manifestly unfair to the opposing party."). The fact that Proton is engaging in discovery in this Court further demonstrates waiver. Even if Proton had not waived, it could not compel arbitration based on an equitable estoppel theory. *See, e.g.*, *Cisco Sys., Inc. v. Chung*, 462 F.Supp.3d 1024, 1040, 1042 (N.D. Cal. 2020) (rejecting equitable estoppel theory despite "allegations that defendants conspired in a collective scheme to misappropriate [plaintiff's] trade secrets" because "such allegations do not establish that the claims against [a non-signatory] necessarily rely upon or are intimately connected with the [] Arbitration Agreement"); *Waymo LLC v. Uber Techs., Inc.*, 252 F.Supp.3d 934, 937 (N.D. Cal. 2017) (holding that because plaintiff could prove its trade secret claims without relying on the agreements at issue, "Waymo's claims are not intimately founded in or intertwined with those agreements"). These cases are certainly not exhaustive; we expect Proton will find more like them if it conducts a reasonable investigation.

To be clear, Swan views Proton's threatened motion to compel arbitration as the latest in a long line of Defendants' tactics to delay and multiply proceedings in this litigation by imposing improper roadblocks and filing

baseless motions. If Proton pursues its motion to compel arbitration, Swan intends to seek its fees and costs pursuant to 18 U.S.C. § 1927.

Thanks,
Stacylyn

Stacylyn Doore
*Partner*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7121 Direct
617.712.7100 Main Office Number
617.712.7200 FAX
stacylyndoore@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

From: Jaideep Venkatesan <jvenkatesan@be-law.com>
Sent: Friday, April 18, 2025 3:16 PM
To: Ryan Gorman <ryangorman@quinnemanuel.com>; Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
Cc: Adam Trigg <atrigg@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Emma Fernandez <emtofelogo@be-law.com>
Subject: RE: Electric Solidus, Inc v. Proton Management Ltd, et al. - Case No. 2:24-cv-8280-WLH-E

[EXTERNAL EMAIL from jvenkatesan@be-law.com]

Stacylyn and Ryan,

Following up on our discussing this morning, let us know your availability today to meet and confer on Proton's motion to compel arbitration. We are available at 12:30 PST and after 2 PST.

Regards,

Jay

From: Ryan Gorman <ryangorman@quinnemanuel.com>
Sent: Thursday, April 17, 2025 1:35 PM
To: Jaideep Venkatesan <jvenkatesan@be-law.com>; Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
Cc: Adam Trigg <atrigg@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Emma Fernandez <emtofelogo@be-

law.com>
Subject: RE: Electric Solidus, Inc v. Proton Management Ltd, et al. - Case No. 2:24-cv-8280-WLH-E

Jay,

We're available to discuss Proton's motion to compel arbitration after the parties' 1PM ET call regarding Proton's objections to Swan's second sets of discovery requests. We can use the same Zoom we will circulate for the discovery conferral, which we'll send momentarily.

Thanks,

Ryan Gorman
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7132 Direct (Office)
617.712.7100 Main Office Number
617.712.7200 FAX
ryangorman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

From: Jaideep Venkatesan <jvenkatesan@be-law.com>
Sent: Thursday, April 17, 2025 9:47 AM
To: Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; Ryan Gorman <ryangorman@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
Cc: Adam Trigg <atrigg@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Emma Fernandez <emtofelogo@be-law.com>
Subject: RE: Electric Solidus, Inc v. Proton Management Ltd, et al. - Case No. 2:24-cv-8280-WLH-E

[EXTERNAL EMAIL from jvenkatesan@be-law.com]

Counsel,

Following up on the below. I suggest we schedule a meet and confer on Proton's motion to compel arbitration in between or after the discovery meet and confer calls scheduled.

Regards,

Jay

From: Jaideep Venkatesan
Sent: Monday, April 14, 2025 2:08 PM

To: stacylyndoore@quinnemanuel.com; ryanlandes@quinnemanuel.com; Ryan Gorman <ryangorman@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
Cc: Adam Trigg <atrigg@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Emma Fernandez <emtofelogo@be-law.com>
Subject: Electric Solidus, Inc v. Proton Management Ltd, et al. - Case No. 2:24-cv-8280-WLH-E

Counsel,

We are writing to inform you that Proton intends to file a motion to compel arbitration on the grounds that the claims against Proton are subject to the arbitration provisions in the Individual Defendants' agreements with Swan under the principle of equitable estoppel. A litigant who is not a party to an arbitration agreement may invoke arbitration under the FAA if the relevant state contract law allows the litigant to enforce the agreement. Under California law, where a nonsignatory seeks to enforce an arbitration clause, the doctrine of equitable estoppel applies either: (1) when a signatory must rely on the terms of the written agreement in asserting its claims against the nonsignatory or the claims are intimately founded in and intertwined with the underlying contract, or (2) when the signatory alleges substantially interdependent and concerted misconduct by the nonsignatory and another signatory and the allegations of interdependent misconduct are founded in or intimately connected with the obligations of the underlying agreement. Both circumstances are present here, as Swan's claims against Proton depend on the confidentiality provisions of the consulting agreements with the Individual Defendants, which all contain arbitration clauses. *See Uptown Drug Co. v. CVS Caremark Corp.*, 962 F. Supp. 2d 1172, 1184-1185 (N.D. Cal. 2013); *Turing Video Tech., Inc. v. AGI7 Inc.*, 2025 U.S. Dist. LEXIS 31856, at *8 (N.D. Cal. Feb. 21, 2025). Moreover, Swan has alleged "substantially interdependent and concerted misconduct" by Proton and the Individual Defendants, which is intimately connected with the Individual Defendants' obligations under the agreements to keep those trade secrets confidential. *See Turing*, 2025 U.S. Dist. LEXIS 31856 at *13-14; *CAP Diagnostics, LLC v. Emeritus Med. Tech. LLC*, 2023 U.S. Dist. LEXIS 215433, at *33-34 (C.D. Cal. Oct. 25, 2023).

Please let us know when you are available to meet and confer Wednesday, Thursday, or Friday this week.

Regards,

Jay


Jaideep Venkatesan | Bergeson LLP
Partner

O 408.291.6200 | D 408.291.2764 | F 408.297.6000

Silicon Valley Office | San Francisco Office | Beverly Hills Office
Website | vCard | Email | Bio | LinkedIn | Disclaimer
Pronouns: he/him/his