RYAN S. LANDES (State Bar No. 252642)
ryanlandes@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 S Figueroa Street, Floor 10
Los Angeles, CA 90017-5003
Telephone: (213) 443-3145
Facsimile: (213) 443-3100

STACYLYN M. DOORE (admitted *pro hac vice*)
stacylyndoore@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Telephone: (617) 712-7100
Facsimile: (617) 712-7200

RACHEL E. EPSTEIN (admitted *pro hac vice*)
rachelepstein@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

[Additional counsel on signature page]

*Attorneys for Plaintiff*
*ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware corporation,<br><br>Plaintiff<br><br>v.<br><br>PROTON MANAGEMENT LTD., a British Virgin Islands corporation; THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; SANTHIRAN NAIDOO; ENRIQUE ROMUALDEZ; and LUCAS VASCONCELOS,<br><br>Defendants. | Case No. 2:24-cv-8280-MWC-E<br><br>**STATEMENT REGARDING SWAN'S MOTION TO COMPEL TARGETED DISCOVERY (DKT. 177)**<br><br>**DISCOVERY MATTER**<br><br>Hearing Date: May 16, 2025<br>Time: 9:30 a.m.<br>Place: Courtroom 750, 7th Fl.<br>Judge: Hon. Charles F. Eick<br><br>Discovery Cutoff: November 7, 2025<br>Pre-Trial Conf. Date: April 26, 2026<br>Trial Date: May 4, 2026 |

Swan respectfully requests leave to submit this brief update and correction of the record regarding its pending motion to compel, Dkt. 177. In Proton's original submission (Dkt. 176-1 at 4-5, 86) and again in its supplemental memorandum from Friday night (Dkt. 198 at 2), Proton stated that Swan's motion was moot because Proton agreed to produce documents in response to Swan's first set of discovery requests. During an April 18 videoconference, Proton initially told Swan it would begin producing documents last week, which Proton then deferred to this week. *See* Dkt. 195-2 at 2. Proton still has not produced any documents. Instead, this morning, Proton informed Swan that it would not produce documents unless Swan made a significant substantive concession—that Swan would not argue that Proton's further engagement in discovery establishes a waiver of any right it may have had to arbitrate its claims. *See* Ex. 1.

Swan should not be required to make prejudicial and newly-imposed concessions as a condition for receiving discovery, and so now it appears that Proton will not, in fact, be producing responsive documents, which it had previously agreed to produce, absent a Court order. *Cf. Lyman v. Greyhound Lines, Inc.*, 2022 WL 772752, at *11 n.3 (D.S.C. Mar. 14, 2022) ("Greyhound indicated its intent to comply and thus avoided a written order from this court on the issue. Greyhound's about-face on its representation of compliance and attempt to later re-raise those objections were entirely inappropriate, a waste of party and judicial resources, and just one example of the undue delay it has effectuated on the discovery process."). Moreover, Proton chose not to move to compel arbitration at the outset of the litigation but rather strategically staged its motions to delay the case and multiply proceedings. Such tactics should not be countenanced. *See, e.g.*, *Honeywell Int'l, Inc. v. W. Support Grp.*, 2013 WL 2369919, at *4 (D. Ariz. May 29, 2013) ("Defendants will not be permitted to circumvent this Court's previous discovery rulings and to hold discovery in this case hostage until the Court can rule on a Motion for Judgment on the Pleadings that could have been filed at any point

in the previous year and that is not yet fully briefed."). And in any event, Proton's situation does not give it license to tell the Court it was going to produce documents, when in fact it was imposing new conditions on that production. The Court should order Proton to produce documents responsive to Swan's discovery requests by May 9, 2025.

| | | |
|---|---|---|
| DATED: May 5, 2025 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By:  */s/ Ryan S. Landes*

RYAN S. LANDES (State Bar No. 252642)
ryanlandes@quinnemanuel.com
865 S Figueroa Street, Floor 10
Los Angeles, CA 90017-5003
Telephone: (213) 443-3145
Facsimile: (213) 443-3100

STACYLYN M. DOORE (admitted *pro hac vice*)
stacylyndoore@quinnemanuel.com
111 Huntington Avenue, Suite 520
Boston, MA 02199
Telephone: (617) 712-7100
Facsimile: (617) 712-7200

RACHEL E. EPSTEIN (admitted *pro hac vice*)
rachelepstein@quinnemanuel.com
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

JEFFREY WILLIAM NARDINELLI (State Bar No. 295932)
jeffnardinelli@quinnemanuel.com
50 California Street 22nd Floor
San Francisco, CA 94111
Telephone:  415-875-6600
Facsimile: 415-875-6700

AUSTIN BUSCHER (State Bar No. 346456)
austinbuscher@quinnemanuel.com
555 Twin Dolphin St., Fifth Floor
Redwood Shores, CA 94065
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

*Attorneys for Plaintiff*
*ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN*