DANIEL J. BERGESON, SBN 105439
dbergeson@be-law.com
JAIDEEP VENKATESAN, SBN 211386
jvenkatesan@be-law.com
ADAM C. TRIGG, SBN 261498
atrigg@be-law.com
BERGESON, LLP
111 N. Market Street, Suite 600
San Jose, CA 95113
Telephone:  (408) 291-6200
Facsimile:   (408) 297-6000

Attorneys for Defendant
PROTON MANAGEMENT LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROTON MANAGEMENT LTD., a British Virgin Islands corporation; THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; SANTHIRAN NAIDOO; ENRIQUE ROMUALDEZ; and LUCAS VASONCELOS,<br><br>Defendants. | Case No. 2:24-cv-08280-MWC-E<br><br>**DEFENDANT PROTON'S FURTHER SUPPLEMENTAL MEMORANDUM REGARDING PLAINTIFF'S MOTION TO COMPEL**<br><br>**DISCOVERY MATTER**<br><br>Date:   May 16, 2025<br>Time:   9:30 a.m.<br>Judge:  Hon. Charles F. Eick<br>Crtrm.: 750, 7th Fl.<br><br>Discovery Cutoff:    November 7, 2025<br>Pre-Trial Conf. Date: April 26, 2026<br>Trial Date:          May 4, 2026 |

Defendant Proton Management Ltd. ("Proton") respectfully requests leave to submit this further supplemental brief regarding Plaintiff Electric Solidus, Inc. d/b/a Swan Bitcoin's ("Plaintiff" or "Swan") Motion to Compel Responses to Targeted Discovery Requests (ECF 177) and in response to Swan's additional supplemental statement (ECF 201). Proton submits this further supplemental memorandum to provide an update on the Parties meet and confer on the discovery requests that are the subject of the Motion, which Swan filed prematurely while the parties continued to meet and confer on the requests. Those requests appear to have led to a ***new*** impasse, which Swan improperly asks the Court to decide on the instant motion, without properly engaging in the required process under Local Rule 37.

Since the parties' preparation of their Joint Rule 26(f) Report in early February 2025 (ECF 114-1), Proton has informed Swan that if the Court determined that it has personal jurisdiction over Proton, Proton intended to file a motion to compel arbitration under the equitable estoppel doctrine. Less than a week after the Court ruled that it has personal jurisdiction over Proton, Proton requested that Swan submit its claims against Proton to arbitration. ECF 194-5. The parties met and conferred on April 18, 2025, and Swan stated that it would not agree to arbitration. ECF 194-1, ¶ 6. Proton filed its motion on May 2, 2025 ("Arbitration Motion"). ECF 194. During the required meet and confer process before filing the Arbitration Motion, Swan argued that Proton has waived its right to compel arbitration because Proton filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, failure to state a claim and because Proton is "engaging in discovery" (Ex. 1), even though Swan has repeatedly complained to this Court regarding Proton's lack of participation in discovery and even though Proton has limited its discovery activity to good faith responses to Swan's discovery, meeting and conferring on those responses, participating in drafting joint stipulations and supplemental briefing on Swan's discovery motions, including the instant motion, and serving targeted discovery requests limited to defending itself against Swan's

1

intended motion for preliminary injunction.

While Swan's assertion that Proton waived its right to move to compel arbitration by filing a motion to dismiss for lack of personal jurisdiction is incorrect[1], in response Proton has attempted to continue its engagement in the discovery process with the understanding that Swan will not use this activity to support its waiver argument.  Swan did not agree.  ECF 197-2.  Therefore, on May 5, 2025, Proton again informed Swan that Proton desires to continue to engage on discovery matters, including supplementing responses, producing documents, and meeting and conferring on any disagreements, in good faith and so as to not delay the resolution of those issues, however, Proton could only do so if Swan confirmed that it would not use Proton's continued good faith engaging in discovery matters as a basis to argue that Proton has waived its right to compel arbitration.  Rather than responding to Proton's request directly, Swan responded by stating that Proton had incorrectly told the Court that it would produce documents and asserting that Proton should "correct" the statements.  ECF 201-1.

Proton stated in the Joint Stipulation and the supplemental memo regarding the instant motion that it supplemented the discovery responses at issue and agreed to produce documents, which is entirely correct.  Indeed, it is still correct—Proton agrees to continue engaging in discovery in due course, including producing documents.  It simply seeks assurances from Swan that doing so will not prejudice its rights under the law to compel arbitration.  Swan's position that Proton's

---

[1] *See Ghazizadeh v. Coursera, Inc.*, 737 F. Supp. 3d 911, 920-921 (N.D. Cal. 2024) (no waiver where party files motion to dismiss under FRCP 12(b2) and 12(b)(6); *Galaxia Elecs. Co. v. Luxmax, U.S.A.,* No. LA CV16-05144 JAK (GJSx), 2018 U.S. Dist. LEXIS 246119, at *32 (C.D. Cal. June 6, 2018) (same); *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015-1016 (9th Cir. 2023) (finding no waiver where defendant engaged in discovery but pleaded arbitration as an affirmative defense "and explicitly and repeatedly stated its intent to move to compel arbitration").

1  production of documents and engaging in meet and confer constitutes a substantive
2  waiver of Proton's right to compel arbitration has created a new impasse that further
3  demonstrates that Swan's instant motion to compel is not properly before the Court
4  and that Swan has not abided by Local Rule 37 regarding this dispute.

Dated: May 5, 2025                      BERGESON, LLP
                                        By:      /s/ Adam C. Trigg
                                                    Adam C. Trigg
                                        Attorneys for Defendant
                                        PROTON MANAGEMENT LTD.

PROTON'S FURTHER SUPPLEMENTAL MEMORANDUM REGARDING PLAINTIFF'S MOTION TO COMPEL, Case No. 2:24-cv-08280-MWC-E