# EXHIBIT B

| | |
|---|---|
| **From:** | Ryan Landes |
| **Sent:** | Friday, February 14, 2025 6:15 PM |
| **To:** | Jaideep Venkatesan; Ryan Gorman; Kanny, Matthew P; Adam Trigg; Daniel Bergeson; Rebecca Kaufman; Bhardwaj, Nirav; Tremble, Catherine; Thompson, Aaron; Russo, Amanda; Fondo, Grant P; Tien, Kane |
| **Cc:** | Stacylyn Doore; Rachel Epstein; dwollmuth; tdelange@wmd-law.com |
| **Subject:** | RE: Swan/Proton - Rule 26(f) Report |

Jay,

On our call just now, I asked whether Proton would be proposing a revised schedule to try to reach agreement. You said the only different schedule that Proton would consider proposing would be one with a trial date that was even later than Proton's initial proposal. I said that was moving in the wrong direction and we could not agree to it. So, recognizing that we would need to submit competing schedules, I asked if we should submit the schedule Proton had originally proposed, or some different schedule. You told me to submit the one Proton had originally proposed.

We will do that, and also send back our revisions to the 26(f) statement to explain that the parties could not reach agreement.

Best,
Ryan

**From:** Ryan Landes
**Sent:** Friday, February 14, 2025 2:17 PM
**To:** Jaideep Venkatesan <jvenkatesan@be-law.com>; Ryan Gorman <ryangorman@quinnemanuel.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Adam Trigg <atrigg@be-law.com>; Daniel Bergeson <dbergeson@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Tremble, Catherine <CTremble@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Tien, Kane <KTien@goodwinlaw.com>
**Cc:** Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Rachel Epstein <rachelepstein@quinnemanuel.com>; dwollmuth <dwollmuth@wmd-law.com>; tdelange@wmd-law.com
**Subject:** RE: Swan/Proton - Rule 26(f) Report

Jay,

I do not understand your email, so please call me at 213-443-3145 so we can discuss this by phone.

Thank you,
Ryan

**From:** Jaideep Venkatesan <jvenkatesan@be-law.com>
**Sent:** Friday, February 14, 2025 2:12 PM
**To:** Ryan Landes <ryanlandes@quinnemanuel.com>; Ryan Gorman <ryangorman@quinnemanuel.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Adam Trigg <atrigg@be-law.com>; Daniel Bergeson <dbergeson@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Tremble, Catherine <CTremble@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Tien, Kane <KTien@goodwinlaw.com>
**Cc:** Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Rachel Epstein <rachelepstein@quinnemanuel.com>; dwollmuth <dwollmuth@wmd-law.com>; tdelange@wmd-law.com
**Subject:** RE: Swan/Proton - Rule 26(f) Report

1

[EXTERNAL EMAIL from jvenkatesan@be-law.com]

Ryan,

Agreed that a back-and-forth colloquy in email is unnecessary, the parties have stated their positions. We can discuss a schedule that addresses Swan's concerns about trial filings due near Christmas and a pretrial conference a week after New Years. Such a schedule would involve proposing a trial date later than February 1, 2027. I understand from previous communications that this would not be acceptable to Swan, but if that is incorrect, please let me know and we can discuss. For the reasons discussed previously and in the Rule 26(f) report, we believe that a trial date in 2026 is unrealistic, and that a proposed trial date approximately two years after Swan filed its amended complaint is more reasonable, in view of the procedural issues. We understand that Swan disagrees.

Regards,

Jay

**From:** Ryan Landes <ryanlandes@quinnemanuel.com>
**Sent:** Friday, February 14, 2025 2:01 PM
**To:** Jaideep Venkatesan <jvenkatesan@be-law.com>; Ryan Gorman <ryangorman@quinnemanuel.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Adam Trigg <atrigg@be-law.com>; Daniel Bergeson <dbergeson@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Tremble, Catherine <CTremble@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Tien, Kane <KTien@goodwinlaw.com>
**Cc:** Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Rachel Epstein <rachelepstein@quinnemanuel.com>; dwollmuth <dwollmuth@wmd-law.com>; tdelange@wmd-law.com
**Subject:** RE: Swan/Proton - Rule 26(f) Report

Jay,

I disagree with your email and will not waste limited time responding to everything that is wrong.

But importantly for the filing we need to make very soon, I understand Proton is rejecting the compromise schedule we proposed. Is that correct? I also understand that Proton will not be making a further proposal today. Is that correct?

