# EXHIBIT D

DANIEL J. BERGESON, SBN 105439
dbergeson@be-law.com
REBECCA KAUFMAN, SBN 199534
rkaufman@be-law.com
JAIDEEP VENKATESAN, SBN 211386
jvenkatesan@be-law.com
ADAM C. TRIGG, SBN 261498
atrigg@be-law.com
BERGESON, LLP
111 N. Market Street, Suite 600
San Jose, CA 95113
Telephone:  (408) 291-6200
Facsimile:   (408) 297-6000

Attorneys for Specially Appearing Defendant
PROTON MANAGEMENT LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROTON MANAGEMENT LTD., a British Virgin Islands corporation; THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; SANTHIRAN NAIDOO; ENRIQUE ROMUALDEZ; and LUCAS VASONCELOS,<br><br>Defendants. | Case No. 2:24-cv-08280-MWC-E<br><br>**SPECIALLY APPEARING DEFENDANT PROTON MANAGEMENT LTD'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST TARGETED REQUEST FOR PRODUCTION**<br><br>Am. Complaint filed: January 27, 2025 |

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiff ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN |
| RESPONDING PARTY: | Defendant PROTON MANAGEMENT LTD |
| SET NO.: | One (1) |

Pursuant to Federal Rule of Civil Procedure 34, Specially Appearing Defendant PROTON MANAGEMENT LTD ("Responding Party") submits these responses and objections to the First Set of Targeted Requests for Production ("Requests") propounded by Plaintiff ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN ("Propounding Party").

## **PRELIMINARY STATEMENT**

The following responses are made solely for the purpose of, and in relation to, this action. Each response is provided subject to all appropriate objections (including, without limitation, objections concerning competency, relevancy, materiality, propriety, and admissibility) that would require the exclusion of any statement contained herein if the statement were made by a witness present and testifying in court. All such objections and grounds therefore are reserved and may be interposed at the time of trial.

The following responses are based on the facts and information presently known and available to Responding Party. Discovery, investigation, research, and analysis are still ongoing in this case and may disclose the existence of additional facts, add meaning to known facts, establish entirely new factual conclusions or legal contentions, or possibly lead to additions, variations, or changes to these responses. Without being obligated to do so, Responding Party reserves the right to change or supplement these responses as additional facts are discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research disclose additional facts, contentions or legal theories which may apply.

///
///

# GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION

1. Responding Party objects to the Requests as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery").

2. Responding Party objects to the Requests in their entirety, and to each individual request therein, on the grounds that they were not properly served. Responding Party received the Requests as a redacted attachment to the Joint 26(f) Report (Dkt. 115-3). The Requests were not "served via electronic mail to counsel for Defendants" as stated in the Certificate of Service attached to the Requests.

3. Responding Party objects to the Requests in their entirety, and to each request therein, on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the

Court's Scheduling Order (Dkt. 95).

4.  Responding Party objects to each and every request for production contained in the Requests to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party does not waive any protections or privileges by responding to the Requests. Any inadvertent disclosure of privileged information or work product in response to the Requests shall not constitute a waiver of any privilege or protection.

5.  Responding Party objects to each and every request for production contained in the Requests to the extent that it purports to impose any requirement or discovery obligation on them that is inconsistent with, or not authorized by, those set forth in the Federal Rules of Civil Procedure. Responding Party will construe the Requests in a manner consistent with the Federal Rules of Civil Procedure.

6.  Responding Party objects to each and every request for production contained in the Requests to the extent that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, embarrassment, burden, and expense, and seeks information which is beyond the scope of permissible discovery and is neither relevant to any party's claims or defenses nor proportional to the needs of the case.

7.  Responding Party objects to each and every request for production contained in the Requests to the extent that it is ambiguous, confusing, or vague.

8.  Responding Party objects to each and every request for production contained in the Requests to the extent that it is unreasonably cumulative or duplicative.

9.  Responding Party objects to each and every request for production contained in the Requests to the extent that it would require Responding Party to draw a legal conclusion in order to make a proper response.

///

10. Responding Party objects to each and every request for production contained in the Requests to the extent that it seeks information (i) which is a matter of public record, (ii) which is not in the possession, custody or control of Responding Party and/or (iii) which is equally or more readily available from another source, including Propounding Party's own files and records, that is more convenient, less burdensome, or less expensive to Responding Party.

