# EXHIBIT E

1  DANIEL J. BERGESON, SBN 105439
2  dbergeson@be-law.com
   REBECCA KAUFMAN, SBN 199534
3  rkaufman@be-law.com
4  JAIDEEP VENKATESAN, SBN 211386
   jvenkatesan@be-law.com
5  ADAM C. TRIGG, SBN 261498
6  atrigg@be-law.com
   BERGESON, LLP
7  111 N. Market Street, Suite 600
8  San Jose, CA 95113
   Telephone:  (408) 291-6200
9  Facsimile:   (408) 297-6000

10
   Attorneys for Specially Appearing Defendant
11 PROTON MANAGEMENT LTD.

12

13              UNITED STATES DISTRICT COURT

14       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15

16 | ELECTRIC SOLIDUS, INC. d/b/a | Case No. 2:24-cv-08280-MWC-E
   | SWAN BITCOIN, a Delaware     |
17 | corporation,                 | **SPECIALLY APPEARING**
   |                              | **DEFENDANT PROTON**
18 |                Plaintiff,    | **MANAGEMENT LTD'S**
   |                              | **RESPONSES AND OBJECTIONS**
19 |        v.                    | **TO PLAINTIFF'S FIRST**
   |                              | **TARGETED INTERROGATORIES**
20 | PROTON MANAGEMENT LTD., a    |
   | British Virgin Islands corporation; |
21 | THOMAS PATRICK FURLONG;      |
   | ILIOS CORP., a California corporation; |
22 | MICHAEL ALEXANDER HOLMES;    |
   | RAFAEL DIAS MONTELEONE;      |
23 | SANTHIRAN NAIDOO; ENRIQUE    |
   | ROMUALDEZ; and LUCAS         |
24 | VASCONCELOS,                 |

25 |                Defendants.   | Am. Complaint filed: January 27, 2025

26

27

28

PROPOUNDING PARTY:  Plaintiff ELECTRONIC SOLIDUS, INC. d/b/a SWAN BITCOIN

RESPONDING PARTY:    Defendant PROTON MANAGEMENT LTD.

SET NO.:             One (1)

Pursuant to Federal Rule of Civil Procedure 33, Specially Appearing Defendant PROTON MANAGEMENT LTD. ("Responding Party") submits these responses and objections to the First Set of Targeted Interrogatories ("Interrogatories") propounded by Plaintiff ELECTRONIC SOLIDUS, INC. d/b/a SWAN BITCOIN ("Propounding Party").

## **PRELIMINARY STATEMENT**

The following responses are made solely for the purpose of, and in relation to, the Action.  Each response is provided subject to all appropriate objections (including, without limitation, objections concerning competency, relevancy, materiality, propriety, and admissibility) that would require the exclusion of any statement contained herein if the statement were made by a witness present and testifying in court.  All such objections and grounds therefor are reserved and may be interposed at the time of trial.

The following responses to the Interrogatories are based upon the facts and information presently known and available to Responding Party.  Discovery, investigation, research, and analysis are still ongoing in this case and may disclose the existence of additional facts, add meaning to known facts, establish entirely new factual or legal contentions, or possibly lead to additions, variations, or changes to these responses.  Without obligating itself to do so, Responding Party reserves the right to change or supplement these responses as additional facts are discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research disclose additional facts, contentions, or legal theories which may apply.

///

///

## **GENERAL OBJECTIONS TO INTERROGATORIES**

1.     Responding Party objects to the Interrogatories as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction.  (Dkt. 121.)  Discovery is improper and should be stayed where a party is challenging a court's jurisdiction.  See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery").

2.     Responding Party objects to the Interrogatories in their entirety, and to each individual interrogatory therein, on the grounds that they were not properly served.  Responding Party received the Interrogatories as a redacted attachment to the Joint 26(f) Report (Dkt. 115-2).  The Interrogatories were not "served via electronic mail to counsel for Defendants" as stated in the Certificate of Service attached to the Interrogatories.

3.     Responding Party objects to the Interrogatories in their entirety, and to each interrogatory therein, on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant

2

misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

4.      Responding Party objects to the Interrogatories in their entirety, and to each individual interrogatory therein, to the extent that they purport to require Responding Party to provide information concerning persons or entities other than Responding Party, on the grounds that the Interrogatories, to that extent, are overbroad and seek information that is neither relevant to the subject matter of this Action nor reasonably calculated to lead to the discovery of admissible evidence, or if relevant, so remote therefrom as to make their disclosure of little or no practical benefit to Plaintiff, while placing an unwarranted and extreme burden and expense on Responding Party in ascertaining, gathering and providing such information.

