# EXHIBIT G

1  DANIEL J. BERGESON, SBN 105439
   dbergeson@be-law.com
2  REBECCA KAUFMAN, SBN 199534
3  rkaufman@be-law.com
   JAIDEEP VENKATESAN, SBN 211386
4  jvenkatesan@be-law.com
5  ADAM C. TRIGG, SBN 261498
   atrigg@be-law.com
6  BERGESON, LLP
7  111 N. Market Street, Suite 600
   San Jose, CA 95113
8  Telephone:  (408) 291-6200
9  Facsimile:  (408) 297-6000

10
   Attorneys for Specially Appearing Defendant
11 PROTON MANAGEMENT LTD.

12

13              UNITED STATES DISTRICT COURT

14       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15

16 ELECTRIC SOLIDUS, INC. d/b/a        Case No. 2:24-cv-08280-MWC-E
   SWAN BITCOIN, a Delaware
17 corporation,                        **SPECIALLY APPEARING**
                                       **DEFENDANT PROTON**
18           Plaintiff,                **MANAGEMENT LTD'S**
                                       **RESPONSES AND OBJECTIONS**
19      v.                             **TO PLAINTIFF'S SECOND**
                                       **INTERROGATORIES**
20 PROTON MANAGEMENT LTD., a
   British Virgin Islands corporation;
21 THOMAS PATRICK FURLONG;
   ILIOS CORP., a California corporation;
22 MICHAEL ALEXANDER HOLMES;
   RAFAEL DIAS MONTELEONE;
23 SANTHIRAN NAIDOO; ENRIQUE
   ROMUALDEZ; and LUCAS
24 VASONCELOS,

25           Defendants.

26                                     Am. Complaint filed: January 27, 2025

27

28

──────────────────────────────────────────

PROPOUNDING PARTY:  Plaintiff ELECTRIC SOLIDUS, INC.

RESPONDING PARTY:    Defendant PROTON MANAGEMENT LTD.

SET NO.:               Two (2)

Pursuant to Federal Rule of Civil Procedure 33, Specially Appearing
Defendant PROTON MANAGEMENT LTD ("Responding Party") submits these
responses and objections to the Second Set of Special Interrogatories propounded by
Plaintiff ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN ("Propounding
Party").

## PRELIMINARY STATEMENT

The following responses are made solely for the purpose of, and in relation to,
the Action.  Each response is provided subject to all appropriate objections
(including, without limitation, objections concerning competency, relevancy,
materiality, propriety, and admissibility) that would require the exclusion of any
statement contained herein if the statement were made by a witness present and
testifying in court.  All such objections and grounds therefor are reserved and may
be interposed at the time of trial.

The following responses to the Interrogatories are based upon the facts and
information presently known and available to Responding Party.  Discovery,
investigation, research, and analysis are still ongoing in this case and may disclose
the existence of additional facts, add meaning to known facts, establish entirely new
factual or legal contentions, or possibly lead to additions, variations, or changes to
these responses.  Without obligating itself to do so, Responding Party reserves the
right to change or supplement these responses as additional facts are discovered,
revealed, recalled, or otherwise ascertained, and as further analysis and research
disclose additional facts, contentions, or legal theories which may apply.

## GENERAL OBJECTIONS TO SPECIAL INTERROGATORIES

1.      Responding Party objects to the Interrogatories as premature because
the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to

Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery").

2.    Responding Party objects to the Interrogatories in their entirety, and to each interrogatory therein, on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

3.    Responding Party objects to the Interrogatories in their entirety, and to each individual interrogatory therein, to the extent that they purport to require Responding Party to provide information concerning persons or entities other than Responding Party, on the grounds that the Interrogatories, to that extent, are overbroad and seek information that is neither relevant to the subject matter of this Action nor reasonably calculated to lead to the discovery of admissible evidence, or if relevant, so remote therefrom as to make their disclosure of little or no practical

2

benefit to Plaintiff, while placing an unwarranted and extreme burden and expense on Responding Party in ascertaining, gathering and providing such information.

4.      Responding Party objects to the Interrogatories in their entirety and to each individual interrogatory therein, to the extent that they seek information that is not relevant and does not appear reasonably calculated to lead to the discovery of admissible evidence.

5.      Responding Party objects to the Interrogatories in their entirety and to each individual interrogatory therein, to the extent that they purport to require Responding Party to provide information that is not within its possession, custody, or control.

