# EXHIBIT H

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

DANIEL J. BERGESON, SBN 105439
dbergeson@be-law.com
REBECCA KAUFMAN, SBN 199534
rkaufman@be-law.com
JAIDEEP VENKATESAN, SBN 211386
jvenkatesan@be-law.com
ADAM C. TRIGG, SBN 261498
atrigg@be-law.com
BERGESON, LLP
111 N. Market Street, Suite 600
San Jose, CA 95113
Telephone:  (408) 291-6200
Facsimile:   (408) 297-6000

Attorneys for PROTON MANAGEMENT LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware corporation,<br><br>                 Plaintiff,<br><br>        v.<br><br>PROTON MANAGEMENT LTD., a British Virgin Islands corporation; THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; SANTHIRAN NAIDOO; ENRIQUE ROMUALDEZ; and LUCAS VASONCELOS,<br><br>                 Defendants. | Case No. 2:24-cv-8280-MWC-E<br><br>**DEFENDANT PROTON MANAGEMENT LTD'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br><br><br>Am. Complaint filed: January 27, 2025 |

PROPOUNDING PARTY:  Plaintiff ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN

RESPONDING PARTY:    Defendant PROTON MANAGEMENT LTD

SET NO.:             Three (3)

        Pursuant to Federal Rule of Civil Procedure 34, Defendant PROTON MANAGEMENT LTD ("Responding Party") submits these responses and objections to the Third Set of Requests for Production propounded by Plaintiff ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN ("Propounding Party").

## **PRELIMINARY STATEMENT**

        The following responses are made solely for the purpose of, and in relation to, this action.  Each response is provided subject to all appropriate objections (including, without limitation, objections concerning competency, relevancy, materiality, propriety, and admissibility) that would require the exclusion of any statement contained herein if the statement were made by a witness present and testifying in court.  All such objections and grounds therefore are reserved and may be interposed at the time of trial.

        The following responses are based on the facts and information presently known and available to Responding Party.  Discovery, investigation, research, and analysis are still ongoing in this case and may disclose the existence of additional facts, add meaning to known facts, establish entirely new factual conclusions or legal contentions, or possibly lead to additions, variations, or changes to these responses.  Without being obligated to do so, Responding Party reserves the right to change or supplement these responses as additional facts are discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research disclose additional facts, contentions or legal theories which may apply.

///

///

///

1

## **OBJECTIONS TO DEFINITIONS**

1. Responding Party object to the definition of ███████████ as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of the members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf, including but not limited to ████████████  For purposes of responding to the Requests, Responding Party will interpret ████████████████ ███████████

2. Responding Party objects to the definition of ███████ as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf."  For purposes of responding to the Requests, Responding Party will interpret ███████ ████████████████

3. Responding Party objects to the definition of ████████████ as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf, including but not limited to ████████████  For purposes of responding to the Requests, Responding Party will interpret ███████████████ ████████████████

4. Responding Party objects to the definition of ██████████ as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes ██████████████████████ and any of the members, employees, representatives, officers, directors, managers, agents, attorneys, assigns,

2

1   predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting

2   or purporting to act on its behalf."  For purposes of responding to the Requests,

3   Responding Party will interpret ████████████████████████████████████████

4   ██████████████████████████

5       5.      Responding Party objects to the definition of ██████████ as overly

6   broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it

7   includes "any of the members, employees, representatives, officers, directors,

8   managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries,

9   and any other entities or Persons acting or purporting to act on its behalf, including

10  but not limited to ██████████████ and any of that entity's members, employees,

11  representatives, officers, directors, managers, agents, attorneys, assigns,

12  predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting

13  or purporting to act on its behalf."  For purposes of responding to the Requests,

14  Responding Party will interpret ████████████████████████████

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 59:**

17      Documents concerning or reflecting Your and/or Your counsel's

18  Communications with any of the targets or recipients of a subpoena in this Action

19  (including ████████████████████████████████████████████████████

20  related to such subpoena. For the avoidance of doubt, this request seeks the

21  Communications themselves, as well as evidence of such Communications (such as

22  calendar invites, or agreements regarding the subpoena responses).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

24      Responding Party objects to this request to the extent that it seeks information

25  that is protected from disclosure by the attorney-client privilege, work product

26  doctrine, or any other applicable privilege or protection. Responding Party objects to

27  the request to the extent that it purports to require Responding Party to produce

28  documents that contain confidential business, financial, proprietary, or sensitive

3

1  information of Responding Party or third parties without entry of a satisfactory

2  confidentiality order. Responding Party further objects to the request as it seeks

3  information that is not relevant to the claims in this action and not reasonably

4  calculated to lead to the discovery of admissible evidence.

5

6  Dated:  April 16, 2025                     BERGESON, LLP

7

8

9                                             By:  _____/s/ Adam C. Trigg_____

10                                                      Adam C. Trigg

11                                             Attorneys for PROTON MANAGEMENT
                                               LTD.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **<u>CERTIFICATE OF SERVICE</u>**

2

     I, Adam C. Trigg, hereby certify that on April 16, 2025, a copy of the

3

foregoing **DEFENDANT PROTON MANAGEMENT LTD'S RESPONSES**

4

**AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR**

5

**PRODUCTION OF DOCUMENTS** was served via email, on counsel of record in

6

this action.

7

8

9

                         /s/ Adam C. Trigg

10

                         Adam C. Trigg

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROTON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION, Case No. 2:24-cv-8280-MWC-E