# EXHIBIT L

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

| | |
|---|---|
| **From:** | Ryan Gorman |
| **Sent:** | Thursday, May 1, 2025 6:08 PM |
| **To:** | Adam Trigg; Kanny, Matthew P; Jeff Nardinelli; Jaideep Venkatesan; Stacylyn Doore; Ryan Landes; QE-Swan |
| **Cc:** | Fondo, Grant P; Russo, Amanda; Thompson, Aaron; Emma Fernandez |
| **Subject:** | RE: Electric Solidus, Inc v. Proton Management Ltd, et al. - Case No. 2:24-cv-8280-MWC-E |

Adam,

Your email mischaracterizes the record repeatedly. Defendants have repeated these mischaracterizations multiple times now and we ask that they stop. As you know, Swan was previously represented by prior counsel, and the case was before a different judge. Your accusations regarding supposed "delay" from prior to Quinn Emanuel's representation of Swan are thus not well taken. So are suggestions that Swan's service of its trade secret identification was somehow untimely. When the case was reassigned to Judge Court, she issued her standard scheduling order requiring that plaintiffs in trade secret actions file and serve trade secret identifications within 60 days of that order. *See* Dkt. 95 at 7. Swan served its trade secret identification three weeks before it was due and just two weeks after filing its Amended Complaint.

The ensuing delays were entirely due to Defendants' refusals to treat obviously confidential material as such. When Swan first asked Defendants to treat Swan's forthcoming trade secret identification as AEO, Defendants refused, finally agreeing to do so one week later. Similarly, when Swan asked Defendants to treat its document productions as AEO and confidential while the parties attempted to negotiate a protective order, Defendants again refused. It is unbelievable that you accuse Swan of delaying producing documents until after a protective order was entered in the case where Defendants refused to treat documents as confidential. Of course Swan had to wait until a protective order was entered under these circumstances. And as you know, the reason there was a delay in entering a protective order was because Swan had to move to compel for entry of one containing reasonable AEO protections over Defendants' objections, which the Court unsurprisingly rejected.

You ask Swan to identify "which Individual Defendants Swan claims allegedly took its alleged trade secrets, and which trade secrets it claims each Individual Defendant allegedly took." First, the Amended Complaint outlines in detail the tip of the iceberg information Swan already has regarding who stole what. Second, Swan has been asking Defendants since January to search the Individual Defendants' devices and documents and return Swan's trade secret documents. Defendants have repeatedly refused to do so. The Defendants are in the best position to know what they stole, and we've asked for that information repeatedly. We understand from Defendants' responses to Swan's document requests and interrogatories that they will finally be producing this information next week. We look forward to reviewing those productions.

With respect to the Protective Order, we previously met and conferred and had motion practice on the language of that order. Swan does not object to Defendants' compliance with the Protective Order as entered. We do not agree that Defendants can share Swan's AEO documents with individuals the Court already expressly said Defendants could not share them with. To the extent you are suggesting the parties seek modification of the Protective Order under Paragraph 8.5 of that order, Swan does not agree (and sees no reason) to ask the Court to modify an order that it just entered.

Again, we reiterate our request that Defendants serve formal documents requests that comply with the Federal Rules. This is no different than what Defendants demanded of Swan months ago. *See* Doore Jan. 24, 2025 Email. And the shifting nature of Defendants' instant demands (and mischaracterizations regarding the documents Defendants seek) just underscores why formal requests are needed. Contrary to your email, Matt's April 24 email did not request "about 35" documents, but instead sought immediate production of the thousands of documents referenced in Exhibit

G to the Amended Complaint. *See* Kanny Apr. 24, 2025 Email. Defendants are perfectly capable of serving formal discovery requests for documents, as the Federal Rules require (and as Proton did last week). In the meantime, and in the interest of cooperation, Swan confirms that it will produce the documents specifically referenced in Swan's trade secret identification, in response to the formal discovery requests Proton served last week. *See* Proton's RFP 1. As a courtesy, we will do so prior to the 30-day deadline for Swan to formally object to those requests, reserving all rights.

