# EXHIBIT P

| | |
|---|---|
| **From:** | Adam Trigg <atrigg@be-law.com> |
| **Sent:** | Friday, May 9, 2025 2:56 PM |
| **To:** | Ryan Gorman; Jaideep Venkatesan; Fondo, Grant P; Stacylyn Doore; Kanny, Matthew P; Ryan Landes; QE-Swan |
| **Cc:** | Jay, William M; Russo, Amanda; Bhardwaj, Nirav; Lempel, Jesse; Emma Fernandez |
| **Subject:** | RE: Activity in Case 2:24-cv-08280-MWC-E Electric Solidus, Inc. v. Proton Management LTD. et al Notice (Other) |

**[EXTERNAL EMAIL from atrigg@be-law.com]**

Ryan,

This meet and confer was scheduled to discuss the Defendants' motions to stay and the issue of costs on the trade secret motions. Proton will not be discussing discovery issues for the reasons we have repeatedly stated.

Again, if Swan agrees that Swan will not use Proton's engagement in discovery to argue that Proton has waived its right to compel arbitration, we are amenable to scheduling time next week for the parties to discuss their respective ESI locations and an ESI protocol.

Adam

### Adam C. Trigg | Bergeson LLP
Partner

O 408.291.6200 | D 408.291.2754

Silicon Valley Office | San Francisco Office | Beverly Hills Office
Website | vCard | Email | Bio | LinkedIn | Disclaimer

---

**From:** Ryan Gorman <ryangorman@quinnemanuel.com>
**Sent:** Thursday, May 8, 2025 1:40 PM
**To:** Jaideep Venkatesan <jvenkatesan@be-law.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
**Cc:** Jay, William M <WJay@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Lempel, Jesse <JLempel@goodwinlaw.com>; Adam Trigg <atrigg@be-law.com>; Emma Fernandez <emtofelogo@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>
**Subject:** RE: Activity in Case 2:24-cv-08280-MWC-E Electric Solidus, Inc. v. Proton Management LTD. et al Notice (Other)

Jay, Grant,

We are available to meet and confer at 1pm PT / 4pm ET tomorrow. Please circulate an invite.

During that conferral, please be prepared to identify the following:

- The custodians that Proton has searched or intends to search as part of its document search and review efforts;

1

- For each custodian, the devices, repositories, and messaging applications that Proton has searched or intends to search;

- All devices that Proton employees or agents previously provided to a third-party discovery vendor, and, for each of those devices, whether Proton has searched or intends to search those devices; and

- The date ranges that Proton has used or intends to use for its searches.

During the parties' April 18 conferral, Proton indicated that it would provide this information. We have asked for it twice since then, and have not received a response. *See* Gorman Apr. 23, 2025 Email; Gorman Apr. 29, 2025 Email. We also asked months ago that Defendants identify the devices that Proton employees or agents had provided to Defendants' third-party discovery vendor, and similarly never received a response. *See* Doore Jan. 24, 2025 Email. We note again that the Individual Defendants are apparently relying on Proton's document search efforts to satisfy their own discovery obligations. *See* Gorman Apr. 24, 2025 Email. It should be easy for Defendants to provide this basic information, especially given that Defendants stated multiple times that they would be producing documents by this week. If we do not receive this information tomorrow, we will understand that Defendants are refusing to provide it.

Thanks,

**Ryan Gorman**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7132 Direct (Office)
617.712.7100 Main Office Number
617.712.7200 FAX
ryangorman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Jaideep Venkatesan <jvenkatesan@be-law.com>
**Sent:** Thursday, May 8, 2025 9:11 AM
**To:** Fondo, Grant P <GFondo@goodwinlaw.com>; Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; Ryan Gorman <ryangorman@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
**Cc:** Jay, William M <WJay@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Lempel, Jesse <JLempel@goodwinlaw.com>; Adam Trigg <atrigg@be-law.com>; Emma Fernandez <emtofelogo@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>
**Subject:** RE: Activity in Case 2:24-cv-08280-MWC-E Electric Solidus, Inc. v. Proton Management LTD. et al Notice (Other)

**[EXTERNAL EMAIL from jvenkatesan@be-law.com]**

Stacylyn,

Proton is available to meet and confer on today at 10:30PT or Friday 12:30-2:00 PM PT. Proton will agree to a joint ex parte and proposes setting the hearing for Proton's motion for a discretionary stay on the same date as the Individual Defendants' motion with the same briefing schedule proposed below.

