RYAN S. LANDES (State Bar No. 252642)
ryanlandes@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 S Figueroa Street, Floor 10
Los Angeles, CA 90017-5003
Telephone: (213) 443-3145
Facsimile: (213) 443-3100

STACYLYN M. DOORE (admitted *pro hac vice*)
stacylyndoore@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Telephone: (617) 712-7100
Facsimile: (617) 712-7200

RACHEL E. EPSTEIN (admitted *pro hac vice*)
rachelepstein@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Plaintiff*
ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> PROTON MANAGEMENT LTD., a British Virgin Islands corporation; THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; SANTHIRAN NAIDOO; ENRIQUE ROMUALDEZ; and LUCAS VASCONCELOS, <br><br> Defendants. | Case No. 2:24-cv-8280-MWC-E <br><br> **DECLARATION OF STACYLYN M. DOORE IN SUPPORT OF SWAN'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER** <br><br> Judge: Hon. Michelle Williams Court <br><br> Complaint Filed: Sept. 25, 2024 <br> Am. Compl. Filed: Jan. 27, 2025 <br> Trial Date: May 4, 2026 |

**DECLARATION OF STACYLYN M. DOORE**

I, Stacylyn M. Doore, declare as follows:

1. I am a partner with the law firm Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") and am admitted *pro hac vice* to this court. I represent Plaintiff Electric Solidus, Inc. d/b/a Swan Bitcoin ("Swan") in the above-captioned matter. I submit this Declaration in connection with Swan's *Ex Parte* Application for a Temporary Restraining Order. Unless stated otherwise, this Declaration is based on my personal knowledge; if called as a witness I could and would testify as follows.

2. On June 11, 2025, I telephoned then emailed counsel for Defendants to notify them that Swan would be filing this *ex parte* application on June 11, 2025. Specifically, I spoke with Messrs. Matthew Kanny, Grant Fondo, Jaideep Venkatesan, and Adam Trigg by telephone on the morning of June 11, 2025 to provide further notice of Swan's *ex parte* application including the substance and date of filing of the application. I further notified counsel for Defendants by subsequent email on June 11, 2025 that any opposition must be filed no later than 24 hours after service of these papers, pursuant to the Court's standing order regarding *ex parte* applications.

3. Attached hereto as Exhibit A is a true and correct copy of a screenshot of Signal Chat messages between Defendant Michael "Alex" Holmes and Myles Watson, Chief Operating Officer at Aspen Creek Digital Corporation ("ACDC"), dated December 10, 2024. Copies of these Signal Chat messages were produced to Swan by ACDC in response to a subpoena in this action.

4. Attached hereto as Exhibit B is a true and correct copy of an email that Defendant Holmes sent on August 8, 2024, to the recipients identified on the face of that email.

5. Attached hereto as Exhibit C is a true and correct copy of the Certification of Formation of Limited Liability Company for Strange-Quark

Systems LLC, dated October 25, 2024 and filed with the State of Delaware's Secretary of State, Division of Corporations.

6. Attached hereto as Exhibit D is a true and correct copy of email correspondence from Max Berg, dated November 6, 2024, to the recipients identified on the face of that email, with accompanying attachments. Copies of this email and attachments were produced to Swan by ACDC in response to a subpoena in this action.

7. Attached hereto as Exhibit E is a true and correct copy of Defendant Proton Management Ltd.'s Supplemental Responses and Objections to Plaintiff's First Targeted Interrogatories, dated April 18, 2025.

8. Attached hereto as Exhibit F is a true and correct copy of a screenshot of messages exchanged between Defendant Enrique Romualdez and Myles Watson, Chief Operating Officer at ACDC, dated August 14-17, 2024. Copies of these messages were produced to Swan by ACDC in response to a subpoena in this action.

9. Attached hereto as Exhibit G is a true and correct copy of the Individual Defendants' Amended Objections and Responses to Plaintiff's First Interrogatories to Defendants, dated April 18, 2025.

10. Attached hereto as Exhibit H is a true and correct copy of a complaint filed in the matter of *In re Celsius Network LLC*, Case No. 22-10964 (MG), pending in the United States Bankruptcy Court for the Southern District of New York, dated August 9, 2024 (Dkt. 7594).

11. Attached hereto as Exhibit I is a true and correct copy of email correspondence from representatives of Standard Power Hosting Infra Company LLC, to former Swan employees Brett Hiley and Kartheek Sola, and Defendant Romualdez, dated May 14, 2025.

12. Attached hereto as Exhibit J is data produced by Satokie Hosting Solutions LLC to Swan in response to a subpoena in this action. The data represents the amount of Bitcoin earned by Swan and Proton's Bitcoin mining operations at a

1  site hosted by Satokie Hosting Solutions LLC, on a daily basis, from May 15, 2024,
2  through March 31, 2025.  Exhibit J also includes a bar chart created by counsel
3  depicting the data.

4      13.    Attached hereto as Exhibit K is a true and correct copy of email
5  correspondence from Robert Vrtis at Fusion Industries, LLC, dated March 18, 2025,
6  to the recipients identified on the face of that email.  A copy of this email was
7  produced to Swan by Fusion Industries, LLC, in response to a subpoena in this
8  action.

9      14.    Attached hereto as Exhibit L is a true and correct copy of the
10 Memorandum in Support of Plaintiff's Motion for Preliminary Injunction filed in
11 *Stirling Mortimer Glob. Prop. Fund PCC Ltd. v. Roberts*, No. 2:13-CV-00301-
12 GMN, Dkt. 37-1 (D. Nev. March 5, 2013).

13     15.    Attached hereto as Exhibit M is a true and correct copy of email
14 correspondence between counsel for ACDC and counsel for Swan, dated May 1,
15 2025, regarding ACDC's production in response to the subpoena to ACDC served
16 by Swan in this action.

17     16.    Attached hereto as Exhibit N is a true and correct copy of email
18 correspondence from Zachary Lyons to Raphael Zagury and other representatives
19 of Swan and Tether Investments Ltd., dated December 5, 2023.  Exhibit N appends
20 to that email chain an attachment that Mr. Zagury sent on December 5, 2023, as
21 referenced in an earlier email from Mr. Zagury in that chain.

22     17.    Attached hereto as Exhibit O is a true and correct copy of a screenshot
23 of Signal Chat messages between Defendant Holmes and Myles Watson, Chief
24 Operating Officer at ACDC, dated June 17, 2024.  Copies of these Signal Chat
25 messages were produced to Swan by ACDC in response to a subpoena in this action.

26     18.    Attached hereto as Exhibit P is a copy of Swan's proposed targeted
27 discovery requests to Defendant Proton Management Ltd.
28

| | | |
|---|---|---|
| 1 | DATED:  June 11, 2025 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | By  *Stacylyn M. Doore* |
| 4 | | STACYLYN M. DOORE (admitted *pro hac vice*) stacylyndoore@quinnemanuel.com |
| 5 | | 111 Huntington Avenue, Suite 520 Boston, MA 02199 |
| 6 | | Telephone:  (617) 712-7100 Facsimile:   (617) 712-7200 |
| 7 | | |
| 8 | | *Attorneys for Plaintiff* ELECTRIC SOLIDUS, INC. |
| 9 | | *d/b/a* SWAN BITCOIN |