# EXHIBIT P

RYAN S. LANDES (State Bar No. 252642)
ryanlandes@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 S Figueroa Street, Floor 10
Los Angeles, CA 90017-5003
Telephone: (213) 443-3145
Facsimile: (213) 443-3100

STACYLYN M. DOORE (admitted *pro hac vice*)
stacylyndoore@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Telephone: (617) 712-7100
Facsimile: (617) 712-7200

RACHEL E. EPSTEIN (admitted *pro hac vice*)
rachelepstein@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
[Additional counsel on signature page]

*Attorneys for Plaintiff*
*ELECTRIC SOLIDUS. INC. d/b/a SWAN BITCOIN*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROTON MANAGEMENT LTD., a British Virgin Islands corporation; THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; SANTHIRAN NAIDOO; ENRIQUE ROMUALDEZ; and LUCAS VASCONCELOS,<br><br>Defendants. | **Case No.: 2:24-cv-8280-MWC-E**<br><br>**PLAINTIFF'S TARGETED REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PROTON MANAGEMENT LTD. IN AID OF TEMPORARY RESTRAINING ORDER**<br><br>Judge:  Hon. Michelle Williams Court<br><br>Complaint Filed: Sept. 25, 2024<br>Am. Compl. Filed: Jan. 27, 2025<br>Trial Date: May 4, 2026 |

PROPOUNDING PARTY:     Electric Solidus, Inc., d/b/a Swan Bitcoin.

RESPONDING PARTIES:    Proton Management Ltd.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Electric Solidus, Inc., d/b/a Swan Bitcoin ("**Swan**"), by and through its counsel, respectfully requests that Proton Management Ltd. ("**Proton**") produce the following documents to the offices of Quinn Emanuel Urquhart & Sullivan LLP, 865 S Figueroa Street, Floor 10, Los Angeles, CA 90017-5003 which production shall be substantially completed within 3 days of service of these Requests. The following requests (the "Requests," and each, a "Request") are continuing in nature, such that, if You obtain or discover additional responsive documents and items at a later date, such documents and items are to be produced to Swan.

## DEFINITIONS & INSTRUCTIONS

1. "**Action**" means the above-captioned litigation.

2. "**Communication**" means any act or instance of transferring, transmitting, passing, delivering, or giving information (in the form of facts, ideas, inquiries, or otherwise) by written or electronic means, including but not limited to statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, contracts, notes (handwritten, typed, or otherwise), summaries, memoranda, reports, presentations, submissions or filings to any government agency or entity, understandings, meetings, or any other direct or indirect disclosure in any form, including but not limited to audio, video, digital, electronic, or paper form, and any draft Communication in such form, whether or not the Communication was ever disclosed, sent, or transmitted.

3. "**Document(s)**" means hard-copy documents or electronically-stored information ("ESI") and shall include, without limitation, any communication, writing, drawing, graph, chart, recording, photograph, videotape, email, electronic file, data compilation, computer database, source code, or other item containing

information of any kind of nature, however produced or reproduced, whether an original or a duplicate, whatever its origin or location and regardless of the form in which such information exists or is maintained, including any documents shared via a Google Drive or Dropbox platform. A draft or non-identical copy is a separate document within the meaning of this term.

4. The term "**Proton**" or "**You**" means Defendant Proton Management Ltd. and any of its members, employees, representatives, officers, directors, managers, agents, attorneys, and any other persons acting or purporting to act on its behalf.

5. The term "**Proton's Affiliates**" means Proton's assigns, predecessors, parents, subsidiaries, and any other entities acting or purporting to act on its behalf, including but not limited Elektron Management LLC, Elektron Enterprises LLC, any other entity affiliated with Proton and doing business under the name "Elektron" or a similar name, and Strange-Quark Systems, LLC.

6. "**Concern**" or "**Concerning**" means mentioning, concerning, showing, discussing, reflecting, relating to, referring to, describing, memorializing, embodying, constituting, analyzing, evidencing, supporting, or contradicting the matter referenced in the individual Request using this term.

