1  GRANT P. FONDO (SBN 181530)
   *GFondo@goodwinlaw.com*
2  **GOODWIN PROCTER** LLP
   601 Marshall Street
3  Redwood City, CA 94063
   Tel: +1 650 752 3100
4  Fax: +1 650 853 1038

5  MATTHEW P. KANNY (SBN 167118)
   *MKanny@goodwinlaw.com*
6  AARON S. THOMPSON (SBN 272391)
   *AThompson@goodwinlaw.com*
7  **GOODWIN PROCTER** LLP
   520 Broadway, Suite 500
8  Santa Monica, CA  90401-2449
   Tel.: +1 424 436 3001
9  Fax: +1 424 316 3280

10  AMANDA H. RUSSO (SBN 319617)
    *ARusso@goodwinlaw.com*
11  **GOODWIN PROCTER LLP**
    601 South Figueroa Street, Suite 4100
12  Los Angeles, California 90017
    Tel.: +1 213 426 2500
13  Fax: +1 213 623 1673

14  *Attorneys for Defendants Thomas Patrick*
    *Furlong, Ilios Corp., Michael Alexander*
15  *Holmes, Rafael Dias Monteleone,*
    *Santhiran Naidoo, Enrique Romualdez,*
16  *and Lucas Vasconcelos*

17

**UNITED STATES DISTRICT COURT**

18

**CENTRAL DISTRICT OF CALIFORNIA**

19

**WESTERN DIVISION**

20

| | |
|---|---|
| 21  ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware 22  corporation, | Case No. 2:24-cv-8280-MWC-E |
| 23            Plaintiff | **DEFENDANTS THOMAS PATRICK FURLONG, ILIOS CORP., MICHAEL ALEXANDER** |
| 24       v. | **HOLMES; RAFAEL DIAS MONTELEONE, SANTHIRAN** |
| 25  PROTON MANAGEMENT LTD., a British Virgin Islands corporation; | **NAIDOO, ENRIQUE ROMUALDEZ, AND LUCAS** |
| 26  THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; | **VASCONCELOS'S OPPOSITION TO PLAINTIFF'S *EX PARTE*** |
| 27  MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; | **APPLICATION FOR TEMPORARY RESTRAINING** |
| 28  SANTHIRAN NAIDOO; ENRIQUE | **ORDER** |

Judge:   Hon. Michelle Williams Court

| | |
|---|---|
| 1 | ROMUALDEZ; and LUCAS VASCONCELOS, | Date: June 13, 2025<br>Time: 9:00 a.m. |
| 2 | | Courtroom:  6A, 6th Floor |
| 3 | Defendants. | Complaint Filed: Sept. 25, 2024<br>Am. Complaint Filed: Jan. 27, 2025 |
| 4 | | |

1    Defendants Thomas Patrick Furlong ("Furlong"), Ilios Corporation, Michael
2  "Alex" Holmes ("Holmes"), Rafael Dias Monteleone ("Monteleone"), Santhiran
3  Naidoo ("Naidoo"), Enrique Romualdez ("Romualdez"), and Lucas Vasconcelos
4  ("Vasconcelos") (collectively, the "Individual Defendants") hereby respectfully
5  submit this Opposition to Plaintiff Electric Solidus, Inc. d/b/a/ Swan Bitcoin's
6  ("Plaintiff" or "Swan") *ex parte* application to lift the stay as to Defendant Proton
7  Management Ltd. ("Proton") and to temporarily freeze its assets, in addition to
8  scheduling a preliminary injunction hearing requiring Defendants Holmes and
9  Naidoo to appear in Court at a hearing on the preliminary injunction and ordering
10  expediting discovery.  ECF No. 222.

11    In its *ex parte* application, Swan claims that it seeks to lift the stay against
12  Defendant Proton only, but it appears, in effect, that Swan is also seeking relief
13  against the Individual Defendants in violation of the automatic, mandatory stay.  *See*
14  ECF No. 218 (ordering a stay under *Coinbase, Inc. v. Bielski*, 599 U.S. 736
15  (2023)).  In the relief sought by Swan, Swan seeks an injunction not only against
16  Defendant Proton, but also against "all 'persons who are in active concert or
17  participation' [quoting Fed. R. Civ. P. 65(d)(2)(C)] with it," from transferring
18  property "in *their* possession, custody or control," spending any money held in any
19  bank account "under *their* control," and to freeze bank accounts of all persons who
20  are in active concert or participation with Defendant Proton.  *See* ECF No. 222-19,
21  ¶¶ 6, 7 (emphases added).  To start, Swan cannot leverage Rule 65(d)(2)(C)'s "active
22  concert or participation" language in that way.  Any potential order directed to Proton
23  (which should be denied for the reasons stated in Proton's opposition to Swan's *ex*
24  *parte* application) would bind anyone in "active concert or participation" with Proton
25  from acting to cause *Proton* to violate the order.  But that is a far cry from freezing
26  *the personal bank accounts* of any person who works with Proton.

27    To the extent Swan is seeking any relief against the Individual Defendants or

28

1    to freeze any bank accounts under their control (e.g., their personal bank accounts),
2    such relief is wholly improper.  The case remains stayed as to the Individual
3    Defendants—and that stay is jurisdictional under *Coinbase,* as this Court has
4    recognized.  ECF No. 218 at 5-6.  Swan does not argue otherwise.  As such, the Court
5    has no jurisdiction to award any relief against the Individual Defendants while the
6    appeal is pending.  Moreover, Swan's claim that the "Individual Defendants have
7    repeatedly conceded that the Consulting Agreements allow for [this] kind of interim
8    relief" is wrong.  ECF No. 221-1 at 17.  The Individual Defendants have argued that
9    interim relief is only appropriate in aid of arbitration—meaning until such time as an
10   arbitration is filed and the issue regarding interim relief can be heard by the
11   arbitrator.  Here, nine months after it filed this lawsuit, Swan still has not filed any
12   arbitration—had it done so, interim injunctive relief could have been sought by Swan
13   in arbitration, the parties' chosen forum.  *See, e.g., Dobson v. Crawford,* 2023 WL
14   2347425, *6 (C.D.Cal. Jan. 13, 2023) (denying injunctive relief where plaintiff's
15   actions strongly suggested he sought an alternative forum for injunctive relief rather
16   than interim injunctive relief in aid of arbitration).

17        For these reasons, and the reasons stated in Defendant Proton's opposition,
18   which the Individual Defendants incorporate herein by reference, to the extent Swan
19   is seeking any relief against the Individual Defendants, such relief should be denied.[1]

20
21
22
23
24
25
26
27   _____
[1] Separately, Defendants Naidoo and Holmes object to Swan's request for them to
     appear, in person, at a hearing on a preliminary injunction, should the Court decide
28   to grant one.  Defendant Naidoo resides in South Africa, and there is no indication
     at this time that any testimony is even necessary or appropriate.

1

2    DATED:  June 12, 2025

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

GOODWIN PROCTER LLP


By  */s/ Grant P. Fondo*
GRANT P. FONDO (SBN 181530)
*GFondo@goodwinlaw.com*
MATTHEW P. KANNY (SBN 167118)
*MKanny@goodwinlaw.com*
AMANDA H. RUSSO (SBN 319617)
*ARusso@goodwinlaw.com*
AARON S. THOMPSON (SBN 272391)
*AThompson@goodwinlaw.com*
**GOODWIN PROCTER LLP**

*Attorneys for Defendants Thomas Patrick Furlong, Ilios Corp., Michael Alexander Holmes, Rafael Dias Monteleone, Santhiran Naidoo, Enrique Romualdez, and Lucas Vasconcelos*