DANIEL J. BERGESON, SBN 105439
dbergeson@be-law.com
REBECCA KAUFMAN, SBN 199534
rkaufman@be-law.com
JAIDEEP VENKATESAN, SBN 211386
jvenkatesan@be-law.com
ADAM C. TRIGG, SBN 261498
atrigg@be-law.com
BERGESON, LLP
111 N. Market Street, Suite 600
San Jose, CA 95113
Telephone:  (408) 291-6200
Facsimile:   (408) 297-6000

Attorneys for Defendant
PROTON MANAGEMENT LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROTON MANAGEMENT LTD., a British Virgin Islands corporation; THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; SANTHIRAN NAIDOO; ENRIQUE ROMUALDEZ; and LUCAS VASONCELOS,<br><br>Defendants. | Case No. 2:24-cv-8280-MWC-E<br><br>**APPLICATION FOR LEAVE TO FILE UNDER SEAL DEFENDANT PROTON MANAGEMENT LTD.'S OPPOSITION TO PLAINTIFF ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER [Dkt. 222]**<br><br>Date:  June 13, 2025<br>Time:  9:00 a.m.<br>Place:  Courtroom 6A, 6th Fl.<br>Judge:  Hon. M. Williams Court<br><br>Am. Compl. Filed: Jan. 27, 2025 |

Pursuant to Local Rule 79-5, Defendant Proton Management Ltd. ("Proton"), through counsel, respectfully seeks leave to file under seal portions of certain documents filed in support Proton's Opposition to Plaintiff Electric Solidus, Inc. d/b/a Swan Bitcoin's *Ex Parte* Application for Temporary Restraining Order (the "Opposition". This application for leave to file under seal ("Application") is based on the following Memorandum of Points and Authorities, the accompanying Declaration of Adam C. Trigg, any oral argument that this Court may entertain, and any of the filings by Proton.

Proton seeks to redact a narrow portions of the Declaration of San Naidoo and the memorandum of points and authorities filed in support of the Opposition, which include confidential information relating to Proton's assets and operations, as well as information confidential to Swan. Proton is proceeding ex parte, but the parties have not opposed previous requests to seal information, subject to reservations of rights to challenge any assertion that any sealed materials are confidential and to challenge any confidentiality designations under the Protective Order.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.    LEGAL STANDARD

There is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F. 3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F. 3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *See Pintos v. Pac. Creditors Ass'n*, 605 F. 3d 665, 678 (9th Cir. 2010).

Compelling reasons exist to redact narrow portions of the documents. Courts regularly keep similar confidential business discussions under seal. See *Medtronic, Inc. v. Axonics Modulation Techs., Inc.*, No. 8:19-CV-02115-DOC-JDE, 2023 U.S. Dist. LEXIS 187385, at *3-4 (C.D. Cal. Aug. 31, 2023) ("[C]ourts have held that 'license agreements, financial terms, details of confidential licensing negotiations,

1  and business strategies' constitute 'compelling reasons' to prevent competitors from
2  leveraging this information to harm the designating parties in future negotiations.")
3  (quoting DeMartini v. Microsoft Corp., No. 22-CV-08991-JSC, 2023 U.S. Dist.
4  LEXIS 109855,at *2 (N.D. Cal. June 26, 2023)); Exeltis USA Inc. v. First
5  Databank, Inc., No. 17-CV-04810-HSG, 2020 U.S. Dist. LEXIS 95701, at *3 (N.D.
6  Cal. June 1, 2020) (stating that "'confidential business information' in the form of . .
7  . 'business strategies'" is sealable under the compelling reasons standard); *Tevra
8  Brands LLC v. Bayer HealthCare LLC*, No. 19-CV-04312-BLF, 2024 U.S. Dist.
9  LEXIS 82430, at *4 (N.D. Cal. May6, 2024) (granting motion to seal "confidential
10 and competitively" sensitive information relating to the details of Bayer's retailer
11 agreements and identity of retailers with whom Bayer contracts); *Monster Energy
12 Co. v. Vital Pharms., Inc.*, No. ED-CV-18:1882-JGB-SHK-X, 2019 U.S. Dist.
13 LEXIS 120114 (C.D. Cal. June 17, 2019) (collecting similar cases).
14         Courts also regularly seal trade secrets and related confidential information
15 *Kamakana*, 447 F.3d at 1179. Even where records do not include trade secrets, they
16         may still be sealed where they could be a "source[ ] of business information
17 that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler
18 Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal quotations omitted). In
19 such circumstances, district courts have "broad latitude to grant protective orders to
20 prevent disclosure of . . . trade secrets or other confidential research, development,
21 or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
22 307 F.3d 1206, 1211 (9th Cir. 2002); *Pena v. Experian Info. Sols., Inc.*, No. 8:22-
23 CV-01115-SSS-ADSX, 2024 WL 4800496, at *2 (C.D. Cal. Oct. 1, 2024) (granting
24 motion to seal "trade secrets"); *In re Qualcomm Litig.*, No. 3:17-CV-00108-GPC-
25 MDD and 3;17-Cv-01010-GBC-MDD,  2019 U.S. Dist. LEXIS 62055 , at *33-34
26 (S.D. Cal. Apr. 10, 2019) (same).
27         Here, Proton seeks limited redaction of highly confidential information
28 related to Proton's assets and operations.  Trigg Declaration.  Swan would suffer

harm if this highly sensitive information was disclosed to the public. Specifically, Proton seeks leave to file under the seal the following documents:

- Memorandum in support of Proton's Opposition. The highlighted portions at pages 3-4 and 9-11 are highly confidential proprietary business, financial, and commercially sensitive information relating to Proton's assets and operations.
- Declaration of San Naidoo. The highlighted portions at paragraphs 2, 4, and 5 are highly confidential proprietary business, financial, and commercially sensitive information relating to Proton's assets and operations.

## II. CONCLUSION

For the foregoing reasons, Proton respectfully requests that the Court grant this Application to file under seal.

Dated: June 12, 2025

Respectfully submitted,

BERGESON, LLP

By: /s/ Adam C. Trigg
     Adam C. Trigg

Attorneys for Defendant
PROTON MANAGEMENT LTD.