# EXHIBIT 1

| From: | Adam Trigg <atrigg@be-law.com> |
|---|---|
| Sent: | Thursday, May 8, 2025 8:15 PM |
| To: | Ryan Gorman; Daniel Bergeson; Rebecca Kaufman; Jaideep Venkatesan |
| Cc: | QE-Swan |
| Subject: | RE: Swan/Proton - Discovery Correspondence |

[EXTERNAL EMAIL from atrigg@be-law.com]

Ryan,

As I indicated in my email on Monday, we wish to continue to engage on discovery matters, including supplementing responses and producing documents to the extent Proton agrees to do so as a good faith effort to resolve a discovery dispute, and meeting and conferring on any disagreements, in good faith and so as to not delay the resolution of those issues. However, Swan has taken the position that merely "engaging in discovery" constitutes a waiver of Proton's right to compel arbitration.  While we disagree with this contention, to fully protect Proton's rights, we cannot continue to engage on discovery matters unless and until Swan agrees not to use Proton's good faith engaging in discovery matters as a basis to argue that Proton has waived its right to compel arbitration.  Swan has refused to so agree, and therefore it is evident that Swan intends to insist that Proton engage on discovery matters while at the same time using any engagement by Proton on discovery issues as a basis to argue that Proton has waived its right to compel arbitration, which is improper.  Therefore, to fully protect Proton's rights, we must decline to respond to your email below.

Thanks,
Adam

## Adam C. Trigg  |  Bergeson LLP
Partner

O 408.291.6200  |  D 408.291.2754

Silicon Valley Office  |  San Francisco Office  |  Beverly Hills Office
Website  |  vCard  |  Email  |  Bio  |  LinkedIn  |  Disclaimer

From: Ryan Gorman <ryangorman@quinnemanuel.com>
Sent: Wednesday, May 7, 2025 3:53 PM
To: Adam Trigg <atrigg@be-law.com>; Daniel Bergeson <dbergeson@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>
Cc: QE-Swan <qe-swan@quinnemanuel.com>
Subject: RE: Swan/Proton - Discovery Correspondence

Adam,

We write regarding Proton's objections to Swan's Second Sets of RFPs and Interrogatories.

First, we understand that—consistent with Proton's responses to those discovery requests and the parties' April 18 conferral—Proton will be producing documents in response to RFPs 5-15, 21-22, 27, 36-38, 50-52 and 56 without

limitation, and will be producing documents in response to RFPs 35 and 53 as narrowed in our April 23 email. If that understanding is somehow incorrect, please let us know immediately.

Second, we understand that Proton is refusing to produce documents in response to RFPs 16-20, 23-26, 28-34, 39-48, 55, 57 & 58, or to provide substantive answers to Interrogatories 6, 8 & 9, based on objections to Swan's trade secret identification. We intend to move to compel Proton to comply with these requests, and will ask Magistrate Judge Eick to overrule Proton's objections to the sufficiency of Swan's trade secret identification. When we served Defendants with Swan's motion to compel Defendants to comply with Swan's targeted discovery requests, Defendants withdrew their objections to Swan's trade secret identification with respect to those discovery requests. Please let us know whether Proton intends to stand on its objections to Swan's trade secret identification with respect to these requests, or if Proton intends to withdraw that objection in an attempt to moot any dispute regarding these requests (as Proton did previously). Additionally, as discussed during the parties' April 18 conferral, we understand that objection is the sole basis upon which Proton is refusing to provide discovery in response to the aforementioned requests, and that, aside from that objection, Proton is willing to provide complete responses to those interrogatories and produce responsive documents, without narrowing or withholding on the basis of other objections. Please let us know if that is incorrect.

Finally, as explained in our April 29 email, Proton has improperly narrowed (or failed to fully respond to) Interrogatories 7 and 10. Please confirm that Proton will respond in full to these interrogatories, including correcting the below deficiencies.

Please provide this information by no later than 5pm PT tomorrow.

Thanks,

Ryan Gorman
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7132 Direct (Office)
617.712.7100 Main Office Number
617.712.7200 FAX
ryangorman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

From: Ryan Gorman
Sent: Tuesday, April 29, 2025 3:31 PM
To: Adam Trigg <atrigg@be-law.com>; Daniel Bergeson <dbergeson@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>
Cc: QE-Swan <qe-swan@quinnemanuel.com>
Subject: RE: Swan/Proton - Discovery Correspondence

Adam,

We write to follow up on Proton's responses to Swan's Second Sets of RFPs and Interrogatories, to which Proton served supplemental responses last Friday.

