# EXHIBIT 2

RYAN S. LANDES (State Bar No. 252642)
ryanlandes@quinnemanuel.com
 Quinn Emanuel Urquhart & Sullivan, LLP
865 S Figueroa Street, Floor 10
Los Angeles, CA 90017-5003
Telephone:   (213) 443-3145
Facsimile:    (213) 443-3100

STACYLYN M. DOORE (admitted *pro hac vice*)
stacylyndoore@quinnemanuel.com
 Quinn Emanuel Urquhart & Sullivan, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Telephone:   (617) 712-7100
Facsimile:    (617) 712-7200

RACHEL E. EPSTEIN (admitted *pro hac vice*)
rachelepstein@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, NY 10016
Telephone:   (212) 849-7000
Facsimile:    (212) 849-7100

*Attorneys for Plaintiff*
*ELECTRIC SOLIDUS. INC. d/b/a SWAN BITCOIN*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>PROTON MANAGEMENT LTD., a British Virgin Islands corporation; THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; SANTHIRAN NAIDOO; ENRIQUE ROMUALDEZ; and LUCAS VASCONCELOS,<br><br>    Defendants. | **Case No.: 2:24-cv-8280-MWC-E**<br><br>**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PROTON MANAGEMENT LTD.**<br><br>Judge: Hon. Michelle Williams Court<br><br>Complaint filed: September 27, 2024<br>Amended Complaint Filed: Jan. 27, 2025 |

ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN'S SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT PROTON MANAGEMENT LTD.

PROPOUNDING PARTY:        Electric Solidus, Inc., d/b/a Swan Bitcoin.

RESPONDING PARTY:         Proton Management Ltd.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Electric Solidus, Inc., d/b/a Swan Bitcoin ("**Swan**"), by and through its counsel, respectfully requests that Defendant Proton Management Ltd. ("**Proton**") produce the following documents to the offices of Quinn Emanuel Urquhart & Sullivan LLP, 865 S Figueroa Street, Floor 10, Los Angeles, CA 90017-5003 which production shall be substantially completed within 30 days of service of these Requests.  Each of the following requests (the "Requests," and each, a "Request") is continuing in nature, such that, if Proton obtains or discovers additional responsive documents and items at a later date, such documents and items are to be produced to Swan.  These documents are to be produced according to the Definitions and Instructions herein.

## DEFINITIONS

1.      "**Action**" means the above-captioned litigation.

2.      "**Communication**" means any act or instance of transferring, transmitting, passing, delivering, or giving information (in the form of facts, ideas, inquiries, or otherwise) by written or electronic means, including but not limited to statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, contracts, notes (handwritten, typed, or otherwise), summaries, memoranda, reports, presentations, submissions or filings to any government agency or entity, understandings, meetings, or any other direct or indirect disclosure in any form, including but not limited to audio, video, digital, electronic, or paper form, and any draft Communication in such form, whether or not the Communication was ever disclosed, sent, or transmitted.

3.      "**Document(s)**" means hard-copy documents or electronically-stored information ("ESI") and shall include, without limitation, any communication, writing, drawing, graph, chart, recording, photograph, videotape, email, electronic file, data compilation, computer database, source code, or other item containing

information of any kind of nature, however produced or reproduced, whether an original or a duplicate, whatever its origin or location and regardless of the form in which such information exists or is maintained, including any documents shared via a Google Drive or Dropbox platform.  A draft or non-identical copy is a separate document within the meaning of this term.

4.    The term "**Proton**" or "**You**" means Defendant Proton Management Ltd. and any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf, including but not limited to Elektron Management LLC, Thomas Patrick Furlong, Michael Alexander ("Alex") Holmes, Ilios Corp., Rafael Dias Monteleone, Santhiran ("San") Naidoo, Enrique Romualdez, Lucas Vasconcelos, Aleksander Dozic, Bill Belitsky, Kartheek ("Kar") Sola, Raphael Zagury, Brett Hiley, Maxwell ("Max") Berg, and Tyler Effertz, as well as any agents of those Persons.

