# EXHIBIT 3

RYAN S. LANDES (State Bar No. 252642)
ryanlandes@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 S Figueroa Street, Floor 10
Los Angeles, CA 90017-5003
Telephone: (213) 443-3145
Facsimile: (213) 443-3100

STACYLYN M. DOORE (*pro hac vice*)
stacylyndoore@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Telephone: (617) 712-7100
Facsimile: (617) 712-7200

RACHEL E. EPSTEIN (*pro hac vice*)
rachelepstein@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Plaintiff*
*ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROTON MANAGEMENT LTD., a British Virgin Islands corporation; THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; SANTHIRAN NAIDOO; ENRIQUE ROMUALDEZ; and LUCAS VASCONCELOS,<br><br>Defendants. | Case No.: 2:24-cv-8280<br><br>**PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT PROTON MANAGEMENT LTD.**<br><br>Judge: Hon. Michelle Williams Court<br><br>Complaint filed: September 27, 2024<br>Amended Complaint Filed: Jan. 27, 2025 |

PROPOUNDING PARTY:   Electric Solidus, Inc., d/b/a Swan Bitcoin.

RESPONDING PARTY:   Proton Management Ltd.

Pursuant to Federal Rules of Civil Procedure 26 and 33, Electric Solidus, Inc. d/b/a Swan Bitcoin ("**Swan**") submits its Second Set of Interrogatories to Proton Management Ltd. ("**Proton**"). These interrogatories are to be answered separately and fully, in writing and under oath, in accordance with the Definitions and Instructions contained herein, within 30 days of service of these Interrogatories. Swan requests that Proton serve such answers on Swan's counsel, Quinn Emanuel Urquhart & Sullivan, LLP, c/o Stacylyn Doore, 111 Huntington Ave, Suite 520, Boston, MA 02199. Each of the following interrogatories (the "Interrogatories," and each, an "Interrogatory") is continuing in nature, such that, if Proton obtains or discovers additional responsive information at a later date, such information is to be produced to Swan.

## DEFINITIONS

1. "**Action**" means the above-captioned litigation.

2. "**Communication**" means any act or instance of transferring, transmitting, passing, delivering, or giving information (in the form of facts, ideas, inquiries, or otherwise) by written or electronic means, including but not limited to statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, contracts, notes (handwritten, typed, or otherwise), summaries, memoranda, reports, presentations, submissions or filings to any government agency or entity, understandings, meetings, or any other direct or indirect disclosure in any form, including but not limited to audio, video, digital, electronic, or paper form, and any draft Communication in such form, whether or not the Communication was ever disclosed, sent, or transmitted.

3. "**Document(s)**" means hard-copy documents or electronically-stored information ("ESI") and shall include, without limitation, any communication, writing, drawing, graph, chart, recording, photograph, videotape, email, electronic

file, data compilation, computer database, source code, or other item containing information of any kind of nature, however produced or reproduced, whether an original or a duplicate, whatever its origin or location and regardless of the form in which such information exists or is maintained, including any documents shared via a Google Drive or Dropbox platform. A draft or non-identical copy is a separate document within the meaning of this term.

4. The term "**Proton**" or "**You**" means Defendant Proton Management Ltd. and any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf, including but not limited to Elektron Management LLC, Thomas Patrick Furlong, Michael Alexander ("Alex") Holmes, Ilios Corp., Rafael Dias Monteleone, Santhiran ("San") Naidoo, Enrique Romualdez, Lucas Vasconcelos, Aleksander Dozic, Bill Belitsky, Kartheek ("Kar") Sola, Raphael Zagury, Brett Hiley, Maxwell ("Max") Berg, and Tyler Effertz, as well as any agents of those persons.

5. The term "**Elektron**" means any corporation, organization, partnership, or other entity doing business under the name "Elektron," "Elektron Energy," or similar name, including but not limited to Elektron Management LLC, and any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf, including but not limited to Thomas Patrick Furlong, Michael Alex Holmes, Ilios Corp., Rafael Dias Monteleone, San Naidoo, Enrique Romualdez, Lucas Vasconcelos, Aleksander Dozic, Bill Belitsky, Kar Sola, Raphael Zagury, Brett Hiley, Max Berg, and Tyler Effertz, as well as any agents of those persons.

6. "**Concern**" or "**Concerning**" means mentioning, concerning, showing, discussing, reflecting, relating to, referring to, describing, memorializing, embodying,

constituting, analyzing, evidencing, supporting, or contradicting the matter referenced in the individual Request using this term.

7. "**Complaint**" or "**Operative Complaint**" means the most recent complaint filed in this Action.

8. The terms "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

9. The term "**Swan**" means Electric Solidus, Inc. d/b/a Swan Bitcoin and any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf.

