# EXHIBIT 4

DANIEL J. BERGESON, SBN 105439
dbergeson@be-law.com
REBECCA KAUFMAN, SBN 199534
rkaufman@be-law.com
JAIDEEP VENKATESAN, SBN 211386
jvenkatesan@be-law.com
ADAM C. TRIGG, SBN 261498
atrigg@be-law.com
BERGESON, LLP
111 N. Market Street, Suite 600
San Jose, CA 95113
Telephone:  (408) 291-6200
Facsimile:   (408) 297-6000

Attorneys for Specially Appearing Defendant
PROTON MANAGEMENT LTD.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PROTON MANAGEMENT LTD., a British Virgin Islands corporation; THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; SANTHIRAN NAIDOO; ENRIQUE ROMUALDEZ; and LUCAS VASONCELOS,<br><br>　　　　Defendants. | Case No. 2:24-cv-8280-MWC-E<br><br>**SPECIALLY APPEARING DEFENDANT PROTON MANAGEMENT LTD'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br><br><br><br>Am. Complaint filed: January 27, 2025 |

PROPOUNDING PARTY:   Plaintiff ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN

RESPONDING PARTY:    Defendant PROTON MANAGEMENT LTD

SET NO.:             Two (2)

Pursuant to Federal Rule of Civil Procedure 34, Specially Appearing Defendant PROTON MANAGEMENT LTD ("Responding Party") submits these responses and objections to the Second Set of Requests for Production propounded by Plaintiff ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN ("Propounding Party").

## **PRELIMINARY STATEMENT**

The following responses are made solely for the purpose of, and in relation to, this action. Each response is provided subject to all appropriate objections (including, without limitation, objections concerning competency, relevancy, materiality, propriety, and admissibility) that would require the exclusion of any statement contained herein if the statement were made by a witness present and testifying in court. All such objections and grounds therefore are reserved and may be interposed at the time of trial.

The following responses are based on the facts and information presently known and available to Responding Party. Discovery, investigation, research, and analysis are still ongoing in this case and may disclose the existence of additional facts, add meaning to known facts, establish entirely new factual conclusions or legal contentions, or possibly lead to additions, variations, or changes to these responses. Without being obligated to do so, Responding Party reserves the right to change or supplement these responses as additional facts are discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research disclose additional facts, contentions or legal theories which may apply.

///

///

1    ///

2    **<u>GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION</u>**

3       1.      Responding Party objects to the Requests as premature because the

4    Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to

5    Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal

6    jurisdiction.  (Dkt. 121.)  Discovery is improper and should be stayed where a party

7    is challenging a court's jurisdiction.  See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-

8    00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23,

9    2022) (denying motion to compel discovery and ordering stay pending court's ruling

10   on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet*

11   *Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D.

12   Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc*., No. C 07-

13   3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to

14   compel and stating defendant challenging court's subject matter jurisdiction was

15   within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No.

16   1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting

17   defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v.*

18   *Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge

19   generally favors a stay of discovery").

20      2.      Responding Party objects to the Requests in their entirety, and to each

21   request therein, on the grounds that Propounding Party has failed to comply with

22   Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with

23   reasonable particularly the trade secrets it alleges that any defendant

24   misappropriated before commencing discovery, as required by Section H of the

25   Court's Scheduling Order (Dkt. 95).

26      3.      Responding Party objects to each and every request for production

27   contained in the Requests to the extent that it seeks information that is protected

28   from disclosure by the attorney-client privilege, work product doctrine, or any other

2

applicable privilege or protection.  Responding Party does not waive any protections or privileges by responding to the Requests.  Any inadvertent disclosure of privileged information or work product in response to the Requests shall not constitute a waiver of any privilege or protection.

4. Responding Party objects to each and every request for production contained in the Requests to the extent that it purports to impose any requirement or discovery obligation on them that is inconsistent with, or not authorized by, those set forth in the Federal Rules of Civil Procedure.  Responding Party will construe the Requests in a manner consistent with the Federal Rules of Civil Procedure.

5. Responding Party objects to each and every request for production contained in the Requests to the extent that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, embarrassment, burden, and expense, and seeks information which is beyond the scope of permissible discovery and is neither relevant to any party's claims or defenses nor proportional to the needs of the case.

6. Responding Party objects to each and every request for production contained in the Requests to the extent that it is ambiguous, confusing, or vague.

7. Responding Party objects to each and every request for production contained in the Requests to the extent that it is unreasonably cumulative or duplicative.

8. Responding Party objects to each and every request for production contained in the Requests to the extent that it would require Responding Party to draw a legal conclusion in order to make a proper response.

9. Responding Party objects to each and every request for production contained in the Requests to the extent that it seeks information (i) which is a matter of public record, (ii) which is not in the possession, custody or control of Responding Party and/or (iii) which is equally or more readily available from

PROTON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION, Case No. 2:24-cv-8280-MWC-E

another source, including Propounding Party's own files and records, that is more convenient, less burdensome, or less expensive to Responding Party.

10.    Responding Party objects to each and every request for production contained in the Requests to the extent that it calls for the production of confidential, proprietary, trade-secret, or other information in which individuals, including non-parties, have an expectation of privacy.  Responding Party further objects to each and every request for production contained in the Requests to the extent it seeks information protected by the privacy protection of the California Constitution, or any other law, statute, or doctrine.

11.    Responding Party objects to each and every request for production contained in the Requests on the grounds that it is not restricted to a reasonable and relevant time period and is therefore unduly burdensome to Responding Party.

12.    Responding Party objects to the Requests to the extent that it seeks to use the discovery process in this action to obtain documents for any purpose other than for use in connection with claims and defenses currently raised in this action.

13.    The fact that Responding Party has responded or objected to any document requests, or part thereof, should not be taken as an admission that Responding Party accepts that the document request or the response or the objection thereto constitutes admissible evidence.

14.    Responding Party reserves the right to supplement, modify or otherwise change their response to the Requests as they develop new, better, additional or different information.

## **OBJECTIONS TO DEFINITIONS**

1.    Responding Party objects to the definition of "**Communication**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent it includes "whether or not the Communication was ever disclosed, sent, or transmitted." For purposes of responding to the Requests, Responding Party will exclude the portion noted above from the definition of "**Communications**" in the

1  Requests, and interpret the otherwise overbroad definition not to impose a burden
2  beyond what is required by the Federal Rules of Civil Procedure, the Federal Rules
3  of Evidence, and the Local Civil Rules of the U.S. District Court for the Central
4  District of California.

5       2.     Responding Party objects to the definition of "**Documents**" as overly
6  broad, unduly burdensome, vague, ambiguous and unintelligible to the extent it
7  includes "whether or not the Communication was ever disclosed, sent, or
8  transmitted." For purposes of responding to the Requests, Responding Party will
9  exclude the portion noted above from the definition of "**Documents**" in the
10  Requests, and interpret the otherwise overbroad definition not to impose a burden
11  beyond what is required by the Federal Rules of Civil Procedure, the Federal Rules
12  of Evidence, and the Local Civil Rules of the U.S. District Court for the Central
13  District of California.

