# EXHIBIT 5

DANIEL J. BERGESON, SBN 105439
dbergeson@be-law.com
REBECCA KAUFMAN, SBN 199534
rkaufman@be-law.com
JAIDEEP VENKATESAN, SBN 211386
jvenkatesan@be-law.com
ADAM C. TRIGG, SBN 261498
atrigg@be-law.com
BERGESON, LLP
111 N. Market Street, Suite 600
San Jose, CA 95113
Telephone:  (408) 291-6200
Facsimile:   (408) 297-6000

Attorneys for Specially Appearing Defendant
PROTON MANAGEMENT LTD.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROTON MANAGEMENT LTD., a British Virgin Islands corporation; THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; SANTHIRAN NAIDOO; ENRIQUE ROMUALDEZ; and LUCAS VASONCELOS,<br><br>Defendants. | Case No. 2:24-cv-08280-MWC-E<br><br>**SPECIALLY APPEARING DEFENDANT PROTON MANAGEMENT LTD'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND INTERROGATORIES**<br><br>Am. Complaint filed: January 27, 2025 |

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiff ELECTRIC SOLIDUS, INC. |
| RESPONDING PARTY: | Defendant PROTON MANAGEMENT LTD. |
| SET NO.: | Two (2) |

Pursuant to Federal Rule of Civil Procedure 33, Specially Appearing Defendant PROTON MANAGEMENT LTD ("Responding Party") submits these responses and objections to the Second Set of Special Interrogatories propounded by Plaintiff ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN ("Propounding Party").

## PRELIMINARY STATEMENT

The following responses are made solely for the purpose of, and in relation to, the Action. Each response is provided subject to all appropriate objections (including, without limitation, objections concerning competency, relevancy, materiality, propriety, and admissibility) that would require the exclusion of any statement contained herein if the statement were made by a witness present and testifying in court. All such objections and grounds therefor are reserved and may be interposed at the time of trial.

The following responses to the Interrogatories are based upon the facts and information presently known and available to Responding Party. Discovery, investigation, research, and analysis are still ongoing in this case and may disclose the existence of additional facts, add meaning to known facts, establish entirely new factual or legal contentions, or possibly lead to additions, variations, or changes to these responses. Without obligating itself to do so, Responding Party reserves the right to change or supplement these responses as additional facts are discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research disclose additional facts, contentions, or legal theories which may apply.

## GENERAL OBJECTIONS TO SPECIAL INTERROGATORIES

1. Responding Party objects to the Interrogatories as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to

Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction.  (Dkt. 121.)  Discovery is improper and should be stayed where a party is challenging a court's jurisdiction.  See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery").

      2.     Responding Party objects to the Interrogatories in their entirety, and to each interrogatory therein, on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

      3.     Responding Party objects to the Interrogatories in their entirety, and to each individual interrogatory therein, to the extent that they purport to require Responding Party to provide information concerning persons or entities other than Responding Party, on the grounds that the Interrogatories, to that extent, are overbroad and seek information that is neither relevant to the subject matter of this Action nor reasonably calculated to lead to the discovery of admissible evidence, or if relevant, so remote therefrom as to make their disclosure of little or no practical

benefit to Plaintiff, while placing an unwarranted and extreme burden and expense on Responding Party in ascertaining, gathering and providing such information.

4. Responding Party objects to the Interrogatories in their entirety and to each individual interrogatory therein, to the extent that they seek information that is not relevant and does not appear reasonably calculated to lead to the discovery of admissible evidence.

5. Responding Party objects to the Interrogatories in their entirety and to each individual interrogatory therein, to the extent that they purport to require Responding Party to provide information that is not within its possession, custody, or control.

6. Responding Party objects to the Interrogatories in their entirety, and to each individual interrogatory therein, to the extent they purport to require Responding Party to provide information that has already been provided by parties in this Action, or that could be provided by parties to this Action, or non-parties.

7. Responding Party objects to the Interrogatories in their entirety and to each individual interrogatory therein, to the extent that they are vague, ambiguous, and/or overbroad.

8. Responding Party objects to the Interrogatories in their entirety and to each individual interrogatory therein, to the extent that they purport to require Responding Party to provide confidential business, financial, proprietary, or sensitive information.

9. Responding Party objects to the Interrogatories in their entirety, and to each individual interrogatory therein, to the extent they seek information prepared in anticipation of, or in connection with this Action, or information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege against disclosure.

