# EXHIBIT 8

DANIEL J. BERGESON, SBN 105439
dbergeson@be-law.com
REBECCA KAUFMAN, SBN 199534
rkaufman@be-law.com
JAIDEEP VENKATESAN, SBN 211386
jvenkatesan@be-law.com
ADAM C. TRIGG, SBN 261498
atrigg@be-law.com
BERGESON, LLP
111 N. Market Street, Suite 600
San Jose, CA 95113
Telephone:  (408) 291-6200
Facsimile:   (408) 297-6000

Attorneys for Defendant
PROTON MANAGEMENT LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROTON MANAGEMENT LTD., a British Virgin Islands corporation; THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; SANTHIRAN NAIDOO; ENRIQUE ROMUALDEZ; and LUCAS VASONCELOS,<br><br>Defendants. | Case No. 2:24-cv-08280-MWC-E<br><br>**DEFENDANT PROTON MANAGEMENT LTD.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**<br><br>Am. Complaint filed: January 27, 2025 |

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiff ELECTRIC SOLIDUS, INC. |
| RESPONDING PARTY: | Defendant PROTON MANAGEMENT LTD. |
| SET NO.: | Two (2) |

Pursuant to Federal Rule of Civil Procedure 33, Defendant PROTON MANAGEMENT LTD. ("Responding Party") submits these supplemental responses and objections to the Second Set of Special Interrogatories propounded by Plaintiff ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN ("Propounding Party").

## PRELIMINARY STATEMENT

The following responses are made solely for the purpose of, and in relation to, the Action. Each response is provided subject to all appropriate objections (including, without limitation, objections concerning competency, relevancy, materiality, propriety, and admissibility) that would require the exclusion of any statement contained herein if the statement were made by a witness present and testifying in court. All such objections and grounds therefor are reserved and may be interposed at the time of trial.

The following responses to the Interrogatories are based upon the facts and information presently known and available to Responding Party. Discovery, investigation, research, and analysis are still ongoing in this case and may disclose the existence of additional facts, add meaning to known facts, establish entirely new factual or legal contentions, or possibly lead to additions, variations, or changes to these responses. Without obligating itself to do so, Responding Party reserves the right to change or supplement these responses as additional facts are discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research disclose additional facts, contentions, or legal theories which may apply.

## GENERAL OBJECTIONS TO SPECIAL INTERROGATORIES

1. Responding Party objects to the Interrogatories in their entirety, and to each individual interrogatory therein, to the extent that they purport to require

Responding Party to provide information concerning persons or entities other than Responding Party, on the grounds that the Interrogatories, to that extent, are overbroad and seek information that is neither relevant to the subject matter of this Action nor reasonably calculated to lead to the discovery of admissible evidence, or if relevant, so remote therefrom as to make their disclosure of little or no practical benefit to Plaintiff, while placing an unwarranted and extreme burden and expense on Responding Party in ascertaining, gathering and providing such information.

2.  Responding Party objects to the Interrogatories in their entirety and to each individual interrogatory therein, to the extent that they seek information that is not relevant and does not appear reasonably calculated to lead to the discovery of admissible evidence.

3.  Responding Party objects to the Interrogatories in their entirety and to each individual interrogatory therein, to the extent that they purport to require Responding Party to provide information that is not within its possession, custody, or control.

4.  Responding Party objects to the Interrogatories in their entirety, and to each individual interrogatory therein, to the extent they purport to require Responding Party to provide information that has already been provided by parties in this Action, or that could be provided by parties to this Action, or non-parties.

5.  Responding Party objects to the Interrogatories in their entirety and to each individual interrogatory therein, to the extent that they are vague, ambiguous, and/or overbroad.

6.  Responding Party objects to the Interrogatories in their entirety and to each individual interrogatory therein, to the extent that they purport to require Responding Party to provide confidential business, financial, proprietary, or sensitive information without a protective order.

7.  Responding Party objects to the Interrogatories in their entirety, and to each individual interrogatory therein, to the extent they seek information prepared in

1 anticipation of, or in connection with this Action, or information protected from
2 disclosure by the attorney-client privilege, the attorney work-product doctrine, or
3 any other applicable privilege against disclosure.

4     8. Responding Party objects to the Definitions set forth in the
5 Interrogatories to the extent that such definitions purport to impose requirements on
6 Responding Party which differ from those set forth set forth in the Federal Rules of
7 Civil Procedure.

