# EXHIBIT 12

| | |
|---|---|
| **From:** | Jaideep Venkatesan |
| **To:** | Stacylyn Doore; Ryan Gorman; Ryan Landes; QE-Swan |
| **Cc:** | Adam Trigg; Rebecca Kaufman; Kanny, Matthew P; Fondo, Grant P; Russo, Amanda; Thompson, Aaron; Emma Fernandez |
| **Subject:** | RE: Electric Solidus, Inc v. Proton Management Ltd, et al. - Case No. 2:24-cv-8280-WLH-E |
| **Date:** | Monday, April 28, 2025 4:28:18 PM |
| **Attachments:** | image001.png |

Counsel,

Thank you for the email.  We appreciate the opportunity to continue meeting and conferring on Proton's motion to compel arbitration, and have reviewed the authorities you provided.  We respectfully disagree that Proton has waived its right to compel arbitration, based on our review of those authorities and additional research.

First, the authorities cited by Swan with regards to Swan's assertion of waiver are not applicable.  In *Martin v. Yasuda*, 829 F.3d 1118, 1128 (9th Cir. 2016), the moving party waited 17 months before filing a motion to compel arbitration and devoted "considerable time and effort" to litigating the case, including responding to discovery and conducting a deposition.  In *FBC Mortgage, LLC v. Skarg*, 699 F.Supp.3d 837, 842-43 (N.D. Cal. 2023), the court found that the moving party had filed a motion to dismiss on the merits (not challenging jurisdiction) and failed to raise arbitration as a defense in their answer.  Proton's motion to dismiss was qualitatively different, for it was challenging the Court's jurisdiction, a threshold question that the Court must resolve before addressing arbitrability.  The Central District of California has found that the filing of a motion to dismiss for lack of jurisdiction does not waive the right to later file a motion to compel arbitration, given that the Court must first determine it has jurisdiction.  *Galaxia Elecs. Co. v. Luxmax, U.S.A.,* 2018 U.S. Dist. LEXIS 246119, *32 (C.D. Cal. June 6, 2018).  Had Proton filed a motion to compel arbitration and asserted that the Court had jurisdiction to decide that motion, surely Swan would have objected to such a selective waiver.  Your research likely found the decision *United Specialty Ins. Co. v. Clean*, 2021 U.S. Dist. LEXIS 166356, *10 (C.D. Cal.), where the Central District wrote, "In fact, the Ninth Circuit has never held that a single motion to dismiss on the merits conclusively demonstrates acts inconsistent with the right to compel arbitration. Instead, the Ninth Circuit has found waiver where a motion to dismiss was coupled with prolonged delays ranging from nine to eighteen months and significant additional litigation activity."

Indeed, as demonstrated by your email, Swan has complained that Proton has refused to cooperate in discovery and the litigation.  While we disagree with that contention, we note that it is inconsistent for Swan to simultaneously complain that Proton has also actively litigated the case so as to waive the right to compel arbitration.  With regards to the recently-served discovery, Proton served targeted discovery for the limited purpose of addressing Swan's intended motion for a preliminary injunction.  In view of the Court's April 9, 2025 Order, Proton cannot be forced to relinquish the ability to defend itself against motion for a preliminary injunction.  Proton will certainly withdraw the discovery if Swan agrees to not file a motion for preliminary injunction until Proton's motion to compel arbitration is addressed.  In addition, Defendants have met and conferred on Swan's deficient Trade Secret Identification, including with respect to a Joint Statement to address Defendants' request.  In view of

what we understand to be an automatic stay of the case pending the Individual Defendants' appeal
(which we understand Swan disputes) and Swan's concern that Proton is engaging in conduct
contrary to its intention to arbitrate, Proton will withdraw the motion to compel without prejudice to
raising it should the case's procedural posture require. If you would prefer that the motion be filed
and will agree that the filing is not a waiver of the Individual Defendants' position on a stay pending
appeal and Proton's motion to compel arbitration, please let us know.

On the merits of Proton's motion, you cited to cases where a motion to compel arbitration was
denied because the claims against the moving party did not rely on the agreement that contained an
arbitration provision. In *Waymo LLC v. Uber Techs., Inc.*, 252 F.Supp.3d 934, 937 (N.D. Cal. 2017),
Waymo expressly foreswore reliance on its employment agreements with a former employee to
prove its trade secret claims against Uber. We understand that, in contrast, Swan is relying on its
consulting agreements with the individual defendants and consulting and employment agreements
with other individuals named in the Amended Complaint to prove its allegations of trade secret
misappropriation as well as interference with contract and other tort claims – including to prove that
Swan owns the alleged trade secrets and not 2040 Energy. If that is mistaken, and Swan will
foreswear reliance on the employment agreements and consulting agreements in asserting its claims
against Proton, please let us know immediately. It may then be possible to discuss stipulations that
can resolve this issue – and indeed, the matter as a whole.

