RYAN S. LANDES (State Bar No. 252642)
ryanlandes@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 S Figueroa Street, Floor 10
Los Angeles, CA 90017-5003
Telephone: (213) 443-3145
Facsimile: (213) 443-3100

STACYLYN M. DOORE (admitted *pro hac vice*)
stacylyndoore@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
Telephone: (617) 712-7100
Facsimile: (617) 712-7200

RACHEL E. EPSTEIN (admitted *pro hac vice*)
rachelepstein@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Plaintiff*
ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN, a Delaware corporation,<br><br>Plaintiff<br><br>v.<br><br>PROTON MANAGEMENT LTD., a British Virgin Islands corporation; THOMAS PATRICK FURLONG; ILIOS CORP., a California corporation; MICHAEL ALEXANDER HOLMES; RAFAEL DIAS MONTELEONE; SANTHIRAN NAIDOO; ENRIQUE ROMUALDEZ; and LUCAS VASCONCELOS,<br><br>Defendants. | Case No. 2:24-cv-8280-MWC-E<br><br>**SWAN'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL DEFENDANTS TO COMPLY WITH SECOND SET OF DISCOVERY REQUESTS**<br><br>**DISCOVERY MATTER**<br><br>Hearing Date: July 18, 2025<br>Time: 9:30 a.m.<br>Place: Courtroom 750, 7th Fl.<br>Judge: Hon. Charles F. Eick<br><br>Discovery Cutoff: November 7, 2025<br>Pre-Trial Conf. Date: April 26, 2026<br>Trial Date: May 4, 2026 |

**TABLE OF CONTENTS**

**Page**

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY

**TABLE OF CONTENTS**

**Page**

I. SWAN'S IDENTIFICATION OF TRADE SECRETS IS SUFFICIENT ................................................................................................. 1

II. PROTON RAISES NO OTHER VALID OBJECTION .............................. 4

III. PROTON SHOULD BE ORDERED TO COMPLY IN SEVEN DAYS ......................................................................................................... 5

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY

# TABLE OF AUTHORITIES

Page

## Cases

*Advanced Modular Sputtering, Inc. v. Superior Court*,
    132 Cal. App. 4th 826 (Cal. Ct. App. 2005) ..................................................... 3

*Alphonso Inc. v. Tremor Video, Inc.*,
    2022 WL 17968081 (N.D. Cal. Oct. 31, 2022) .................................................. 2

*Alta Devices, Inc. v. LG Elecs., Inc.*,
    2019 WL 176261 (N.D. Cal. Jan. 10, 2019) ....................................................... 4

*Brescia v. Angelin*,
    172 Cal. App. 4th 133 (2009) ............................................................................. 2

*Dumbo Moving & Storage, Inc. v. Piece of Cake Moving & Storage LLC*,
    2025 WL 219063 (S.D.N.Y. Jan. 16, 2025) ....................................................... 2

*Duran v. Cisco Sys., Inc.*,
    258 F.R.D. 375 (C.D. Cal. 2009) ....................................................................... 5

*EchoSpan, Inc. v. Medallia, Inc.*,
    2022 WL 22855051 (N.D. Cal. July 25, 2022) ............................................. 1, 2

*Powell v. UHG I LLC*,
    2023 WL 5964931 (S.D. Cal. Sept. 12, 2023) .................................................... 5

Proton's employees developed the trade secrets at issue while working at Swan, and then stole the trade secrets in the weeks before they left to join Proton. Given this context, it is unbelievable that Proton cannot understand Swan's asserted trade secrets. Indeed, Proton has already produced documents and dropped prior objections to doing so on the basis of Swan's Trade Secret Identification.

Proton now asks the Court to let it re-raise objections to Swan's Trade Secret Identification that it previously dropped, freeze the case, and order Swan to re-write its Identification before further discovery into Proton's misappropriation can proceed. But to succeed on this challenge, Proton must show that Swan's Identification is *so* deficient that Proton cannot even "ascertain the boundaries of the alleged trade secret and prepare defenses." *EchoSpan, Inc. v. Medallia, Inc.*, 2022 WL 22855051, at *2 (N.D. Cal. July 25, 2022). Despite spending more than 50 pages trying (Dkt. 243-1 at 51-103), Proton comes nowhere near that standard. Swan's Identification, Dkt. 111-1—identifying 20 trade secrets over nearly 30 descriptive pages—is more than sufficient. Indeed, the Court already found that Swan's Identification "identifies the trade secrets and shows that they exist." Dkt. 164 at 23. Proton does not raise any other substantive objections to Swan's discovery requests. The Court should compel Proton to respond in full to Swan's Second Set of Discovery Requests.

