# EXHIBIT S

Claim No. CL-2025-000016

CL-2025-000016

**IN THE HIGH COURT OF JUSTICE**

**BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES**

**COMMERCIAL COURT (KBD)**

**Before: The Honourable Mr Justice Henshaw**

**Dated: 9 September 2025**

**B E T W E E N:**

### (1) TETHER INVESTMENTS, S.A. de C.V.

### (2) 2040 ENERGY LIMITED

Claimants

- and -

### ELECTRIC SOLIDUS INC.

Defendant

---

### ORDER

---

**UPON** the Order of HHJ Pelling KC of 13 January 2025 providing, *inter alia*, for the expedition of these proceedings ("**Pelling Order**")

**AND UPON** the Order of Bright J of 26 February 2025 *inter alia* listing a trial of the claims pleaded in ¶¶89-92 of the Amended Particulars of Claim ("**APOC**") on an expedited basis beginning on 8 September 2025 ("**Business Assets Claim**" / "**Preliminary Issue Trial**")

**AND UPON** the Order of Waksman J of 23 May 2025 giving further directions to the Preliminary Issue Trial ("**CMC Order**")

**AND UPON** the Consent Order of Foxton J of 16 June 2025 providing, by consent, for a confidentiality ring regime in respect of all disclosure for the Preliminary Issue Trial pursuant to any Issue for Disclosure which contains (or which one party contends contains) Confidential Information as that term is defined in the Shareholders' Agreement dated 28 July 2023 ("**Confidentiality Ring Order**")

1

**AND UPON** the Defendant, by letters of its legal representatives Quinn Emanuel Urquhart and Sullivan UK LLP (i) dated 8 August 2025 conceding that the Business Assets (as defined in the APOC) are owned and/or for use by or with the consent of the Second Claimant, (ii) dated 13 August 2025 confirming that the Business Assets are "exclusively" owned and/or "exclusively" for use by or with the consent of the Second Claimant ("**Ownership Admission**"), offering in these letters to consent to the relief sought at APOC ¶¶90 & 90A and to provide undertakings in respect of the relief sought at APOC ¶¶90B & 92, and (iii) dated 18 August 2025 indicating the Defendant's intention shortly to dismiss or withdraw the California Proceedings (as defined in the APOC) and proceed with new claims against the some or all of the same defendants (or other parties) via arbitration and/or other means

**AND UPON** the Defendant giving the undertakings to the Court in the form at Schedule A to this Order (without prejudice to the Claimants' ability further to apply in relation to the same)

**AND UPON** the Claimants' application by notice dated 21 August 2025, supported by the Fourth Witness Statement of Kate Helen Davies KC dated 21 August 2025 ("**Application**")

**AND UPON** the parties agreeing the terms of paragraph 5 of this Order, without prejudice to (i) the Claimants' position that the Defendant's disclosure pursuant to the CMC Order has been non-compliant and reserving its rights in relation to the same, and (ii) the Defendant's position that the Claimants' disclosure pursuant to the CMC Order remains non-compliant but in any event that there can be no further disclosure pursuant to the CMC Order

**AND UPON** the Court hearing Leading Counsel for the Claimants and Leading Counsel for the Defendant at a one-day hearing on 9 September 2025 (the "**Hearing**")

**IT IS DECLARED THAT:**

1. The Business Assets are exclusively owned by and/or exclusively for use by or with the consent of the Second Claimant.

2. The Business Assets, insofar as they are proprietary, are held by the Defendant on trust for the Second Claimant.

**IT IS ORDERED THAT:**

Amended Defence

3. The Defendant shall file and serve an Amended Defence to take account of the Ownership Admission by 4pm on 21 October 2025.

2

Disclosed Documents

4.      Pursuant to paragraph 6(a) of the Confidentiality Ring Order, the documents disclosed for the purposes of the Preliminary Issue Trial shall no longer be designated Confidentiality Ring Information, and the requirements of paragraphs 2 to 5 of the Confidentiality Ring Order shall cease to have effect.

5.      The parties have permission under CPR 31.22(1)(b) to use documents disclosed  (or required to be disclosed) pursuant to the CMC Order other than for the purposes of these proceedings.

Case management

6.      Save as provided in paragraphs 1 to 5 above, the Application be adjourned to a one-day hearing with one day judicial pre-reading at a date to be fixed.

7.      Paragraph 13 of the Pelling Order (providing for the expedition of these proceedings) be set aside.

Costs

8.      The Defendant shall pay the Claimants' costs of and occasioned by the Business Assets Claim and the Preliminary Issue Trial (save insofar as they are common costs which would have been incurred in any event in the pursuit of the remaining claims, and save as ordered in paragraph 9 below) on the standard basis, to be subject to detailed assessment at the conclusion of these proceedings if not agreed.

9.      The Claimants shall pay the Defendant's costs of the Hearing on the standard basis, such costs to be subject to detailed assessment at the conclusion of these proceedings if not agreed.

10.     Each party has liberty to apply for a payment on account in relation to the costs at paragraphs 8 and 9 above, without prejudice to the opposing party's liberty to contend (on any such application) that no such payment on account should be ordered.

11.     This Order shall be served by the Claimants' solicitors.

**SCHEDULE A: UNDERTAKINGS**

1. The Defendant, Swan, undertakes that it will not, now or in the future (and not in any proceeding in any jurisdiction) take any step(s) towards any of the actions set out in paragraphs 92.1 to 92.4 of the APOC, namely:

    a. To obtain control of any of the Business Assets, including through the California Proceedings or any other proceeding;

    b. To pursue or prosecute or progress any of its existing claims in respect of the Business Assets currently being pursued in the California Proceedings;

    c. To commence or pursue any other proceedings involving a claim or seeking a remedy affecting or concerning control or ownership of any of the Business Assets other than in accordance with the Exclusive Jurisdiction Clause (EJC); or

    d. To deal with or dispose of any of the Business Assets other than in accordance with the written direction of the Second Claimant, acting through its properly constituted Board.

2. The Defendant, Swan, further undertakes: (a) that it will forthwith take all steps required to dismiss or withdraw the California Proceedings (as defined in the APOC) without prejudice to any right to pursue related arbitrations or claims, provided that such claims are not inconsistent with the Undertakings in paragraph 1 above; and (b) that it will seek the consent of any respondent to such arbitrations or claims to share with the Claimants the request for arbitration, statement of claim and any other filing in which new claims or bases of claims are advanced (the "**Arbitration Pleadings**") and, upon receipt of such consent, shares the Arbitration Pleadings with the Claimants (subject at all times to the Claimants' position that the provision of such information may not be sufficient to monitor compliance with the undertakings in paragraph 1 above).

4