The Court's instructions are that the "parties must make every effort to agree on dates" in this submission. That is what we were trying to do when we proposed our compromise. If Proton has some proposal for us to consider other than its first proposal, please send it as soon as possible. And yes, we will include the column for the individual defendants.

Thank you,
Ryan

**From:** Jaideep Venkatesan <jvenkatesan@be-law.com>
**Sent:** Friday, February 14, 2025 12:30 PM
**To:** Ryan Gorman <ryangorman@quinnemanuel.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Adam Trigg <atrigg@be-law.com>; Daniel Bergeson <dbergeson@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Tremble, Catherine <CTremble@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Tien, Kane <KTien@goodwinlaw.com>
**Cc:** Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; Rachel Epstein <rachelepstein@quinnemanuel.com>; dwollmuth <dwollmuth@wmd-law.com>; tdelange@wmd-law.com
**Subject:** RE: Swan/Proton - Rule 26(f) Report

**[EXTERNAL EMAIL from jvenkatesan@be-law.com]**

Ryan,

Thank you for your email. As stated in specially appearing defendant Proton's sections of the 26(f) report, we are requesting that the Court defer setting a trial date and case schedule until the parties and pleadings in the case are set after the multiple motions that will be pending before the Court are resolved. Our proposal is included in Exhibit A in the event that notwithstanding the present procedural posture, the Court wishes to set a trial date and case schedule now. We have proposed the 2/1/2027 trial date to allow for the motions to be resolved, as those will be determinative of the scope of discovery, if any, as well as attendant deadlines in this action. The delay in addressing these was solely caused by Swan, which filed an amended complaint more than four months after filing the case, which prevented the Defendants' pending motions from being addressed.

We are willing to discuss a compromise schedule, including to address the issues with Christmas and New Years raised below. We suggest that the parties include language stating that in the Rule 26(f) report, rather than the unnecessarily argumentative statements referenced in your email below. To the extent that Swan will be including commentary on the proposed trial schedules, please provide a redlined Rule 26(f) revision so that we can include any additional statements necessary on behalf of Proton.

Also, the Schedule A draft that you provided omitted the Individual Defendants' column, which we assume was inadvertent. Please include that in the submission.

Regards,

Jay

**From:** Ryan Gorman <ryangorman@quinnemanuel.com>
**Sent:** Friday, February 14, 2025 10:05 AM
**To:** Kanny, Matthew P <MKanny@goodwinlaw.com>; Adam Trigg <atrigg@be-law.com>; Daniel Bergeson <dbergeson@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Tremble, Catherine <CTremble@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Tien, Kane <KTien@goodwinlaw.com>
**Cc:** Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; Rachel Epstein <rachelepstein@quinnemanuel.com>; dwollmuth <dwollmuth@wmd-law.com>; tdelange@wmd-law.com
**Subject:** RE: Swan/Proton - Rule 26(f) Report

Counsel,

Following up, after reviewing Proton's proposed case schedule, we believe that the Parties can reach agreement on a compromise schedule. Given the late hour that we received Defendants' proposal, it is not practicable for the Parties to engage in protracted back-and-forth on the issue. Instead, we propose roughly splitting the difference between Swan's and Proton's case schedules, as reflected in the attached.

We note that this compromise case schedule is outside the latest date that Judge Williams Court directed trial be set (parameters with which Swan's case schedule complied). Please let us know by **1pm PT** if Defendants will agree to this compromise. If Defendants do not agree, we will submit competing schedules (including Swan's, which complies with Judge Williams Court's guidance), and explain that Swan offered a compromise, which Defendants rejected, and further point out that Proton's schedule is unreasonable because it has the second round of trial filings due three days after Christmas and the final pretrial conference shortly after New Years.