11. Responding Party objects to each and every request for production contained in the Requests to the extent that it calls for the production of confidential, proprietary, trade-secret, or other information in which individuals, including non-parties, have an expectation of privacy. Responding Party further objects to each and every request for production contained in the Requests to the extent it seeks information protected by the privacy protection of the California Constitution, or any other law, statute, or doctrine.

12. Responding Party objects to each and every request for production contained in the Requests on the grounds that it is not restricted to a reasonable and relevant time period and is therefore unduly burdensome to Responding Party.

13. Responding Party objects to the Requests to the extent that it seeks to use the discovery process in this action to obtain documents for any purpose other than for use in connection with claims and defenses currently raised in this action.

14. The fact that Responding Party has responded or objected to any document requests, or part thereof, should not be taken as an admission that Responding Party accepts that the document request or the response or the objection thereto constitutes admissible evidence.

15. Responding Party reserves the right to supplement, modify or otherwise change their response to the Requests as they develop new, better, additional or different information.

///
///

4

## OBJECTIONS TO DEFINITIONS

1. Responding Party objects to the definition of "Communication" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent it includes "whether or not the Communication was ever disclosed, sent, or transmitted." For purposes of responding to the Interrogatories, Responding Party will exclude the portion noted above from the definition of "Communications" in the Interrogatories, and interpret the otherwise overbroad definition not to impose a burden beyond what is required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Civil Rules of the U.S. District Court for the Central District of California.

2. Responding Party objects to the definition of "Defendant" and "Defendants" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes Responding Party's "members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on their behalf." For purposes of responding to the Interrogatories, Responding Party will interpret "Defendant" and "Defendants" as referring to the named Defendants.

3. Responding Party object to the definition of "You", "Your", "Yourself", or "Proton" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf." For purposes of responding to the Interrogatories, Responding Party will interpret "Proton" as referring to Defendant Proton Management Ltd.

4. Individual Defendants object to the definition of "Individual Defendants" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of their members, employees,

representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on their behalf." For purposes of responding to the Interrogatories, Responding Party will interpret "Individual Defendants" as referring to the Individual Defendants.

5. Responding Party objects to the definition of "Tether" and "Defendants" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes entities or individuals other than Tether Investments Limited. For purposes of responding to the Interrogatories, Responding Party will interpret "Tether" as referring to the named Tether Investment Limited.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to show, for all Bitcoin mined by Proton (to include Bitcoin mined by mining pools Proton is a member of):

    a) the wallet address(es) to which that Bitcoin has been deposited, the Persons with access to or control over each wallet, and the corporate ownership of each Person; and

    b) the amount of Bitcoin deposited in each wallet, and when deposited. For the avoidance of doubt, this includes the Bitcoin wallets referenced in paragraphs 183-185 of the Amended Complaint, as well as any Bitcoin wallets to which Proton has redirected the proceeds from the wallets described in those paragraphs of the Amended Complaint. *See* Dkt. 101 ¶¶ 183-185 **[PORTIONS REDACTED]**.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction.

See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request in its entirety and to each individual request therein, to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential

business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party objects that this request is vague and ambiguous, including in its use of the phrases "Bitcoin mined by mining pools Proton is a member of" and corporate ownership of each Person". Responding Party objects that this Request incomplete in that it states that there are "Portions Redacted" which Propounding Party has not served. Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify every Site that Proton is using or ever has used or plans to use to mine Bitcoin, including for each site (on a weekly basis, where applicable):

   a) its location
   b) number and type of ASICs deployed;
   c) average hash rate;
   d) downtime reports;
   e) curtailment periods;
   f) operational costs;
   g) the amount of Bitcoin mined;
   h) proceeds resulting from Bitcoin mining; and
   i) all agreements with or relating to the Site.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction

over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production.