5.      Responding Party objects to the Interrogatories in their entirety and to each individual interrogatory therein, to the extent that they seek information that is not relevant and does not appear reasonably calculated to lead to the discovery of admissible evidence.

6.      Responding Party objects to the Interrogatories in their entirety and to each individual interrogatory therein, to the extent that they purport to require Responding Party to provide information that is not within its possession, custody, or control.

7.      Responding Party objects to the Interrogatories in their entirety, and to each individual interrogatory therein, to the extent they purport to require Responding Party to provide information that has already been provided by parties in this Action, or that could be provided by parties to this Action, or non-parties.

8.      Responding Party objects to the Interrogatories in their entirety and to each individual interrogatory therein, to the extent that they are vague, ambiguous, and/or overbroad.

9.      Responding Party objects to the Interrogatories in their entirety and to each individual interrogatory therein, to the extent that they purport to require

3

Responding Party to provide confidential business, financial, proprietary, or sensitive information.

10.     Responding Party objects to the Interrogatories in their entirety, and to each individual interrogatory therein, to the extent they seek information prepared in anticipation of, or in connection with this Action, or information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege against disclosure.

11.     Responding Party objects to the Definitions set forth in the Interrogatories to the extent that such definitions purport to impose requirements on Responding Party which differ from those set forth set forth in the Code of Civil Procedure.

12.     Responding Party objects to the Definitions set forth in the Interrogatories to the extent that the definitions of the stated terms or phrases assume facts not in evidence or otherwise improperly or incorrectly define the stated terms or phrases.

13.     The foregoing General Objections are, and shall be deemed to be, incorporated in full into each specific Interrogatory Response set forth below.

## OBJECTIONS TO DEFINITIONS

1.     Responding Party objects to the definition of "Communication" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent it includes "whether or not the Communication was ever disclosed, sent, or transmitted." For purposes of responding to the Interrogatories, Responding Party will exclude the portion noted above from the definition of "Communications" in the Interrogatories, and interpret the otherwise overbroad definition not to impose a burden beyond what is required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Civil Rules of the U.S. District Court for the Central District of California.

///

PROTON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST TARGETED INTERROGATORIES
Case No. 2:24-cv-08280-MWC-E

2. Responding Party objects to the definition of "Defendant" and "Defendants" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes Responding Party's "members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on their behalf." For purposes of responding to the Interrogatories, Responding Party will interpret "Defendant" and "Defendants" as referring to the named Defendants.

3. Responding Party object to the definition of "You", "Your", "Yourself", or "Proton" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf." For purposes of responding to the Interrogatories, Responding Party will interpret "Proton" as referring to Defendant Proton Management Ltd.

4. Individual Defendants object to the definition of "Individual Defendants" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of their members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on their behalf." For purposes of responding to the Interrogatories, Responding Party will interpret "Individual Defendants" as referring to the Individual Defendants.

5. Responding Party objects to the definition of "Tether" and "Defendants" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes entities or individuals other than Tether Investments, Limited. For purposes of responding to the Interrogatories, Responding Party will interpret "Tether" as referring to the named Tether Investment Limit.

///

5

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

From the time period beginning August 2, 2024 through present, identify all Bitcoin wallets to which Proton has deposited mined Bitcoin and the amounts deposited, including:

a) each wallet address to which mined Bitcoin has been deposited and the individuals with access to or control over each wallet; and

b) the amount of Bitcoin deposited in each wallet, and when deposited. For the avoidance of doubt, this includes the Bitcoin wallets referenced in paragraphs 183-185 of the Amended Complaint, as well as any Bitcoin wallets to which Proton has redirected the proceeds from the wallets described in those paragraphs of the Amended Complaint.

### RESPONSE TO INTERROGATORY NO. 1:

Responding Party incorporates by references the General Objections and Objections to Definitions as if fully set forth herein. Responding Party objects to this interrogatory as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB,

2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery").  Responding Party objects to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.  Responding Party also objects to this interrogatory's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action.  Responding Party further objects to this interrogatory on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense.  Responding Party also objects to this interrogatory on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive.  Responding Party objects to this interrogatory to the extent that it is unreasonably cumulative or duplicative of other requests for production.  Responding Party objects to this interrogatory to the extent that it purports to require Responding Party to produce information that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party further objects to this interrogatory on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

///

///

7

1    **<u>INTERROGATORY NO. 2</u>:**

2          Identify all Sites at which Proton has mined Bitcoin, and for each Site, describe

3    on a weekly basis:

4              a)  its location

5              b)  number and type of ASICs deployed;

6              c)  average hash rate;

7              d)  downtime reports;

8              e)  curtailment periods;

9              f)  operational costs;

10             g)  the amount of Bitcoin mined;

11             h)  proceeds resulting from Bitcoin mining; and

12             i)  all agreements with or relating to the Site, including any agreements

13                  or updates to agreements entered into since August 2, 2024.