6.      Responding Party objects to the Interrogatories in their entirety, and to each individual interrogatory therein, to the extent they purport to require Responding Party to provide information that has already been provided by parties in this Action, or that could be provided by parties to this Action, or non-parties.

7.      Responding Party objects to the Interrogatories in their entirety and to each individual interrogatory therein, to the extent that they are vague, ambiguous, and/or overbroad.

8.      Responding Party objects to the Interrogatories in their entirety and to each individual interrogatory therein, to the extent that they purport to require Responding Party to provide confidential business, financial, proprietary, or sensitive information.

9.      Responding Party objects to the Interrogatories in their entirety, and to each individual interrogatory therein, to the extent they seek information prepared in anticipation of, or in connection with this Action, or information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege against disclosure.

10.     Responding Party objects to the Definitions set forth in the Interrogatories to the extent that such definitions purport to impose requirements on

3

1  Responding Party which differ from those set forth set forth in the Federal Rules of
2  Civil Procedure.

3        11.    Responding Party objects to the Definitions set forth in the
4  Interrogatories to the extent that the definitions of the stated terms or phrases
5  assume facts not in evidence or otherwise improperly or incorrectly define the stated
6  terms or phrases.

7        12.    The foregoing General Objections are, and shall be deemed to be,
8  incorporated in full into each specific Interrogatory Response set forth below.

9                    <u>**OBJECTIONS TO DEFINITIONS**</u>

10        1.    Responding Party objects to the definition of "**Communication**" as
11  overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent
12  it includes "whether or not the Communication was ever disclosed, sent, or
13  transmitted." For purposes of responding to the Interrogatory, Responding Party will
14  exclude the portion noted above from the definition of "**Communications**" in the
15  Interrogatory, and interpret the otherwise overbroad definition not to impose a
16  burden beyond what is required by the Federal Rules of Civil Procedure, the Federal
17  Rules of Evidence, and the Local Civil Rules of the U.S. District Court for the
18  Central District of California.

19        2.    Responding Party objects to the definition of "**Documents**" as overly
20  broad, unduly burdensome, vague, ambiguous and unintelligible to the extent it
21  includes "whether or not the Communication was ever disclosed, sent, or
22  transmitted." For purposes of responding to the Interrogatory, Responding Party will
23  exclude the portion noted above from the definition of "**Documents**" in the
24  Interrogatory, and interpret the otherwise overbroad definition not to impose a
25  burden beyond what is required by the Federal Rules of Civil Procedure, the Federal
26  Rules of Evidence, and the Local Civil Rules of the U.S. District Court for the
27  Central District of California.

28        3.    Responding Party object to the definition of "**Proton**" or "**You**" as

4

overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent
that it includes "any of its members, employees, representatives, officers, directors,
managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries,
and any other entities or Persons acting or purporting to act on its behalf." For
purposes of responding to the Interrogatory, Responding Party will interpret
"**Proton**" or "**You**" as referring to Defendant Proton Management Ltd.

       4.      Responding Party object to the definition of "**Elektron**" as overly
broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it
includes "any of its members, employees, representatives, officers, directors,
managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries,
and any other entities or Persons acting or purporting to act on its behalf." For
purposes of responding to the Interrogatory, Responding Party will interpret
"**Elektron**" as referring to Defendant Elektron Management LLC.

       5.      Responding Party objects to the definition of "**Concern**" or
"**Concerning**" as overly broad, unduly burdensome, vague, ambiguous and
unintelligible. For purposes of responding to the Interrogatory, Responding Party
will exclude the portion noted above from the definition of "**Concern**" or
"**Concerning**" in the Interrogatory, and interpret the otherwise overbroad definition
not to impose a burden beyond what is required by the Federal Rules of Civil
Procedure, the Federal Rules of Evidence, and the Local Civil Rules of the U.S.
District Court for the Central District of California.

       6.      Responding Party objects to the definition of "**Complaint**" or
"**Operative Complaint**" as overly broad, unduly burdensome, vague, ambiguous
and unintelligible. For purposes of responding to the Interrogatory, Responding
Party will interpret "**Complaint**" or "**Operative Complaint**" as referring to the
most recent complaint filed in this Action.