Thanks,

**Ryan Gorman**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7132 Direct (Office)
617.712.7100 Main Office Number
617.712.7200 FAX
ryangorman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Adam Trigg <atrigg@be-law.com>
**Sent:** Tuesday, April 29, 2025 5:49 PM
**To:** Ryan Gorman <ryangorman@quinnemanuel.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
**Cc:** Fondo, Grant P <GFondo@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Emma Fernandez <emtofelogo@be-law.com>
**Subject:** RE: Electric Solidus, Inc v. Proton Management Ltd, et al. - Case No. 2:24-cv-8280-MWC-E

**[EXTERNAL EMAIL from atrigg@be-law.com]**

Ryan,

We are responding to your email below responding to Matt's email that he sent on behalf of all Defendants. Individual Defendants have since filed a notice of appeal and notice of automatic stay and contend the case is now automatically stayed against them. We write to address your characterizations of Defendants' request for Swan to provide specificity as to its trade secrets, with which we disagree. We are responding so that the parties can meet and confer in good faith and not delay the resolution of issues, notwithstanding the Defendants' positions on the procedural posture of the matter, and with the understanding that Swan will also act in good faith and not used Defendants' efforts against them to argue waiver of Defendants rights, including but not limited to Proton's right to compel arbitration and the Individual Defendants' position on an automatic stay.

As a preliminary matter, Defendants have been asking Swan to produce an adequate trade secret disclosure since September/October of last year, but Swan refused and did not file any disclosure until months later on February 14, 2025. Since then, Defendants have been seeking clarification on Swan's purported trade secrets identification because

(among other things), while Swan's disclosure vaguely references documents, it does not adequately describe them nor does it attach them. Swan's tactics could not be more clear: generally describe its alleged trade secrets to give it maximum leeway while at the same time seeking broad discovery in hopes to uncover evidence to help it redefine its allegations based on the information it discovers. This is expressly not allowed under applicable law.

Contrary to your email, Defendants did not "demand that Swan 'immediately' produce thousands of documents." Defendants listed specific documents (about 35) they could discern from Swan's Amended Complaint and trade secret disclosure as being part of Swan's alleged trade secrets and simply asked Swan whether it would provide these documents. . By your response, it appears that Swan is now claiming that its alleged trade secrets include "thousands of documents," which only further adds to Swan's ambiguity about what its alleged trade secrets actually are. Please confirm whether Swan is now claiming that "thousands of documents" comprise its alleged trade secrets and, if not, which of the "thousands of documents" it references constitutes Swan's alleged trade secrets.

Further, Swan again bangs the drum of Defendants' supposed delay, but to be clear, it was Swan that delayed, not Defendants. As you know, Swan twice moved for expedited discovery at the beginning of the case, and lost both times. Then, on October 18, 2024, at the same time it voluntarily withdrew its preliminary injunction motion, it advised the Court that it anticipated filing a regular noticed motion for expedited discovery. But it did **nothing** for months. Finally, months later on February 7, 2025 – **after** Defendants filed (**on December 23, 2024**) their respective motions challenging jurisdiction, in the case of Proton, and seeking to compel arbitration, in the case of Defendants – Swan finally served its first set of discovery. Defendants were under no obligation on January 22, 2025, to provide any discovery, particularly given the positions they raised in their respective motions regarding jurisdiction and arbitration.

You further argue that there is a procedure for obtaining discovery, which is true as far as that goes. Defendants' prior email did not seek discovery. It sought to understand what Swan asserts are its trade secrets, which is necessary if Defendants are to respond to discovery or to a motion for preliminary injunction, notwithstanding their position on the current procedural posture of this matter. To the extent Swan seeks to take discovery on trade secrets and move for a preliminary injunction, Swan must identify its alleged trade secrets with particularity and, if that trade secret is in documents, provide the documents and identify the trade secrets within them (including whether the trade secrets is the entire document, or a part of it). Swan inexplicably continues to refuse to do. This is even more important now given that Swan appears to be claiming that "thousands of documents" comprise its alleged trade secrets. Defendants' request is simply an effort to clarify what Swan's trade secrets are. Presumably, Swan can easily collect the specific documents it claims comprise its allege trade secrets and attach them to its disclosure.. Since Swan's original Complaint was filed in September, it has had plenty of time to identify these alleged documents. Its unwillingness to do so is telling.