Regards,

Jay

---

**From:** Fondo, Grant P <GFondo@goodwinlaw.com>
**Sent:** Wednesday, May 7, 2025 8:33 PM
**To:** Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; Ryan Gorman <ryangorman@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
**Cc:** Jay, William M <WJay@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Lempel, Jesse <JLempel@goodwinlaw.com>; Adam Trigg <atrigg@be-law.com>; Emma Fernandez <emtofelogo@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>
**Subject:** RE: Activity in Case 2:24-cv-08280-MWC-E Electric Solidus, Inc. v. Proton Management LTD. et al Notice (Other)

Stacylyn, the Individual Defendants are available to meet and confer on Friday afternoon after 12:30 p.m. We would also like to meet and confer on the Individual Defendants' motion for automatic stay based on the filing of its notice of appeal pursuant to the U.S. Supreme Court's decision in *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023). The grounds for the automatic stay are set forth in Dkt. Nos. 181, 183. While we believe that the stay is automatic and there is no need to file a motion, we are doing so out of an abundance of caution given the Magistrate's order today. We would also like to meet and confer about filing a joint ex parte application to expedite briefing and to advance the hearing date on this motion to June 6 to expedite the proceeding and avoid future disputes. We propose the following:

1. Individual Defendants file their motion for an automatic stay on May 14, 2025;
2. Swan files its opposition on May 21, 2025;
3. Individual Defendants file their reply on May 26, 2025; and
4. The hearing on the motion to be set on June 6, 2025 (same day as Proton's motion to compel arbitration) or at such time the Court so orders.

We are available to meet and confer on the Individual Defendants' motion and the proposed joint ex parte application at the same time as the other meet and confers are scheduled on Friday as noted above, as well as or on Thursday from on 10:30 a.m. PT / 1:30 ET or 1:30 PT / 4:30 ET]. Thank you.

---

**From:** Stacylyn Doore <stacylyndoore@quinnemanuel.com>
**Sent:** Wednesday, May 7, 2025 11:51 AM
**To:** Jaideep Venkatesan <jvenkatesan@be-law.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; Ryan Gorman <ryangorman@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
**Cc:** Fondo, Grant P <GFondo@goodwinlaw.com>; Jay, William M <WJay@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Lempel, Jesse <JLempel@goodwinlaw.com>; Adam Trigg <atrigg@be-law.com>; Emma Fernandez <emtofelogo@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>
**Subject:** RE: Activity in Case 2:24-cv-08280-MWC-E Electric Solidus, Inc. v. Proton Management LTD. et al Notice (Other)

***EXTERNAL***
Thanks, Jay. Please provide your availability on Friday afternoon ET to discuss this issue as well as Swan's costs in preparing its opposition to the motion you withdrew.

**Stacylyn Doore**
*Partner*

Quinn Emanuel Urquhart & Sullivan, LLP

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7121 Direct
617.712.7100 Main Office Number
617.712.7200 FAX
stacylyndoore@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Jaideep Venkatesan <jvenkatesan@be-law.com>
**Sent:** Tuesday, May 6, 2025 11:24 AM
**To:** Kanny, Matthew P <MKanny@goodwinlaw.com>; Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; Ryan Gorman <ryangorman@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
**Cc:** Fondo, Grant P <GFondo@goodwinlaw.com>; Jay, William M <WJay@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Lempel, Jesse <JLempel@goodwinlaw.com>; Adam Trigg <atrigg@be-law.com>; Emma Fernandez <emtofelogo@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>
**Subject:** RE: Activity in Case 2:24-cv-08280-MWC-E Electric Solidus, Inc. v. Proton Management LTD. et al Notice (Other)

[EXTERNAL EMAIL from jvenkatesan@be-law.com]

Counsel,

Following up on the below, please advise on your availability to meet and confer on Proton's motion for a stay.

Regards,

Jay

**From:** Jaideep Venkatesan
**Sent:** Thursday, May 1, 2025 7:43 AM
**To:** Kanny, Matthew P <MKanny@goodwinlaw.com>; Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; Ryan Gorman <ryangorman@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
**Cc:** Fondo, Grant P <GFondo@goodwinlaw.com>; Jay, William M <WJay@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Lempel, Jesse <JLempel@goodwinlaw.com>; Adam Trigg <atrigg@be-law.com>; Emma Fernandez <emtofelogo@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>
**Subject:** RE: Activity in Case 2:24-cv-08280-MWC-E Electric Solidus, Inc. v. Proton Management LTD. et al Notice (Other)

Stacylyn,

We wish to meet and confer on a stay of the action pending the appeal of the denial of the Individual Defendants' motion to compel arbitration and the Individual Defendants' notice of stay, which we understand is being disputed by Swan and is the subject of responsive pleadings by Swan and the Individual Defendants. With the understanding that there is an automatic stay that is in place as to the matters that are the subject of the appeal pursuant to *Coinbase v. Bielski*, 599 U.S. 736 (2023), we write to meet and confer on a stay as to the claims against Proton, which is within the discretionary power of the Court.