7. The terms "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

8. The terms "**all**," "**any**," and "**each**" shall be construed broadly and mean all, any, and each as necessary so as to bring within the scope of a Request all Documents that might otherwise be construed to be outside of its scope.

9. The terms "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary so as to bring within the scope of a Request all Documents that might otherwise be construed to be outside of its scope.

10. The term "**including**" means including but not limited to.

11. The terms "**relating to**," "**related to**," and "**in connection with**" mean to any extent, relating to, referring to, reflecting, and their variants and shall be construed to bring within the scope of the requests any information and Document that explicitly or implicitly comprises, evidences, embodies, constitutes, describes, responds to, reflects, was reviewed in conjunction with, or was generated as a result of, the subject matter of the request.

12. The singular includes the plural and vice versa.

## INSTRUCTIONS

1. Unless otherwise indicated, the responsive timeframe for the Requests is **August 2, 2024 to the present** (the "**Relevant Period**"). If a response to a Request necessitates a broader timeframe, You must provide responsive responses, notwithstanding that such responses apply to a timeframe before August 2, 2024.

2. You must furnish all responsive, non-privileged Documents within Proton's possession, custody or control, including any Documents or Communications in Proton's constructive possession whereby Proton has the right to compel production of Documents from a third party, as well as those that are reasonably available to Proton, including Documents and Communications in the possession of Proton's agents, representatives, consultants, accountants, attorneys, advisors, investigators, or any and all Persons acting on Proton's behalf or at its direction.

3. If You claim that the attorney-client privilege, attorney work product doctrine, or any other privilege applies to any Document or Communication, the production of which is called for by these Requests, state the part of each Request as to which you raise objection, set forth the basis of your claim of privilege with respect to such information as you refuse to give, and for each such Document or Communication, state, among other required information, its date, subject matter, author(s), recipient(s), custodian, and such additional information concerning the

claim of privilege or work product doctrine as will permit the adjudication of the propriety of the claim of privilege.

4. If a Document or other information is stored electronically, the Document or other information shall be produced in native electronic format. In conjunction with the production of any ESI, all metadata and other bibliographic or historical data that relates to such electronically stored information shall also be produced.

5. The foregoing instructions are not intended to limit Your obligations under the Federal Rules of Civil Procedure or any other applicable rule, regulation, or law. As such, if any of the foregoing instructions is deemed to require the provision of less information than otherwise would be required by the Federal Rules of Civil Procedure or any other applicable rule, regulation, or law, then such other rule, regulation, or law is to govern in relevant part.

6. If You object to the scope or breadth of a Request, state the objection and the basis for the objection in writing and with particularity, and produce documents that You believe are within the proper scope or breadth, notwithstanding Your objection.

7. Review and reasonably search all relevant files of all appropriate entities and Persons within Your possession, custody, or control to produce documents responsive to each Request.

8. Each Request is independent. No Request limits the scope of any other Request.

9. Capitalized terms not defined herein shall have the meaning ascribed to them in the Complaint.

10. The use of defined terms apply whether or not they are capitalized.

11. The past tense shall be construed to include the present tense and vice versa.

12. References to entities or corporations other than natural persons shall be deemed to include, in addition to the entity named, its divisions, departments, subsidiaries, affiliates, parents, predecessors, present or former officers, present or former directors, employees, agents, representatives, accountants and attorneys, successors, and all other Persons acting or purporting to act on behalf of each such entity or corporation.

13. Subject to any subsequent stipulations entered into between the parties, all produced ESI shall be accompanied by searchable text as applicable, with metadata and in the format as specified in Instructions 14 and 15 below.

14. You shall produce metadata associated with responsive Documents and make it reasonably accessible to Plaintiff, including the following categories of metadata: Beginning Bates Number, Ending Bates Number, Beginning Bates Number-Family, Ending Bates Number-Family, Custodian, File Name, File Extension, Author (from application metadata), From (for email messages), To (for email messages), CC (for email messages), BCC (for email messages), Title (from application metadata) combined with email subject, DATE Sent and Received (for email messages), Time Sent and Received (for email messages), DATE Created, Time Created, DATE, DATE Modified, Time Modified, Page Count, MD5HASH, and TEXT. Swan reserves the right to request the production of native copies of responsive Documents where the produced metadata is incomplete.