RFPs and Document Productions. We understand from Proton's supplemental responses to Swan's Second Set of RFPs that Proton has agreed as follows regarding the RFPs discussed during our April 18th conferral:

- <u>RFP 35.</u> Proton will produce "non-privileged documents...concerning indemnification of Proton Management Ltd. or its employees and consultants concerning the allegations in the Amended Complaint." We expect that production will include any documents concerning the indemnification of Proton or its employees and consultants concerning their leaving Swan to work for Proton, Proton and its agents' retention of Swan documents, Proton and its agents' providing mining services to 2040 and/or Tether, and Proton and its agents' operation of Swan's former mining sites.

- <u>RFPs 36-38, 51.</u> Proton will produce documents responsive to these requests as originally propounded.

- <u>RFP 53.</u> Proton will produce communications between Proton and/or its employees, consultants, and agents and Marlin Capital, including but not limited to communications involving Zachary Lyons, "concerning the allegionts [allegations] in the Amended Complaint." We expect that production will include any communications concerning former Swan employees' leaving Swan to work for Proton (or any other company); Proton and its agents' retention of Swan documents; Proton's replacing Swan as manager of 2040 Energy; Proton and its agents' providing mining services to Tether; and Proton and its agents' operation of Swan's former mining sites.

As discussed during our April 18th conferral, you stated that Proton would be searching for responsive documents within its possession, custody, or control, including those in the possession of Proton employees, consultants, or others doing work for Proton. We asked that you provide us with additional details concerning Proton's search efforts. It has now been eleven days since our call, and we have yet to receive any information concerning the scope off Proton's review efforts. As soon as possible, please identify (i) the custodians that Proton will be or has been searching; (ii) for each custodian, the repositories and devices that Proton is searching; (iii) the date range that Proton is applying to searches of those repositories and devices; and (iv) any non-custodial repositories that Proton is searching, as well as the date range that Proton is using for those searches. We also reiterate our request in our April 23 email that you identify all devices that Proton employees or agents previously provided to a third-party discovery vendor, *see* Doore Jan. 24, 2025 Email, and state whether Proton is searching those devices for responsive documents. It should be easy for Proton to provide this information now, particularly since Proton will be producing documents this week. At this point, you should know where you collected documents from.

Finally, during our April 18th conferral, you stated that Proton would be producing responsive documents this week. Please provide a date certain for that document production.

<u>Interrogatories.</u> Proton's supplemental responses to Swan's Second Set of Interrogatories included answers to Interrogatories 7 and 10. However, those answers are deficient, for at least the following reasons.

- <u>Interrogatory 7.</u> This interrogatory asks Proton to "[i]dentify all persons who have been or are engaged to do work on [Proton's] behalf related to Bitcoin mining, including identifying (i) the name of each person; (ii) each person's title, roles, and responsibilities; (iii) where each person resides; and (iv) dates during which that person has been engaged by [Proton]." Proton stated that, "[p]ursuant to Federal Rule of Civil Procedure 33(d)," it "refers Plaintiff to the documents in its forthcoming production of documents that show the information sought by this interrogatory." Proton's invocation of Rule 33(d) is improper, for reasons we have explained in connection with Proton's supplemental responses to Swan's Targeted Interrogatories. *See* Gorman April 24, 2025 Email. Proton cannot rely on "forthcoming" document productions, and must do more than simply "refer" Swan to yet-to-be-produced documents. *See, e.g.*, *Davis v. Pinterest*, 2021 WL 3044957, at *3 (N.D. Cal. July 20, 2021); Fed. R. Civ. P. 33(d)(1). Please immediately produce the documents that Proton "refers" to and supplement the response to this interrogatory to specifically identify, by Bates, the produced documents from which Defendants contend Swan can readily locate information responsive to this interrogatory.

- <u>Interrogatory 10.</u> This interrogatory asks Proton to "[d]escribe all devices and all ephemeral messaging applications on those devices (including, but not limited to, Signal, Telegram, and WhatsApp) that [Proton] or any of [Proton's] employees, consultants, or agents uses or has used to discuss Bitcoin

3

mining operations." The sum total of Proton's response was: "Individuals providing services to Proton use computers provided by Proton and may use their personal mobile phones to discuss the services related to Bitcoin mining that Proton provides. The messaging applications used by Proton and the individuals providing services to Proton include Signal, Telegram, MatterMost, and WhatsApp, however it is not Proton's policy to have messaging applications set for ephemeral messaging."

This response fails to identify:

a.  Which specific "[i]ndividuals providing services to Proton" use computers provided by Proton;

b.  Which specific individuals providing services to Proton use their personal mobile phones to discuss the services related to Bitcoin mining that Proton provides;

c.  Which specific individuals providing services to Proton use Signal, Telegram, MatterMost, and/or WhatsApp to discuss their provision of services to Proton; and

d.  Whether those specific individuals use ephemeral messaging settings when sending messages from those platforms.

Please immediately supplement Proton's responses to these interrogatories to remedy these deficiencies. Based on Proton's responses to these interrogatories, Proton has presumably already investigated these issues and should be able to provide the at-issue information promptly.

If we do not receive confirmation that Proton will promptly address these issues by Thursday, May 1, we will understand that Proton is refusing to do so, and that the parties will need the Court's assistance to resolve that refusal.

Swan reserves all rights.

Thanks,

Ryan Gorman
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7132 Direct (Office)
617.712.7100 Main Office Number
617.712.7200 FAX
ryangorman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

From: Ryan Gorman
Sent: Wednesday, April 23, 2025 11:21 AM
To: Adam Trigg <atrigg@be-law.com>; Daniel Bergeson <dbergeson@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>
Cc: QE-Swan <qe-swan@quinnemanuel.com>
Subject: RE: Swan/Proton - Discovery Correspondence

Adam,

We write to memorialize the parties' April 18 conferral regarding Proton's Objections to Swan's Second Sets of RFPs and Interrogatories.

Proton's Production of Documents and Supplemental Responses to Interrogatories.  During our call, you confirmed that Proton will be producing documents in response to a subset of RFPs to which Proton had previously refused to produce responsive documents.  Specifically, you confirmed—consistent with Proton's April 17 email regarding the RFPs—that Proton is withdrawing its objections to the RFPs that were not identified in your April 17 email—*i.e.*, RFPs 5-15, 21-22, 27, 51-52 and 56.  *See also* Trigg Apr. 17, 2025 Email.  You stated that Proton expected to produce documents in response to these requests within two weeks of our call (Friday, May 2).

Similarly, you confirmed that Proton will be providing substantive supplemental responses to the Interrogatories not named in your April 17 email—*i.e.*, Interrogatories 7 and 10.  You stated that Proton intended to provide those supplements this week.

Scope of Proton's Document Search Efforts.  During our call, we discussed Proton's objection to the defined term "Proton," which term includes within it the former Swan employees and consultants who now work for Proton.  You confirmed during our call that, notwithstanding Proton's objection to that definition, Proton would be searching for responsive documents within its possession, custody, or control, including those in the possession of Proton employees, consultants, or others doing work for Proton.  As discussed, it would be helpful to know which custodians, repositories, and devices Proton is searching.  Please provide that information, including (i) identifying all devices that Proton employees or agents previously provided to a third-party vendor, *see* Doore Jan. 24, 2025 Email; and (ii) stating whether you intend to search each of those devices for responsive documents.

RFPs 16-20, 23-26, 28-34, 39-48, 55, 57 & 58, and Interrogatories 6, 8 & 9.  During our call, you confirmed, consistent with your April 17 email, that the only objection Proton intends to stand on regarding these RFPs and Interrogatories is the objection related to Swan's Identification of Asserted Trade Secrets.  Accordingly, we understand that Proton generally intends to produce documents responsive to these RFPs and provide substantive supplemental responses to these Interrogatories should the Court find that Swan's Identification complies with the Court's January 7 Order.  *See* Dkt. 95.

Specific Objections to RFPs.  We also discussed Proton's continued objections to the following RFPs.

- RFP 35.  This RFP seeks "Documents and Communications concerning any actual or considered indemnification of You and/or Your employees, consultants, or other agents concerning activities related to Bitcoin mining."  As we explained, documents and communications concerning potential or actual indemnification of Proton and/or its employees, consultants, or agents in connection with the misconduct at issue are relevant to multiple issues in dispute, including (i) Proton and its agents' knowledge and intent, (ii) the scope of recoverable damages, and (iii) the extent to which other parties may have been involved with or enabled Defendants' misconduct.  The principal objection Proton raised with this request concerned its scope.  As discussed, we are willing to limit the scope of RFP 35 to actual or considered indemnification concerning the allegations in the Amended Complaint—including but not limited to former Swan employees' leaving Swan to work for Proton, Proton and its agents' retention of Swan documents, and Proton and its agents' operation of Swan's former mining sites.  Please let us know if Proton will produce documents in response to this request as narrowed.

- RFPs 36-37.  These requests seek documents sufficient to identify the interests that any persons or entities may hold in Proton, as well as any interest that Proton may hold in any other entities.  As we explained, such documents are relevant to, at least, (i) Swan's claims regarding Proton's involvement in Raphael Zagury and Bill Belitsky's breaches of their fiduciary duties to Swan (*i.e.*, to identify whether and when they may have invested in Proton); and (ii) Swan's claims for damages.  The timing and extent of third-party investments in Proton or Proton's investments in third parties is potentially probative of the value

5

that third parties and Proton placed on Proton's operations—value which Swan alleges is driven by the value of its trade secrets. The timing of any investments in Proton is also relevant context to when that entity was founded, when it began its operations, and the extent of third-party involvement in Proton's founding and operation. You said that you would consider these requests in light of our discussion and get back to us.

- RFP 38. This request seeks documents and communications concerning any actual, planned, or attempted investment in Proton by any person. For reasons explained above, any actual, planned, or attempted investment in Proton is probative of the value that third parties placed on Proton's operations, as well as the value that Proton placed on its operations in any communications with potential and actual investors (*e.g.*, in materials touting Proton as an investment). You said that you would consider this request in light of our discussion and get back to us.

- RFP 50. This request seeks documents and communications concerning statements made by Proton and/or its employees, consultants, and agents praising or otherwise saying anything positive about Swan. You explained that Proton's objection to this request is that, when read in conjunction with RFP 49 (seeking documents and communications concerning statements Proton and its agents have made disparaging Swan), you believe those RFPs effectively seek any document or communication mentioning Swan. While we believe that, by and large, communications involving Proton and/or its employees, consultants, and agents that reference Swan are likely relevant, these RFPs do not seek all documents and communications that incidentally mention Swan—only those that include or concern positive or disparaging statements. To use an example you offered during our call, statements such as, "My child was born after I left Swan," would not be responsive; statements such as, "Even though I left Swan, it was a well-managed and successful company," would be. Proton has put its employees and agents' opinions regarding Swan, as well as Proton's own understanding of Swan's management during the relevant time period, at issue in its defenses. *See, e.g.*, Dkt. 114-1 at 7 (asserting, inaccurately, that former Swan employees resigned from Swan due to mismanagement, and that Proton was engaged by Tether in response to same). Positive or disparaging statements regarding Swan (or lack thereof) are relevant to testing those defenses. You said that you would consider these requests in light of our discussion and get back to us.

- RFP 53. This request seeks all communications between Proton and/or its employees, consultants, and agents and Marlin Capital, including but not limited to communications involving Zachary Lyons. We understand that Proton's objection to this request concerned its scope. As discussed, we are willing to narrow this request to only those responsive communications concerning the allegations in Swan's Amended Complaint—including but not limited to former Swan employees' leaving Swan to work for Proton (or any other company); Proton and its agents' retention of Swan documents; Proton's replacing Swan as manager of 2040 Energy; and Proton and its agents' operation of Swan's former mining sites. You indicated that this narrowing likely alleviated Proton's concerns. Please confirm.

- RFP 54. This request seeks documents concerning Proton's connections to the United States and California. As discussed, and while reserving all rights, Swan is willing to drop this request, in light of the Court's April 9 Order rejecting Proton's challenge to the Court's jurisdiction. *See* Dkt. 164.

Please let provide us the requested information as well as any update on Proton's positions by Friday, April 25.

Swan reserves all rights.

Thanks,

Ryan Gorman
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7132 Direct (Office)
617.712.7100 Main Office Number
617.712.7200 FAX
ryangorman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

From: Adam Trigg <atrigg@be-law.com>
Sent: Thursday, April 17, 2025 10:14 AM
To: Ryan Gorman <ryangorman@quinnemanuel.com>; Daniel Bergeson <dbergeson@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>
Cc: QE-Swan <qe-swan@quinnemanuel.com>
Subject: RE: Swan/Proton - Discovery Correspondence

[EXTERNAL EMAIL from atrigg@be-law.com]

Ryan,

In advance of our meet and confer tomorrow, Proton's position on Swan's second sets of interrogatories and requests for production is as follows:

Proton maintains its objections to definitions and instructions.

Swan maintains its objections to Requests for Production Nos. 35-38, 50, 53, and 54 on the grounds that they are overbroad and seek documents that are not relevant to Swan's claims.

Proton maintains its objections based on Swan's deficient trade secret disclosures for Interrogatories Nos. 6, 8, and 9, and Requests for Production Nos. 16- 20, 23-26, 28-34, 39- 48, 55, 57, and 58.  In the interest of narrowing the scope of disputes, and reserving all rights, Proton will not withhold responsive non-privileged documents or information based solely on Proton's objection to  Swan's deficient trade secret disclosures for the remaining interrogatories and requests for production.

Thanks,
Adam

Adam C. Trigg | Bergeson LLP
Partner

O 408.291.6200 | D 408.291.2754 | M 408.315.9339

Silicon Valley Office | San Francisco Office | Beverly Hills Office
Website | vCard | Email | Bio | LinkedIn | Disclaimer

From: Adam Trigg <atrigg@be-law.com>
Sent: Wednesday, April 16, 2025 5:25 PM

To: Ryan Gorman <ryangorman@quinnemanuel.com>; Daniel Bergeson <dbergeson@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>
Cc: QE-Swan <qe-swan@quinnemanuel.com>
Subject: RE: Swan/Proton - Discovery Correspondence

Ryan,

1pm ET on Friday works for us.

Thanks,
Adam


Adam C. Trigg | Bergeson LLP
Partner

O 408.291.6200 | D 408.291.2754 | M 408.315.9339

Silicon Valley Office | San Francisco Office | Beverly Hills Office
Website | vCard | Email | Bio | LinkedIn | Disclaimer

---

From: Ryan Gorman <ryangorman@quinnemanuel.com>
Sent: Wednesday, April 16, 2025 8:10 AM
To: Adam Trigg <atrigg@be-law.com>; Daniel Bergeson <dbergeson@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>
Cc: QE-Swan <qe-swan@quinnemanuel.com>
Subject: RE: Swan/Proton - Discovery Correspondence

Adam,

We are available to meet and confer regarding Proton's objections to Swan's second sets of discovery requests between 1-3pm ET on Friday.  Please let us know when during that window you would like to meet.

Thanks,

Ryan Gorman
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7132 Direct (Office)
617.712.7100 Main Office Number
617.712.7200 FAX
ryangorman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

From: Adam Trigg <atrigg@be-law.com>
Sent: Friday, April 11, 2025 12:39 AM
To: Ryan Gorman <ryangorman@quinnemanuel.com>; Daniel Bergeson <dbergeson@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>
Cc: QE-Swan <qe-swan@quinnemanuel.com>
Subject: RE: Swan/Proton - Discovery Correspondence

<mark>[EXTERNAL EMAIL from atrigg@be-law.com]</mark>

---

Ryan,

We disagree with your characterization of Proton's responses to Swan's second sets of discovery requests, however, in light of the Court's Order (Dkt. 164) we will provide updated positions on the discovery requests no later than April 16.  We are available to meet and confer on April 18.

Adam

## Adam C. Trigg | Bergeson LLP
Partner

O 408.291.6200 | D 408.291.2754 | M 408.315.9339

Silicon Valley Office | San Francisco Office | Beverly Hills Office
Website | vCard | Email | Bio | LinkedIn | Disclaimer

---

From: Ryan Gorman <ryangorman@quinnemanuel.com>
Sent: Wednesday, April 9, 2025 8:09 PM
To: Daniel Bergeson <dbergeson@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Adam Trigg <atrigg@be-law.com>
Cc: QE-Swan <qe-swan@quinnemanuel.com>
Subject: RE: Swan/Proton - Discovery Correspondence

Counsel,

We have not heard back from you about our request to meet and confer regarding Proton's Objections to Swan's Second Sets of RFPs and Interrogatories.  *See* Doore Apr. 7, 2025 Ltr.  For reasons we have explained in separate correspondence about Swan's targeted discovery requests, today's Court Order (Dkt. 164) moots the general objections to discovery upon which Proton repeatedly relied in response to Swan's second sets of discovery requests.  *See* Gorman Apr. 9, 2025 Email.  Proton's responses to those discovery requests otherwise contain nothing more than boilerplate objections, and it is unclear whether Proton intends to withhold documents and information for reasons other than its general objections.  As such, we request that by Tuesday, April 15, Proton identifies any discovery requests in Swan's Second Sets of RFPs and Interrogatories for which Proton still intends to withhold documents or information.  Please also provide your availability to meet and confer later that week, so that we can discuss any remaining specific objections.

Thanks,

Ryan Gorman
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520

Boston, MA 02199
617-712-7132 Direct (Office)
617.712.7100 Main Office Number
617.712.7200 FAX
ryangorman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

From: Ryan Gorman
Sent: Monday, April 7, 2025 10:49 PM
To: Daniel Bergeson <dbergeson@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Jaideep Venkatesan <jvenkatesan@be-law.com>; Adam Trigg <atrigg@be-law.com>
Cc: QE-Swan <qe-swan@quinnemanuel.com>
Subject: Swan/Proton - Discovery Correspondence

Counsel,

Please see the attached correspondence.

Thanks,

Ryan Gorman
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7132 Direct (Office)
617.712.7100 Main Office Number
617.712.7200 FAX
ryangorman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.