5.    The term "**Elektron**" means any corporation, organization, partnership, or other entity doing business under the name "Elektron," "Elektron Energy," or similar name, including but not limited to Elektron Management LLC, and any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf, including but not limited to Thomas Patrick Furlong, Alex Holmes, Ilios Corp., Rafael Dias Monteleone, San Naidoo, Enrique Romualdez, Lucas Vasconcelos, Aleksander Dozic, Bill Belitsky, Kar Sola, Raphael Zagury, Brett Hiley, Max Berg, and Tyler Effertz, as well as any agents of those Persons.

6.    "**Concern**" or "**Concerning**" means mentioning, concerning, showing, discussing, reflecting, relating to, referring to, describing, memorializing, embodying, constituting, analyzing, evidencing, supporting, or contradicting the matter referenced in the individual Request using this term.

7.    "**Complaint**" or "**Operative Complaint**" means the most recent complaint filed in this Action.

8.    The terms "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

9.    The term "**Swan**" means Electric Solidus, Inc. d/b/a Swan Bitcoin and any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf.

10.    The term "**Tether**" means Tether Investment Ltd. and any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf, including but not limited to Zettahash Inc.

11.    The term "**Marlin Capital**" means Marlin Capital Partners and any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf, including but not limited to Zachary Lyons and Jared Stein.

12.    The term "**GitHub**" means the web-based platform that allows developers to create, store, manage, share, and collaborate on code (and all services on that platform), offered by GitHub, Inc. (a subsidiary of Microsoft) and available at https://github.com/.

13.    The term "**2040 Energy**" means 2040 Energy Ltd., and any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf.

14.    The term "**Mining Site**" shall refer to a physical or virtual infrastructure

-4-

where computational resources are used to perform Bitcoin mining operations. A Mining Site typically includes specialized mining hardware such as application-specific integrated circuits ("ASICs"), power supply systems, and cooling systems.

15. The term "**Swan's Trade Secrets**" means the methods, techniques, processes, models, tools, and other methods related to Bitcoin mining that Swan alleges Defendants have misappropriated, as described in Swan's Complaint and Swan's Identification of Asserted Trade Secrets (dated February 14, 2025).

16. The term "**Swan's BNOC**" refers to Swan's Bitcoin Network Operating Center, as described in Paragraphs 73-79 of the Complaint.

17. The terms "**all**," "**any**," and "**each**" shall be construed broadly and mean all, any, and each as necessary so as to bring within the scope of a Request all Documents that might otherwise be construed to be outside of its scope.

18. The terms "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary so as to bring within the scope of a Request all Documents that might otherwise be construed to be outside of its scope.

19. The term "**including**" means including but not limited to.

20. The terms "**relating to**," "**related to**," and "**in connection with**" mean to any extent, relating to, referring to, reflecting, and their variants and shall be construed to bring within the scope of the requests any information and Document that explicitly or implicitly comprises, evidences, embodies, constitutes, describes, responds to, reflects, was reviewed in conjunction with, or was generated as a result of, the subject matter of the request.

21. The singular includes the plural and vice versa.

## INSTRUCTIONS

1. Unless otherwise indicated, the responsive timeframe for the Requests is **June 1, 2024 to the present** (the "**Relevant Period**"). If a response to a Request necessitates a broader timeframe, You must provide responsive responses, notwithstanding that such responses apply to a timeframe before June 1, 2024.

2.    You must furnish all responsive, non-privileged Documents within Proton's possession, custody or control, including any Documents or Communications in Proton's constructive possession whereby Proton has the right to compel production of Documents from a third party, as well as those that are reasonably available to Proton, including Documents and Communications in the possession of Proton's agents, representatives, consultants, accountants, attorneys, advisors, investigators, or any and all Persons acting on Proton's behalf or at its direction.

3.    If You claim that the attorney-client privilege, attorney work product doctrine, or any other privilege applies to any Document or Communication, the production of which is called for by these Requests, state the part of each Request as to which you raise objection, set forth the basis of your claim of privilege with respect to such information as you refuse to give, and for each such Document or Communication, state, among other required information, its date, subject matter, author(s), recipient(s), custodian, and such additional information concerning the claim of privilege or work product doctrine as will permit the adjudication of the propriety of the claim of privilege.

4.    If a Document or other information is stored electronically, the Document or other information shall be produced in native electronic format. In conjunction with the production of any ESI, all metadata and other bibliographic or historical data that relates to such electronically stored information shall also be produced.

5.    The foregoing instructions are not intended to limit Your obligations under the Federal Rules of Civil Procedure or any other applicable rule, regulation, or law.  As such, if any of the foregoing instructions is deemed to require the provision of less information than otherwise would be required by the Federal Rules of Civil Procedure or any other applicable rule, regulation, or law, then such other rule, regulation, or law is to govern in relevant part.

6.    If You object to the scope or breadth of a Request, state the objection and the basis for the objection in writing and with particularity, and produce documents that You believe are within the proper scope or breadth, notwithstanding Your objection.

7.    Review and reasonably search all relevant files of all appropriate entities and Persons within Your possession, custody, or control to produce documents responsive to each Request.

8.    Each Request is independent.  No Request limits the scope of any other Request.

9.    Capitalized terms not defined herein shall have the meaning ascribed to them in the Complaint.

10.    The use of defined terms apply whether or not they are capitalized.

11.    The past tense shall be construed to include the present tense and vice versa.

12.    References to entities or corporations other than natural persons shall be deemed to include, in addition to the entity named, its divisions, departments, subsidiaries, affiliates, parents, predecessors, present or former officers, present or former directors, employees, agents, representatives, accountants and attorneys, successors, and all other Persons acting or purporting to act on behalf of each such entity or corporation.

13.    Subject to any subsequent stipulations entered into between the parties, all produced ESI shall be accompanied by searchable text as applicable, with metadata and in the format as specified in Instructions 14 and 15 below.

14.    You shall produce metadata associated with responsive Documents and make it reasonably accessible to Plaintiff, including the following categories of metadata: Beginning Bates Number, Ending Bates Number, Beginning Bates Number-Family, Ending Bates Number-Family, Custodian, File Name, File Extension, Author (from application metadata), From (for email messages), To (for

-7-

email messages), CC (for email messages), BCC (for email messages), Title (from application metadata) combined with email subject, DATE Sent and Received (for email messages), Time Sent and Received (for email messages), DATE Created, Time Created, DATE, DATE Modified, Time Modified, Page Count, MD5HASH, and TEXT. Swan reserves the right to request the production of native copies of responsive Documents where the produced metadata is incomplete.

15. Where the Documents responsive to a Request are stored electronically, the Documents shall be produced in the following form:

    a. single-page TIFF files;

    b. LFP or OPT load file and Concordance DAT file that includes, but is not limited to, the following metadata fields: author, recipient, from, cc, bcc, subject, attachment, family group, DATE and time sent, DATE and time created, DATE and time received, page count, beginning Document/Bates number and ending Document/Bates number;

    c. for emails, msg files with file names that match the "BEG_BATES" numbers;

    d. for all other ESI, including any responsive Excel spreadsheets, databases, or other structured data, native files with file names that match the "BEG_BATES" numbers; and

    e. metadata load file formatted as either a Concordance DCB file or a delimited ASCII file, with 20; 254; 174 delimiters.

16. Non-ESI Documents shall be scanned, processed with optical character recognition (OCR), and produced in the same manner. Documents from any single file shall be produced in the same order as they were found in such file. All tabs, labels, folders, envelopes, jackets, or any identification of the source of the Documents shall also be scanned and produced as part of the Documents.

17.     If no Documents, Communications, information, or things exist that are responsive to a particular Request, then that fact should be stated in the response to such Request.

18.     As to any requested Documents or Communications which no longer exist, but which existed at one time, identify and describe such document(s) or communication(s) as completely as possible and identify the last known location of the document(s) or communication(s) and the reason the document(s) or communication(s) no longer exist.

19.     If, after responding, You obtain or become aware of additional or different responsive information, then You must amend or supplement Your responses promptly.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show Proton's corporate structure, including but not limited to Documents sufficient to identify Proton's parents, subsidiaries, and affiliates, as well as the identities of Proton's board of directors, officers, and managers.

**REQUEST FOR PRODUCTION NO. 6:**

Organizational charts for Proton's employees and consultants, including names, titles, and reporting lines.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications concerning Proton's formation and registration, including but not limited to Documents and Communications concerning who caused Proton's incorporation and on which date that person did so, as well as all communications San Naidoo and Alex Holmes exchanged with anyone regarding Proton's formation and registration.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show Elektron's corporate structure, including but not limited to Documents sufficient to identify Elektron's owners, parents, subsidiaries, and affiliates, as well as the identities of Elektron's board of directors, officers, and managers.

**REQUEST FOR PRODUCTION NO. 9:**

Organizational charts for Elektron's employees and consultants, including names, titles, and reporting lines.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications concerning Elektron's formation and registration, including but not limited to Documents and Communications concerning who caused Elektron's incorporation and on which date that person did so.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to identify all persons who have been or are engaged to do work on Your behalf related to Bitcoin mining, including but not limited to those identifying Your employees, consultants, and other agents, including Documents sufficient to identify those persons' roles and responsibilities and the dates of their engagements.

**REQUEST FOR PRODUCTION NO. 12:**

All agreements and Communications related to agreements between You and any other person concerning Bitcoin mining, as well as any drafts, term sheets, or amendments related to same, as well as Communications related to the negotiation or execution of same, and including but not limited to (i) agreements between You and third parties and (ii) agreements between Your employees, consultants, and other agents and third parties.

**REQUEST FOR PRODUCTION NO. 13:**

Your agreements with the following persons, including but not limited to these persons' employment or consulting agreements with You: Thomas Patrick Furlong,

Alex Holmes, Ilios Corp., Rafael Dias Monteleone, San Naidoo, Enrique Romualdez, Lucas Vasconcelos, Aleksander Dozic, Bill Belitsky, Kar Sola, Raphael Zagury, Brett Hiley, Max Berg, Tyler Effertz.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications related to the hiring (whether as an employee, consultant, or in another role) of Thomas Patrick Furlong, Alex Holmes, Ilios Corp., Rafael Dias Monteleone, San Naidoo, Enrique Romualdez, Lucas Vasconcelos, Aleksander Dozic, Bill Belitsky, Kar Sola, Raphael Zagury, Brett Hiley, Max Berg, and Tyler Effertz, including but not limited to their respective personnel files and human resource records.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications concerning Your hiring (whether as an employee, consultant, or in any other role) any additional personnel or consultants to work in roles related to Bitcoin mining.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications concerning Your assuming, taking over, being engaged to work on or otherwise working on responsibilities and/or roles related to Bitcoin mining that were previously maintained or held by Swan.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications concerning the specific methods, tools models, or techniques that you use to select sites for, manage, operate, monitor, or otherwise oversee Bitcoin mining operations.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to identify all Mining Sites at which You manage, operate, or otherwise oversee Bitcoin mining operations.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to show Bitcoin mining operations that You considered or planned to manage, operate, or otherwise oversee, or that any other Person asked,

suggested, or discussed Your managing, operating, or otherwise overseeing, including Documents and Communications concerning the specific methods, tools, models, or techniques that you considered or planned to use in connection with such mining operations.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications concerning the decrease or cessation of Bitcoin mining operations at any Mining Sites that Swan previously managed, operated, or otherwise engaged with, including but not limited to Communications and Documents regarding the removal of Bitcoin mining hardware, such as ASICs, power supply systems, and cooling systems, from those sites.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications reflecting any correspondence between You and any current or former Swan employee or consultant discussing the topic of employment or potential employment at Proton or Elektron (or joining a company that was later formed as Proton or Elektron), as well as all of Your internal Documents and Communications regarding the employment or potential employment of any current or former Swan employee or consultant.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications concerning Your actual, planned, or attempted recruitment of any persons who provided or currently provide services to Swan.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents or Communications concerning or referencing Swan's Trade Secrets, including Documents and Communications concerning Your actual, considered, or planned use of Swan's Trade Secrets.

**REQUEST FOR PRODUCTION NO. 24:**

Documents that Your employees, consultants, and other agents downloaded, accessed, copied, were sent, or otherwise retained that relate to any of those persons'

engagements with Swan, including but not limited to the files identified in Exhibit G to the Complaint.

**REQUEST FOR PRODUCTION NO. 25:**

Communications concerning Your employees, consultants, and other agents' downloading, accessing, copying, or otherwise retaining Documents that they had access to as a result of any of those persons' engagements with Swan, including but not limited to the files identified in Exhibit G to the Complaint.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications concerning any Proton employee, consultant, or other agent's obligations or potential obligations to Swan, including but not limited to those arising from such persons' employment or consulting agreements with Swan.

**REQUEST FOR PRODUCTION NO. 27:**

Documents and Communications sufficient to show any former or current Swan employee or consultant's job offer from Proton or Elektron (or an offer from a company that became Proton or Elektron), including all forms of compensation and benefits or promises thereof.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications concerning any former or current Swan employee, consultant, or agent's development of Swan's Trade Secrets.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications concerning Your business plans, strategic plans, operating plans, marketing plans, financial plans, sales plans, investment plans, market studies, and target market, including projections for revenue generation and profitability, related to Bitcoin mining management and operation.

**REQUEST FOR PRODUCTION NO. 30:**

Documents and Communications sufficient to show Your total financial investment, including but not limited to employee time, purchase of capital

equipment, and outside consultants, by quarter, into Your efforts to develop proprietary methodologies for Bitcoin mining operations including, but not limited to, the development of any dashboard or monitoring system related to Bitcoin mining operations.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications concerning Your actual, planned, or attempted development or use of any dashboard or monitoring system related to Bitcoin mining operations, including but not limited to any dashboard or monitoring system similar to Swan's BNOC or intended to serve as a replacement to Swan's BNOC.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications concerning any comparison between any dashboard or monitoring system related to Bitcoin mining operations that You use to Swan's BNOC.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications concerning any comparison between Swan's Trade Secrets and any techniques, methods, or tools You use to manage, operate, or otherwise engage in Bitcoin mining activities.

**REQUEST FOR PRODUCTION NO. 34:**

Documents and Communications concerning Your efforts to keep the techniques, methods, or tools You use to manage, operate, or otherwise engage in Bitcoin mining activities secret or confidential.

**REQUEST FOR PRODUCTION NO. 35:**

Documents and Communications concerning any actual or considered indemnification of You and/or Your employees, consultants, or other agents concerning activities related to Bitcoin mining, including but not limited to (i) any agreements under which any third party has agreed to indemnify You and/or Your

employees, consultants, and other agents; and (ii) any agreements under which You have agreed to indemnify Your employees, consultants, and other agents.

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to identify all persons who own any interest in You, including Documents sufficient to identify when those persons acquired that interest and the size and nature of that interest.

**REQUEST FOR PRODUCTION NO. 37:**

Documents sufficient to identify all persons in whom you own any interest, including Documents sufficient to identify when You acquired that interest and the size and nature of that interest.

**REQUEST FOR PRODUCTION NO. 38:**

Documents and Communications concerning any actual, planned, or attempted investment in You by any person, including but not limited to Communications You sent to any actual or potential investors.

**REQUEST FOR PRODUCTION NO. 39:**

Documents and Communications concerning any valuation of Your business, including but not limited to any valuations of any subparts of that business, such as services You provide related to Bitcoin mining.

**REQUEST FOR PRODUCTION NO. 40:**

Financial statements, including but not limited to income statements, balance sheets, cash flow statements, statement of shareholders' equity, and other financial and/or accounting statements showing income and/or expenses, assets and liabilities, equity, cash flows, and capital accounts of any type related to services you provide related to Bitcoin mining.

**REQUEST FOR PRODUCTION NO. 41:**

All Communications between You and persons associated with the Mining Sites You manage, operate, or otherwise engage with related to Bitcoin mining

ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PROTON MANAGEMENT LTD.

activities, including but not limited to all Communications exchanged via Signal, Telegram, and WhatsApp.

**REQUEST FOR PRODUCTION NO. 42:**

Communications concerning Your actual, planned, inadvertent, or attempted efforts to delete, conceal, or spoliate evidence related to the subject matter of this Action.

**REQUEST FOR PRODUCTION NO. 43:**

Communications concerning the use of ephemeral messaging applications (such as Signal, Telegram, or WhatsApp) for You and/or Your employees, consultants, and other agents' communications, including but not limited to Communications concerning switching from non-ephemeral messaging applications to ephemeral ones.

**REQUEST FOR PRODUCTION NO. 44:**

Documents and Communications concerning Your involvement in the actual, planned, or attempted sale of ASICs or other hardware or infrastructure related to Bitcoin mining, including your valuation of any ASICs for the purpose of a sale or attempted or planned sale.

**REQUEST FOR PRODUCTION NO. 45:**

Documents and Communications concerning Your or Your employees, consultants, and other agents' concealment of assets, transfer of assets to third parties, or attempts to limit Swan's ability to recover assets in connection with this Action.

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to identify the amount and location of Your assets, including but not limited to identifying all Bitcoin owned or controlled by You and/or Your employees, consultants, and other agents.

Case No. 2:24-cv-8280
ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN'S SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT PROTON MANAGEMENT LTD.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents and Communications concerning Your holding Yourself or Your employees, consultants, and other agents out as former Swan employees, consultants, or agents.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents and Communications that You sent to actual or prospective customers, investors, vendors, business partners, funding sources, or other parties referencing or containing Swan's name, logo, or the names of Swan personnel.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents and Communications concerning any statements made by You and/or Your employees, consultants, independent contractors, and other agents disparaging or otherwise saying anything negative about Swan.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents and Communications concerning any statements made by You and/or Your employees, consultants, independent contractors, and other agents praising or otherwise saying anything positive about Swan.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents or Communications concerning Your employees, consultants, and other agents' who formerly provided services to Swan ceasing their engagements with Swan, including but not limited to Documents or Communications concerning such persons' resignations from Swan.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents and Communications concerning the reasons why any of Your employees, consultants, and other agents who formerly provided services to Swan no longer provide those services to Swan, including but not limited to Documents and Communications concerning why any such persons resigned from Swan.

**REQUEST FOR PRODUCTION NO. 53:**

All Communications between You and Marlin Capital, including but not limited to Communications between You and Zachary Lyons.

**REQUEST FOR PRODUCTION NO. 54:**

Documents sufficient to identify all travel by You, including but not limited to Your employees, consultants, and other agents, to California and/or the United States during the Relevant Period.

**REQUEST FOR PRODUCTION NO. 55:**

Documents and Communications regarding business, customer, corporate, or other relationships between You and Ilios Corp.

**REQUEST FOR PRODUCTION NO. 56:**

Documents and Communications between You and any United States governmental agency, California governmental agency, or Wyoming governmental agency.

**REQUEST FOR PRODUCTION NO. 57:**

Documents sufficient to identify the GitHub repository or repositories used to store any source code used by You related to Bitcoin mining.

**REQUEST FOR PRODUCTION NO. 58:**

All Documents, including source code, maintained on GitHub by the GitHub organization "elektron-tech," including but not limited to all Documents housed in the repository named "nxt."

Case No. 2:24-cv-8280

ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PROTON MANAGEMENT LTD.

1

DATED:  February 26, 2025

2

QUINN EMANUEL URQUHART & SULLIVAN. LLP

3

4

By */s/ Ryan S. Landes*

RYAN S. LANDES (State Bar No. 252642)
ryanlandes@quinnemanuel.com
865 S Figueroa Street, Floor 10
Los Angeles, CA 90017-5003
Telephone: (213) 443-3145
Facsimile: (213) 443-3100

5

6

7

8

STACYLYN M. DOORE (*pro hac vice*)
stacylyndoore@quinnemanuel.com
111 Huntington Avenue, Suite 520
Boston, MA 02199
Telephone: (617) 712-7100
Facsimile: (617) 712-7200

9

10

11

12

RACHEL E. EPSTEIN (*pro hac vice*)
rachelepstein@quinnemanuel.com
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

13

14

15

16

*Attorneys for Plaintiff*
*ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN*

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:24-cv-8280
ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN'S SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT PROTON MANAGEMENT LTD.

1

## **CERTIFICATE OF SERVICE**

2        I hereby certify that on February 26, 2025, a copy of PLAINTIFF'S SECOND

3    SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

4    PROTON MANAGEMENT LTD was served via electronic mail to counsel for

5    Proton.

6

7    DATED: February 26, 2025       QUINN EMANUEL URQUHART & SULLIVAN, LLP

8

9                                    By * /s/ Stacylyn M. Doore*

10                                    Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-20-          Case No. 2:24-cv-8280

ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PROTON MANAGEMENT LTD.