10. The term "**2040 Energy**" means 2040 Energy Ltd., and any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf.

11. The term "**Swan's Trade Secrets**" means the methods, techniques, processes, models, tools, and other methods related to Bitcoin mining that Swan alleges Defendants have misappropriated, as described in Swan's Complaint and Swan's Identification of Asserted Trade Secrets (dated February 14, 2025).

12. The term "**Swan's BNOC**" refers to Swan's Bitcoin Network Operating Center, as described in Paragraphs 73-79 of the Complaint.

13. The term "**including**" means including but not limited to.

14. The terms "**relating to**," "**related to**," and "**in connection with**" mean to any extent, relating to, referring to, reflecting, and their variants and shall be construed to bring within the scope of the requests any information and Document that explicitly or implicitly comprises, evidences, embodies, constitutes, describes, responds to, reflects, was reviewed in conjunction with, or was generated as a result of, the subject matter of the request.

# INSTRUCTIONS

1. **Timeframe**: Unless otherwise indicated, the responsive timeframe for these Interrogatories is **June 1, 2024 to the present** (the "**Relevant Period**"). If a response to an Interrogatory necessitates a broader timeframe, You must provide responsive responses, notwithstanding that such responses apply to a timeframe before June 1, 2024.

2. **Responses**: Provide separate, complete, written, sworn responses to each Interrogatory, in accordance with Federal Rule of Civil Procedure 33.

3. **Construction**: These Interrogatories must be construed in the broadest possible manner consistent with the Federal Rules of Civil Procedure and the Local Civil Rules of the U.S. District Court for the Central District of California. The words "all," "any," "each," "every," "and," and "or" must be construed conjunctively and disjunctively as necessary to make the Interrogatories inclusive rather than exclusive. The singular includes the plural and vice versa. A masculine, feminine, or neutral pronoun includes all other genders. Any verb used in any tense includes the verb in all its tenses.

4. **Objections**: If You do not respond to an Interrogatory in whole or in part based on an objection, state the objection and the basis for the objection in writing and with particularity. Respond to any portion of the interrogatory to which You do not object.

5. **Continuing Obligation**: These Interrogatories are ongoing. If, after responding, You obtain or become aware of additional or different responsive information, then You must amend or supplement Your responses promptly, in accordance with Federal Rule of Civil Procedure 26(e).

# INTERROGATORIES

**INTERROGATORY NO. 6:**

Identify and describe all dashboards or monitoring systems that You use in connection with Your Bitcoin mining operations, including stating the basis for any contention that those systems differ from Swan's BNOC or were independently developed or created.

**INTERROGATORY NO. 7:**

Identify all persons who have been or are engaged to do work on Your behalf related to Bitcoin mining, including identifying (i) the name of each person; (ii) each person's title, roles, and responsibilities; (iii) where each person resides; and (iv) dates during which that person has been engaged by You.

**INTERROGATORY NO. 8:**

For every occasion in which You and/or Your employees, consultants, or agents have accessed, disclosed, and/or used any Document reflecting or incorporating Swan's Trade Secrets, identify the date, time, method of access, disclosure, and/or use, and specific material accessed, disclosed, and/or used.

**INTERROGATORY NO. 9:**

Describe how You came to be in possession of any Swan Trade Secret, including by identifying any Documents or Communications providing possession to You.

**INTERROGATORY NO. 10:**

Describe all devices and all ephemeral messaging applications on those devices (including, but not limited to, Signal, Telegram, and WhatsApp) that You or any of Your employees, consultants, or agents uses or has used to discuss Bitcoin mining operations that You manage, operate, monitor, or otherwise oversee.

| | | |
|---|---|---|
| 1 | DATED:  February 26, 2025 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | |
| 4 | | By */s/ Ryan S. Landes*<br>RYAN S. LANDES (State Bar No. 252642) |
| 5 | | ryanlandes@quinnemanuel.com<br>865 S Figueroa Street, Floor 10 |
| 6 | | Los Angeles, CA 90017-5003<br>Telephone: (213) 443-3145 |
| 7 | | Facsimile: (213) 443-3100 |
| 8 | | STACYLYN M. DOORE (*pro hac vice*) |
| 9 | | stacylyndoore@quinnemanuel.com<br>111 Huntington Avenue, Suite 520 |
| 10 | | Boston, MA 02199<br>Telephone: (617) 712-7100 |
| 11 | | Facsimile: (617) 712-7200 |
| 12 | | RACHEL E. EPSTEIN (*pro hac vice*) |
| 13 | | rachelepstein@quinnemanuel.com<br>295 Fifth Avenue |
| 14 | | New York, NY 10016<br>Telephone: (212) 849-7000 |
| 15 | | Facsimile: (212) 849-7100 |
| 16 | | *Attorneys for Plaintiff* |
| 17 | | *ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN* |

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2025, a copy of PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT PROTON MANAGEMENT LTD. was served via electronic mail to counsel for Proton.

DATED: February 26, 2025         QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  */s/ Stacylyn M. Doore*
    Attorney for Plaintiff