14       3.     Responding Party object to the definition of "**Proton**" or "**You**" as
15  overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent
16  that it includes "any of its members, employees, representatives, officers, directors,
17  managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries,
18  and any other entities or Persons acting or purporting to act on its behalf." For
19  purposes of responding to the Requests, Responding Party will interpret "**Proton**" or
20  "**You**" as referring to Defendant Proton Management Ltd.

21       4.     Responding Party object to the definition of "**Elektron**" as overly
22  broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it
23  includes "any of its members, employees, representatives, officers, directors,
24  managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries,
25  and any other entities or Persons acting or purporting to act on its behalf." For
26  purposes of responding to the Requests, Responding Party will interpret "**Elektron**"
27  as referring to Defendant Elektron Management LLC.

28

PROTON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR
PRODUCTION, Case No. 2:24-cv-8280-MWC-E

5.    Responding Party objects to the definition of "**Concern**" or "**Concerning**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent it includes "whether or not the Communication was ever disclosed, sent, or transmitted." For purposes of responding to the Requests, Responding Party will exclude the portion noted above from the definition of "**Concern**" or "**Concerning**" in the Requests, and interpret the otherwise overbroad definition not to impose a burden beyond what is required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Civil Rules of the U.S. District Court for the Central District of California.

6.    Responding Party objects to the definition of "**Complaint**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible. For purposes of responding to the Requests, Responding Party will interpret "**Complaint**" as referring to the most recent complaint filed in this Action.

7.    Responding Party objects to the definition of "**Person**" or "**Persons**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible. For purposes of responding to the Requests, Responding Party will exclude the portion noted above from the definition of "**Person**" or "**Persons**" in the Requests, and interpret the otherwise overbroad definition not to impose a burden beyond what is required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Civil Rules of the U.S. District Court for the Central District of California.

8.    Responding Party object to the definition of "**Swan**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf." For purposes of responding to the Requests, Responding Party will interpret "**Swan**" as referring to Plaintiff Electric Solidus, Inc. d/b/a Swan Bitcoin.

9.      Responding Party object to the definition of "**Tether**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf." For purposes of responding to the Requests, Responding Party will interpret "**Tether**" as referring to Tether Investment Ltd.

10.      Responding Party object to the definition of "**Marlin Capital**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf." For purposes of responding to the Requests, Responding Party will interpret "**Marlin Capital**" as referring to Marlin Capital Partners.

11.      Responding Party object to the definition of "**2040 Energy**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf." For purposes of responding to the Requests, Responding Party will interpret "**2040 Energy**" as referring to 2040 Energy Ltd.

12.      Responding Party objects to the definition of "**Mining Site**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible, including with regards to its statement that a "virtual site" and that a "Mining Site typically includes specialized mining hardware such as application-specific integrated circuits ("ASICs"), power supply systems, and cooling systems". Responding Party will interpret "**Mining Site**" as referring to a physical location where application-specific integrated circuits (ASICs) are used to conduct bitcoin mining.

13.     Responding Party objects to the definition of "**Swan's Trade Secrets**" as overly broad, unduly burdensome, vague, and ambiguous, including as it purports to incorporate by reference "Swan's Complaint" and "Swan's Identification of Asserted Trade Secrets (dated February 14, 2025).

14.     Responding Party objects to the definition of "**Swan's BNOC**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible including as it purports to incorporate "Paragraphs 73-79 of the Complaint".  Responding Party will interpret "**Swan's BNOC**" as referring to the Bitcoin Network Operating Center dashboard developed for 2040 Energy, without any admission with respect to any claim that BNOC is proprietary to Propounding Party.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 5:

Documents sufficient to show Proton's corporate structure, including but not limited to Documents sufficient to identify Proton's parents, subsidiaries, and affiliates, as well as the identities of Proton's board of directors, officers, and managers.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter &*

8

1   *Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2

2   (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant

3   challenging court's subject matter jurisdiction was within its rights to object);

4   *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB,

5   2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay

6   discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087

7   (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of

8   discovery"). Responding Party objects to this request to the extent that it seeks

9   information that is protected from disclosure by the attorney-client privilege, work

10  product doctrine, or any other applicable privilege or protection. Responding Party

11  objects to this request to the extent that it is unreasonably cumulative or duplicative

12  of other requests for production. Responding Party objects to the request to the

13  extent that it purports to require Responding Party to produce documents that

14  contain trade secrets of Responding Party, or other confidential business, financial,

15  proprietary, or sensitive information of Responding Party or third parties without

16  entry of a satisfactory confidentiality order.  Responding Party further objects to this

17  Request on the grounds that Propounding Party has failed to comply with Cal. Civ.

18  Proc. Code § 2019.210, which requires Propounding Party to identify with

19  reasonable particularly the trade secrets it alleges that any defendant

20  misappropriated before commencing discovery, as required by Section H of the

21  Court's Scheduling Order (Dkt. 95).

22  **REQUEST FOR PRODUCTION NO. 6:**

23      Organizational charts for Proton's employees and consultants, including

24  names, titles, and reporting lines.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

26      Responding Party incorporates by references the General Objections and

27  Objections to Definitions above as if fully set forth herein. Responding Party objects

28  to this request as premature because the Court lacks personal jurisdiction over

9

Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.  Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request  to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the

1  Court's Scheduling Order (Dkt. 95).

2  **REQUEST FOR PRODUCTION NO. 7:**

3      All Documents and Communications concerning Proton's formation and

4  registration, including but not limited to Documents and Communications

5  concerning who caused Proton's incorporation and on which date that person did so,

6  as well as all communications San Naidoo and Alex Holmes exchanged with anyone

7  regarding Proton's formation and registration.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

9      Responding Party incorporates by references the General Objections and

10  Objections to Definitions above as if fully set forth herein. Responding Party objects

11  to this request as premature because the Court lacks personal jurisdiction over

12  Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under

13  Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper

14  and should be stayed where a party is challenging a court's jurisdiction. See, e.g.,

15  *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS

16  219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and

17  ordering stay pending court's ruling on Rule 12 motion for lack of personal

18  jurisdiction); *Cooper v. Shoei Safety Helmet Corp*., No. 2:17-CV-03129-JAD-EJY,

19  2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter &*

20  *Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2

21  (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant

22  challenging court's subject matter jurisdiction was within its rights to object);

23  *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB,

24  2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay

25  discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087

26  (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of

27  discovery"). Responding Party objects to this request to the extent that it seeks

28  information that is protected from disclosure by the attorney-client privilege, work

11

product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request therein, to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense.  Responding Party objects that this request is vague and ambiguous, including in its use of the phrase "concerning Proton's formation and registration". Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show Elektron's corporate structure, including but not limited to Documents sufficient to identify Elektron's owners, parents,

1  subsidiaries, and affiliates, as well as the identities of Elektron's board of directors,

2  officers, and managers.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

4         Responding Party incorporates by references the General Objections and

5  Objections to Definitions above as if fully set forth herein. Responding Party objects

6  to this request as premature because the Court lacks personal jurisdiction over

7  Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under

8  Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper

9  and should be stayed where a party is challenging a court's jurisdiction. See, e.g.,

10 *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS

11 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and

12 ordering stay pending court's ruling on Rule 12 motion for lack of personal

13 jurisdiction); *Cooper v. Shoei Safety Helmet Corp*., No. 2:17-CV-03129-JAD-EJY,

14 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter &*

15 *Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2

16 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant

17 challenging court's subject matter jurisdiction was within its rights to object);

18 *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB,

19 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay

20 discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087

21 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of

22 discovery"). Responding Party objects to this request to the extent that it seeks

23 information that is protected from disclosure by the attorney-client privilege, work

24 product doctrine, or any other applicable privilege or protection. Responding Party

25 objects to this request to the extent that it is unreasonably cumulative or duplicative

26 of other requests for production. Responding Party objects to the term "Elektron" as

27 overly broad, unduly burdensome, vague, ambiguous and unintelligible.

28 Responding Party objects to the request to the extent that it purports to require

13

Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 9:**

Organizational charts for Elektron's employees and consultants, including names, titles, and reporting lines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay

14

discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the term "Elektron" as overly broad, unduly burdensome, vague, ambiguous and unintelligible. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications concerning Elektron's formation and registration, including but not limited to Documents and Communications concerning who caused Elektron's incorporation and on which date that person did so.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper

15

and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding

16

Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party objects that this request is vague and ambiguous, including in its use of the phrase "Elektron's formation and registration". Responding Party objects to the term "Elektron" as overly broad, unduly burdensome, vague, ambiguous and unintelligible. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to identify all persons who have been or are engaged to do work on Your behalf related to Bitcoin mining, including but not limited to those identifying Your employees, consultants, and other agents, including Documents sufficient to identify those persons' roles and responsibilities and the dates of their engagements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and

17

ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp*., No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party objects that this request is vague and ambiguous, including in its use of the phrase "all persons who have been or are engaged to do work on Your behalf related to Bitcoin mining". Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 12:**

All agreements and Communications related to agreements between You and

18

any other person concerning Bitcoin mining, as well as any drafts, term sheets, or amendments related to same, as well as Communications related to the negotiation or execution of same, and including but not limited to (i) agreements between You and third parties and (ii) agreements between Your employees, consultants, and other agents and third parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly

19

burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party also objects to this request for "All agreements and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party objects that this request is vague and ambiguous, including in its use of the phrase "agreements between You and any other person concerning Bitcoin mining ".  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 13:**

Your agreements with the following persons, including but not limited to these persons' employment or consulting agreements with You: Thomas Patrick Furlong, Alex Holmes, Ilios Corp., Rafael Dias Monteleone, San Naidoo, Enrique Romualdez, Lucas Vasconcelos, Aleksander Dozic, Bill Belitsky, Kar Sola, Raphael

20

1  Zagury, Brett Hiley, Max Berg, Tyler Effertz.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

3        Responding Party incorporates by references the General Objections and

4  Objections to Definitions above as if fully set forth herein. Responding Party objects

5  to this request as premature because the Court lacks personal jurisdiction over

6  Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under

7  Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper

8  and should be stayed where a party is challenging a court's jurisdiction. See, e.g.,

9  *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS

10  219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and

11  ordering stay pending court's ruling on Rule 12 motion for lack of personal

12  jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY,

13  2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter &*

14  *Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2

15  (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant

16  challenging court's subject matter jurisdiction was within its rights to object);

17  *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB,

18  2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay

19  discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087

20  (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of

21  discovery"). Responding Party objects to this request to the extent that it seeks

22  information that is protected from disclosure by the attorney-client privilege, work

23  product doctrine, or any other applicable privilege or protection.  Responding Party

24  objects to this request to the extent that it is unreasonably cumulative or duplicative

25  of other requests for production. Responding Party objects to the request to the

26  extent that it purports to require Responding Party to produce documents that

27  contain trade secrets of Responding Party, or other confidential business, financial,

28  proprietary, or sensitive information of Responding Party or third parties without

21

1  entry of a satisfactory confidentiality order.  Responding Party further objects to this

2  Request on the grounds that Propounding Party has failed to comply with Cal. Civ.

3  Proc. Code § 2019.210, which requires Propounding Party to identify with

4  reasonable particularly the trade secrets it alleges that any defendant

5  misappropriated before commencing discovery, as required by Section H of the

6  Court's Scheduling Order (Dkt. 95).

7  **REQUEST FOR PRODUCTION NO. 14:**

8      All Documents and Communications related to the hiring (whether as an

9  employee, consultant, or in another role) of Thomas Patrick Furlong, Alex Holmes,

10 Ilios Corp., Rafael Dias Monteleone, San Naidoo, Enrique Romualdez, Lucas

11 Vasconcelos, Aleksander Dozic, Bill Belitsky, Kar Sola, Raphael Zagury, Brett

12 Hiley, Max Berg, and Tyler Effertz, including but not limited to their respective

13 personnel files and human resource records.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

15     Responding Party incorporates by references the General Objections and

16 Objections to Definitions above as if fully set forth herein. Responding Party objects

17 to this request as premature because the Court lacks personal jurisdiction over

18 Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under

19 Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper

20 and should be stayed where a party is challenging a court's jurisdiction. See, e.g.,

21 *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS

22 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and

23 ordering stay pending court's ruling on Rule 12 motion for lack of personal

24 jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY,

25 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter &*

26 *Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2

27 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant

28 challenging court's subject matter jurisdiction was within its rights to object);

*United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by

1  Section H of the Court's Scheduling Order (Dkt. 95).

2  **REQUEST FOR PRODUCTION NO. 15:**

3      All Documents and Communications concerning Your hiring (whether as an

4  employee, consultant, or in any other role) any additional personnel or consultants to

5  work in roles related to Bitcoin mining.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

7      Responding Party incorporates by references the General Objections and

8  Objections to Definitions above as if fully set forth herein. Responding Party objects

9  to this request as premature because the Court lacks personal jurisdiction over

10  Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under

11  Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper

12  and should be stayed where a party is challenging a court's jurisdiction. See, e.g.,

13  *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS

14  219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and

15  ordering stay pending court's ruling on Rule 12 motion for lack of personal

16  jurisdiction); *Cooper v. Shoei Safety Helmet Corp*., No. 2:17-CV-03129-JAD-EJY,

17  2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter &*

18  *Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2

19  (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant

20  challenging court's subject matter jurisdiction was within its rights to object);

21  *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB,

22  2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay

23  discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087

24  (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of

25  discovery"). Responding Party objects to this request to the extent that it seeks

26  information that is protected from disclosure by the attorney-client privilege, work

27  product doctrine, or any other applicable privilege or protection. Responding Party

28  also objects to this request's demand as being compound, overbroad, overly

24

burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications concerning Your assuming, taking over, being engaged to work on or otherwise working on responsibilities and/or roles related to Bitcoin mining that were previously maintained or held by Swan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects

25

to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is

26

unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party objects that this request is vague and ambiguous, including in its use of the phrase "assuming, taking over, being engaged to work on or otherwise working on".  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications concerning the specific methods, tools models, or techniques that you use to select sites for, manage, operate, monitor, or otherwise oversee Bitcoin mining operations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and

27

ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp*., No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and

28

1  Communications" on the grounds that it is overbroad and subjects Responding Party

2  to unreasonable and undue annoyance, oppression, burden, and expense.

3  Responding Party objects that this request is vague and ambiguous, including in its

4  use of the phrase "specific methods, tools models, or techniques that you use to

5  select sites for, manage, operate, monitor, or otherwise oversee Bitcoin mining

6  operations".  Responding Party further objects to this Request on the grounds that

7  Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210,

8  which requires Propounding Party to identify with reasonable particularly the trade

9  secrets it alleges that any defendant misappropriated before commencing discovery,

10  as required by Section H of the Court's Scheduling Order (Dkt. 95).

11  **REQUEST FOR PRODUCTION NO. 18:**

12        Documents sufficient to identify all Mining Sites at which You manage,

13  operate, or otherwise oversee Bitcoin mining operations.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

15        Responding Party incorporates by references the General Objections and

16  Objections to Definitions above as if fully set forth herein. Responding Party objects

17  to this request as premature because the Court lacks personal jurisdiction over

18  Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under

19  Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper

20  and should be stayed where a party is challenging a court's jurisdiction. See, e.g.,

21  *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS

22  219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and

23  ordering stay pending court's ruling on Rule 12 motion for lack of personal

24  jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY,

25  2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter &

26  Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2

27  (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant

28  challenging court's subject matter jurisdiction was within its rights to object);

29

*United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to show Bitcoin mining operations that You considered or planned to manage, operate, or otherwise oversee, or that any other Person asked, suggested, or discussed Your managing, operating, or otherwise overseeing, including Documents and Communications concerning the specific methods, tools, models, or techniques that you considered or planned to use in connection with such mining operations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects

30

to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request  to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party objects that this request is vague and ambiguous, including in its use of the phrases "considered or planned" and "Bitcoin mining operations, managing, operating, or otherwise overseeing".  Responding Party further objects to this Request on the grounds that

31

1  Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210,

2  which requires Propounding Party to identify with reasonable particularly the trade

3  secrets it alleges that any defendant misappropriated before commencing discovery,

4  as required by Section H of the Court's Scheduling Order (Dkt. 95).

5  **REQUEST FOR PRODUCTION NO. 20:**

6       All Documents and Communications concerning the decrease or cessation of

7  Bitcoin mining operations at any Mining Sites that Swan previously managed,

8  operated, or otherwise engaged with, including but not limited to Communications

9  and Documents regarding the removal of Bitcoin mining hardware, such as ASICs,

10  power supply systems, and cooling systems, from those sites.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

12       Responding Party incorporates by references the General Objections and

13  Objections to Definitions above as if fully set forth herein. Responding Party objects

14  to this request as premature because the Court lacks personal jurisdiction over

15  Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under

16  Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper

17  and should be stayed where a party is challenging a court's jurisdiction. See, e.g.,

18  *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS

19  219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and

20  ordering stay pending court's ruling on Rule 12 motion for lack of personal

21  jurisdiction); *Cooper v. Shoei Safety Helmet Corp*., No. 2:17-CV-03129-JAD-EJY,

22  2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter &*

23  *Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2

24  (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant

25  challenging court's subject matter jurisdiction was within its rights to object);

26  *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB,

27  2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay

28  discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087

32

(D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party objects that this request is vague and ambiguous, including in its use of the phrases "Bitcoin mined by mining pools Proton is a member of" and corporate ownership of each Person".  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the

1  Court's Scheduling Order (Dkt. 95).

2  **REQUEST FOR PRODUCTION NO. 21:**

3      All Documents and Communications reflecting any correspondence between

4  You and any current or former Swan employee or consultant discussing the topic of

5  employment or potential employment at Proton or Elektron (or joining a company

6  that was later formed as Proton or Elektron), as well as all of Your internal

7  Documents and Communications regarding the employment or potential

8  employment of any current or former Swan employee or consultant.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

10     Responding Party incorporates by references the General Objections and

11 Objections to Definitions above as if fully set forth herein. Responding Party objects

12 to this request as premature because the Court lacks personal jurisdiction over

13 Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under

14 Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper

15 and should be stayed where a party is challenging a court's jurisdiction. See, e.g.,

16 *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS

17 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and

18 ordering stay pending court's ruling on Rule 12 motion for lack of personal

19 jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY,

20 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter &*

21 *Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2

22 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant

23 challenging court's subject matter jurisdiction was within its rights to object);

24 *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB,

25 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay

26 discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087

27 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of

28 discovery"). Responding Party objects to this request to the extent that it seeks

34

information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the term "Elektron" as overly broad, unduly burdensome, vague, ambiguous and unintelligible.  Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense.   Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications concerning Your actual, planned, or

35

attempted recruitment of any persons who provided or currently provide services to Swan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to

36

unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party objects that this request is vague and ambiguous, including in its use of the phrase "Your actual, planned, or attempted recruitment".  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 23:**

All Documents or Communications concerning or referencing Swan's Trade Secrets, including Documents and Communications concerning Your actual, considered, or planned use of Swan's Trade Secrets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over

Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production.

1 Responding Party objects to the request to the extent that it purports to require

2 Responding Party to produce documents that contain trade secrets of Responding

3 Party, or other confidential business, financial, proprietary, or sensitive information

4 of Responding Party or third parties without entry of a satisfactory confidentiality

5 order. Responding Party also objects to this request for "All Documents and

6 Communications" on the grounds that it is overbroad and subjects Responding Party

7 to unreasonable and undue annoyance, oppression, burden, and expense.

8 Responding Party further objects to this Request on the grounds that Propounding

9 Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires

10 Propounding Party to identify with reasonable particularly the trade secrets it alleges

11 that any defendant misappropriated before commencing discovery, as required by

12 Section H of the Court's Scheduling Order (Dkt. 95).

13 **REQUEST FOR PRODUCTION NO. 24:**

14    Documents that Your employees, consultants, and other agents downloaded,

15 accessed, copied, were sent, or otherwise retained that relate to any of those persons'

16 engagements with Swan, including but not limited to the files identified in Exhibit G

17 to the Complaint.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

19    Responding Party incorporates by references the General Objections and

20 Objections to Definitions above as if fully set forth herein. Responding Party objects

21 to this request as premature because the Court lacks personal jurisdiction over

22 Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under

23 Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper

24 and should be stayed where a party is challenging a court's jurisdiction. See, e.g.,

25 *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS

26 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and

27 ordering stay pending court's ruling on Rule 12 motion for lack of personal

28 jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY,

2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter &
Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2
(N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant
challenging court's subject matter jurisdiction was within its rights to object);
*United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB,
2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay
discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087
(D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of
discovery"). Responding Party objects to this request to the extent that it seeks
information that is protected from disclosure by the attorney-client privilege, work
product doctrine, or any other applicable privilege or protection. Responding Party
objects to this request to the extent that it is unreasonably cumulative or duplicative
of other requests for production. Responding Party objects to the request to the
extent that it purports to require Responding Party to produce documents that
contain trade secrets of Responding Party, or other confidential business, financial,
proprietary, or sensitive information of Responding Party or third parties without
entry of a satisfactory confidentiality order. Responding Party further objects to this
Request on the grounds that Propounding Party has failed to comply with Cal. Civ.
Proc. Code § 2019.210, which requires Propounding Party to identify with
reasonable particularly the trade secrets it alleges that any defendant
misappropriated before commencing discovery, as required by Section H of the
Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 25:**

Communications concerning Your employees, consultants, and other agents'
downloading, accessing, copying, or otherwise retaining Documents that they had
access to as a result of any of those persons' engagements with Swan, including but
not limited to the files identified in Exhibit G to the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp*., No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the

41

possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications concerning any Proton employee, consultant, or other agent's obligations or potential obligations to Swan, including but not limited to those arising from such persons' employment or consulting agreements with Swan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal

jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 27:**

Documents and Communications sufficient to show any former or current

43

1  Swan employee or consultant's job offer from Proton or Elektron (or an offer from a

2  company that became Proton or Elektron), including all forms of compensation and

3  benefits or promises thereof.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

5      Responding Party incorporates by references the General Objections and

6  Objections to Definitions above as if fully set forth herein. Responding Party objects

7  to this request as premature because the Court lacks personal jurisdiction over

8  Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under

9  Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper

10  and should be stayed where a party is challenging a court's jurisdiction. See, e.g.,

11  *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS

12  219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and

13  ordering stay pending court's ruling on Rule 12 motion for lack of personal

14  jurisdiction); *Cooper v. Shoei Safety Helmet Corp*., No. 2:17-CV-03129-JAD-EJY,

15  2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter &*

16  *Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2

17  (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant

18  challenging court's subject matter jurisdiction was within its rights to object);

19  *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB,

20  2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay

21  discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087

22  (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of

23  discovery"). Responding Party objects to this request to the extent that it seeks

24  information that is protected from disclosure by the attorney-client privilege, work

25  product doctrine, or any other applicable privilege or protection. Responding Party

26  also objects to this request's demand as being compound, overbroad, overly

27  burdensome, and harassing, and as seeking documents that are not relevant to the

28  claims or defenses in this action. Responding Party further objects to this request on

44

the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the term "Elektron" as overly broad, unduly burdensome, vague, ambiguous and unintelligible.  Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications concerning any former or current Swan employee, consultant, or agent's development of Swan's Trade Secrets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g.,

45

1  *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS

2  219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and

3  ordering stay pending court's ruling on Rule 12 motion for lack of personal

4  jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY,

5  2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter &*

6  *Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2

7  (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant

8  challenging court's subject matter jurisdiction was within its rights to object);

9  *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB,

10 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay

11 discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087

12 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of

13 discovery"). Responding Party objects to this request to the extent that it seeks

14 information that is protected from disclosure by the attorney-client privilege, work

15 product doctrine, or any other applicable privilege or protection. Responding Party

16 also objects to this request's demand as being compound, overbroad, overly

17 burdensome, and harassing, and as seeking documents that are not relevant to the

18 claims or defenses in this action. Responding Party further objects to this request on

19 the grounds that it is vague, overbroad and subjects Responding Party to

20 unreasonable and undue burden and expense. Responding Party also objects to this

21 request on the grounds and to the extent that it seeks information that is not in the

22 possession, custody or control of Responding Party and/or is equally or more readily

23 available from another source which is more convenient, less burdensome, or less

24 expensive. Responding Party objects to this request to the extent that it is

25 unreasonably cumulative or duplicative of other requests for production.

26 Responding Party objects to the request to the extent that it purports to require

27 Responding Party to produce documents that contain trade secrets of Responding

28 Party, or other confidential business, financial, proprietary, or sensitive information

46

of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications concerning Your business plans, strategic plans, operating plans, marketing plans, financial plans, sales plans, investment plans, market studies, and target market, including projections for revenue generation and profitability, related to Bitcoin mining management and operation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2

47

(N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires

48

1  Propounding Party to identify with reasonable particularly the trade secrets it alleges

2  that any defendant misappropriated before commencing discovery, as required by

3  Section H of the Court's Scheduling Order (Dkt. 95).

4  **REQUEST FOR PRODUCTION NO. 30:**

5      Documents and Communications sufficient to show Your total financial

6  investment, including but not limited to employee time, purchase of capital

7  equipment, and outside consultants, by quarter, into Your efforts to develop

8  proprietary methodologies for Bitcoin mining operations including, but not limited

9  to, the development of any dashboard or monitoring system related to Bitcoin

10  mining operations.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

12      Responding Party incorporates by references the General Objections and

13  Objections to Definitions above as if fully set forth herein. Responding Party objects

14  to this request as premature because the Court lacks personal jurisdiction over

15  Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under

16  Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper

17  and should be stayed where a party is challenging a court's jurisdiction. See, e.g.,

18  *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS

19  219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and

20  ordering stay pending court's ruling on Rule 12 motion for lack of personal

21  jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY,

22  2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter &*

23  *Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2

24  (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant

25  challenging court's subject matter jurisdiction was within its rights to object);

26  *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB,

27  2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay

28  discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087

49

(D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.  Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications concerning Your actual, planned, or attempted development or use of any dashboard or monitoring system related to Bitcoin mining operations, including but not limited to any dashboard or monitoring system similar to Swan's BNOC or intended to serve as a replacement to Swan's BNOC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g.,

*Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp*., No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information

of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense Responding Party objects that this request is vague and ambiguous, including in its use of the phrase "any dashboard or monitoring system similar to Swan's BNOC or intended to serve as a replacement to Swan's BNOC".  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

## REQUEST FOR PRODUCTION NO. 32:

All Documents and Communications concerning any comparison between any dashboard or monitoring system related to Bitcoin mining operations that You use to Swan's BNOC.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter &*

*Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request  to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party further objects to this Request on the grounds that Propounding

Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications concerning any comparison between Swan's Trade Secrets and any techniques, methods, or tools You use to manage, operate, or otherwise engage in Bitcoin mining activities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks

54

information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party objects that this request is vague and ambiguous, including in its use of the phrases "any techniques, methods, or tools You use to manage, operate, or otherwise engage in Bitcoin mining activities".  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 34:**

Documents and Communications concerning Your efforts to keep the techniques, methods, or tools You use to manage, operate, or otherwise engage in Bitcoin mining activities secret or confidential.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the

claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party objects that this request is vague and ambiguous, including in its use of the phrases "techniques, methods, or tools You use to manage, operate, or otherwise engage in Bitcoin mining activities".  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 35:**

Documents and Communications concerning any actual or considered indemnification of You and/or Your employees, consultants, or other agents concerning activities related to Bitcoin mining, including but not limited to (i) any agreements under which any third party has agreed to indemnify You and/or Your employees, consultants, and other agents; and (ii) any agreements under which You have agreed to indemnify Your employees, consultants, and other agents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the

possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to identify all persons who own any interest in You, including Documents sufficient to identify when those persons acquired that interest and the size and nature of that interest.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY,

2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party objects that this request is vague and ambiguous, including in its use of the phrase "any interest in You". Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 37:**

Documents sufficient to identify all persons in whom you own any interest, including Documents sufficient to identify when You acquired that interest and the size and nature of that interest.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp*., No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party objects that this

request is vague and ambiguous, including in its use of the phrases "in whom you own any interest". Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 38:**

Documents and Communications concerning any actual, planned, or attempted investment in You by any person, including but not limited to Communications You sent to any actual or potential investors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087

62

(D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 39:**

Documents and Communications concerning any valuation of Your business, including but not limited to any valuations of any subparts of that business, such as services You provide related to Bitcoin mining.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the

64

possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 40:**

Financial statements, including but not limited to income statements, balance sheets, cash flow statements, statement of shareholders' equity, and other financial and/or accounting statements showing income and/or expenses, assets and liabilities, equity, cash flows, and capital accounts of any type related to services you provide related to Bitcoin mining.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and

ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 41:**

All Communications between You and persons associated with the Mining Sites You manage, operate, or otherwise engage with related to Bitcoin mining activities, including but not limited to all Communications exchanged via Signal,

Telegram, and WhatsApp.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this

request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense.  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 42:**

Communications concerning Your actual, planned, inadvertent, or attempted efforts to delete, conceal, or spoliate evidence related to the subject matter of this Action

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g.,

*Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS
219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and
ordering stay pending court's ruling on Rule 12 motion for lack of personal
jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY,
2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter &
Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2
(N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant
challenging court's subject matter jurisdiction was within its rights to object);
*United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB,
2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay
discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087
(D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of
discovery"). Responding Party objects to this request to the extent that it seeks
information that is protected from disclosure by the attorney-client privilege, work
product doctrine, or any other applicable privilege or protection. Responding Party
also objects to this request's demand as being compound, overbroad, overly
burdensome, and harassing, and as seeking documents that are not relevant to the
claims or defenses in this action. Responding Party further objects to this request on
the grounds that it is vague, overbroad and subjects Responding Party to
unreasonable and undue burden and expense. Responding Party also objects to this
request on the grounds and to the extent that it seeks information that is not in the
possession, custody or control of Responding Party and/or is equally or more readily
available from another source which is more convenient, less burdensome, or less
expensive. Responding Party objects to this request to the extent that it is
unreasonably cumulative or duplicative of other requests for production.
Responding Party objects to the request to the extent that it purports to require
Responding Party to produce documents that contain trade secrets of Responding
Party, or other confidential business, financial, proprietary, or sensitive information

1  of Responding Party or third parties without entry of a satisfactory confidentiality

2  order. Responding Party further objects to this Request on the grounds that

3  Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210,

4  which requires Propounding Party to identify with reasonable particularly the trade

5  secrets it alleges that any defendant misappropriated before commencing discovery,

6  as required by Section H of the Court's Scheduling Order (Dkt. 95).

7  **REQUEST FOR PRODUCTION NO. 43:**

8      Communications concerning the use of ephemeral messaging applications

9  (such as Signal, Telegram, or WhatsApp) for You and/or Your employees,

10  consultants, and other agents' communications, including but not limited to

11  Communications concerning switching from non-ephemeral messaging applications

12  to ephemeral ones.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

14      Responding Party incorporates by references the General Objections and

15  Objections to Definitions above as if fully set forth herein. Responding Party objects

16  to this request as premature because the Court lacks personal jurisdiction over

17  Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under

18  Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper

19  and should be stayed where a party is challenging a court's jurisdiction. See, e.g.,

20  *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS

21  219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and

22  ordering stay pending court's ruling on Rule 12 motion for lack of personal

23  jurisdiction); *Cooper v. Shoei Safety Helmet Corp*., No. 2:17-CV-03129-JAD-EJY,

24  2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter &*

25  *Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2

26  (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant

27  challenging court's subject matter jurisdiction was within its rights to object);

28  *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB,

70

2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party objects that this request is vague and ambiguous, including in its use of the phrase "ephemeral messaging applications".  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 44:**

Documents and Communications concerning Your involvement in the actual, planned, or attempted sale of ASICs or other hardware or infrastructure related to Bitcoin mining, including your valuation of any ASICs for the purpose of a sale or attempted or planned sale.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp*., No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly

72

burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 45:**

Documents and Communications concerning Your or Your employees, consultants, and other agents' concealment of assets, transfer of assets to third parties, or attempts to limit Swan's ability to recover assets in connection with this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under

73

Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require

Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to identify the amount and location of Your assets, including but not limited to identifying all Bitcoin owned or controlled by You and/or Your employees, consultants, and other agents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB,

2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.  Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the  to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 47:**

All Documents and Communications concerning Your holding Yourself or Your employees, consultants, and other agents out as former Swan employees, consultants, or agents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g.,

*Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information

77

1  of Responding Party or third parties without entry of a satisfactory confidentiality

2  order. Responding Party further objects to this Request on the grounds that

3  Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210,

4  which requires Propounding Party to identify with reasonable particularly the trade

5  secrets it alleges that any defendant misappropriated before commencing discovery,

6  as required by Section H of the Court's Scheduling Order (Dkt. 95).

7  **REQUEST FOR PRODUCTION NO. 48:**

8      All Documents and Communications that You sent to actual or prospective

9  customers, investors, vendors, business partners, funding sources, or other parties

10  referencing or containing Swan's name, logo, or the names of Swan personnel.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

12      Responding Party incorporates by references the General Objections and

13  Objections to Definitions above as if fully set forth herein. Responding Party objects

14  to this request as premature because the Court lacks personal jurisdiction over

15  Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under

16  Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper

17  and should be stayed where a party is challenging a court's jurisdiction. See, e.g.,

18  *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS

19  219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and

20  ordering stay pending court's ruling on Rule 12 motion for lack of personal

21  jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY,

22  2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter &*

23  *Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2

24  (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant

25  challenging court's subject matter jurisdiction was within its rights to object);

26  *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB,

27  2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay

28  discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087

78

(D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 49:**

All Documents and Communications concerning any statements made by You

79

1  and/or Your employees, consultants, independent contractors, and other agents

2  disparaging or otherwise saying anything negative about Swan.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

4    Responding Party incorporates by references the General Objections and

5  Objections to Definitions above as if fully set forth herein. Responding Party objects

6  to this request as premature because the Court lacks personal jurisdiction over

7  Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under

8  Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper

9  and should be stayed where a party is challenging a court's jurisdiction. See, e.g.,

10  *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS

11  219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and

12  ordering stay pending court's ruling on Rule 12 motion for lack of personal

13  jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY,

14  2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter &*

15  *Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2

16  (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant

17  challenging court's subject matter jurisdiction was within its rights to object);

18  *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB,

19  2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay

20  discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087

21  (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of

22  discovery"). Responding Party objects to this request to the extent that it seeks

23  information that is protected from disclosure by the attorney-client privilege, work

24  product doctrine, or any other applicable privilege or protection. Responding Party

25  also objects to this request's demand as being compound, overbroad, overly

26  burdensome, and harassing, and as seeking documents that are not relevant to the

27  claims or defenses in this action. Responding Party further objects to this request on

28  the grounds that it is vague, overbroad and subjects Responding Party to

PROTON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION, Case No. 2:24-cv-8280-MWC-E

unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 50:**

All Documents and Communications concerning any statements made by You and/or Your employees, consultants, independent contractors, and other agents praising or otherwise saying anything positive about Swan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper

81

1   and should be stayed where a party is challenging a court's jurisdiction. See, e.g.,

2   *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS

3   219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and

4   ordering stay pending court's ruling on Rule 12 motion for lack of personal

5   jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY,

6   2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter &*

7   *Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2

8   (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant

9   challenging court's subject matter jurisdiction was within its rights to object);

10  *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB,

11  2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay

12  discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087

13  (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of

14  discovery"). Responding Party objects to this request to the extent that it seeks

15  information that is protected from disclosure by the attorney-client privilege, work

16  product doctrine, or any other applicable privilege or protection. Responding Party

17  also objects to this request's demand as being compound, overbroad, overly

18  burdensome, and harassing, and as seeking documents that are not relevant to the

19  claims or defenses in this action. Responding Party further objects to this request on

20  the grounds that it is vague, overbroad and subjects Responding Party to

21  unreasonable and undue burden and expense. Responding Party also objects to this

22  request on the grounds and to the extent that it seeks information that is not in the

23  possession, custody or control of Responding Party and/or is equally or more readily

24  available from another source which is more convenient, less burdensome, or less

25  expensive. Responding Party objects to this request to the extent that it is

26  unreasonably cumulative or duplicative of other requests for production.

27  Responding Party objects to the request to the extent that it purports to require

28  Responding Party to produce documents that contain trade secrets of Responding

Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents and Communications" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 51:**

All Documents or Communications concerning Your employees, consultants, and other agents' who formerly provided services to Swan ceasing their engagements with Swan, including but not limited to Documents or Communications concerning such persons' resignations from Swan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2

83

1  (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant

2  challenging court's subject matter jurisdiction was within its rights to object);

3  *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB,

4  2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay

5  discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087

6  (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of

7  discovery"). Responding Party objects to this request to the extent that it seeks

8  information that is protected from disclosure by the attorney-client privilege, work

9  product doctrine, or any other applicable privilege or protection. Responding Party

10  also objects to this request's demand as being compound, overbroad, overly

11  burdensome, and harassing, and as seeking documents that are not relevant to the

12  claims or defenses in this action. Responding Party further objects to this request on

13  the grounds that it is vague, overbroad and subjects Responding Party to

14  unreasonable and undue burden and expense. Responding Party also objects to this

15  request on the grounds and to the extent that it seeks information that is not in the

16  possession, custody or control of Responding Party and/or is equally or more readily

17  available from another source which is more convenient, less burdensome, or less

18  expensive. Responding Party objects to this request to the extent that it is

19  unreasonably cumulative or duplicative of other requests for production.

20  Responding Party objects to the request to the extent that it purports to require

21  Responding Party to produce documents that contain trade secrets of Responding

22  Party, or other confidential business, financial, proprietary, or sensitive information

23  of Responding Party or third parties without entry of a satisfactory confidentiality

24  order. Responding Party also objects to this request for "All Documents and

25  Communications" on the grounds that it is overbroad and subjects Responding Party

26  to unreasonable and undue annoyance, oppression, burden, and expense.

27  Responding Party further objects to this Request on the grounds that Propounding

28  Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires

Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 52:**

Documents and Communications concerning the reasons why any of Your employees, consultants, and other agents who formerly provided services to Swan no longer provide those services to Swan, including but not limited to Documents and Communications concerning why any such persons resigned from Swan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks

85

information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 53:**

All Communications between You and Marlin Capital, including but not limited to Communications between You and Zachary Lyons.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over

86

Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production.

1  Responding Party objects to the request to the extent that it purports to require
2  Responding Party to produce documents that contain trade secrets of Responding
3  Party, or other confidential business, financial, proprietary, or sensitive information
4  of Responding Party or third parties without entry of a satisfactory confidentiality
5  order. Responding Party also objects to this request for "All Communications" on
6  the grounds that it is overbroad and subjects Responding Party to unreasonable and
7  undue annoyance, oppression, burden, and expense. Responding Party further
8  objects to this Request on the grounds that Propounding Party has failed to comply
9  with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify
10 with reasonable particularly the trade secrets it alleges that any defendant
11 misappropriated before commencing discovery, as required by Section H of the
12 Court's Scheduling Order (Dkt. 95).

13 **REQUEST FOR PRODUCTION NO. 54:**

14     Documents sufficient to identify all travel by You, including but not limited
15 to Your employees, consultants, and other agents, to California and/or the United
16 States during the Relevant Period.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

18     Responding Party incorporates by references the General Objections and
19 Objections to Definitions above as if fully set forth herein. Responding Party objects
20 to this request as premature because the Court lacks personal jurisdiction over
21 Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under
22 Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper
23 and should be stayed where a party is challenging a court's jurisdiction. See, e.g.,
24 *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS
25 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and
26 ordering stay pending court's ruling on Rule 12 motion for lack of personal
27 jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY,
28 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter &*

88

*Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 55:**

Documents and Communications regarding business, customer, corporate, or other relationships between You and Ilios Corp.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over

89

1  Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under

2  Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper

3  and should be stayed where a party is challenging a court's jurisdiction. See, e.g.,

4  *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS

5  219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and

6  ordering stay pending court's ruling on Rule 12 motion for lack of personal

7  jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY,

8  2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter &*

9  *Assocs., LLC v. Teachscape, Inc*., No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2

10  (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant

11  challenging court's subject matter jurisdiction was within its rights to object);

12  *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB,

13  2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay

14  discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087

15  (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of

16  discovery"). Responding Party objects to this request to the extent that it seeks

17  information that is protected from disclosure by the attorney-client privilege, work

18  product doctrine, or any other applicable privilege or protection. Responding Party

19  also objects to this request's demand as being compound, overbroad, overly

20  burdensome, and harassing, and as seeking documents that are not relevant to the

21  claims or defenses in this action. Responding Party further objects to this request on

22  the grounds that it is vague, overbroad and subjects Responding Party to

23  unreasonable and undue burden and expense. Responding Party also objects to this

24  request on the grounds and to the extent that it seeks information that is not in the

25  possession, custody or control of Responding Party and/or is equally or more readily

26  available from another source which is more convenient, less burdensome, or less

27  expensive. Responding Party objects to this request to the extent that it is

28  unreasonably cumulative or duplicative of other requests for production.

1  Responding Party objects to the request to the extent that it purports to require
2  Responding Party to produce documents that contain trade secrets of Responding
3  Party, or other confidential business, financial, proprietary, or sensitive information
4  of Responding Party or third parties without entry of a satisfactory confidentiality
5  order. Responding Party further objects to this Request on the grounds that
6  Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210,
7  which requires Propounding Party to identify with reasonable particularly the trade
8  secrets it alleges that any defendant misappropriated before commencing discovery,
9  as required by Section H of the Court's Scheduling Order (Dkt. 95).

10  **REQUEST FOR PRODUCTION NO. 56:**

11      Documents and Communications between You and any United States
12  governmental agency, California governmental agency, or Wyoming governmental
13  agency.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

15      Responding Party incorporates by references the General Objections and
16  Objections to Definitions above as if fully set forth herein. Responding Party objects
17  to this request as premature because the Court lacks personal jurisdiction over
18  Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under
19  Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper
20  and should be stayed where a party is challenging a court's jurisdiction. See, e.g.,
21  *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS
22  219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and
23  ordering stay pending court's ruling on Rule 12 motion for lack of personal
24  jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY,
25  2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter &
26  Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2
27  (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant
28  challenging court's subject matter jurisdiction was within its rights to object);

*United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 57:**

Documents sufficient to identify the GitHub repository or repositories used to store any source code used by You related to Bitcoin mining.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Responding Party incorporates by references the General Objections and Objections to Definitions above as if fully set forth herein. Responding Party objects to this request as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request to the extent that it purports to require Responding Party to produce documents that

93

contain trade secrets of Responding Party, or other confidential business, financial,
proprietary, or sensitive information of Responding Party or third parties without
entry of a satisfactory confidentiality order.  Responding Party further objects to this
Request on the grounds that Propounding Party has failed to comply with Cal. Civ.
Proc. Code § 2019.210, which requires Propounding Party to identify with
reasonable particularly the trade secrets it alleges that any defendant
misappropriated before commencing discovery, as required by Section H of the
Court's Scheduling Order (Dkt. 95).

**REQUEST FOR PRODUCTION NO. 58:**

All Documents, including source code, maintained on GitHub by the GitHub
organization "elektron-tech," including but not limited to all Documents housed in
the repository named "nxt."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Responding Party incorporates by references the General Objections and
Objections to Definitions above as if fully set forth herein. Responding Party objects
to this request as premature because the Court lacks personal jurisdiction over
Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under
Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper
and should be stayed where a party is challenging a court's jurisdiction. See, e.g.,
*Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS
219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and
ordering stay pending court's ruling on Rule 12 motion for lack of personal
jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY,
2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter &
Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2
(N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant
challenging court's subject matter jurisdiction was within its rights to object);
*United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB,

2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this request's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this request on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this request on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this request to the extent that it is unreasonably cumulative or duplicative of other requests for production. Responding Party objects to the request  to the extent that it purports to require Responding Party to produce documents that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party also objects to this request for "All Documents" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party further objects to this Request on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

1

2    Dated:  March 28, 2025              BERGESON, LLP

3

4

5                                       By: _____

6                                              Jaideep Venkatesan

7                                       Attorneys for Specially Appearing Defendant
                                        PROTON MANAGEMENT LTD.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROTON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR
PRODUCTION, Case No. 2:24-cv-8280-MWC-E

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SANTA CLARA**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Santa Clara, State of California.  My business address is 111 N. Market Street, Suite 600, San Jose, CA 95113.

On March 28, 2025, I served true copies of the following document(s) described as**:  SPECIALLY APPEARING DEFENDANT PROTON MANAGEMENT LTD'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** on the interested parties in this action as follows:

**Attorneys for Plaintiff**
**ELECTRIC SOLIDUS, INC. d/b/a**
**SWAN BITCOIN**

Harris M. Mufson (*PHV forthcoming*)
hmufson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Tel:   212-351-4000

Matthew D. McGill (*PHV* )
mmcgill@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
Tel:   202-955-8500

Ilissa Samplin SBN 314018
isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Tel:   213-229-7000

Christine Demana (*PHV* )
cdemana@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2923
Tel:   214-698-3100

**Attorneys for Defendants**
**THOMAS PATRICK FURLONG, ILIOS CORP., MICHAEL ALEXANDER HOLMES, RAFAEL DIAS MONTELEONE, SANTHIRAN NAIDOO, ENRIQUE ROMUALDEZ, and LUCAS VASCONCELOS**

Grant P. Fondo
gfondo@goodwinlaw.com
Nirav Bhardwaj
nbhardwaj@goodwinlaw.com
GOODWIN PROCTER
601 Marshall Street
Redwood City, CA 94063
Tel:   650-752-3100

Wendell Lin
wlin@goodwinlaw.com
Goodwin Procter LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA  94111
Tel:   415-733-6271

Matthew P. Kanny
mkanny@goodwinlaw.com
Aaron Thompson
athompson@goodwinlaw.com
GOODWIN PROCTER
520 Broadway, Suite 500
Santa Monica, CA 90401
Tel:   424-252-6400

Matthew P. Kanny
mkanny@goodwinlaw.com
GOODWIN PROCTER
601 South Figueroa Street, Suite 4100
Los Angeles, CA 90017
Tel:   231-426-2500

PROTON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION, Case No. 2:24-cv-8280-MWC-E

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address ahogue@be-law.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 28, 2025, at San Jose, California.

_____
Annette S. Hogue

98