10. Responding Party objects to the Definitions set forth in the Interrogatories to the extent that such definitions purport to impose requirements on

Responding Party which differ from those set forth set forth in the Federal Rules of Civil Procedure.

11. Responding Party objects to the Definitions set forth in the Interrogatories to the extent that the definitions of the stated terms or phrases assume facts not in evidence or otherwise improperly or incorrectly define the stated terms or phrases.

12. The foregoing General Objections are, and shall be deemed to be, incorporated in full into each specific Interrogatory Response set forth below.

## OBJECTIONS TO DEFINITIONS

1. Responding Party objects to the definition of "**Communication**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent it includes "whether or not the Communication was ever disclosed, sent, or transmitted." For purposes of responding to the Interrogatory, Responding Party will exclude the portion noted above from the definition of "**Communications**" in the Interrogatory, and interpret the otherwise overbroad definition not to impose a burden beyond what is required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Civil Rules of the U.S. District Court for the Central District of California.

2. Responding Party objects to the definition of "**Documents**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent it includes "whether or not the Communication was ever disclosed, sent, or transmitted." For purposes of responding to the Interrogatory, Responding Party will exclude the portion noted above from the definition of "**Documents**" in the Interrogatory, and interpret the otherwise overbroad definition not to impose a burden beyond what is required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Civil Rules of the U.S. District Court for the Central District of California.

3. Responding Party object to the definition of "**Proton**" or "**You**" as

overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf." For purposes of responding to the Interrogatory, Responding Party will interpret "**Proton**" or "**You**" as referring to Defendant Proton Management Ltd.

    4.    Responding Party object to the definition of "**Elektron**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf." For purposes of responding to the Interrogatory, Responding Party will interpret "**Elektron**" as referring to Defendant Elektron Management LLC.

    5.    Responding Party objects to the definition of "**Concern**" or "**Concerning**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible. For purposes of responding to the Interrogatory, Responding Party will exclude the portion noted above from the definition of "**Concern**" or "**Concerning**" in the Interrogatory, and interpret the otherwise overbroad definition not to impose a burden beyond what is required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Civil Rules of the U.S. District Court for the Central District of California.

    6.    Responding Party objects to the definition of "**Complaint**" or "**Operative Complaint**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible. For purposes of responding to the Interrogatory, Responding Party will interpret "**Complaint**" or "**Operative Complaint**" as referring to the most recent complaint filed in this Action.

    7.    Responding Party objects to the definition of "**Person**" or "**Persons**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible. For

purposes of responding to the Interrogatory, Responding Party will exclude the portion noted above from the definition of "**Person**" or "**Persons**" in the Interrogatory, and interpret the otherwise overbroad definition not to impose a burden beyond what is required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Civil Rules of the U.S. District Court for the Central District of California.

8. Responding Party object to the definition of "**Swan**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf." For purposes of responding to the Interrogatory, Responding Party will interpret "**Swan**" as referring to Plaintiff Electric Solidus, Inc. d/b/a Swan Bitcoin.

9. Responding Party object to the definition of "**2040 Energy**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf." For purposes of responding to the Interrogatory, Responding Party will interpret "**2040 Energy**" as referring to 2040 Energy Ltd.

Responding Party objects to the definition of "**Swan's Trade Secrets**" as overly broad, unduly burdensome, vague, and ambiguous, including as it purports to incorporate by reference "Swan's Complaint" and "Swan's Identification of Asserted Trade Secrets (dated February 14, 2025).

Responding Party objects to the definition of "**Swan's BNOC**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible including as it purports to incorporate "Paragraphs 73-79 of the Complaint". Responding Party will interpret "**Swan's BNOC**" as referring to the Bitcoin Network Operating Center

dashboard developed for 2040 Energy, without any admission as to with respect to any claim that BNOC is proprietary to Propounding Party.

## RESPONSES TO SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 6:**

Identify and describe all dashboards or monitoring systems that You use in connection with Your Bitcoin mining operations, including stating the basis for any contention that those systems differ from Swan's BNOC or were independently developed or created.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Responding Party incorporates by references the General Objections and Objections to Definitions as if fully set forth herein. Responding Party objects to this interrogatory as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this interrogatory to the extent that it

seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.  Responding Party objects to this interrogatory to the extent that it is unreasonably cumulative or duplicative of other interrogatories.  Responding Party objects that this interrogatory is vague and ambiguous, including in its use of the phrase "Your Bitcoin mining operations". Responding Party objects to this interrogatory to the extent that it purports to require Responding Party to produce information that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party further objects to this interrogatory on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**SPECIAL INTERROGATORY NO. 7:**

Identify all persons who have been or are engaged to do work on Your behalf related to Bitcoin mining, including identifying (i) the name of each person; (ii) each person's title, roles, and responsibilities; (iii) where each person resides; and (iv) dates during which that person has been engaged by You.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Responding Party incorporates by references the General Objections and Objections to Definitions as if fully set forth herein.  Responding Party objects to this interrogatory as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction.  (Dkt. 121.)  Discovery is improper and should be stayed where a party is challenging a court's jurisdiction.  See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS

219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this interrogatory's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this interrogatory on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party objects to this interrogatory to the extent that it is unreasonably cumulative or duplicative of other interrogatories. Responding Party also objects to this interrogatory to "Identify all persons" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense. Responding Party objects that this interrogatory is vague and ambiguous, including in its use of the phrase "related to Bitcoin mining". Responding Party objects to this interrogatory to the extent that it purports to require Responding Party to produce information that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or

third parties without entry of a satisfactory confidentiality order.  Responding Party further objects to this interrogatory on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**SPECIAL INTERROGATORY NO. 8:**

For every occasion in which You and/or Your employees, consultants, or agents have accessed, disclosed, and/or used any Document reflecting or incorporating Swan's Trade Secrets, identify the date, time, method of access, disclosure, and/or use, and specific material accessed, disclosed, and/or used.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Responding Party incorporates by references the General Objections and Objections to Definitions as if fully set forth herein.  Responding Party objects to this interrogatory as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction.  (Dkt. 121.)  Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay

discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this interrogatory's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this interrogatory on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this interrogatory on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this interrogatory to the extent that it is unreasonably cumulative or duplicative of other interrogatories. Responding Party objects to this interrogatory to the extent that it purports to require Responding Party to produce information that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party further objects to this interrogatory on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**SPECIAL INTERROGATORY NO. 9:**

Describe how You came to be in possession of any Swan Trade Secret, including by identifying any Documents or Communications providing possession

to You.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

  Responding Party incorporates by references the General Objections and Objections to Definitions as if fully set forth herein. Responding Party objects to this interrogatory as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. 121.) Discovery is improper and should be stayed where a party is challenging a court's jurisdiction. See, e.g., *Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery"). Responding Party objects to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this interrogatory's demand as being compound, overbroad, overly burdensome, and harassing. Responding Party further objects to this interrogatory on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this interrogatory on the grounds and to the extent that it seeks

12

1   information that is not in the possession, custody or control of Responding Party
2   and/or is equally or more readily available from another source which is more
3   convenient, less burdensome, or less expensive.  Responding Party objects to this
4   interrogatory to the extent that it is unreasonably cumulative or duplicative of other
5   interrogatories.  Responding Party also objects to this interrogatory to "Identify all
6   persons" on the grounds that it is overbroad and subjects Responding Party to
7   unreasonable and undue annoyance, oppression, burden, and expense.  Responding
8   Party objects to this interrogatory to the extent that it purports to require Responding
9   Party to produce information that contain trade secrets of Responding Party, or other
10  confidential business, financial, proprietary, or sensitive information of Responding
11  Party or third parties without entry of a satisfactory confidentiality order.
12  Responding Party further objects to this interrogatory on the grounds that
13  Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210,
14  which requires Propounding Party to identify with reasonable particularly the trade
15  secrets it alleges that any defendant misappropriated before commencing discovery,
16  as required by Section H of the Court's Scheduling Order (Dkt. 95).

**SPECIAL INTERROGATORY NO. 10:**

Describe all devices and all ephemeral messaging applications on those devices (including, but not limited to, Signal, Telegram, and WhatsApp) that You or any of Your employees, consultants, or agents uses or has used to discuss Bitcoin mining operations that You manage, operate, monitor, or otherwise oversee.

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

Responding Party incorporates by references the General Objections and Objections to Definitions as if fully set forth herein.  Responding Party objects to this interrogatory as premature because the Court lacks personal jurisdiction over Proton, and Proton has filed a Motion to Dismiss Swan's Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction.  (Dkt. 121.)  Discovery is improper and should be stayed where a party is challenging a court's jurisdiction.  See, e.g.,

*Stussy, Inc. v. Shein*, No. 8:22-cv-00379-CJC-KESx, 2022 U.S. Dist. LEXIS 219209, at *18 (C.D. Cal., Sept. 23, 2022) (denying motion to compel discovery and ordering stay pending court's ruling on Rule 12 motion for lack of personal jurisdiction); *Cooper v. Shoei Safety Helmet Corp.*, No. 2:17-CV-03129-JAD-EJY, 2019 U.S. Dist. LEXIS 215343, at *6-7 (D. Nev. Dec. 9, 2019) (same); *Canter & Assocs., LLC v. Teachscape, Inc.*, No. C 07-3225 RS, 2008 WL 191978, at *1, n. 2 (N.D. Cal. Jan. 22, 2008) (denying motion to compel and stating defendant challenging court's subject matter jurisdiction was within its rights to object); *United States v. Dynamic Medical Systems, LLC*, No. 1:17-cv-01757-NONE-SAB, 2020 U.S. Dist. LEXIS 99338, at *3-4, 19 (granting defendant's motion to stay discovery pending motion to dismiss); *PlayUp, Inc. v. Mintas*, 635 F. Supp 3d 1087 (D. Nev. 2022) ("a personal jurisdiction challenge generally favors a stay of discovery").  Responding Party objects to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.  Responding Party also objects to this interrogatory's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action.  Responding Party further objects to this interrogatory on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense.  Responding Party also objects to this interrogatory on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive.  Responding Party objects to this interrogatory to the extent that it is unreasonably cumulative or duplicative of other interrogatories.  Responding Party also objects to this interrogatory to "Identify all persons" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense.  Responding

Party objects that this interrogatory is vague and ambiguous, including in its use of the phrase "ephemeral messaging applications". Responding Party objects to this interrogatory to the extent that it purports to require Responding Party to produce information that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party further objects to this interrogatory on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

Dated: March 28, 2025                                BERGESON, LLP

By: _____
Jaideep Venkatesan

Attorneys for Specially Appearing Defendant
PROTON MANAGEMENT LTD.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SANTA CLARA**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Santa Clara, State of California. My business address is 111 N. Market Street, Suite 600, San Jose, CA 95113.

On March 28, 2025, I served true copies of the following document(s) described as: **SPECIALLY APPEARING DEFENDANT PROTON MANAGEMENT LTD'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND INTERROGATORIES** on the interested parties in this action as follows:

| | |
|---|---|
| **Attorneys for Plaintiff**<br>**ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN**<br><br>Harris M. Mufson (*PHV forthcoming*)<br>hmufson@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York 10166-0193<br>Tel:  212-351-4000<br><br>Matthew D. McGill (*PHV* )<br>mmcgill@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street, N.W.<br>Washington, D.C. 20036-4504<br>Tel:  202-955-8500<br><br>Ilissa Samplin SBN 314018<br>isamplin@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, California 90071-3197<br>Tel:  213-229-7000<br><br>Christine Demana (*PHV* )<br>cdemana@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>2001 Ross Avenue, Suite 2100<br>Dallas, Texas 75201-2923<br>Tel:  214-698-3100 | **Attorneys for Defendants**<br>**THOMAS PATRICK FURLONG, ILIOS CORP., MICHAEL ALEXANDER HOLMES, RAFAEL DIAS MONTELEONE, SANTHIRAN NAIDOO, ENRIQUE ROMUALDEZ, and LUCAS VASCONCELOS**<br><br>Grant P. Fondo<br>gfondo@goodwinlaw.com<br>Nirav Bhardwaj<br>nbhardwaj@goodwinlaw.com<br>GOODWIN PROCTER<br>601 Marshall Street<br>Redwood City, CA 94063<br>Tel:  650-752-3100<br><br>Wendell Lin<br>wlin@goodwinlaw.com<br>Goodwin Procter LLP<br>Three Embarcadero Center, 28th Floor<br>San Francisco, CA  94111<br>Tel:  415-733-6271<br><br>Matthew P. Kanny<br>mkanny@goodwinlaw.com<br>Aaron Thompson<br>athompson@goodwinlaw.com<br>GOODWIN PROCTER<br>520 Broadway, Suite 500<br>Santa Monica, CA 90401<br>Tel:  424-252-6400<br><br>Matthew P. Kanny<br>mkanny@goodwinlaw.com<br>GOODWIN PROCTER<br>601 South Figueroa Street, Suite 4100<br>Los Angeles, CA 90017<br>Tel:  231-426-2500 |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address ahogue@be-law.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 28, 2025, at San Jose, California.

_____
Annette S. Hogue