8     9. Responding Party objects to the Definitions set forth in the
9 Interrogatories to the extent that the definitions of the stated terms or phrases
10 assume facts not in evidence or otherwise improperly or incorrectly define the stated
11 terms or phrases.

12     10. The foregoing General Objections are, and shall be deemed to be,
13 incorporated in full into each specific Interrogatory Response set forth below.

## OBJECTIONS TO DEFINITIONS

15     1. Responding Party objects to the definition of "**Communication**" as
16 overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent
17 it includes "whether or not the Communication was ever disclosed, sent, or
18 transmitted." For purposes of responding to the Interrogatory, Responding Party will
19 exclude the portion noted above from the definition of "**Communications**" in the
20 Interrogatory, and interpret the otherwise overbroad definition not to impose a
21 burden beyond what is required by the Federal Rules of Civil Procedure, the Federal
22 Rules of Evidence, and the Local Civil Rules of the U.S. District Court for the
23 Central District of California.

24     2. Responding Party objects to the definition of "**Documents**" as overly
25 broad, unduly burdensome, vague, ambiguous and unintelligible to the extent it
26 includes "whether or not the Communication was ever disclosed, sent, or
27 transmitted." For purposes of responding to the Interrogatory, Responding Party will
28 exclude the portion noted above from the definition of "**Documents**" in the

1  Interrogatory, and interpret the otherwise overbroad definition not to impose a
2  burden beyond what is required by the Federal Rules of Civil Procedure, the Federal
3  Rules of Evidence, and the Local Civil Rules of the U.S. District Court for the
4  Central District of California.

5  3.  Responding Party object to the definition of "**Proton**" or "**You**" as
6  overly broad, unduly burdensome, vague, ambiguous and unintelligible to the extent
7  that it includes "any of its members, employees, representatives, officers, directors,
8  managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries,
9  and any other entities or Persons acting or purporting to act on its behalf." For
10 purposes of responding to the Interrogatory, Responding Party will interpret
11 "**Proton**" or "**You**" as referring to Defendant Proton Management Ltd.

12 4.  Responding Party objects to the definition of "**Concern**" or
13 "**Concerning**" as overly broad, unduly burdensome, vague, ambiguous and
14 unintelligible. For purposes of responding to the Interrogatory, Responding Party
15 will exclude the portion noted above from the definition of "**Concern**" or
16 "**Concerning**" in the Interrogatory, and interpret the otherwise overbroad definition
17 not to impose a burden beyond what is required by the Federal Rules of Civil
18 Procedure, the Federal Rules of Evidence, and the Local Civil Rules of the U.S.
19 District Court for the Central District of California.

20 5.  Responding Party objects to the definition of "**Person**" or "**Persons**" as
21 overly broad, unduly burdensome, vague, ambiguous and unintelligible. For
22 purposes of responding to the Interrogatory, Responding Party will exclude the
23 portion noted above from the definition of "**Person**" or "**Persons**" in the
24 Interrogatory, and interpret the otherwise overbroad definition not to impose a
25 burden beyond what is required by the Federal Rules of Civil Procedure, the Federal
26 Rules of Evidence, and the Local Civil Rules of the U.S. District Court for the
27 Central District of California.

28 6.  Responding Party object to the definition of "**Swan**" as overly broad,

unduly burdensome, vague, ambiguous and unintelligible to the extent that it includes "any of its members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf." For purposes of responding to the Interrogatory, Responding Party will interpret "**Swan**" as referring to Plaintiff Electric Solidus, Inc. d/b/a Swan Bitcoin.

Responding Party objects to the definition of "**Swan's Trade Secrets**" as overly broad, unduly burdensome, vague, and ambiguous, including as it purports to incorporate by reference "Swan's Complaint" and "Swan's Identification of Asserted Trade Secrets (dated February 14, 2025).

Responding Party objects to the definition of "**Swan's BNOC**" as overly broad, unduly burdensome, vague, ambiguous and unintelligible including as it purports to incorporate "Paragraphs 73-79 of the Complaint". Responding Party will interpret "**Swan's BNOC**" as referring to the Bitcoin Network Operating Center dashboard developed for 2040 Energy Ltd., without any admission as to with respect to any claim that BNOC is proprietary to Propounding Party.

**RESPONSES TO SPECIAL INTERROGATORIES**

**SPECIAL INTERROGATORY NO. 6:**

Identify and describe all dashboards or monitoring systems that You use in connection with Your Bitcoin mining operations, including stating the basis for any contention that those systems differ from Swan's BNOC or were independently developed or created.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Responding Party incorporates by references the General Objections and Objections to Definitions as if fully set forth herein. Responding Party objects to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party objects to this interrogatory to

the extent that it is unreasonably cumulative or duplicative of other interrogatories. Responding Party objects that this interrogatory is vague and ambiguous, including in its use of the phrase "Your Bitcoin mining operations". Responding Party objects to this interrogatory to the extent that it purports to require Responding Party to produce information that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party further objects to this interrogatory on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**SPECIAL INTERROGATORY NO. 7:**

Identify all persons who have been or are engaged to do work on Your behalf related to Bitcoin mining, including identifying (i) the name of each person; (ii) each person's title, roles, and responsibilities; (iii) where each person resides; and (iv) dates during which that person has been engaged by You.

**SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Responding Party objects to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this interrogatory's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this interrogatory on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party objects to this interrogatory to the extent that it purports to require Responding Party to produce information that contain confidential business, financial, proprietary, or

sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order. Responding Party objects that this interrogatory is vague and ambiguous and overbroad, including in its use of the phrase "Your." Responding Party will interpret "Your" to mean Proton Management Ltd.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Responding Party refers Plaintiff to the documents in its forthcoming production of documents that show the information sought by this interrogatory.

**SPECIAL INTERROGATORY NO. 8:**

For every occasion in which You and/or Your employees, consultants, or agents have accessed, disclosed, and/or used any Document reflecting or incorporating Swan's Trade Secrets, identify the date, time, method of access, disclosure, and/or use, and specific material accessed, disclosed, and/or used.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Responding Party incorporates by references the General Objections and Objections to Definitions as if fully set forth herein. Responding Party objects to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. Responding Party also objects to this interrogatory's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action. Responding Party further objects to this interrogatory on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense. Responding Party also objects to this interrogatory on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this interrogatory to the extent that it is unreasonably

cumulative or duplicative of other interrogatories.  Responding Party objects to this interrogatory to the extent that it purports to require Responding Party to produce information that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party further objects to this interrogatory on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**SPECIAL INTERROGATORY NO. 9:**

Describe how You came to be in possession of any Swan Trade Secret, including by identifying any Documents or Communications providing possession to You.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Responding Party incorporates by references the General Objections and Objections to Definitions as if fully set forth herein.  Responding Party objects to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.  Responding Party also objects to this interrogatory's demand as being compound, overbroad, overly burdensome, and harassing.  Responding Party further objects to this interrogatory on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue burden and expense.  Responding Party also objects to this interrogatory on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party and/or is equally or more readily available from another source which is more convenient, less burdensome, or less expensive. Responding Party objects to this interrogatory to the extent that it is unreasonably

cumulative or duplicative of other interrogatories.  Responding Party also objects to this interrogatory to "Identify all persons" on the grounds that it is overbroad and subjects Responding Party to unreasonable and undue annoyance, oppression, burden, and expense.  Responding Party objects to this interrogatory to the extent that it purports to require Responding Party to produce information that contain trade secrets of Responding Party, or other confidential business, financial, proprietary, or sensitive information of Responding Party or third parties without entry of a satisfactory confidentiality order.  Responding Party further objects to this interrogatory on the grounds that Propounding Party has failed to comply with Cal. Civ. Proc. Code § 2019.210, which requires Propounding Party to identify with reasonable particularly the trade secrets it alleges that any defendant misappropriated before commencing discovery, as required by Section H of the Court's Scheduling Order (Dkt. 95).

**SPECIAL INTERROGATORY NO. 10:**

Describe all devices and all ephemeral messaging applications on those devices (including, but not limited to, Signal, Telegram, and WhatsApp) that You or any of Your employees, consultants, or agents uses or has used to discuss Bitcoin mining operations that You manage, operate, monitor, or otherwise oversee.

**SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

Responding Party incorporates by references the General Objections and Objections to Definitions as if fully set forth herein.  Responding Party objects to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.  Responding Party also objects to this interrogatory's demand as being compound, overbroad, overly burdensome, and harassing, and as seeking documents that are not relevant to the claims or defenses in this action.  Responding Party further objects to this interrogatory on the grounds that it is vague, overbroad and subjects Responding Party to unreasonable and undue

burden and expense. Responding Party also objects to this interrogatory on the grounds and to the extent that it seeks information that is not in the possession, custody or control of Responding Party. Responding Party objects that this interrogatory is vague and ambiguous, including in its use of the phrase "ephemeral messaging applications."

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Individuals providing services to Proton use computers provided by Proton and may use their personal mobile phones to discuss the services related to Bitcoin mining that Proton provides. The messaging applications used by Proton and the individuals providing services to Proton include Signal, Telegram, MatterMost, and WhatsApp, however it is not Proton's policy to have messaging applications set for ephemeral messaging.

Dated: April 25, 2025                     BERGESON, LLP

By: _____/s/ Adam C. Trigg_____
           Adam C. Trigg

Attorneys for Defendant
PROTON MANAGEMENT LTD.

# PROOF OF SERVICE

I, Adam Trigg, declare as follows:

I am an employee in Santa Clara County, the county in which the service described below occurs. My business address is 111 N. Market Street, Suite 600, San Jose, California 95113. I am over the age of eighteen (18) years and am not a party to the cause for which I am serving the document(s) named below.

I hereby certify that on April 25, 2025, I served the following document(s) described as **DEFENDANT PROTON MANAGEMENT LTD.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES** on the parties listed in the **SERVICE LIST** a true copy thereof and served via electronically as follows:

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** II caused such document to be sent by other electronic means to the person(s) consented to in writing—in either of which events service is complete upon filing or sending. FRCP Title II, §5(b)(2)(E).

Executed on April 25, 2025, at San Jose, California.

_____
Adam C. Trigg

# SERVICE LIST

| Attorneys for Plaintiff<br>**ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN** | Attorneys for Defendants<br>**THOMAS PATRICK FURLONG, ILIOS CORP., MICHAEL ALEXANDER HOLMES, RAFAEL DIAS MONTELEONE, SANTHIRAN NAIDOO, ENRIQUE ROMUALDEZ, and LUCAS VASCONCELOS** |
|---|---|
| Ryan S. Landes<br>ryanlandes@quinnemanuel.com<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>865 S Figueroa St., Fl. 10<br>Los Angeles, CA 90017-5003<br>Tel:   213-443-3145<br>Fax:   213-443-3100 | Grant P. Fondo<br>gfondo@goodwinlaw.com<br>Nirav Bhardwaj<br>nbhardwaj@goodwinlaw.com<br>GOODWIN PROCTER<br>601 Marshall Street<br>Redwood City, CA 94063<br>Tel:   650-752-3100 |
| Jeff W. Nardinelli<br>jeffnardinelli@quinnemanuel.com<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>50 California St., 22nd Fl.<br>San Francisco, CA 94111<br>Tel:   415-875-6600<br>Fax:   415-876-6700 | Wendell Lin<br>wlin@goodwinlaw.com<br>Goodwin Procter LLP<br>Three Embarcadero Center, 28th Floor<br>San Francisco, CA  94111<br>Tel:   415-733-6271 |
| Stacylyn M. Doore<br>stacylyndoore@quinnemanuel.com<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>111 Huntington Ave., Ste. 520<br>Boston, MA 02199<br>Tel:   617-712-7100<br>Fax:   617-712-7200 | Matthew P. Kanny<br>mkanny@goodwinlaw.com<br>Aaron Thompson<br>athompson@goodwinlaw.com<br>GOODWIN PROCTER<br>520 Broadway, Suite 500<br>Santa Monica, CA 90401<br>Tel:   424-252-6400 |
| Toby E. Futter, Of Counsel<br>tobyfutter@quinnemanuel.com<br>Rachel E. Epstein<br>rachelepstein@quinnemanuel.com<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>295 Fifth Avenue<br>New York, NY 10016<br>Tel:   212-849-7000<br>Fax:   212-849-7100 | Matthew P. Kanny<br>mkanny@goodwinlaw.com<br>GOODWIN PROCTER<br>601 South Figueroa Street, Suite 4100<br>Los Angeles, CA 90017<br>Tel:   231-426-2500 |