We also do not find Swan's threat to seek fees and costs under 18 U.S.C. § 1927 to be well taken. To
be clear, Swan itself is responsible for the delays in this litigation. As you know, Swan has already
applied twice *ex parte* for expedited discovery, and lost both times. Then, when Swan withdrew its
motion for a preliminary injunction on October 18, 2024 Swan represented to the Court that it
anticipated filing a regular noticed motion for expedited discovery, but it never did. Instead, Swan
waited almost 4 months to serve any discovery. It finally served discovery in February 2025 well after
Defendants filed their various motions (which were mooted by Swan's belated amendment to the
complaint and then promptly refiled). Indeed, Proton has made it clear for many months that it did
not believe it could participate in discovery until Proton's motion to dismiss based on lack of personal
jurisdiction was decided. Simply, Proton has done nothing more than exercise its right to file motions
that, while the parties may disagree on their merits, are not "baseless". If you have authority for the
imposition of such sanctions in similar situations, please provide it.

Regards,

Jay

---

**From:** Stacylyn Doore <stacylyndoore@quinnemanuel.com>
**Sent:** Friday, April 25, 2025 9:36 AM
**To:** Jaideep Venkatesan <jvenkatesan@be-law.com>; Ryan Gorman

<ryangorman@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
**Cc:** Adam Trigg <atrigg@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Emma Fernandez <emtofelogo@be-law.com>
**Subject:** RE: Electric Solidus, Inc v. Proton Management Ltd, et al. - Case No. 2:24-cv-8280-WLH-E

Counsel,

Following up on the meet and confer held on Friday, April 18th regarding Proton's potential Motion to Compel Arbitration, you requested that we send you case law that indicates that Proton's motion would be unlikely to succeed, as—in your words—Proton does not wish to pursue a motion that will not be successful.  We take you at your word that your request is grounded in an effort to determine whether to bring the motion in the first place and is not simply a request for a preview of our opposition.  To that end, and although it is not Swan's responsibility to do the work regarding the non-viability of a motion Proton is contemplating bringing, as we explained on the meet and confer call there is extensive authority that a party waives its right to arbitration if it first asks the court to dismiss the claims on the merits, and loses.  *See, e.g.*, *FBC Mortgage, LLC v. Skarg*, 699 F.Supp.3d 837, 842-43 (N.D. Cal. 2023) (defendants waived their right to compel arbitration where they did not move to compel arbitration until after the court denied their motion to dismiss); *Martin v. Yasuda*, 829 F.3d 1118, 1128 (9th Cir. 2016) ("A party may not delay seeking arbitration until after the district court rules against it in whole or in part; nor may it belatedly change its mind after first electing to proceed in what it believed to be a more favorable forum. Allowing it to do so would result in a waste of resources for the parties and the courts and would be manifestly unfair to the opposing party."). The fact that Proton is engaging in discovery in this Court further demonstrates waiver. Even if Proton had not waived, it could not compel arbitration based on an equitable estoppel theory. *See, e.g.*, *Cisco Sys., Inc. v. Chung*, 462 F.Supp.3d 1024, 1040, 1042 (N.D. Cal. 2020) (rejecting equitable estoppel theory despite "allegations that defendants conspired in a collective scheme to misappropriate [plaintiff's] trade secrets" because "such allegations do not establish that the claims against [a non-signatory] necessarily rely upon or are intimately connected with the [] Arbitration Agreement"); *Waymo LLC v. Uber Techs., Inc.*, 252 F.Supp.3d 934, 937 (N.D. Cal. 2017) (holding that because plaintiff could prove its trade secret claims without relying on the agreements at issue, "Waymo's claims are not intimately founded in or intertwined with those agreements").  These cases are certainly not exhaustive; we expect Proton will find more like them if it conducts a reasonable investigation.

To be clear, Swan views Proton's threatened motion to compel arbitration as the latest in a long line of Defendants' tactics to delay and multiply proceedings in this litigation by imposing improper roadblocks and filing baseless motions.  If Proton pursues its motion to compel arbitration, Swan intends to seek its fees and costs pursuant to 18 U.S.C. § 1927.

Thanks,

Stacylyn

**Stacylyn Doore**
*Partner*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7121 Direct
617.712.7100 Main Office Number
617.712.7200 FAX
stacylyndoore@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Jaideep Venkatesan <jvenkatesan@be-law.com>
**Sent:** Friday, April 18, 2025 3:16 PM
**To:** Ryan Gorman <ryangorman@quinnemanuel.com>; Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
**Cc:** Adam Trigg <atrigg@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Emma Fernandez <emtofelogo@be-law.com>
**Subject:** RE: Electric Solidus, Inc v. Proton Management Ltd, et al. - Case No. 2:24-cv-8280-WLH-E

==**[EXTERNAL EMAIL from jvenkatesan@be-law.com]**==

Stacylyn and Ryan,

Following up on our discussing this morning, let us know your availability today to meet and confer on Proton's motion to compel arbitration.  We are available at 12:30 PST and after 2 PST.

Regards,

Jay

**From:** Ryan Gorman <ryangorman@quinnemanuel.com>
**Sent:** Thursday, April 17, 2025 1:35 PM
**To:** Jaideep Venkatesan <jvenkatesan@be-law.com>; Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
**Cc:** Adam Trigg <atrigg@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Kanny, Matthew

P <MKanny@goodwinlaw.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Emma Fernandez <emtofelogo@be-law.com>
**Subject:** RE: Electric Solidus, Inc v. Proton Management Ltd, et al. - Case No. 2:24-cv-8280-WLH-E

Jay,

We're available to discuss Proton's **motion to compel arbitration after the parties' 1PM ET call** regarding Proton's objections to Swan's second sets of discovery requests.  We can use the same Zoom we will circulate for the discovery conferral, which we'll send momentarily.

Thanks,

**Ryan Gorman**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7132 Direct (Office)
617.712.7100 Main Office Number
617.712.7200 FAX
ryangorman@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Jaideep Venkatesan <jvenkatesan@be-law.com>
**Sent:** Thursday, April 17, 2025 9:47 AM
**To:** Stacylyn Doore <stacylyndoore@quinnemanuel.com>; Ryan Landes <ryanlandes@quinnemanuel.com>; Ryan Gorman <ryangorman@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
**Cc:** Adam Trigg <atrigg@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Emma Fernandez <emtofelogo@be-law.com>
**Subject:** RE: Electric Solidus, Inc v. Proton Management Ltd, et al. - Case No. 2:24-cv-8280-WLH-E

**[EXTERNAL EMAIL from jvenkatesan@be-law.com]**

Counsel,

Following up on the below.  I suggest we schedule a meet and confer on Proton's motion to compel arbitration in between or after the discovery meet and confer calls scheduled.

Regards,

Jay

**From:** Jaideep Venkatesan
**Sent:** Monday, April 14, 2025 2:08 PM
**To:** stacylyndoore@quinnemanuel.com; ryanlandes@quinnemanuel.com; Ryan Gorman <ryangorman@quinnemanuel.com>; QE-Swan <qe-swan@quinnemanuel.com>
**Cc:** Adam Trigg <atrigg@be-law.com>; Rebecca Kaufman <rkaufman@be-law.com>; Kanny, Matthew P <MKanny@goodwinlaw.com>; Fondo, Grant P <GFondo@goodwinlaw.com>; Russo, Amanda <ARusso@goodwinlaw.com>; Thompson, Aaron <AThompson@goodwinlaw.com>; Emma Fernandez <emtofelogo@be-law.com>
**Subject:** Electric Solidus, Inc v. Proton Management Ltd, et al. - Case No. 2:24-cv-8280-WLH-E

Counsel,

We are writing to inform you that Proton intends to file a motion to compel arbitration on the grounds that the claims against Proton are subject to the arbitration provisions in the Individual Defendants' agreements with Swan under the principle of  equitable estoppel.  A litigant who is not a party to an arbitration agreement may invoke arbitration under the FAA if the relevant state contract law allows the litigant to enforce the agreement. Under California law, where a nonsignatory seeks to enforce an arbitration clause, the doctrine of equitable estoppel applies either: (1) when a signatory must rely on the terms of the written agreement in asserting its claims against the nonsignatory or the claims are intimately founded in and intertwined with the underlying contract, or (2) when the signatory alleges substantially interdependent and concerted misconduct by the nonsignatory and another signatory and the allegations of interdependent misconduct are founded in or intimately connected with the obligations of the underlying agreement. Both circumstances are present here, as Swan's claims against Proton depend on the confidentiality provisions of the consulting agreements with the Individual Defendants, which all contain arbitration clauses. *See Uptown Drug Co. v. CVS Caremark Corp.*, 962 F. Supp. 2d 1172, 1184-1185 (N.D. Cal. 2013); *Turing Video Tech., Inc. v. AGI7 Inc.*, 2025 U.S. Dist. LEXIS 31856, at *8 (N.D. Cal. Feb. 21, 2025). Moreover, Swan has alleged "substantially interdependent and concerted misconduct" by Proton and the Individual Defendants, which is intimately connected with the Individual Defendants' obligations under the agreements to keep those trade secrets confidential. *See Turing*, 2025 U.S. Dist. LEXIS 31856 at *13-14; *CAP Diagnostics, LLC v. Emeritus Med. Tech. LLC*, 2023 U.S. Dist. LEXIS 215433, at *33-34 (C.D. Cal. Oct. 25, 2023).

Please let us know when you are available to meet and confer Wednesday, Thursday, or Friday this week.

Regards,

Jay

Jaideep Venkatesan | Bergeson
Partner

**O** 408.291.6200 **| D** 408.291.2764 **| F** 408.297.6000

**Silicon Valley Office | San Francisco Office | Beverly Hills Office**
Website | vCard | Email | Bio | LinkedIn | Disclaimer
Pronouns: he/him/his