## I. SWAN'S IDENTIFICATION OF TRADE SECRETS IS SUFFICIENT

Swan has complied with its obligations under Section 2019.210. Swan's Identification provides an extensive and detailed roadmap to how Swan captured a large share of the entire Bitcoin mining market with unprecedented speed and favorable economics. This was not easy to achieve. Swan's success required finding optimal mining sites, deploying the right machines at those sites, running the machines effectively at each site, and doing all of the foregoing while minimizing the staggering energy costs that cause many well-financed competitors to fail. Swan's Identification describes how Swan navigated these challenges.

Swan's disclosure describes its R&D, mining procedures, and its bespoke decisions that optimized performance and profits across multiple different mining sites. These procedures and decisions represent a series of marginal improvements that Swan made over customary practices in Bitcoin mining. Accumulated together, these trade secrets enabled Swan's runaway success in an industry defined by widespread failure. Although Swan disputes that a heightened standard applies here, Dkt. 243-1 at 19, these trade secrets are "incremental variations on preexisting technology in a highly specialized technical field," thus satisfy even the "heightened standard." *Alphonso Inc. v. Tremor Video, Inc.*, 2022 WL 17968081, at *4 (N.D. Cal. Oct. 31, 2022).

Proton is clearly able to "discern the boundaries of the trade secret so as to prepare available defenses," *Brescia v. Angelin*, 172 Cal. App. 4th 133, 143 (2009), as evidenced by arguments that Proton makes throughout the joint stipulation that require an understanding of the asserted trade secrets. For instance, Proton argues that "hosting contracts" cannot form part of Swan's trade secrets, Dkt. 243-1 at 59, but this very argument proves that Proton understands that those contracts form part of the asserted trade secrets. Proton argues that Swan must specify each individual provision in each contract that is proprietary (*see* Dkt. 243-1 at 90), but that is not required at this early stage. *EchoSpan*, 2022 WL 22855051, at *2. Proton similarly argues Swan must parse line-by-line through its BNOC source code to identify which lines contain publicly available code. Dkt. 243-1 at 89-90. This is not required either. *See id.*; *see also Dumbo Moving & Storage, Inc. v. Piece of Cake Moving & Storage LLC*, 2025 WL 219063, at*7 (S.D.N.Y. Jan. 16, 2025).

Likewise, Proton advances merit-based objections such as contesting Swan's ownership; these arguments are misplaced in a challenge to the sufficiency of Swan's disclosure, and they further show that Proton is fully able to mount defenses. Despite Proton's own acknowledgement that many of its objections to Swan's disclosure are "***merits-based defenses***" rather than sufficiency arguments (Dkt. 243-

2

1 at 56), Proton continues to wrongly assert that these objections are proper. Proton relies on *Wisk Aero LLC v. Archer Aviation Inc.*, to argue that not only must Swan comply with the obligations of Section 2019.210 but it must also meet some undefined standard for "establish[ing] independent economic value" of its trade secrets. 2021 WL 8820180, at *13 (N.D. Cal. Aug. 24, 2021). However, neither *Wisk Aero* nor the Court's Order, Dkt. 95, require this. This Court's Order requires only that Swan provide a description of its reasonable efforts to maintain secrecy and the independent economic value of its trade secrets. Dkt. 95 at 6. This Court has already held that Swan has provided such description. Dkt. 164 at 23 (stating that Swan demonstrated that the information is not "readily ascertainable through proper means," it "derives independent economic value," and that it took "reasonable measures to keep such information secret"). No case that Proton has cited, nor any case that Swan is aware of, has required a trade secret plaintiff to do more than what Swan has already done on these two elements.

Proton's April 15 letter (Ex. C) also shows that Proton understands the asserted trade secrets and can mount defenses against them. As previously explained (Dkt. 243-1 at 22-23), that letter raises nuanced quibbles with Swan's Identification. It also attempts to re-write Swan's trade secrets with subtle changes meant to transform Swan's specific explanations of its proprietary techniques into generic concepts. As such, the letter was a strategic attempt by Proton to re-characterize Swan's trade secrets. No one could have written such a letter if they were as lost-at-sea as Proton now claims to be.

Proton raises a series of other challenges that would all require this Court to take a "stingy view" of Swan's Identification, but the law demands it to be "liberally construed" in favor of advancing discovery. *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 835 (Cal. Ct. App. 2005). For example, Proton attacks Swan's citation to documents in its disclosure. Dkt. 243-1 at 59-62. But as Swan explained, there is no prohibition against citing to documents in a trade

3

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY

secret disclosure. *Id.* Swan has, appropriately, cited select documents to further delineate its claimed trade secrets. Proton's own cases endorse this practice. *Alta Devices, Inc. v. LG Elecs., Inc.*, 2019 WL 176261, at *3 (N.D. Cal. Jan. 10, 2019) ("As a general matter, identification of a trade secret may include a reference to a specific document or portion of a document, so long as the trade secret is described with reasonable particularity."). Swan has distinguished its disclosure from cases where plaintiffs cited documents improperly. *See* Dkt. 243-1 at 20-22 (distinguishing *M/A-COM*, *Loops AI Labs*, and *Carl Zeiss*).

Proton separately complains that it cannot see the documents themselves because they are designated "Attorneys Eyes Only." Dkt. 243-1 at 60. But access to a document has nothing to do with the sufficiency of Swan's disclosure. And this Court already agreed with Swan in limiting access to documents marked Attorneys' Eyes Only. Dkt. 171. Even setting the protective order aside, Proton's current employees ***wrote*** the documents at issue and ***stole*** many of them, so they know exactly what they are.

Proton also challenges Swan's references in its briefing to the "background" section of its trade secret disclosure. Dkt. 243-1 at 63. But the Court ordered Swan to include this section, Dkt. 95 at 6. Proton's argument that Swan should have written its brief without any reference to the trade secret disclosure that Proton is challenging makes no sense.

Proton argues the ***inadvertent*** publication of a letter referencing some of Swan's trade secrets shows that the claimed trade secrets are insufficiently specific. Dkt. 243-1 at 53 n. 13. This argument is baseless given that the publication was unintentional, and the document at issue has been sealed. Dkt. 240 (sealing order).

## II.     PROTON RAISES NO OTHER VALID OBJECTION

Proton now claims that even if the Court deems Swan's Identification to be sufficient, the Court should nonetheless deny Swan's motion to compel based on Proton's objections to "definitions and instructions" in Swan's written discovery.

4

Dkt. 243-1 at 102-103. It is too late for this argument. Proton repeatedly assured Swan that the only objection that Proton intended to maintain as to Swan's Second Sets of RFPs and Interrogatories were its objections to the sufficiency of Swan's trade secret disclosure. Ex. 2. Further, objections to definitions or instructions in a discovery request are not a valid basis on which a party can withhold discovery. *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009). "[U]nexplained and unsupported boilerplate objections are improper." *Id.* at 379 (collecting cases).

### III. PROTON SHOULD BE ORDERED TO COMPLY IN SEVEN DAYS

Fact discovery opened nearly five months ago. Since then, this Court has issued several orders requiring Proton to comply with discovery. (Dkt. 156, Dkt. 205). Proton now seeks to further delay discovery by asking the Court to set a production deadline "at least two weeks after the Court's scheduled July 25, 2025 hearing on Proton's Motion to Compel Arbitration." Dkt. 243-1 at 103.

Proton cannot justify this request. The pendency of a motion to compel arbitration does not warrant a stay. *Powell v. UHG I LLC*, 2023 WL 5964931, at *2 (S.D. Cal. Sept. 12, 2023) ("Unlike a situation where a motion to compel arbitration has been granted, the Court is unaware of any statute which requires that discovery be stayed once a motion to compel arbitration is filed, nor has the defendant cited to any such authority."). Additionally, this Court was aware of Proton's pending motion to compel arbitration when it lifted the stay as to Proton. Dkt. 235. Rather than stay discovery at that time, the Court expressed serious concerns about Proton and recognized Swan's need to "litigate their case expeditiously." Ex. 13 at 4:23-5:5 (Transcript from June 13, 2025 hearing).

Proton has not argued that the requested discovery is overly burdensome or unavailable, and given that Swan issued the discovery on February 26, Proton has had plenty of time to locate responsive documents. The Court should reject Proton's further plea to avoid producing documents that it has ready in its possession and order Proton to comply with Swan's discovery requests within seven days.

| | | |
|---|---|---|
| 1 | DATED: July 3, 2025 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By */s/ Austin Buscher*

RYAN S. LANDES (State Bar No. 252642)
ryanlandes@quinnemanuel.com
865 S Figueroa Street, Floor 10
Los Angeles, CA 90017-5003
Telephone: (213) 443-3145
Facsimile: (213) 443-3100

STACYLYN M. DOORE (admitted *pro hac vice*)
stacylyndoore@quinnemanuel.com
111 Huntington Avenue, Suite 520
Boston, MA 02199
Telephone: (617) 712-7100
Facsimile: (617) 712-7200

RACHEL E. EPSTEIN (admitted *pro hac vice*)
rachelepstein@quinnemanuel.com
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

JEFFREY WILLIAM NARDINELLI (State Bar No. 295932)
jeffnardinelli@quinnemanuel.com
50 California Street 22nd Floor
San Francisco, CA 94111
Telephone: 415-875-6600
Facsimile: 415-875-6700

AUSTIN BUSCHER (State Bar No. 346456)
austinbuscher@quinnemanuel.com
555 Twin Dolphin St., Fifth Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Plaintiff*
*ELECTRIC SOLIDUS, INC. d/b/a SWAN BITCOIN*