Thanks,

**Ryan Gorman**
Associate
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7132 Direct (Office)
617.712.7100 Main Office Number
617.712.7200 FAX
ryangorman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Ryan Gorman
**Sent:** Friday, February 14, 2025 11:51 AM
**To:** 'Kanny, Matthew P' <MKanny@goodwinlaw.com>; 'Adam Trigg' <atrigg@be-law.com>; 'Daniel Bergeson' <dbergeson@be-law.com>; 'Jaideep Venkatesan' <jvenkatesan@be-law.com>; 'Rebecca Kaufman' <rkaufman@be-law.com>; 'Bhardwaj, Nirav' <NBhardwaj@goodwinlaw.com>; 'Tremble, Catherine' <CTremble@goodwinlaw.com>; 'Thompson, Aaron' <AThompson@goodwinlaw.com>; 'Russo, Amanda' <ARusso@goodwinlaw.com>; 'Fondo, Grant P' <GFondo@goodwinlaw.com>; 'Tien, Kane' <KTien@goodwinlaw.com>
**Cc:** Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; Rachel Epstein <rachelepstein@quinnemanuel.com>; dwollmuth <dwollmuth@wmd-law.com>; 'tdelange@wmd-law.com' <tdelange@wmd-law.com>
**Subject:** RE: Swan/Proton - Rule 26(f) Report

Matt,

Please find attached a revised draft Rule 26(f) Joint Report, as well as a redline showing the limited changes we have made to Swan's position statements.

As noted in this draft, we intend to attach the targeted sets of discovery requests that we had hoped to serve on Defendants yesterday. As I said in my last email, portions of those requests reference discussions of wallet activity that are currently under seal, pursuant to the Court's January 30, 2025 Order on Swan's Motion to Seal Portions of the Amended Complaint. *See* Dkt. 106. We presume that Defendants do not object to a motion to seal those portions of the requests. Please let us know if that is not the case by no later than **11am PT**, by which time we also expect Defendants to confirm they will not object to a motion to seal Swan's identification of trade secrets.

Additionally, pursuant to the Court's January 7, 2025 Order Setting Scheduling Conference, the Parties' respective Statements of the Case are not to exceed 2 pages in length. *See* Dkt. 95 at 3. The Individual Defendants' statement is over that limit. Please send back a compliant version right away.

We will begin the process of finalizing the Report for filing at **1pm PT**. Please provide us with a version of the Individual Defendants' Statement of the Case that complies with the Court's January 7 Order, and any other edits, by no later than that time. By that time, as requested in my last email, we also expect that all Defendants will confirm they will treat Swan's trade secret identification and discovery requests pursuant to the procedures we outlined in our yesterday emails. Last week, you said you would get us Defendants' portion of the Rule 26(f) Report by Wednesday at noon PT; we in fact received it Thursday at 6:30pm PT. We cannot accommodate similar delays today.

Thanks,

**Ryan Gorman**
Associate
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7132 Direct (Office)
617.712.7100 Main Office Number
617.712.7200 FAX
ryangorman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Ryan Gorman
**Sent:** Thursday, February 13, 2025 11:40 PM
**To:** Kanny, Matthew P <MKanny@goodwinlaw.com>; Adam Trigg <atrigg@be-law.com>; Daniel Bergeson <dbergeson@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Tremble, Catherine <CTremble@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Tien, Kane <KTien@goodwinlaw.com>
**Cc:** Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; Rachel Epstein <rachelepstein@quinnemanuel.com>; dwollmuth <dwollmuth@wmd-law.com>; tdelange@wmd-law.com
**Subject:** RE: Swan/Proton - Rule 26(f) Report

Matt,

Reserving all rights, we can agree that the Parties may share "Highly Confidential – Attorneys' Eyes Only" information with the following individuals and pursuant to the following procedures, pending entry of a Stipulated Protective Order. Attached is an Acknowledgement and Agreement to be Bound, based on the model version used in this District. We are aiming to circulate a draft Stipulated Protective Order tomorrow, and we will revert with proposed times early next week to meet and confer. Please confirm all Defendants' agreement with the below procedures for "Attorneys' Eyes Only" information.

Additionally, we intend to file Swan's identification of trade secrets tomorrow, pursuant to the Court's January 7, 2025 Order Setting Scheduling Conference (Dkt. 95). We will move to seal that identification. Please let us know by **11am PT tomorrow** whether Defendants intend to oppose that motion to seal.

The discovery requests Swan intends to serve reference discussions of wallet activity that are currently under seal, pursuant to the Court's January 30, 2025 Order on Swan's Motion to Seal Portions of the Amended Complaint. *See* Dkt. 106. We thus intend to designate it as "Confidential," such that it should only be shared with the Individual Defendants; the officers, directors, and employees of Proton to whom disclosure is reasonably necessary for this litigation; and the individuals identified below. Please confirm that all Defendants will treat such designated requests accordingly, as well as all Defendants' agreement regarding "Attorneys' Eyes Only" procedures, by no later than **1pm PT tomorrow**.

---

**Individuals Who May Receive AEO**
1. The Receiving Party's Outside Counsel of Record in this action (*i.e.*, attorneys who have appeared in this action on behalf of the Receiving Party), as well as employees or other attorneys at the same law firm of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto;

2. Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound," and (3) as to whom the procedures set forth below have been followed;
3. The Court and its personnel; and
4. Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound."

**Procedure for Disclosure**

1. Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.
2. A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.
3. A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in the Local Rules seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.
4. In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

Thanks,

**Ryan Gorman**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7132 Direct (Office)
617.712.7100 Main Office Number
617.712.7200 FAX
ryangorman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Kanny, Matthew P <MKanny@goodwinlaw.com>
**Sent:** Thursday, February 13, 2025 10:06 PM
**To:** Ryan Gorman <ryangorman@quinnemanuel.com>; Adam Trigg <atrigg@be-law.com>; Daniel Bergeson <dbergeson@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Tremble, Catherine <CTremble@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Tien, Kane <KTien@goodwinlaw.com>
**Cc:** Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; Rachel Epstein <rachelepstein@quinnemanuel.com>; dwollmuth <dwollmuth@wmd-law.com>; tdelange@wmd-law.com
**Subject:** RE: Swan/Proton - Rule 26(f) Report

**[EXTERNAL EMAIL from mkanny@goodwinlaw.com]**

First, the Individual Defendants continue to dispute Swan's ownership, the confidentiality status, and the trade secret status of the information at issue in this case, and therefore whatever agreement the Parties ultimately reach with regard to limiting access to the 2019.210 disclosure is subject to Individual Defendants' reservation of rights and is not to be taken as agreement that any of the information is deserving of confidential treatment.

Second, it not entirely clear what you mean by "Highly Confidential – Attorneys' Eyes Only" given that Swan has not yet proposed any protective order. We assume that it permits the disclosure to not only outside counsel in this litigation, but also to experts, consultants, the court and its personnel, court reporters, and potential vendors necessary for this litigation. Please confirm.

Third, as we discussed last week, we may need to disclose Swan's 2019.210 disclosure to our individual clients and/or representatives thereof, and representatives of 2040 Energy. The Individual Defendants are entitled to know what claims Swan is levying against them and likely need access to Swan's 2019.210 disclosure to defend themselves. Nonetheless, to move this forward for now, and reserving all rights, we will temporarily agree not to disclose the Section 2019.210 disclosure to the Individual Defendants and the representatives. But we need to meet and confer with you as soon as possible to discuss an appropriate protective order that includes necessary carve outs to the prohibition against disclosure of this information to the Individual Defendants. In that regard, please send us a draft protective order by COB tomorrow. As you know, this case has been pending for nearly five months, and your predecessors representing Swan promised to provide a protective order draft long ago. Also, please advise of your availability on Monday or Tuesday to discuss these issues.

Finally, and again reserving all rights, we do not see why the discovery requests to the Individual Defendants should be deemed Confidential (what that even means in this context given the lack of protective order in this case), particularly if they are similar to the requests previously sent to us via email. Please advise.

Thank you.

**From:** Ryan Gorman <ryangorman@quinnemanuel.com>
**Sent:** Thursday, February 13, 2025 4:55 PM

**To:** Kanny, Matthew P <MKanny@goodwinlaw.com>; Adam Trigg <atrigg@be-law.com>; Daniel Bergeson <dbergeson@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Tremble, Catherine <CTremble@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Tien, Kane <KTien@goodwinlaw.com>
**Cc:** Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; Rachel Epstein <rachelepstein@quinnemanuel.com>; dwollmuth <dwollmuth@wmd-law.com>; tdelange@wmd-law.com
**Subject:** RE: Swan/Proton - Rule 26(f) Report

***EXTERNAL***
Matt,

It is approaching 5PM PT, and we have yet to receive Defendants' position statements for the Parties' Rule 26(f) Joint Report, or a response to our email from this morning.

We ask that Defendants please (i) advise when we can expect to receive a revised draft Report containing Defendants' position statements, (ii) confirm that you will treat Swan's identification of trade secrets as Highly Confidential – Attorneys' Eyes Only and Swan's initial sets of discovery requests as Confidential, and (iii) confirm that Defendants will not oppose a motion to seal the portions of the Rule 26(f) Joint Report that were highlighted in the draft we circulated yesterday.

Thanks,

**Ryan Gorman**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7132 Direct (Office)
617.712.7100 Main Office Number
617.712.7200 FAX
ryangorman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Ryan Gorman
**Sent:** Thursday, February 13, 2025 11:15 AM
**To:** Kanny, Matthew P <MKanny@goodwinlaw.com>; Adam Trigg <atrigg@be-law.com>; Daniel Bergeson <dbergeson@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Tremble, Catherine <CTremble@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Tien, Kane <KTien@goodwinlaw.com>
**Cc:** Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; Rachel Epstein <rachelepstein@quinnemanuel.com>; dwollmuth <dwollmuth@wmd-law.com>; tdelange@wmd-law.com
**Subject:** RE: Swan/Proton - Rule 26(f) Report

Thanks, Matt.

Swan also intends to serve its identification of trade secrets (pursuant to Section II of the Court's January 7, 2025 Order, Dkt. 95) and its initial set of targeted discovery requests today. As discussed during the Parties' Rule 26(f) Conference, please confirm by 2pm PT that you will treat Swan's identification of trade secrets as "Highly Confidential – Attorneys' Eyes Only," and

will only share that identification, and the information contained within it, with attorneys who have appeared in this action on behalf of Defendants or are affiliated with a law firm that has appeared on behalf of Defendants. Please also confirm that Defendants will treat Swan's forthcoming discovery requests as Confidential.

We plan to circulate a draft Stipulated Protective Order for your review by early next week.

Thanks,

**Ryan Gorman**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7132 Direct (Office)
617.712.7100 Main Office Number
617.712.7200 FAX
ryangorman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Kanny, Matthew P <MKanny@goodwinlaw.com>
**Sent:** Thursday, February 13, 2025 11:02 AM
**To:** Ryan Gorman <ryangorman@quinnemanuel.com>; Adam Trigg <atrigg@be-law.com>; Daniel Bergeson <dbergeson@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Tremble, Catherine <CTremble@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Tien, Kane <KTien@goodwinlaw.com>
**Cc:** Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; Rachel Epstein <rachelepstein@quinnemanuel.com>; dwollmuth <dwollmuth@wmd-law.com>; tdelange@wmd-law.com
**Subject:** RE: Swan/Proton - Rule 26(f) Report

**[EXTERNAL EMAIL from mkanny@goodwinlaw.com]**

Ryan, thank you for sending your sections of the Rule 26f report. We are working on this and will send as soon as we can today. We will add our sections directly into your draft report. Thank you.

**From:** Ryan Gorman <ryangorman@quinnemanuel.com>
**Sent:** Wednesday, February 12, 2025 2:04 PM
**To:** Kanny, Matthew P <MKanny@goodwinlaw.com>; Adam Trigg <atrigg@be-law.com>; Daniel Bergeson <dbergeson@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Tremble, Catherine <CTremble@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Tien, Kane <KTien@goodwinlaw.com>
**Cc:** Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; Rachel Epstein <rachelepstein@quinnemanuel.com>; dwollmuth <dwollmuth@wmd-law.com>; tdelange@wmd-law.com
**Subject:** Swan/Proton - Rule 26(f) Report

***EXTERNAL***

Counsel,

As discussed during the Parties' February 7 Rule 26(f) Conference, attached please find a draft Rule 26(f) Report, which includes Swan's sections. We had understood from last week's conference that Defendants would be providing their sections by noon PT today. Defendants did not. Please provide those sections as soon as possible, and by no later than **12pm PT tomorrow**, so that we can compile the Parties' respective sections for filing on Friday, per the Court's January 7, 2025 Order Setting Scheduling Conference. *See* Dkt. 95 at 2.

Additionally, certain portions of Swan's sections discuss information that is currently under seal pursuant to the Court's January 30, 2025 Order on Swan's Motion to Seal Portions of the Amended Complaint. *See* Dkt. 106. We have highlighted those portions, which we intend to move to seal and which we would redact from the public version of this report. Please confirm by tomorrow that Defendants will not oppose such motion.

Swan reserves all rights.

Thanks,

**Ryan Gorman**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7132 Direct (Office)
617.712.7100 Main Office Number
617.712.7200 FAX
ryangorman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

*******************************************************************
This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
*******************************************************************