Responding Party objects to the request in its entirety and to each individual request therein, to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify any Person for whom You have offered any management or services relating to Bitcoin mining, including all agreements between You and each such entity.  For the avoidance of doubt, this request includes Documents sufficient to identify any Person for whom Elektron Energy has offered any management or services relating to Bitcoin mining, as well as any agreements between Elektron Energy and each such Person.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein.  Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.)  Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-

10

JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.  Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action.  Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense.  Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive.  Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production.  Responding Party objects to the request in its entirety and to each individual request therein, to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to

identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show Your relationship with Elektron Energy, including but not limited to Documents sufficient to show Your involvement in the formation of Elektron Energy, Your involvement in the creation of Elektron-Energy.com, any email addresses associated with Elektron Energy that You maintain or control, and any GitHub accounts or repositories maintained by Elektron Energy that relate to Bitcoin mining (including but not limited to the "elektron-tech" GitHub organization and repository named "nxt").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's

motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request in its entirety and to each individual request therein, to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party objects that this request is vague and ambiguous, including in its use of the phrases "Your relationship with Elektron Energy", "maintain", and "maintained. Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

///

1  Dated: March 17, 2025                    BERGESON, LLP

                                            By: _____
                                                   Jaideep Venkatesan

                                            Attorneys for Specially Appearing Defendant
                                            PROTON MANAGEMENT LTD.

# CERTIFICATE OF SERVICE

I, Emma Tofelogo-Fernandez, declare as follows:

I am an employee in Santa Clara County, the county in which the service described below occurs. My business address is 111 N. Market Street, Suite 600, San Jose, California 95113. I am over the age of eighteen (18) years and am not a party to the cause for which I am serving the document(s) named below.

I hereby certify that on March 17, 2025, I served the following document(s) described as **SPECIALLY APPEARING DEFENDANT PROTON MANAGEMENT LTD'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST TARGETED REQUEST FOR PRODUCTION** on the parties listed in the **SERVICE LIST** a true copy thereof and served via electronically as follows:

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** II caused such document to be sent by other electronic means to the person(s) consented to in writing—in either of which events service is complete upon filing or sending. FRCP Title II, §5(b)(2)(E).

Executed on March 17, 2025, at San Jose, California.

_____
Emma Tofelogo-Fernandez

# SERVICE LIST

| Attorneys for Plaintiff<br>**ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN**<br><br>Ryan S. Landes<br>ryanlandes@quinnemanuel.com<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>865 S Figueroa St., Fl. 10<br>Los Angeles, CA 90017-5003<br>Tel:   213-443-3145<br>Fax:   213-443-3100<br><br>Jeff W. Nardinelli<br>jeffnardinelli@quinnemanuel.com<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California St., 22nd Fl.<br>San Francisco, CA 94111<br>Tel:   415-875-6600<br>Fax:   415-876-6700<br><br>Stacylyn M. Doore<br>stacylyndoore@quinnemanuel.com<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>111 Huntington Ave., Ste. 520<br>Boston, MA 02199<br>Tel:   617-712-7100<br>Fax:   617-712-7200<br><br>Toby E. Futter, Of Counsel<br>tobyfutter@quinnemanuel.com<br>Rachel E. Epstein<br>rachelepstein@quinnemanuel.com<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>295 Fifth Avenue<br>New York, NY 10016<br>Tel:   212-849-7000<br>Fax:   212-849-7100 | Attorneys for Individual Defendants<br>**THOMAS PATRICK FURLONG, ILIOS CORP., MICHAEL ALEXANDER HOLMES, RAFAEL DIAS MONTELEONE, SANTHIRAN NAIDOO, ENRIQUE ROMUALDEZ, and LUCAS VASCONCELOS**<br><br>Grant P. Fondo<br>gfondo@goodwinlaw.com<br>Nirav Bhardwaj<br>nbhardwaj@goodwinlaw.com<br>GOODWIN PROCTER<br>601 Marshall Street<br>Redwood City, CA 94063<br>Tel:   650-752-3100<br><br>Wendell Lin<br>wlin@goodwinlaw.com<br>Goodwin Procter LLP<br>Three Embarcadero Center, 28th Floor<br>San Francisco, CA  94111<br>Tel:   415-733-6271<br><br>**Santa Monica**<br>Matthew P. Kanny<br>mkanny@goodwinlaw.com<br>Aaron Thompson<br>athompson@goodwinlaw.com<br>GOODWIN PROCTER<br>520 Broadway, Suite 500<br>Santa Monica, CA 90401<br>Tel:   424-252-6400<br><br>**Los Angeles**<br>Matthew P. Kanny<br>mkanny@goodwinlaw.com<br>Amanda H. Russo<br>ARusso@goodwinlaw.com<br>GOODWIN PROCTER<br>601 South Figueroa Street, Suite 4100<br>Los Angeles, CA 90017<br>Tel:   231-426-2500 |