14   **<u>RESPONSE TO INTERROGATORY NO. 2</u>:**

15         Responding Party incorporates by references the General Objections and

16   Objections to Definitions as if fully set forth herein.  Responding Party objects to

17   this interrogatory as premature because the Court lacks personal jurisdiction over

18   Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under

19   Rule 12(b)(2) for lack of personal jurisdiction.  (Dkt. 121.)  Discovery is improper

20   and should be stayed where a party is challenging a court's jurisdiction.  See, e.g.,

21   *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS

22   219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and

23   ordering stay pending court's ruling on Rule 12 motion for lack of personal

24   jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY,

25   2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter &*

26   *Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2

27   (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant

28   challenging court's subject matter jurisdiction was within its rights to object);

*United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this interrogatory's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this interrogatory on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this interrogatory on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this interrogatory to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the interrogatory in its entirety and to each individual request therein, to the extent that it purports to require Responding Party to produce information that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party objects that this Request is vague and ambiguous, including in its use of the phrase "curtailment period", "maintain", and "maintained. Responding Party further objects to this interrogatory on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery,

9

as required by Section H of the Court's Scheduling Order (Dkt. 95).

**INTERROGATORY NO. 3:**

Explain why **[REDACTED]**.

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party incorporates by references the General Objections and Objections to Definitions as if fully set forth herein.  Responding Party objects to this interrogatory as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction.  (Dkt. 121.)  Discovery is improper and should be stayed where a party is challenging a court's jurisdiction.  See, e.g., Stussy, Inc. v. Shein, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); Cooper v. Shoei Safety Helmet Corp., No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); Canter & Assocs., LLC v. Teachscape, Inc., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); United States v. Dynamic Medical Systems, LLC, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); PlayUp, Inc. v. Mintas, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery").  Responding Party further objects that this interrogatory is incomplete and unanswerable in that it Propounding Party redacted the entire substance of the interrogatory and has not served Responding Party with the unredacted interrogatory.  Responding Party further objects to this interrogatory on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade

10

secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**INTERROGATORY NO. 4:**

Identify and describe any management or services relating to Bitcoin mining that You have offered to any Person, including all agreements between You and each such Person. For the avoidance of doubt, this interrogatory encompasses any management or services relating to Bitcoin mining that Elektron Energy has offered to any Person, as well as agreements between Elektron Energy and each such Person.

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party incorporates by references the General Objections and Objections to Definitions as if fully set forth herein. Responding Party objects to this interrogatory as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at \*18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at \*6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at \*1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at \*3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this interrogatory to the extent that it

11

seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.  Responding Party also objects to this interrogatory's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action.  Responding Party further objects to this interrogatory on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense.  Responding Party also objects to this interrogatory on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive.  Responding Party objects to this interrogatory to the extent that it is unreasonably cumulative or duplicative of other requests for production.  Responding Party objects to the interrogatory in its entirety and to each individual request therein, to the extent that it purports to require Responding Party to produce information that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party further objects to this interrogatory on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**INTERROGATORY NO. 5:**

Describe Your relationship with Elektron Energy, including but not limited to describing Your involvement in the formation of Elektron Energy, describing Your involvement in the creation of Elektron-Energy.com, identifying any email addresses associated with Elektron Energy that You maintain or control, and identifying any GitHub accounts or repositories maintained by Elektron Energy that

12

relate to Bitcoin mining.

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party incorporates by references the General Objections and Objections to Definitions as if fully set forth herein.  Responding Party objects to this interrogatory as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction.  (Dkt. 121.)  Discovery is improper and should be stayed where a party is challenging a court's jurisdiction.  See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery").  Responding Party objects to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.  Responding Party also objects to this interrogatory's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action.  Responding Party further objects to this interrogatory on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense.  Responding Party also

13

1  objects to this interrogatory on the grounds and to the extent that it seeks

2  information that is not in the possession, custody or control of Responding Party

3  and/or is equally or more readily available from another source which is more

4  convenient, less burdensome, or less expensive.  Responding Party objects to this

5  interrogatory to the extent that it is unreasonably cumulative or duplicative of other

6  requests for production.  Responding Party objects to the interrogatory in its entirety

7  and to each individual request therein, to the extent that it purports to require

8  Responding Party to produce information that contain trade secrets of Responding

9  Party, or other confidential business, financial, proprietary, or sensitive information

10  of Responding Party or third parties without entry of a satisfactory confidentiality

11  order.  Responding Party objects that this interrogatory is vague and ambiguous,

12  including in its use of the phrases "Your  relationship  with  Elektron  Energy",

13  "maintain", and "maintained."  Responding Party further objects to this

14  interrogatory on the grounds that Propounding Party has failed to comply with Cal.

15  Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with

16  reasonable particularly the trade secrets it alleges that any defendant

17  misappropriated before commencing discovery, as required by Section H of the

18  Court's Scheduling Order (Dkt. 95).

19

20  Dated:  March 17, 2025             BERGESON, LLP

21

22

23                                       By: _____

24                                             Jaideep Venkatesan

25  Attorneys for Specially Appearing Defendant
    PROTON MANAGEMENT LTD.

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I, Emma Tofelogo-Fernandez, declare as follows:

I am an employee in Santa Clara County, the county in which the service described below occurs.  My business address is 111 N. Market Street, Suite 600, San Jose, California 95113.  I am over the age of eighteen (18) years and am not a party to the cause for which I am serving the document(s) named below.

I hereby certify that on March 17, 2025, I served the following document(s) described as **SPECIALLY APPEARING DEFENDANT PROTON MANAGEMENT LTD'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST TARGETED INTERROGATORIES** on the parties listed in the **SERVICE LIST** a true copy thereof and served via electronically as follows:

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  II caused such document to be sent by other electronic means to the person(s) consented to in writing—in either of which events service is complete upon filing or sending.  FRCP Title II, §5(b)(2)(E).

Executed on March 17, 2025, at San Jose, California.

_____
Emma Tofelogo-Fernandez

PROTON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST TARGETED INTERROGATORIES
Case No. 2:24-cv-08280-MWC-E

<u>**SERVICE LIST**</u>

| **Attorneys for Plaintiff**<br>**ELECTRIC SOLIDUS, INC. d/b/a**<br>**SWAN BITCOIN**<br><br>Ryan S. Landes<br>ryanlandes@quinnemanuel.com<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>865 S Figueroa St., Fl. 10<br>Los Angeles, CA 90017-5003<br>Tel:   213-443-3145<br>Fax:   213-443-3100<br><br>Jeff W. Nardinelli<br>jeffnardinelli@quinnemanuel.com<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California St., 22nd Fl.<br>San Francisco, CA 94111<br>Tel:   415-875-6600<br>Fax:   415-876-6700<br><br>Stacylyn M. Doore<br>stacylyndoore@quinnemanuel.com<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>111 Huntington Ave., Ste. 520<br>Boston, MA 02199<br>Tel:   617-712-7100<br>Fax:   617-712-7200<br><br>Toby E. Futter, Of Counsel<br>tobyfutter@quinnemanuel.com<br>Rachel E. Epstein<br>rachelepstein@quinnemanuel.com<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>295 Fifth Avenue<br>New York, NY 10016<br>Tel:   212-849-7000<br>Fax:   212-849-7100 | **Attorneys for Individual Defendants**<br>**THOMAS PATRICK FURLONG,**<br>**ILIOS CORP., MICHAEL**<br>**ALEXANDER HOLMES, RAFAEL**<br>**DIAS MONTELEONE, SANTHIRAN**<br>**NAIDOO, ENRIQUE ROMUALDEZ,**<br>**and LUCAS VASCONCELOS**<br><br>Grant P. Fondo<br>gfondo@goodwinlaw.com<br>Nirav Bhardwaj<br>nbhardwaj@goodwinlaw.com<br>GOODWIN PROCTER<br>601 Marshall Street<br>Redwood City, CA 94063<br>Tel:   650-752-3100<br><br>Wendell Lin<br>wlin@goodwinlaw.com<br>Goodwin Procter LLP<br>Three Embarcadero Center, 28th Floor<br>San Francisco, CA  94111<br>Tel:   415-733-6271<br><br>**Santa Monica**<br>Matthew P. Kanny<br>mkanny@goodwinlaw.com<br>Aaron Thompson<br>athompson@goodwinlaw.com<br>GOODWIN PROCTER<br>520 Broadway, Suite 500<br>Santa Monica, CA 90401<br>Tel:   424-252-6400<br><br>**Los Angeles**<br>Matthew P. Kanny<br>mkanny@goodwinlaw.com<br>Amanda H. Russo<br>ARusso@goodwinlaw.com<br>GOODWIN PROCTER<br>601 South Figueroa Street, Suite 4100<br>Los Angeles, CA 90017<br>Tel:   231-426-2500 |
|---|---|

16

PROTON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST TARGETED INTERROGATORIES<br>Case No. 2:24-cv-08280-MWC-E