       7.      Responding Party objects to the definition of "**Person**" or "**Persons**" as
overly broad, unduly burdensome, vague, ambiguous and unintelligible. For

1  purposes of responding to the Interrogatory, Responding Party will exclude the
2  portion noted above from the definition of "**Person**" or "**Persons**" in the
3  Interrogatory, and interpret the otherwise overbroad definition not to impose a
4  burden beyond what is required by the Federal Rules of Civil Procedure, the Federal
5  Rules of Evidence, and the Local Civil Rules of the U.S. District Court for the
6  Central District of California.

7        8.    Responding Party object to the definition of "**Swan**" as overly broad,
8  unduly burdensome, vague, ambiguous and unintelligible to the extent that it
9  includes "any of its members, employees, representatives, officers, directors,
10  managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries,
11  and any other entities or Persons acting or purporting to act on its behalf." For
12  purposes of responding to the Interrogatory, Responding Party will interpret "**Swan**"
13  as referring to Plaintiff Electric Solidus, Inc. d/b/a Swan Bitcoin.

14        9.    Responding Party object to the definition of "**2040 Energy**" as overly
15  broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it
16  includes "any of its members, employees, representatives, officers, directors,
17  managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries,
18  and any other entities or Persons acting or purporting to act on its behalf." For
19  purposes of responding to the Interrogatory, Responding Party will interpret "**2040
20  Energy**" as referring to 2040 Energy Ltd.

21        Responding Party objects to the definition of "**Swan's Trade Secrets**" as
22  overly broad, unduly burdensome, vague, and ambiguous, including as it purports to
23  incorporate by reference "Swan's Complaint" and "Swan's Identification of
24  Asserted Trade Secrets (dated February 14, 2025).

25        Responding Party objects to the definition of "**Swan's BNOC**" as overly
26  broad, unduly burdensome, vague, ambiguous and unintelligible including as it
27  purports to incorporate "Paragraphs 73-79 of the Complaint". Responding Party will
28  interpret "**Swan's BNOC**" as referring to the Bitcoin Network Operating Center

6

dashboard developed for 2040 Energy, without any admission as to with respect to any claim that BNOC is proprietary to Propounding Party.

## RESPONSES TO SPECIAL INTERROGATORIES

### SPECIAL INTERROGATORY NO. 6:

Identify and describe all dashboards or monitoring systems that You use in connection with Your Bitcoin mining operations, including stating the basis for any contention that those systems differ from Swan's BNOC or were independently developed or created.

### RESPONSE TO SPECIAL INTERROGATORY NO. 6:

Responding Party incorporates by references the General Objections and Objections to Definitions as if fully set forth herein.  Responding Party objects to this interrogatory as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction.  (Dkt. 121.)  Discovery is improper and should be stayed where a party is challenging a court's jurisdiction.  See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp*., No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery").  Responding Party objects to this interrogatory to the extent that it

7

seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party objects to this interrogatory to the extent that it is unreasonably cumulative or duplicative of other interrogatories. Responding Party objects that this interrogatory is vague and ambiguous, including in its use of the phrase "Your Bitcoin mining operations". Responding Party objects to this interrogatory to the extent that it purports to require Responding Party to produce information that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party further objects to this interrogatory on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**SPECIAL INTERROGATORY NO. 7:**

Identify all persons who have been or are engaged to do work on Your behalf related to Bitcoin mining, including identifying (i) the name of each person; (ii) each person's title, roles, and responsibilities; (iii) where each person resides; and (iv) dates during which that person has been engaged by You.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Responding Party incorporates by references the General Objections and Objections to Definitions as if fully set forth herein. Responding Party objects to this interrogatory as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS

8

219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this interrogatory's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this interrogatory on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party objects to this interrogatory to the extent that it is unreasonably cumulative or duplicative of other interrogatories. Responding Party also objects to this interrogatory to "Identify all persons" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party objects that this interrogatory is vague and ambiguous, including in its use of the phrase "related to Bitcoin mining". Responding Party objects to this interrogatory to the extent that it purports to require Responding Party to produce information that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or

third parties without entry of a satisfactory confidentiality order.  Responding Party further objects to this interrogatory on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**SPECIAL INTERROGATORY NO. 8:**

For every occasion in which You and/or Your employees, consultants, or agents have accessed, disclosed, and/or used any Document reflecting or incorporating Swan's Trade Secrets, identify the date, time, method of access, disclosure, and/or use, and specific material accessed, disclosed, and/or used.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Responding Party incorporates by references the General Objections and Objections to Definitions as if fully set forth herein.  Responding Party objects to this interrogatory as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction.  (Dkt. 121.)  Discovery is improper and should be stayed where a party is challenging a court's jurisdiction.  See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay

10

discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this interrogatory's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this interrogatory on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this interrogatory on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this interrogatory to the extent that it is unreasonably cumulative or duplicative of other interrogatories. Responding Party objects to this interrogatory to the extent that it purports to require Responding Party to produce information that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party further objects to this interrogatory on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**SPECIAL INTERROGATORY NO. 9:**

Describe how You came to be in possession of any Swan Trade Secret, including by identifying any Documents or Communications providing possession

1  to You.

2  **<u>RESPONSE TO SPECIAL INTERROGATORY NO. 9:</u>**

3      Responding Party incorporates by references the General Objections and

4  Objections to Definitions as if fully set forth herein.  Responding Party objects to

5  this interrogatory as premature because the Court lacks personal jurisdiction over

6  Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under

7  Rule 12(b)(2) for lack of personal jurisdiction.  (Dkt. 121.)  Discovery is improper

8  and should be stayed where a party is challenging a court's jurisdiction.  See, e.g.,

9  *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS

10  219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and

11  ordering stay pending court's ruling on Rule 12 motion for lack of personal

12  jurisdiction); *Cooper v. Shoei Safety Helmet Corp*., No. 2:17-CV-03129-JAD-EJY,

13  2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter &*

14  *Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2

15  (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant

16  challenging court's subject matter jurisdiction was within its rights to object);

17  *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB,

18  2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay

19  discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087

20  (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of

21  discovery").  Responding Party objects to this interrogatory to the extent that it

22  seeks information that is protected from disclosure by the attorney-client privilege,

23  work product doctrine, or any other applicable privilege or protection.  Responding

24  Party also objects to this interrogatory's demand as being compound, overbroad,

25  overly burdensome, and harassing.  Responding Party further objects to this

26  interrogatory on the grounds that it is vague, overbroad and subjects Responding

27  Party to unreasonable and undue burden and expense.  Responding Party also

28  objects to this interrogatory on the grounds and to the extent that it seeks

12

1  information that is not in the possession, custody or control of Responding Party

2  and/or is equally or more readily available from another source which is more

3  convenient, less burdensome, or less expensive.  Responding Party objects to this

4  interrogatory to the extent that it is unreasonably cumulative or duplicative of other

5  interrogatories.  Responding Party also objects to this interrogatory to "Identify all

6  persons" on the grounds that it is overbroad and subjects Responding Party to

7  unreasonable and undue annoyance, oppression, burden, and expense.  Responding

8  Party objects to this interrogatory to the extent that it purports to require Responding

9  Party to produce information that contain trade secrets of Responding Party, or other

10  confidential business, financial, proprietary, or sensitive information of Responding

11  Party or third parties without entry of a satisfactory confidentiality order.

12  Responding Party further objects to this interrogatory on the grounds that

13  Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210,

14  which requires Propounding Party to identify with reasonable particularly the trade

15  secrets it alleges that any defendant misappropriated before commencing discovery,

16  as required by Section H of the Court's Scheduling Order (Dkt. 95).

17  **SPECIAL INTERROGATORY NO. 10:**

18       Describe all devices and all ephemeral messaging applications on those

19  devices (including, but not limited to, Signal, Telegram, and WhatsApp) that You or

20  any of Your employees, consultants, or agents uses or has used to discuss Bitcoin

21  mining operations that You manage, operate, monitor, or otherwise oversee.

22  **RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

23       Responding Party incorporates by references the General Objections and

24  Objections to Definitions as if fully set forth herein.  Responding Party objects to

25  this interrogatory as premature because the Court lacks personal jurisdiction over

26  Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under

27  Rule 12(b)(2) for lack of personal jurisdiction.  (Dkt. 121.)  Discovery is improper

28  and should be stayed where a party is challenging a court's jurisdiction. See, e.g.,

13

*Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS
219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and
ordering stay pending court's ruling on Rule 12 motion for lack of personal
jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY,
2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter &
Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2
(N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant
challenging court's subject matter jurisdiction was within its rights to object);
*United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB,
2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay
discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087
(D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of
discovery").  Responding Party objects to this interrogatory to the extent that it
seeks information that is protected from disclosure by the attorney-client privilege,
work product doctrine, or any other applicable privilege or protection.  Responding
Party also objects to this interrogatory's demand as being compound, overbroad,
overly burdensome, and harassing, and as seeking documents that are not relevant to
the claims or defenses in this action.  Responding Party further objects to this
interrogatory on the grounds that it is vague, overbroad and subjects Responding
Party to unreasonable and undue burden and expense.  Responding Party also
objects to this interrogatory on the grounds and to the extent that it seeks
information that is not in the possession, custody or control of Responding Party
and/or is equally or more readily available from another source which is more
convenient, less burdensome, or less expensive.  Responding Party objects to this
interrogatory to the extent that it is unreasonably cumulative or duplicative of other
interrogatories.  Responding Party also objects to this interrogatory to "Identify all
persons" on the grounds that it is overbroad and subjects Responding Party to
unreasonable and undue annoyance, oppression, burden, and expense.  Responding

14

1 Party objects that this interrogatory is vague and ambiguous, including in its use of

2 the phrase "ephemeral messaging applications". Responding Party objects to this

3 interrogatory to the extent that it purports to require Responding Party to produce

4 information that contain trade secrets of Responding Party, or other confidential

5 business, financial, proprietary, or sensitive information of Responding Party or

6 third parties without entry of a satisfactory confidentiality order.  Responding Party

7 further objects to this interrogatory on the grounds that Propounding Party has failed

8 to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party

9 to identify with reasonable particularly the trade secrets it alleges that any defendant

10 misappropriated before commencing discovery, as required by Section H of the

11 Court's Scheduling Order (Dkt. 95).

13 Dated:  March 28, 2025            BERGESON, LLP

15 By: _____

16 Jaideep Venkatesan

17 Attorneys for Specially Appearing Defendant
18 PROTON MANAGEMENT LTD.

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SANTA CLARA**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Santa Clara, State of California.  My business address is 111 N. Market Street, Suite 600, San Jose, CA 95113.

On March 28, 2025, I served true copies of the following document(s) described as**:  SPECIALLY APPEARING DEFENDANT PROTON MANAGEMENT LTD'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND INTERROGATORIES** on the interested parties in this action as follows:

**Attorneys for Plaintiff**
**ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN**

Harris M. Mufson (*PHV forthcoming*)
hmufson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Tel:   212-351-4000

Matthew D. McGill (*PHV* )
mmcgill@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
Tel:   202-955-8500

Ilissa Samplin SBN 314018
isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Tel:   213-229-7000

Christine Demana (*PHV* )
cdemana@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2923
Tel:   214-698-3100

**Attorneys for Defendants**
**THOMAS PATRICK FURLONG, ILIOS CORP., MICHAEL ALEXANDER HOLMES, RAFAEL DIAS MONTELEONE, SANTHIRAN NAIDOO, ENRIQUE ROMUALDEZ, and LUCAS VASCONCELOS**

Grant P. Fondo
gfondo@goodwinlaw.com
Nirav Bhardwaj
nbhardwaj@goodwinlaw.com
GOODWIN PROCTER
601 Marshall Street
Redwood City, CA 94063
Tel:   650-752-3100

Wendell Lin
wlin@goodwinlaw.com
Goodwin Procter LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA  94111
Tel:   415-733-6271

Matthew P. Kanny
mkanny@goodwinlaw.com
Aaron Thompson
athompson@goodwinlaw.com
GOODWIN PROCTER
520 Broadway, Suite 500
Santa Monica, CA 90401
Tel:   424-252-6400

Matthew P. Kanny
mkanny@goodwinlaw.com
GOODWIN PROCTER
601 South Figueroa Street, Suite 4100
Los Angeles, CA 90017
Tel:   231-426-2500

PROTON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES
Case No. 2:24-cv-08280-MWC-E

1       **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of
the document(s) to be sent from e-mail address ahogue@be-law.com to the persons

2 at the e-mail addresses listed in the Service List.  I did not receive, within a
reasonable time after the transmission, any electronic message or other indication

3 that the transmission was unsuccessful.

4       I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct and that I am employed in the office

5 of a member of the bar of this Court at whose direction the service was made.

6       Executed on March 28, 2025, at San Jose, California.

7

8                               _____

9                               Annette S. Hogue

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28