Your additional argument about the Court rejecting Defendants' request in the protective order for Individual Defendants to have access to the alleged trade secrets is also wrong. First, Defendants are not requesting access for "some unidentified set of Individual Defendants" to review the alleged trade secrets. Instead, Individual Defendants are merely requesting Swan to identify which Individual Defendants Swan claims allegedly took its alleged trade secrets, and which trade secrets it claims each Individual Defendant allegedly took. Defendants are entitled to know which alleged trade secrets they are accused of misappropriating. But they have no such information, and your characterization of them as "unidentified" directly highlights that issue. And the disclosure to those Defendants, once identified by you, would be limited to permit each Defendant to review only those documents Swan claims it improperly took. Second, the protective order itself allows disclosure to individuals who either (i) created or received the documents, or (ii) where the disclosing party consents to the disclosure. We understand from your response that Swan is refusing to provide its consent (to the extent any is required) to allow Mr. Zagury or any of the Individual Defendants Swan claims allegedly took the alleged trade secrets to review any of these documents so they can defend themselves in this litigation. Third, with respect to your argument that the Court rejected the argument that Individual Defendants cannot review **any of the alleged trade secrets** in the context of the protective order, your argument ignores the Court's statement that "[t]his ruling is not intended to . . . preclude Defendants from later seeking a modification of the protective to permit the sharing . . . of particular AEO or Source Code materials." Dkt. No. 171. Defendants have asked Swan to consent to the sharing with Defendants of specific AEO documents, which Swan has now refused.

Thank you for clarifying that Swan designates Exhibit G to the Amended Complaint as confidential, and not AEO, under the protective order.

3

Finally, there is nothing in Matt's email to suggest that Proton is withdrawing its objections to Interrogatory 8 or RFPs 23-25. Proton maintains its objections.

We reserve all rights.

Thanks,
Adam

Adam C. Trigg | Bergeson LLP
Partner

O 408.291.6200 | D 408.291.2754 | M 408.315.9339

Silicon Valley Office | San Francisco Office | Beverly Hills Office
Website | vCard | Email | Bio | LinkedIn | Disclaimer

---

**From:** Ryan Gorman <ryangorman@quinnemanuel.com>
**Sent:** Saturday, April 26, 2025 3:08 PM
**To:** Kanny, Matthew P <MKanny@goodwinlaw.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
**Cc:** Adam Trigg <atrigg@be-law.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Emma Fernandez <emtofelogo@be-law.com>
**Subject:** RE: Electric Solidus, Inc v. Proton Management Ltd, et al. - Case No. 2:24-cv-8280-MWC-E

Matt,

Your demand that we respond to your email in less than 24 hours is unreasonable and not well taken. As is your demand that Swan "immediately" produce thousands of documents that Defendants stole and have refused to return, after Defendants have spent months refusing to engage in any discovery in this action. We are reviewing your requests and will get back to you in more detail as appropriate. In the meantime, we note the following:

- When Swan asked on January 22 that Defendants produce narrow categories of readily-available information, Defendants refused, and demanded that Swan serve formal discovery requests. *See* Doore Jan. 24, 2025 Email. Swan did so, and Defendants waited 30 days to serve blanket objections. While Defendants have purportedly agreed to produce documents responsive to those requests after the Court rejected all of their objections, *but see* Gorman Apr. 24, 2025 Email, Swan has yet to receive a single document from Defendants. If Defendants desire document discovery, there is a process outlined in the Federal Rules by which they can seek it. *See* Fed. R. Civ. P. 34.

- Your email mischaracterizes the parties' previous discussions regarding document productions. Before the Court entered the Stipulated Protective Order on Wednesday (Dkt. 171), Swan had asked repeatedly if Defendants would agree to interim confidentiality procedures that would allow Swan to produce information and documents to Defendants pending entry of a final protective order. *See* Gorman Mar. 3, 2025 Email; Gorman Mar. 20, 2025 Email. Defendants either ignored or refused these requests. *See* Kanny Mar. 24, 2025. Indeed, Defendants initially would not even agree to treat Swan's Identification of Asserted Trade Secrets as Attorneys' Eyes Only. *See* Kanny Feb. 13, 2025 Email. Any suggestion in your email that Swan is at fault for Defendants' failure to engage in discovery is inaccurate.

- Regarding your requests to share documents that Swan designates as Highly Confidential – Attorneys' Eyes Only with Mr. Zagury and some unidentified set of the Individual Defendants, Defendants asked the Court to enter a protective order that would have allowed exactly that. The Court rejected that request. *See* Dkt. 171. Your request is not appropriate given the Court's ruling.

- Your understanding that Exhibit G to the Amended Complaint has been marked as "confidential under the protective order, and not AEO" is incorrect, as no protective order had been entered at the time Swan filed the Amended Complaint. That said, Swan hereby designates Exhibit G as Confidential under the Protective Order.

- Please see the attached discovery requests for service. We note that many of the documents sought by these requests are likely responsive to RFPs that Swan has served on Proton. *See* RFP 23 to Proton ("All Documents or Communications concerning or referencing Swan's Trade Secrets, including Documents and Communications concerning Your actual, considered, or planned use of Swan's Trade Secrets."); RFP 24 to Proton ("Documents that Your employees, consultants, and other agents downloaded, accessed, copied, were sent, or otherwise retained that relate to any of those persons' engagements with Swan, including but not limited to the files identified in Exhibit G to the Complaint."); RFP 25 to Proton ("Communications concerning Your employees, consultants, and other agents' downloading, accessing, copying, or otherwise retaining Documents that they had access to as a result of any of those persons' engagements with Swan, including but not limited to the files identified in Exhibit G to the Complaint."). To the extent there are any documents that the Individual Defendants believe (i) are responsive to both the aforementioned RFPs to Proton and the attached discovery requests; (ii) which the Individual Defendants contend are uniquely within their possession, custody, or control; and (iii) which Proton will not be producing, we expect the Individual Defendants to produce them in response to these discovery requests. To be clear, we expect that Proton will produce any documents within its possession, custody, or control that the Individual Defendants may possess, and that Proton will do so timely in response to the previously-served requests.

- Finally, Proton stated last week during the parties' April 17 conferral that it did not intend to produce documents in response to the aforementioned RFPs, or to provide a substantive answer to Interrogatory 8 to Proton, which asked, "[f]or every occasion in which [Proton] and/or [Proton's] employees, consultants, or agents have accessed, disclosed, and/or used any Document reflecting or incorporating Swan's Trade Secrets, identify the date, time, method of access, disclosure, and/or use, and specific material accessed, disclosed, and/or used." We understand Proton to be withdrawing its objections to RFPs 23-25 to Proton, as well as its objections to providing a substantive answer to Interrogatory 8, given Defendants' below acknowledgement that such documents and information are relevant to Swan's claims against all Defendants and within the proper scope of discovery. Please confirm.

Swan reserves all rights.

Also, we corrected the subject line of this email to include the correct Judge's initials.

Thanks,

**Ryan Gorman**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7132 Direct (Office)
617.712.7100 Main Office Number
617.712.7200 FAX
ryangorman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Kanny, Matthew P <MKanny@goodwinlaw.com>
**Sent:** Thursday, April 24, 2025 10:00 PM
**To:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; Ryan Gorman <ryangorman@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
**Cc:** Adam Trigg <atrigg@be-law.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Emma Fernandez <emtofelogo@be-law.com>
**Subject:** RE: Electric Solidus, Inc v. Proton Management Ltd, et al. - Case No. 2:24-cv-8280-WLH-E

**[EXTERNAL EMAIL from mkanny@goodwinlaw.com]**

Ryan: We write on behalf of all Defendants, with the consent of Proton. In Swan's Amended Complaint and trade secret disclosure, Swan identifies certain documents it appears to claim constitute Swan's trade secrets and/or confidential information. A list of these documents is set forth below, with citations to where the documents are referenced. In Defendants' April 15, 2025, letter to Swan, Defendants advised that, to the extent Swan refers to documents in the trade secret disclosure, it can and should attach those documents to the disclosure. *See Alphonso Inc. v. Tremor Video, Inc.*, No. 22-CV-03629-NC, 2022 WL 17968081, at *4 (N.D. Cal. Oct. 31, 2022) (generic references to documents not enough because, among other reasons, plaintiff only generally referenced documents and did not attach them and did not provide any indication whether the entire documents or only portions of it is a protectable trade secret). In response, Swan advised that it "disagrees with how Defendants' April 15 letter characterizes Swan's trade secret identification."

For an avoidance of doubt, Defendants again request Swan to produce the documents listed below, which Swan appears to claim are trade secrets and that are referenced in Swan's amended complaint and/or trade secret disclosure. If there are other documents that Swan claims are trade secrets, we ask that you identify those documents and produce same. And with respect to each document, please identify which specific part or parts of the document Swan claims constitutes its alleged trade secrets, and which Defendant is alleged to have misappropriated it.

Moreover, to the extent Swan intends to designate any of these materials as AEO, pursuant to Sections 8.3 and 8.4 of the protective order, Defendants hereby requests Swan's consent to disclose these documents to Rapha Zagury, as a representative of Defendant Proton, and to any of the Individual Defendants whom Swan alleges misappropriated such documents, pursuant to Section 8.5 of the protective order. By requesting consent, Defendants are not admitting or acknowledging that consent is required as to any specific document. Further, Defendants also request Swan's consent to disclose Swan's trade secret disclosure and unredacted version of the Amended Complaint to Mr. Zagury. Defendants agree that Mr. Zagury or any of the Individual Defendants will not copy or retain a copy of the documents provided to us by Swan pursuant to this request.

Please confirm by 5pm PT on April 25, 2025, whether (i) Swan agrees to produce the documents referenced herein and, if Swan agrees, the timing of when Swan will produce the documents, (ii) Swan consents to the disclosure of the documents and Swan's trade secret disclosure referenced herein to Mr. Zagury, and (iii) Swan consents to the disclosure of the specific documents and specific portions of Swan's trade secret disclosure Swan claims an Individual Defendant improperly took to that Individual Defendant.

1. ███████████████████ AC ¶¶ 136, 151; 2019.210 Identification at 24-25.
2. ███████████████ AC ¶ 151.

    a. ▬
    b. ▬
    c. ▬

3. ▬ AC ¶ 151.
4. ▬. AC ¶ 151.
5. ▬ AC ¶ 151.
6. ▬ AC ¶ 151.
7. ▬ AC ¶ 151.
8. ▬ AC ¶ 133.
9. ▬ 2019.210 Identification (ECF NO. 111-1) at 27.
10. ▬. AC at ¶ 196-97.
11. ▬ AC ¶ 133.
12. ▬ AC ¶ 133.
13. ▬ AC ¶ 133.
14. ▬ AC ¶ 118.
15. ▬ AC ¶ 129.
16. ▬ 2019.210 Identification at 7, 11, 13-14, 17-21.
17. ▬ 2019.210 Identification at 7.
18. ▬ 2019.210 Identification at 11, 13-15, 17-21, 28.
19. ▬ 2019.210 Identification at 9.
20. ▬ 2019.210 Identification at 11, 13-15, 17-21.
21. ▬ 2019.210 Identification at 14.
22. ▬ 2019.210 Identification at 11, 13, 16, 19-20.
23. ▬ 2019.210 Identification at 10.
24. ▬ 2019.210 Identification at 10.
25. ▬ listed in 2019.210 Disclosure.
26. ▬ 2019.210 Identification at 13.
27. ▬ 2019.210 Identification at 17.
28. ▬ 2019.210 Identification at 18.
29. ▬ 2019.210 Identification at 18.
30. ▬ 2019.210 Identification at 19.
31. ▬ 2019.210 Identification at 11.
32. ▬ 2019.210 Identification at 13.
33. ▬ 2019.210 Identification at 15.
34. ▬ 2019.210 Identification at 20.
35. ▬. 2019.210 Identification at 25.

Finally, Exhibit G to the Amended Complaint was filed under seal and purports to reflect "a listing of the files that Swan currently has reason to believe Defendants and their conspirators stole prior to their resignations." *See* AC ¶ 151. Putting aside the merits of Swan's claims, which Defendants dispute, Defendants request that Swan immediately produce these documents, as they are relevant to Swan's trade secret claims. Also, we understand that, while Exhibit G was filed under seal, it has been marked as confidential under the protective order, and not AEO. Please confirm by 5pm PT on April 25, 2025, that this is accurate, and that Swan will produce these documents.

All rights reserved. Thank you.

**From:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>
**Sent:** Tuesday, April 22, 2025 2:21 PM
**To:** Jaideep Venkatesan <jvenkatesan@be-law.com>; Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; Ryan Gorman <ryangorman@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
**Cc:** Adam Trigg <atrigg@be-law.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Emma Fernandez <emtofelogo@be-law.com>
**Subject:** RE: Electric Solidus, Inc v. Proton Management Ltd, et al. - Case No. 2:24-cv-8280-WLH-E

\*\*\*EXTERNAL\*\*\*
Counsel,

For the avoidance of doubt, Swan disagrees with how Defendants' April 15 letter characterizes Swan's trade secret identification. Swan's trade secret identification stands as filed at Dkt. 111-1.

Thanks,
Jeff

---

**From:** Jaideep Venkatesan <jvenkatesan@be-law.com>
**Sent:** Tuesday, April 15, 2025 5:36 PM
**To:** Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; Ryan Gorman <ryangorman@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
**Cc:** Adam Trigg <atrigg@be-law.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Emma Fernandez <emtofelogo@be-law.com>
**Subject:** Electric Solidus, Inc v. Proton Management Ltd, et al. - Case No. 2:24-cv-8280-WLH-E

**[EXTERNAL EMAIL from jvenkatesan@be-law.com]**

---

Counsel,

Please see attached.

Regards,

Jay


**Jaideep Venkatesan | Bergeson**LLP
Partner

**O** 408.291.6200 | **D** 408.291.2764 | **F** 408.297.6000

**Silicon Valley Office | San Francisco Office | Beverly Hills Office**
Website | vCard | Email | Bio | LinkedIn | Disclaimer
Pronouns: he/him/his


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
******************************************************************