In *Coinbase*, the U.S. Supreme Court held that an appeal of a denial of a motion to compel arbitration under the FAA requires an automatic stay, because "[i]f the district court could move forward with pre-trial and trial proceedings while the appeal on arbitrability was ongoing, then many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost — even if the court of appeals later concluded that the case actually had belonged in arbitration all along." The Northern District Court of California recently granted a stay of all claims in an action where claims against certain defendants were automatically stayed under *Coinbase* in circumstances similar to those here. *See Pandolfi v. AviaGames, Inc.*, 2024 U.S. Dist. LEXIS 218673 (N.D. Cal. December 3. 2024). As the claims against the Individual Defendants that are the subject of the appeal are also asserted against Proton and put at issue the same alleged conduct, litigation of those claims would impair the Individual Defendants' rights and the benefits of arbitration to which they are entitled would be irretrievably lost, and it would result in judicial inefficiency as it require duplication of discovery and other process if the claims against Proton are litigated while the same claims against the Individual Defendants are stayed. Moreover, given that the claims against Proton are arbitrable, as explained in our separate correspondence and forthcoming motion, a stay of the claims against Proton is doubly warranted.

Please advise of your availability for a call today or tomorrow.

Regards,

Jay

---

**From:** Kanny, Matthew P <MKanny@goodwinlaw.com>
**Sent:** Thursday, May 1, 2025 7:36 AM
**To:** Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; Ryan Gorman <ryangorman@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
**Cc:** Fondo, Grant P <GFondo@goodwinlaw.com>; Jay, William M <WJay@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Lempel, Jesse <JLempel@goodwinlaw.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Adam Trigg <atrigg@be-law.com>; Emma Fernandez <emtofelogo@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>
**Subject:** RE: Activity in Case 2:24-cv-08280-MWC-E Electric Solidus, Inc. v. Proton Management LTD. et al Notice (Other)

Stacylyn, we disagree with your position on the automatic stay. On the appeal, we are still conferring internally and will send a proposal later today or tomorrow. If we need to meet and confer on a schedule, we can do so after you receive our proposal. Let us know if you have any questions. Thank you.

---

**From:** Stacylyn Doore <stacylyndoore@quinnemanuel.com>
**Sent:** Monday, April 28, 2025 10:20 AM
**To:** Kanny, Matthew P <MKanny@goodwinlaw.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; Ryan Gorman <ryangorman@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
**Cc:** Fondo, Grant P <GFondo@goodwinlaw.com>; Jay, William M <WJay@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Lempel, Jesse <JLempel@goodwinlaw.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Adam Trigg <atrigg@be-law.com>; Emma Fernandez <emtofelogo@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>
**Subject:** RE: Activity in Case 2:24-cv-08280-MWC-E Electric Solidus, Inc. v. Proton Management LTD. et al Notice (Other)

***EXTERNAL***
Matt,

There is no stay of the case. Unless the Court orders a stay in advance of Wednesday, we expect the Individual Defendants to file their Answer that day, as previously agreed. If there is no Court-ordered stay, and the Individual Defendants do not file an

Answer on the docket on Wednesday, Swan will have default entered. We are available to discuss a briefing schedule on the appeal anytime in the 4-6 pm ET window on Wednesday.

Thanks,
Stacylyn


**Stacylyn Doore**
*Partner*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7121 Direct
617.712.7100 Main Office Number
617.712.7200 FAX
stacylyndoore@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Kanny, Matthew P <MKanny@goodwinlaw.com>
**Sent:** Friday, April 25, 2025 6:58 PM
**To:** Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; Ryan Gorman <ryangorman@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
**Cc:** Fondo, Grant P <GFondo@goodwinlaw.com>; Jay, William M <WJay@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Bhardwaj, Nirav <NBhardwaj@goodwinlaw.com>; Lempel, Jesse <JLempel@goodwinlaw.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Adam Trigg <atrigg@be-law.com>; Emma Fernandez <emtofelogo@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>
**Subject:** FW: Activity in Case 2:24-cv-08280-MWC-E Electric Solidus, Inc. v. Proton Management LTD. et al Notice (Other)

**[EXTERNAL EMAIL from mkanny@goodwinlaw.com]**

---

Dear Stacylyn: As you can see, earlier today, Individual Defendants filed a Notice of Appeal from the Court's Order denying in substantial part the Individual Defendants' Motion to Compel Arbitration and a Notice of Automatic Stay. As set forth in the Notice of Automatic Stay, pursuant to the United States Supreme Court's decision in *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743 (2023), there is "an automatic stay of district court proceedings" as to the Individual Defendants and the claims against them pending the Ninth Circuit's decision in the interlocutory appeal.

We appreciated Plaintiff's agreement to extend the time for Individual Defendants to file their Answer to the Amended Complaint through Wednesday, April 30, 2025, and given this professional courtesy, we are agreeable, notwithstanding the automatic stay, to serve on Swan the Individual Defendants' unfiled Answer on the agreed upon date, provided that Swan agrees not to use the serving of the Answer as a basis to argue against the automatic stay. Please let us know if Swan agrees to this by 5pm PT on Monday, April 28, 2025.

Further, Individual Defendants are also amenable to meeting and conferring with Swan regarding a potential expedited briefing schedule to try to expedite the appeal. If Swan is interested in discussing a potential

expedited briefing schedule, please provide a few times on Tuesday or Wednesday that you are available, and we will send a calendar invite.  In the meantime, if you have any questions, please feel free to contact us.  Thank you.

---

**From:** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Sent:** Friday, April 25, 2025 2:57 PM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 2:24-cv-08280-MWC-E Electric Solidus, Inc. v. Proton Management LTD. et al Notice (Other)

***EXTERNAL***

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered by Fondo, Grant on 4/25/2025 at 2:57 PM PDT and filed on 4/25/2025

| | |
|---|---|
| **Case Name:** | Electric Solidus, Inc. v. Proton Management LTD. et al |
| **Case Number:** | 2:24-cv-08280-MWC-E |
| **Filer:** | Thomas Patrick Furlong |
| | Michael Alexander Holmes |
| | Ilios Corp. |
| | Rafael Dias Monteleone |
| | Santhiran Naidoo |
| | Enrique Romualdez |
| | Lucas Vasconcelos |

**Document Number:** 181

**Docket Text:**
**Notice filed by Defendants Thomas Patrick Furlong, Michael Alexander Holmes, Ilios Corp., Rafael Dias Monteleone, Santhiran Naidoo, Enrique Romualdez, Lucas Vasconcelos.** *- Notice of Automatic Stay as to Individual Defendants Thomas Patrick Furlong, Ilios Corp., Michael Alexander Holmes, Rafael Dias Monteleone, Santhiran Naidoo, Enrique Romualdez, and Lucas Vasconcelos* **(Fondo, Grant)**

**2:24-cv-08280-MWC-E Notice has been electronically mailed to:**

Adam C Trigg     atrigg@be-law.com, emtofelogo@be-law.com

Amanda Haley Russo     ARusso@goodwinlaw.com

Austin Buscher     austinbuscher@quinnemanuel.com

Daniel Joseph Bergeson , I     dbergeson@be-law.com, cburkhart@be-law.com

David H Wollmuth     dwollmuth@wmd-law.com

Grant P Fondo     gfondo@goodwinlaw.com, ARusso@goodwinlaw.com, AThompson@goodwinlaw.com, CTremble@goodwinlaw.com, DG-SwanvProton@goodwinlaw.com, JHernandez@goodwinlaw.com, MKanny@goodwinlaw.com, NBhardwaj@goodwinlaw.com, WLin@goodwinlaw.com

Jaideep Venkatesan     jvenkatesan@be-law.com

Jeffrey William Nardinelli     jeffnardinelli@quinnemanuel.com, amberburns@quinnemanuel.com, calendar@quinnemanuel.com, ecf-7f34e7a5060e@ecf.pacerpro.com

Matthew P Kanny     MKanny@goodwinlaw.com, lpekrul@goodwinlaw.com

Rachel E Epstein     rachelepstein@quinnemanuel.com

Ryan S. Landes     ryanlandes@quinnemanuel.com, calendar@quinnemanuel.com, pamdavis@quinnemanuel.com

Stacylyn M. Doore     stacylyndoore@quinnemanuel.com

Timothy Alan DeLange     tdelange@wmd-law.com, timothyd@blbglaw.com

**2:24-cv-08280-MWC-E Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\fakepath\Furlong - Notice of Automatic Stay.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=4/25/2025] [FileNumber=39994112-0
] [17d1c7d21637bfc832c1086ae90ab6f658e3af3b03e0b10bdcd39ec6382d4af7d25
7b6861b7532d2780f887e9a72b4a92aed379abbcf54c5a92d19589b50e99c]]


******************************************************************

This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

9