15. Where the Documents responsive to a Request are stored electronically, the Documents shall be produced in the following form:

    a. single-page TIFF files;

    b. LFP or OPT load file and Concordance DAT file that includes, but is not limited to, the following metadata fields: author, recipient, from, cc, bcc, subject, attachment, family group, DATE and time sent, DATE and time created, DATE and time received, page

        count, beginning Document/Bates number and ending Document/Bates number;

   c. for emails, msg files with file names that match the "BEG_BATES" numbers;

   d. for all other ESI, including any responsive Excel spreadsheets, databases, or other structured data, native files with file names that match the "BEG_BATES" numbers; and

   e. metadata load file formatted as either a Concordance DCB file or a delimited ASCII file, with 20; 254; 174 delimiters.

16. Non-ESI Documents shall be scanned, processed with optical character recognition (OCR), and produced in the same manner. Documents from any single file shall be produced in the same order as they were found in such file. All tabs, labels, folders, envelopes, jackets, or any identification of the source of the Documents shall also be scanned and produced as part of the Documents.

17. If no Documents, Communications, information, or things exist that are responsive to a particular Request, then that fact should be stated in the response to such Request.

18. As to any requested Documents or Communications which no longer exist, but which existed at one time, identify and describe such document(s) or communication(s) as completely as possible and identify the last known location of the document(s) or communication(s) and the reason the document(s) or communication(s) no longer exist.

19. If, after responding, You obtain or become aware of additional or different responsive information, then You must amend or supplement Your responses promptly.

# REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications regarding Proton's or Proton's Affiliates' plans to transfer and/or actual transfer of Bitcoin mining assets or other non-monetary assets out of Proton's direct control, including, but not limited to, communications regarding structuring agreements and/or business relationships such that assets would not go to Proton.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to show, for any assets, Bitcoin, cryptocurrency, funds, or money transferred from Proton, whether and to where those assets, Bitcoin, cryptocurrency, funds, or money that originated from Proton have been transferred and currently are located.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show, for all Bitcoin mined on behalf of, at the direction of, or under management of Proton: (a) the wallet address(es) to which that Bitcoin has been deposited, the Persons with access to or control over each wallet, and the corporate ownership of each Person; and (b) the amount of Bitcoin deposited in each wallet, and when deposited.

| | |
|---|---|
| 1    DATED: _____ | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By /s/_____
    RYAN S. LANDES (State Bar No. 252642)
    ryanlandes@quinnemanuel.com
    865 S Figueroa Street, Floor 10
    Los Angeles, CA 90017-5003
    Telephone: (213) 443-3145
    Facsimile: (213) 443-3100

    STACYLYN M. DOORE (*pro hac vice*)
    stacylyndoore@quinnemanuel.com
    111 Huntington Avenue, Suite 520
    Boston, MA 02199
    Telephone: (617) 712-7100
    Facsimile: (617) 712-7200

    RACHEL E. EPSTEIN (*pro hac vice*)
    rachelepstein@quinnemanuel.com
    295 Fifth Avenue
    New York, NY 10016
    Telephone: (212) 849-7000
    Facsimile: (212) 849-7100

    JEFFREY WILLIAM NARDINELLI (State Bar No. 295932)
    jeffnardinelli@quinnemanuel.com
    50 California Street 22nd Floor
    San Francisco, CA 94111
    Telephone: 415-875-6600
    Facsimile: 415-875-6700

    AUSTIN BUSCHER (State Bar No. 346456)
    austinbuscher@quinnemanuel.com
    555 Twin Dolphin St., Fifth Floor
    Redwood Shores, CA 94065
    Telephone: (650) 801-5000
    Facsimile: (650) 801-5100

*Attorneys for Plaintiff*
*ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN*